1  GORDON P. ERSPAMER (CA SBN 83364)
   MORRISON & FOERSTER LLP
2  101 Ygnacio Valley Road, Suite 450
   P.O. Box 8130
3  Walnut Creek, California  94596-8130
   Telephone: (925) 295-3300
4  Facsimile: (925) 946-9912

5  Attorney for Plaintiff(s) All Class Members
   Except Reason Warehime and NARS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NATIONAL ASSOCIATION OF RADIATION SURVIVORS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS K. TURNAGE, *et al.*,<br><br>Defendants. | Case No.    C-83-1861-MHP<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>(Class Action) |
|---|---|

Case No. C-83-1861-MHP
Plfs' Reply re Motion to Consider Related Cases
wc-132655

## I.   INTRODUCTION

Despite the overwhelming degree of overlap in factual and legal issues, the substantial overlap in parties, and the extensive experience and knowledge about the VA system acquired by Judge Marilyn Hall Patel while presiding over the *NARS* case for over a decade, Defendants seek to have the *VCS* case assigned to a different judge.  Unlike Judge Patel, a new judge would have to ascend a steep learning curve regarding the intricacies of the VA claims adjudication and health care systems, about which Judge Patel is already intimately familiar.  Defendants' proffered rationale against Plaintiffs' related case motion is totally unconvincing.

## II.   DEFENDANTS' ARGUMENTS

### A.   **Impact of VJRA**

The primary argument raised by Defendants is that the $10 fee limitation statute challenged in the *NARS* Complaint was "superseded" by the VJRA.  Defendants' Opposition to Plaintiffs' Administrative Motion to Relate Cases ("Def. Opp.") at 2:5.  While this may be technically accurate, Judge Patel received extensive briefing totaling over fifty pages on the impact of the passage of the VJRA before issuing her decision.  *See* November 21, 1988 Defendants' Notice of Filing the Veterans Judicial Review Act of 1988; December 1, 1988 Plaintiffs' Joint Response to Defendants' Notice of Filing the Veterans Judicial Review Act; and December 14, 1988 Defendants' Reply Concerning the Effect of the Veterans Judicial Review Act of 1988.  Thus, the passage of the VJRA actually supports Plaintiffs' argument that the cases are related by pointing to an overlap in the issues in both cases.  Moreover, that the VJRA changed the $10 fee limitation to a fee prohibition at the regional office stage is hardly a material change.  And, of course, even if the VJRA were completely new to Judge Patel, the rest of 38 U.S.C., the 38 CFR Regulations, M-21-1 manual provisions, and other administrative rules remain largely the same.

### B.   **Omissions**

Completely lost in Defendants' Opposition is the experience acquired by Judge Patel in presiding over the *NARS* case for over a decade, which included not only motions to dismiss, a motion for a preliminary injunction, a class certification motion, and a five-week trial, but also a long series of discovery motions and appeals from rulings by the U.S. Magistrate.

Case No. C-83-1861-MHP
Plfs' Reply re Motion to Consider Related Cases
wc-132655

1

The opposition also ignores many of the important overlaps between the cases, such as the extensive evidence received by Judge Patel regarding how the VA adjudication system operates. In fact, Defendants' quotes from the Complaint regarding the challenged provisions, policies, and procedures, *see* Def. Opp. at 2:26-3:18, cited as a point of differentiation, are actually points of similarity. In *NARS*, the procedural shortcomings of the VA adjudication system and abuses perpetrated on unrepresented veterans were advanced as reasons why veterans require the ability to retain counsel. In *VCS*, they serve the same purpose, as well as forming a basis for injunctive relief. The Findings of Fact and Conclusions of Law in *NARS* show the overlap in the body of laws, rules and regulations at issue in both cases. *Compare NARS* FF/CL ¶¶ 26-30 *and NARS* Complaint ¶¶ 24-39 *with VCS* Complaint ¶¶ 30-31.

**C.     Errors**

Defendants' Opposition rests upon a series of factual and analytical errors, including:

1. "NARS began as a facial challenge to the [fee limitation statute] . . . ." Def. Opp. at 2. In fact, it was both a facial and as-applied challenge:

> A present controversy exists between plaintiffs and defendants in that plaintiffs contend and defendants deny that 38 U.S.C. §§ 3404-3405, both *on their face and as applied to plaintiffs*, . . . unconstitutionally infringe upon plaintiffs' property and liberty rights protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.

*NARS* Complaint ¶ 54 (emphasis added). Defendants also ignore the fact that the original *NARS* complaint included PTSD claims and claimants, providing another point of factual overlap. *See NARS* Complaint ¶¶ 40, 45, 49.

