1  PETER D. KEISLER
   Assistant Attorney General
2  SCOTT N. SCHOOLS
   Interim United States Attorney
3  RICHARD LEPLEY
   Assistant Branch Director
4  STEVEN Y. BRESSLER D.C. Bar No. 482492
   KYLE R. FREENY California Bar No. 247857
5  Attorneys
   United States Department of Justice
6  Civil Division, Federal Programs Branch

7  P.O. Box 883
   Washington, D.C.  20044
8  Telephone:  (202) 514-4781
   Facsimile:  (202) 318-7609
9  Email: Steven.Bressler@usdoj.gov

10 Attorneys for Defendants Hon. R. James Nicholson, the U.S. Department of Veterans Affairs,
   Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman,
11 Pritz K. Navara, the United States of America, Hon. Peter D. Keisler,* and Hon. William P.
   Greene, Jr.

12

13                           UNITED STATES DISTRICT COURT

14                          NORTHERN DISTRICT OF CALIFORNIA

15                                   SAN FRANCISCO

16 VETERANS FOR COMMON SENSE and    )
   VETERANS UNITED FOR TRUTH,       )    No. C 07-3758-SC
17                                  )
              Plaintiffs,           )    Date:   November 2, 2007
18                                  )    Time:  10:00 a.m.
        v.                          )    Courtroom 1
19                                  )
   Hon. R. JAMES NICHOLSON, Secretary of )  **DEFENDANTS' NOTICE OF MOTION
20 Veterans Affairs, *et al.*,      )    **AND MOTION TO DISMISS
                                    )    **PLAINTIFFS' COMPLAINT**
21            Defendants.           )
                                    )
22 _____ )

23          Notice of Motion and Motion to Dismiss Plaintiff's Complaint, set for hearing on

24 November 2, 2007 at 10:00 a.m. or as soon thereafter as counsel may be heard.

25          Defendants hereby move the Court to dismiss plaintiffs' Complaint in its entirety for lack

26 _____

27       *       Hon. Peter D. Keisler became the Acting Attorney General of the United States on
   September 18, 2007.  Accordingly, he should be substituted for his predecessor, Alberto
28 Gonzales, as defendant in this action pursuant to Fed. R. Civ. P. 25(d)(1).

1  of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the

2  alternative, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), for the

3  reasons more fully set forth in defendants' accompanying memorandum of points and authorities.

4  Dated September 25, 2007                    Respectfully Submitted,

5                                              PETER D. KEISLER
                                               Assistant Attorney General
6
7                                              SCOTT N. SCHOOLS
                                               Interim United States Attorney
8                                              RICHARD LEPLEY
                                               Assistant Branch Director
9
                                               _____/s/ Steven Y. Bressler_____
10                                             STEVEN Y. BRESSLER D.C. Bar #482492
                                               KYLE R. FREENY California Bar #247857
11                                             Attorneys
                                               U.S. Department of Justice, Civil Division
12                                             P.O. Box 883
                                               Washington, D.C. 20044
13                                             (202) 514-4781 (telephone)

14                                             Counsel for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   PETER D. KEISLER
    Assistant Attorney General
2   SCOTT N. SCHOOLS
    Interim United States Attorney
3   RICHARD LEPLEY
    Assistant Branch Director
4   STEVEN Y. BRESSLER D.C. Bar No. 482492
    KYLE R. FREENY California Bar No. 247857
5   Attorneys
    United States Department of Justice
6   Civil Division, Federal Programs Branch

7    P.O. Box 883
     Washington, D.C.  20044
8    Telephone:  (202) 514-4781
     Facsimile:  (202) 318-7609
9    Email: Steven.Bressler@usdoj.gov

10  Attorneys for Defendants Hon. R. James Nicholson, the U.S. Department of Veterans Affairs,
    Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman,
11  Pritz K. Navara, the United States of America, Hon. Peter D. Keisler, and Hon. William P. Greene,
    Jr.

12                          UNITED STATES DISTRICT COURT

13                         NORTHERN DISTRICT OF CALIFORNIA

14                                 SAN FRANCISCO

15

16  VETERANS FOR COMMON SENSE and        )
    VETERANS UNITED FOR TRUTH,           )   No. C 07-3758-SC
17                                       )
              Plaintiffs,                )   Date:   November 2, 2007
18                                       )   Time:  10:00 a.m.
       v.                                )   Courtroom 1
19                                       )
    Hon. R. JAMES NICHOLSON, Secretary of )  **MEMORANDUM IN SUPPORT OF**
20  Veterans Affairs, *et al.*,          )   **DEFENDANTS' MOTION TO DISMISS**
                                         )   **PLAINTIFFS' COMPLAINT**
21            Defendants.                )
                                         )
22  _____)

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**PAGE(S)**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    Statutory and Regulatory Background: The Veterans Benefits Scheme. . . . . . . . . . . . . . 2

II.   Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    Plaintiffs Lack Standing To Pursue Their Claims In This Court. . . . . . . . . . . . . . . . . . . 4

II.   Plaintiffs' Constitutional Claims Should Be Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.    Plaintiffs' Claims Are Barred By Sovereign Immunity. . . . . . . . . . . . . . . . . . . . . 6

      B.    Plaintiffs Have Failed To Establish Subject Matter Jurisdiction
            Over Their Constitutional Claims In This Court. . . . . . . . . . . . . . . . . . . . . . . . . . 8

            1.    Title 38 U.S.C. § 511 Bars Review In District Court Of Plaintiffs'
                  Claims Involving VA Procedures, Practices And Actions.. . . . . . . . . . . . . 9

            2.    Title 38 U.S.C. § 502 Bars Review In District Court
                  Of Plaintiffs' Claims Challenging VA Regulations.. . . . . . . . . . . . . . . . . 14

      C.    Plaintiffs' Constitutional Challenge Fails To State A
            Claim Upon Which Relief Can Be Granted In This Court. . . . . . . . . . . . . . . . . . 14

            1.    Facial Constitutional Challenges To Acts of Congress
                  Must Meet A High Burden.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

            2.    Substantial Deference Must Be Accorded To The Considered
                  Judgment Of Congress Acting Under Its War Powers.. . . . . . . . . . . . . . . 15

            3.    Plaintiffs' Challenge To The VJRA Fails As A Matter of Law.. . . . . . . . . 16

                  a.    The Bulk Of Plaintiffs' Claims Are Not Facial Challenges.. . . . . . 17

b.     The Non-Adversarial VA Claims Adjudication System
       Does Not Offend Due Process. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

c.     Plaintiffs' Claim That Veteran Claimants May Not
       Obtain Expedited Or Injunctive Relief Is Unfounded. . . . . . . . . . 19

d.     Due Process Does Not Require A Class Action Procedure. . . . . . 20

e.     Plaintiffs' Facial Challenge To The Statutory Limit
       On Fees To Attorneys In The Administrative Process
       Is Foreclosed By Precedent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

D.     This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Derivative
       Right Of Access To The Courts Claim, Which Also Fails As
       A Matter Of Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

III.   Plaintiffs' Statutory Claim Requesting Declaratory Relief Concerning Recently
       Discharged Veterans' Right To Medical Care Fails As A Matter Of Law. . . . . . . . . . . 23

IV.    Plaintiffs Cannot Evade The Exclusive VA Remedial Process With A Statutory
       Claim Under The Rehabilitation Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

Albun v. Brown,
    9 F.3d 1528 (Fed. Cir. 1993)........................................................ 13

Alexander v. Sandoval,
    532 U.S. 275 (2001)............................................................. 23

Barrett v. Nicholson,
    466 F.3d 1038 (Fed. Cir. 2006)................................................ 17

Beamon v. Brown,
    125 F.3d 965 (6th Cir. 1997). .............................................. passim

Bennett v. Spear,
    520 U.S. 154 (1997)........................................................... 7, 12

Blodgett v. Holden,
    275 U.S. 142 (1927)............................................................. 15

Broudy v. Mather,
    460 F.3d 106 (D.C. Cir. 2006). .............................................. 12

Brown v. Department of Veterans Affairs,
    451 F. Supp. 2d 273 (D. Mass. 2006). ................................. 24,25

Brown v. Gardner,
    513 U.S. 115 (1994)............................................................. 18

Buzinski v. Brown,
    6 Vet. App. 360 (1994). ...................................................... 13

Chavez v. Blue Sky Natural Beverage Co., – F. Supp. 2d –, No. C 06-6609-SC,
    2007 WL 1691249 (N.D. Cal. June 11, 2007) . ....................... 15

Carpenter v. Principi,
    452 F.3d 1379 (Fed. Cir. 2006)............................................ 21

Eastern Paralyzed Veterans Ass'n, Inc. v. Sec'y of Veterans Affairs,
    257 F.3d 1352 (Fed. Cir. 2001)........................................ 23, 24

Floyd v. District of Columbia,
    129 F.3d 152 (D.C. Cir. 1997). ........................................................................ 6

Chinnock v. Turnage,
    995 F.2d 889 (9th Cir. 1993). .............................................................. 11, 14, 17

Christopher v. Harbury,
    536 U.S. 409 (2002)........................................................................................ 22

Collaro v. West,
    136 F.3d 1304 (Fed. Cir. 1998)..................................................................... 19

Cousins v. Sec'y, U.S. Dep't of Transp.,
    880 F.2d 603 (1st Cir. 1989). ........................................................................ 25

Dacoron v. Brown,
    4 Vet. App. 115 (1993). ................................................................................ 13

Demarest v. United States,
    718 F.2d 964 (9th Cir. 1983). .................................................................. 15, 22

Dep't of the Army v. Blue Fox, Inc.,
    525 U.S. 255 (1999)...................................................................................... 6, 7

Disabled  American Veterans v. U.S. Dep't of Veterans Affairs,
    962 F.2d 136 (2d Cir. 1992)...................................................................... 13, 17

Dugan v. Rank,
    372 U.S. 609 (1963)......................................................................................... 7

Ebert v. Brown,
    4 Vet. App. 434 (1993). ................................................................................ 19

Elk Grove Sch. Dist. v. Newdow,
    542 U.S. 1 (2004)............................................................................................ 4

Erspamer v. Derwinski,
    1 Vet. App. 3 (1990). .................................................................................... 19

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
    528 U.S. 167 (2000)........................................................................... 4

Friscia v. Brown,
    7 Vet. App. 294 (1994). ................................................................. 19,20

Gallo Cattle Co. v. Department of Agriculture,
    159 F.3d 1194 (9th Cir. 1998). ........................................................... 7

Gendron v. Levi,
    423 U.S. 802 (1975)........................................................................... 22

Hall v. Dep't of Veterans' Affairs,
    85 F.3d 532 (11th Cir. 1996). .................................................... 11, 14

Harbury v. Deutch,
    244 F.3d 956 (D.C. Cir. 2000). ......................................................... 22

Harrison v. Derwinski,
    1 Vet. App. 438 (1991). .................................................................... 20

