3 issued to Attorney

ORIGINAL

Barbara J. Cook
Ohio Registration No. 0014943
Trial Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES BEAMON<br>7905 Greenland<br>Cincinnati, Ohio 45237, | : <br> : <br> : | Case No.<br>**3:95CV7451** |
| CHARLES BOYD<br>929 Avondale<br>Toledo, Ohio 43607, and | : <br> : <br> : | JUDGE JAMES G. CARR<br><br>CLASS ACTION COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE |
| CECIL HOLBROOK<br>2686 Arbor Place<br>Cincinnati, Ohio 45209 | : <br> : | RELIEF |
| on behalf of themselves and all other<br>similarly situated persons, | : <br> : | |
| Plaintiffs, | : | |
| -vs- | : | |
| JESSE BROWN, in his official capacity as<br>SECRETARY,<br>U.S. DEPT. OF VETERANS AFFAIRS<br>WASHINGTON, D.C. 20420 | : <br> : <br> : | |
| Defendant. | : | |

## PRELIMINARY STATEMENT

1. The named plaintiffs are honorably-discharged, disabled war-time veterans who have had claims for veterans' benefits pending with the Department of Veterans Affairs (VA) for at least three years, but have yet to receive a final decision from that agency. These veterans may have to wait an additional one to three years or more for a final decision from VA, despite the merits of their claims.

2. VA claimants in Ohio initially file their claims with the Ohio Regional VA Office; after a determination by that office, any appeal is first filed with the Board of Veterans Appeals in Washington, D.C. That Board can affirm or reverse the decision of the Regional Office, or can remand the case to it for additional work. The delays alleged here implicate the workings of both the Ohio Regional Office (RO) and the Board of Veterans' Appeals (BVA).

3. The excessive delays noted for the named plaintiffs exist for a significant number of VA claimants, and are due to the failure of defendant to ensure that claims are decided within a reasonable time, and that claims remanded to the Regional Office are treated expeditiously.

4. The failures of defendant and the resulting delays violate plaintiffs' rights to a prompt final decision under the Administrative Procedures Act and the Fifth Amendment to the U.S. Constitution. Plaintiffs Beamon and Boyd further assert that the delays in their cases violate their rights under the VA statute, obligating the Secretary to take such action as necessary to provide for the expeditious treatment of any claim remanded to a regional office by the Board of Veterans' Appeals.

5. Plaintiffs, on behalf of themselves and the class and sub-class they seek to represent, seek declaratory and injunctive relief from this Court, ordering the defendant and VA to develop and implement standards and procedures for issuing final decisions in all claims filed with it within a reasonable time, and to take all necessary actions to provide for the expeditious treatment of claims remanded by the Board of Veterans' Appeals.

## JURISDICTION

6. This Court has jurisdiction under 28 U.S.C. §1331, which provides for original jurisdiction of all civil actions arising under the laws of the United States in that this action arises under the Administrative Procedures Act, 5 U.S.C. §555 et. seq., under 38 U.S.C. §5101 (note) (P.L. 103-446, §302), and under the Fifth Amendment of the U.S. Constitution.

7. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

8. Plaintiffs are honorably-discharged veterans of the United States military, and reside in Ohio. Plaintiff Beamon lives in Cincinnati; his claim, filed in 1989, was remanded by the BVA to the Regional Office in 1993. Plaintiff Boyd resides in Toledo; his claim, filed in 1988, was remanded by the BVA to the Regional Office in 1993. Plaintiff Holbrook lives in Norwood, Ohio; he filed his claim in 1992 and has no decision yet from the Board of Veterans' Appeals.

3

9. Defendant Jesse Brown is Secretary of the Department of Veterans' Affairs, and is an appointee, employee and/or officer of the United States, Department of Veterans Affairs. He has responsibility for oversight and management of VA staff, including ensuring that VA claims are decided within a reasonable time, and that remanded claims are treated expeditiously.

## CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this action on behalf of themselves and all other similarly situated persons, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure. Plaintiffs Beamon and Boyd also bring this on behalf of a sub-class of similarly situated persons, pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure.

