1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
3  PAUL J. TAIRA (CA SBN 244427)
   PTaira@mofo.com
4  MORRISON & FOERSTER LLP
   101 Ygnacio Valley Road, Suite 450, P.O. Box 8130
5  Walnut Creek, California 94596-8130
   Telephone: 925.295.3300
6  Facsimile: 925.946.9912

7  **[see next page for additional counsel for Plaintiffs]**

8  *Attorneys for Plaintiffs*
   VETERANS FOR COMMON SENSE, and
9  VETERANS UNITED FOR TRUTH, INC.

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  VETERANS FOR COMMON SENSE, a District of        Case No.       CV 07 3758 SC
    Columbia Nonprofit Organization; and VETERANS
14  UNITED FOR TRUTH, INC., a California Nonprofit   **JOINT INITIAL CASE
    Organization, representing their members and a class   MANAGEMENT STATEMENT**
15  of all veterans similarly situated,
                                                     **[FED. R. CIV. PROC 26(A)]**
16                    Plaintiffs,

17         v.                                        Initial Case Management Conference
                                                     set for 10:00 a.m. on November 16,
18  GORDON H. MANSFIELD, Acting Secretary of         2007
    Department of Veterans Affairs; UNITED STATES
19  DEPARTMENT OF VETERANS AFFAIRS; JAMES            CRM:   Courtroom 1, 17th Floor
    P. TERRY, Chairman, Board of Veterans Appeals;   Judge:  Hon. Samuel Conti
20  DANIEL L. COOPER, Under Secretary, Veterans
    Benefits Administration; BRADLEY G. MAYES,
21  Director, Compensation and Pension Service;      Complaint Filed:  July 23, 2007
    DR. MICHAEL J. KUSSMAN, Under Secretary,
22  Veterans Health Administration; ULRIKE
    WILLIMON, Veterans Service Center Manager,
23  Oakland Regional Office, Department of Veterans
    Affairs; UNITED STATES OF AMERICA;
24  MICHAEL B. MUKASEY, Attorney General of the
    United States; and WILLIAM P. GREENE, JR., Chief
25  Judge of the United States Court of Appeals for
    Veterans Claims,
26
                      Defendants.
27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 3758
sf-2413161

1

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2

ARTURO J. GONZALEZ (CA SBN 121490)          BILL D. JANICKI (CA SBN 215960)
AGonzalez@mofo.com                          WJanicki@mofo.com

3

HEATHER A. MOSER (CA SBN 212686)            MORRISON & FOERSTER LLP
HMoser@mofo.com                             400 Capitol Mall, Suite 2600

4

MORRISON & FOERSTER LLP                     Sacramento, California 95814
425 Market Street                           Telephone: 916.448.3200

5

San Francisco, California 94105-2482        Facsimile: 916.448.3222
Telephone: 415.268.7000

6

Facsimile: 415.268.7522

7

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org

8

MELISSA W. KASNITZ (CA SBN 162679)
MKasnitz@dralegal.org

9

JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org

10

KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org

11

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor

12

Berkeley, California 94704-1204
Telephone: 510.665.8644

13

Facsimile: 510.665.8511

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to this Court's Scheduling Order dated July 23, 2007 and the Standing Order for All

2   Judges of the Northern District of California, the parties hereby jointly submit this case management

3   conference statement in advance of the conference on November 16, 2007:

4   **I.    JURISDICTION AND SERVICE**

5        **Jurisdiction.**   The subject-matter jurisdiction of this Court is a subject of Defendants'

6   pending motion to dismiss set for hearing on December 14, 2007.  The parties' positions are

7   summarized below.

8        **Plaintiffs' Position:**

9        Plaintiffs are non-profit corporations with organizational standing, as they represent veteran

10  members and other veterans of the Iraq and Afghanistan wars and earlier conflicts who seek

11  compensation or treatment for Post-Traumatic Stress Disorder ("PTSD").  (Compl. ¶¶ 35-39.)  A

12  valid, express waiver of sovereign immunity is contained in 5 U.S.C. § 702 (Compl. ¶ 33), which

13  applies to both the injunctive and declaratory relief sought.  There is no adequate forum in which

14  Plaintiffs may obtain relief.  The two major programs for veterans suffering from PTSD are

15  administered by two wholly separate branches within the Department of Veterans' Affairs

16  hereinafter ("the VA").  The Veterans' Health Administration administers all health care and medical

17  services, and offers no avenue of relief or redress for Defendants' failures to provide health care.  The

18  Veterans Benefits Administration adjudicates claims for service-connected benefits, and is governed

19  by the inadequate procedures contained in the Veterans' Judicial Review Act ("VJRA").  The VJRA

20  created a mechanism for a newly created Article I court to review individual benefits determinations,

21  but also either perpetuated or expanded a series of limitations upon veterans' procedural rights which

22  compromise the entire process and make that forum inadequate to address Plaintiffs' systemic

23  constitutional challenges.  Therefore, sovereign immunity does not bar suit.

24       Contrary to Defendants' argument in its motion to dismiss, the Court properly has subject

25  matter jurisdiction pursuant to 28 U.S.C. § 1331, and other federal statutes.  Congress did not grant

26  exclusive jurisdiction over constitutional challenges to this Article I court — the Court of Appeals for

27  Veterans Claims ("CAVC") — which lacks power to either consider the species of claims raised by

28  Plaintiffs or grant the relief requested.  The overriding problem with Defendants' motion to dismiss is

                                                                                        1

1    that it incorrectly assumes that Plaintiffs seek relief to overturn a decision made by the VA with

2    respect to individual veterans' claims.  In fact, Plaintiffs do not seek to review any of the individual

3    determinations made by any part of the VA claims processing system, but rather, seek to challenge

4    the procedures and policies by which benefits claims are decided, and the complete absence of any

5    remedies to address the VA's failure to provide health care to veterans.  The case law is clear that,

6    although 38 U.S.C. section 511 may have stripped Article III courts of jurisdiction to second-guess

7    the individual benefits determinations made by the VA, Article III courts clearly retain jurisdiction to

8    decide challenges to the constitutionality of a statute, such as Plaintiffs' challenge to the VJRA.

