**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

October 10, 2007

Writer's Direct Contact
415.268.7091
HMoser@mofo.com

*By Facsimile and U.S. Mail*

Steven Y. Bressler
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington DC  20530

Re:   *Veterans for Common Sense et al v. Nicholson et al*
      Case No.:  07-03758 SC

Dear Mr. Bressler:

As promised, I am writing to follow up on our Rule 26(f) conference of last Thursday, October 4. As an initial matter, as I mentioned on the call, Plaintiffs do have particular positions with respect to the identification, preservation, collection, and form of production for electronically stored information ("ESI"). Those positions are consistent with federal law governing electronic discovery and are set forth in detail below.

**Identification/Preservation of Electronic Data:**

With respect to preservation of ESI, we understand that you are in the process of working on a proposed preservation order. We may, as you request, be able to assist in that process. As you mentioned during the conference, the General Counsel's August 2007 preservation hold would be a helpful starting point for the initial preservation order. We also stated that the CAVC should also have received a preservation hold. Please send us a copy of that order at your earliest convenience. As mentioned on the call, we look forward to seeing your proposal on or about October 15. In the meantime, Plaintiffs will review the August preservation order. Once it is in place, Plaintiffs do ask that you reissue any preservation hold on a regular basis.

In terms of what ESI is preserved, Plaintiffs expect that the scope of the preservation hold be consistent with Federal Rule of Civil Procedure 34(a), which defines "documents or electronically stored information" as "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information may be obtained – translated, if necessary, by the respondent into reasonably

sf-2401916

MORRISON | FOERSTER

Steven Y. Bressler
October 10, 2007
Page Two

useable form." Consistent with modern electronic discovery practices, all metadata associated with the "documents and electronically stored information" must be preserved and available for collection. Defendants are also required to refrain from engaging in routine document destruction activities with respect to documents within the scope of the preservation order. We remind you of these obligations simply because the failure to preserve ESI could result in penalties, such as monetary sanctions, adverse jury instructions, or even a directed verdict. Other activities aside from routine document destruction can also lead to the spoliation of discoverable information. For example, software upgrades can destroy ESI by overwriting existing data and must be avoided. Defendants are also required to preserve images of drives for any of defendants or relevant employees who leave their employment with the federal government during the course of the litigation.

**Production of Electronic Data:**

Plaintiffs request that Defendants produce responsive ESI in the form of searchable (using OCR) single-page TIFF images with accompanying Concordance load files. Plaintiffs, however, reserve the right to request ESI in native format. In the event that native files are required, Plaintiffs will send a list of the requested files by Bates number to Defendants. The following metadata fields should also be produced (where relevant) with comma-delimited fields and field names clearly listed in the header:

| | | |
|---|---|---|
| Bates Range | Source (Production Source) | Date Modified |
| Bates Start | | Date Sent |
| Bates End | File Extension (Extension) | Date Received |
| Page Count | File Size (SizeinMB) | Original Volume Name |
| Attach Num | Subject/Title | (OriginalFileName) |
| Attach Range | Author | Original File Path (OriginalFullFilePath) |
| Attach Start | Recipients | Text |
| Attach End | CC | MD5Hash |
| Parent Bates | BCC | CreateDate |
| Attach Bates | Date Created | LastUsedDate |

sf-2401916

MORRISON | FOERSTER

Steven Y. Bressler
October 10, 2007
Page Three

When ESI is produced to Plaintiffs, it should be accompanied by a source log for the documents contained in that production set. To the extent that any ESI requires access to proprietary software, Plaintiffs will request access to the software. As identified on the call last week, there may be numerous databases containing responsive ESI. If these databases cannot be produced in the requested file format, Plaintiffs will request access to the data contained therein. As I mentioned last week, if there is any data that defendants deem "not readily accessible," Plaintiffs request that Defendants identify such data as soon as possible so that the parties may discuss a viable solution. To the extent that any documents are withheld or redacted, at the time of production, Plaintiffs are entitled to logs identifying the legal basis for withholding the information. Redaction logs should contain the following standard fields: Bates start and Bates end, document type, from, to, cc, bcc, date modified, date sent, date received, and the legal basis for redaction. Privilege logs should contain the following standard fields: Bates number, document type, date, description, to, from, cc, bcc, and privileges asserted. If Defendants have any issues with the foregoing, please feel free to contact me.

Just to confirm that we are on the same page with respect to the dates discussed, I've set forth my understanding of the dates on which the parties agreed during the Rule 26(f) conference: (1) October 12, 2007: parties to exchange proposed discovery plans; (2) October 18, 2007: parties to exchange initial disclosures; and (3) November 2, 2007: parties to exchange draft joint case management conference statement memorializing positions discussed during the Rule 26(f) conference. Please let me know if you had a different understanding of these dates. Also, as discussed during our call, we look forward to obtaining a copy of the DOJ's "standard" protective and privacy orders. Please forward them to us at your earliest convenience. We would prefer to get those orders in place as soon as possible.

We look forward to working with you on these issues. Thank you in advance for your anticipated cooperation throughout this process.

Regards,

*[signature]*
Heather A. Moser

sf-2401916