PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

 P.O. Box 883
 Washington, D.C. 20044
 Telephone: (202) 305-0693
 Facsimile: (202) 616-8460
 Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. Gordon Mansfield, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Peter D. Keisler, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>Plaintiffs,<br><br>v.<br><br>Hon. GORDON H. MANSFIELD, Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | No. C 07-3758-SC<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**<br><br>Date: December 14, 2007<br>Time: 10:00 a.m.<br>Courtroom: 1 |

Pursuant to Rule 26(c), Fed. R. Civil P., defendants move for a protective order, staying discovery for a short period of time until the Court rules on defendants' pending Motion to Dismiss. The basis for this motion is set forth in the attached Memorandum of Points and Authorities and Attachments A, B and C thereto. A Proposed Order is included.

Case No. C 07-3758-SC
Defendants' Motion for Protective Order to Stay Discovery

1
2  Dated November 9, 2007                    Respectfully Submitted,
3                                            PETER D. KEISLER
                                             Assistant Attorney General
4
                                             SCOTT N. SCHOOLS
5                                            Interim United States Attorney

6                                            RICHARD LEPLEY
                                             Assistant Branch Director
7
                                                  /s/ **Daniel Bensing**
8                                            DANIEL BENSING D.C. Bar # 334268
                                             STEVEN Y. BRESSLER D.C. Bar #482492
9                                            KYLE R. FREENY California Bar #247857
                                             Attorneys
10                                           U.S. Department of Justice, Civil Division
                                             P.O. Box 883
11                                           Washington, D.C. 20044
                                             (202) 305-0693 (telephone)
12
                                             Counsel for Defendants
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 07-3758-SC
Defendants' Motion for Protective Order to Stay Discovery

PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 305-0693
Facsimile:  (202) 616-8460
Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. Gordon Mansfield, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Peter D. Keisler, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, <br><br> Plaintiffs, <br><br> v. <br><br> Hon. GORDON H. MANSFIELD, Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | No. C 07-3758-SC <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY** <br><br> Date: December 14, 2007 <br> Time: 10:00 a.m. <br> Courtroom: 1 |

### Introduction

Pursuant to Rule 26(c), Fed. R. Civil P., defendants move for a protective order, staying discovery for a short period of time until the Court rules on defendants' pending Motion to Dismiss.  On September 25, 2007, defendants moved to dismiss plaintiffs' complaint, asserting several arguments for why the court for lacks subject matter jurisdiction and why plaintiffs'

Case No. C 07-3758-SC
Defendants' Motion for Protective Order to Stay Discovery                                                                  1

claims are legally insufficient. That motion will be fully briefed shortly and is scheduled to be argued on December 14, 2007. Courts have broad discretion to stay discovery where a dispositive motion may resolve some or all claims, thus promoting the interests of judicial economy. See Argument I, infra.

It is particularly appropriate for the Court to exercise its discretion to stay discovery in this instance because plaintiffs' discovery requests are unreasonably overbroad and unjustified, even to support the wide-ranging attack on the Department of Veterans Affairs (VA) and its programs plaintiffs wish to mount. The VA has quickly reviewed the discovery requests in the short time available and will demonstrate their overbroad nature, to which it would be prohibitively expensive to respond, and which would cause grave disruption to VA's ability to serve its constituent veterans.[1]

## Background

1. Plaintiffs' Claims

Plaintiffs, two advocacy organizations, have filed a complaint for injunctive and declaratory relief that broadly challenges the benefits adjudication programs of the VA as they relates to providing benefits to veterans with post traumatic stress syndrome (PTSD). Plaintiffs challenge the entire process by which VA provides medical services and benefits to veterans with PTSD and their survivors, alleging violations of the Due Process Clause of the Fifth Amendment, the Access to Courts Clause of the First Amendment, section 504 the Rehabilitation Act and 38 U.S.C. § 1710(e)(1)(D).

2. Defendants' Motion to Dismiss

As noted, defendants moved to dismiss, identifying numerous jurisdiction and other legal deficiencies with plaintiffs' claims. First, the only possible waiver of sovereign immunity that might apply is the Administrative Procedure Act, (APA) however, the APA is inapposite because plaintiffs have failed to identify any "final agency action" that they challenge. The Supreme

---

[1] Counsel for defendants have discussed this motion with counsel for plaintiffs who has informed defendants' counsel that plaintiffs' will oppose this motion.

Case No. C 07-3758-SC
Defendants' Motion for Protective Order to Stay Discovery                                2

1  Court has held that the APA does not allow the type of wholesale, "programmatic" challenge
2  plaintiffs seek to bring in this Court. See Norton v. Southern Utah Wilderness Alliance, 542 U.S.
3  55, 64 (2004); cf. Allen v. Wright, 468 U.S. 737, 759-61 (1984) (a federal district court "is not
4  the proper forum" to seek "restructuring of the apparatus established by the Executive Branch to
5  fulfill its legal duties.").

