1   GORDON P. ERSPAMER (CA SBN 83364)
    GErspamer@mofo.com
2   STACEY M. SPRENKEL (CA SBN 241689)
    SSprenkel@mofo.com
3   MORRISON & FOERSTER LLP
    101 Ygnacio Valley Road, Suite 450
4   P.O. Box 8130
    Walnut Creek, California 94596-8130
5   Telephone: 925.295.3300
    Facsimile: 925.946.9912
6
    SIDNEY M. WOLINSKY (CA SBN 33716)
7   SWolinsky@dralegal.org
    MELISSA W. KASNITZ (CA SBN 162679)
8   MKasnitz@dralegal.org
    JENNIFER WEISER BEZOZA (CA SBN 247548)
9   JBezoza@dralegal.org
    KATRINA KASEY CORBIT (CA SBN 237931)
10  KCorbit@dralegal.org
    DISABILITY RIGHTS ADVOCATES
11  2001 Center Street, Third Floor
    Berkeley, California 94704-1204
12  Telephone: 510.665.8644
    Facsimile: 510.665.8511
13
    **[see next page for additional counsel for plaintiffs]**
14
    Attorneys for Plaintiff(s)
15  VETERANS FOR COMMON SENSE, and
    VETERANS UNITED FOR TRUTH, INC.
16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., | Case No.    C-07-3758-SC |
| Plaintiffs, | **VETERANS FOR COMMON SENSE AND VETERANS UNITED FOR TRUTH, INC.'S FIRST AMENDED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |
| v. | |
| R. JAMES NICHOLSON, Secretary of Veterans Affairs, *et al.*, | (Class Action) |
| Defendants. | Complaint Filed July 23, 2007 |

DEFENDANT'S
EXHIBIT
A

1

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com

3

HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com

4

MORRISON & FOERSTER LLP
425 Market Street

5

San Francisco, California 94105-2482
Telephone: 415.268.7000

6

Facsimile: 415.268.7522

7

BILL D. JANICKI (CA SBN 215960)
WJanicki@mofo.com

8

MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600

9

Sacramento, California 95814
Telephone: 916.448.3200

10

Facsimile: 916.448.3222

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOUNDING PARTY: VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC.**

**RESPONDING PARTIES: R. JAMES NICHOLSON,** *et al.*

**SET NUMBER:**                  **ONE**

     Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs Veterans for Common Sense ("VCS") and Veterans United for Truth, Inc. ("VUFT") request that each of the named defendants (collectively "Defendants") separately produce for inspection and copying the documents and things set forth below that are in its possession, custody, or control, or in the possession, custody, or control of its attorneys and/or accountants, its investigators, and any persons acting on their behalf, at the offices of Morrison & Foerster, 101 Ygnacio Valley Road Suite 450, Walnut Creek, California, 94596 or another place as may be mutually agreed upon within thirty (30) days.

**DEFINITIONS**

     Unless otherwise indicated, the following definitions shall apply.

    1.   "COMMUNICATION" or "COMMUNICATIONS" means, unless otherwise specified, any of the following:  (a) any written letter, memorandum, DOCUMENT, or any other writing; (b) any telephone call between two or more PERSONS, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more PERSONS, whether or not such contact was by chance or prearranged, formal or informal, including, without limitation, conversations or meetings occurring via telephone, teleconference, video conference, electronic mail (e-mail), or instant electronic messenger.

    2.   "CONCERNING" means constituting, summarizing, memorializing, referring to, and/or relating to.

    3.   "DOCUMENT" or "DOCUMENTS" means any tangible thing upon which any expression, COMMUNICATION or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to

1   working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes,

2   records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports

3   of telephone or other oral conversations, desk calendars, appointment books, audio or video tape

4   recordings, e-mail or electronic mail, electronic folders, microfilm, microfiche, computer tape,

5   computer disk, computer printout, computer card, and all other writings and recordings of every kind

6   that are in your actual or constructive possession, custody or control.

7       4.   "IDENTIFY" or "IDENTITY" means:

8           a.   with respect to a PERSON, to state the PERSON's full name, current or last

9   known employer, that employer's address and telephone number, the PERSON's title and/or position

10  with that employer, and the PERSON's current or last known home address and telephone number;

11          b.   with respect to a DOCUMENT, to state the type of DOCUMENT (i.e., letter,

12  memorandum, telephone note, computer floppy or hard disk, magnetic tape, etc.), the title of the

13  DOCUMENT (if any), the date it was created, the author, all intended recipients including the

14  addressee and any and all copyees, a brief description of the subject matter of the DOCUMENT, the

15  present and/or last known location of the DOCUMENT, and to IDENTIFY all present or last known

16  person in possession, custody or control of the DOCUMENT;

17          c.   with respect to a COMMUNICATION to state the name and affiliation of all

18  PERSONS participating in, or present for, the COMMUNICATION, the date of the

19  COMMUNICATION, and whether it was conducted in person or by other means (such as telephone,

20  correspondence, e-mail), and whether it was recorded (e.g., stenographically or by audio or

21  videotape);

22          d.   with respect to a MEETING to state the names and affiliations of all

23  PERSONS participating in, or present for, the MEETING, the date of the meeting, and the location of

24  the meeting, and the purpose of the meeting.

25      5.   "MEETING" or "MEETINGS" means any coincidence of, or presence of, or telephone,

26  television, radio, or other electronic communication between or among persons, whether such was by

27  chance or prearranged, informal or formal.

28

1    6.   "PERSON" or "PERSONS" means, unless otherwise specified, any natural person, firm,

2    entity, corporation, partnership, proprietorship, association, joint venture, other form of organization

3    or arrangement, and government and government agency of every nature and type.

4    7.   "YOU" or "YOUR" means the Defendants in this action, and all of their predecessors,

5    partners, limited partners, affiliates, parent corporations, directors, staff, employees, and agents.

6    These terms also include any representatives or agents acting on YOUR behalf, including, without

7    limitation, attorneys, investigators, or consultants.

8    **SPECIAL DEFINITIONS**

9    8.   "ALTARUM INSTITUTE" means the Altarum Institute, headquartered in Ann Arbor,

10    Michigan, and all (i) its present and former directors, officers, employees, agents, representatives,

11    accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any

12    parent, subsidiary or affiliated entities that were in existence during the applicable period of time

13    covered by these requests, including, without limitation; (ii) any other person or entity acting on its

14    behalf or on whose behalf it acted; or (iii) any other person or entity otherwise subject to its control or

15    which controls it, or with which they are under common control.

16    9.   "BVA" or "BOARD OF VETERANS APPEALS" means the Board of Veterans Appeals

17    and all its offices, departments, organizations, administrations, sections, teams, management,

18    members, and employees including, without limitation, all judges, Board members, attorneys, and

19    staff attorneys.

20    10.   "CAVC" or "Court of Appeals for Veterans Claims" means the Court of Appeals for

21    Veterans Claims and all its offices, departments, organizations, administrations, sections, teams,

22    management, members, and employees including, without limitation, all judges, attorneys, and staff

23    attorneys, including, the time period when this entity was named the Court of Veterans Appeals.

24    11.   "CLAIM" means an application filed by a PERSON seeking SCDDC, including the

25    initial claim, each reopened claim and any appeals to the BVA, CAVC, Federal Circuit, or U.S.

26    Supreme Court.

27

28

12.    "CLINICIAN'S GUIDE" means the publication entitled VA Clinician's Guide (Lewis R. Coulso, ed., Matthew Bender & Co. Inc. 2006), and earlier or later versions of that edition of the Clinician's Guide.

13.    "DEPARTMENT OF DEFENSE" or "DoD" means the United States Department of Defense, and all its offices, departments, organizations, administrations, boards, commissions, task forces, management, and past and present employees and service members.

