PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0693
Facsimile: (202) 616-8460
Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. Gordon Mansfield, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Micheal B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, <br><br>Plaintiffs, <br><br>v. <br><br>Hon. GORDON H. MANSFIELD, Secretary of Veterans Affairs, *et al.*, <br><br>Defendants. | No. C 07-3758-SC <br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TO HALT RULE 30(b)(6) DEPOSITION AND BAR ADDITIONAL DOCUMENT REQUESTS** <br><br>Date: December 28, 2007 <br>Time: 10:00 a.m. <br>Courtroom: 1 |

Pursuant to Rule 26(c), Fed. R. Civil P., defendants move for a protective order, barring plaintiffs from taking a Rule 30(b)(6) deposition until the Court rules on defendants' pending Motion to Dismiss. The basis for this motion is set forth in the attached Memorandum of Points and Authorities. A Proposed Order is included.

Case No. C 07-3758-SC
Defendants' Notice of Motion and Motion for Protective Order to Halt Rule 30(b)(6) Deposition

1
2  Dated November 21, 2007                Respectfully Submitted,
3                                         PETER D. KEISLER
                                          Assistant Attorney General
4
                                          SCOTT N. SCHOOLS
5                                         Interim United States Attorney

6                                         RICHARD LEPLEY
                                          Assistant Branch Director
7
                                               /s/ Daniel Bensing
8                                         DANIEL BENSING D.C. Bar # 334268
                                          STEVEN Y. BRESSLER D.C. Bar #482492
9                                         KYLE R. FREENY California Bar #247857
                                          Attorneys
10                                        U.S. Department of Justice, Civil Division
                                          P.O. Box 883
11                                        Washington, D.C. 20044
                                          (202) 305-0693 (telephone)
12
                                          Counsel for Defendants
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 07-3758-SC
Defendants' Notice of Motion and Motion for Protective Order to Halt Rule 30(b)(6) Deposition

PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

  P.O. Box 883
  Washington, D.C.  20044
  Telephone:  (202) 305-0693
  Facsimile:  (202) 616-8460
  Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. Gordon Mansfield, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, <br><br> Plaintiffs, <br><br> v. <br><br> Hon. GORDON H. MANSFIELD, Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | No. C 07-3758-SC <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO HALT RULE 30(b)(6) DEPOSITION** <br><br> Date: December 28, 2007 <br> Time: 10:00 a.m. <br> Courtroom: 1 |

    With defendants' Motion to Dismiss for lack of Jurisdiction pending, after defendants moved for protective order to stay discovery pending a ruling on that motion, and with both set for argument in a few weeks, plaintiffs have served additional discovery on defendants, requiring defendants to file another motion for protective order.  Defendants respectfully request a ruling on their motion to dismiss, which raises numerous threshold legal bars to plaintiffs' claims,

including subject matter jurisdiction, before they are required to respond to any of plaintiffs' burdensome discovery requests.

On November 9, 2007, defendants filed Motion for Protective Order to Stay Discovery, objecting, in particular, to the need to respond to plaintiffs' exceptionally burdensome Amended First Set of Request for Production of Documents, consisting of 129 requests, seeking nearly every document maintained by the VA that relates in any way to post traumatic stress disorder or the manner in which the VA processes claims and provides services. That motion was supported, in part, by the declaration of Department of Veterans Affairs (VA) official Thomas Bowman, the Chief of Staff of the Department, describing preliminary and partial estimates compiled by VA staff of the burden of responding to plaintiffs' extensive discovery requests. Mr. Bowman's declaration confirmed what is obvious from even a cursory review of the plaintiffs' document requests – they are incredibly broad and sweeping and producing responsive documents will be an exceedingly costly and burdensome undertaking for VA. See e.g. United States v. Count of Nassau, 188 F.R.D. 187, 189 (E.D. N.Y. 1999) (party seeking a protective order pending ruling on a dispositive motion need not make any special showing of prejudice where cost of discovery is "self-evident").

On November 16, 2007, plaintiffs served a Notice of Deposition Pursuant to Rule 30(b)(6), seeking deposition testimony on "[t]he factual statements and statements made in the Declaration of Thomas G. Bowman."[1] Simultaneously, plaintiffs also served a Second Set of Requests for Production of Documents, (containing document requests 130-191), which are equally burdensome as those in plaintiffs' first set of Requests.

Defendants submit that in this situation, where they have filed a motion to dismiss challenging the court's subject matter jurisdiction, and a motion for protective order staying discovery, they should be free of the burden of discovery pending a ruling on their dispositive

---

[1] Plaintiffs did not confer with defendants' counsel about the scheduling of this deposition prior to noticing it, in contravention of Civil Local Rule 30-1. In fact, plaintiffs have failed to confer with defendants' counsel about the scheduling of any of the 48 depositions that have been noticed to date.

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Halt Rule 30(b)(6) Deposition                    2

1  motion – including the burden of responding to discovery about the burden of responding to
2  discovery.  Based upon all of the authorities set forth in defendants' Motion for Protective Order,
3  defendants again ask that the court stay the exceptionally burdensome discovery that plaintiffs
4  seek for the short time necessary to obtain a ruling on defendants' Motion to Dismiss.   As the
5  Supreme Court has held, "[i]t is a recognized and appropriate procedure for a court to limit
6  discovery proceedings at the outset to a determination of jurisdictional matters." United States
7  Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988).
8       It is clear, even without the detail provided in the Bowman Declaration, that responding
9  to plaintiffs' 129 (and now 190) sweeping request for production of documents, will be
10 exceedingly burdensome and time-consuming.  Answering questions about defendants'
11 preliminary and partial assessments of how best to search for such documents and therefore how
12 burdensome those searches would be, is hardly "reasonably calculated to lead to the discovery of
13 admissible evidence," Fed. R. Civ. P. 26(b)(1) relating to the parties' claims and defenses.  And
14 even if marginally relevant, "the burden or expense of the proposed discovery outweighs its
15 likely benefits."  Fed. R. Civ. P. 26(b)(2)(c).[2]

---

[2] As indicated by the attached certification, counsel for defendants conferred with counsel for plaintiffs and requested that plaintiffs withdraw the discovery in question, but plaintiffs declined.

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Halt Rule 30(b)(6) Deposition          3

# CONCLUSION

Consequently, defendants move that the Court enter a protective order barring all discovery in this action pending a ruling on defendants' motion to dismiss.

Dated November 21, 2007

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

SCOTT N. SCHOOLS
Interim United States Attorney

RICHARD LEPLEY
Assistant Branch Director

 /s/ **Daniel Bensing**
DANIEL BENSING D.C. Bar # 334268
STEVEN Y. BRESSLER D.C. Bar #482492
KYLE R. FREENY California Bar #247857
Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 883
Washington, D.C. 20044
(202) 305-0693 (telephone)

Counsel for Defendants