1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  MORRISON & FOERSTER LLP
   101 Ygnacio Valley Road, Suite 450
3  P.O. Box 8130
   Walnut Creek, California 94596-8130
4  Telephone: 925.295.3300
   Facsimile: 925.946.9912
5
   SIDNEY M. WOLINSKY (CA SBN 33716)
6  SWolinsky@dralegal.org
   MELISSA W. KASNITZ (CA SBN 162679)
7  MKasnitz@dralegal.org
   JENNIFER WEISER BEZOZA (CA SBN 247548)
8  JBezoza@dralegal.org
   KATRINA KASEY CORBIT (CA SBN 237931)
9  KCorbit@dralegal.org
   DISABILITY RIGHTS ADVOCATES
10 2001 Center Street, Third Floor
   Berkeley, California 94704-1204
11 Telephone: 510.665.8644
   Facsimile: 510.665.8511
12
   **[see next page for additional counsel for Plaintiffs]**
13
   Attorneys for Plaintiff(s)
14 VETERANS FOR COMMON SENSE, and
   VETERANS UNITED FOR TRUTH, INC.
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19 VETERANS FOR COMMON SENSE, and          Case No.        C-07-3758-SC
   VETERANS UNITED FOR TRUTH, INC.,
20                                          **CLASS ACTION**
                  Plaintiffs,
21                                          **PLAINTIFFS' MEMORANDUM IN
          v.                                OPPOSITION TO DEFENDANTS'
22                                          MOTION FOR PROTECTIVE
   GORDON H. MANSFIELD, Acting Secretary of ORDER TO STAY DISCOVERY**
   Veterans Affairs, *et al.*,
23                                          Date:      December 14, 2007
                  Defendants.              Time:      10:00 a.m.
24                                          Place:     Courtroom 1, 17th Floor
                                            Judge:     Hon. Samuel Conti
25

26                                          Complaint Filed:  July 23, 2007

27

28

1    **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2    ARTURO J. GONZALEZ (CA SBN 121490)
     AGonzalez@mofo.com
3    HEATHER A. MOSER (CA SBN 212686)
     HMoser@mofo.com
4    STACEY M. SPRENKEL (CA SBN 241689)
     SSprenkel@mofo.com
5    PAUL J. TAIRA (CA SBN 244427)
     PTaira@mofo.com
6    MORRISON & FOERSTER LLP
     425 Market Street
7    San Francisco, California 94105-2482
     Telephone: 415.268.7000
8    Facsimile: 415.268.7522

9    BILL D. JANICKI (CA SBN 215960)
     WJanicki@mofo.com
10   MORRISON & FOERSTER LLP
     400 Capitol Mall, Suite 2600
11   Sacramento, California 95814
     Telephone: 916.448.3200
12   Facsimile: 916.448.3222

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2         Defendants ("VA") have filed this Motion for Protective Order to Stay Discovery seeking the

3    extraordinary relief of completely thwarting discovery in this action altogether.  The VA's brief

4    contains numerous misleading factual representations and inaccurate legal claims.  Defendants dwell

5    briefly on three general arguments that they do not (and indeed, cannot) support as a matter of fact or

6    law:  (1) that compliance with Plaintiffs' discovery requests would be prohibitively expensive and

7    time-consuming; (2) that Plaintiffs' document requests seek veterans' personal information that is

8    both privileged and confidential; and (3) that courts consistently stay discovery whenever a

9    potentially dispositive motion is pending.  These arguments fail for at least the following reasons:

10   •    Defendants failed to comply with the meet and confer and certification requirements

11        set forth in Federal Rule of Civil Procedure 26(c).  At no time did Defendants object to

12        any discovery request or meet and confer about their objections based on overbreadth,

13        burden, etc.

14   •    As a matter of settled law, the pendency of a motion to dismiss is not sufficient

15        justification to thwart the liberal discovery provisions set forth in the Federal Rules.

16   •    Defendants' claims regarding the costs and burden of complying with Plaintiffs'

17        discovery requests are not supported by any admissible declarations, and, in any event,

18        are grossly exaggerated.

19   •    The contention that Plaintiffs are seeking private, confidential information regarding

20        veterans is an ironic argument coming from Defendants, who have consistently

21        rejected Plaintiffs' efforts, which were still ongoing at the time this motion was filed,

22        to secure a Privacy Act protective order to protect these private documents.

