GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
MORRISON & FOERSTER LLP
101 Ygnacio Valley Road, Suite 450
P.O. Box 8130
Walnut Creek, California 94596-8130
Telephone: 925.295.3300
Facsimile: 925.946.9912

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
MELISSA W. KASNITZ (CA SBN 162679)
MKasnitz@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

**[see next page for additional counsel for Plaintiffs]**

Attorneys for Plaintiff(s)
VETERANS FOR COMMON SENSE, and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No. C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **DECLARATION OF GORDON P. ERSPAMER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY** <br><br> Date: December 14, 2007 <br> Time: 10:00 a.m. <br> Place: Courtroom 1, 17th Floor <br> Judge: Hon. Samuel Conti <br><br> Complaint Filed: July 23, 2007 |

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
PAUL J. TAIRA (CA SBN 244427)
PTaira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

BILL D. JANICKI (CA SBN 215960)
WJanicki@mofo.com
MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
Sacramento, California 95814
Telephone: 916.448.3200
Facsimile: 916.448.3222

I, Gordon P. Erspamer, declare:

1. I am a partner at Morrison & Foerster LLP, counsel of record for Plaintiffs in this action. I make this declaration on my own personal knowledge, and if called as a witness to testify, I could and would testify competently to the facts below.

2. Plaintiffs filed the Complaint in this action on July 23, 2007.

3. On August 1, 2007, I sent a letter to Steven Bressler, counsel for Defendants, raising the issues of the need for a Privacy Act protective order, document preservation, and our desire to begin the meet and confer process as soon as possible. A true and correct copy of my letter to Steven Y. Bressler, dated August 1, 2007, is attached hereto as Exhibit A.

4. On August 23, Sid Wolinsky and I had a telephone conference with Steven Bressler and Richard Letley, who participated on behalf of Defendants. At that time, I explained the general sensitivity surrounding the public disclosure of private medical information contained in veterans' claim files or other medical records, and veterans' legitimate fears of retaliation by the VA, summarizing some of the examples of retaliation in the *NARS v. Turnage* case, including the carving of a swastika inside the Star of David on Ronald Abrams' desk at work. However, no agreement was reached at that time regarding a potential protective order. Defendants' document preservation obligations were also discussed during this telephone conference.

5. On August 28, 2007, I received a letter from Steven Bressler stating the VA's refusal to agree to a protective order preventing VA access to declarations containing confidential information and addressing a Privacy Act Protective Order respecting the VA's production of claim files. A true and correct copy of Mr. Bressler's letter to me, dated August 28, 2007, is attached hereto as Exhibit B.

6. On October 4, 2007, the parties held their initial Federal Rule of Civil Procedure 26(f) conference. At that time, I indicated to Defendants that Plaintiffs had no interest in imposing unreasonable costs on Defendants. I proposed that both sides try to agree to a random sampling technique to govern the production of PTSD claim files. I also proposed focusing the preservation and discovery efforts on a core group of knowledgeable employees at the VA, and focusing initial efforts on summary-type documents.

1    7.  On October 17, 2007, I sent a letter to Steven Bressler.  In that letter, I indicated that Plaintiffs' preference is to agree upon a list of search names and search terms to govern discovery and document preservation, and I attached a preliminary proposed list of search terms.  I also indicated Plaintiffs' willingness to focus discovery and preservation efforts on a representative sample of VA Regional Offices.  A true and correct copy of my letter to Steven Y. Bressler, dated October 17, 2007, is attached hereto as Exhibit C.

8.  On October 19, Plaintiffs served Defendants with Plaintiffs' First Amended Request for the Production of Documents.

9.  On October 22, 2007, I received a letter from Steven Bressler in response to my letter of October 17, 2007.  In that letter, Mr. Bressler made no mention of my various suggestions regarding limiting the scope of discovery in this case, including my proposed list of search terms, and my suggestions regarding focusing on a representative sample of VA Regional Offices.  A true and correct copy of Mr. Bressler's letter to me, dated October 22, 2007, is attached hereto as Exhibit D.

10.  At no time have Defendants raised with me (or any other attorney for Plaintiffs) any specific objections to any of Plaintiffs' document requests.  In addition, Defendants never contacted me to discuss Plaintiffs' various proposals to limit the cost and burden associated with discovery in this action.

11.  At the time Defendants filed their Motion for Protective Order to Stay Discovery, the parties were still actively negotiating a protective order to govern rights of privacy and confidentiality, and Defendants had sent us a draft Privacy Act Protective Order for comment.

12.  Defendants failed to respond to Plaintiffs' First Amended Request for the Production of Documents by the deadline, which by our calculations, was November 21, 2007.  At the date of this declaration, Plaintiffs have still received no response from Defendants, and no objections.

1    I declare under penalty of perjury under the laws of the United States of America and the State of
2    California that the foregoing is true and correct.
3    Executed this 27th day of November, 2007, at Walnut Creek, California.

/s/ Gordon P. Erspamer
Gordon P. Erspamer

CASE NO. C-07-3758-SC                                                                                         3
ERSPAMER DECL. IN SUPP. OF PLS.' OPP. TO DEFS.' MOTION FOR PROTECTIVE ORDER
sf-2422652