

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Ben Franklin Station | Rm. 7138 |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Steven Y. Bressler  
Trial Attorney

Tel: (202) 514-4781  
Fax: (202) 318-7609  
email: *steven.bressler@usdoj.gov*

October 22, 2007

BY EMAIL AND FIRST-CLASS POSTAL MAIL

Gordon P. Erspamer  
Morrison & Foerster  
101 Ygnacio Valley Rd., Suite 450  
Walnut Creek, CA 94596-4094  
Email: Gerspamer@mofo.com

Re: Veterans for Common Sense, et al., v. Nicholson, et al., No. C 07-3758-SC

Dear Mr. Erspamer:

We write in response to your letter dated Wednesday, October 17, 2007.

You begin your letter by accusing defendants of "obvious attempts to color the record" and stating your preference that defendants' letters "try to stick to the facts rather than include characterizations of this type." We appear to agree that it is in everyone's interest to avoid exaggeration or mischaracterization; we disagree as to who is not acting accordingly. As stated in defendants' October 11 letter to you, mischaracterization, exaggeration, and unnecessary acrimony serve neither the parties' interests nor the Court's. There is a great deal of posturing in your communications that only distracts from the matters at hand, and defendants certainly do not agree with some of your characterizations. Nonetheless, defendants will continue to try in good faith to reach accommodation on pressing issues. Defendants' focus on trying to move the case forward and choice not to respond to each misstatement in your letter should not be taken as a concession or acquiescence to any of plaintiffs' assertions.

It is necessary to respond to one alleged mischaracterization that you raised in your letter, however: the accurate statement that you have continually refused our repeated requests to provide a written description of the information you believe is relevant. As you write, on August 23 you told us that you believe plaintiffs' Complaint contains an unusual level of detail. It should be obvious that defendants were requesting a distillation of plaintiffs' views other than mere reference to the Complaint; that document, while long, is significantly less than clear as to which of plaintiffs' many broad, often vague and conclusory allegations relate to the causes of action plaintiffs attempt to state. Your October 17 letter does provide some additional definition to your view of your claims, however, and we can now start to move forward. This detail also belies your claim that plaintiffs have lacked enough information about VA's files and computer records to provide defendants with useful suggestions before now. It is unfortunate that plaintiffs wasted two months before responding to defendants' requests with this information.

Now that defendants have more information concerning plaintiffs' views on what information should be preserved, it will take defendants some time to digest and research the matters raised in your letter and to respond to your specific inquiries. Accordingly, we do not think it would be productive to have a conference call in the next few days to discuss the appropriate scope and burden of document preservation on the parties. In an effort to make as much progress as feasible, however, we raise some concerns now as to the way you seem to conceive of defendants' preservation obligations.

First, on page six of your letter you appear to suggest that the default preservation obligation of defendants should be to keep every single document or byte of ESI that they create. That is simply not practical, nor is it consistent with our obligations under the Federal Rules of Civil Procedure.

Second, you suggest that our preservation proposal is inadequate because it does not go as far as the VA's current litigation hold. As we explained to you, the VA's litigation hold was issued in an abundance of caution and exceeds our preservation obligations. While it demonstrates defendants' good faith, it should not be used as a baseline.

Third, you question defendants' candor because they propose VA retain monthly backup tapes of VA and VBA Central Office servers and you believe this "would involve no change over the status quo." Without responding at this time as to the status quo, it is hardly dispositive of the appropriate scope and burden of defendants' preservation obligations. Defendants are obliged to conduct this litigation and employ the VA's resources in an efficient manner so the VA may focus on its service to veterans. The agencies' current practices are, again, not a baseline upon which to presumptively add burden.

Regarding Ms. Moser's letter dated October 10, defendants do not agree with all of your proposals and are preparing our response. Defendants are also working to determine which sources of ESI are not readily accessible.

You state that you understand VA "distributed a memorandum to VA employees warning them not to talk to the Plaintiffs and that doing so would be grounds for termination or discipline" and request we provide a copy. We are not aware of any such memorandum; please provide us with as much detail as possible concerning this memorandum, including to and from whom it was sent. Defendants assume you do not have a copy of such a memorandum because you ask that defendants provide one; if you do, however, please provide it to us.

Finally, you note that the litigation hold memorandum from the VA Acting General Counsel does not include the U.S. Court of Appeals for Veterans Claims. That is correct; the CAVC has been separately advised of its preservation obligations and has taken appropriate measures.

Sincerely Yours,

Steven Y. Bressler