GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
MORRISON & FOERSTER LLP
101 Ygnacio Valley Road, Suite 450
P.O. Box 8130
Walnut Creek, California 94596-8130
Telephone: 925.295.3300
Facsimile: 925.946.9912

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
MELISSA W. KASNITZ (CA SBN 162679)
MKasnitz@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

**[see next page for additional counsel for Plaintiffs]**

Attorneys for Plaintiff(s)
VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.  C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **DECLARATION OF HEATHER A. MOSER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF THOMAS G. BOWMAN** <br><br> **(Civ. L.R. 6-3)** <br><br> Date:  December 14, 2007 <br> Time:  10:00 a.m. <br> Place:  Courtroom 1, 17th Floor <br> Judge:  Hon. Samuel Conti <br> Complaint Filed:  July 23, 2007 |

1   **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2   ARTURO J. GONZALEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   HEATHER A. MOSER (CA SBN 212686)
    HMoser@mofo.com
4   STACEY M. SPRENKEL (CA SBN 241689)
    SSprenkel@mofo.com
5   PAUL J. TAIRA (CA SBN 244427)
    PTaira@mofo.com
6   MORRISON & FOERSTER LLP
    425 Market Street
7   San Francisco, California 94105-2482
    Telephone: 415.268.7000
8   Facsimile: 415.268.7522

9   BILL D. JANICKI (CA SBN 215960)
    WJanicki@mofo.com
10  MORRISON & FOERSTER LLP
    400 Capitol Mall, Suite 2600
11  Sacramento, California 95814
    Telephone: 916.448.3200
12  Facsimile: 916.448.3222

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, HEATHER A. MOSER, declare:

2    1.    I am an associate at Morrison & Foerster LLP, counsel of record for Plaintiffs in this action.

3    I make this declaration on my own personal knowledge, and if called as a witness to testify, I could and

4    would testify competently to the following facts:

5    2.    During the week of November 5, 2007, I personally spoke with defense counsel, Steven

6    Bressler, on multiple occasions about the text of the Joint Case Management Conference Statement to be

7    submitted to the Court on November 9, 2007.  Mr. Bressler and I spoke on the phone on three separate

8    occasions, including Tuesday, November 6, Thursday, November 8, and Friday, November 9.  During

9    those three conversations, Mr. Bressler mentioned that the government proposed a motion to stay

10   discovery pending the Court's ruling on the motion to dismiss.  I indicated that Plaintiffs would oppose a

11   motion to stay discovery, and these discussions were memorialized as the parties' respective positions in

12   the joint statement.  At no time, however, did Mr. Bressler mention to me the proposed hearing date or

13   the fact that the filing was imminent or that it would be on any ground other than the pendency of

14   Defendants' motion to dismiss.  On Friday November 9, our conversation to finalize the joint statement

15   took place a matter of hours before Defendants' motion for protective order to stay discovery was filed.

16   During that conversation, Mr. Bressler did not mention the fact that the motion would be filed that day

17   nor did he mention the proposed hearing date.

18   3.    One of Defendants' primary justifications for a stay of discovery on their motion is the

19   burden and cost purportedly associated with responding to particular requests contained in Plaintiffs'

20   First Amended Set of Requests for Production of Documents.  None of these issues was ever the subject

21   of our meet and confer discussions.  Those arguments are premised on the facts set forth in the

22   accompanying eight-page declaration of Thomas Bowman, Chief of Staff of the Department of Veterans

23   Affairs.  The declaration indicates that DOJ counsel specifically solicited cost and burden estimates from

24   various branch offices within the Department of Veterans Affairs.  At no time during our three

25   conversations did Mr. Bressler address any of the specific cost or burden "estimates" or issues raised in

26   Mr. Bowman's declaration, nor did he discuss with me any of the individual requests identified in the

27   motion for protective order as particularly burdensome.  Moreover, our conversations also did not

28   address how the specific proposals to limit burden proffered by my colleague, Mr. Erspamer, in a letter

dated October 17, 2007, attached as Exhibit C. to the Declaration of Gordon P. Erspamer, filed herewith, (including sampling and electronic search terms) could potentially alleviate the purported burden to Defendants. Instead, our discussions related to these issues were exceedingly general and were limited to the text of the parties' respective positions stated in the joint statement.

4.     The morning of November 21, 2007, I received an email from defense counsel, Steven Bressler, regarding Defendants' intention to move for a protective order to "halt" the 30(b)(6) deposition noticed for December 5 regarding the burden issues identified in Mr. Bowman's declaration and to "prevent additional discovery prior to the Court's ruling" on the motion to dismiss. My colleague, Stacey Sprenkel, and I spoke with Mr. Bressler, Mr. Daniel Bensing, and Ms. Kyle Freeny later that morning. We indicated that we would be willing to fly to Washington, D.C. in order to take this particular deposition. Defense counsel indicated that flying to Washington, D.C. would not be acceptable and that they preferred to take a more categorical approach to staying all discovery pending the motion to dismiss. I indicated that Plaintiffs would oppose such a motion and, in light of the fact that Plaintiffs are being deprived of a deposition regarding the facts sets forth in Mr. Bowman's declaration, would move to strike the declaration.

5.     On Wednesday, November 21, 2007, I informed defense counsel by telephone that I would be sending a draft protective order that day and would like to meet and confer about Defendants' objections thereto early the following week. Later that day, I sent defense counsel a draft protective order, mostly modeled on the standard Stipulated Protective Order in the Northern District of California.

6.     On Tuesday, November 27, 2007, I participated in a scheduled telephonic meet and confer regarding the proposed protective order sent the week prior. During that meet and confer, defense counsel informed me that their threshold position is that a protective order is premature at this stage in the proceedings in light of the pending motion to dismiss. I informed defense counsel that Plaintiffs' position is that the motion will be denied and discovery will proceed and that a protective order is a necessary prerequisite to discovery. Defense counsel offered a "non-exhaustive" list of issues with the protective order but informed me that they would not be in a position to tell me what, if any, provisions they would agree to or with which they disagreed prior to January 2008. I indicated that we could not agree to postpone the meet and confer on the protective order position until after the motion to dismiss

and certainly not until the conference in January, which is two months away. The stated reasons for defense counsel's inability to comprehensively meet and confer on the protective order prior to January were: (1) the reply brief on the motion to dismiss was consuming their time this week; (2) the following weeks would be consumed with work on other cases and preparation for oral argument on the motion to dismiss; (3) in light of the holidays, early January would be the only acceptable time at which they could fully meet and confer on the protective order; and (4) they interpreted the continuation of the case management conference as the Court's intent to postpone resolution of any discovery issues, including the protective order, until the January 25 conference. I requested resolution of the meet and confer obligations at a time earlier than January 2008 in order to enable Plaintiffs to move for a protective order. Mr. Bensing, counsel for Defendants, informed me that he would send a letter the following day memorializing Defendants' positions. Defense counsel also informed us that they would not be appearing at the deposition scheduled next week in light of their pending motion for protective order filed last week.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 27th day of November, 2007, at San Francisco, California.


        /s/ Heather A. Moser
                         Heather A. Moser




I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

Case No. C-07-3758-SC
Moser Decl. in Supp. of Pls.' Opp. to Defs.' Motion for Protective Order
sf-2422940

3