1   GORDON P. ERSPAMER (CA SBN 83364)
    GErspamer@mofo.com
2   MORRISON & FOERSTER LLP
    101 Ygnacio Valley Road, Suite 450
3   P.O. Box 8130
    Walnut Creek, California 94596-8130
4   Telephone: 925.295.3300
    Facsimile: 925.946.9912
5
    SIDNEY M. WOLINSKY (CA SBN 33716)
6   SWolinsky@dralegal.org
    MELISSA W. KASNITZ (CA SBN 162679)
7   MKasnitz@dralegal.org
    JENNIFER WEISER BEZOZA (CA SBN 247548)
8   JBezoza@dralegal.org
    KATRINA KASEY CORBIT (CA SBN 237931)
9   KCorbit@dralegal.org
    DISABILITY RIGHTS ADVOCATES
10  2001 Center Street, Third Floor
    Berkeley, California 94704-1204
11  Telephone: 510.665.8644
    Facsimile: 510.665.8511
12
    **[see next page for additional counsel for Plaintiffs]**
13
    Attorneys for Plaintiff(s)
14  VETERANS FOR COMMON SENSE and
    VETERANS UNITED FOR TRUTH, INC.
15

16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19  VETERANS FOR COMMON SENSE and        Case No.      C-07-3758-SC
    VETERANS UNITED FOR TRUTH, INC.,
20                                        **CLASS ACTION**
                        Plaintiffs,
21                                        **PLAINTIFFS' OBJECTIONS TO
            v.                            AND MOTION TO STRIKE
22                                        DECLARATION OF THOMAS G.
    GORDON H. MANSFIELD, Acting Secretary of   BOWMAN**
23  Veterans Affairs, *et al.*,
                                          **(Civ. L. R. 7-5(b))**
24                      Defendants.
                                           Date:    December 14, 2007
25                                         Time:    10:00 a.m.
                                           CRM:     Courtroom 1, 17th Floor
26                                         Judge:   Hon. Samuel Conti
27                                           Complaint Filed:  July 23, 2007
28

1    **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2    ARTURO J. GONZALEZ (CA SBN 121490)
     AGonzalez@mofo.com
3    HEATHER A. MOSER (CA SBN 212686)
     HMoser@mofo.com
4    STACEY M. SPRENKEL (CA SBN 241689)
     SSprenkel@mofo.com
5    PAUL J. TAIRA (CA SBN 244427)
     PTaira@mofo.com
6    MORRISON & FOERSTER LLP
     425 Market Street
7    San Francisco, California 94105-2482
     Telephone: 415.268.7000
8    Facsimile: 415.268.7522

9    BILL D. JANICKI (CA SBN 215960)
     WJanicki@mofo.com
10   MORRISON & FOERSTER LLP
     400 Capitol Mall, Suite 2600
11   Sacramento, California 95814
     Telephone: 916.448.3200
12   Facsimile: 916.448.3222

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

I.      INTRODUCTION ............................................................................................................. 1

II.     ARGUMENT .................................................................................................................... 1

     A.    The Bowman Declaration Should Be Stricken Because Defendants
        Refused to Produce Mr. Bowman for Deposition. .................................................. 1

     B.    The Bowman Declaration Lacks a Basis in Personal Knowledge and Is
        Based on Inadmissible Hearsay. ............................................................................. 2

     C.    The Bowman Declaration Should be Stricken in Its Entirety ............................... 16

III.    CONCLUSION ............................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bank Melli Iran v. Pahlavi,*
  58 F.3d 1406 (9th Cir. 1995)..................................................................................... 3

*Carmen v. San Francisco Unified Sch. Dist.,*
  237 F.3d 1026 (9th Cir. 2001)................................................................................... 2

*Gonzalez v. N. Twp. of Lake County,*
  800 F. Supp. 676 (N.D. Ind. 1992),
  *rev'd on other grounds,* 4 F.3d 1412 (7th Cir. 1993)............................................... 16

*Holmes Prods Corp. v. Dana Lighting, Inc.,*
  926 F. Supp. 264 (D. Mass. 1996) ............................................................................ 2

*In re John Edmond,*
  934 F.2d 1304 (4th Cir. 1991)................................................................................... 1

*Meder v. Everest & Jennings, Inc.,*
  637 F.2d 1182 (8th Cir. 1981)................................................................................... 2

*S. Concrete Co. v. United States Steel Corp.,*
  394 F. Supp. 362 (N.D. Ga. 1975) ......................................................................... 16

