1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

12 VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.,

13                 Plaintiffs,

14         v.

15 GORDON H. MANSFIELD, Acting Secretary of
Veterans Affairs, *et al.*,

16
17                 Defendants.

Case No.  C-07-3758-SC

**CLASS ACTION**

**[PROPOSED] PROTECTIVE
ORDER**

Complaint Filed July 23, 2007

18
19
20
21
22
23
24
25
26
27
28

1    1.    <u>PURPOSES AND LIMITATIONS</u>

2    In general, disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public disclosure

4    and from use for any purpose other than prosecuting this litigation would be warranted.  In particular,

5    the Administrative Procedure Act, 5 U.S.C. § 552a(b), requires entry of a court order before federal

6    agency records may be disclosed.  Section 522a(a)(4) defines "records" to include, *inter alia*, an

7    individual's medical history.  Although not bound by the Administrative Procedure Act, Plaintiffs

8    also endeavor to protect private information related to individual veterans that is likely to be

9    produced during discovery or submitted to the Court, including but not limited to medical records or

10   benefits claims files.  In addition, there may be occasions in which individual veterans and their

11   family members, Defendants' employees, or third parties may contact Plaintiffs or their counsel with

12   relevant information, but who are unwilling to divulge such information or their identities unless

13   protections are in place to protect them against dismissal, denial of medical care or benefits claims, or

14   other retaliatory action.

15   This Order does not confer blanket protections on all disclosures or responses to discovery

16   and that the protection it affords extends only to the limited information or items that are entitled

17   under the applicable legal principles to treatment as confidential.  As set forth in Section 10, below,

18   that this Protective Order creates no entitlement to file confidential information under seal; Civil

19   Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be

20   applied when a party seeks permission from the court to file material under seal.

21   2.    <u>DEFINITIONS</u>

22   2.1    <u>Party</u>:  any party to this action, including all of its members, officers, directors,

23   employees, consultants, retained experts, and outside counsel (and their support staff).

24   2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium

25   or manner generated, stored, or maintained (including, among other things, testimony, declarations,

26   transcripts, or tangible things) that are produced or generated in disclosures or responses to pre-trial

27   discovery in this matter.  This Order specifically excludes any material or testimony to be produced

28   or used during trial.  At least sixty days prior to the trial date, the parties shall meet and confer and

submit a separate proposed protective order governing the treatment of "Confidential" information and "Personal Identifying Information" during trial.

2.3     Personal Identifying Information:  (a) Testimony in any form that contains information: (i) protected by the Privacy Act or the right of privacy; (ii) relating to medical condition or treatment; and/or (b) testimony submitted by a veteran or claimant or family members, or any VA employee or consultant, containing identifying information where that individual subjectively expresses a belief that he or she might be subject to retaliation by Defendants.  Identifying information would include names, names of family members or relatives, addresses, phone numbers, email addresses, Social Security numbers, current employment information or employment history, details of military service or service-connected injuries, or any other personal information that would in any way reveal or provide evidence related to the individual's identity.  Personal Identifying Information applies equally to veterans, claimants for service-connected death or disability compensation as defined in the complaint, declarants, witnesses, Defendants' employees, or veterans or claimants who participate in any way in this lawsuit.

2.4     "Confidential – Subject to Protective Order" Information or Items:  all information or items that qualify as (1) agency "records" as defined in 5 U.S.C. § 552a(a)(4); (2) individual veterans' medical history or medical records or any other information protected by constitutional or statutory rights to privacy, including but not limited to information protected from disclosure under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 201; or (3) information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.5     "Personal Identifying Information – Attorneys' Eyes Only" Information or Items: information or items that qualify as Personal Identifying Information and are submitted in support of a witness's participation in favor of Plaintiffs.  A witness may be a veteran, one of Defendants' employees, or any other relevant non-party.

2.6     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER
sf-2425400

2

2.7    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8    Designating Party:  a Party or non-party that designates information or documents that it produces in disclosures or in responses to discovery in addition to affidavits or exhibits submitted in support of papers filed with the Court as "Confidential – Subject to Protective Order" or as "Personal Identifying Information – Attorneys' Eyes Only."

2.9    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential – Subject to Protective Order" or as "Personal Identifying Information – Attorneys' Eyes Only."

