

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Ben Franklin Station | Rm. 7138 |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Steven Y. Bressler
Trial Attorney

Tel: (202) 514-4781
Fax: (202) 318-7609
email: *steven.bressler@usdoj.gov*

August 28, 2007

<u>BY EMAIL</u>

Gordon Erspamer
Morrison & Foerster
101 Ygnacio Valley Rd., Suite 450
Walnut Creek, CA 94596-4094
Email: Gerspamer@mofo.com

     Re:   <u>Veterans for Common Sense, et al., v. Nicholson, et al.</u>, No. C 07-3758-SC

Dear Gordon:

     I write in response to your letter of August 24, 2007 purporting to memorialize our telephone conversation of August 23, 2007. Thank you for sending your letter to me via email. As we discussed, and as you noted, U.S. postal mail to the Department of Justice has been significantly delayed due to security measures undertaken since 2001. I believe you misstated or mischaracterized various other elements of our conference call, however. Those elements include, but are not limited to:

1.    <u>Protective Orders:</u> As to your request for a protective order that would allow declarants to remain anonymous, I told you that we are not aware of any justification for such an extraordinary and broad measure at this time in this case, although we are willing to consider requests concerning specific individuals if the need arises. Richard Lepley and I also explained that the names of individuals who are making assertions about their experiences dealing with the Department of Veterans Affairs would have to be shared with our clients so that our client can assess the veracity of such individuals' claims. In response to a statement you made in previous correspondence that you may file an <u>ex parte</u> motion for an order allowing declarants to proceed anonymously, I stated that any such motion should be filed and served on defendants, not submitted <u>ex parte</u>. I also told you that we would consider a request for our consent to file such a motion or portions thereof under seal. As to a Privacy Act protective order, while we did not discuss the matter at length, we told you that such an order would be necessary over any information protected by the Privacy Act. Indeed, defendants cannot disclose any Privacy Act-protected information before a Privacy Act protective order is in place.

2.    <u>Preservation of Evidence:</u> We suggested that plaintiffs prepare a draft preservation order and you declined. We then requested that you write us a letter or otherwise provide an informal list of issues on which you believe plaintiffs would like to take discovery. You refused, and directed us to plaintiffs' 278-paragraph Complaint. I then stated that defendants would draft

– 2 –

proposed language, and you agreed to respond with comments and plaintiffs' position. I did not tell you when I will have a draft to share because I did (and do) not yet know, and do not want to mislead you.

3.    Rule 26 Conference: Defendants share your wish to have a Rule 26 conference as soon as practicable (as required by the rule itself), but, as I informed you over the telephone, it is not yet practicable. I did not state that I had calculated the last day the conference could be held as October 26, nor did I suggest we meet and confer on that date. Rather, I noted that the Court's Order Setting Initial Case Management Conference and ADR Deadlines (Docket Entry No. 2) identifies October 26 as the last day to meet and confer. Again, we share your desire to meet and confer as soon as possible but, given the length and complexity of the Complaint, we are not yet prepared to do so.

4.    ADR: I told you that we had received Mr. Wolinsky's letter dated August 6, 2007 (though not received by me until about ten days later due to postal delays) noting plaintiffs' desire to "constructively discuss avenues for a potential resolution of this case" and stating plaintiffs "have a number of suggestions" as to how to do so. I asked you to identify those suggestions, but you declined. You stated you would like a confidentiality agreement in place before doing so. I stated that such a discussion would be a covered settlement communication pursuant to the Federal Rules of Evidence, but you said you would like a broader confidentiality agreement. I suggested you propose such an agreement, and you agreed.

5.    Planned Motions: During the course of our conversation, you disclosed an intent to file motions for a preliminary injunction, expedited discovery, and a protective order to permit declarants to proceed anonymously. I asked when you expect to file these motions, but Mr. Wolinsky stated that plaintiffs are not interested in being that "transparent" at this time, and you said that you did not yet know. To the extent you plan to seek expedited discovery in connection with an emergency motion, however, it would be helpful for you to provide more information as to what discovery requests you anticipate making.

I share and appreciate your stated willingness to resolve as much as possible by agreement.

Sincerely Yours,

/s/

Steven Y. Bressler

cc:    Sid Wolinsky