GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
MORRISON & FOERSTER LLP
101 Ygnacio Valley Road, Suite 450
P.O. Box 8130
Walnut Creek, California 94596-8130
Telephone: 925.295.3300
Facsimile: 925.946.9912

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
MELISSA W. KASNITZ (CA SBN 162679)
MKasnitz@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

**[see next page for additional counsel for Plaintiffs]**

Attorneys for Plaintiff(s)
VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | Case No. C-07-3758-SC<br><br>**CLASS ACTION**<br><br>**DECLARATION OF HEATHER A. MOSER IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>Date: January 4, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br>Judge: Hon. Samuel Conti<br><br>Complaint Filed: July 23, 2007 |

1  **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2  ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
4  STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
5  PAUL J. TAIRA (CA SBN 244427)
PTaira@mofo.com
6  MORRISON & FOERSTER LLP
425 Market Street
7  San Francisco, California 94105-2482
Telephone: 415.268.7000
8  Facsimile: 415.268.7522

9  BILL D. JANICKI (CA SBN 215960)
WJanicki@mofo.com
10  MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
11  Sacramento, California 95814
Telephone: 916.448.3200
12  Facsimile: 916.448.3222

1  I, HEATHER A. MOSER, declare:

2  1. I am an associate at Morrison & Foerster LLP, counsel of record for Plaintiffs in this action. I make this declaration on my own personal knowledge, and if called as a witness to testify, I could and would testify competently to the following facts:

2. On November 13, 2007, in a pre-scheduled telephonic meet and confer conference regarding the protective order, my colleague, Gordon Erspamer, and I spoke with Mr. Daniel Bensing, Mr. Steven Bressler, and Ms. Kyle Freeny. We identified specific provisions Plaintiffs planned to include in the order and discussed the provisions of the Privacy Act order previously sent by defense counsel. During that conversation, I agreed to send defense counsel a written draft of the proposed order.

3. The morning of November 21, 2007, I received an email from defense counsel, Steven Bressler, regarding Defendants' intention to move for a protective order. My colleague, Stacey Sprenkel, and I spoke with Mr. Bressler, Mr. Bensing, and Ms. Freeny later that morning. During the course of that conversation, defense counsel requested that Plaintiffs stipulate to a shortened briefing and hearing schedule on the motion for protective order. I indicated that we were amenable to such a request but would like to negotiate a similarly shortened briefing schedule on our anticipated motion for protective order. I informed defense counsel that Plaintiffs would send a written draft of the protective order that had been the subject of a series of meet and confer conversations. The parties agreed to reconvene early the following week to discuss Defendants' objections, if any, to the protective order and the proposed schedules to shorten time for hearing on the parties' respective motions for protective order. Later that day, I sent defense counsel a draft protective order, modeled on the standard Stipulated Protective Order in the Northern District of California. A true and correct copy of my November 21, 2007 letter enclosing the draft protective order is attached hereto as Exhibit A.

4. On Monday, November 26, 2007, the parties agreed to continue the meet and confer discussion on November 27. During that meet and confer, defense counsel informed me that their threshold position is that a protective order is "premature" at this stage in the proceedings in light of the pending motion to dismiss. I informed defense counsel that Plaintiffs' position is that the motion will be denied and discovery will proceed and that a protective order is a necessary prerequisite to discovery. Defense counsel offered a "non-exhaustive" list of issues with the protective order but informed me that

CASE NO. C-07-3758-SC   1
MOSER DECL. IN SUPP. OF PLS.' MOTION FOR PROTECTIVE ORDER
sf-2429793

1  they would not be in a position to tell me what, if any, provisions they would agree to or with which they

2  disagreed prior to January 2008. I indicated that we could not agree to postpone the meet and confer on

3  the protective order position until after the motion to dismiss and certainly not until the conference in

4  January, which is two months away. The other reasons given by Defendants' counsel for their inability

5  to comprehensively meet and confer on the protective order prior to January were: (1) the reply brief on

6  the motion to dismiss was consuming their time this week; (2) the following weeks would be consumed

7  with work on other cases and preparation for oral argument on the motion to dismiss; (3) in light of the

8  holidays, early January would be the only acceptable time at which they could fully meet and confer on

9  the protective order; and (4) they interpreted the Court's decision to continue the Case Management

10 Conference as reflecting the Court's intent to postpone resolution of any discovery issues, including the

11 protective order, until the January 25 conference. I disagreed, stressing that Defendants need to satisfy

12 their meet and confer obligations now, and that Plaintiffs need to move for entry of a protective order.

13 Mr. Bensing, counsel for Defendants, informed me that he would send a letter the following day

14 memorializing Defendants' positions. During that conversation, Mr. Bressler did inform me that

15 Defendants are amenable to copying claim files necessary to the litigation to avoid taking them out of

16 circulation in the VA, but also stated that Defendants do not want such a provision contained in the

17 protective order itself. The following day, I received a letter from Mr. Bensing, confirming that

18 Defendants believe it is "premature" to conduct discovery in this case until the pending motion to

19 dismiss has been resolved. Citing a need to "focus on the upcoming motion to dismiss" and the "lack of

20 urgency on this matter," the letter also confirmed that **Defendants refused to complete meet and**

21 **confer discussions on the protective order until December 28, 2007**. A true and correct copy of Mr.

22 Bensing's letter to me dated November 28, 2007 is attached hereto as Exhibit B.

23       5.  On November 29, 2007, I responded to Mr. Bensing's letter. I informed defense counsel

24 that Plaintiffs could not accept their proposal to postpone the meet and confer until late December,

25 especially in light of the fact that Plaintiffs initiated the meet and confer process in early August, and

26 planned to move the Court to enter the draft protective order. The letter set forth the anticipated filing

27 date and hearing date. I also asked Defendants to notify me if they were willing to change their position

28 on either the propriety of a meet and confer or the order shortening time. A true and correct copy of my

1  November 29, 2007 letter is attached hereto as Exhibit C.  The next day, on November 30, 2007, Mr.
2  Bensing sent me a response to my letter.  He indicated that Defendants are "not willing to change [their]
3  position" with respect to the meet and confer or the order shortening time.  A true and correct copy of
4  Mr. Bensing's letter is attached hereto as Exhibit D.

5      I declare under penalty of perjury under the laws of the United States of America and the State of
6  California that the foregoing is true and correct.

7      Executed this 30th day of November, 2007, at San Francisco, California.

                                    /s/ Heather A. Moser
                                    Heather A. Moser

11     I hereby attest that I have on file all holograph signatures for any signatures indicated by a
12  "conformed" signature (/S/) within this efiled document.