**U.S. Department of Justice**

Civil Division



*Washington, D.C. 20530*

November 28, 2007

Ms. Heather Moser
Morrison & Foerster
425 Market St.
San Francisco, Cal. 94105-2482

    RE:    <u>Veterans for Common Sense v. Mansfield</u>, (N.D. Cal. No. C-07-3758)

    By: Regular mail and E-mail [Hmoser@mofo.com]

Dear Ms. Moser:

    This is in response to your letter of Wednesday, November 21, 2007 to my colleague, Steven Bressler, in which you requested the government's position on plaintiffs' Proposed Stipulated Protective Order (transmitted with your letter) by Monday, November 26, 2007.

    As we explained in our phone conversation on this issue yesterday, as well as in our two motions for protective orders, the government believes that it is premature to conduct discovery in this action until there has been a resolution of the government's Motion to Dismiss. Consequently we also do not believe that it is necessary or appropriate at this time to enter a Protective Order governing the confidentiality of discovery material. Despite several requests, you and your colleague Mr. Wolinsky were unable to explain why it was essential that such an order be entered before there is a resolution of the motion to dismiss.

    Nevertheless, in our call, Mr. Bressler identified several concerns we have with plaintiffs' Proposed Protective Order, but noted that we may have other concerns after we have had an opportunity to review the Order more carefully and consult with our clients. In view of our need to focus on the upcoming hearing on defendants' Motion to Dismiss, and the lack of

urgency on this matter, the government does not anticipate being in a position to provide a complete response to the many unusual provisions plaintiffs seek to include in the Proposed Protective Order for several weeks. We will make good faith efforts to present our complete comments on the Proposed Protective Order to you promptly and complete our meet-and-confer discussions by no later than December 28, 2007. We suggest that any disagreement between the parties on the scope of the Protective Order can then be resolved at the initial Scheduling Conference, which Judge Conti recently continued to January 25, 2008.

Additionally, for the same reasons, we do not believe that there is any justification for a compressed briefing schedule on plaintiffs' Proposed Motion for Protective Order, to permit the matter to be argued on December 14, 2007. Therefore, we cannot consent to plaintiffs' request that we stipulate to an order shortening time on that motion.

Finally, I confirmed to you that given the government's Motion for Protective Order to Halt Rule 30(b)(6) Deposition and Bar Additional Document Requests, filed on November 21, 2007, defendants will not be providing a witness on December 5, 2007 the date that you noticed for the Rule 30(b)(6) deposition of the Department of Veterans Affairs.

Sincerely,

Daniel Bensing
Senior Counsel
Federal Programs Branch

cc:     Sidney M. Wolinsky