**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

November 29, 2007

Writer's Direct Contact
415.268.7091
HMoser@mofo.com

*Via Facsimile and E-Mail*

Mr. Daniel Bensing, Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC  20530

Re:   *Veterans for Common Sense v. Mansfield*
      N.D. Cal. No. C-07-3758

Dear Mr. Bensing:

Thank you for your letter yesterday clarifying Defendants' position with respect to the protective order. As an initial matter, I would like to clarify a few points from Plaintiffs' perspective and inform you of Plaintiffs' intention to move for a protective order.

You mention in your letter that my colleague, Mr. Wolinsky, and I "were unable to explain why it is essential" to enter a protective order prior to resolution of your motion to dismiss. As a threshold matter, I disagree with the fundamental idea that Defendants are the ultimate arbiters of which motions Plaintiffs may or may not make and the appropriate timing of those motions. Even assuming that such rationale was appropriate, I further disagree with your interpretation of our conversation. I stated on the phone that the protective order is important to both discovery in this case, which potentially contains sensitive personal and medical information, as well as to information that could potentially be submitted to the Court that would need to be sealed pursuant to the provisions of the draft order, either for confidentiality reasons or the separate issues surrounding potential witness retaliation.

As you know, there is currently no order staying discovery in this case. Neither the motion to dismiss nor the initial Case Management Conference can properly be interpreted as such either. Whether or not Defendants wish to proceed with discovery and the attendant protective order issues prior to the motion to dismiss cannot be conflated with the reality that discovery is not stayed and Plaintiffs have a right to proceed. Your reticence is particularly surprising in light of the fact that, in your recent motion for protective order, one of the cited reasons why discovery should not proceed is the sensitive information sought and the need to protect confidentiality. We cannot accept your apparent position that discovery cannot take

sf-2429972

MORRISON | FOERSTER

Mr. Daniel Bensing
November 29, 2007
Page Two

place because there is no protective order to cover sensitive information, but you simultaneously refuse to meaningfully participate in the negotiation of a protective order.

You offer to "complete" the meet and confer process on the protective order on December 28, 2007, which was sent on November 21, 2007, and suggest resolution of the protective order at the January 25 Case Management Conference. The Case Management Conference is not the appropriate setting to try to negotiate a protective order. Moreover, Plaintiffs commenced the meet and confer process regarding the protective order on August 1, 2007, a little over a week after the case was filed. Since that time, Plaintiffs have endeavored to work with Defendants to agree on the appropriate scope of an order. Over a week ago, I sent you a complete draft protective order. That draft was modeled on the standard order endorsed by the Northern District of California; there were only a limited number of customized provisions for your review. In principle, we are willing to accommodate busy schedules. However, your proffered reasons as to why three separate DOJ attorneys are so busy for the five weeks following the transmittal of the draft order that they cannot provide feedback do not seem tenable. As I stated on the phone, Plaintiffs are not asking Defendants to agree to everything, but merely to identify the specific provisions with which Defendants disagree in an effort to narrow the issues for the Court.

In sum, Plaintiffs cannot accept what we interpret to be Defendants' constructive refusal to meet and confer. We plan to move the Court to enter the protective order tomorrow, Friday, November 30, 2007. The anticipated hearing date is January 4, 2008. We may also move to shorten time for hearing, and have noted your refusal to stipulate to an order shortening time. Please let me know as soon as possible if Defendants are willing to change their position on either the propriety of a meet and confer or the order shortening time.

Sincerely,

Heather A. Moser

cc:   Sid Wolinsky

sf-2429972