**U.S. Department of Justice**

Civil Division



*Washington, D.C. 20530*

November 30, 2007

Ms. Heather Moser
Morrison & Foerster
425 Market St.
San Francisco, Cal. 94105-2482

    RE:    <u>Veterans for Common Sense v. Mansfield</u>, (N.D. Cal. No. C-07-3758)

    By: Regular mail and E-mail [Hmoser@mofo.com]

Dear Ms. Moser:

    This is in response to your letter of Wednesday, November 29, 2007. We write to correct several misimpressions.

    It is defendants' position, supported by extensive judicial authority, that threshold legal challenges to the sufficiency of plaintiffs' complaint should be resolved before the parties are subjected to the burden and cost of discovery. Defendants' motion to dismiss was filed promptly after service of the complaint. It is scheduled to be heard by Judge Conti in two weeks and will undoubtedly be decided by the Court shortly thereafter. While plaintiffs discovery requests are far too broad, defendants' immediate goal is to obtain a brief delay in discovery pending the resolution of that motion. Consequently there is no immediate need for the entry of a protective order to govern discovery that may never take place. It is not defendants' position, as you suggest, that defendant believes they unilaterally control the schedule in this action; defendants merely seek to act in accordance with the common sense principle that discovery should not proceed until the sufficiency of the complaint has been determined.

    What is apparent from your letter is that plaintiffs have still not articulated a reason for why a Protective Order is needed until the discovery timing issue is decided. The fact that discovery has not been formally stayed at this point does not change the fact that the timing is in

dispute and defendants have presented this issue for a resolution by the Court. In particular, we do not understand what you are referring to, in the current posture of this case, when you state that there is "information that could potentially be submitted to the Court that would need to be sealed."

If plaintiffs had provided us with the draft when we first began discussions, we could have reached a resolution by now. Instead plaintiffs waited until the Wednesday before Thanksgiving, three weeks before the hearing on defendants' motion to dismiss, to provide us with a draft order and demand a nearly immediate response. Under those circumstances, we do not believe it is unreasonable for defendants to defer providing a complete response for a few weeks. That is not a "constructive refusal to meet and confer" as you incorrectly characterize it in your letter.

Consequently, we are not willing to change our position on this question nor to agree to shorten time on plaintiffs' Motion for Protective Order. We suggest that if the parties cannot reach agreement on the proposed Protective Order you notice a motion for January 25, 2008 when this question can be decided by the Court in the context of deciding other issues relevant to the scheduling of the case.

Sincerely,

Daniel Bensing
Senior Counsel
Federal Programs Branch

cc:     Sidney M. Wolinsky