100356

PHILIP CUSHMAN, Plaintiff - Appellant, v. SOCIAL SECURITY ADMINISTRATION, Defendant - Appellee.

No. 04-35888

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

175 Fed. Appx. 861; 2006 U.S. App. LEXIS 8844

April 5, 2006 **, Submitted

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

April 10, 2006, Filed

**NOTICE:** [**1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the District of Oregon. D.C. No. CV-99-01293-ALA. Ann L. Aiken, District Judge, Presiding.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant claimant challenged an order from the United States District Court for the District of Oregon, which reversed an administrative law judge's (ALJ) decision denying Social Security disability benefits and remanded the matter for further proceedings.

**OVERVIEW:** The claimant argued that the district court abused its discretion by remanding for further proceedings instead of remanding for an immediate award of benefits. On review, the court found it undisputed that the ALJ failed to properly evaluate the testimony of the claimant and his wife. The ALJ also failed to properly evaluate the medical evidence in the record, particularly with regard to the Veteran's Administration (VA) disability rating. When the improperly rejected testimony was credited and great weight was given to the VA's 60 percent disability rating, it compelled a finding of disability throughout the relevant period. Therefore, the court found it appropriate to remand for payment of benefits with regard to the claimant's third application for disability benefits. The district court correctly remanded for further proceedings to reevaluate the claimant's request to reopen his second application, as the ALJ partially relied on a fraudulently altered note in denying benefits.

**OUTCOME:** The court affirmed the decision of the district court to remand for further proceedings as to the request to reopen the second application. The court reversed the decision of the district court to remand for further proceedings as to the third application for disability benefits. The court remanded the matter for an immediate award of benefits on the third application.

**LexisNexis(R) Headnotes**

*Public Health & Welfare Law > Social Security > Disability Insurance & SSI Benefits > Judicial Review > Standards of Review*
[HN1] In the context of a Social Security benefits case, a federal court of appeals reviews for abuse of discretion a district court's decision to remand for further proceedings.

*Public Health & Welfare Law > Social Security > Disability Insurance & SSI Benefits > Administrative Hearings > Administrative Law Judges > Credibility Determinations*
*Public Health & Welfare Law > Social Security > Disability Insurance & SSI Benefits > Eligibility > Disability Determinations > Treating Physicians*
[HN2] In the context of a Social Security benefits action, where the opinion of a treating or examining physician or

claimant is improperly rejected, such opinions and testimony are credited as a matter of law.

***Military & Veterans Law > Veterans > Benefits > Disability Benefits***
***Public Health & Welfare Law > Social Security > Disability Insurance & SSI Benefits > Eligibility > Disability Determinations > General Overview***
[HN3] Although a Veteran's Administration disability rating does not necessarily compel the Social Security Administration to reach the same result, such rating must be given great weight.

**COUNSEL:** For PHILIP CUSHMAN, Plaintiff - Appellant: Philip Cushman, Milwaukie, OR.

For SOCIAL SECURITY ADMINISTRATION, Defendant - Appellee: William W. Youngman, AUSA, Craig J. Casey, Esq., USPO - OFFICE OF THE U.S. ATTORNEY, Portland, OR; Lucille G. Meis, Esq., Stephanie Martz, Esq., SSA - SOCIAL SECURITY ADMINISTRATION, Office of the General Counsel, Seattle, WA.

**JUDGES:** Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

**OPINION**

[*862] MEMORANDUM *

 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by *9th Cir. R. 36-3*.

Philip Cushman appeals pro se from the district court's order [**2] reversing the administrative law judge's ("ALJ") decision denying disability benefits and remanding for further proceedings. We have jurisdiction under *28 U.S.C. § 1291*. [HN1] We review for abuse of discretion a district court's decision to remand for further proceedings. *Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)*. We reverse in part and remand for the payment of benefits, and affirm in part.

Cushman contends the district court abused its discretion by remanding for further proceedings, instead of for an immediate award of benefits. We agree.

There is no dispute that the ALJ failed to properly evaluate the testimony of Cushman and his wife, and medical evidence in the record, particularly with regard to the Veteran's Administration ("VA") disability ratings. [HN2] Where the opinion of a treating or examining physician or claimant is improperly rejected, such opinions and testimony are credited "as a matter of law." See *Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)*. Furthermore, [HN3] although a VA disability rating does not necessarily compel the Social Security Administration to reach the same result, such rating must be given [**3] great weight. See *McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)*.

We conclude that when the improperly rejected evidence is credited, and great weight is given to the VA's 60% disability rating, it compels a finding of disability throughout the relevant period. We therefore reverse the district court and remand for payment of benefits with regard to the third application for disability benefits.

We affirm the district court with regard to its decision remanding for further proceedings to re-evaluate Cushman's request for reopening of his second application, especially in light of a fraudulently altered note that the ALJ partially relied on in its decision to deny benefits.

**REVERSED in part; AFFIRMED in part; REMANDED.**