1   PETER D. KEISLER
    Assistant Attorney General
2   SCOTT N. SCHOOLS
    Interim United States Attorney
3   RICHARD LEPLEY
    Assistant Branch Director
4   DANIEL BENSING D.C. Bar No. 334268
    STEVEN Y. BRESSLER D.C. Bar No. 482492
5   KYLE R. FREENY California Bar No. 247857
    Attorneys
6   United States Department of Justice
    Civil Division, Federal Programs Branch
7
8   P.O. Box 883
    Washington, D.C.  20044
    Telephone:  (202) 305-0693
9   Facsimile:  (202) 616-8460
    Email: Daniel.Bensing@USDOJ.gov
10

11  Attorneys for Defendants Hon. Gordon Mansfield, the U.S. Department of Veterans Affairs,
    Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman,
    Ulrike Willimon, the United States of America, Hon. Peter D. Keisler, and Hon. William P.
12  Greene, Jr.

13              UNITED STATES DISTRICT COURT

14          NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO

16
17  VETERANS FOR COMMON SENSE and    )
    VETERANS UNITED FOR TRUTH,       )   No. C 07-3758-SC
18                                   )
          Plaintiffs,                )
19                                   )
       v.                            )   **REPLY MEMORANDUM IN SUPPORT**
                                     )   **OF DEFENDANTS' MOTION FOR**
20  Hon. GORDON H. MANSFIELD, Acting )   **PROTECTIVE ORDER TO STAY**
    Secretary of Veterans Affairs, *et al.*, )  **DISCOVERY**
21                                   )
          Defendants.                )   Date: December 14, 2007
22                                   )   Time: 10:00 a.m.
    _____)   Courtroom: 1
23

24                  **Introduction**

25      On September 25, 2007 defendants filed an motion to dismiss all claims in this action.

26  On October 19, 2007, Plaintiffs propounded outsized discovery including 129 separate requests

27  for production of documents and, shortly thereafter, also noticed 47 depositions.  Defendants

28  advised plaintiffs that they would oppose such overbroad discovery and intended to move for a

1   protective order staying discovery pending a ruling on the motion to dismiss.  Plaintiffs have two

2   responses.  First, plaintiffs now complain that defendants were unwilling to engage in 129

3   separate discussions about why plaintiffs' many requests would require review of massive

4   amounts of agency records at a prohibitive cost.  Second, plaintiffs ignore the fact that a

5   dispositive motion not requiring factual development was pending and file <u>even more</u> discovery

6   – another 62 requests for production making the total 191.

7           In support of the instant motion to stay discovery defendants filed the declaration of Mr.

8   Thomas Bowman, chief of staff to the Secretary of VA, who described the VA's effort to quickly

9   provide the Court with a rough approximation of the cost in time, funds and disrupted programs

10  VA would incur if it attempted to respond to plaintiffs' wide-ranging and numerous document

11  requests.  Along with their Opposition, plaintiffs now submit a declaration by Mr. Paul Sullivan,

12  a former mid-level employee of the VA who is also a an officer with one of the plaintiff

13  advocacy organizations.   As shown below and in supporting rebuttal declarations of Mark

14  Bologna and Charles DeSanno, plaintiffs' declarant does not fully understand the design, use, or

15  interactions between VA data systems, nor the scope of the requests for production of documents

16  propounded by his own organization.

17          In light of the fact that plaintiffs acknowledge their discovery requests are broad and the

18  burden on VA would be "significant," this Court should exercise its discretion to stay discovery

19  until the motion to dismiss is resolved.  If there is any aspect of the case left at that juncture,

20  plaintiffs should be directed to propound reasonable discovery requests limited to whatever

21  issues remain.

22                                  **ARGUMENT**

23          1.  <u>A stay of discovery is appropriate pending a ruling on the motion to dismiss</u>.  Plaintiffs

24  fail to refute the well-settled principle that, where no factual issues are presented in a Rule 12

25  motion, a district court will typically exercise its discretion to stay discovery for a short time to

26  permit a ruling on a motion to dismiss.  <u>See</u> <u>Jarvis v. Regan</u>, 833 F.2d 149, 155 (9th Cir. 1987).