2. The Plaintiffs in *VCS* challenge "provisions of a different law, the VJRA, as applied to veterans with post-traumatic stress disorder . . . ." Def. Opp. at 2:22-23. This statement has multiple errors. Plaintiffs challenge the VJRA provisions "in conjunction with" the body of pre-existing veterans law – not just the VJRA. *VCS* Complaint ¶ 29. Moreover, while the proposed class consists of veterans with PTSD claims, the "as-applied" label is Defendants' characterization, and nowhere appears in the Complaint.

3. Defendants lump together statutory changes with "procedures and practices,"

1 ignoring the fact that the latter are informal and cannot be "superseded" by VJRA statutory changes.
2 Def. Opp. at 2:2-7. Even as to statutory provisions, the "Statutory Defects" alleged in *VCS* include
3 long-standing statutes containing unfair procedures, such as the inability of claimants to obtain
4 discovery. *VCS* Complaint ¶ 31c. As the *VCS* Complaint makes clear throughout, the VA continues
5 to use many of the practices and procedures that the *NARS* Plaintiffs complained of, including, abuses
6 of the VA's incentive compensation systems, *compare VCS* Complaint ¶¶ 227-34 *with NARS* FF/CL
7 ¶ 191; premature denial of claims, *compare VCS* Complaint ¶ 228 *with NARS* FF/CL ¶¶ 191, 194,
8 196; the competency of lay service officers from service organizations, *compare VCS* Complaint
9 ¶¶ 238-40, 244 *with NARS* FF/CL ¶¶ 216-43; internal abuses by VA adjudicators and shortcomings in
10 internal control system, *compare VCS* Complaint ¶¶ 197-98 *with NARS* FF/CL ¶¶ 193-94; and the
11 exertion by Central Office of improper influence upon claims decisions, *compare VCS* Complaint
12 ¶ 32d *with NARS* FF/CL ¶¶ 184-88.

13     4.    "[N]one of the plaintiffs and 3/10 of the defendants are the same or
14 substantially similar to defendants in NARS." Def. Opp. at 4:14-15. In fact, both plaintiffs are
15 veterans organizations similar to those in *NARS*, three of the defendants are identical, and all of the
16 defendants are similar, as they all are organizational components or responsible officials charged with
17 administering benefits programs for veterans.

## III.    CONCLUSION

The *VCS* case is one of enormous public importance. It should be assigned to Judge Patel, who clearly has the most extensive experience with the VA's complex system.

Dated: August 10, 2007                MORRISON & FOERSTER LLP

                                      By:    /s/ Gordon P. Erspamer
                                              Gordon P. Erspamer

                                      Attorneys for Plaintiffs

Case No. C-83-1861-MHP
Plfs' Reply re Motion to Consider Related Cases
wc-132655

3

**CERTIFICATE OF SERVICE BY MAIL**
(Fed. R. Civ. Proc. rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 101 Ygnacio Valley Road, Suite 450, P.O. Box 8130, Walnut Creek, California 94596-8130; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 101 Ygnacio Valley Road, Suite 450, P.O. Box 8130, Walnut Creek, California 94596-8130 , in accordance with Morrison & Foerster's ordinary business practices:

Matthew L. Larrabee
Stephen M. Hankins
Steven S. Kimball
Heller Ehrman White & McAuliffe
333 Bush Street
San Francisco, CA 94104-2878
*Attorneys for National Association of Radiation Survivors*

Theodore C. Hirt
Dennis G. Linder
US Department of Justice
Civil Division
901 E. Street NW
Washington, DC 20530
*Attorneys for Paul D. Ising, Harry N. Walters, Veterans Administration, and Edward J. Derwinski*

William C. Knox-Morison
Morison-Knox, Holden, Melendez & Prough, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
*Attorney for Reason F. Warehime*

Thomas H. Peebles
US Department of Justice Civil Division, Federal Programs Branch
901 E. Street, NW, Suite 1000
Washington, DC 20530
*Attorney for Paul D. Ising, Harry N. Walters, Veterans Administration, and Edward J. Derwinski*

Case No. C-83-1861-MHP
Plfs' Reply re Motion to Consider Related Cases
wc-132655

4

1 | Stephen L. Schirle, AUSA
William T. McGivern, Jr.
2 | Stuart M. Gerson
US Attorney's Office
3 | 450 Golden Gate Avenue, Room 100
PO Box 36055
4 | San Francisco, CA 94102
*Attorneys for Paul D. Ising, Harry N. Walters,*
5 | *Veterans Administration, and Edward J.*
*Derwinski*

I declare under penalty of perjury that the above is true and correct.

Executed at Walnut Creek, California, this ____ day of _____.

| Kathy Beaudoin | /s/ Kathy Beaudoin |
| :---: | :---: |
| (typed) | (signature) |

Case No. C-83-1861-MHP
Plfs' Reply re Motion to Consider Related Cases
wc-132655

5