Hawaii v. Gordon,
    373 U.S. 57 (1963)............................................................................ 7

Hicks v. Veterans' Admin.,
    961 F.2d 1367 (8th Cir. 1992). ........................................... 10, 11, 14

Hodge v. West,
    155 F.3d 1356 (Fed. Cir. 1998)......................................................... 19

Holloman v. Watt,
    708 F.2d 1399 (9th Cir. 1983), cert. denied, 466 U.S. 958 (1984). ................................. 6

Hotel & Motel Ass'n of Oakland v. City of Oakland,
    344 F.3d 959 (9th Cir. 2003). ........................................................... 15

Hunt v. Washington Apple Adver. Comm'n,
    432 U.S. 333 (1977).......................................................................... 4

J.L. v. Social Security Admin.,
    971 F.2d 260 (1992).......................................................................... 25

Johnson v. Robison,
    415 U.S. 361 (1974).................................................................. passim

Kirk v. INS,
    927 F.2d 1106 (9th Cir. 1991). ......................................................... 20

Koulizos v. Derwinski,
    2 Vet. App. 350 (1992). ................................................................ 20

Lake Mohave Boat Owners Ass'n v. Nat'l Park Serv.,
    78 F.3d 1360 (9th Cir. 1996). ......................................................... 5

Lane v. Pena,
    518 U.S. 187 (1996). ................................................................ 6,25

Larrabee by Jones v. Derwinski,
    968 F.2d 1497 (2d Cir. 1992). ................................................. 10, 13, 24

Lefkowitz v. Derwinski,
    1 Vet. App. at 439. ................................................................. 21

Lewis v. Casey,
    518 U.S. 343 (1996). ................................................................. 5

Littlewolf v. Lujan,
    877 F.2d 1058 (D.C. Cir. 1989). ...................................................... 15

Look v. U.S.,
    113 F.3d 1129 (9th Cir. 1997). ........................................................ 4

Lujan v. Nat'l Wildlife Fed'n,
    497 U.S. 871 (1990). .................................................................. 8

Lynch v. United States,
    292 U.S. 571 (1934). .................................................................. 6

Lytran v. Dep't of Treasury,
    No. 05-4124 JAR, 2006 WL 516754 (D. Kan. February 28, 2006) ............................... 12

Magana v. Northern Mariana Islands,
    107 F.3d 1436 (9th Cir. 1997). ........................................................ 8

Maroszan v. U.S.,
    90 F.3d 1284 (7th Cir. 1996). ...................................................................... 22

Marozsan v. U.S.,
    849 F. Supp. 617 (N.D. Ind. 1994). ............................................................. 22

Mathews v. Eldridge,
    424 U.S. 319 (1976). ...................................................................................... 20

Moore v. Johnson,
    582 F.2d 1228 (9th Cir. 1978). ........................................................ 12, 13, 16

Murrhee v. Principi,
    364 F. Supp. 2d 782 (C.D. Ill. 2005). ........................................................... 12

S.D. Myers, Inc. v. City & County of San Francisco,
    253 F.3d 461 (9th Cir. 2001). ........................................................................ 15

Myers v. Derwinski,
    1 Vet. App. 127 (1991). ................................................................................... 3

N.O.V.A. v. Sec'y, Veterans Affairs,
    330 F.3d 1345 (Fed. Cir. 2003). ...................................................................... 2

Nat'l Ass'n of Radiation Survivors v. Derwinski,
    994 F.2d 583 (9th Cir. 1992). .................................................................. 21, 23

Norton v. Southern Utah Wilderness Alliance,
    542 U.S. 55 (2004). .......................................................................................... 8

Preminger v. Principi,
    422 F.3d 815 (9th Cir. 2005). .................................................................. 14, 17

Prescott v. United States,
    973 F.2d 696 (9th Cir. 1992). .......................................................................... 6

Price v. U.S.,
    228 F.3d 420 (D.C. Cir. 2000). ...................................................................... 11

Rosen v. Walters,
    719 F.2d 1422 (9th Cir. 1983). .............................................................. 13, 15, 25

Rostker v. Goldberg,
        453 U.S. 57 (1981).......................................................................................... 16

Rumsfeld v. FAIR,
        547 U.S. 47 (2006).......................................................................................... 16

Sanders v. Nicholson,
        487 F.3d 881 (Fed. Cir. 2006)......................................................................... 18

Saunders v. Brown,
4 Vet. App. 320 (1993). .......................................................................................... 13

Schweiker v. McClure,
        456 U.S. 188 (1982)......................................................................................... 19

Siguar v. Derwinski,
        935 F.2d 280 (Table), 1991 WL 70320 (Fed. Cir. May 6, 1991).............................. 17, 22

Skelly Oil Co. v. Phillips Petroleum Co.,
        339 U.S. 667 (1950).......................................................................................... 6

Smith v. Pacific Properties and Dev. Corp.,
        358 F.3d 1097 (9th Cir. 2004). ......................................................................... 4

Stanley v. Principi,
        283 F.3d 1350 (Fed. Cir. 2002)........................................................................ 21

Steffens v. Brown,
        8 Vet. App. 142 (1995). ................................................................................... 19

Sugrue v. Derwinski,
        26 F.3d 8 (2d Cir. 1994)................................................................................... 10, 11

Thunder Basin Coal Co. v. Reich,
        510 U.S. 200 (1994)......................................................................................... 23

Tietjen v. Veterans' Admin.,
        692 F. Supp. 1106 (D. Ariz. 1988). ................................................................. 8

Tietjen v. Veterans Admin.,
        884 F.2d 514 (9th Cir. 1989). .......................................................................... 11, 15

Touche Ross & Co. v. Redington,
    442 U.S. 560 (1979)..................................................................... 23

Traynor v. Turnage,
    485 U.S. 535 (1988)............................................................. 10, 11, 24

U.S. v. Bynum,
    327 F.3d 986 (9th Cir. 2003). ............................................... 15, 19

U.S. v. Mitchell,
    463 U.S. 206 (1983)...................................................................... 6

U.S. v. O'Brien,
    391 U.S. 367 (1968)...................................................................... 16

U.S. v. Salerno,
    481 U.S. 739 (1987)........................................................... 15, 19

U.S. v. Sherwood,
    312 U.S. 584 (1941).................................................................... 6

U.S. v. Lazarenko,
    476 F.3d 642 (9th Cir. 2007). ...................................................... 5

U.S. v. Satterfield,
    743 F.2d 827 (11th Cir. 1984), cert. denied, 471 U.S. 1117 (1985). .............................. 15

Walters v. Nat'l Ass'n of Radiation Survivors,
    473 U.S. 305 (1985)............................................................ passim

Warth v. Seldin,
    422 U.S. 490 (1975)...................................................................... 5

Weaver v. U.S.,
    98 F.3d 518 (10th Cir. 1996). ..................................................... 12

Weiss v. U.S.,
    510 U.S. 163 (1994)...................................................................... 16

Withrow v. Larkin,
    421 U.S. 35 (1975)........................................................................ 19

Z.N. v. Brown,
   6 Vet. App. 183 (1994). ....................................................................................... 20

Zuspann v. Brown,
   60 F.3d 1156 (5th Cir. 1995), cert. denied, 516 U.S. 1111 (1996). ........................... 9, 11


**STATUTES**

Administrative Procedure Act ("APA"), 5 U.SC. §§ 701-706............................................ passim

28 U.S.C. § 1331............................................................................................................... 6

28 U.S.C. 1651................................................................................................................ 19

28 U.S.C. 2201-02. ............................................................................................................ 6

29 U.S.C. § 794(a). .......................................................................................................... 24

38 U.S.C. § 3.304(f). ......................................................................................................... 2

38 U.S.C. §§ 101(16). ........................................................................................................ 2

38 U.S.C. § 211 (1984). ............................................................................................... passim

38 U.S.C. § 502.............................................................................................................. 7, 14

38 U.S.C. § 511.......................................................................................................... passim

38 U.S.C. § 1110............................................................................................................... 2

38 U.S.C. §§ 1114............................................................................................................. 2

38 U.S.C. § 1310............................................................................................................... 2

38 U.S.C. § 1710(e)(1)(D). ......................................................................................... 23, 24

38 U.S.C. § 3404(c) (1988)............................................................................................... 21

38 U.S.C. § 5103............................................................................................................. 20

38 U.S.C. § 5103A.............................................................................................................. 3

38 U.S.C. § 5107(a). ........................................................................................... 3

38 U.S.C. § 5711 ............................................................................................... 18

38 U.S.C. § 5904(c). ..................................................................................... 21, 22

38 U.S.C. § 7105(a). ........................................................................................... 3

38 U.S.C. § 7107 ........................................................................................... 19, 20

38 U.S.C. § 7252(a). ...................................................................................... 3, 13

38 U.S.C. § 7261(a)(1) .............................................................................. 3, 13, 20

38 U.S.C. § 7292(a). ...................................................................................... 3, 13

## RULES AND REGULATIONS

38 C.F.R. § 3.103. .................................................................................... 2, 17, 20

38 C.F.R. §§ 4.125-4.130 ................................................................................. 17

38 C.F.R. § 17.36(b)(6) ..................................................................................... 23

38 C.F.R. § 20.711. ........................................................................................... 18

57 Fed. Reg. 4088, 4101 (February 3, 1992). ................................................... 18

## PUBLIC LAWS AND LEGISLATIVE MATERIALS

Pub. L. No. 100-527, 102 Stat. 2634 (1988). ..................................................... 11

Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988) ...... passim

Pub. L. No. 102-83, §2(a), 105 Stat. 378, 388 (1991). ....................................... 9

Pub. L. 109-461, § 101, 120 Stat. 3403, 3405-06 (2006). .................................. 21

H.R.Rep. No. 100-963, at 13 (1988), reprinted in 1988 U.S.C.C.A.N. 5782, 5795. .................. 19

H.R. Rep. No. 104-690 (1996) ........................................................................... 24

H.R. Rep. No. 1166, 91st Cong., 2d Sess. 11 (1970) reprinted in 1970 U.S.C.C.A.N. 3723, 3731 ................................................................................................ 9

**INTRODUCTION**

Plaintiffs, two advocacy organizations, have filed a complaint for injunctive and declaratory relief that broadly challenges the benefits adjudication programs of the U.S. Department of Veterans Affairs ("VA"). Plaintiffs' Complaint reflects their frustration with the political processes that have led to the statute that plaintiffs purport to challenge, the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), which created an exclusive review procedure for veterans to resolve issues concerning benefits determinations and another exclusive review procedure for the challenge of VA regulations. Plaintiffs' public policy grievances may or may not be well-taken, but that is a question for the representative branches of government, not this Court.