11. The class consists of all persons in the State of Ohio who have filed or will file VA claims with the Cleveland V.A. Regional Office but who do not, as of the date of the filing of this Complaint, have a final decision from the VA. All three named plaintiffs are representative members of the class.

12. The class is so numerous that joinder of all members is impractical. Although the exact size of the class is not known, it is believed to be in the thousands. Thus numerosity of the class exists. The class composition is changing constantly as existing members receive a final decision and as new claims are filed.

13. There are questions of fact common to the class, including that all members have or will have claims in the VA system and the existence of the policy or practices of

4

the VA regarding claims and whether defendant has failed to determine plaintiffs' claims in a reasonable time. There are questions of law common to the class, including whether defendant's practices violate the Administrative Procedures Act and the Due Process Clause of the Fifth Amendment.

14. The claims of plaintiffs Beamon, Boyd and Holbrook are typical of the claims of the class members in that they all have suffered from the same governmental policies and inaction.

15. The representative parties will fairly and adequately protect the interests of the class.

16. The defendant has acted on grounds generally applicable to the members of the class, thereby making final injunctive and declaratory relief with respect to the class as a whole appropriate.

17. The plaintiff sub-class consists of all class members who have appealed or will appeal the RO determination of their claims and have had their claims remanded by the Board of Veterans Appeals to the Cleveland VA Regional Office, but who do not as of the date of this Complaint have a final decision from the VA following remand. Plaintiffs Beamon and Boyd are representative members of the sub-class.

18. The sub-class is so numerous that joinder of all members is impractical. In 1994, the BVA remanded more than 250 cases to the Cleveland VA Office for a final decision from the VA. The sub-class composition is changing constantly as existing members receive final decisions and as new appeals are filed.

5

19. There are questions of fact common to the sub-class, including that all members have had or will have their claims remanded by the BVA to the RO and whether defendant has failed to take necessary actions to provide for the expeditious treatment of remanded claims. There are questions of law common to the sub-class, including whether defendant's practices violate the Administrative Procedures Act, the Due Process Clause of the Fifth Amendment, and the VA Statute.

20. The claims of plaintiffs Beamon and Boyd are typical of the claims of the sub-class members in that they all have suffered from the same governmental policies and inaction.

21. The named plaintiffs will fairly and adequately protect the interests of the sub-class.

22. The defendant has acted on grounds generally applicable to the members of the sub-class thereby making final injunctive and declaratory relief with respect to the sub-class as a whole appropriate.

23. The requirements of Rules 23(a) and (b)(2) are met for both the class and sub-class.

## CLAIMS STRUCTURE

24. Claimants in Ohio seeking benefits from the VA first file an application with the Cleveland VA Regional Office (RO). The RO can allow, deny or amend claims.

6

25. Once the RO makes a decision, the claimant can file an appeal with the Board of Veterans' Appeals (BVA). The BVA is located in Washington, D.C., but the appeal papers are filed with the Regional Office.

26. The BVA has jurisdiction to dismiss, allow, deny, amend or remand to the Regional Office, any appeal perfected with it. A remand is not a final, appealable decision.

27. Once the BVA issues a final decision, the claimant can appeal the decision to the Court of Veterans Appeals (COVA).

28. COVA has jurisdiction to dismiss, affirm, reverse or remand cases filed with it.

## STATEMENT OF FACTS

29. Plaintiff James Beamon served as a mine-sweeper during his fourteen-month tour in Vietnam. In that job, he was responsible for locating and uncovering mines buried in gravel roads before any other troops walked on the road. Because some of the mines were plastic, Mr. Beamon and his team had to discern the placement of mines by judging whether the gravel was disturbed in an unusual way. He received an Army Commendation Medal for his service.

30. Following his return from Vietnam, Mr. Beamon was diagnosed as suffering from Post Traumatic Stress Disorder (PTSD); his treating physicians link his diagnosis to his experiences in Vietnam.

7

31. The Social Security Administration has found Mr. Beamon eligible for disability benefits based on his PTSD.

32. Mr. Beamon applied for VA benefits in 1989. The hearing on his appeal with the BVA was not held until July, 1992. The BVA remanded the claim to the Cleveland Regional Office in February, 1993, with instructions to obtain additional evidence.