9        **Defendants' Position:**

10        As set forth more fully in Defendants' memorandum in support of their pending Motion to

11    Dismiss, Docket Entry No. 19, plaintiffs have not established subject matter jurisdiction in this Court

12    over their claims.

13        Plaintiffs' Complaint purports to broadly challenge the claims adjudication and health care

14    programs of the second-largest Executive department of the United States, the VA.  Plaintiffs do not

15    challenge any particular government action or identifiable instance of harm to anyone; rather, they

16    challenge the wisdom of Executive policy decisions and procedures.  Those claims are simply not

17    appropriate for adjudication in this Court.  As the Supreme Court explained in Allen v. Wright, 468

18    U.S. 737 (1984), "suits challenging, not specifically identifiable Government violations of law, but

19    the particular programs agencies establish to carry out their legal obligations . . . even when premised

20    on allegations of several instances of violations of law, are rarely if ever appropriate for federal-court

21    adjudication. . . . [A federal court] is not the proper forum" to seek "restructuring of the apparatus

22    established by the Executive Branch to fulfill its legal duties."  Id. at 759-61.

23        In this context, it is unsurprising that Plaintiffs have not identified an applicable waiver of

24    sovereign immunity.  The Supreme Court has held that the waiver contained in the Administrative

25    Procedure Act, 5 U.S.C. 702, does not allow broad, programmatic challenges such as plaintiffs'.  See

26    Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004); see also Moore v. Johnson,

27    582 F.2d 1228, 1232-33 (9th Cir. 1978) (sovereign immunity barred challenge to VA decisions

28    concerning veterans' benefits).

1    Moreover, subject matter jurisdiction does not lie in this Court over plaintiffs' claims because

2    Congress has removed all such claims from this Court's jurisdiction via statute. See 38 U.S.C.

3    §§ 502 & 511(a); see also, e.g., Preminger v. Principi, 422 F.3d 815, 821 (9th Cir. 2005) (district court

4    lacked jurisdiction to entertain a facial challenge to a VA regulation because under 38 U.S.C. § 502

5    such challenges are reviewable exclusively in the Federal Circuit); Beamon v. Brown, 125 F.3d 965,

6    972 (6th Cir. 1997) (APA and Fifth Amendment Due Process challenge to VA claims adjudication

7    procedures barred by 38 U.S.C. § 511 as well as sovereign immunity); Hall v. Dep't of Veterans'

8    Affairs, 85 F.3d 532, 534-35 (11th Cir. 1996) (constitutional challenge to VA regulation as applied to

9    plaintiff could not be brought in district court). Plaintiffs cannot evade Congress's limitations on

10   review of VA decisions by the artful pleading of refusing to identify allegedly aggrieved individual

11   claimants, or by aggregating claims as a putative class action. Beamon, 125 F.3d at 972.

12   Finally, there are no individual plaintiffs, and the two plaintiff advocacy organizations have not

13   identified any individual members who would have standing to sue in their own right. For these

14   reasons, the plaintiff organizations have not met their burden to establish Article III standing. See,

15   e.g., Hunt v. Washington Apple Adver. Comm'n, 432 U.S. 333, 343 (1977) (discussing requisites of

16   representational standing); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir.

17   2004) (same); Lake Mohave Boat Owners Ass'n v. Nat'l Park Serv., 78 F.3d 1360, 1367 (9th Cir.

18   1996) (same).

19   **Venue.** The parties do not currently foresee any venue issues.

20   **Service.** All original Defendants named in the Complaint have been properly served.

21   Defendants recently notified Plaintiffs of substitutions pursuant to Federal Rule of Civil Procedure

22   25(d)(1).

23   **II.    FACTS**

24   **Plaintiffs' Position:**

25   Plaintiffs bring suit on behalf of veterans of the Afghanistan and Iraq wars and earlier

26   conflicts who filed disability claims or sought medical care based on being afflicted with PTSD.

27   Plaintiffs seek declaratory and injunctive relief to remedy unconstitutional practices by the VA that

28   systematically deprive veterans with PTSD of disability benefits and medical care.

1    By way of background, long before the U.S. military became involved in Operation Enduring
2  Freedom ("OEF") and Operation Iraqi Freedom ("OIF"),[1] Congress identified serious and
3  longstanding problems with the VA's claims process that affect the ability of veterans to obtain
4  access to disability benefits and health care, although they have a statutory right to such benefits and
5  care. The huge influx of OEF/OIF veterans into the VA's claims process has aggravated the
6  previously identified problems, and led to a virtual meltdown in the VA's ability to provide
7  appropriate health care and benefits for the troops who have been casualties of the current wars. Like
8  the claims processing system, the VA's health care system has also collapsed with the drastic
9  increase in demand for services, particularly in the area of mental health, leaving the promise of
10 treatment for wounded soldiers a hollow one. Frances Murphy, the Under-Secretary for Health
11 Policy Coordination at the VA, has conceded that many VA facilities do not provide any mental
12 health care or maintain long waiting lists that render the care inaccessible. A number of veterans
13 have committed suicide shortly after having been turned away from VA medical facilities either
14 because they were told they were ineligible for treatment or because the wait was too long.