6       Second, the only plaintiffs in this action are two advocacy organizations that have failed
7  to identify any individual veterans with standing to sue and whose direct participation is
8  unnecessary. For that reason, the plaintiff organizations lack Article III standing. See Smith v.
9  Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004).

10       Third, to the extent plaintiffs do allege harm from concrete agency actions, policies, or
11  procedures related to veterans benefits, Congress, in the Veterans' Judicial Review Act
12  ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), has unambiguously barred district courts
13  from hearing such challenges and, instead, crafted an exclusive review process through the VA, a
14  specially created Article I court, and the Federal Circuit. See 38 U.S.C. §§ 502, 511(a). Plaintiffs
15  attempt to state a facial constitutional challenge to the VJRA itself, but that challenge fails to
16  state a claim upon which relief may be granted. See Defendants' Memorandum in Support of
17  Motion to Dismiss at 14-23. For example, plaintiffs' facial challenge to a statute that limits the
18  fees veterans may pay attorneys who represent them at the earliest stage of the VA adjudicatory
19  process is foreclosed by binding Supreme Court and Ninth Circuit precedents that upheld a more
20  restrictive fee limitation. See e.g. Walters v. National Ass'n of Radiation Survivors, 473 U.S.
21  305 (1985). Finally, plaintiffs also claim that the VA is failing to meet recently returning
22  veterans' statutory entitlement to free health care for two years, but this claim also fails as the
23  relevant statute makes it plain on its face that it creates no such entitlement.

24       In sum, defendants' motion to dismiss identifies numerous threshold jurisdictional and
25  other legal problems with plaintiffs' complaint, all of which can be resolved without fact-finding
26  or discovery. In effect, plaintiffs' lengthy Complaint reflects a variety of policy disagreements,
27  but it does not present any claim cognizable in this Court as opposed to the halls of Congress, or
28

the exclusive judicial and administrative review system that Congress has created.

3.  Plaintiffs' Discovery Requests

On October 19, 2007, plaintiffs served a First Amended First Set of Requests for Production of Documents on defendants (Attachment A, hereto) consisting of 129 separate requests, seeking an enormous range of material purportedly related (often very tangentially) to how the VA provides services to veterans with PTSD. For example, plaintiffs seek complete claim files for several categories of veterans (Request numbers 31, 32 and 38) as well as all documents containing certain categories of information about all PTSD-related claims (Request numbers 4-17), that appears to require a review of all such claim files.  In essence, in their requests plaintiffs seek every document maintained by the VA (as well as some in the custody of other the Defense Department and the Court of Appeals for Veterans Claims) related in any way to claims for benefits or health care by veterans suffering from PTSD. As explained in the Declaration of Thomas G. Bowman, the Chief of Staff of the Department of Veterans Affairs (Attachment B, hereto, "Bowman Decl."), VA staff have attempted to estimate the cost of searching for and producing all documents responsive to plaintiffs' requests and have concluded that these costs would be enormous –  searching and producing documents in response to twenty seven of the requests will cost more than $ 1 million each, and of those, responding to 21 will cost in excess of 2 $ million each. Bowman Decl. ¶ 7.

On November 2, 2007, plaintiffs served a deposition notice seeking to depose forty-seven current and former employees of the VA and other government entities, beginning on January 8, 2008 and continuing into April of 2008. (Attachment C, hereto).  Plaintiffs' proposed deponents include the Acting Secretary of Veterans Affairs, numerous other senior VA officials, (including the Deputy Secretary, the General Counsel and the Inspector General), the Attorney General of the United States Department of Justice, a senior official of the Government Accountability Office, and the current and former Chief Judges of the United States Court of Appeals for Veterans Claims. Plaintiffs' deposition notice demands that all deponents produce any documents they have that are responsive to plaintiffs' document requests, including documents

found "in each deponent's working files, computer work stations, or other personal files," Attachment C at 1.  Moreover, all of these depositions are noticed for San Francisco, even though many of the deponents do not reside or work in the Northern District of California.

## ARGUMENT

**I.    The Court Has the Discretion to Defer the Initiation of Discovery Pending Resolution of a Motion to Dismiss Challenging the Court's Subject Matter Jurisdiction**

It is of course well settled that district courts have sweeping discretion to control the nature and timing of discovery.  Herbert v. Lando, 441 U.S. 153, 177 (1979) ("[J]udges should not hesitate to exercise appropriate control over the discovery process.").  Under Rule 26(c) of the Federal Rules of Civil Procedure, courts have discretion to issue protective orders upon a showing of good cause.  Rule 26(c) provides, in pertinent part, that:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending * * * may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (1) that the disclosure or discovery not be had.