14.    "DEPARTMENT OF THE AIR FORCE" means the United States Department of the Air Force, and all its offices, departments, organizations, administrations, boards, commissions, task forces, management, and past and present employees and service members.

15.    "DEPARTMENT OF THE ARMY" means the United States Department of the Army, and all its offices, departments, organizations, administrations, boards, commissions, task forces, management, and past and present employees and service members.

16.    "DEPARTMENT OF THE NAVY" means the United States Department of the Navy, and all its offices, departments, organizations, administrations, boards, commissions, task forces, management, and past and present employees and service members, including the United States Marine Corps.

17.    "DOLE/SHALALA REPORT" means the Report of the President's Commission on Care for America's Wounded Returning Warriors, published July 2007 by Co-Chairs Robert Dole and Donna Shalala.

18.    "DSM" means any edition of the Diagnostic and Statistical Manual of Mental Disorders, published by the American Psychiatric Association.

19.    "DVB" or "DEPARTMENT OF VETERANS BENEFITS" means the Department of Veterans Benefits within the VA and all its offices, departments, organizations, administrations, boards, commissions, task forces, management, and past and present employees.

20.    "GAO" means the United States Government Accountability Office and all its predecessors, offices, departments, organizations, administrations, boards, commissions, task forces, management, and past and present employees.

1     21.    "INSTITUTE OF MEDICINE" means the Institute of Medicine, National Academy of

2     Sciences panel and all of its current and past employees and members.

3     22.    "OPERATION ENDURING FREEDOM" or "OEF" means Operation Enduring

4     Freedom, the official name given to military operations in Afghanistan, and the nations and bodies of

5     water around it.

6     23.    OPERATION IRAQI FREEDOM" or "OIF" means Operation Iraqi Freedom, the

7     official name given to military operations in Iraq and in the nations and bodies of water near it,

8     beginning in the year 2003.

9     24.    "PERSONALITY DISORDER DISCHARGE" or "PDD" means the separation from

10    military service of a PERSON under Army Regulation 635-200, Chapter 5-13, Navy Military

11    Personnel Manual 1910-122, Marine Corps Separation and Retirement Manual Chapter 6, Section 2,

12    Subsection 6203, Air Force Regulation AFI 36-3208, or any similar DoD regulations, including DoD

13    Directive 133.2.14 (December 21, 1993), and any actions by the VA based on a PDD or a personality

14    disorder finding or diagnosis.

15    25.    "PTSD" means post-traumatic stress disorder, as described in the DSM and VA

16    Regulations referencing the DSM.

17    26.    "SCDDC" means service-connected death or disability compensation, including

18    dependency and indemnity compensation, as described in the Complaint.

19    27.    "TDIU" means a claim for and/or VA rating of total disability based on individual

20    unemployability.

21    28.    "VA" or "DVA" means the United States Department of Veterans Affairs, and all its

22    offices, departments, organizations, administrations, boards, consultants, commissions, task forces,

23    management, and past and present employees.

24    29.    "VETERANS AFFAIRS COMMITTEES" means the members of the House or Senate

25    Veterans Affairs Committees, their staff, and any persons acting on their behalf.

26    30.    "VETERANS BENEFITS ADMINISTRATION" or "VBA" means the Veterans

27    Benefits Administration within the VA and all its offices, departments, organizations,

28    administrations, boards, commissions, task forces, management, and past and present employees.

1    31.    "VETERANS HEALTH ADMINISTRATION" or "VHA" means the Veterans Health

2  Administration within the VA and all its offices, departments, organizations, administrations, boards,

3  commissions, task forces, management, and past and present employees.

4    32.    "VAIG" means the Inspector General of the Veterans Administration and all its offices,

5  departments, organizations, administrations, boards, commissions, task forces, management, and past

6  and present employees.

7                              **CONSTRUCTION**

8        The following rules of construction shall also apply.

9        1.    "All" or "each" shall be construed as "all and each."

10       2.    "Any" should be understood to include and encompass "all"; "all" should be understood

11  to include and encompass "any."

12       3.    "And" or "or" shall be construed either disjunctively or conjunctively as necessary to

13  bring within the scope of the discovery request all responses that might otherwise be construed to be

14  outside of its scope.

15       4.    The use of the singular form of any word shall include the plural and vice versa.

16                              **INSTRUCTIONS**

17       1.    In the event Defendants produce original documents for inspection and copying, such

18  production shall be as the documents are kept in the usual course of business.

19       2.    In lieu of production for inspection and copying, Defendants may produce the requested

20  documents by mail or delivery of true copies thereof to Morrison & Forester at the aforesaid address,

21  and make the originals available for inspection at a mutually agreed-upon location, during normal

22  business hours and upon reasonable notice.  The documents copied shall be copied as they are kept in

23  the normal course of business, and any titles, labels, or other descriptions on any box, folder, binder,

24  file cabinet, or other container shall be copied as well.

25       3.    Each document is to be produced, along with all non-identical copies, drafts, alterations,

26  and translations thereof, in its entirety, without abbreviations or redactions.

27       4.    If any part of a document is responsive to any of the following requests, the entire

28  document shall be produced.

1        5.   If Defendants withhold any of the requested documents from production under a claim of

2  privilege or other protection, it must serve within thirty (30) days of the service of this request a list

3  of such withheld documents ("privilege log") indicating, for each document withheld, the following

4  information if known or available to Defendants:  (i) the date composed or date appearing on the

5  document; (ii) the author; (iii) the number of pages; (iv) the number of copies made; (v) the identity

6  of all persons or entities who saw the original document or saw or received a copy of such document,

7  and the job titles of each such person; (vi) the subject matter; and (vii) the basis for claim of privilege

8  or other immunity asserted.  The privilege log should be sufficiently detailed to permit Plaintiffs to

9  determine whether to make a motion with respect thereto.

10       6.   If Defendants are aware of the existence of any requested items that they are unable to

11  produce, specify in writing and serve upon the undersigned a list indicating the identity of such

12  documents within thirty (30) days of the service of this request.  Such identification should, for each

13  such document, set forth whether the document:  (i) has been destroyed; (ii) has been lost, misplaced,

14  or stolen; or (iii) has never been, or is no longer, in the possession, custody, or control of the

15  responding party, in which case the name and address of any person or entity known or believed by

16  Defendants to have possession, custody or control of that document or category of documents should

17  be identified.  In each such instance, each Defendant is to identify the document by author, addressee,

18  date, subject matter, number of pages, attachments or appendices, all persons to whom it was

19  distributed, shown, or explained, date and manner of destruction or other disposition, the reason for

20  destruction or other disposition, and persons destroying or disposing of the document.

21       7.   If Defendants contend that any of the following requests is objectionable in whole or in

22  part, Defendants shall state with particularity each objection, the basis for it, and the categories of

23  information and documents to which the objection applies, and Defendants shall respond to the

24  request insofar as it is not deemed objectionable.

25       8.   If Defendants find the meaning of any term in these requests unclear, Defendants shall

26  assume a reasonable meaning, state what the assumed meaning is, and respond to the request

27  according to the assumed meaning.

28

1       9.   The following requests shall be deemed to be continuing.  In accordance with Federal

2   Rule of Civil Procedure 26(e), Plaintiffs request that if, after answering the requests, Defendants

3   acquire additional knowledge or information regarding documents or things responsive to the

4   requests, Defendants shall produce such documents or provide Plaintiffs with such additional

5   knowledge or information.

6       10.   Unless otherwise specified, each request calls for all documents created, received, or

7   dated between January 1, 2000 and the date of your response to the request.