23        Based on the foregoing, and the reasons set forth below, Defendants' motion must be denied.

24   Plaintiffs are also objecting to and moving to strike the Declaration of Thomas G. Bowman

25   ("Bowman Decl.") on the grounds that Defendants refused to submit him for deposition on the issues

26   he discusses in his declaration, and on the additional grounds that his declaration consists of

27   inadmissible hearsay, is not based on personal knowledge, and is conclusory.  *See* Objection to and

28   Motion to Strike Declaration of Thomas G. Bowman ("Motion to Strike"), filed concurrently

herewith.  Bowman does not explain his methodology and does not provide back-up information or documentation regarding calculations or cost estimates done by others, which would be necessary to allow the court to rely on those contentions.

## II.     FACTS

The parties have been holding discussions regarding various ongoing discovery issues since the inception of this action.  Plaintiffs (not Defendants) initiated the meet and confer process with Defendants in August, 2007, and have been attempting since that time to come to an agreement with Defendants regarding a protective order to protect private and confidential information, and to prevent retaliation against witnesses.  Declaration of Gordon P. Erspamer in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order ("Erspamer Decl.") at ¶¶ 3-7, 9-11.   In addition, Plaintiffs have offered numerous suggestions regarding ways to limit the scope of document preservation and reduce the burden on both sides.  These suggestions have included random sampling of veterans' claim files, limiting discovery to a representative sample of regional offices, prioritizing productions by focusing on documents containing summaries, providing a list of search terms to limit the number of responsive documents, and focusing on a list of key individuals in the VA.  Erspamer Decl. at ¶¶ 6, 7.  Defendants have never responded in a substantive way to any of these suggestions. *Id.* at ¶ 10.

Plaintiffs served their first discovery requests on October 19, 2007, after the initial Rule 26(f) meet and confer, as set forth in the Federal Rules of Civil Procedure.  The week Defendants' Motion for Protective Order motion was filed, counsel for Defendants spoke with Plaintiffs' counsel three times.  Counsel for Defendants indicated that he would move to stay discovery, but gave no indication of when such a motion would be filed, and did not engage Plaintiffs in any meaningful discussion to try to resolve these discovery issues.  Declaration of Heather Moser in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order; Objections to and Motion to Strike Declaration of Thomas G. Bowman ("Moser Decl.") at ¶ 2.  For example, at no point did  counsel for Defendants' mention any cost or burden objections or estimates, or any of the issues raised in the Bowman Declaration.  Moser Decl. at ¶ 3.  In fact, Plaintiffs' counsel spoke with counsel for Defendants just hours before this motion was filed, but Defendants made no mention of the filing.

1    Moser Decl. at ¶ 2.  Defendants then filed this Motion for a Protective Order and to Stay Discovery

2    ("MPO") on November 9, 2007, nearly a month after the discovery requests at issue were served.

3         The MPO does not contain the certification statement required by Federal Rule 26(c).  In the

4    MPO, Defendants raise the issue of the private and confidential nature of some of the information

5    sought from veterans' claim files.  Ironically, Defendants fail to mention that, at the time of this

6    filing, the parties were actively negotiating a protective order aimed at protecting precisely this kind

7    of information.  Erspamer Decl. at ¶ 11.  Raising this issue in a motion for protective order was not

8    only premature, but also hypocritical in light of the fact that the parties have been unable to reach

9    agreement on the protective order because Defendants are unwilling to provide sufficient protection

10   to veterans.

11        Moreover, Defendants grossly exaggerate the burden of complying with Plaintiffs' discovery

12   requests.  Declaration of Paul Sullivan in Support of Plaintiffs' Motion to Strike Bowman Declaration

13   and Opposition to Defendants' Motion for Protective Order ("Sullivan Decl.") at ¶ 8.  That said,

14   Plaintiffs agree that the discovery in this case will be significant, given the breadth of issues and

15   Defendants' wholesale failure to satisfy their obligations to veterans.  This is indisputably a

16   significant and complex case of national importance.  Plaintiffs are two non-profit veterans'

17   organizations, and this is a pro bono case.  Plaintiffs have made numerous suggestions on how to

18   limit discovery, all of which have been virtually ignored by Defendants.  Had Defendants made any

19   serious effort to meet and confer with Plaintiffs, it is a near certainty that some of the issues raised in

20   this motion could have been resolved without the intervention of the Court.