*United States v. $57,790.00 in U.S. Currency,*
  No. 01 CV 414 BTM (NLS), 2007 WL 433198 (S.D. Cal. Jan. 29, 2007) ............... 1

*United States v. Parcels of Land,*
  903 F.2d 36 (1st Cir. 1990)....................................................................................... 1

*United States v. Riddle,*
  103 F.3d 423 (5th Cir. 1997)..................................................................................... 2

*United States v. Rivera,*
  22 F.3d 430 (2d Cir. 1994)........................................................................................ 2

## RULES AND STATUTES

Federal Rules of Civil Procedure
  Rule 56(e)............................................................................................................ 1, 15

N.D. Civ. Local Rules
  Rule 7-5......................................................................................................... *passim*
  Rule 7-5(b) ................................................................................................... *passim*

1

Federal Rules of Evidence

Rule 403 ................................................................................................ 10
Rule 602 ........................................................................................... *passim*
Rule 701 ........................................................................................... *passim*
Rule 702 ........................................................................................... *passim*
Rule 801(c) ............................................................................................ 3
Rule 802 ........................................................................................... *passim*
Rule 1002 ................................................................................. 5, 6, 8, 9, 10

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2          In support of its Motion for Protective Order to Stay Discovery ("MPO"), the VA has filed an

3    inadmissible declaration from Thomas G. Bowman, a high-level official who clearly has no personal

4    knowledge of any facts relevant to the issues before this Court.  Mr. Bowman himself acknowledges

5    that his declaration is made only in part based on personal knowledge, and otherwise based on

6    information made available to him from various, unidentified VA employees using assumptions he

7    knows nothing about.  Bowman Decl. at ¶¶ 1, 6-15.  Evidence provided to the Court in declarations in

8    support of or in opposition to any motion must meet the same evidentiary standards as at trial.  The

9    Bowman Declaration contains little more than hearsay and irrelevant material, and material not based

10   on personal knowledge, in violation of Local Rule 7-5(b) and Federal Rule of Civil Procedure 56(e),

11   and should be stricken in its entirety.

12   **II.    ARGUMENT**

13        **A.    The Bowman Declaration Should Be Stricken Because Defendants**
                  **Refused to Produce Mr. Bowman for Deposition.**

14

15        As a preliminary matter, the Court should strike the Bowman Declaration in its entirety

16   because Defendants have refused to submit Mr. Bowman, or anyone else, for deposition regarding the

17   issues on which he purports to testify to in his declaration.  Plaintiffs noticed such a deposition for

18   December 4, 2007, and even offered to fly to Washington, D.C. for this deposition (without prejudice

19   to Plaintiffs' position that all other depositions in this action should take place in San Francisco).

20   Declaration of Heather Moser in Support of Plaintiffs' Opposition to Defendants' Motion for

21   Protective Order; Objections to and Motion to Strike Declaration of Thomas G. Bowman ("Moser

22   Decl.") at ¶ 4.  Defendants made clear to Plaintiffs that they have no intention of allowing Plaintiffs

23   to depose Mr. Bowman, and that the deposition noticed for December 4, 2007 will not go forward.

24   For this reason alone, the Court should strike the Bowman Declaration in its entirety.  *See, e.g,*

25   *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (upholding district court's striking

26   of affidavit where affiant refused to answer questions related to affidavit at deposition); *In re John*

27   *Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991) (upholding district court's striking of affidavit where

28   affiant invoked his Fifth Amendment privilege at deposition); *United States v. $57,790.00 in U.S.*

1  *Currency*, No. 01 CV 414 BTM (NLS), 2007 WL 433198 at *9 (S.D. Cal. Jan. 29, 2007) (where

2  declarants refused to answer any questions at deposition "fairness requires that this Court not

3  consider the declarations in deciding the present motions."); *Holmes Prods Corp. v. Dana Lighting,*

4  *Inc.*, 926 F. Supp. 264, 266 (D. Mass. 1996) (ordering affidavit stricken unless affiant appears for

5  deposition within 30 days).

6        **B.     The Bowman Declaration Lacks a Basis in Personal Knowledge and Is**
            **Based on Inadmissible Hearsay.**

7

8        The statements made within the Bowman Declaration reveal Mr. Bowman's almost complete

9  lack of personal knowledge of the matters set out therein. Most of the information is based on

10  "estimates," "opinions," or advice requested by DOJ attorneys from unidentified third parties

11  (Bowman Decl. ¶ 6), none of which Mr. Bowman could testify to based on his personal knowledge.