2.10    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.  The Department of Justice attorneys designated as counsel of record in this action (and their supporting staff members) shall be considered Outside Counsel for Defendants.  The Morrison & Foerster and Disability Rights Advocates attorneys designated as counsel of record in this action (and their supporting staff members) shall be considered Outside Counsel for Plaintiffs.

2.11    House Counsel:  attorneys who are employees of a Party.  Attorneys employed by the Department of Veterans Affairs shall be considered House Counsel for Defendants.

2.12    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.13    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

        The protections conferred by this Order cover not only Protected Material (as defined above),

but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or

compilations thereof, plus pre-trial testimony, conversations, or presentations by parties or counsel to

or in court or in other settings that might reveal Protected Material.

4.    DURATION

        Even after the termination of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

        5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

non-party that designates information or items for protection under this Order must take care to limit

any such designation to specific material that qualifies under the appropriate standards.  A

Designating Party must take care to designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown

to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

encumber or retard the case development process, or to impose unnecessary expenses and burdens on

other parties), expose the Designating Party to sanctions.

        5.2    If it comes to a Party's or a non-party's attention that information or items that it

designated for protection do not qualify for protection at all, or do not qualify for the level of

protection initially asserted, that Party or non-party must promptly notify all other parties that it is

withdrawing the mistaken designation.  If it comes to a Party's or non-party's attention that

information or items are not designated for protection that should qualify for protection, that Party or

non-party shall as soon as practicable notify the Producing Party in writing.  The Producing Party

shall be required to redesignate that information as "Confidential – Subject to Protective Order" or as

1    "Personal Identifying Information – Attorneys' Eyes Only" at its own expense and reproduce the

2    contested information or items at its own expense bearing the "Confidential – Subject to Protective

3    Order" or "Personal Identifying Information – Attorneys' Eyes Only" designation.  Should the

4    Producing Party disagree with the notifying party or non-party regarding the propriety of the

5    "Confidential – Subject to Protective Order" or the "Personal Identifying Information – Attorneys'

6    Eyes Only" designation, the parties shall follow the procedures set forth in Paragraph 6 of this Order.

7        5.3    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see,

8    e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that

9    qualifies for protection under this Order must be clearly so designated before the material is disclosed

10    or produced.

11        Designation in conformity with this Order requires:

12            (a)    <u>for information in documentary form</u> (apart from transcripts of depositions or

13    other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – SUBJECT

14    TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

15    EYES ONLY" at the bottom of each page that contains protected material.  If only a portion or

16    portions of the material on a page qualifies for protection, the Producing Party also must clearly

17    identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

18    specify, for each portion, the level of protection being asserted is "CONFIDENTIAL – SUBJECT TO

19    PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

20    EYES ONLY."

21            A Party or non-party that makes original documents or materials available for

22    inspection need not designate them for protection until after the inspecting Party has indicated which

23    material it would like copied and produced.  During the inspection and before the designation, all of

24    the material made available for inspection shall be deemed "PERSONAL IDENTIFYING

25    INFORMATION – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

26    documents it wants copied and produced, the Producing Party must determine which documents, or

27    portions thereof, qualify for protection under this Order, then, before producing the specified

28    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL – SUBJECT

1    TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

2    EYES ONLY") at the bottom of each page that contains Protected Material.  If only a portion or

3    portions of the material on a page qualifies for protection, the Producing Party also must clearly

4    identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

5    specify, for each portion, the level of protection being asserted ("CONFIDENTIAL – SUBJECT TO

6    PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

7    EYES ONLY").

8                    (b)    for testimony given in deposition or in other pretrial proceedings, that the Party

9    or non-party offering or sponsoring the testimony identify on the record, before the close of the

10    deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

11    the testimony that qualify as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

12    "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY."  When it is

13    impractical to identify separately each portion of testimony that is entitled to protection, and when it

14    appears that substantial portions of the testimony may qualify for protection, the Party or non-party

15    that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

16    proceeding is concluded) a right to have up to 30 days from receipt of the deposition or hearing

17    transcript to identify the specific portions of the testimony as to which protection is sought and to

18    specify the level of protection being asserted ("CONFIDENTIAL – SUBJECT TO PROTECTIVE

19    ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY").

20    Only those portions of the testimony that are appropriately designated for protection within the 30

21    days shall be covered by the provisions of this Protective Order.  As set forth in Paragraph 2.2, this

22    Order specifically excludes any material or testimony to be produced or used during trial and a

23    separate order will govern trial testimony.