27  This principal is not limited to motions to dismiss on jurisdictional grounds, as plaintiffs suggest,

28  Opposition at 5, n.2, but extends to motions contending that the complaint is "deficient as a

1   matter of law," the situation in <u>Jarvis</u>, <u>id</u>.  The only Ninth Circuit precedent cited by plaintiffs,

2   <u>Blankenship v. Hearst Corp.</u>, 519 F.2d 418 (9th Cir. 1975), Opposition at 3, did not involved a

3   motion to stay discovery, but rather a motion to block the deposition of a witness on the ground

4   that his testimony would be unduly repetitive.  <u>Id</u>. at 429.  The district court decisions plaintiffs

5   cite merely demonstrate that district courts sometimes exercise their discretion to allow discovery

6   to proceed in certain situations, such as where the pending motion is to transfer, rather than

7   dismiss, <u>Kron Med. Corp. v. Groth</u>, 119 F.R.D. 636, (M.D.N.C. 1988), or where the party

8   seeking the stay "does not argue that responding to this request will present any particular

9   difficulties," <u>Howard v. Galesi</u>, 107 F.R.D. 348, 350 (S.D.N.Y. 1985).

10          The Court does not have to reach a decision on the merits of defendants' motion to

11  dismiss in order to recognize that defendants' motion raises very serious questions about

12  plaintiffs' claims, both as to the Court's jurisdiction as well as the legal sufficiency of plaintiffs'

13  facial challenge to a decades-old statutory scheme providing an informal claims adjudication

14  process for awarding veterans' benefits.  In particular, defendants' motion to dismiss identifies

15  the extensive line of authority finding that 38 U.S.C. § 511 prohibits district courts from

16  exercising jurisdiction to entertain challenges to VA decisions affecting the payment of benefits

17  and the provision of medical care.  <u>See</u> Motion to Dismiss at 11, n. 8.  In the case most similar to

18  this action, <u>i.e.</u> a sweeping constitutional challenge to the operation of the VA claims system,

19  <u>Beamon v. Brown</u>, 125 F.2d 965 (6th Cir. 1997), the Court dismissed the action based on section

20  511.

21          2.  <u>Responding to plaintiffs' discovery requests would require unjustifiable effort and</u>

22  <u>expense</u>.  Defendants' motion stressed that a stay of discovery is particularly appropriate in this

23  instance because the burden of responding to plaintiffs' extraordinarily broad requests for

24  production of documents would be enormous and would directly and seriously impact the VA's

25  ability to carry out its core functions.  <u>See</u> Bowman Decl. ¶¶ 12-15.   Plaintiffs do not seriously

26  dispute that the overall burden on defendants will be substantial, as they  concede that "discovery

27  in this case will be significant," Opp. at 3:14.  Indeed, this conclusion is inescapable upon even a

28  cursory review of plaintiffs' 129 requests for production of documents (reinforced by a review of

1     plaintiffs' additional requests, numbered 130-191). Because the burden of responding to

2     plaintiffs' discovery was so great, defendants undertook a preliminary and limited investigation

3     of the steps that VA would need to take to respond to plaintiffs' document requests, as well as

4     the approximate cost in staff-hours and funds. The result of those inquiries are summarized in

5     the Declaration of Thomas Bowman, the Chief of Staff.[1]

6        Plaintiffs have filed a declaration asserting that the document production process would

7     not be quite as onerous as defendants anticipate. <u>See</u> Declaration of Paul Sullivan. As explained

8     in the Declarations of VA officials Mark Bologna and Charles DeSanno, Mr. Sullivan does not

9     fully understand the operation of the VA's data systems and has misstated the scope of plaintiffs'

10     document requests. For example, Mr. Sullivan assumes that the "large segments" of the VA,

11     offices such as the National Cemetery Administration, can be excluded from any search, thus

12     significantly reducing the burden. Sullivan Decl. ¶ 6. However, Mr. DeSanno points out that the

13     offices that Mr. Sullivan lists account for under one percent of the total number of VA e-mail

14     boxes. Mr. Bologna explains why Mr. Sullivan is wrong when he suggests that the VA could

15     respond to Request number 1 through a "simple query" of databases seeking veterans diagnosed

16     with PTSD, since the request seeks documents on all "pending SCDDC claims based on PTSD

17     <u>or other mental health disorders</u>," (emphasis added) which would require searches for

18

_____

19        [1]Plaintiffs do not fully comprehend defendants' concerns about protecting the privacy
interests of veterans in the context of producing medical records and similar sensitive documents

20     in discovery. Defendants agree with plaintiffs that such sensitive medical files should only be
produced subject to a protective order that protects the confidentiality of this information to the

21     greatest extent practicable. Defendants proposed such an order several months ago, but plaintiffs
demanded additional terms and the parties have not reached agreement. Inevitably, however,

22     many veterans will fear that, despite the parties' best efforts in crafting and following such a
protective order, their confidential information might be disclosed improperly. Moreover, even if

23     all the restrictions in a protective order are followed, veterans may not want their personal
medical information shared with the plaintiff organizations or other persons involved in this

24     litigation. The VA's concern is that any disclosure, even subject to a strong protective order

25     might "<u>undermine the Vet Center program's hard won trust with the combat veteran population</u>
and could cause serious barriers to care for new veterans needing readjustment counseling."