As an initial matter, under the doctrine of sovereign immunity the United States may not be sued without its consent. Plaintiffs have failed to identify any valid waiver for their claims. The only waiver that could conceivably apply is that contained in the Administrative Procedure Act ("APA"). However, the APA is inapposite because plaintiffs have failed to identify any "final agency action" that they challenge as the APA requires and because the Supreme Court has held that the APA does not allow the type of wholesale "programmatic" challenge plaintiffs seek to bring in this Court.

To the extent plaintiffs do allege harm from agency actions, policies, or procedures related to veterans' benefits, Congress has barred district courts from hearing such challenges and, instead, crafted an exclusive review process through the VA, the U.S. Court of Appeals for Veterans Claims ("CAVC"), and the Federal Circuit. Similarly, jurisdiction over plaintiffs' claims alleging harm from VA regulations also lies exclusively in the Federal Circuit.

Plaintiffs attempt to state a facial constitutional challenge to the VJRA itself but that challenge fails to state a claim upon which relief may be granted. For the most part, plaintiffs' challenge is not truly facial and, because it would require consideration of VA decisions affecting veterans' benefits, it must be channeled through the VA system and/or Federal Circuit. Plaintiffs also attempt to evade the exclusive VA remedial process by invoking an unrelated statute, Section 504 of the Rehabilitation Act, but the VJRA similarly forecloses such a challenge in this Court.

1    Next, plaintiffs' facial challenge of a statute that limits the fees veterans may pay attorneys

2    who represent them at the earliest stage of the VA adjudicatory process is foreclosed by binding

3    Supreme Court and Ninth Circuit precedents that upheld a more restrictive fee limitation.

4    Plaintiffs also ask this Court to declare the VA is failing to meet recently returning

5    veterans' statutory entitlement to free health care for two years.  This claim also fails:  the relevant

6    statute makes it plain on its face that it creates no such entitlement.

7    In sum, plaintiffs' lengthy Complaint reflects a variety of policy disagreements, but it does

8    not contain any claim cognizable in this Court, as opposed to the halls of Congress or the exclusive

9    judicial and administrative review system that Congress has created.

10                                           **BACKGROUND**

11    **I.    Statutory and Regulatory Background:  The Veterans Benefits Scheme.**

12    Title 38 of the United States Code and the VA's regulations create a comprehensive and

13    exclusive scheme for adjudicating claims for compensation for disabilities or death resulting from

14    military service.  See 38 U.S.C. § 1110 (disability compensation); 38 U.S.C. § 1310 (dependency

15    and indemnity compensation for service-connected death).  To establish entitlement to benefits, a

16    claimant must show that the disability or death resulted from an injury or disease that was incurred

17    in or aggravated by service.  See 38 U.S.C. §§ 101(16), 1110.  Service connection may be

18    established by evidence even if the disability was not manifest or diagnosed until after separation

19    from service, see 38 C.F.R. § 3.303(b), (d).  Regulations that govern the establishment of service

20    connection for claims of post-traumatic stress disorder ("PTSD") are located at 38 U.S.C.

21    § 3.304(f).  See N.O.V.A. v. Sec'y, Veterans Affairs, 330 F.3d 1345 (Fed. Cir. 2003) (rejecting

22    challenge to validity of prior version of § 3.304(f)).

23    When the VA awards benefits for service-connected disability or death, the claimant is

24    often entitled to a monthly benefit payment, which depends upon the degree of disability and other

25    circumstances.  38 U.S.C. §§ 1114, 1115.  Disability ratings are assigned under VA's schedule for

26    rating disabilities in 38 C.F.R. part 4, and are based on the degree of impairment of earning

27    capacity resulting from the disability.  38 U.S.C. § 1155.

28    Veterans seeking benefits may file claims at one of 58 regional VA offices ("ROs"), which

1    assist in developing the facts necessary to substantiate a claim and render initial decisions.  See 38

2    U.S.C. § 5107(a).  Proceedings are informal and non-adversarial, and where there is a balance of

3    positive and negative evidence on an issue material to a case, the issue is resolved in favor of the

4    claimant.  See 38 U.S.C. § 5107(b); Myers v. Derwinski, 1 Vet. App. 127, 137 (1991) ("The

5    appellate process within the VA is intended to be informal and nonadversarial."); S. REP. NO.

6    109-297, 109th Cong., 2d Sess., at 5, 2006 WL 2250901 (2006) ("VA has a non-adversarial process

7    for developing and adjudicating claims for veterans' benefits.").   Moreover, the VA has an

8    affirmative duty to assist claimants in obtaining the evidence necessary to substantiate their claims,

9    Id.; 38 U.S.C. § 5103A, and other federal agencies have an affirmative duty to provide information

10   to the VA as requested for purposes of determining eligibility for benefits, id. § 5106.

11        When a VA regional office denies a claim for benefits, the claimant may appeal the

12   decision to the Board of Veterans' Appeals ("BVA"), which decides an appeal only after the

13   claimant has been given an opportunity for a hearing.  38 U.S.C. § 7105(a).  An adverse decision

14   by the BVA may be appealed to the U.S. Court of Appeals for Veterans Claims ("CAVC"), which

15   has authority to review all questions of law, including constitutional claims, see 38 U.S.C.

16   § 7261(a)(1), and has exclusive jurisdiction to review BVA decisions, 38 U.S.C. § 7252(a).

17   Decisions by the CAVC may, in turn, be appealed to the United States Court of Appeals for the

18   Federal Circuit, see 38 U.S.C. § 7292(a), and then to the Supreme Court, id. § 7292(c).

19        In reviewing CAVC decisions, the Federal Circuit has authority to "decide all relevant

20   questions of law, including interpreting constitutional and statutory provisions," 38 U.S.C.

21   § 7292(d)(1), and this authority is exclusive, see 38 U.S.C. § 7292(c).  Indeed, Congress has

22   expressly divested district courts of authority to review VA benefits decisions, stating that such

23   decisions may be reviewed only as provided in Title 38, and "may not be reviewed by any other

24   official or by any court, whether by an action in the nature of mandamus or otherwise."  38 U.S.C.

25   § 511(a).

26   **II.    Factual Background**

27        The plaintiffs in this action include two advocacy organizations but no individuals, and

28   plaintiffs have made no allegations of specific instances in which the laws, regulations, practices,

1    and procedures that plaintiffs purport to challenge were applied unlawfully to any individual.

2                                        **ARGUMENT**

3    **I.     Plaintiffs Lack Standing To Pursue Their Claims In This Court.**

4           Article III of the U.S. Constitution requires plaintiffs to establish their standing to sue.

5    Accordingly, they must, "at an irreducible minimum," show: (1) a distinct and palpable injury,

6    actual or threatened; (2) that the injury is fairly traceable to the defendant's conduct; and (3) that a

7    favorable decision is likely to redress the complained-of injury. <u>E.g.</u>, <u>Friends of the Earth, Inc. v.</u>

8    <u>Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 180-81 (2000); <u>Look v. United States</u>, 113 F.3d

9    1129, 1130 (9th Cir. 1997). A plaintiff must also satisfy the prudential requirements for standing

10   that have been adopted by the judiciary. <u>Elk Grove Sch. Dist. v. Newdow</u>, 542 U.S. 1, 11-12

11   (2004).

12          Organizational plaintiffs must meet these standing requirements. An organization may

13   have "representational standing" to sue on behalf of its members. <u>See</u>, <u>e.g.</u>, <u>Smith v. Pacific</u>

14   <u>Properties and Dev. Corp.</u>, 358 F.3d 1097, 1101 (9th Cir. 2004). The plaintiff organizations here

15   claim to "bring this action as the representatives of their members and/or constituencies," not on

16   their own behalf. Compl. ¶ 38. Accordingly, plaintiffs' "representational standing is contingent

17   upon the standing of [their] members to bring suit."[1] <u>Id.</u> (citations omitted). Furthermore:

18          [t]o establish representational standing, [an organization] must demonstrate that: "(a) its
            members would have standing to sue in their own right; (b) the interests it seeks to
19          vindicate are germane to the organization's purpose; and (c) neither the claim asserted nor
            the relief requested requires the participation of individual members in the lawsuit."

20   <u>Id.</u> at 1101-02, quoting <u>Hunt v. Washington Apple Adver. Comm'n</u>, 432 U.S. 333, 343 (1977).

21          At the outset, plaintiffs do not identify a single member who is suffering any alleged injury

22   fairly traceable to defendants' conduct or the challenged statute.[2] Even if plaintiff had identified

23

24   ───────────────

25          [1]     Plaintiffs have no standing to represent their supposed "constituencies," Compl.

26   ¶ 38, separate from their actual members. <u>See</u> <u>Smith</u>, 358 F.3d at 1101.

27          [2]     Defendants also note that this is a putative class action. <u>See</u> Compl. ¶ 29. While
     plaintiffs have not yet sought class certification, there can be no class without named
28   representatives who have individual standing and satisfy the prerequisites of commonality and
     typicality for each claim asserted.

1    an individual member with a potentially justiciable claim for relief, however, resolution of that

2    claim would require their participation.  Associational standing does not exist where "claims are

3    not common to the entire membership, nor shared by all in equal degree . . . and both the fact and

4    extent of the injury would require individualized proof."  Lake Mohave Boat Owners Ass'n v.

5    Nat'l Park Serv., 78 F.3d 1360, 1367 (9th Cir. 1996).  Individual participation would be necessary

6    here to determine, e.g., whether any of the challenged regulations, laws, and alleged practices

7    actually caused them any cognizable harm, and whether the injunctive and declaratory relief the

8    plaintiff organizations request would redress such harm.  Therefore, the "individual participation

9    of each injured party" would be "indispensable to proper resolution of the case."  Warth v. Seldin,

10   422 U.S. 490, 511 (1975).  For these reasons, the plaintiff organizations lack Article III standing to

11   maintain their claims.

12         Plaintiffs also fail to meet the requirements of prudential standing.  "It is the role of courts

13   to provide relief to claimants, in individual or class actions, who have suffered, or will imminently

14   suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the

15   institutions of government in such fashion as to comply with the law and constitution."  Lewis v.

16   Casey, 518 U.S. 343, 349 (1996).  Plaintiffs raise numerous, policy-oriented grievances, but absent

17   from the complaint is a claim of injury to any individual from these challenged matters.  Plaintiffs'

18   broad-based attacks on the VA system therefore do not present a justiciable case or controversy for

19   resolution by this Court but, instead, are "more appropriately addressed in representative branches"

20   of government.  United States v. Lazarenko, 476 F.3d 642, 650 (9th Cir. 2007)

21   **II.    Plaintiffs' Constitutional Claims Should Be Dismissed.**

22         In Claims I and II of plaintiffs' Complaint, which follow and incorporate 257 paragraphs of

23   allegations concerning plaintiffs' public policy disagreements with the VA and the U.S. Congress,

24   plaintiffs attempt to state causes of action for alleged Constitutional violations by the VA and the

25   VJRA itself under the Fifth Amendment right to procedural due process and the right of access to

26   the Courts.  However, plaintiffs have failed to identify an applicable waiver of sovereign

27   immunity; the bulk of plaintiffs' claims cannot be brought in this Court but must be channeled

28   through the exclusive VA judicial review process; and plaintiffs' constitutional claims fail to state

1  a claim upon which relief may be granted.  For similar reasons, discussed in Parts III & IV, infra,

2  plaintiffs' statutory claims also fail.