33. Following the remand, the Cleveland Regional Office waited nine months before it requested Social Security records, fifteen months before it requested information from a private hospital, seventeen months before it requested information from the Army, and twenty-two months before it scheduled a medical exam, all of which it had been ordered to obtain in the BVA decision. The Cleveland Regional Office still has not obtained all the evidence it was directed to obtain by the BVA.

34. Mr. Beamon has yet to receive a final decision on his claim.

35. Plaintiff Charles Boyd served in the U.S. Army from 1964 through 1972 and in the Army National Guard from 1977 through 1980. He is a decorated veteran of combat in Vietnam. In 1988, the VA awarded Mr. Boyd compensation benefits retroactive to 1981 for post-traumatic stress disorder resulting from his service.

36. During 1988, the VA collected a total of $9,037.00 from Mr. Boyd on a debt of $7,528.54 arising from his 1982 default on a VA-guaranteed mortgage. VA achieved said collection by withholding issuance of Mr. Boyd's regular monthly compensation checks, and intercepting his federal income tax refund.

37. On October 7, 1988, Mr. Boyd appealed the VA's overcollection of his debt. On the same date, he requested that the VA waive collection of his mortgage debt because VA, through an intermediary, had purchased his house at judicial sale for $7,500 less than its actual value.

38. Ten months of regional office delay on Mr. Boyd's waiver request resulted when VA mailed its initial responses to an incorrect address. The regional office issued its final denial of the waiver request in December 1989, and Mr. Boyd appealed the following month.

39. On appeal of Mr. Boyd's waiver claim, the Board of Veterans' Appeals delayed ten months before requesting clarification of his attorney retainer and fee agreements, delayed an additional eleven months before scheduling a BVA hearing, and delayed thirteen further months from the time of BVA hearing until the time of BVA decision. On April 21, 1993, BVA remanded the waiver claim to the VA Regional Office.

40. After remand of Mr. Boyd's waiver claim, the Regional Office waited ten months to comply with BVA instructions to request additional evidence from Mr. Boyd. One year has passed without a decision since Mr. Boyd submitted that evidence.

41. The VA Regional Office has never issued a decision on Mr. Boyd's October 1988 appeal of the overcollection of his debt and has never issued a written notice itemizing or totalling the sums collected.

42. Cecil Holbrook served in the U.S. Army from 1945 to 1949. He contracted tuberculosis while in the service.

43. Following his discharge, Mr. Holbrook worked as a farm laborer for approximately 25 years.

44. In 1975, Mr. Holbrook stopped working due to his tuberculosis.

45. In February, 1992, Mr. Holbrook filed a claim with the Cleveland VA Regional Office for disability benefits, on the basis that his tuberculosis prevented him from working.

46. In October, 1993, the VA awarded Mr. Holbrook non-service connected benefits of $634.00 per month. It continued, however, to deny him service-connected benefits despite a vocational report fully supporting his claim, and Mr. Holbrook appealed that denial to the BVA.

47. In June, 1994, the BVA sent Mr. Holbrook a letter informing him it would be at least two years before the BVA could consider his case.

48. On information and belief, the Cleveland Regional Office takes from three months to over one year to issue an initial decision on claims before it.

49. Once a claimant files an appeal with the Cleveland Regional Office, it takes, on average, approximately one year for the appeal to be perfected and sent to the BVA.

50. In his 1993 annual report to Congress, the Chairman of the Board of Veterans Appeals, Charles Cragin, estimated a BVA processing time for fiscal year 1994 of 725 days per case and for fiscal year 1995 of 945 days per case.

51. Based on the above, claimants who file appeals wait, on average, 3¼ to 4¾ years to obtain a decision from the BVA.

52. Over 50% of the BVA decisions are remands to the Regional Office, and hence not final decisions. Thus, claimants whose cases are remanded by the BVA wait longer than the 3-4 years noted for a final decision.

53. Pursuant to the Administrative Procedures Act, all federal agencies, including the VA, must issue final decisions in claims presented to them within a reasonable time, 5 U.S.C. §555(b).

54. Defendant routinely and as a matter of policy and practice fails to issue final decisions of VA claims within a reasonable time.