15   Among those troops who have suffered the most due to the disintegration of the VA's claims
16 system are those with PTSD – a psychiatric disorder that can develop in a person who experiences,
17 witnesses, or is confronted with a traumatic event, often an event that is life-threatening. The Iraq
18 and Afghanistan wars are resulting in an extraordinary number of veterans suffering from this mental
19 disorder. While precise statistics on the prevalence of PTSD in OEF/OIF veterans are not available,
20 recent studies and reports suggest that at least 30% of returning veterans is experiencing PTSD. For
21 veterans with PTSD, the results of the extraordinary delays in the VA's claims process can be
22 catastrophic. Symptoms of PTSD include intense anxiety, persistent nightmares, depression,
23 uncontrollable anger, and difficulties coping with work, family, and social relationships. Delays in
24 treatment of PTSD can lead to addiction, homelessness, anti-social behavior, or suicide.

25   This action for declaratory and injunctive relief was filed by two non-profit veterans'
26 organizations on behalf of veterans with pending claims for death and disability compensation and

27   _____
    [1] OEF and OIF are the official titles for the wars in Afghanistan and Iraq, respectively.

28

1   for medical care based upon PTSD and names a variety of government officials and the Chief Judge

2   of the CAVC as defendants.  First, the Complaint outlines the statutory provisions requiring the VA

3   to provide medical care and treatment to returning veterans.  The Complaint attacks on due process

4   grounds the procedures provided in the VJRA for the adjudication of SCDDC , listing a series of

5   limitations upon veterans' rights, both separately and in combination ("Statutory Defects").  (Compl.

6   ¶¶ 30, 94-144, 201-03.)  These include: (1)  veterans' total inability to call VA witnesses (such as a

7   VA doctor) to support a claim or to cross-examine them regarding the basis for their opinions; (2) the

8   absence of any neutral decision-maker at the regional office stage; (3) the Court of Appeals for

9   Veterans Claims' ("CAVC") admitted lack of authority to enforce its own decisions; (4)  the absence

10   of any provisions for injunctive or declaratory relief or meaningful procedures for expedited relief in

11   urgent cases, such as suicide threats; (5) the absence of any procedures to obtain any relief extending

12   beyond that applying to a single claim; (6) the total absence of any discovery procedures; and (7) the

13   statutory prohibition on the veteran's ability to pay a lawyer at his own expense at the critical

14   regional office stage;.  (Compl. ¶¶ 30, 133, 138-44, 202.)  The Complaint goes on to detail how the

15   Statutory Defects have enabled a wide variety of illegal policies or practices to flourish ("Challenged

16   Practices").  (Compl. ¶ 31.)  These include protracted delays in the adjudication of benefits claims,

17   dictating of results by the VA Central Office in certain categories of claims, *e.g.*, PTSD and total

18   disability based upon individual unemployability ("TDIU") claims, the premature denial of claims, an

19   incentive compensation system that encourages adjudicators to destroy evidence in files in order to

20   reap easy work credits, the wholesale elimination of veterans' PTSD claims by miscategorizing them

21   as having pre-existing "personality disorders," (thus depriving them of eligibility), and other patterns

22   of extra-judicial misconduct.  (Compl. ¶¶ 216-21, 227-34.)  What all these practices have in common

23   is that they cannot be discovered or corrected because of the very limited rights and procedures

24   provided to veterans in the VJRA, and the truncated scope of the CAVC's powers.

25        The Complaint not only makes these allegations, but also contains detailed supporting

26   allegations and examples.  For example, the Complaint:  (1) details the huge and swelling backlogs of

27   claims at each stage of the adjudication process (Compl. ¶¶ 145-68); (2) highlights the growing

28   suicide trend amongst returning veterans from Iraq and Afghanistan who were improperly denied

1    care by the VA, and the rationing of mandated health care generally (Compl. ¶¶ 169-73, 184-200);

2    and (3) explains the indictments and convictions of two senior VA attorneys on grounds that they had

3    destroyed medical reports or other documents in veterans' SCDDC claim files to generate high

4    incentive compensation awards (Comp. ¶¶ 227-34).

5         As the Complaint demonstrates, veterans with PTSD have been exposed to a system-wide

6    pattern of abusive and discriminatory policies and practices.  Unless systemic and drastic measures

7    are instituted immediately, the costs to veterans, their families, and our nation will be incalculable,

8    including broken families, a new generation of unemployed and homeless veterans, and crushing

9    burdens on the health care delivery system and other social services.

10        **Defendants' Position:**

11        Plaintiffs in this putative class action include two advocacy organizations but no individuals, and

12   Plaintiffs have made no allegations of specific instances in which the laws, regulations, practices, and

13   procedures that Plaintiffs purport to challenge were applied unlawfully to any individual.  Defendants

14   contend that the purported issues of fact listed by Plaintiffs are not material because Plaintiffs' claims

15   all fail as a matter of law, and because Plaintiffs' factual allegations that procedures and policies

16   utilized by VA to decide questions affecting the provision of benefits to veterans may not be

17   reviewed in this Court but, instead, are subject to administrative review at the VA and judicial review

18   in the Federal Circuit and Supreme Court and, in some cases, the U.S. Court of Appeals for Veterans

19   Claims.  See 38 U.S.C. §§ 502, 511(a).

20   **III.    LEGAL ISSUES**

21        The parties anticipate the following disputed points of law:

22             1.   Whether this Court has subject matter jurisdiction over Plaintiffs' claims, including

23                  the following issues raised in Defendants' pending 12(b)(1) motion to dismiss for lack

24                  of jurisdiction:

25                       a.   Whether Plaintiff organizations have standing;