Fed. R. Civ. P. 26(c).  Courts have consistently exercised such discretion to order a stay of all discovery where it appears that the case can be resolved through a dispositive motion.  See e.g. Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); Patterson v. United States, 901 F.2d 927, 929 (11th Cir. 1990); Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999).

A stay is particularly appropriate where the dispositive motion challenges the court's subject matter jurisdiction.  Thus, the Supreme Court has noted that "[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters." United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988).  Where a motion to dismiss presents questions of law for which

Case No. C 07-3758-SC
Defendants' Motion for Protective Order to Stay Discovery                                                              5

factual discovery is neither necessary nor appropriate, as is typically the case where the defendant challenges the court's subject matter jurisdiction, discovery should be stayed pending a resolution of the motion. See Wagh v. Metris Direct Inc., 363 F.3d 821, 829 (9th Cir. 2003) (discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion.); Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984); Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984). See generally 6 Moore's Federal Practice § 26.105[3][c]. The obvious rationale for entering a protective order when disposition of a motion may obviate the need for discovery is to conserve the parties' time and resources. See Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976).

**II.    The Court Should Grant a Protective Order Staying Plaintiffs' Discovery Requests Pending a Ruling on Defendants' Motion to Dismiss**

Here, principles of sound case management counsel in favor of a short stay of discovery to permit a ruling on defendants' Motion to Dismiss, which will avoid the waste of the Court's and the parties' resources, with minimal prejudice to plaintiffs. First, defendants' Motion to Dismiss raises strong jurisdictional defenses to plaintiffs' claims. Assuming jurisdiction in this Court, plaintiffs' facial challenge to the constitutionality of the VJRA can be resolved without the need for discovery. See Rae v. Union Bank, supra 725 F.2d at 481. Nor need the Court have to conclude that defendants' motion will be successful in order to grant a stay. When a court can conclude that a defendants' motion to dismiss "does not appear to be without some degree of foundation in law and there is a possibility that defendant may prevail," a stay of discovery is appropriate. Ameritel Inns v. Moffat Brothers, 2007 WL 1792323, *4 (D. Idaho 2007). See also Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery appropriate where dispositive motion has "substantial grounds"); GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 287 (S.D. Cal. 2000) (stay where defendants's motion has around a "fifty percent chance of success).

Nor is this a case where the probable result of a favorable ruling on a defendants' motion to dismiss will be an order granting plaintiffs leave to amend to address a pleading defect, thus

justifying the continuation of discovery in the interim.  See e.g.  In Re Valence Technology Securities Litigation,1994 WL 758688 (N.D. Cal. 1994).  Plaintiffs' 278-paragraph complaint includes numerous allegations invoking every relevant authority, hence, if defendants' motion to dismiss is granted, it is doubtful plaintiffs will be able to cure any defects in their allegations.  Finally, a brief stay in discovery will not unduly prejudice plaintiffs since defendants' Motion to dismiss will be argued on December 14, 2007 and discovery can be addressed shortly after a ruling.

A stay is particularly appropriate here given the enormous burden that would be imposed by plaintiffs' sweeping Requests for Production of Documents as well as their proposed deposition schedule.  As another judge of this Court has recognized, "staying discovery may be particularly appropriate . . . where discovery tends to be broad, time-consuming and expensive."  In Re NetFlix Antitrust Litigation, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007).  As with the antitrust claim at issue in NetFlix, the discovery plaintiffs seek here also promises to be "a sprawling, costly and hugely time-consuming undertaking."  NetFlix, supra 506 F.Supp 2d at 321, quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1967 n. 6 (2007).

As explained in the Bowman Declaration, employees of the VA have made preliminary inquiries into the estimated cost, in time and funds, to search for and produce non-privileged documents in response to plaintiffs' 129 Requests for Production.  Bowman Decl. ¶ 7.[2]  Mr. Bowman briefly explains the burden that these requests impose on the VA, which maintains 57 Regional Offices, 209 Vets Centers, 153 hospitals, 135 nursing homes, 724 Community Based Outpatient Clinics, and 46 Domiciliary Residential Rehabilitation Treatment Programs, all of which are likely to have records relevant to the provision of services to veterans who suffer from

---

[2] Given the exceptionally broad scope of plaintiffs' requests and the limited time available for VA staff to conduct these inquiries, the responses received are, admittedly, no more than rough estimates of the cost in time and money to respond to the requests.  See Bowman Decl. ¶ 7. In addition, VA staff attempted to calculate the cost of responding to each of plaintiffs' requests as written, even though VA would assert overbreath and relevancy objections to many of these requests.  Nevertheless, these calculations do provide an approximate estimate of the aggregate cost of responding to the vast majority of plaintiffs' requests.  Id.