8   **REQUESTS FOR PRODUCTION**

9       **PREAMBLE TO ALL REQUESTS:**  All DOCUMENTS CONCERNING any one or more

10  of the following:

11  **REQUEST FOR PRODUCTION NO. 1:**

12      Lists, databases, computer systems or printouts showing pending SCDDC claims based on

13  PTSD or mental health disorders, including, without limitation, those containing information

14  regarding the stage of proceeding (e.g., regional office, BVA, CAVC, etc.) and/or similar lists

15  maintained, generated, dated, or printed between January 1, 2000 and the present.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      Lists, databases or printouts of all resolved SCDDC claims based upon PTSD or mental health

18  disorder sorted, including, without limitation, information CONCERNING the stage of proceeding

19  (e.g., regional office, BVA, CAVC, etc.) at the time of resolution, and/or similar lists maintained,

20  generated, dated, or printed between January 1, 2000 and the present.

21  **REQUEST FOR PRODUCTION NO. 3:**

22      Circulars, directives, letters, VA Fast letters, policy directives or other written

23  COMMUNICATIONS concerning rules, procedures or practices for evaluating and/or adjudicating

24  PTSD claims.

25  **REQUEST FOR PRODUCTION NO. 4:**

26      The number of PTSD claims currently pending at each regional office of the VA, and the

27  number of days each claim has been pending starting from the original filing date.

28

1  **REQUEST FOR PRODUCTION NO. 5:**

2  The number of SCDDC claims pending at each regional office of the VA, and the number of

3  days each claim has been pending starting from the original filing date.

4  **REQUEST FOR PRODUCTION NO. 6:**

5  Beginning with the filing of a Notice of Disagreement, the number of days each PTSD claim

6  appeal has been pending starting from the original filing date.

7  **REQUEST FOR PRODUCTION NO. 7:**

8  Beginning with the filing of a Notice of Disagreement, the number of days each SCDDC

9  claim has been pending at the BVA starting from the original filing date.

10  **REQUEST FOR PRODUCTION NO. 8:**

11  Beginning with the Notice of Appeal, the number of days each SCDDC appeal has been

12  pending starting from the original filing date.

13  **REQUEST FOR PRODUCTION NO. 9:**

14  Beginning with the Notice of Appeal, the number of days each PTSD appeal has been

15  pending starting from the original filing date.

16  **REQUEST FOR PRODUCTION NO. 10:**

17  The number of days required to adjudicate PTSD claims resolved at VA regional office and

18  average time of each between 2000 and present, beginning on the date of receipt of the claim.

19  **REQUEST FOR PRODUCTION NO. 11:**

20  The number of days required to adjudicate SCDDC claims resolved at VA regional office and

21  average time of each between 2000 and present, beginning on the date of receipt of the claim.

22  **REQUEST FOR PRODUCTION NO. 12:**

23  The number of days required to decide each resolved PTSD claim appeal, beginning on the

24  date of the Notice of Disagreement, and average time, between 2000 and present.

25  **REQUEST FOR PRODUCTION NO. 13:**

26  The number of days required to decide each resolved SCDDC claim appeal, beginning on the

27  date of the Notice of Disagreement, and average time, between 2000 and present.

28

**REQUEST FOR PRODUCTION NO. 14:**

The number of days required to resolve every PTSD claim appeal to the CAVC, beginning on the filing of the Notice of Appeal, and average time between 2000 and present.

**REQUEST FOR PRODUCTION NO. 15:**

The number of days required to resolve every SCDDC claim appeal to the CAVC, beginning on the filing of the Notice of Appeal, and average time between 2000 and present.

**REQUEST FOR PRODUCTION NO. 16:**

The average number of days for VA regional offices to complete action on remands of PTSD claims from the BVA, and from the CAVC between 2000 and present.

**REQUEST FOR PRODUCTION NO. 17:**

The average number of days for VA regional offices to complete action on remands of SCDDC claims from the BVA, and from the CAVC between 2000 and present.

**REQUEST FOR PRODUCTION NO. 18:**

Examples or incidents involving a failure or delay in providing medical diagnosis or treatment to a veteran claiming he or she has PTSD, and all MEETINGS and COMMUNICATIONS CONCERNING the same, including letters to and from elected officials, veterans service officers, and the press.

**REQUEST FOR PRODUCTION NO. 19:**

COMMUNICATIONS between DEFENDANTS and the executive branch, including the Office of the President of the United States, CONCERNING VA annual budgets and/or supplemental appropriations between 2002 and present.

**REQUEST FOR PRODUCTION NO. 20:**

Policies, practices or procedures CONCERNING implementation of or compliance or noncompliance with the two-year medical care statute identified in Paragraph 91 of the Complaint.

**REQUEST FOR PRODUCTION NO. 21:**

The grant rate for PTSD claims at the regional office level, BVA, CAVC, and/or Federal Circuit between 2000 and present, with the date sorted by combined degree of disability (CDD) in increments of 10 percent from 000 to 100.

1    **REQUEST FOR PRODUCTION NO. 22:**

2    Reports, papers, research and studies CONCERNING PTSD by the National Center for Post-

3    Traumatic Stress Disorder.

4    **REQUEST FOR PRODUCTION NO. 23:**

5    The filing and/or allegations contained in the Complaint herein, and any amended complaints,

6    if any.

7    **REQUEST FOR PRODUCTION NO. 24:**

8    The discharge of soldiers from the Iraq or Afghanistan theaters of combat based upon the

9    alleged existence of a personality disorder, and policies and procedures related to personality disorder

10   discharges ("PDDs"), and all MEETINGS and COMMUNICATIONS CONCERNING the same.

11   **REQUEST FOR PRODUCTION NO. 25:**

12   COMMUNICATIONS between Defendants and the Department of the Army or the

13   Department of Defense CONCERNING the subject of personality disorder discharges.

14   **REQUEST FOR PRODUCTION NO. 26:**

15   The VA's acceptance or non-acceptance of Personality Disorder Discharges from the military

16   branches for purposes of determining a veteran's or veterans' eligibility for medical care and/or

17   SCDDC for PTSD.

18   **REQUEST FOR PRODUCTION NO. 27:**

19   The diagnosis, epidemiology, assessment, treatment, co-morbidities, treatment outcomes,

20   and/or psychopharmacology of PTSD in general and/or as handled by the VA.

21   **REQUEST FOR PRODUCTION NO. 28:**

22   The two VA-10M contracts of PTSD.

23   **REQUEST FOR PRODUCTION NO. 29:**

24   Efforts or attempts by Defendants to have PTSD removed, changed, or reclassified as a

25   disorder under any edition of the DSM and/or in any other context.

26   **REQUEST FOR PRODUCTION NO. 30:** .

27   The interpretation or application of regulations pertaining to personality disorder discharges,

28   including Army Regulation 635-200, Chapter 5-13 (Separation Because of Personality Disorder),

1   Navy Military Personnel Manual 1910-122, Marine Corps Separation and Retirement Manual

2   Chapter 6, Section 2, Subsection 6203, Air Force Regulation AFI 36-3208, or any similar DoD

3   regulations, including DoD Directive 133.2.14 (December 21, 1993).

4   **REQUEST FOR PRODUCTION NO. 31:**

5        The IDENTITY and claim files for all veterans with PTSD claims or symptoms who have

6   asserted that their consent to personality disorder discharges was not knowing or voluntary, and all

7   COMMUNICATIONS CONCERNING the same.

8   **REQUEST FOR PRODUCTION NO. 32:**

9        The complete claim files of the veterans listed on Attachment "A."

10  **REQUEST FOR PRODUCTION NO. 33:**

11       Diagnostic criteria for PTSD applied by the VA, and all changes since 2004.

12  **REQUEST FOR PRODUCTION NO. 34:**

13       Screening protocols or checklists for PTSD prepaid, received or used by the VA, and all

14  changes made since 2004.