21   **III.    LEGAL ARGUMENT**

22        **A.    Standard for Motion to Stay**

23        The Federal Rules of Civil Procedure presumptively provide for the early initiation and

24   continuance of discovery and disfavor blanket stays of discovery, placing a heavy burden on the party

25   seeking such a stay.  *E.g., Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).  Under

26   Federal Rule of Civil Procedure 26(c), defendants have the substantial burden of establishing good

27   cause to justify the extraordinary relief of a stay of discovery. *E.g., Gray v. First Winthrop Corp.,* 133

28   F.R.D. 39, 40 (N.D. Cal. 1990) (a party seeking a stay of discovery carries the heavy burden of

1  making a strong showing of why discovery should be denied); *Kron Med. Corp. v. Groth*, 119 F.R.D.

2  636, 637 (M.D.N.C. 1988).

3  **B.    Defendants Failed to Comply with the Meet and Confer and Certification
          Requirements of the Federal Rules**

4  Defendants failed to include a Rule 26(c) certification with their motion, certifying that they

5  fulfilled the meet and confer requirement set forth in the Federal Rules.  "Federal Rule of Civil

6  Procedure 26(c) specifically states that a motion for a protective order must be 'accompanied by a

7  certification that the movant has in good faith conferred or attempted to confer with other affected

8  parties in an effort to resolve the dispute without court action.'"  *Khoa Hoang v. Trident Seafoods

9  Corp.*, No. C 06-1158 RSL, 2007 WL 2138780 at *1 (W.D. Wash. Jul. 23, 2007); *see also Pallaske v.

10  Island County*, No. 06-1735-RSL-JPD, 2007 WL 3306738 at *1 (W.D. Wash. Nov. 5, 2007) (holding

11  that the plain language of Rule 26(c) requires a certification.  "Plaintiff failed to make any such

12  attempt, and for that reason, his motion should be denied.")  For this reason alone, Defendants motion

13  should be denied.  Moreover, not only did Defendants not include a certification, they failed to

14  substantively meet and confer regarding the specific issues raised in this motion.  In fact, Defendants

15  never even mentioned any objections to the document requests based on burden or overbreadth.

16  Moser Decl. at ¶ 3.  Had they done so, Plaintiffs would have had the opportunity to attempt to resolve

17  some of these issues with Defendants.  This is not only a violation of the Federal Rules, but also a

18  violation of Northern District Local Rule 37-1(a).  Under Local Rule 37-1(a): "The Court *will not

19  entertain* a request or a motion to resolve a disclosure or discovery dispute" unless the parties have

20  met and conferred.  *See, e.g., Williby v. City of Oakland*, 2007 U.S. Dist. LEXIS 76532 at *3-4 (N.D.

21  Cal. 2007) (motion to compel denied in part for failure to meet and confer).[1]

22

23

24  [1] To the extent that the Court construes this motion as a motion for a protective order limiting
    Defendants' obligation to respond to particular discovery requests on the grounds that they are

25  burdensome, the Court should deny the motion outright because Defendants not only failed to file a
    certification pursuant to Rule 26(c), they also failed to meet and confer *at all* on the issues they raise

26  in this motion.  They never once mentioned objections to Plaintiffs' discovery requests, let alone
    filing a motion for protective order to limit Defendants' obligation to respond to Plaintiffs' discovery

27  requests.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.      Defendants Have Not Carried the Heavy Burden to Justify a Discovery Stay**

      **1.      Pending Motion to Dismiss Is Not a Justification to Stay Discovery**

The VA's primary proffered justification for the requested stay is its pending Motion to Dismiss ("MTD").  The VA's claim that the MTD will be dispositive, and thus justifies imposition of a stay, is without merit, and is the type of argument that is consistently rejected by courts.  One of the issues raised by the VA in its motion to dismiss is whether this Court's jurisdiction over this action is precluded under Section 511 of the Veterans Judicial Review Act ("VJRA"), which gives the gives the Court of Appeals for Veterans Claims exclusive authority over challenges to decisions of the Secretary of the VA on individual claims for benefits.  This jurisdictional limitation does not apply to this case, which is a system-wide challenge to the constitutionality of the VJRA, and a variety of practices at the VA that deprive veterans with PTSD of their constitutional rights.  Moreover, the MTD itself concedes that jurisdiction exists to consider a series of facial constitutional claims found in the complaint.  This is relevant because it is settled law that the Article III courts have jurisdiction over facial constitutional challenges.  In addition, Defendants' MTD gives short shrift to the issue of veterans rights to medical care, which are set forth by statute at 38 U.S.C. § 1710.  Unlike the benefits side of the VA, which has a multi-stage adjudication process for veterans seeking SCDDC, there is no administrative remedy or set of procedures when the VA denies medical care to veterans, and Section 511 does not even come into play.  For at least these reasons, Defendants' contention that the MTD is likely to be granted and dispositive of this action is simply not accurate.[2]