12        Under Federal Rule of Evidence 602, "[a] witness may not testify to a matter unless evidence

13  is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

14  Also, under Rule 701, lay opinion testimony is limited to those opinions or inferences which are

15  (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the

16  witness' testimony or the determination of a fact at issue. The requirement that the opinion be

17  rationally based on witness' perception echoes the personal knowledge requirement of Rule 602, and

18  mandates that the opinion be one that a reasonable person could draw from the underlying facts,

19  eliminating opinions based on hearsay, speculation and irrational reasoning. *See United States v.*

20  *Rivera*, 22 F.3d 430, 434 (2d Cir. 1994); *United States v. Riddle*, 103 F.3d 423, 428-29 (5th Cir.

21  1997); *Meder v. Everest & Jennings, Inc.*, 637 F.2d 1182, 1188 (8th Cir. 1981). As Mr. Bowman has

22  not been designated or qualified as an expert, he is not exempt from Rule 602's personal knowledge

23  requirement. As lay testimony, the Bowman Declaration needs to be grounded in personal

24  knowledge. By contrast, the Bowman Declaration is suspiciously devoid of any discussion of Mr.

25  Bowman's personal knowledge of the related matters. As stated in Paragraphs 6-15 of the

26  Declaration, Mr. Bowman's "knowledge" of these issues based on "information" provided to him by

27  other unidentified VA employees or in oral or written estimates of cost or burden. Such testimony is

28  not admissible. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir.

1   2001) ("It is not enough for a witness to tell all she knows; she must know all she tells."); *see, e.g.,*

2   *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations based on information

3   and belief "entitled to no weight because the declarant did not have personal knowledge").

4       Federal Rule of Evidence 602's personal knowledge requirement also prevents a lay witness

5   from testifying as to inadmissible hearsay.  Only expert witnesses, which Mr. Bowman has not been

6   designated or qualified as, may, under certain circumstances, rely on hearsay.  Under Rule 801(c),

7   hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing,

8   offered in evidence to prove the truth of the matter asserted."  Under Rule 802, "[h]earsay is not

9   admissible except as provided by these rules or by other rules prescribed by the Supreme Court

10  pursuant to statutory authority of by Act of Congress."  As paragraphs 6-15 of the Bowman

11  Declaration contain information almost exclusively derived from other unnamed VA employees or

12  DOJ attorneys, submitted for the truth of the matter asserted, and not failing within a hearsay

13  exception, they constitute inadmissible hearsay.

14      Plaintiffs' specific objections are as follows:

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| **Paragraph 1, page 1[1]** | **N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.**  Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief.  Declarant Bowman's generalized statement fails to comply with the Rule's requirements.  **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant Bowman admits that he lacks personal knowledge of at least some of the contents of his declaration. |
| **Paragraph 6, page 2** | **Federal Rule of Evidence 802, Hearsay.**  Declarant Bowman discusses |

---

[1] Plaintiffs were unable to provide line citations because the Bowman Declaration was not filed on pleading paper, as required by Nothern District Civil Local Rule 3-4(c)(1).