24                    Transcript pages containing Protected Material must be separately bound by the court

25    reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL – SUBJECT

26    TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

27    EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or

28    presenting the testimony.

(c)    for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY."

5.4    Failures to Designate.  If timely corrected, a failure to designate qualified information or items as "Confidential – Subject to Protective Order" or "Personal Identifying Information – Attorneys' Eyes Only" or does not, standing alone, waive a Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential – Subject to Protective Order" or "Personal Identifying Information – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Producing Party must, at its own expense, reproduce copies of the material to the Receiving Party with the appropriate designation.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS OR FAILURE TO DESIGNATE CONFIDENTIAL MATERIAL AS SUCH

6.1    Available Challenges.  The Receiving Party may challenge the Producing Party's designation of material as "Confidential – Subject to Protective Order" or "Personal Identifying Information – Attorneys' Eyes Only" or the Producing Party's failure to designate qualified material as "Confidential – Subject to Protective Order" or "Personal Identifying Information – Attorneys' Eyes Only."

6.2    Timing of Challenges.  The Receiving Party must challenge the Designating Party's designations or lack thereof within thirty (30) days of receipt of the challenged information.

6.3    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation or lack thereof must do so in good faith and must begin the process by

1   conferring with counsel for the Designating Party.  In conferring, the challenging Party must explain

2   the basis for its belief that the confidentiality designation was not proper and must give the

3   Designating Party an opportunity to review the designated material, to reconsider the circumstances,

4   and, if no change in designation is offered, to explain the basis for the chosen designation.  A

5   challenging Party may proceed to the next stage of the challenge process only if it has engaged in this

6   meet and confer process first.

7          6.4     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

8   designation or lack thereof after considering the justification offered by the Designating Party may

9   file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

10  applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

11  Each such motion must be accompanied by a competent declaration that affirms that the movant has

12  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

13  forth with specificity the justification for the confidentiality designation that was given by the

14  Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge

15  proceeding shall be on the Receiving Party bringing the motion to challenge the designation.  Until

16  the Court rules on the Receiving Party's challenge either for lack of a "Confidential" designation or

17  to a "Confidential" designation, all parties shall provisionally treat the material as "Confidential –

18  Subject to Protective Order."  Until the Court rules on the Receiving Party's challenge either for lack

19  of a "Personal Identifying Information" designation or to a "Personal Identifying Information"

20  designation, all parties shall treat provisionally the material as "Personal Identifying Information –

21  Attorneys' Eyes Only."

22  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

23         7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

24  produced by another Party or by a non-party in connection with this case only for prosecuting,

25  defending, or attempting to settle this litigation.  When the litigation has been terminated, a Receiving

26  Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

27         Protected Material must be stored and maintained by a Receiving Party at a location and in a

28  secure manner that ensures that access is limited to the persons authorized under this Order.

1    7.2    Disclosure of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

2    Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

3    Designating Party, a Receiving Party may disclose any information or item designated

4    CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only to:

5        (a)    the Parties and their Outside Counsel and House Counsel (as defined in this

6    Order), as well as employees of said Counsel to whom it is reasonably necessary to disclose the

7    information for this litigation and who have signed the "Agreement to Be Bound by Protective

8    Order" that is attached hereto as Exhibit A;

9        (b)    Experts (as defined in this Order) of the Producing or Receiving Party to whom

10   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

11   Bound by Protective Order" (Exhibit A);

12       (c)    Professional Vendors (as defined in this Order) of the Producing or Receiving

13   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

14   "Agreement to Be Bound by Protective Order" (Exhibit A);

15       (d)    the Court and its personnel;

16       (e)    court reporters, their staffs, and professional vendors to whom disclosure is

17   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

18   Protective Order" (Exhibit A);

19       (f)    during depositions or in preparation of affidavits or for pretrial testimony, to

20   fact witnesses, House Counsel, and Outside Counsel in the action to whom disclosure is reasonably

21   necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

22   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

23   must be separately bound by the court reporter and may not be disclosed to anyone except as

24   permitted under this Protective Order.

25       (g)    the author of the document or the original source of the information.