26     Bowman Decl. ¶ 9 (emphasis added). This loss of trust will occur as soon as sensitive

27     documents are produced (even if subject to a protective order) regardless of whether the case

28     goes forward.

1    information responsive to 152

2  additional diagnostic codes for "other mental disorders."  Bologna Decl. ¶ 11.  Additionally,

3  VA's database will not include all information related to a veteran's diagnosis, requiring a search

4  of paper files.  Id. ¶ 9.

5    Ultimately, the Court does not have to resolve the dispute about the precise steps that

6  would be necessary to respond to plaintiffs' document requests and the cost in time and funds to

7  the VA.  The Bowman Declaration was presented to demonstrate why plaintiffs' document

8  production requests will entail a significant burden on defendants, a point which is evident from

9  the face of the requests themselves and which plaintiffs have now conceded.[2]

10    3.  Defendants satisfied their obligation to confer with plaintiffs on the motion.

11  Plaintiffs' entire discussion of the Rule 26 compliance issue is an unfortunate diversion.

12  Plaintiffs have not, and cannot, suggest that they have incurred even the slightest prejudice from

13  the scope of the parties' discussion before the motion for protective order was filed.  For that

14  reason alone the court should dismiss these complaints.

15    In any event, plaintiffs also concede that defendants' counsel did meet and confer with

16  plaintiffs' counsel on the central question of whether there should be any discovery at all before a

17  ruling on the motion to dismiss.  Ms. Moser states in her declaration that during more than one

18  conversation during the week of November 5, 2007, government counsel "mentioned that the

19  government proposed a motion to stay discovery pending the Court's ruling on the motion to

20  dismiss," Moser Declaration, ¶ 2, and she admits that she informed government counsel that

21  plaintiffs would oppose the motion, id.  In addition, drafts of the Joint Initial Case Management

22  Statement exchanged between the parties specifically stated that defendants would file a motion

23  for a protective order.  These communications were documented in the record in the

24  government's Motion for Protective Order which contained a footnote confirming that the parties

25  had conferred on the question of whether to stay discovery and that the plaintiffs opposed the

26

27

28    [2]Defendants will address plaintiffs evidentiary and other objections to the Bowman
Declaration in their response to plaintiffs' Motion to Strike the Bowman Declaration.

1  motion.  Motion for Protective Order at 2, n.1.  It would have been pointless to undertake a

2  detailed, request-by-request discussion of plaintiffs' document production requests because the

3  precise scope and burden of the requests was irrelevant to defendants' basic position that there

4  should be a stay of all discovery pending a ruling the motion to dismiss.  Plaintiffs' complaints

5  about the government allegedly not complying with its Rule 26(c) meet and confer obligation

6  ignores this fundamental point.

7        Should this case proceed beyond the motion to dismiss, defendants objection to plaintiffs'

8  discovery requests on the ground of their excessive burden will remain.  A party cannot propound

9  outrageously overbroad discovery requests and then insist that the opposing party to respond

10  individually to each request.  See e.g. Mackey v. IBP, Inc., 167 F.R.D. 186, 197 (D. Kan. 1996)

11  ("party resisting facially overbroad or unduly burdensome discovery need not provide specific,

12  detailed suport").  Defendants are entitled to relief from the Court in the form of a protective

13  order or otherwise, directing plaintiffs to narrow their discovery requests in a manner

14  proportionate to the issues presented in any surviving claims.

15                              **CONCLUSION**

16        For all of the foregoing reasons, the Court should grant defendants' Motion for Protective

17  Order and stay discovery until after a ruling on defendants' Motion to Dismiss.

18

19

20  Dated December 4, 2007                Respectfully Submitted,

21                                        JEFFREY S. BUCHOLTZ
                                          Acting Assistant Attorney General
22
                                          SCOTT N. SCHOOLS
23                                        Interim United States Attorney

24                                        RICHARD LEPLEY
                                          Assistant Branch Director
25
                                          **/s/ Daniel Bensing**
26                                        DANIEL BENSING D.C. Bar # 334268
                                          STEVEN Y. BRESSLER D.C. Bar #482492
27                                        KYLE R. FREENY California Bar #247857
                                          Attorneys
28                                        U.S. Department of Justice, Civil Division

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

P.O. Box 883
Washington, D.C. 20044
(202) 305-0693 (telephone)

Counsel for Defendants