3       **A.**    **Plaintiffs' Claims Are Barred By Sovereign Immunity.**

4        It is "axiomatic that the United States may not be sued without its consent and that the

5  existence of consent is a prerequisite for jurisdiction."  U.S. v. Mitchell, 463 U.S. 206, 212 & n.9

6  (1983) (citing U.S. v. Sherwood, 312 U.S. 584, 586 (1941)).  Moreover, "the terms of [the

7  government's] consent to be sued in any court define that court's jurisdiction to entertain suit."

8  Sherwood, 312 U.S. at 586.  Such consent must be "'unequivocally expressed' in the statutory

9  text" and strictly construed in favor of the government.  Dep't of the Army v. Blue Fox, Inc., 525

10  U.S. 255, 261 (1999) (quoting Lane v. Pena, 518 U.S. 187, 192 (1996)).

11        Plaintiffs have not met their "'burden of pointing to . . . an unequivocal waiver of

12  [sovereign] immunity.'"  Prescott v. United States, 973 F.2d 696, 701 (9th Cir. 1992) (quoting

13  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983), cert. denied, 466 U.S. 958 (1984)).  For

14  that reason alone, their Complaint must be dismissed.  Plaintiffs allege that the VJRA violates

15  their constitutional rights, but the Constitution does not waive sovereign immunity.  See Lynch v.

16  United States, 292 U.S. 571, 582 (1934).  Likewise, plaintiffs assert jurisdiction under 28 U.S.C.

17  § 1331 (Compl. ¶ 33), but § 1331 does not waive the government's immunity.  See Holloman, 708

18  F.2d at 1401.  Similarly, the Declaratory Judgment Act, 28 U.S.C. 2201-02, is a procedural statute

19  only and does not effect a waiver of sovereign immunity.  See Skelly Oil Co. v. Phillips Petroleum

20  Co., 339 U.S. 667, 671 (1950).  Thus, plaintiffs have not identified any applicable waiver of

21  sovereign immunity to permit their suit against defendants to proceed.  Cf. Floyd v. District of

22  Columbia, 129 F.3d 152, 155-56 (D.C. Cir. 1997) ("Where the United States is the defendant

23  . . . federal subject matter jurisdiction is not enough; there must also be a statutory cause of action

24  through which Congress has waived sovereign immunity.").[3]

25

26         [3]    The defendants in this action include the United States itself and one of its

27  Executive agencies, the VA, as well as a number of federal officials sued in their official
   capacities.  Although an action may be nominally brought against a federal official, it is

28  considered to be brought against the sovereign where, as here, the judgment sought would
   expend itself on the public domain, interfere with the public administration, or restrain the

1    The only statute possibly capable of providing the requisite waiver of sovereign immunity

2    for plaintiff's claims is the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.  Section

3    702 of title 5 waives sovereign immunity for certain suits seeking to obtain judicial review of final

4    agency but, like all waivers of sovereign immunity, it must "be strictly construed, in terms of its

5    scope, in favor of the sovereign." Blue Fox, Inc., 525 U.S. at 261.  Even if plaintiffs were to

6    amend their Complaint to invoke the APA waiver of sovereign immunity,[4] its limitations would

7    nevertheless compel dismissal.  As the Ninth Circuit Court of Appeals has held, the APA waiver

8    of sovereign immunity in 5 U.S.C. § 702 "contains several limitations" including "5 U.S.C. § 704,

9    which provides that only '[a]gency action made reviewable by statute and final agency action for

10   which there is no other adequate remedy in a court, are subject to judicial review.'" Gallo Cattle

11   Co. v. Department of Agriculture, 159 F.3d 1194, 1198-99 (9th Cir. 1998) (quoting 5 U.S.C.

12   § 704).  Plaintiffs' Complaint is barred by that limitation.

13       Plaintiffs do not challenge any "final agency actions,"[5] which are those that "mark the

14   consummation of the agency's decisionmaking process" and "by which rights or obligations have

15   been determined, or from which legal consequences will flow." Bennett v. Spear, 520 U.S. 154,

16   178 (1997).  Indeed, plaintiffs disavow any challenge to any individual agency action.  Compl.

17   ¶ 12 (alleging that "[t]he legal and constitutional defects with the VA's systems, as set forth

18   herein, are . . . divorced from the facts of any individual claim."), ¶ 39 (disclaiming any "attempt to

19   obtain review of any decision relating to benefits").  Rather than challenging any particular agency

20   action, plaintiffs seek an extraordinarily broad injunction from this Court that plaintiffs claim

21   would deal with alleged shortfalls in the VA's budget from Congress, Compl. ¶¶ 204-215;

22   "deficiencies" in the VA health care system, id. 184; "delays" in claims adjudication, id. ¶ 145; the

23

24

25   Government from acting or compel it to act. Hawaii v. Gordon, 373 U.S. 57, 58 (1963) (per
     curiam); Dugan v. Rank, 372 U.S. 609, 620 (1963).

26   [4]    Plaintiffs do cite to "5 U.S.C. § 7," Compl. ¶ 33, but there is no section 7 in the

27   current version of title 5, U.S. Code.

28   [5]    To the extent plaintiffs are challenging agency procedures and regulations, such a
     challenge also has no place in this Court, as explained infra.  See 38 U.S.C. § 502.

1  suicide of individuals, id. ¶ 170; the general "procedures" for filing a disability claim, id. ¶ 203;

2  alleged but unspecified "destruction, alteration or doctoring of records," id. ¶ 31; and an alleged

3  (and allegedly improper) "incentive compensation program," id. ¶ 277(g).  To the extent plaintiffs

4  seek to challenge concrete VA rules that have legal consequences which will directly impact

5  plaintiffs, they have an adequate (and, indeed, exclusive) remedy in the veterans' adjudication

6  system that Congress has carefully crafted.  See Part II.B., infra.  To the extent plaintiffs are *not*

7  challenging such concrete VA rules but rather are broadly seeking improvements to programs they

8  do not like, their claims are not cognizable in this Court under the APA waiver of sovereign

9  immunity.  As the Supreme Court has held, plaintiffs simply "cannot seek *wholesale* improvement

10  of this program by court decree, rather than in the offices of the Department or the halls of

11  Congress, where programmatic improvements are normally made.  Under the terms of the APA,

12  respondent must direct its attack against some particular 'agency action' that causes it harm."

13  Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004), quoting Lujan v. Nat'l

14  Wildlife Fed'n, 497 U.S. 871, 891(1990) (emphasis in original).  Such a "case-by-case approach"

15  may be "understandably frustrating" to organizations seeking across-the-board change, but it is the

16  "traditional, and remains the normal, mode of operation of the courts."  Nat'l Wildlife Fed'n, 497

17  U.S. at 894.  Unless Congress explicitly provides for review at a higher level of generality, courts

18  may "intervene in the administration of the laws only when, and to the extent that, a specific 'final

19  agency action' has an actual or immediately threatened effect."  Id.

20        **B.    Plaintiffs Have Failed To Establish Subject Matter Jurisdiction Over Their
             Constitutional Claims In This Court.**

21
22        Even if plaintiffs had identified a valid waiver of sovereign immunity for their purported

23  constitutional claims, subject matter jurisdiction over those claims still would not lie in this Court.

24  Congress has the power to define the jurisdiction of the lower federal courts, see Magana v.

25  Northern Mariana Islands, 107 F.3d 1436, 1440 (9th Cir. 1997); Tietjen v. Veterans' Admin., 692

26  F. Supp. 1106, 1113 (D. Ariz. 1988), and Congress has done so in a fashion that forecloses

27  jurisdiction over plaintiffs' claims here but, instead, channels them through separate processes.

28

1

**1.    Title 38 U.S.C. § 511 Bars Review In District Court Of Plaintiffs'
Claims Involving VA Procedures, Practices And Actions.**

2

3

In 1988, Congress enacted the VJRA, Pub. L. No. 100-687, 102 Stat. 4105, which created

4

an exclusive review procedure for issues concerning benefits determinations. See Zuspann v.

Brown, 60 F.3d 1156, 1158 (5th Cir. 1995), cert. denied, 516 U.S. 1111 (1996). "The VJRA

5

allows veterans to appeal benefits determinations to the Board of Veterans' Appeals." Id. at

6

1158-59 (citing 38 U.S.C. § 7104(a)). "Jurisdiction to review the Board's decisions is conferred

7

exclusively on the" CAVC. Id. at 1159 (citing 38 U.S.C. §§ 7252(a), 7266(a)). "The . . . Federal

8

Circuit has exclusive jurisdiction to review the decisions of the" CAVC. Id. (citing 38 U.S.C.

9

§ 7292(a)). Congress has also expressly directed with 38 U.S.C. § 511(a)[6] that determinations by

10

VA that affect veterans' benefits are not reviewable in district court:

11

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a
> decision by the Secretary under a law that affects the provision of benefits by the Secretary
> to veterans or the dependents or survivors of veterans. Subject to subsection (b), the
> decision of the Secretary as to any such question shall be final and conclusive and  may not
> be reviewed by any other official or by any court, whether by an action in the nature of
> mandamus or otherwise.

12

13

14

15

38 U.S.C. § 511(a).

16

Plaintiffs cannot credibly dispute the broad scope and sweep of Section 511, which was

17

included in the VJRA to resolve a dispute that had arisen regarding the congressional intent behind

18

38 U.S.C. § 211, the predecessor of Section 511(a). Until 1973, 38 U.S.C. § 211 (now

19

Section 511) barred judicial review of any decision of the Secretary of the VA "on any question of

20

law or fact under any law administered by the Veterans' Administration providing benefits for

21

veterans . . . ." Id. The purpose of Section 211 was to "make it perfectly clear that Congress

22

intends to exclude from judicial review all determinations with respect to noncontractual benefits

23

provided for veterans and their dependents and survivors." H.R. REP. NO. 1166, 91st Cong., 2d

24

Sess. 11 (1970) reprinted in 1970 U.S.C.C.A.N. 3723, 3731. However, in Johnson v. Robison,

25

415 U.S. 361 (1974), the Supreme Court held that the preclusion-of-review language in

26

27

[6]    Section 511 was enacted in 1988 with the passage of the VJRA, and was codified

28

at Section 211(a). In 1991 the code numbering was changed to Section 511(a). Pub. L. No.
102-83, §2(a), 105 Stat. 378, 388 (1991).

1   Section 211 did not serve as an absolute bar to judicial review of *all* matters touching upon the

2   administration of veterans' benefits.  The <u>Johnson</u> Court found that the courts had jurisdiction to

3   review challenges to the constitutionality of veteran's benefits statutes.  415 U.S. at 372.