55. Based on a national audit conducted in March, 1994, the Office of Inspector General found that these extensive delays exist in part because regional offices fail to identify and request necessary evidence promptly, fail to follow up when evidence is not received and fail to monitor pending claims.

56. The Inspector General also found that avoidable delays in processing claims exist because files are handled more times than necessary and adjudicators are not adequately familiar with evidence requirements.

57. Pursuant to 38 U.S.C. §5101(note), the VA "shall take such actions as may be necessary to provide for the expeditious treatment of any claim that has been remanded".

58. Defendant has failed to take such actions as are necessary to provide for the expeditious treatment of remanded claims.

59. Plaintiffs have a property interest in the receipt of benefits from the VA, and have been deprived of that property without due process of law.

### FIRST CLAIM FOR RELIEF: ADMINISTRATIVE PROCEDURES ACT

60. Plaintiffs incorporate the allegations in paragraphs 1 through 59, above.

61. The failure of defendant to issue final decisions on claims filed with the VA within a reasonable period of time violates the Administrative Procedures Act, 5 U.S.C. §555(b).

### SECOND CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS

62. Plaintiffs incorporate the allegations in paragraphs 1 through 59, above.

63. The failure of defendant to issue final decisions on claims filed with the VA within a reasonable period of time violates the plaintiffs' rights under the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

### THIRD CLAIM FOR RELIEF: SUB-CLASS OF PEOPLE WHOSE CLAIMS ARE REMANDED

64. Plaintiffs incorporate the allegations in paragraphs 1 through 59, above.

65. The failure of defendant to take necessary actions to provide for the expeditious treatment of claims remanded to the Regional Office violates Section 302 of P.L. 103-446, 108 Stat. 4658, 38 U.S.C. §5101(note).

## DEMAND FOR RELIEF

WHEREFORE, plaintiffs ask this Court to:

A. Assume jurisdiction of this case;

B. Certify this as a class action, consisting of all persons in the State of Ohio who have filed or will file VA claims with the Cleveland V.A. Regional Office but who do not, as of the date of the filing of this Complaint, have a final decision from the VA;

C. Certify a plaintiff sub-class, consisting of all class members who have appealed or will appeal the RO determination of their claims, have had those claims remanded by the BVA to the Cleveland Regional Office, but who do not have a final decision from the VA following remand;

D. Enter a declaratory judgment, finding that the failure of the VA to issue final decisions on claims presented to it within a reasonable time, violates the Administrative Procedures Act, 5 U.S.C. §555(b);

E. Enter a declaratory judgment, finding that the failure of the VA to issue final decisions on claims presented to it within a reasonable time, violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution;

F. Enter a declaratory judgment, finding that the failure of the VA to take necessary actions to provide that remanded cases receive expeditious treatment by the VA violates 38 U.S.C. §5101(note), §302 of P.L. 103-446, 108 Stat. 4658;

G. Enter a permanent injunction, requiring defendant to develop and implement adequate standards and procedures for ensuring that claims filed with the Cleveland Regional Office and/or the BVA have a final decision within a reasonable period of time;

H. Enter a permanent injunction, requiring defendant to develop and implement adequate standards and procedures for ensuring that claims remanded from the BVA to the Cleveland Regional Office are decided expeditiously;

I. Award plaintiffs fees under the Equal Access to Justice Act 28 U.S.C. §2412(d); and

J. Grant any other relief deemed just and appropriate.

Respectfully submitted,

*Barbara J. Cook*
BARBARA J. COOK
Supreme Court No. 0014943
Trial Counsel for Plaintiffs
STEPHEN H. OLDEN
Supreme Court No. 0014953
TIMOTHY R. JUENKE
Supreme Court No. 0061309
Co-counsel for Plaintiffs
LEGAL AID SOCIETY OF CINCINNATI
901 Elm Street
Cincinnati, Ohio 45202
(513) 241-9400

*William H. Fraser*
WILLIAM H. FRASER
Supreme Court No. 0023116
TAMARA WOOD-LIVELY
Supreme Court No. 0063814
Co-counsel for Plaintiffs
ADVOCATES FOR BASIC LEGAL EQUALITY
740 Spitzer Building
520 Madison Avenue
Toledo, Ohio 43604
(419) 255-0814