26                       b.   Whether sovereign immunity bars Plaintiffs' claims or the Administrative

27                            Procedure Act provides a valid and applicable waiver;

28

1

c.   Whether jurisdiction in this Court is proper under 38 U.S.C. §§ 502 & 511(a);

2

and

3

d.   Whether the Rehabilitation Act, 29 U.S.C. § 794, provides an independent

4

basis for jurisdiction, or whether Plaintiffs' Rehabilitation Act claim must be

5

brought under, and consistent with the limitations of, the Administrative

6

Procedure Act and 38 U.S.C. §§ 502 & 511(a);

7

2.   If the Court determines it has jurisdiction over Plaintiffs' claims, whether the

8

allegations in Plaintiffs' Complaint sufficiently state a claim upon which relief may

9

be granted, an issue raised by Defendants' pending 12(b)(6) motion to dismiss,

10

including:

11

a.   Whether Plaintiffs have stated a cognizable claim that the procedures under

12

the Veterans Judicial Review Act do not provide adequate due process or

13

whether such a claim is foreclosed by precedent;

14

b.   Whether Plaintiffs have stated a cognizable claim that the U.S. Court of

15

Appeals for Veterans Claims lacks equitable power or whether such a claim is

16

foreclosed as a matter of law; and

17

c.   Whether Plaintiffs have stated a cognizable challenge to the statutory

18

limitation of fees that may be paid to an attorney in representation before a

19

VA Regional Office, 38 U.S.C. § 5904(c), or whether such a challenge is

20

foreclosed by precedent.

21

3.   If the Court determines Plaintiffs' claims survive Defendants' Motion to Dismiss:

22

a.   Whether the procedures afforded veterans in connection with certain benefits

23

claims violate the Due Process Clause of the Fifth Amendment to the United

24

States Constitution;

25

b.   Whether veterans have been unconstitutionally denied a right of access to

26

courts under the Fifth Amendment of the United States Constitution;

27

c.   Whether veterans have been unconstitutionally deprived of their right to

28

petition pursuant to the First Amendment to the United States Constitution;

    d.  Whether Defendants have failed to provide reasonable accommodations to veterans with disabilities in violation of the Rehabilitation Act, 29 U.S.C. § 794; and

    e.  Whether 38 U.S.C. § 1710 provides a statutory entitlement to two years of free medical care to veterans returning from OEF and OIF and, if so, whether the VA has violated the statute;

4.  Whether a preliminary injunction is appropriate; and

5.  Whether class certification is appropriate.

## IV.  MOTIONS

**Pending Motions.**  Defendants have filed a Motion to Dismiss that they anticipate will resolve all of Plaintiffs' claims and is set for hearing before the Court on December 14, 2007. Plaintiffs oppose the motion and anticipate that all of their claims will survive Defendants' motion.

**Anticipated Motions.**  At the present time, Plaintiffs anticipate filing a motion for preliminary injunction and a motion for class certification (in that order), the timing of which are uncertain.  Defendants plan to file a motion to stay discovery pending resolution of the Motion to Dismiss.  Plaintiffs intend to oppose Defendants' proposed motion to stay discovery, and Plaintiffs contend they require discovery in support of their anticipated motion for preliminary injunction.

## V.  AMENDMENT OF PLEADINGS

Plaintiffs do not currently anticipate significant amendments to the pleadings.  Plaintiffs may seek leave to amend their Complaint to cure any perceived pleading deficiencies, however, to the extent that the Court grants any portion of Defendants' motion to dismiss.  Should leave to amend be granted, Plaintiffs propose that 30 days is an appropriate period of time for amendment of the Complaint.  Defendants likewise believe that any amendment should be complete within 30 days of an order granting leave to amend.  Because Defendants have moved to dismiss the Complaint in its entirety under Rule 12(b), they have not filed an Answer.

## VI.  EVIDENCE PRESERVATION

The parties have engaged in an on-going meet and confer process related to document preservation dating back to August 1, 2007.  Following discussion during the parties' Rule 26(f)

conference, on October 11, 2007, Defendants provided Plaintiffs with a copy of the August 21, 2007 litigation hold memo issued by the Acting General Counsel of VA, a detailed discussion of the potential sources of ESI within the VA, a proposal as to the appropriate scope of Defendants' preservation obligations, and a draft proposed preservation order with respect to the preservation of evidence.  On October 17, 2007, Plaintiffs sent Defendants a detailed letter regarding the deficiencies Plaintiffs perceived in Defendants' preservation proposal.  To date, the parties have been unable to agree on the proper scope of the preservation order but continue to meet and confer towards the goal of reaching an agreement on that issue.  Should the parties fail to agree, the parties may seek the Court's guidance as to the proper scope of the preservation order.  The parties' efforts regarding preservation of electronically stored information ("ESI") are set forth in Section VIII.B below.

## VII.    DISCLOSURES

**Plaintiffs' Position:**  Plaintiffs participated in a timely exchange of initial disclosures on October 18, 2007.  Plaintiffs included categories of documents and a list of witnesses, including over 70 veteran witnesses whose identities have become public, which Plaintiffs believe  have relevant information based on their own experiences with Defendants' policies and procedures.   Plaintiffs withheld information concerning certain other potential veteran witnesses based upon concerns about retaliation and Privacy Act concerns that were and are the subject of meet and confer negotiations with Defendants.   Plaintiffs believe that witness anonymity is critical to avoid potential retaliation by VA employees, given counsel's experience with the history of such abuses in other cases involving the VA.   As set forth in Section VIII.C below, Plaintiffs would like to negotiate a protective order which would enable Plaintiffs to file veteran declarations under seal to prevent the release of private information to the public as a whole, and to bar the release of personal information, including names, to staff at the agencies named in the Complaint and limit Defendants' access to the declarations to Department of Justice attorneys only.  If the parties are unable to reach agreement, Plaintiffs will bring a protective order motion to be heard by the Court or a US Magistrate, depending on the Court's preference. Once the appropriate orders are in place, Plaintiffs have agreed to supplement their disclosures with respect to those non-public witnesses.