PTSD. Bowman Decl. ¶ 8c; 10. The VA provides numerous and significant services to veterans with PTSD, and consequently the staff at its approximately 1300 care-providing facilities will be required to search for documents responsive to PTSD issues, such as "diagnostic criteria for PTSD applied by VA." (Request number 33). Id. ¶ 10. As Mr. Bowman notes, responding to these requests "would significantly burden the VA health system and distract employees, particularly health care providers, from delivering health care services to veterans." Id. This diversion from providing services to veterans is particularly serious given that disability claims have increased 45% from 2000 to 2007. Id. ¶ 14.

Additionally, all of plaintiffs' requests seek "documents," which plaintiffs define to include any tangible thing on which a "communication" has been recorded, and typically make no attempt to identify the personnel who may have authored such communications. Bowman Decl. ¶ 8a. Consequently, each request will require a search of emails (communications, by definition), thus requiring a review of some or all of VA's 320,000 e-mail accounts. Id. This will impose a significant burden, because "in order to conduct a search of the active e-mail system for messages containing particular words or phrases, each mailbox would need to be searched separately," and hence, searching email records will be inordinately time consuming. Id.

At least eight of plaintiffs' requests (Request numbers 16, 17, 31, 32, 38, 103, 104 and 115) will undoubtedly require a search of individual claim files, which are maintained in VA's 57 Regional Offices as well as at its Records Management Center, and another nineteen (Request numbers 1-15, 21, 96-98) may require such searches of individual files. Bowman Decl. ¶ 8b. Searches of such paper files would require VA to write and run a computer program to attempt to locate the relevant claim files, physically retrieve the files and then assign staff to review them for responsive documents. Bowman Decl. ¶ 8c. To take one example, VA estimates that the cost of searching files for death certificates (Request number 115) will require over 73,000 staff-hours, costing $ 2.5 million. Bowman Decl. ¶ 8c.

Based on the numerous separate inquiries made by VA staff as to the burden in time and

1  expense to search various paper files and electronic data bases for plaintiffs' requests, it is
2  estimated that twenty-seven of plaintiffs' 129 requests will each impose in excess of $ 1 million
3  in costs on VA and in the case of twenty of those requests, the cost will exceed $ 2 million.
4  Bowman Decl. ¶ 7. As Mr. Bowman explains, this diversion of resources will directly and
5  significantly impact the VA's mission of providing health care and benefits to the veterans it
6  serves. See Bowman Decl. ¶¶ 10-15. For example, responding to the requests "would divert
7  many of [VA's] regional office employees from their primary mission of delivering benefits to
8  veterans and their survivors to searching records and reviewing files." Id. at ¶ 15. The burden of
9  responding to plaintiffs' requests goes far beyond imposing administrative burdens and
10 inconvenience on the VA; it will have an immediate adverse impact on veterans and their
11 families.[3]

12    Finally, the requests also seek the production of medical treatment files relating to mental
13 health services, which records are exceptionally sensitive and are subject to statutory
14 confidentiality protections and potentially covered by the psychotherapist-patient privilege.
15 Bowman Decl. ¶ 9. Even if steps are taken to protect veteran confidentiality (steps which will
16 further add to the time and expense of responding), there is always the possibility that veteran
17 confidentiality will be compromised. As Mr. Bowman notes, "Vet Center program
18 administrators are concerned that such a disclosure would undermine the Vet Center Program's
19 hard won trust with the combat veteran population and could cause serious barriers to care for
20 new veterans needing readjustment counseling services." Id. Plaintiffs' excessively broad
21 requests, which make no effort to balance the need for the materials sought against the damage
22 that disclosure will cause, should not be permitted until threshold legal issues have been
23 resolved.

---

[3]Defendants' objections to the extremely burdensome nature of plaintiffs' discovery requests are offered in support of their request for a stay of discovery pending a ruling on their motion to dismiss. In the event that some or all of plaintiffs' claims survive the motion to dismiss, defendants reserve the right to reassert these and other objections to plaintiffs' document production requests and deposition notices.

**CONCLUSION**

For all of the foregoing reasons, the Court should grant defendants' Motion for Protective Order and stay discovery until after a ruling on defendants' Motion to Dismiss. A Proposed Order is attached.

Dated November 9, 2007

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

SCOTT N. SCHOOLS
Interim United States Attorney

RICHARD LEPLEY
Assistant Branch Director

    /s/ Daniel Bensing
DANIEL BENSING D.C. Bar # 334268
STEVEN Y. BRESSLER D.C. Bar #482492
KYLE R. FREENY California Bar #247857
Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 883
Washington, D.C. 20044
(202) 305-0693 (telephone)

Counsel for Defendants