15  **REQUEST FOR PRODUCTION NO. 35:**

16       Statistical data and reports concerning suicides or attempted suicides by veterans with PTSD

17  or other mental health disorders, the VA's policies or practices CONCERNING suicide or threatened

18  suicides, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

19  **REQUEST FOR PRODUCTION NO. 36:**

20       Survey or statistical data or reports concerning unreported or under-reported cases of PTSD or

21  mental health disorders amongst veterans and the reasons or explanations for the same.

22  **REQUEST FOR PRODUCTION NO. 37:**

23       Congressional testimony by YOU concerning PTSD and drafts, reports, correspondence,

24  summaries, and comments CONCERNING the same.

25  **REQUEST FOR PRODUCTION NO. 38:**

26       The claim files and death certificates of all veterans who have attempted suicide or committed

27  suicide since January 1, 2000.

28

1  **REQUEST FOR PRODUCTION NO. 39:**

2       The availability or lack of availability of medical care and treatment for veterans with

3  symptoms of or a diagnosis of PTSD or other mental disorders at each VA outpatient clinic and

4  hospital.

5  **REQUEST FOR PRODUCTION NO. 40:**

6       Protocols and procedures for the exchange of information between the VBA and the VHA

7  CONCERNING veterans filing SCDDC claims based on PTSD, and all MEETINGS and

8  COMMUNICATIONS CONCERNING the same.

9  **REQUEST FOR PRODUCTION NO. 41:**

10       Assessments, audits, analyses, critiques or evaluations of the VHA's health care system for

11  PTSD and other mental health disorders.

12  **REQUEST FOR PRODUCTION NO. 42:**

13       The incidence and manifestations of PTSD or mental health disorders amongst members of

14  the Reserves called to active duty in Iraq or Afghanistan, including, without limitation, veterans'

15  under VA or private care, and YOUR tracking of medical problems experienced by members of the

16  Reserves who served in OEF/OIF.

17  **REQUEST FOR PRODUCTION NO. 43:**

18       The complete investigation and prosecution files regarding Lawrence Gottfried and Jill

19  Rygalski, as identified in Paragraphs 231 and 232 of the Complaint, and any other persons known or

20  suspected to have tampered with or destroyed any document or portion of a veteran's claim file.

21  **REQUEST FOR PRODUCTION NO. 44:**

22       The IDENTITY of all veterans whose claims were affected by the illegal actions of Lawrence

23  Gottfried or Jill Rygalski, as described in the Complaint, and the claim files of each.

24  **REQUEST FOR PRODUCTION NO. 45:**

25       The complete investigation files of the Department of Justice and the VA relating to Jill

26  Rygwalski and Lawrence Gottfried, and any similar investigations of other VA employees.

27

28

**REQUEST FOR PRODUCTION NO. 46:**

The complete investigation and prosecution files of all other VA employees known or suspected to have tampered with or destroyed documents in VA claim files.

**REQUEST FOR PRODUCTION NO. 47:**

Regarding bonuses to management level VA employees, the bonus amounts, names of recipients, dates of awards, supporting justifications of awards, and name of person who signed the approval of award between 2002 and present.

**REQUEST FOR PRODUCTION NO. 48:**

The criteria for the award of incentive bonuses to VA employees and productivity or performance goals, standards, data, and reports.

**REQUEST FOR PRODUCTION NO. 49:**

The minimum qualifications for each class or type of VA mental health specialist or professional.

**REQUEST FOR PRODUCTION NO. 50:**

Errors or erroneous practices regarding the tracking or recording of dates CONCERNING veteran health care appointments as shown in the Patient Appointment Information System, all corrections made thereto, and MEETINGS and COMMUNICATIONS CONCERNING the same.

**REQUEST FOR PRODUCTION NO. 51:**

All data fields, definitions, and operational manuals CONCERNING databases used by the VA relating to the adjudication of PTSD claims including, without limitation, any and all original claims, appeals at regional offices, appeals at the BVA, appeals to the CAVC, and the delivery of health care to veterans at VA hospitals or outpatient clinics.

**REQUEST FOR PRODUCTION NO. 52:**

All data fields, definitions, and operational manuals CONCERNING databases used by the VA regarding the timing and disposition of veteran appeals by the BVA, including, without limitation, the Veterans Appeals Control and Locator System.

1  **REQUEST FOR PRODUCTION NO. 53**:

2  Patterns or examples of abuse of the VA's record purpose disallowance procedure, and all

3  MEETINGS and COMMUNICATIONS CONCERNING the same.

4  **REQUEST FOR PRODUCTION NO. 54**:

5  Record purpose disallowances or any denial of a SCDDC claim based upon the claimant's

6  failure to provide information requested by the VA within a specified time period.

7  **REQUEST FOR PRODUCTION NO. 55**:

8  Studies, audits, or reports CONCERNING problems or issues associated with remands of

9  SCDDC claims by the BVA or CAVC, including, without limitation, delays or improper claim

10  development by VA regional offices, failing to address and correct continuing failures of the regional

11  offices to make the same or similar errors, and the issue of multiple remands respecting the same

12  claim or same veteran.

13  **REQUEST FOR PRODUCTION NO. 56**:

14  Allegations or evidence of retaliation against VA employees or witnesses, including, without

15  limitation, any release of information or speech activities CONCERNING the VA, medical care and

16  treatment for veterans or the adjudication of SCDDC claims.

17  **REQUEST FOR PRODUCTION NO. 57**:

18  The institution or conduct of special or supplemental reviews of SCDDC claims by the VA

19  Central Office, including reviews of approvals of grant or denial of service connection for PTSD or

20  TDIU, "second signature" requirements, or special review of prior grants of service connection, and

21  all MEETINGS and COMMUNICATIONS CONCERNING the same.

22  **REQUEST FOR PRODUCTION NO. 58**:

23  Document preservation instructions and measures based upon the filing of this action, any

24  reported violations of such instructions or measures, and all COMMUNICATIONS CONCERNING

25  the same.

26  **REQUEST FOR PRODUCTION NO. 59**:

27  Congressional inquiries regarding the care or treatment of SCDDC claims of veterans with

28  PTSD or mental health disorders and all responses to the same.

1    **REQUEST FOR PRODUCTION NO. 60:**

2        Any analysis of possible measures to reduce VA budget outlays for SCDDC and/or mental

3    health care, including re-review of previously granted SCDDC or PTSD claims, and changes in

4    eligibility, substantive requirements or rating criteria.

5    **REQUEST FOR PRODUCTION NO. 61:**

6        Instances of alleged or confirmed misconduct or improper actions by a VA employee,

7    regarding productivity, production or timeliness respecting a veteran or a veteran's claim, including,

8    without limitation, dismissals or disciplinary action taken.

9    **REQUEST FOR PRODUCTION NO. 62:**

10       Disputes between any Union and the VA concerning alleged misconduct regarding the

11   productivity, production and timeliness of VA employees.

12   **REQUEST FOR PRODUCTION NO. 63:**

13       Changes or proposed changes in the requirements or rules for attorneys or agents to practice

14   before the VA, BVA or CAVC, and all MEETINGS and COMMUNICATIONS CONCERNING the

15   same.

16   **REQUEST FOR PRODUCTION NO. 64:**

17       The VA's investigation and actions taken in response to claims of malpractice or other

18   veterans' complaints about service officers or representatives.

19   **REQUEST FOR PRODUCTION NO. 65:**

20       The VA's central office's supervision, statistical analysis of, or monitoring of grants of

21   service connection for PTSD and appeals of PTSD grant decision or requests for increased ratings at

22   its regional offices and all actions taken with respect to regional offices exhibiting higher than

23   average grant rates or any perceived statistical abnormalities.

24   **REQUEST FOR PRODUCTION NO. 66:**

25       The substantive content of application and problems experienced with the Clinician's Guide

26   provisions regarding PTSD, including, without limitation, Chapter 14 regarding PTSD.