Contrary to the VA's contention that courts "consistently stay discovery when a motion to dismiss is pending," (MPO at 5:16-17), courts, in fact, consistently have rejected the pendency of a motion to dismiss as a basis for the grant of a blanket discovery stay. *See Moss v. Hollis*, No. B-90-177 (PCD), Fed. Sec. L. Rep. (CCH) ¶ 95,443 at ¶ 97,259-60 (D. Conn. 1990) ("Had the Federal

---

[2] The cases cited by defendants for the proposition that the pending motion to dismiss is sufficient to justify a stay because the court's subject matter jurisdiction is at issue are inapposite.  Those cases only stand for the proposition that a discovery stay is not an abuse of discretion where a jurisdictional issue will dispose of the entire case.  Here, where Defendants concede that facial claims exist, over which this Court has jurisdiction, and where the jurisdictional arguments do not apply to the medical care claims in the Complaint, the jurisdictional issue is not dispositive of the entire case.

1    Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, they

2    would contain such a provision.  Rather, Rule 1 provides that the rules shall be construed to secure

3    the just, speedy, and inexpensive determination of any action.").  *See also In re United Telecomms.,*

4    *Inc. Sec. Litig.,* No. 90-2251-0, Fed. Sec. L. Rep. (CCH) ¶ 96,575 at ¶ 92,666 (D. Kan. 1991);

5    *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985).  Defendants' argument that they might

6    prevail on their MTD does not satisfy the "showing of good cause" requirement:

> Defendants have done no more than to argue in conclusory fashion that
> their motions to dismiss … will succeed .... Idle speculation does not
> satisfy Rule 26(c)'s good cause requirement.  Such general arguments
> could be said to apply to any reasonably large civil litigation.  If this
> court were to adopt defendants' reasoning, it would undercut the
> Federal Rules' liberal discovery provisions.  The motions referred to by
> defendants will be decided in due course; in the meantime, defendants
> may only seek to attack the discovery requests by means of objections,
> if appropriate, as provided in the Federal Rules.

12   *Gray v. First Winthrop Corp.*, 133 F.R.D. at 40.

13          Moreover, courts generally refuse to examine the merits of complaints on motions to stay

14   discovery, unless the complaint is patently "frivolous".  *Moss v. Hollis*, at ¶ 97,260; *Gray v. First*

15   *Winthrop Corp*., 133 F.R.D. at 40.  The Complaint in this action is by no stretch of the imagination

16   frivolous.

17          Further, and contrary to Defendants' contention, even if the Complaint were to be dismissed,

18   a stay of discovery should not be granted because the Complaint could be amended to cure any

19   perceived defect. *See In re Chase Manhattan Corp. Sec. Litig.,* No. 90 CIV 6092 (LMM), 1991 U.S.

20   Dist. Lexis 6136, at *172 (S.D.N.Y. May 7, 1991), *Howard v. Galesi*, 107 F.R.D. at 350-51, and n.4;

21   *Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants*, No. 90-1169 (EHN), 1991 WL 85951 at 1

22   (E.D.N.Y. May 7, 1991); *Moss v. Hollis,*  Fed. Sec. L. Rep. at ¶ 97,200.

### 2.    Burden and Expense Arguments Are Properly Addressed Through Discovery Objections

25          The Federal Rules of Civil Procedure set forth the specific procedures for objecting to

26   discovery.  Any potentially burdensome discovery from which Defendants seek relief is properly

27   addressed, pending disposition of their motion to dismiss, by way of objections, as provided for in the

28

1  Federal Rules. See *Howard v. Galesi*, 107 F.R.D. 348 (S.D.N.Y. 1985); *In re Chase Manhattan Corp.*

2  *Sec. Litig.*[3]

3      The VA's objections to responding to discovery ring hollow in light of their failure to pursue

4  discussions concerning any of Plaintiffs' suggestions of ways to limit discovery.  In light of the

5  number and complexity of the issues presented in this action, and the vast number of veterans who

6  are affected by the problems addressed in the complaint, the document requests and depositions

7  noticed are hardly burdensome and oppressive.  *See* Fed. R. Civ. P. 26(c).