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | out-of-court statements made by unspecified VA employees offered for the truth of the matter asserted.  Also lacks foundation.<br><br>**Federal Rule of Evidence 602, Lack of Personal Knowledge.**<br>Declarant Bowman has no personal knowledge of the purported burden and cost estimates.  Declarant Bowman fails to even identify the "VA staff and program offices" who did prepare the cost estimates.  This paragraph furthermore sets forth the basis for this objection to all subsequent paragraphs.  Declarant Bowman acknowledges that the DOJ attorneys "requested that offices identified as potentially having responsive information estimate the cost of responding to plaintiffs' requests."  That information was used as the basis for the entire rest of the paragraphs, none of which was Declarant Bowman's personal knowledge.<br><br>**N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.**  Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief.  Declarant Bowman does not purport to have calculated the cost estimates himself, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief.<br><br>**Federal Rules of Evidence 701, 702.  Improper Opinion Testimony**.<br>Declarant Bowman's conclusions regarding the "burden" that would be placed on Defendants to comply with Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. **Federal Rule of Evidence 1002, Best Evidence Rule.** To the extent that Declarant Bowman's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. |
| **Paragraph 7, pages 2-3** | **Federal Rule of Evidence 802, Hearsay.** Declarant Bowman discusses out-of-court statements made by unspecified "VA staff and program offices" offered for the truth of the matter asserted. Also lacks foundation. **Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bowman has no personal knowledge of the purported cost and burden. Declarant Bowman fails to even identify the "VA staff and program offices" who provided him with the cost estimates in this paragraph. **N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.** Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief. Declarant Bowman does not purport to have personal knowledge of the costs and even admits that unidentified "VA staff" provided the cost estimates, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief. **Federal Rules of Evidence 701, 702. Improper Opinion Testimony**. Declarant Bowman's conclusions regarding the "burden" that would be placed on Defendants to comply with Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
|  | conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants.<br><br>**Federal Rule of Evidence 1002, Best Evidence Rule.**  To the extent that Declarant Bowman's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. |
| **Paragraph 8a, pages 3-4** | **Federal Rule of Evidence 802, Hearsay.**  Declarant Bowman discusses out-of-court statements made by unspecified VA employees and "VA information technology staff" offered for the truth of the matter asserted. Also lacks foundation.<br><br>**Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bowman has no personal knowledge of the purported technology issues and "substantial burden" placed on the VA's IT services.  Declarant Bowman fails to even identify the "VA information technology staff" who "told" him the information in this paragraph.<br><br>**N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.**  Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief.  Declarant Bowman does not purport to have personal knowledge of the technology issues and even admits that he was "told" by unspecified members of the "VA's information technology staff," and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief.<br><br>**Federal Rules of Evidence 701, 702.  Improper Opinion Testimony**. Declarant Bowman's conclusions regarding the "burden" that would be |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | placed on Defendants to comply with Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. |
| **Paragraph 8b, page 4** | **Federal Rule of Evidence 802, Hearsay.** Declarant Bowman discusses out-of-court statements made by unspecified VA employees and "VA staff" and the Board of Veterans Appeals ("BVA") offered for the truth of the matter asserted, including but not limited to "estimates received" and the BVA's "response." Also lacks foundation. |
| | **Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bowman has no personal knowledge of the purported burden and lacks foundation as to issues affecting the BVA. Declarant Bowman fails to even identify the BVA employees who prepared the purported "response" upon which Declarant Bowman relies. |
| | **N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.** Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief. Declarant Bowman does not purport to have personal knowledge of the burden issues and even admits that he relies upon an out-of-court "response" by BVA, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief. |
| | **Federal Rules of Evidence 701, 702. Improper Opinion Testimony**. Declarant Bowman's conclusions regarding the "burden" that would be |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
|  | placed on Defendants to comply with Plaintiffs' discovery requests and the purported "diver[sion] of valuable resources" are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. **Federal Rule of Evidence 1002, Best Evidence Rule.** To the extent that Declarant Bowman's testimony is proffered to prove the content of a written BVA "response" and "estimates received," it violates the best evidence rule. |
| **Paragraph 8c, pages 4-5** | **Federal Rule of Evidence 802, Hearsay.** Declarant Bowman discusses out-of-court statements made by unspecified employees of the VA and the Veterans Benefits Administration ("VBA") offered for the truth of the matter asserted, including but not limited to "estimates." Also lacks foundation. **Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bowman has no personal knowledge of the purported burden and lacks foundation as to issues affecting the VBA. Declarant Bowman fails to even identify the VBA employees who prepared the purported "estimates" upon which Declarant Bowman relies. **N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.** Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief. Declarant Bowman does not purport to have personal knowledge of the burden issues and even admits that he relies upon out-of-court "estimates" by VBA, and thus Rule 7-5 required |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | Declarant Bowman to specify the basis for those statements made on information and belief. **Federal Rule of Evidence 1002, Best Evidence Rule.** To the extent that Declarant Bowman's testimony is proffered to prove the content of a written VBA "estimates," it violates the best evidence rule. |