26   7.3    Disclosure of "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

27   EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing

28

by the Designating Party, a Receiving Party may disclose any information or item designated

"PERSONAL IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as

employees of said Counsel to whom it is reasonably necessary to disclose the information for this

litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

hereto as Exhibit A;

(b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

(Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure is

reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

Protective Order" (Exhibit A);

(e)    during depositions or in preparation of affidavits or for pretrial testimony, to

fact witnesses and Outside Counsel in the action to whom disclosure is reasonably necessary and who

have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed

deposition testimony or exhibits to depositions that reveal Protected Material must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this

Protective Order; and

(f)    the author of the document or the original source of the information, excluding

House Counsel.  House Counsel shall not have access to any information designated "PERSONAL

IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY."

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would

compel disclosure of any information or items designated in this action as "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION –

ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing

1    (by fax, if possible) immediately and in no event more than three court days after receiving the

2    subpoena or order.  Such notification must include a copy of the subpoena or court order.

3         The Receiving Party also must immediately inform in writing the Party who caused the

4    subpoena or order to issue in the other litigation that some or all the material covered by the subpoena

5    or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy

6    of this Protective Order promptly to the Party in the other action that caused the subpoena or order to

7    issue.

8         The purpose of imposing these duties is to alert the interested parties to the existence of this

9    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

10   confidentiality interests in the court from which the subpoena or order issued.  The Designating Party

11   shall bear the burdens and the expenses of seeking protection in that court of its confidential material

12   – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

13   Party in this action to disobey a lawful directive from another court.

14   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

16   Material to any person or in any circumstance not authorized under this Protective Order, the

17   Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

18   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

19   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

20   request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

21   attached hereto as Exhibit A.  Unauthorized disclosure for an improper purpose may subject the

22   disclosing party to sanctions.

23   10.   FILING PROTECTED MATERIAL.  Without written permission from the Designating Party

24   or a court order secured after appropriate notice to all interested persons, a Party may not file in the

25   public record in this action any Protected Material.  A Party that seeks to file under seal any Protected

26   Material must comply with Civil Local Rule 79-5.

27   11.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing

28   Party, within ninety days after the final termination of this action or within ninety days of termination

of an appeal or deadline for filing an appeal, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party must return all of the Protected Material unless the Designating Party has given its permission in writing to destroy the material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION), above.

12.     MISCELLANEOUS

12.1     No Retaliation.  No Party shall take any retaliatory action against any veteran, potential class member, third-party witness, or employee of a Party based on that individual's inclusion or participation in this lawsuit.  Retaliation shall include but is not limited to the following actions: (1) pulling an individual veteran's original claim file for use in the litigation, which indefinitely delays any action in his or her benefits claim proceeding or appeal; (2) the denial of benefits to individual veterans based in whole or in part on his or her inclusion or participation in this action; and (3) demotion, termination, or other retaliatory actions against Department of Veterans Affairs employees or other federal government employees based on whole or in part on that employee's inclusion or participation in this action.

12.2     Veteran Records.  The Department of Justice shall develop a procedure for obtaining access to veteran records from the VA such as claim files and medical records that, to the maximum extent possible, protects the identity of the veteran or claimant and does not indicate the specific

1  purpose for the request.  Should the VA or Department of Justice determine that any veteran record

2  such as claim files or medical records is required for review, consultation, or evaluation for purpose

3  of this lawsuit, the VA or Department of Justice shall promptly make an electronic or hard copy of

4  the veteran's records and immediately return the records to their appropriate location within the VA.

5  No veteran record shall be removed from the normal VA adjudication cycle appropriate to that

6  record.  This provision applies equally any veteran made known to the VA in Disclosure or

7  Discovery Material, potential class members, claimants for service-connected death or disability

8  compensation as defined in the complaint, declarants, witnesses, or veterans or claimants who

9  participate in any way in this lawsuit.

10      12.3    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek

11  its modification by the Court in the future.

12      12.4    <u>Right to Assert Other Objections</u>.  By the entry of this Protective Order no Party

13  waives any right it otherwise would have to object to disclosing or producing any information or item

14  on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object

15  on any ground to use in evidence of any of the material covered by this Protective Order.

16

17  **IT IS SO ORDERED.**

18      DATED:_____    _____

19                                          HONORABLE SAMUEL CONTI
                                            United States District Judge

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ___ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name:_____
                        [printed name]


Signature:_____
                        [signature]