4   Subsequent to <u>Johnson</u>, in <u>Traynor v. Turnage</u>, 485 U.S. 535 (1988), the Supreme Court extended

5   the <u>Johnson</u> exception further by permitting district court review of a challenge to VA regulations

6   on the ground that they violated a non-VA statute, the Rehabilitation Act.

7          Within four months of the <u>Traynor</u> decision, Congress enacted the VJRA in which, for the

8   first time, Congress provided for judicial review of veterans' benefits decisions.  <u>See</u> <u>supra</u>

9   (describing VJRA procedures).  Congress concluded that the exception to Section 211 carved out

10  by the Supreme Court in <u>Johnson</u> "has taken the courts further into individual decision-making

11  than Congress heretofore intended."  H.R. REP. NO. 963, at 21, <u>reprinted in</u> 1988 U.S.C.C.A.N. at

12  5803.  In doing so, Congress "broaden[ed] the scope of section 211" and provided the "clear and

13  convincing evidence" that the <u>Traynor</u> Court had found missing of congressional intent to preclude

14  district court jurisdiction to review *all* challenges to the Secretary's actions concerning the

15  provision of veterans' benefits.  <u>Id.</u> at 5809.  Simultaneously, it "obviate[d] the Supreme Court's

16  reluctance to construe the statute as barring judicial review of substantial statutory and

17  constitutional claims," by creating the CAVC and vesting it and the Federal Circuit with exclusive

18  review of those matters.  <u>Larrabee by Jones v. Derwinski</u>, 968 F.2d 1497, 1501 (2d Cir. 1992)

19         The provisions of the VJRA establish Congress' intent to include all issues necessary to a

20  decision affecting benefits in the "exclusive appellate review scheme" created by that statute.

21  <u>Hicks v. Veterans' Admin.</u>, 961 F.2d 1367, 1370 (8th Cir. 1992); <u>accord</u> <u>Sugrue v. Derwinski</u>, 26

22  F.3d 8, 11 (2d Cir. 1994); <u>Larrabee</u>, 968 F.2d at 1501.  Section 511 applies to decisions on "*all*

23  questions of law and fact*," as long as the questions decided are "*necessary to a decision*" by the

24  Secretary *under a law that affects the provision of benefits* by the Secretary to veterans."  38

25  U.S.C. § 511(a) (emphasis added); <u>see</u>, <u>e.g.</u>, <u>Hicks</u>, 961 F.2d at 1369.  Plaintiffs' challenges to the

26  Secretary's alleged claim-adjudication procedures and practices raise questions of law and fact

27  regarding the procedures to be used in adjudication of claims and the time frame in which claims

28  should be decided.  The resolution of these issues is necessary to decisions by the Secretary

concerning the establishment of claim-adjudication procedures under title 38 of the U.S. Code, as well as to the ultimate resolution of particular veterans' claims. This broad intent is clearly expressed in the legislative history, which explains that a primary purpose behind the VJRA was to:

> Establish an independent Court of Veterans Appeals . . . similar to the Court of Military Appeals and the United States Tax Court, to rule on *all disputes involving the Veterans' Administration*[7] *and veterans*[, and to p]rovide for review by the . . . the Federal Circuit of *any legal matter relied on by the [CAVC] in making a decision in a particular case. This would include constitutional, statutory, and regulatory matters, and interpretations of law.*

H.R. Rep. No. 963, at 4, reprinted in 1988 U.S.C.C.A.N. 5785 (emphasis added). As the House Report states, under the new statutory scheme, "district courts . . . no longer have jurisdiction to entertain challenges to the constitutionality of *any matter* affecting veterans benefits." 1988 U.S.C.C.A.N. at 5802 (emphasis added).

Since the Traynor decision and Congress's corresponding legislative correction, courts have recognized that litigants cannot circumvent the Section 511 bar by framing their challenges to the actions of the Secretary in administering veterans' benefits in constitutional or other statutory terms. See, e.g., Beamon v. Brown, 125 F.3d 965, 972 (6th Cir. 1997) (APA and Fifth Amendment Due Process challenge to VA claims adjudication procedures barred by Section 511 as well as sovereign immunity).[8] Accordingly, plaintiffs' recourse lies not with this Court, but instead with

---

[7]    Pub. L. No. 100-527, 102 Stat. 2634 (1988), established VA as an executive department and changed its name from the Veterans' Administration to the Department of Veterans Affairs.

[8]    See also Chinnock v. Turnage, 995 F.2d 889 (9th Cir. 1993) (court lacked jurisdiction to review VA's interpretation of its regulation); Tietjen v. Veterans Admin., 884 F.2d 514, 515 (9th Cir. 1989) (rejecting attempt to obtain judicial review by characterizing benefits claim as a due-process challenge); Price v. U.S., 228 F.3d 420, 421 (D.C. Cir. 2000) (section 511 "precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits," including claim pled under the Federal Tort Claims Act); Hall v. Dep't of Veterans' Affairs, 85 F.3d 532, 534-35 (11th Cir. 1996) (constitutional challenge to VA regulation as applied to plaintiff had to be brought under VJRA procedures, not in district court); Zuspann, 60 F.3d at 1159 (that challenge to benefit determination was couched in constitutional terms did not remove it from section 511's preclusion of judicial review); Hicks, 961 F.2d at 1369 (First Amendment challenge encompassed by Section 511 reviewable only through VJRA procedures; noting in the VJRA "Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme."); Sugrue, 26 F.3d at 11 (courts

1  the procedures established by Congress in the VJRA for challenging VA decisions that affect

2  benefit determinations.[9]

3       In an attempt to evade Section 511, plaintiffs allege that their Complaint makes no

4  "attempt to obtain review of any decision relating to benefits." Compl. ¶ 39. But it is the

5  substance of plaintiffs' claims, not the labels plaintiffs assign them, that governs this Court's

6  jurisdictional determination. Weaver v. U.S., 98 F.3d 518, 519-20 (10th Cir. 1996). For example,

7  plaintiffs' claims that they were, or will be, denied access to veterans benefits based on the

8  (unspecified) destruction of records by VA employees, Compl. ¶¶ 31, 228, 231-34, or due to

9  improper pressure, id. ¶¶ 22, 31(d), or incentives, id. ¶¶ 21-22, 31, 148, 227-30, implicate

10  "questions of law and fact necessary to" veterans benefits decisions and thus are barred under

11  Section 511. Such activities could only be actionable if they have some negative impact on one or

12  more benefits decisions. Cf. Spear, 520 U.S. at 178 (under the APA, agency actions subject to

13  challenge are those that "mark the consummation of the agency's decisionmaking process" and

14  "by which rights or obligations have been determined, or from which legal consequences will

15  flow."). But adjudicating whether any allegedly-suppressed information is relevant to a veterans

16

17

18  do not acquire jurisdiction over challenges to benefit determinations "cloaked in constitutional

19  terms"); Lytran v. Dep't of Treasury, No. 05-4124 JAR, 2006 WL 516754, *3 (D. Kan. February 28, 2006) ("even if plaintiff's Complaint could be construed to raise constitutional challenges to statute(s) governing veteran's benefits, sovereign immunity has not been waived, as section 511 provides the exclusive vehicle to challenge veterans benefits."); Murrhee v. Principi, 364 F. Supp.

20  2d 782, 789 (C.D. Ill. 2005) (finding district courts lack jurisdiction over challenge to VA conduct

21  related to benefits claims).

22      [9]    Plaintiffs appear to rely upon Broudy v. Mather, 460 F.3d 106 (D.C. Cir. 2006),

23  which conflicts with Ninth Circuit authority. See Compl. ¶ 33. In Broudy, nine individual veterans claimed that the VA had unlawfully withheld information from them and that this

24  conduct had prejudiced their benefits claims. Because the VA had not made a decision on the particular issues before the court, although those issues related to veterans' benefits and the

25  Secretary had made a decision concerning benefits, the D.C. Circuit held it had jurisdiction despite Section 511 and without considering sovereign immunity. Id., 460 F.3d at 114. As the

26  Ninth Circuit held under the less-restrictive former Section 211, however, where the substance of a constitutional challenge goes not to legislation but to VA decisions that "concern" benefits,

27  there is no jurisdiction in district court. Moore v. Johnson, 582 F.2d 1228, 1232-33 (9th Cir.

28  1978) (also finding sovereign immunity barred such a challenge). See also, e.g., Beamon, 125 F.3d 965 & id. at 970-71 (same under Section 511).

benefits claim is itself a question "necessary to a decision by the Secretary under a law that affects

the provision of benefits," 38 U.S.C. § 511(a), and thus falls within the exclusive province of the

VA, subject to judicial review solely in the Federal Circuit. Rosen v. Walters, 719 F.2d 1422,

1425 (9th Cir. 1983) (affirming dismissal of claim that VA destroyed documents and made it

impossible for plaintiff to prove his illness because that "claim would require the district court to

determine not only that the VA intentionally failed to maintain complete records, but also whether,

but for the missing records, Rosen should have been awarded disability benefits"). The same is

true of a claim that the acts of VA officials led or leads to improper denial of claims. See id. As

the Sixth Circuit held in considering a similar challenge to VA procedures, in order to review

plaintiffs' claims, this Court "would need to review individual claims for veterans benefits, the

manner in which they were processed, and the decisions rendered by the regional office of the VA

and the BVA. This type of review falls within the exclusive jurisdiction of the [CAVC] as defined

by [38 U.S.C.] § 7252(a)." Beamon, 125 F.3d at 970-71. Thus, this Court should not accept

plaintiffs' invitation to

> review the legality and constitutionality of the procedures that the VA uses to decide
> benefits claims. Such a challenge raises questions of law and fact regarding the appropriate
> methods for the adjudication of veterans' claims for benefits. Determining the proper
> procedures for claim adjudication is a necessary precursor to deciding veterans benefits
> claims. Under § 511(a), the VA Secretary shall decide this type of question.

Beamon, 125 F.3d at 970. See also Moore, 582 F.2d at 1232-33.[10]

The only category of cases that has arguably been excepted from the preclusive effect of

the current Section 511 is facial constitutional challenges to veterans' benefits legislation. See

Larrabee, 968 F.2d at 1501 ("[a]lthough district courts continue to have 'jurisdiction to hear facial

challenges of legislation affecting veterans' benefits,' other constitutional and statutory claims

---

[10]    Plaintiffs are not without any recourse, however – they merely cannot meet their burden to establish subject matter jurisdiction in this Court. Pursuant to 38 U.S.C. § 7261(a), the CAVC has recognized its authority to decide constitutional issues arising with respect to benefit decisions under laws administered by the VA. See, e.g., Buzinski v. Brown, 6 Vet. App. 360, 364 (1994); Saunders v. Brown, 4 Vet. App. 320, 326-27 (1993); Dacoron v. Brown, 4 Vet. App. 115, 119 (1993). In addition, the Federal Circuit has authority under 38 U.S.C. § 7292(d) to review a decision of the CAVC involving that court's interpretation of a constitutional provision. See Albun v. Brown, 9 F.3d 1528, 1530 (Fed. Cir. 1993) (citing Federal Circuit decisions which have reviewed CAVC decisions involving constitutional questions); Beamon, 125 F.3d at 970-71.