1    **Defendants' Position:**  The parties exchanged initial disclosures on October 18, 2007.  As set

2    forth in Section VIII.C below, Defendants do not agree on the need for a broad, prophylactic order

3    permitting anonymous declarations, and Plaintiffs have provided no basis for their fear of potential

4    retaliation.  Because Plaintiffs have neither sought nor received an order from the Court permitting

5    any individuals to proceed anonymously, Defendants contend that those witnesses should have been

6    identified in Plaintiffs' initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

7    To the extent Plaintiffs seek a broad, prophylactic order providing for anonymous declarations or

8    otherwise limiting the party defendants' access to the names of plaintiffs' witnesses, Defendants

9    informed plaintiffs by telephone on August 23, 2007, and by letter on August 28, 2007, that

10   Defendants oppose such an extraordinary measure and that it should be presented to the Court by

11   motion.

12   **VIII.   DISCOVERY**

13        The parties do not agree on the propriety of discovery in light of the pending motion to

14   dismiss.  Plaintiffs believe that discovery is necessary and proper and do not believe that the motion

15   to dismiss will be successful.  Defendants believe the motion to dismiss raises substantial issues as to

16   the Court's jurisdiction and the sufficiency of the Complaint and, indeed, that the motion will be

17   granted.  Moreover, Defendants contend that the appropriate scope and duration of discovery on the

18   merits cannot be determined until the Court has ruled on Defendants' Motion to Dismiss.  Further,

19   discovery should not proceed until plaintiffs identify by name all of their witnesses pursuant to Rule

20   26(a)(1)(A).  Accordingly, Defendants will move the Court to defer the question of discovery to a

21   Case Management Conference to be held, if necessary, following the Court's ruling on the Motion to

22   Dismiss.

23        **Discovery to Date.**

24        On October 19, 2007, Plaintiffs served Defendants with their First Amended Set of Requests

25   for Production of Documents.  On November 2, 2007, Plaintiffs served Defendants with the first

26   notice of deposition for party depositions scheduled to begin on January 8, 2008.  Defendants have

27   not served any discovery to date.

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 3758                                                                          10
sf-2413161

**Anticipated Discovery.**

Plaintiffs anticipate several rounds of written discovery, including interrogatories, requests for production of documents, and requests for admission, in addition to up to 100 merits depositions.

Even if the Court declines to stay discovery, Defendants contend that the discovery propounded by Plaintiffs thus far is so overbroad that Defendants' obligation to respond should be suspended until Plaintiffs comply with reasonable discovery limits as to the scope and burden of depositions and requests for production.

**Proposed Discovery Plan.**

On October 12, 2007, the parties exchanged proposed Rule 26(f) discovery plans. Set forth below are summaries of the parties' proposals with respect to discovery.

**A.    Schedule**

**Plaintiffs' Position:**

Plaintiffs believe that discovery should go forward immediately, due to the size, scope, and complexity of the case, so as to avoid delays in adjudication. Plaintiffs oppose any bifurcation of class discovery and merits discovery. Plaintiffs have already served an Amended First Request for Production of Documents on October 19, 2007. On November 2, 2007, Plaintiffs served Defendants with the first notice of deposition for party depositions scheduled to begin on January 8, 2008. Furthermore, Plaintiffs intend to seek a preliminary injunction and may require discovery in support thereof on an expedited basis. With regard to class certification, Plaintiffs anticipate addressing the issue towards the second or third quarter of 2008. Plaintiffs agree to meet and confer with Defendants regarding the prioritization of discovery as the case progresses. Plaintiffs do not believe that discovery issues are appropriately deferred until a case management conference forty-five days after the motion to dismiss ruling, as Defendants propose; discovery should proceed forthwith. Plaintiffs are amenable to referring any discovery issues that arise to a Magistrate Judge.

**Defendants' Position:**

Defendants believe that Plaintiffs' claims are insufficient as a matter of law. Defendants' Motion to Dismiss the Complaint in its entirety for lack of subject matter jurisdiction or, in the alternative, failure to state a claim, is now pending before the Court and is set to be heard on

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 3758
sf-2413161

11

December 14, 2007.  Resolution of Defendants' Motion should dispose of this case in its entirety; at a minimum, Defendants submit that identification and resolution of issues that may be decided as questions of law will significantly limit, if not eliminate, the need for and scope of subsequent discovery.  Defendants should not be put to the burden of responding to discovery of the size, scope, and complexity that Plaintiffs propose while Defendants' substantial Motion to Dismiss on jurisdictional and other grounds is pending.

Plaintiffs filed this case as a class action but have not identified any representative plaintiffs in their pleadings.  Defendants cannot begin taking discovery until Plaintiffs identify class representatives.  Therefore, any discovery should follow Plaintiffs amending their Complaint.  In any event, the appropriate scope and duration of discovery on the merits cannot be determined until the Court has ruled on Defendants' Motion to Dismiss.  Accordingly, Defendants propose and will move that the Court defer the question of discovery to a Case Management Conference to be held, if necessary, following the Court's ruling on the Motion to Dismiss.