27

28

**REQUEST FOR PRODUCTION NO. 67:**

The production or productivity standards, goals, or requirements for personnel involved in deciding SCDDC claims at regional offices and at the BVA, and for employees assigned to provide health care for veterans and all MEETINGS and COMMUNICATIONS CONCERNING the same.

**REQUEST FOR PRODUCTION NO. 68:**

Studies, reports, analyses, or predictions of the number and percentages of existing and future veterans from OEF/OIF likely to file SCDDC and or PTSD claims.

**REQUEST FOR PRODUCTION NO. 69:**

Studies, reports, analyses or predictions of the numbers and percentages of veterans from OEF/OIF likely to seek health care for PTSD or other mental health disorders.

**REQUEST FOR PRODUCTION NO. 70:**

The adequacy of past, present and future staffing levels at the DVB and VHA to handle anticipated numbers of returned or returning OEF/OIF veterans, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

**REQUEST FOR PRODUCTION NO. 71:**

Reports, studies, information and examples of the issuance of less than honorable discharges to soldiers exhibiting symptoms of PTSD or mental health disorders by the armed services, and/or their eligibility for SCDDC and VA medical care.

**REQUEST FOR PRODUCTION NO. 72:**

Any link between PTSD and violent or illegal behavior or conduct by soldiers, including reports, studies, information and examples.

**REQUEST FOR PRODUCTION NO. 73:**

Data CONCERNING the incidence of, estimates, projections or instances of suicides and attempted suicides amongst OIF/OEF veterans.

**REQUEST FOR PRODUCTION NO. 74:**

MEETINGS and COMMUNICATIONS within the VA or between the VA and any third party CONCERNING the June 2007 Report of the Department of Defense Task Force on Mental Health.

1    **REQUEST FOR PRODUCTION NO. 75:**

2        The DOLE/SHALALA REPORT, and all MEETINGS and COMMUNICATIONS

3    CONCERNING the same.

4    **REQUEST FOR PRODUCTION NO. 76:**

5        Those DOCUMENTS that mention Plaintiffs or Plaintiffs' Counsel.

6    **REQUEST FOR PRODUCTION NO. 77:**

7        The DoD Task Force On Mental Health dated June 2007, and all COMMUNICATIONS and

8    MEETINGS CONCERNING the same.

9    **REQUEST FOR PRODUCTION NO. 78:**

10        Reports I, II, III and IV of the Mental Health Advisory Team (MHAT) for OEF and/or OIF by

11    the office of the Surgeon General and all COMMUNICATIONS CONCERNING the same.

12    **REQUEST FOR PRODUCTION NO. 79:**

13        COMMUNICATIONS and MEETINGS between the Defendants and the Department of

14    Medicine CONCERNING PTSD or its medical definition, symptoms, rating, diagnosis, or treatment.

15    **REQUEST FOR PRODUCTION NO. 80:**

16        Plans or proposals to privatize medical care for veterans in general or for PTSD and/or mental

17    health disorders, and all COMMUNICATIONS CONCERNING the same.

18    **REQUEST FOR PRODUCTION NO. 81:**

19        COMMUNICATIONS and MEETINGS of the VA's Seamless Transition Task Force also

20    known as Task Force on Seamless Transition, as well as minutes, reports, surveys, recommendations,

21    opinions, projects and working files, and all MEETINGS and COMMUNICATIONS

22    CONCERNING the same.

23    **REQUEST FOR PRODUCTION NO. 82:**

24        COMMUNICATIONS and MEETINGS between the Defendants and the Congress, other

25    members of the Bush Administration and/or the VAIG CONCERNING actual or predicted budget

26    deficits and/or supplemental appropriations for FY 2005, FY 2006, or FY 2007.

27

28

1  **REQUEST FOR PRODUCTION NO. 83:**

2      Consultant or third-party studies, evaluations or reports CONCERNING mental health

3  services for veterans, including, but not limited to, services for PTSD, current patient load, claim load

4  and costs, as well as projected patient load, claim load and costs, and all MEETINGS and

5  COMMUNICATIONS CONCERNING the same.

6  **REQUEST FOR PRODUCTION NO. 84:**

7      COMMUNICATIONS and MEETINGS between DEFENDANTS and Altarum Institute of

8  Ann Arbor, Michigan CONCERNING mental health services for veterans.

9  **REQUEST FOR PRODUCTION NO. 85:**

10      PTSD studies and evaluations of PTSD regulations conducted by the Institute of Medicine

11  and all COMMUNICATIONS and MEETINGS regarding the same.

12  **REQUEST FOR PRODUCTION NO. 86:**

13      Rules, practices, regulations, or guidelines CONCERNING how the VA addresses conflicting

14  diagnoses or opinions between doctors or medical personnel employed by the VBA and the VHA

15  regarding a diagnosis of a mental disorder, including PTSD, and MEETINGS and

16  COMMUNICATIONS CONCERNING the same.

17  **REQUEST FOR PRODUCTION NO. 87:**

18      COMMUNICATIONS and MEETINGS between Defendants and the Veterans Disability

19  Benefits Commission CONCERNING SCDDC, medical care for veterans, PTSD or the content of

20  the Commission's Reports.

21  **REQUEST FOR PRODUCTION NO. 88:**

22      The Veterans Disability Benefits Commission Report entitled "Honoring the Call to Duty,"

23  and all COMMUNICATIONS CONCERNING the report and/or its recommendations.

24  **REQUEST FOR PRODUCTION NO. 89:**

25      COMMUNICATIONS and MEETINGS CONCERNING the following GAO reports:

26

27

28

| GAO REPORT # | DATE |
|---|---|
| GAO-02-806 | August 2, 2002 |
| GAO-05-125 | February 2005 |
| GAO-05-287 | February 2005 |
| GAO-05-160 | March 2005 |
| GAO-05-444T | March 17, 2005 |
| GAO-05-1052T | September 28, 2005 |
| GAO-06-207T | October 27, 2005 |
| GAO-06-149 | December 9, 2005 |
| GAO-06-362 | March 31, 2006 |
| GAO-06-397 | May 2006 |
| GAO-06-794R | June 30, 2006 |
| GAO-06-119T | September 28, 2006 |
| GAO-07-66 | November 2006 |
| GAO-07-98 | December 2006 |
| GAO-07-410R | May 16, 2007 |
| GAO-07-906R | May 25, 2007 |
| GAO-07-985T | June 12, 2007 |
| Testimony (DoD and VA Observations on Efforts to Improve Health Care and Disability Evaluations for Returning Servicemembers) | September 26, 2007 |

**REQUEST FOR PRODUCTION NO. 90:**

COMMUNICATIONS and MEETINGS CONCERNING the following VA Inspector General reports:

| OIG REPORT # | DATE |
|---|---|
| Rpt. #01-02124-71 | March 21, 2002 |
| Rpt. # 04-02499-63 | January 6, 2005 |
| Rpt. # 04-02974-90 | February 25, 2005 |
| Rpt. # 04-03359-105 | March 16, 2005 |
| VAOIG Semiannual Report to Congress | April 1, 2005-September 30, 2005 |
| Rpt. # 05-00765-137 | May 19, 2005 |
| Rpt. # 05-00839-156 | June 24, 2005 |
| Rpt. # 05-01226-211 | September 29, 2005 |
| Rpt. # 05-02531-18 | November 3, 2005 |
| Rpt. # 05-01838-41 | December 8, 2005 |
| Rpt. # 06-00012-49 | January 5, 2006 VA |
| Rpt. # 05-02926-64 | January 30, 2006 |
| Rpt. # 05-00734-67 | January 31, 2006 |
| Rpt. # 05-01229-71 | February 2, 2006 |
| Rpt. #05-03053-77 | February 3, 2006 |
| Rpt. # 05-01514-96 | March 3, 2006 |
| Rpt. # 05-03219-103 | March 14, 2006 |
| VAOIG Semiannual Report to Congress | April 1, 2006-September 30, 2006 |
| Rpt. # 06-00511-131 | April 17, 2006 |
| Rpt. # 05-03096-137 | May 2, 2006 |
| Rpt. #05-01818-165 | July 12, 2006 |
| Rpt. # 05-03281-168 | July 17, 2006 |
| Rpt. # 06-00741-173 | July 21, 2006 |
| Rpt. # 05-01232-174 | July 24, 2006 |