8      Defendants rely on a single declaration, that of Thomas G. Bowman, which Plaintiffs have

9  moved to strike on the grounds of lack of personal knowledge, hearsay, lack of foundation, and a

10  variety of other grounds.  Plaintiffs have also moved to strike the Bowman Declaration in its entirety

11  based upon the VA's refusal to produce him in response to Plaintiffs' 30(b)(6) deposition notice.  The

12  Bowman declaration also grotesquely exaggerates the burden involved in responding to Plaintiffs'

13  document requests.  For example, the Bowman Declaration suggests that responding to plaintiffs'

14  discovery requests will involve a hand review of every veteran claim file in all 57 regional offices.

15  Bowman Decl. at ¶8c.  This is simply not the case.  The VA has computer information systems that

16  are capable of determining precisely which veterans have been diagnosed with PTSD, and which

17  veterans are deceased.  Sullivan Decl. at ¶¶10, 11.  Once the appropriate queries are run on these

18  databases, the VA will only need to pull the much smaller subcategory of veteran claim files that are

19  responsive to Plaintiffs' requests.  Sullivan Decl. at ¶10.  In addition, the Bowman Declaration

20  suggests that the email boxes of every employee at the VA will have to be searched for responsive

21  documents.  Bowman Decl. at ¶8a.  This also severely exaggerates the burden of responding to

22  Plaintiffs' requests.  The VA has various departments and divisions that have *nothing* to do with the

23  issues in this litigation.  This includes, but is not limited to, the National Cemetery Administration,

24  _____

25      [3]  Defendants failed to respond to Plaintiffs' First Set of Requests for Production of Documents by the deadline, which was November 21, 2007.  They have thereby waived any objections to those document requests.  *See, e.g., Richmark Corp. v. Timber Falling Consultants*, 959

26  F.2d. 1468, 1473 (9th Cir. 1992).  Defendants' obligation to respond to Plaintiffs' discovery requests was not excused by the filing of this motion.  *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d.

27  257, 269 (9th Cir. 1964).

28

1    the Office of Small and Disadvantaged Business Utilization, Center for Faith-Based and Community

2    Initiatives, Center for Minority Veterans, and the Center for Women Veterans.  Sullivan Decl. at ¶ 6.

3        Moreover, the fact that some expense may be involved in discovery is not sufficient cause to

4    satisfy defendants' burden in seeking a stay of discovery.  *E.g., Lehnert v. Ferris Faculty Ass'n --*

5    *MEA-NEA*, 556 F. Supp. 316, 318 (W.D. Mich. 1983) ("[G]ood cause is not established merely by

6    showing that discovery may involve inconvenience and expense.").

7    **IV.    CONCLUSION**

8        The VA has failed to meet its burden of showing that there is any basis for staying discovery

9    in this case.  If there is any *specific* discovery concern that the government has, it should discuss that

10   specific issue with Plaintiffs through the meet and confer process.  To the extent Defendants have not

11   already waived their right to object, Plaintiffs remain prepared to confer in good faith on any specific

12   issue.  However, the VA's broad-brush attempt to stay all discovery in this case (without attempting

13   to meet and confer to resolve these issues pursuant to rule 26(c)) is suspect, and not supported by the

14   law or the facts.  Staying discovery in this action will inevitably prejudice Plaintiffs, who bear the

15   burden of proving their claims, will delay the prosecution of the action, and will further clog this

16   court's docket.  For all of the reasons stated herein, the VA's motion for a protective order and to stay

17   discovery should be denied.

18   Dated: November 27, 2007              GORDON P. ERSPAMER
                                           ARTURO J. GONZALEZ
19                                         HEATHER A. MOSER
                                           BILL D. JANICKI
20                                         STACEY M. SPRENKEL
                                           PAUL J. TAIRA
21                                         MORRISON & FOERSTER LLP

22

23                                         By:  /s/  Stacey M. Sprenkel

24                                               Stacey M. Sprenkel

25                                            Attorneys for Plaintiffs

26

27

28