| **Paragraph 9, pages 5-6** | **Federal Rule of Evidence 802, Hearsay.** Declarant Bowman discusses out-of-court statements made by unspecified "Vet Center program officials" offered for the truth of the matter asserted, including but not limited to "opinions" and "estimates." Also lacks foundation. **Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bowman has no personal knowledge of the Vet Center programs or the purported burden. Declarant Bowman fails to even identify the Vet Center employees who prepared the purported "estimates" upon which Declarant Bowman relies. **N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.** Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief. Declarant Bowman does not purport to have personal knowledge and even admits that he relies upon out-of-court "estimates" and "opinions" by unidentified Vet Center employees, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief. **Federal Rules of Evidence 701, 702. Improper Opinion Testimony**. Declarant Bowman's legal conclusions regarding privacy laws, the psychotherapist-patient privilege, and the conclusions regarding the "negative impact on veterans' willingness to seek health care" are |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Moreover, the parties are in the process of negotiating a protective order to seal such information. **Federal Rule of Evidence 1002, Best Evidence Rule.** To the extent that Declarant Bowman's testimony is proffered to prove the content of a written Vet Center "estimates" or "opinions," it violates the best evidence rule. |
| **Paragraph 10, page 6** | **Federal Rule of Evidence 802, Hearsay.** Declarant Bowman discusses out-of-court statements offered for the truth of the matter asserted. Also lacks foundation. **Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bowman has no personal knowledge of the statistics or the purported burden. Declarant Bowman fails to identify the source of the cited statistics upon which Declarant Bowman relies. **N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.** Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief. Declarant Bowman does not purport to have personal knowledge of the statistics cited, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief. **Federal Rule of Evidence 403, Relevance.** This paragraph is irrelevant to the issues in dispute on this motion. Burden will become relevant |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | only if and when defense counsel properly engages in a meet and confer with Plaintiffs' counsel regarding the individual requests and the purported burden and any proffered compromise.<br><br>**Federal Rules of Evidence 701, 702.  Improper Opinion Testimony**.  Declarant Bowman's conclusions regarding "significant burden" are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. |
| **Paragraph 11, pages 6-7** | **Federal Rule of Evidence 802, Hearsay.**  Declarant Bowman discusses out-of-court statements offered for the truth of the matter asserted.  Also lacks foundation.<br><br>**Federal Rule of Evidence 602, Lack of Personal Knowledge.**  Declarant Bowman has no personal knowledge of the statistics or the purported burden "on health care providers."  Declarant Bowman fails to identify the source of the cited statistics upon which Declarant Bowman relies.<br><br>**N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.**  Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief.  Declarant Bowman does not purport to have personal knowledge of the statistics cited, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief. |
| **Paragraph 12, page 7** | **Federal Rule of Evidence 802, Hearsay.**  Declarant Bowman discusses |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | out-of-court statements made by the Chief of Staff of the Veterans Health Administration ("VHA").  Also lacks foundation.  **Federal Rule of Evidence 602, Lack of Personal Knowledge.**  Declarant Bowman has no personal knowledge of the VHA programs or the purported impact on medical care.  Declarant Bowman admits that his information is based on out-of-court statements made by the VHA's Chief of Staff.  **N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.**  Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief.  Declarant Bowman does not purport to have personal knowledge and even admits that he relies upon out-of-court statements by the VHA Chief of Staff, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief.  **Federal Rules of Evidence 701, 702.  Improper Opinion Testimony**.  Declarant Bowman's conclusions regarding the impact to the quality of health care are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. |
| **Paragraph 13, pages 7-8** | **Federal Rule of Evidence 802, Hearsay.**  Declarant Bowman discusses out-of-court statements offered for the truth of the matter asserted.  Also lacks foundation.  **Federal Rule of Evidence 602, Lack of Personal Knowledge.** |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | Declarant Bowman has no personal knowledge of the VBA statistics or the purported impact on benefits.<br><br>**N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.** Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief. Declarant Bowman does not purport to have personal knowledge of the VBA system and/or the Compensation and Pension Service, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief.<br><br>**Federal Rules of Evidence 701, 702. Improper Opinion Testimony**. Declarant Bowman's conclusions regarding the impact to the benefits system are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. |
| **Paragraph 14, page 8** | **Federal Rule of Evidence 802, Hearsay.** Declarant Bowman discusses out-of-court statements and VBA "projections" offered for the truth of the matter asserted. Also lacks foundation.<br><br>**Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bowman has no personal knowledge of the VBA statistics or the purported impact on benefits.<br><br>**N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.** Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief. Declarant Bowman does not purport to have personal knowledge of the VBA system, and thus Rule 7-5 required |