1    must be pursued within the appellate mill Congress established in the VJRA"), quoting Disabled

2    American Veterans v. U.S. Dep't of Veterans Affairs, 962 F.2d 136, 140 (2d Cir. 1992) ("DAV");

3    Hicks, 961 F.2d at 1370 (the VJRA scope of review provisions "amply evince Congress's intent to

4    include all issues, even constitutional ones, necessary to a decision which affects benefits in this

5    exclusive appellate review scheme").  But see Hall, 85 F.3d at 534-35 ("In the wake of the VJRA,

6    the vitality of the Johnson holding with respect to the jurisdiction of the district courts to entertain

7    facial constitutional attacks on veterans' benefits *legislation* (as opposed to the implementing rules

8    and regulations) is debatable.").

9         Plaintiffs simply cannot challenge the Secretary's claim-adjudication practices and

10   procedures in district court, whether or not that challenge purports to rely upon the Constitution.

11              **2.      Title 38 U.S.C. § 502 Bars Review In District Court Of Plaintiffs'
                          Claims Challenging VA Regulations.**

12
13        Section 502 of Title 38 of the United States Code vests the Federal Circuit with exclusive

14   jurisdiction to consider challenges to VA regulations.  As discussed infra, plaintiffs' constitutional

     claims are not limited to a purely facial challenge of the VJRA.  To the extent plaintiffs challenge
15
     VA regulations, subject matter jurisdiction over those claims lies not in this Court but exclusively
16
     in the Federal Circuit under 38 U.S.C. § 502. See, e.g., Preminger v. Principi, 422 F.3d 815, 821
17
     (9th Cir. 2005) (district court lacked jurisdiction to entertain a facial challenge to a VA regulation
18
     because under 38 U.S.C. § 502 such challenges are reviewable exclusively in the Federal Circuit);
19
     Chinnock, 995 F.2d at 893 ("[W]e lack jurisdiction to resolve this dispute.  Under 38 U.S.C. §
20
     502, VA rulemaking is subject to judicial review only in the Federal Circuit.")..
21
              **C.      Plaintiffs' Constitutional Challenge Fails To State A Claim Upon Which Relief
22                       Can Be Granted In This Court.**

23        As explained above, plaintiffs cannot challenge VA procedures under the VJRA in this

24   Court, or the VJRA as applied to a particular individual or group of individuals, or VA regulations,

25   under 38 U.S.C. §§ 502 & 511.  Their remedies for such challenges lie elsewhere, and the only

26   challenge plaintiffs may even arguably bring to this Court is a purely facial constitutional

27   challenge to the Act of Congress itself.  See Beamon, 125 F.3d at 972-73; but see Hall, 85 F.3d at

28   534-35 (questioning whether a district court may entertain a facial constitutional challenge to a

1    veterans' benefits statute under the VJRA).[11]

2        To the extent plaintiffs' Complaint states such a facial challenge, they have failed to state a

3    claim upon which relief may be granted and their constitutional claims must be dismissed under

4    Rule 12(b)(6).  See Chavez v. Blue Sky Natural Beverage Co., --- F. Supp. 2d ----, No. C 06-6609-

5    SC, 2007 WL 1691249, *4 (N.D. Cal. June 11, 2007) (setting forth Rule 12(b)(6) standards).

### 1.    Facial Constitutional Challenges To Acts of Congress Must Meet A High Burden.

        Adjudicating the constitutionality of an Act of Congress is "the gravest and most delicate

duty that [a] Court is called upon to perform."  Blodgett v. Holden, 275 U.S. 142, 148 (1927)

(Holmes, J.).  It is thus appropriate that plaintiffs face a high burden to persuade this Court to

sustain a facial challenge, which "is . . . the most difficult challenge to mount successfully, since

the challenger must establish that no set of circumstances exists under which the Act would be

valid."  See U.S. v. Salerno, 481 U.S. 739, 745  (1987).[12]  Accordingly, in a purported due process

challenge, the possibility that due process violations might occur in particular cases in the future

does not render a statute unconstitutional on its face.  United States v. Satterfield, 743 F.2d 827

(11th Cir. 1984), cert. denied, 471 U.S. 1117 (1985).  Moreover, federal statutes are presumed to

be constitutional, especially where, as here, Congress itself considered constitutional questions.

Littlewolf v. Lujan, 877 F.2d 1058 (D.C. Cir. 1989), cert. denied, 493 U.S. 1043 (1990).

### 2.    Substantial Deference Must Be Accorded To The Considered Judgment Of Congress Acting Under Its War Powers

        The gravity of this Court's task in adjudicating the constitutionality of an Act of Congress,

and the general presumption of constitutionality afforded such Acts, applies with special force here

---

[11]    Under the pre-VJRA version of section 511, then codified at 38 U.S.C. § 211, the Ninth Circuit consistently held that Congress had barred all challenges involving laws or facts concerning benefits administered by VA other than facial challenges to the constitutionality of a statute, and that a claimant could not avoid this bar merely by characterizing his or her claim as one arising under the Constitution or other statutory authority.  See Tietjen, 884 F.2d 514; Rosen, 719 F.2d 1422; Demarest v. United States, 718 F.2d 964 (9th Cir. 1983).

[12]    See also Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 971 (9th Cir. 2003) (following Salerno); U.S. v. Bynum, 327 F.3d 986 (9th Cir. 2003) (same); S.D. Myers, Inc. v. City & County of San Francisco, 253 F.3d 461 (9th Cir. 2001) (same).

1   since the VJRA was enacted pursuant to Congress's Article I authority over national defense and

2   military affairs,[13] "and perhaps in no other area has the Court accorded Congress greater

3   deference." Rostker v. Goldberg, 453 U.S. 57, 64-65 (1981). The Constitution contemplates that

4   Congress has "'plenary control over rights, duties, and responsibilities in the framework of the

5   Military Establishment.'" Weiss v. U.S., 510 U.S. 163, 177 (1994). Accordingly, "[t]he

6   constitutional power of Congress to raise and support armies and to make all laws necessary and

7   proper to that end is broad and sweeping." U.S. v. O'Brien, 391 U.S. 367, 377 (1968).    See U.S.

8   CONST. Art. I, §8, cls. 1, 12-14. Indeed, "'*judicial deference . . . is at its apogee*' when Congress

9   legislates under its authority to raise and support armies." Rumsfeld v. FAIR, 547 U.S. 47, 58

10  (2006) (quoting Rostker, 453 U.S. at 70; emphasis as in FAIR).

11       Because our national defense depends on a volunteer army and an extensive system of

12  volunteer reserves, the VJRA plays a critical role in Congress' ability to raise and support an Army

13  and Navy. Safeguarding veterans who have completed their service is essential to ensuring a

14  steady supply of volunteers for the armed forces and reserves, which comprise both the country's

15  first and second lines of defense in case of an attack and also constitute the pool of troops the

16  county calls upon to project its might abroad. The courts' deference to Congress's judgment in

17  this area is, again, "at its apogee." FAIR, 547 U.S. at 58. Cf. Walters v. Nat'l Ass'n of Radiation

18  Survivors, 473 U.S. 305, 319-20 (1985) (Congress's decision to accord individuals less than the

19  full panoply of procedural protections is entitled to considerable deference).

20              **3.       Plaintiffs' Challenge To The VJRA Fails As A Matter of Law.**

21       The statute that plaintiffs now challenge, the VJRA, served only to *expand* veterans'

22  procedural rights. Prior to enactment of the VJRA, benefits decisions by the VA were not

23  reviewable at all. See 38 U.S.C. § 211(a) (1982). The constitutionality of that provision was

24  upheld by various courts, including the Ninth Circuit. See Moore, 582 F.2d at 1232. Accordingly,

25  since "the procedures prior to enactment of the VJRA satisfied due process requirements, then the

26  VJRA, which merely increased the reviewability of Veterans' Administration decisions for certain

27

28       [13]      See Johnson, 415 U.S. at 376 (concluding that legislation to provide benefits to
veterans "is plainly within Congress' Art. I., § 8 powers 'to raise and support Armies[]'").

1   veterans (those who filed [Notices of Disagreement with a VA decision] on or after November 18,

2   1988), also satisfies due process." Siguar v. Derwinski, 935 F.2d 280 (Table), 1991 WL 70320

3   (Fed. Cir. May 6, 1991). For that reason, among others, plaintiffs' constitutional challenge fails to

4   state a claim upon which relief may be granted.

5           **a.**     **The Bulk Of Plaintiffs' Claims Are Not Facial Challenges.**

6         As an initial matter, portions of plaintiffs' purported constitutional challenge to the VJRA

7   are not challenges to the statute at all. For example, in the guise of challenging the VJRA plaintiff

8   challenges 38 C.F.R. § 3.103(a)[14] and unspecified "regulations requir[ing] BVA and VA to adhere

9   to agency rulings[.]" Compl. ¶ 202(a), (h). Plaintiff also criticizes VA regulations located at 38

10  C.F.R. §§ 4.125-4.130 specifying the criteria governing the assignment of ratings reflecting the

11  level of disability attributable to a veteran's PTSD. Compl. ¶¶ 25, 174-81. As discussed above,

12  "VA rulemaking is subject to judicial review *only* in the Federal Circuit." Chinnock, 995 F.2d at

13  893 (emphasis added; citing 38 U.S.C. § 502). See also Preminger, 422 F.3d at 821 (same).

14        Similarly, plaintiffs complain that the VA adjudication process is unduly complex and

15  difficult, see Compl. ¶¶ 13-15, 117, 120, and that the agency does not treat CAVC decisions as

16  binding in other cases, id. ¶¶ 202(f), 30(h), 142. However, those decisions of the Secretary

17  affecting the provision of veterans' benefits are outside the subject matter jurisdiction of this Court

18  (as opposed to the CAVC and Federal Circuit) under Section 511. See Beamon, 125 F.3d at 973

19  & n.4 (establishment of CAVC stripped district courts of jurisdiction "to entertain constitutional

20  attacks on the operation of the claims system.); DAV, 962 F.2d at 140.

21

22

23        [14]    This "Statement of Policy" contained in the C.F.R. reads in full:
Every claimant has the right to written notice of the decision made on his or her claim,

24   the right to a hearing, and the right of representation. Proceedings before VA are ex parte
in nature, and it is the obligation of VA to assist a claimant in developing the facts

25   pertinent to the claim and to render a decision which grants every benefit that can be
supported in law while protecting the interests of the Government. The provisions of this

26   section apply to all claims for benefits and relief, and decisions thereon, within the
purview of this part.