Defendants suggest the following schedule:

| EVENT | DEFENDANTS' PROPOSED DEADLINE |
|---|---|
| Amended Complaint, if any: | 30 days from date of order resolving Motion to Dismiss |
| Motion or Answer in Response to any Amended Complaint: | 30 days after service of Amended Complaint |
| Case Management Conference: | At the Court's convenience 45 days after Defendants' response to any Amended Complaint or 45 days after the Court's decision on Defendants' Motion to Dismiss, whichever is later. |
| Starting and ending dates of discovery: | To be determined at Case Management Conference following resolution of Defendants' Motion to Dismiss and filing of Plaintiffs' Amended Complaint, if any. |

B.    **Identification, Preservation, and Production of Electronically Stored Information**

Plaintiffs outlined their expectations with respect to the identification, preservation, and production of ESI in a letter dated October 10, 2007, which Defendants received on October 11. Attached hereto as ***Exhibit A*** is a true and correct copy of Plaintiffs' letter.  On October 11, 2007, Defendants provided to Plaintiffs a copy of a litigation hold memorandum that was issued by the VA General Counsel on August 21, 2007, a detailed discussion of the potential sources of ESI within the VA, a proposal as to the appropriate scope of Defendants' preservation obligations, and a draft proposed preservation order.  Attached hereto as ***Exhibit B*** is a true and correct copy of Defendants' letter (without enclosures).  Defendants are considering Plaintiffs' requests, many of which Defendants believe are unduly burdensome.  In an effort to limit the burden of preserving data, the parties will continue to meet and confer regarding possible solutions.  The parties will work together to reach an agreement concerning the appropriate scope and burden of Defendants' preservation obligations.

Defendants are considering Plaintiffs' requests, many of which Defendants believe are unduly burdensome. In an effort to limit the burden of preserving data, the parties will continue to meet and confer regarding possible solutions.  On October 17, 2007, Plaintiffs sent Defendants a preliminary proposed list of electronic search terms for email.  The parties will work together to reach an agreement concerning the appropriate scope and burden of Defendants' preservation obligations.

C.    **Privacy and Protective Order**

**Plaintiffs' Position:**  In an August 1, 2007 letter, Plaintiffs raised the issue of the need for a Privacy Act and general protective order due to the sensitive and private nature of some of documents as to which Plaintiffs intend to seek discovery in the case, such as veteran disability claim files containing extensive medical and personal history.  In their initial disclosures, Plaintiffs included categories of documents and a list of witnesses, including over 70 veteran witnesses whose identities have become public, which Plaintiffs believe  have relevant information based on their own experiences with Defendants' policies and procedures.   Plaintiffs withheld information concerning certain other potential veteran witnesses based upon concerns about retaliation and

1    Privacy Act concerns that were and are the subject of meet and confer negotiations with Defendants.

2    Plaintiffs believe that witness anonymity is critical to avoid potential retaliation by VA employees,

3    given counsel's experience with the history of such abuses in other cases involving the VA.

4    Plaintiffs would like to negotiate a protective order which would enable Plaintiffs to file veteran

5    declarations under seal to prevent the release of private information to the public as a whole, and to

6    bar the release of personal information, including names, to staff at the agencies named in the

7    Complaint and limit Defendants' access to the declarations to Department of Justice attorneys only.

8    Plaintiffs believe that the proposed privacy and protective order must be negotiated immediately to

9    enable them to move forward with discovery. If the parties are unable to reach agreement, Plaintiffs

10   will bring a protective order motion to be heard by the Court or a US Magistrate, depending on the

11   Court's preference. Defendants have in their possession databases containing the identifying

12   information for the class members.

13       **Defendants' Position:** Defendants agree that a Privacy Act protective order is appropriate

14   before discovery can commence. Defendants do not agree on the need for a broad, prophylactic order

15   permitting anonymous declarations, and Plaintiffs have provided no basis for their fear of potential

16   retaliation. In particular, Defendants have a right to investigate the truth of allegations made in

17   declarations; to do so, they will need access to the declarants' names. Defendants are willing to

18   consider additional measures in particular cases where there is an identifiable need but, to date,

19   Plaintiffs have identified none. To the extent Plaintiffs seek a broad, prophylactic order providing for

20   anonymous declarations, Defendants informed plaintiffs by telephone on August 23, 2007, and by

21   letter on August 28, 2007, of their position that such an extraordinary measure should be subject to

22   briefing before the Court. Moreover, Defendants contend that all of Plaintiffs' anticipated witnesses

23   should have been identified by name in Plaintiffs' initial disclosures pursuant to Rule 26(a)(1)(A).

24       **D.    Privilege**

25       The parties have agreed to the use of a privilege log to disclose the identity of documents for

26   which privilege is asserted. They differ on the scope of information that must be included in such a

27   privilege log but will participate in additional discussions regarding the appropriate scope of that

28   information. In addition, the parties agreed to discuss a claw-back provision, limited in time, to allow

for the claim of privilege on materials mistakenly included in a document production.  The details of these provisions are subject to discussion by the parties.

Plaintiffs believe that these questions should be resolved now in order to permit them to move forward with discovery.  Plaintiffs do not believe that the identities of witnesses in their initial disclosures have any bearing on a privilege log for the production of documents.

Defendants believe that discovery in general, including these questions, should be deferred until after resolution of the Defendants' Motion to Dismiss and after Plaintiffs disclose the name and, if known, address and telephone number of all individuals likely to have discoverable information that plaintiffs may use to support their claims or defenses pursuant to Rule 26(a)(1)(A).