| OIG REPORT # | DATE |
|---|---|
| Rpt. #05-3571-187 | August 11, 2006 |
| Rpt. # 06-01706-209 | September 14, 2006 |
| Rpt. # 06-00008-237 | September 29, 2006 |
| Rpt. # 06-03479-07 | October 19, 2006 |
| Rpt. # 06-01721-32 | November 27, 2006 |
| Rpt. # 07-00641-40 | December 6, 2006 |
| Rpt. # 06-01133-39 | December 8, 2006 |
| Rpt. # 06-02822-45 | December 15, 2006 |
| Rpt. # 07-00157-97 | March 14, 2007 |
| Rpt. # 07-01349-127 | May 10, 2007 |
| Rpt. # 07-00616-199 | September 10, 2007 |
| Rpt. #07-00616-199 | September 10, 2007 |

**REQUEST FOR PRODUCTION NO. 91:**

The interpretation and application of the Medical Care Statute as defined in Paragraph 91 of the Complaint, and procedures, policies, guidelines and MEETINGS CONCERNING the same.

**REQUEST FOR PRODUCTION NO. 92:**

Record retrieval problems and delays relating to the DVA's request of records from the U.S. Army and Joint Services Records Research Center and other federal agencies or sources in connection with SCDDC or PTSD claims.

**REQUEST FOR PRODUCTION NO. 93:**

The standards, requirements and time frame for the conduct of a Compensation and Pension examination, as described in paragraphs 98-99 of the Complaint.

1  **REQUEST FOR PRODUCTION NO. 94:**

2        The organizational tree or structure of the DVA, including the DVB, NCA (National

3  Cemetery Association), Readjustment Counseling Services, VBA, BVA, each outpatient clinic or

4  hospital, and the IDENTITY of each person holding each position.

5  **REQUEST FOR PRODUCTION NO. 95:**

6        Shortcomings, deficiencies, problems, or comments CONCERNING the Rating Guide and/or

7  its application to PTSD claims, and all MEETINGS and COMMUNICATIONS CONCERNING the

8  same.

9  **REQUEST FOR PRODUCTION NO. 96:**

10        The number of appeals, and percentage of claimants seeking a hearing at each stage of the

11  Complete Claim Cycle Period, as defined in the Complaint, starting with the Regional Office.

12  **REQUEST FOR PRODUCTION NO. 97:**

13        The number and percentage of SCDDC and PTSD claims remanded by the BVA and CAVC

14  between 2000 and present.

15  **REQUEST FOR PRODUCTION NO. 98:**

16        The number and content of subpoenas and/or subpoenas *duces tecum* issued by the VA, and

17  the percentage of claims where subpoenas were issued between 2000 and present.

18  **REQUEST FOR PRODUCTION NO. 99:**

19        Audit reports for each regional office, outpatient clinic and hospital, and MEETINGS and

20  COMMUNICATIONS CONCERNING the same.

21  **REQUEST FOR PRODUCTION NO. 100:**

22        COMMUNICATIONS and MEETINGS between Defendants and staff or members of the

23  House or Senate Veterans Affairs Committees CONCERNING PTSD, SCDDC, the rating guide,

24  health care for veterans, personality disorder discharges, suicide, and/or adjudication or health care

25  system delay.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 101:**

2  Instances in which Defendants failed to spend funds appropriated by Congress for mental

3  health care and services or medical care for veterans, including, without limitation, the dates,

4  amounts, and totals.

5  **REQUEST FOR PRODUCTION NO. 102:**

6  Suicide prevention, detection, screening, and/or treatment programs administered by YOU or

7  under contract with YOU.

8  **REQUEST FOR PRODUCTION NO. 103:**

9  The military records and VA claim files of all veterans known by you to have committed

10  suicide, including, but not limited to any of the veterans listed on Attachment "A" whose names are

11  followed by an asterisk.

12  **REQUEST FOR PRODUCTION NO. 104:**

13  The military service and medical records of all military personnel who received personality

14  disorder discharges between January 1, 2000 and present.

15  **REQUEST FOR PRODUCTION NO. 105:**

16  Studies, analyses, or discussion of the effect of any VA strategic, program, or policy decisions

17  or alternatives upon the VA budget, and all MEETINGS and COMMUNICATIONS CONCERNING

18  the same.

19  **REQUEST FOR PRODUCTION NO. 106:**

20  The VA's Monthly Performance Reviews from January 1, 2002 to the present.

21  **REQUEST FOR PRODUCTION NO. 107:**

22  Projections, estimates, scenarios, or discussions of the expected changes in the veteran

23  population as a result of OEF/OIF, including, without limitation, projected impacts upon the VA

24  budget, adjudication system, and health care delivery system, and all MEETINGS and

25  COMMUNICATIONS CONCERNING the same.

26

27

28

**REQUEST FOR PRODUCTION NO. 108:**

Past, present and future staffing and hiring plans for mental health services for veterans, including, without limitation, VA regional offices, VA medical centers and outpatient clinics, and unfilled positions and all MEETINGS and COMMUNICATIONS CONCERNING the same.

**REQUEST FOR PRODUCTION NO. 109:**

Time frames and/or delays for obtaining stressor verification information regarding PTSD claims such as deck logs from the Naval Historical Society or military records from the Armed Services or other repositories.

**REQUEST FOR PRODUCTION NO. 110:**

DOCUMENTS that mention any of the authorities in the Appendix to the Complaint. *See* Complaint pp. 70-73.

**REQUEST FOR PRODUCTION NO. 111:**

DOCUMENTS received by or authored by David Chu, Under Secretary for Personnel and Readiness, U.S. Department of Defense, respecting any proposed reduction of veterans' and retirees' benefits and/or increases in weapon programs, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

**REQUEST FOR PRODUCTION NO. 112:**

Names and the IDENTITY of all Iraq and Afghanistan veterans as maintained as part of the Gulf War Master Record.

**REQUEST FOR PRODUCTION NO. 113:**

The lists, compilations, printouts, or files showing the IDENTITY of Iraq and Afghanistan war veterans as compiled by the DoD and/or VA between 2000 and present.

**REQUEST FOR PRODUCTION NO. 114:**

Death certificates for all deceased Iraq and Afghanistan veterans whose cause of death or contributory cause of death is listed as suicide.

**REQUEST FOR PRODUCTION NO. 115:**

Copies of all death certificates for veterans, as shown in dependency and indemnity compensation portion of the CPMR (the Compensation and Pension Service Master Record),

1  including, without limitation, active and terminated records, where such certificates show suicide or

2  possible suicide as a cause or contributing cause of death.

3  **REQUEST FOR PRODUCTION NO. 116:**

4  Projections prepared by Price Waterhouse Coopers, YOUR budget staff, or other contractors

5  CONCERNING the past, present and/or future number, type, diagnosis, and expenditures associated

6  with OIF and OEF and SCDDC and/or PTSD claims.

7  **REQUEST FOR PRODUCTION NO. 117:**

8  Data and information concerning PTSD claims and/or claimants or recipients as stored in the

9  VETSNET computer system.

10  **REQUEST FOR PRODUCTION NO. 118:**

11  The IDENTITY of all active service members from OIF/OEF that have committed suicide.

12  **REQUEST FOR PRODUCTION NO. 119:**

13  A list of all active armed services suicides and computer printouts showing the IDENTITY of

14  soldiers serving in Iraq and/or Afghanistan and a list of servicemembers or survivors receiving

15  Service Member Group Life Insurance.

16  **REQUEST FOR PRODUCTION NO. 120:**

17  Surveys, data, studies, compilations, or analyses of information CONCERNING mental

18  health problems or disorders amongst OIF and OEF veterans or soldiers.