| Bowman Declaration Evidence | Evidentiary Objection(s) |
|---|---|
| | Declarant Bowman to specify the basis for those statements made on information and belief. **Federal Rules of Evidence 701, 702.  Improper Opinion Testimony**. Declarant Bowman's conclusions regarding the impact to the benefits system are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. |
| **Paragraph 15, page 8** | **Federal Rule of Evidence 802, Hearsay.**  Declarant Bowman discusses out-of-court statements offered for the truth of the matter asserted.  Also lacks foundation. **Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bowman has no personal knowledge of the VBA statistics or the purported impact on benefits programs. **N.D. Civ. L. R. 7-5(b), Lack of Personal Knowledge.**  Rule 7-5(b) requires Declarant Bowman to specify the basis for any statement made on information and belief.  Declarant Bowman does not purport to have personal knowledge of the VBA system, and thus Rule 7-5 required Declarant Bowman to specify the basis for those statements made on information and belief. **Federal Rules of Evidence 701, 702.  Improper Opinion Testimony**. Declarant Bowman's conclusions regarding the impact to the benefits system are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact |

| **Bowman Declaration Evidence** | **Evidentiary Objection(s)** |
|---|---|
| | that defense counsel has yet to meet and confer with Plaintiffs' counsel regarding the individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. |

In sum, Mr. Bowman's "declaration" is actually nothing more than an argumentative interpretation of Plaintiffs' document requests based on inadmissible hearsay gleaned from unidentified employees within the Department of Veterans Affairs who made assumptions and used methodologies that are not disclosed. Bowman Decl. ¶ 6. Mr. Bowman fails to disclose the numerous suggestions Plaintiffs have made to limit the scope and burden of discovery in this action. And Mr. Bowman drastically exaggerates the burden associated with responding to many of Plaintiffs' document requests. *See* Declaration of Paul Sullivan in Support of Plaintiffs' Opposition to Defendants' MPO. For example, the Bowman Declaration suggests that responding to plaintiffs' discovery requests will involve a hand review of every veteran claim file in all 57 regional offices. Bowman Decl. at ¶ 8b. This is simply not the case. The VA has computer information systems that are capable of determining precisely which veterans have been diagnosed with PTSD, and which veterans are deceased. Sullivan Dec. at ¶¶ 10, 11. Mr. Bowman's declaration demonstrates that he has little or no familiarity with the computer databases at the VA. Mr. Bowman also fails to provide any information regarding his methodology for calculating costs associated with responding to Plaintiffs' discovery requests; nor does he provide any back-up documentation which might assist the court in determining the reliability of the declaration.

For the reasons discussed above, the Bowman Declaration fails to comply with the Local Rules of the Northern District of California. Local Rule 7-5 states, in pertinent part, that affidavits or declarations submitted in support of any motion "may contain *only facts*, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument." Civil L.R. 7-5(b) (emphasis added). Rule 56(e) of the Federal Rules of Civil Procedure states, in pertinent part, "A supporting or opposing affidavit must be made on *personal knowledge*, set out facts that *would be*

*admissible in evidence*, and that the affiant is competent to testify on the matters stated." (Emphasis added).  The Bowman declaration violates the personal knowledge, admissibility and factual assertion requirements of LR 7-5(b).

**C.     The Bowman Declaration Should be Stricken in Its Entirety**

As discussed above, the substance of the Bowman Declaration consists almost exclusively of inadmissible hearsay and conclusory statements that lack foundation.  To the extent, if any, that admissible factual assertions are included in the declaration, they are so intertwined with hearsay that they cannot be separated out.  Accordingly, the Court should strike the declaration in its entirety.  *See* Civil L.R. 7-5(b) ("declaration[s] not in compliance with this rule may be stricken in whole or in part"); *S. Concrete Co. v. United States Steel Corp.,* 394 F. Supp. 362, 380-81 (N.D. Ga. 1975) ("While the court may strike or disregard the inadmissible portions of such affidavit not in conformity with the rule and consider the rest of the affidavit, the entire affidavit may be disregarded if inadmissible matter is so interwoven or inextricably combined with the admissible portions that it is impossible, in the practical sense, to separate them."); *accord Gonzalez v. N. Twp. of Lake County*, 800 F. Supp. 676, 680 (N.D. Ind. 1992) (affidavit stricken in its entirety where "it is impossible to distinguish [the affiant's] knowledge from the hearsay contained in the affidavit"), *rev'd on other grounds*, 4 F.3d 1412 (7th Cir. 1993).

**III.     CONCLUSION**

For the reasons set forth herein, Plaintiffs object to, and respectfully move the Court to strike the Declaration of Thomas G. Bowman.

Dated: November 27, 2007

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
BILL D. JANICKI
STACEY M. SPRENKEL
PAUL J. TAIRA
MORRISON & FOERSTER LLP


By:  /s/  Stacey M. Sprenkel
          Stacey M. Sprenkel

Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28