27   38 C.F.R. § 3.103(a). See also Barrett v. Nicholson, 466 F.3d 1038, 1045 (Fed. Cir. 2006) ("The

28   government's interest in veterans cases is not that it shall win, but rather that justice shall be
done, that all veterans so entitled receive the benefits due to them.").

1

### b.    The Non-Adversarial VA Claims Adjudication System Does Not Offend Due Process.

2

3     To the extent plaintiffs do state a facial constitutional challenge to unspecified "statutory

4 provisions [that] give the VA dual authority to act as both the trier of fact and the adversary" at the

5 RO stage of claims adjudication, Compl. ¶ 202(a), that claim fails as a matter of law for two

6 reasons.  First, because the VA is not "the adversary;" rather, and VA adjudication system is non-

7 adversarial.  Second, plaintiffs cannot establish otherwise in this Court because to do so would

8 require the sort of review of VA individualized factual determinations that Congress has channeled

9 exclusively to the VA adjudication system and the Federal Circuit.

10     Plaintiffs allege that the VA claims system lacks certain aspects of judicial proceedings,

11 such as neutral judges, trial procedures, discovery, a claimant's ability to subpoena witnesses,

12 procedures for expedited relief, and class-action procedures.[15]  Compl. ¶ 202(a)-(d), (f); see also id.

13 ¶¶ 30, 125, 134, 142.  As the Congress, Supreme Court and Federal Circuit have each recognized,

14 however, the VA claims adjudication system procedural and other rules are intended to be, and are

15 in practice, distinctly advantageous to veterans.  Thus, any wholesale attack on the system as

16 biased *against* veterans fails as a matter of law in the face of such precedent and related

17 Congressional findings.  See, e.g., Brown v. Gardner, 513 U.S. 115, 117-18 (1994) (explaining

18 that any interpretive doubt is to be resolved in the veteran's favor); Walters, 473 U.S. at 323,

19 333-34 (even prior to the VJRA, noting that the veteran claimant "is provided with substitute

20 safeguards such as a competent representative, a decisionmaker whose duty it is to aid the

21 claimant, and significant concessions with respect to the claimant's burden of proof"); Sanders v.

22 Nicholson, 487 F.3d 881, 885 (Fed. Cir. 2006) ("Congress [has] noted that under the VA's

23

24     [15]    As with a number of plaintiffs' claims, those concerning the absence of formal
discovery procedures and subpoena power are, in fact, a challenge to VA regulations that must be
25 channeled through the exclusive VA remedial scheme to the Federal Circuit.  The relevant
federal statute, 38 U.S.C. § 5711, "is broad enough to support a regulation permitting formal
26 discovery proceedings and broader subpoena power," but the Secretary has declined to
promulgate such a regulation.  See "Final Regulations:  Appeals Regulations; Rules of Practice,"
27 57 Fed. Reg. 4088, 4101 (February 3, 1992) (also stating the Secretary's authority to issue such
regulations is discretionary); see also 38 C.F.R. § 20.711 (prescribing procedures for issuance of
28 subpoenas in hearings on appeal before the BVA).

1   'claimant friendly' and 'non-adversarial' adjudicative system, the VA 'must provide a substantial

2   amount of assistance to a [claimant] seeking benefits.'" (quoting 146 Cong. Rec. at H9913;

3   additional citations omitted)); Hodge v. West, 155 F.3d 1356, 1363 (Fed. Cir. 1998) (discussing

4   "the context of veterans' benefits where the system of awarding compensation is so uniquely

5   pro-claimant"); Collaro v. West, 136 F.3d 1304, 1309-10 (Fed. Cir. 1998) (discussing "a

6   nonadversarial, *ex parte*, paternalistic system for adjudicating veterans' claims"); H.R.Rep. No.

7   100-963, at 13 (1988), reprinted in 1988 U.S.C.C.A.N. 5782, 5795 ("Congress has designed and

8   fully intends to maintain a beneficial non-adversarial system of veterans benefits.").

9        To the extent plaintiffs seek to bring a claim of unfair bias in this Court, it also fails

10  because plaintiffs must rely on the facts of individual cases which are properly adjudicated not

11  here, but through the exclusive remedial scheme Congress has crafted.  To overcome the

12  "presumption of honesty and integrity in those serving as adjudicators," Withrow v. Larkin, 421

13  U.S. 35, 47 (1975), plaintiffs must meet the "difficult burden" (id.) of showing "special facts and

14  circumstances present in the case [by which a court can determine] that the risk of unfairness is

15  intolerably high," id. at 58.  Thus, the "presumption can be rebutted [only] by a showing of

16  conflict of interest or some other specific reason for disqualification."  Schweiker v. McClure, 456

17  U.S. 188, 195 (1982).  These inquiries focus on the individual case and decisionmaker; plaintiffs

18  thus cannot "establish that no set of circumstances exists under which the Act would be valid,"

19  Salerno, 481 U.S. at 745, as a "question of law."  Bynum, 327 F.3d at 990.

         **c.    Plaintiffs' Claim That Veteran Claimants May Not Obtain
                 Expedited Or Injunctive Relief Is Unfounded.**

20
21       Plaintiffs' claim that the VA claims adjudication system under the VJRA forecloses the

22  possibility of injunctive or expedited relief, Compl. ¶ 202(e), also fails as a matter of law.

23       Far from lacking equitable power, the CAVC has the authority to issue extraordinary writs

24  under the All Writs Act, 28 U.S.C. 1651, compelling action by the Secretary or VA.  See Friscia v.

25  Brown, 8 Vet. App. 90 (1995); Ebert v. Brown, 4 Vet. App. 434 (1993); Erspamer v. Derwinski, 1

26  Vet. App. 3, 7-8 (1990).  See also Steffens v. Brown, 8 Vet. App. 142 (1995) (on remand from the

27  Federal Circuit directing the CAVC to address petition based on All Writs Act jurisdiction).

28  Moreover, under 38 U.S.C. § 7107(a)(2) the BVA may advance cases on its docket for good cause,

1    and the CAVC similarly provides for expedited proceedings in its Rules of Practice and Procedure.

2    See http://www.vetapp.gov/court_procedures/Rule47.cfm (last visited September 24, 2007).

3         The CAVC is also authorized by statute to "compel action of the Secretary unlawfully

4    withheld or unreasonably delayed" and hold unlawful and set aside decisions, findings,

5    conclusions, rules and regulations issued or adopted by VA.  See 38 U.S.C. § 7261(a)(2) & (3).[16]

6              **d.    Due Process Does Not Require A Class Action Procedure.**

7         Plaintiffs appear to claim a due process right for veterans to bring class actions in the

8    administrative process, but there is no such right.  Certainly, plaintiffs may have a due process

9    right to notice and an opportunity to be heard in the claims adjudication process.  See Mathews v.

10   Eldridge, 424 U.S. 319, 335 (1976); Kirk v. INS, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural

11   due process requires notice and an opportunity to be heard.").  Congress has provided plaintiffs

12   with procedures that satisfy that right.  See 38 U.S.C. §§ 5103, 7107(b); 38 C.F.R. § 3.103(c).  Cf.

13   Beamon, 125 F.3d at 967-970 (the CAVC provides an adequate remedy to challenge VA rules and

14   procedures, including constitutional challenges, although there is no class action procedure).

15   However, plaintiffs have no constitutional right to be heard via a class action procedure.  Indeed,

16   the right to seek certification as a class in federal district court springs not from the Constitution,

17   but from FED. R. CIV. P. 23.

18        Although the CAVC may not be authorized to entertain class actions, see Harrison v.

19   Derwinski, 1 Vet. App. 438 (1991) (en banc), that does not refute the fact that Congress has

20   granted that court exclusive review of reviewable VA decisions related to benefits.  This exclusive,

21   case-by-case review mandated by Congress cannot be circumvented by plaintiffs' desire to present

22   their claims in class action form.  Moreover, were an individual claimant to bring an action

23

24        [16]     Indeed, the VA has been held accountable for delays by the CAVC to ensure

25   expeditious treatment of cases remanded by the Board or the CAVC.  See Friscia v. Brown, 7 Vet.
     App. 294, 297 (1994) (ordering the Secretary to inform the CAVC within ten days how he will

26   "ensure expeditious treatment" of claim); Z.N. v. Brown, 6 Vet. App. 183, 184, 196 (1994)

27   (CAVC vacated BVA decision and remanded for expedited readjudication, directing the BVA to
     issue its decision not later than 90 days, or 120 days if a medical opinion is obtained, in light of the

28   claimant's fragile health); Koulizos v. Derwinski, 2 Vet. App. 350, 351 (1992) (ordering the
     Secretary to produce withheld document to claimant within 60 days).

1    alleging, e.g., "unreasonable delay," others similarly situated could benefit equally from a ruling in

2    their favor.  Lefkowitz v. Derwinski, 1 Vet. App. at 439 (class actions are unnecessary in light of

3    the binding effect of the CAVC's published opinions as precedent in pending and future cases).

4                          **e.    Plaintiffs' Facial Challenge To The Statutory Limit On Fees To
                                   Attorneys In The Administrative Process Is Foreclosed By
5                                  Precedent.**

6         Plaintiffs' facial challenge (Compl. ¶¶ 202(j), 30(i), 135) to the statutory limitation of fees

7    that may be paid to an attorney in representation before the VA, 38 U.S.C. § 5904(c), is foreclosed

8    by Supreme Court and Ninth Circuit precedent..  In Walters, 473 U.S. 305 ("Walters v. NARS"),

9    the Supreme Court rejected a facial challenge to the constitutionality of former 38 U.S.C.

10    § 3404(c), the predecessor to current § 5904(c), which limited fees at all stages of claims

11    adjudication to $10.  On remand, the Ninth Circuit also rejected plaintiffs' contention that the

12    statute as applied violated their rights under the First and Fifth Amendments to the Constitution.

13    See Nat'l Ass'n of Radiation Survivors v. Derwinski, 994 F.2d 583, 595 (9th Cir. 1992) ("NARS v.

14    Derwinski").

15         Nothing has happened since the NARS cases to draw their holdings into question; to the

16    contrary, the intervening years have rendered the fee statute less, not more, of a constraint under

17    two amendments that allow veterans greater opportunities to retain paid representation.  In 1988,

18    section 104 of the VJRA eliminated the $10 fee limitation and provided that attorneys and agents

19    may charge fees for representation after a first final decision of the Board of Veterans' Appeals.  In

20    December 2006, Congress further amended attorney fee laws for representation before VA with

21    Pub. L. 109-461, § 101, 120 Stat. 3403, 3405-06 (2006).  Under the amended statute, attorneys

22    may charge fees after a claimant has filed a notice of disagreement ("NOD") with respect to a case.