### E.    Document Inspection

Plaintiffs propose that the production of a random sampling of veterans' claim files for inspection is appropriate to alleviate the burden of production on the government.  Furthermore, on October 17, 2007, Plaintiffs sent Defendants a preliminary proposed list of electronic search terms for email to alleviate the burden of production.  At the appropriate time, the parties will meet and confer to discuss and conduct the mutual random sampling and electronic search terms.  The parties do not agree on the appropriate time for such discussions.  Plaintiffs believe that the issue must be resolved immediately, because Defendants' responses to the Amended First Set of Requests for Production of documents are due on November 21, 2007.  Defendants are amenable to such discussions if necessary, but believe they will not be appropriate, if at all, until the Court has determined whether it has subject matter jurisdiction over Plaintiffs' claims and which, if any, of those claims survive Defendants' pending Motion to Dismiss.   Defendants will move to stay discovery pending resolution of the Motion to Dismiss.

### F.    Depositions

Plaintiffs propose that, considering the complexity and scope of the suit, the number of depositions on the merits should be set at a maximum of one hundred depositions for each side.[2]    In

---

[2] Plaintiffs propose that depositions taken pursuant to Fed. R. Civ. Pro. 30(b)(6) be considered one deposition, regardless of the number of topics included.  Defendants contend that this proposal is inconsistent with the Federal Rules of Civil Procedure and, accordingly, they do not agree.

1   addition, Plaintiffs propose, given their status as non-profit organizations seeking only equitable

2   remedies, that all of Defendants' witnesses and individuals to be called as hostile witnesses by

3   Plaintiffs should be deposed in the San Francisco Bay Area.  Such an order has been issued in by this

4   Court in earlier, similar cases.  *See, e.g., National Association of Radiation Survivors, et al. v.*

5   *Thomas K. Turnage, et al.*, Northern District of California Case No. C-83-1861-MHP.

6       Defendants believe it is not possible to accurately determine how many depositions will be

7   necessary until the parties know which, if any, of Plaintiffs' claims survive the Defendants' Motion to

8   Dismiss.  Accordingly, Defendants do not consent to extend the number of depositions beyond that

9   contemplated by the Federal and Local Rules of Civil Procedure at this time.  Defendants believe

10   discovery should be stayed until the Court has resolved the threshold questions presented by

11   Defendants' pending Motion to Dismiss, including whether Plaintiffs have established subject matter

12   jurisdiction over their claims in this Court.  Defendants will move for such a stay.  Defendants

13   propose depositions of its witnesses and employees should take place at a place convenient to where

14   the person in question resides, is employed or regularly transacts business in person, consistent with

15   the Federal Rules of Civil Procedure and the fact that Plaintiffs, not Defendants, chose where to file

16   this action knowing where Defendants reside.  Defendants note that nine of the ten defendants and

17   one of the two plaintiffs in this action are located in the District of Columbia.  Moreover, of the 47

18   depositions that Plaintiffs have noticed to date, only one of the proposed deponents works or resides

19   in the San Francisco Bay Area.  The proposed deponents include the Acting Secretary of Veterans

20   Affairs, numerous other senior VA officials (including the Deputy Secretary, the General Counsel

21   and the Inspector General), the Acting Attorney General, a senior official of the Government

22   Accountability Office, the current and former Chief Judges of the United States Court of Appeals for

23   Veterans Claims, and a Navy commander stationed in Japan.

24       **G.     Interrogatories**

25       Plaintiffs propose that, due to the complexity and scope of the case, the number of allowable

26   interrogatories be increased to seventy-five for each side.  Plaintiffs intend to draft a stipulation or, in

27   the alternative, to move for leave to serve additional interrogatories under Federal Rule of Civil

28   Procedure 26(b)(2) and Northern District Local Rule 33-3.

1    Defendants do not consent to extend the number of interrogatories beyond that contemplated

2    by the Federal and Local Rules of Civil Procedure at this time.  Defendants believe discovery should

3    be stayed until the Court has resolved the threshold questions presented by Defendants' pending

4    Motion to Dismiss, including whether Plaintiffs have established subject matter jurisdiction over their

5    claims in this Court.  It is not possible to accurately determine how many interrogatories will be

6    necessary until the parties know which, if any, of Plaintiffs' claims survive the Defendants' Motion to

7    Dismiss.

8    **IX.    CLASS ACTIONS**

9        **Plaintiffs' Position:**  Plaintiffs intend to file their class certification motion in mid-2008.

10   That date could change depending on developments in the case.  Plaintiff organizations are proper

11   class representatives; individual veterans are not necessarily required to bring a class action.  As set

12   forth in Section VIII.C above, Plaintiffs believe that many potential individual witnesses face a real

13   fear of retaliation by the VA.  To protect their privacy, Plaintiffs cannot publicly disclose their names

14   without a protective order.  Moreover, Defendants themselves possess all of the relevant databases

15   and records containing identifying information for the class members.  Plaintiffs oppose bifurcation

16   of class action and merits discovery.  In any event, Defendants should file a motion if they desire this

17   relief.

18       **Defendants' Position:**  Plaintiffs have filed this case as a class action, but Plaintiffs include

19   two advocacy organizations and no individuals.  There can be no class without named representatives

20   who have individual standing and satisfy the prerequisites of commonality and typicality for each

21   claim asserted.  If any of Plaintiffs' claims survive Defendants' pending Motion to Dismiss,

22   Defendants propose that class certification discovery and briefing should proceed prior to merits

23   discovery.  In any event, merits discovery cannot proceed until Plaintiffs identify individual veterans

24   who have standing to pursue the class claims.