19  **REQUEST FOR PRODUCTION NO. 121:**

20  VA Monthly Performance Reviews prepared by the Office of Performance Analysis and

21  Integrity between 2000 and present.

22  **REQUEST FOR PRODUCTION NO. 122:**

23  Minutes, summaries, memoranda, and videotapes of regional office director MEETINGS and

24  teleconferences, and/or the Office of Field Operations.

25  **REQUEST FOR PRODUCTION NO. 123:**

26  COMMUNICATIONS and MEETINGS CONCERNING the August 21, 2007 Litigation

27  Hold Memo, including, without limitation, e-mails or other COMMUNICATIONS sent to Michael

28

1    G. Daugherty or Christopher McNamee regarding good faith cost estimates and other information

2    and responses thereto.

3    **REQUEST FOR PRODUCTION NO. 124:**

4           Allegations, statements, reports, charges or discussions of whether or not the VA applies or

5    has claim processing quotas for adjudication personnel or quotas or other limitations upon the grant

6    of SCDDC for PTSD or other disabilities or conditions.

7    **REQUEST FOR PRODUCTION NO. 125:**

8           Reports, drafts, correspondence, analyses and other COMMUNICATIONS CONCERNING

9    studies prepared by the Institute for Defense Analyses and/or David Hunter or VA disability or

10   SCDDC payments, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

11   **REQUEST FOR PRODUCTION NO. 126:**

12          The working files and computer files, including, without limitation, e-mails of all witnesses

13   listed in the Initial Disclosures of any parties who are or become the subject of deposition notices

14   and/or subpoenas in this action.

15   **REQUEST FOR PRODUCTION NO. 127:**

16          The success rates for VA claims and appeals to the BVA, CAVC, and/or Federal Circuit for

17   claimants representing themselves compared to claimants represented by veterans service officers,

18   agents, and attorneys.

19   **REQUEST FOR PRODUCTION NO. 128:**

20          Those documents identified in Section B of your initial disclosures dated October 18, 2007.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Case No. C-07-3758-SC
VCS and VUFT's First Set of Requests for Production of Documents
wc-134178

27

1   **REQUEST FOR PRODUCTION NO. 129:**

2      Those documents responsive to these requests that are maintained in the personal or working

3 files of each witness listed on Defendants Initial Disclosures dated October 18, 2007.

4 Dated: October 19, 2007           GORDON P. ERSPAMER
5                                    ARTURO J. GONZALEZ
                                   HEATHER A. MOSER
6                                    BILL D. JANICKI
                                   STACEY M. SPRENKEL
7                                    MORRISON & FOERSTER LLP

8               By: _____
9                           Gordon P. Erspamer

10                        Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-07-3758-SC
VCS and VUFT's First Set of Requests for Production of Documents
wc-134178                                                           1

1

**CERTIFICATE OF SERVICE**

2       I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is
3   101 Ygnacio Valley Road, Suite 450, California 94596.  I am not a party to the within cause, and I
    am over the age of eighteen years.

4       I further declare that on the date hereof, I served a copy of:

5   **VETERANS FOR COMMON SENSE AND VETERANS UNITED FOR TRUTH, INC.'S**
    **FIRST AMENDED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
6   **TO ALL DEFENDANTS**

7   ☐   BY FACSIMILE [Code Civ. Proc sec. 1013(e)] by sending a true copy from
        Morrison & Foerster LLP's facsimile transmission telephone number (925) 946-
8       9912 to the fax number(s) set forth below, or as stated on the attached service list.
        The transmission was reported as complete and without error.  The transmission
9       report was properly issued by the transmitting facsimile machine.

10      I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile
        transmissions, and know that in the ordinary course of Morrison & Foerster LLP's
11      business practice the document(s) described above will be transmitted by
        facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP
12      for transmission.

13  ☒   BY U.S. MAIL [Code Civ. Proc sec. 1013(a)] by placing a true copy thereof
        enclosed in a sealed envelope with postage thereon fully prepaid, addressed as
14      follows, for collection and mailing at Morrison & Foerster LLP, 101 Ygnacio
        Valley Road, Walnut Creek, California  94596-8130 in accordance with
15      Morrison & Foerster LLP's ordinary business practices.  I am readily familiar with
        Morrison & Foerster LLP's practice for collection and processing of
16      correspondence for mailing with the United States Postal Service, and know that
        in the ordinary course of Morrison & Foerster LLP's business practice the
17      document(s) described above will be deposited with the United States Postal
        Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP
18      with postage thereon fully prepaid for collection and mailing.

19  ☐   BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)] by placing a true
        copy thereof enclosed in a sealed envelope with delivery fees provided for,
20      addressed as follows, for collection by UPS, at 101 Ygnacio Valley Road, Walnut
        Creek, California  94596-8130 in accordance with Morrison & Foerster LLP's
21      ordinary business practices.

22      I am readily familiar with Morrison & Foerster LLP's practice for collection and
        processing of correspondence for overnight delivery and know that in the
23      ordinary course of Morrison & Foerster I LLP's business practice the document(s)
        described above will be deposited in a box or other facility regularly maintained
24      by UPS or delivered to an authorized courier or driver authorized by UPS to
        receive documents on the same date that it (they) is are placed at Morrison &
        Foerster LLP for collection.

25  ☐   BY PERSONAL SERVICE [Code Civ. Proc sec. 1011] by placing a true copy
        thereof enclosed in a sealed envelope addressed as follows for collection and
26      delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of
        the document(s) listed above to the person(s) at the address(es) set forth below.
27
        I am readily familiar with Morrison & Foerster LLP's practice for the collection
28      and processing of documents for hand delivery and know that in the ordinary

course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

Please note: If you check this box, you must follow up the next business day with an amended proof containing the name and signature of the person actually effecting service. This amended proof must be filed with the court.

☒ BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6] by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

**Steven Y. Bressler, Esq.**
**Trial Attorney, Civil Division, Federal Programs Branch**
**United States Department of Justice**
**P.O. Box 883**
**Washington, DC  20044**

Executed at Walnut Creek, California, this 19th day of October.

_____
Jill Haskins

# ATTACHMENT A

*Veterans for Common Sense et al. v. Nicholson et al.*
No. C 07 3758, U.S.D.C. (N.D. Cal. 2007)

# ATTACHMENT A

Please Note:  The asterisk ("*") symbol, as applied below, indicates
the individual has committed suicide.

| Fname | Lname | City | State |
|---|---|---|---|
| David | Adams | near Chicago | IL |
| Susan | Avila-Smith | | |
| Justin | Bailey* | Los Angeles | CA |
| Chris | Bain | | |
| Fred | Ball | Camp Pendleton | CA |
| Debra | Banaszak* | Iraq | |
| Douglas | Barber* | | AL |
| Sargent | Binkley | Los Altos | CA |
| Jesus | Bocanegra | McAllen | TX |
| Jerry | Boler | Caledonia | MI |
| Howard | Books | Stacy | MN |
| Zachary | Bowen* | New Orleans | |
| Timothy | Bowman* | | IL |
| Edward | Brabazon* | Iraq | |
| Michael | Bramer* | | NC |
| Greg | Braun* | | WI |
| Jeffrey | Braun* | Iraq | |
| Kate | Bulson | Muskegon | MI |
| Charles | Call* | | WV |
| Dominic | Campisi* | | PA |
| Keri | Christensen | near Denver | CO |
| Don | Clinger | Jacksonville | NC |
| James Curtis | Coon* | Walter Reed | |
| John | Cooney | Jacksonville | NC |
| Jason | Cooper* | Des Moines | IA |
| Richard | Corcoran* | Fort Bragg | |
| Justin | Covert* | Butler Township | OH |
| Darryl | Coyes | Mesa | AZ |
| Jeans | Cruz | Bronyes | NY |
| Chris | Dana* | Montana | |
| Gloria | Davis* | | |
| Robert | Decouteaux* | | NY |
| Brock | Delcambre* | New Iberia | LA |
| Ken | Dennis* | Renton | WA |
| Zack | Dick | Somerset | KY |
| Michael | Dickey* | | |
| James | Dinella | near Chicago | IL |