23    38 U.S.C. § 5904(c)(1).  Veterans thus may now retain paid representation, with minimal

24    limitations, immediately after receiving an adverse decision from a VA RO or other agency of

25    original jurisdiction.  See Carpenter v. Principi, 452 F.3d 1379, 1383-84 (Fed. Cir. 2006) (citing

26    Stanley v. Principi, 283 F.3d 1350 (Fed. Cir. 2002)).

27         Since the restrictions on attorney's fees in place "prior to enactment of the VJRA satisfied

28    due process requirements," the amended statute, which "merely increased" veteran claimants'

1    opportunity to pay for attorney representation, also satisfies due process.  Cf. Siguar, 935 F.2d 280

2    (Table), 1991 WL 70320.  Plaintiffs' facial challenge to 38 U.S.C. § 5904(c) must, accordingly,

3    fail in the face of Walters v. NARS and NARS v. Derwinski.  See Maroszan v. United States, 90

4    F.3d 1284, 1288-89 (7th Cir. 1996) (dismissing challenge to fee limit in light of Walters v.

5    NARS); cf. Demarest v. United States, 718 F.2d 964, 966-67 (9th Cir. 1983) (pre-Walters v. NARS

6    case rejecting challenge to fee limit pursuant to Gendron v. Levi, 423 U.S. 802 (1975), aff'g sub

7    nom. Gendron v. Saxbe, 389 F. Supp. 1303 (C.D. Cal. 1975)).

8            **D.**     **This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Derivative**
                    **Right Of Access To The Courts Claim, Which Also Fails As A Matter Of Law.**

9           Plaintiffs attempt to state a claim that the due process violations they allege also violate

10   their right of access to the courts, but under Section 511 that claim must also be channeled through

11   the exclusive VA administrative and judicial review scheme Congress has created; there is no

12   subject matter jurisdiction over that claim in this Court.  Moreover, it is a wholly derivative claim

13   that fails because plaintiffs' underlying due process challenge fails.  See supra.

14          In Christopher v. Harbury, 536 U.S. 409 (2002), the Supreme Court held that any

15   constitutional right of access to the courts is "ancillary to the underlying claim, without which a

16   plaintiff cannot have suffered injury by being shut out of court."  536 U.S. at 415.  In addition,

17   plaintiffs alleging a denial of access must generally first have presented their underlying claims in

18   the appropriate forum or establish that they were "completely foreclosed" from doing so by the

19   alleged violation of access rights.  See Harbury v. Deutch, 244 F.3d 956, 957 (D.C. Cir. 2000)

20   (emphasizing the limited nature of the right of access, which "will not open the courts to a flood of

21   constitutional access to courts claims." ).

22          Thus, the viability of a denial-of-access claim depends upon judgments concerning the

23   nature of, and facts necessary to prove, the underlying claim allegedly foreclosed. But because 38

24   U.S.C. § 511(a) has divested district courts of jurisdiction to decide questions of law or fact

25   necessary to decisions by the VA regarding veterans benefits claims, it has effectively barred those

26   courts from adjudicating claims alleging a "denial of access" to veterans benefits.  See Marozsan

27   v. U.S., 849 F. Supp. 617, 624 (N.D. Ind. 1994) (veteran's right of access claim "simply fails.  It is

28   not the proper function of this court to re-write the [VJRA]"), aff'd, 90 F.3d 1284 (7th Cir. 1996).

1    In any event, plaintiffs' right of access claims "at base, are really inseparable from their due

2    process claims." Walters v. NARS, 473 U.S. at 335; see also NARS v. Derwinski, 994 F.2d at 595

3    (same). Therefore, because this Court cannot find that plaintiffs have been denied due process for

4    the reasons explained above, it cannot find that plaintiffs' access to the courts has been unlawfully

5    impeded. Walters v. NARS, 473 U.S. at 335; NARS v. Derwinski, 994 F.2d at 595.

6    **III.    Plaintiffs' Statutory Claim Requesting Declaratory Relief Concerning Recently
      Discharged Veterans' Right To Medical Care Fails As A Matter Of Law.**

7    This Court should also dismiss plaintiffs' request for a declaration that the VA is violating

8    38 U.S.C. § 1710(e)(1)(D). See Compl. ¶¶ 265-66, 91-92. Plaintiffs claim that, under that statute,

9    "the VA *must* provide free medical care to veterans who served in any conflict after November 11,

10   1998, for two years from the date of separation from military service for any illness . . . even if the

11   condition is not" service-connected. Id. ¶ 91 (emphasis added). Plaintiffs then allege that many

12   returning troops face delays, "giving them little time to access the free health care," id. ¶ 92, and

13   that a VA regulation, 38 C.F.R. § 17.36(b)(6), leads to further delays.

14   As an initial matter, as discussed supra, to the extent plaintiffs are challenging VA

15   regulations or delay of care within the VA system, plaintiffs must turn to the exclusive remedial

16   scheme crafted by Congress, not district court.[17] Cf. Eastern Paralyzed Veterans Ass'n, Inc. v.

17   Sec'y of Veterans Affairs, 257 F.3d 1352 (Fed. Cir. 2001) (rejecting facial challenge to regulations

18   under 38 U.S.C. § 1710, including portions of 38 C.F.R. § 17.36). The same is true of any claim

19   that the VA is unreasonably delaying provision of benefits. See generally Beamon, 125 F.3d 965

20   (holding such a claim may not be brought in district court).

21   In any event, plaintiffs' request for a judicial declaration that 38 U.S.C. § 1710(e)(1)(D)

22   provides a "mandatory" entitlement is unfounded. The statute provides that the VA's obligation to

23   provide care under that provision "shall be effective in any fiscal year *only to the extent and in the*

24   *amount provided in advance in appropriations Acts for such purposes.*" Id. § 1710(a)(4)

25

26        [17]    Plaintiffs cannot state a claim directly under § 1710 because, inter alia, it provides
     no private right of action. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001); Touche Ross &
27   Co. v. Redington, 442 U.S. 560, 578 (1979). Nothing in § 1710 provides anyone a right of action
     in district court; rather, plaintiffs must follow the exclusive VA administrative process. Cf.
28   Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-16 (1994).

1  (emphasis added).  Thus, "[t]he Act itself refutes [plaintiffs'] contention[.]"  Eastern Paralyzed

2  Veterans' Ass'n., 257 F.3d at 1362.  Section 1710 "specifically and substantially limits VA's

3  obligation to provide care.  The scope of VA's mandate reaches only 'to the extent and in the

4  amount provided in advance in appropriations Acts for these purposes' [and] *creates no such*

5  *expectation [that veterans are entitled to care]*."  H.R. REP. NO. 104-690 (1996), quoted in

6  Eastern Paralyzed Veterans' Ass'n., 257 F.3d at 1362 (bracketing in Eastern Paralyzed Veterans'

7  Ass'n.; emphasis supplied).

8         Thus, even if plaintiffs could bring their claims concerning delay of health benefits and a

9  related VA regulation to this Court, those claims fail as a matter of law and should be dismissed,

10  in the alternative, under Rule 12(b)(6).

11  **IV.    Plaintiffs Cannot Evade The Exclusive VA Remedial Process With A Statutory Claim
             Under The Rehabilitation Act.**

12
           In an attempt to evade the exclusive avenues of review for matters relevant to veterans'
13
    benefits decisions and VA regulations, plaintiffs invoke Section 504 of the Rehabilitation Act.
14
    The Court should reject plaintiffs' attempt to make an end run around Congress's carefully created
15
    adjudicatory scheme.  Section 504 of the Rehabilitation Act provides, in pertinent part:
16
           No otherwise qualified person with a disability in the United States . . . shall, solely by
17         reason of her or his disability, be excluded from the participation in, be denied the benefits
           of, or be subjected to discrimination under any program or activity receiving Federal
18         financial assistance.

19  29 U.S.C. § 794(a).  "By its terms, the Act applies to agency action, not to acts of Congress."

20  Brown v. Department of Veterans Affairs, 451 F. Supp. 2d 273, 278 (D. Mass. 2006).

21  Accordingly, plaintiffs' challenge could only lie against regulations and actions of the VA in

22  particular cases, not the VJRA itself.

23         As noted supra, the VJRA made it plain that section 511 prevents a veteran from evading

24  Congress's carefully crafted adjudicatory scheme for VA benefits by bringing a Rehabilitation Act

25  claim (or other "substantial statutory claim") against the VA.  See H.R. REP. NO. 963 at 27,

26  reprinted in 1988 U.S.C.C.A.N. 5782, 5809; see also, e.g., Larrabee, 968 F.2d at 1500-01 (the

27  Traynor holding that permitted a Rehabilitation Act claim against the VA related to benefits

28  matters was superseded by the VJRA).  Accordingly, as another court recently recognized when

1  evaluating a similar challenge, plaintiffs' Rehabilitation Act claim challenging VA procedures

2  > is plainly outside the jurisdiction of this Court. Congress has provided an exclusive
3  > mechanism for such challenges to VA regulations: to the extent the challenge is connected
   > to a specific benefits claim [or decision affecting benefits claims], the [plaintiffs] must
4  > proceed through the appeals process created by the [VJRA] – first with the BVA, then
   > CAV[C], and finally, the Federal Circuit. All other challenges . . . may be sought *only* in
5  > the United States Court of Appeals for the Federal Circuit.

6  Brown, 451 F. Supp. 23 at 278 (internal citations omitted; emphasis as in Brown). Cf. Rosen, 719

7  F.2d at 1424-25 (rejecting Privacy Act challenge because it would require court to engage in type

8  of review that Congress intended to preclude in Section 211); J.L. v. Social Security Admin., 971

9  F.2d 260, 265-67 (1992), overruled in part on other grounds, Lane v. Pena, 518 U.S. 187 (plaintiffs

10 challenging federal government action under the Rehabilitation Act must proceed to enforce the

11 Act's standards, if at all, under the APA) (quoting Cousins v. Sec'y, U.S. Dep't of Transp., 880

12 F.2d 603, 605 (1st Cir. 1989) (Breyer, J.) (en banc)).

13     Plaintiffs' Rehabilitation Act claim should be dismissed.

## CONCLUSION

14     For all of the foregoing reasons, the Court should grant defendants' motion and dismiss

15 plaintiff's Complaint.

16 Dated September 25, 2007                    Respectfully Submitted,

17                                             PETER D. KEISLER
18                                             Assistant Attorney General

19                                             SCOTT N. SCHOOLS
20                                             Interim United States Attorney

21                                             RICHARD LEPLEY
                                               Assistant Branch Director

22                                             **/s/ Steven Y. Bressler**
23                                             STEVEN Y. BRESSLER D.C. Bar #482492
                                               KYLE R. FREENY California Bar #247857
24                                             Attorneys
                                               U.S. Department of Justice, Civil Division
25                                             P.O. Box 883
                                               Washington, D.C. 20044
26                                             (202) 514-4781 (telephone)

27                                             Counsel for Defendants

28