25   **X.    PENDING RELATED CASES**

26       Plaintiffs are unaware of any pending related cases at this time.  Defendants are unaware of

27   any related cases pending before this Court or any other district court, but Plaintiffs' claims may be

28   related to a large number of claims for veterans' benefits pending before the agency, its Board of

1   Veterans Appeals, the U.S. Court of Appeals for Veterans Claims, the Federal Circuit and/or the

2   Supreme Court.

3   **XI.    RELIEF**

4          Plaintiffs seek only declaratory and injunctive relief.  (Compl. ¶ 29, Prayer for Relief.)

5   Plaintiffs may seek attorneys' fees and costs in an amount to be determined at the time the application

6   is made, depending on the results achieved.

7   **XII.    SETTLEMENT AND ADR**

8          No ADR efforts have taken place to date.  The parties have filed their ADR Certification,

9   pursuant to Civil L.R. 16-8(b), and their Notice of Need for ADR Phone Conference, pursuant to

10  Civil L.R. 16-8(c).  Plaintiffs are willing to participate in a settlement conference with a Magistrate

11  Judge.  Defendants do not believe this case is appropriate for ADR or amenable to settlement,

12  although they have invited Plaintiffs to present any suggestions for settlement.

13  **XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

14         The parties do not consent to a Magistrate Judge for all further proceedings, including trial

15  and entry of judgment.

16  **XIV.    OTHER REFERENCES**

17         This case is not suitable for binding arbitration.  Unless similar actions are filed, the case

18  should not be referred to the Judicial Panel on Multidistrict Litigation.  Plaintiffs do not wish to

19  foreclose the option of a Special Master, but believe that such appointment would be premature at

20  this stage.  At this time, Defendants do not believe that this case is suitable for a special master.

21  **XV.    NARROWING OF ISSUES**

22         **Plaintiffs' Position:**  Plaintiffs are not aware of any narrowing of issues that would be useful

23  at this time, but will keep the Court apprised of any potential narrowing as the litigation progresses.

24  Plaintiffs oppose the motion to dismiss and do not believe that it will eliminate any claims.  Plaintiffs

25  also oppose the bifurcation of class certification and merits discovery.

26         **Defendants' Position:**  Defendants believe the issues will be significantly narrowed, if not

27  eliminated entirely, by resolution of Defendants' pending Motion to Dismiss.  In the event some of

28

1    Plaintiffs' claims survive that motion, Defendants propose that discovery and briefing as to class

2    certification should be completed prior to merits discovery.

3    **XVI.    EXPEDITED SCHEDULE**

4           Plaintiffs may ask the Court to expedite the hearing on their anticipated motion for a

5    Preliminary Injunction, which is currently in process.  Defendants anticipate they would oppose such

6    a motion.  Moreover, Defendants believe that any as-yet unfiled Motion for Preliminary Injunction

7    should not be heard prior to Defendants' Motion to Dismiss, which was filed on September 25, 2007.

8    Defendants do not believe this is the type of case that can be handled on an expedited basis with

9    streamlined procedures.

10   **XVII. SCHEDULING**

11          **Plaintiffs' Position:**  Plaintiffs propose the following schedule:

| Task | Plaintiffs' Position |
|------|----------------------|
| Discovery cut off | March 13, 2009 |
| Expert discovery cut off | April 17, 2009 |
| Hearing dispositive motions | May 1, 2009 |
| Pretrial conference | May 29, 2009 |
| Trial date | June 29, 2009 |

19          **Defendants' Position:**  Defendants will move the Court to stay discovery pending resolution

20   of Defendants' Motion to Dismiss, which is set for hearing before the Court on December 14, 2007.

21   **XVIII. TRIAL**

22          **Plaintiffs' Position:**  Although it is difficult to predict at this early stage of the proceedings,

23   Plaintiffs estimate that a bench trial would last approximately 40-60 trial days.

24          **Defendants' Position:**  Defendants believe this case can and should be resolved by

25   dispositive motion.  In the event of a trial, the case would be tried to the Court.  The Complaint as

26   filed, however, attacks the processes and procedures of much of the U.S. Department of Veterans

27   Affairs and is not triable in its current form.  Defendants also believe it is premature to estimate

28   length of trial until the Court has ruled on Defendants' pending Motion to Dismiss.

**XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiffs.**  On July 23, 2007, Plaintiffs filed their Certification of Interested Entities or Persons stating:  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**Defendants.**  Defendants are exempt from this requirement pursuant to Civil Local Rule 3-16(a).

**XX.    OTHER**

The parties do not have any additional issues to address with the Court at this time.

Dated: November 9, 2007

SIDNEY M. WOLINSKY
MELISSA W. KASNITZ
JENNIFER WEISER BEZOZA
KATRINA KASEY CORBIT
DISABILITY RIGHTS ADVOCATES

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
BILL D. JANICKI
STACEY M. SPRENKEL
PAUL J. TAIRA
MORRISON & FOERSTER LLP

By:   /s/ Gordon P. Erspamer
        Gordon P. Erspamer

        Attorneys for Plaintiffs

Dated: November 9, 2007

PETER D. KEISLER
SCOTT N. SCHOOLS
RICHARD LEPLEY
DANIEL BENSING
STEVEN Y. BRESSLER
KYLE R. FREENY
UNITED STATES DEPARTMENT
OF JUSTICE

By:   /s/ Steven Y. Bressler
        Steven Y. Bressler

        Counsel for Defendants

1    I, Gordon P. Erspamer, am the ECF User whose ID and password are being used to file this

2  Joint Case Management Statement.  In compliance with General Order 45, X.B., I hereby attest that

3  Steven Y. Bressler has concurred in this filing.

4  Dated: November 9, 2007                    MORRISON & FOERSTER LLP

5

6                                                  By:   /s/ Gordon P. Erspamer
                                                         Gordon P. Erspamer
7                                                        Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07 3758                                                              21
sf-2413161