*Veterans for Common Sense et al. v. Nicholson et al.*
No. C 07 3758, U.S.D.C. (N.D. Cal. 2007)

## ATTACHMENT A

Please Note:  The asterisk ("*") symbol, as applied below, indicates
the individual has committed suicide.

| Fname | Lname | City | State |
|---|---|---|---|
| Josh | Dobbelstein | near Chicago | IL |
| Mark Stephen | Dobson* | Iraq | |
| Kevin | Elmer* | Lafayette | LA |
| David | Fickel* | | MN |
| John R. | Fish* | Paso Robles | CA |
| Brandon | Floyd* | Fort Bragg | |
| Chris | Forcum* | | OR |
| John | Frasso* | Nescopeck | PA |
| Brandon | Floyd | Fort Bragg | |
| Chris | Forcum | | OR |
| Keli | Frasier | Clifton | CO |
| Leslie | Frederick* | Tacoma | |
| Brian | Frost* | Torrington | CT |
| Christopher | Gearhart | Cape Coral | FL |
| Mary | Gentile* | Lacey | WA |
| Ann | Gholz | Vancouver | WA |
| Michael | Gold | Barrington | VT |
| Julian | Goodrum | Knoyesville | TN |
| Michael | Goss | Corpus Christi | TX |
| Curtis | Greene* | Fort Riley | |
| Eric Ryan | Grossman* | | CA |
| David | Guindon* | Manchester | NH |
| Marshall | Gutierrez* | | |
| Robert | Guy* | Iraq | |
| Byron | Hancock | Bryan | TX |
| Jason | Harvey | | |
| Kyle | Hemauer* | Afghanistan | |
| Derek | Henderson* | Louisville | KY |
| Jeffrey | Henthorn* | Iraq | |
| Frank | Herrman | Chestnut Ridge | NY |
| William | Howell* | | CO |
| Kristiaan | Hughes | Fort Knoyes | KY |
| Robert | Hunt* | Houston | |
| Rebecca | Jarabek* | Youngstown | OH |
| James | Jenkins* | San Diego | |
| Adam | Kelly* | Las Vegas | NV |
| Bill | Keyes | Albany | NY |
| Denise | Lannaman* | Queens | NY |

*Veterans for Common Sense et al. v. Nicholson et al.*
No. C 07 3758, U.S.D.C. (N.D. Cal. 2007)

## ATTACHMENT A

Please Note:  The asterisk ("*") symbol, as applied below, indicates
the individual has committed suicide.

| Fname | Lname | City | State |
|---|---|---|---|
| Josh | Lansdale | Kansas City | MO |
| Ryan | LeCompte | Lower Brule | SD |
| Samuel | Lee* | Iraq | |
| Jeffrey | Lehner* | | CA |
| Steven Michael | Logan* | | DE |
| Aleyes | Lotero | Miami | FL |
| Jeffrey | Lucey* | Belcher | MA |
| Jacob | Martin | | |
| Kevin | McCarty* | | |
| Andre | McDaniel* | Colorado Springs | CO |
| Brian | McKeehan* | Fort Eustis | |
| James | Melchor* | Portsmouth | VA |
| Brent | Messick | Salt Lake | UT |
| Dylan | Meyer* | Augusta | GA |
| Linda | Michel* | [near Albany] | NY |
| Chad | Miller | | |
| Eric | Miller | Lancaster | SC |
| James Blake | Miller | Pike County | KY |
| John | Miner | | VT |
| Willy James | Moore* | Pascagoula | MI |
| Nicholas | Morin | Temecula | CA |
| Tom | Nevins | Ahwatukee Foothills | AZ |
| Bill | Nichols | Jacksonville | NC |
| Rigoberto | Nieves* | Fort Bragg | |
| Joshua | Omvig* | Grundy Center | IA |
| Walter | Padilla* | Colorado Springs | CO |
| Mike | Parker | | |
| David | Payne* | Norman | OK |
| Michael | Pelkey* | Fort Sill | OK |
| Abbie | Pickett | | WI |
| Noah Charles | Pierce* | | |
| Javier | Pina | Linden | CA |
| Deyester | Pitts | Louisville | KY |
| Georg-Andreas | Pogany | | |
| David | Potter* | Iraq | NCW |
| William Neal | Price* | Ogden [Ft. Riley] | KS |

*Veterans for Common Sense et al. v. Nicholson et al.*
No. C 07 3758, U.S.D.C. (N.D. Cal. 2007)

# ATTACHMENT A

Please Note:  The asterisk ("*") symbol, as applied below, indicates
the individual has committed suicide.

| Fname | Lname | City | State |
|---|---|---|---|
| Tina | Priest* | Iraq | |
| Bernardo | Ratliff* | Columbus | OH |
| Brandon | Ratliff | Columbus | OH |
| Brian Jason | Rand* | Jacksonville | NC |
| Andres | Raya* | | CA |
| Saxxon | Rech* | Lynden | WA |
| Jessica | Rich* | | CO |
| Adrian | Richard | | LA |
| Benny | Riggins* | | |
| Sean | Rodriguez-Street | Camp Pendleton | CA |
| John | Ruocco* | Camp Pendleton | CA |
| O.J. John B. | Santa Maria | Daly City | CA |
| Rob | Sarra | | |
| Mike | Saye | Mesa | AZ |
| Gary | Scaggs | Louisville | KY |
| Jason | Scheuerman* | | |
| Jacob | Schick | Gretna | LA |
| Donald Louis | Schmidt | Chillicothe | Ill. |
| Jonathon | Schulze* | | MN |
| Jeremy | Seeley* | | KY |
| Stephen | Sherwood* | Fort Collins | CO |
| Stephen | Sirko* | | |
| Jeffrey | Sloss* | | SC |
| Corey | Small* | Iraq | |
| Richard | Smith | Tehachapi | CA |
| Walter | Smith | Tooele | UT |
| Alexis | Soto-Ramirez* | Walter Reed | |
| Thomas | Stroh* | Fort Lewis | WA |
| Joseph | Suell* | Iraq | |
| Suzanne | Swift | Fort Lewis | WA |
| Paul | Thurman | | |
| Michael | Torok* | | IL |
| Jon | Town | Findlay | OH |
| Richard | Tugwell | Hampton | VA |
| Andrew | Velez* | Afghanistan | |
| Travis | Virgadamo* | Las Vegas | NV |
| Kenneth | Wagner | Highland Springs | VA |

*Veterans for Common Sense et al. v. Nicholson et al.*
No. C 07 3758, U.S.D.C. (N.D. Cal. 2007)

## ATTACHMENT A

Please Note:  The asterisk ("*") symbol, as applied below, indicates
the individual has committed suicide.

| Fname | Lname | City | State |
|---|---|---|---|
| Allen | Walsh | Tucson | AZ |
| Mark | Warren* | Iraq | |
| William Ellery | Weiss* | San Diego | CA |
| Colonel Ted | Westhusing* | Biap | Iraq |
| Boyd | Wicks, Jr.* | Wilmington | DE |
| Kyle | Williams* | | AZ |
| Jeremy | Wilson* | [Fort Carson] | CO |
| Crystal | Witte | Florence | CO |
| Donald Wade | Woodward* | Lancaster | PA |