JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0693
Facsimile: (202) 616-8460
E-mail: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. Gordon Mansfield, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>Plaintiffs,<br><br>v.<br><br>Hon. GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | No. C 07-3758-SC<br><br>**DECLARATION OF CHARLES J. DE SANNO IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Date: December 14, 2007<br>Time: 10:00 a.m.<br>Courtroom: 1 |

I, Charles J. DeSanno, declare:

## Introduction

1. The information contained in this declaration is based on my personal knowledge and information made available to me in my official capacity.

2. I am currently the Executive Director for Enterprise Infrastructure Engineering within the Office of the Assistant Secretary for Information Technology, Department of Veterans Affairs (VA). I oversee the design, development, testing, implementation, and maintenance of all VA information technology (IT) systems. In addition, I manage the IT systems and business operations in VA's Northeast Regional Data Processing Center which provides IT system support to 42 VA medical centers and nearly 200 community based outpatient centers throughout Maine, Vermont, New Hampshire, Connecticut, Rhode Island, New York, New Jersey, Pennsylvania, Maryland, Virginia, West Virginia, Ohio, and the District of Columbia.

3. I began my career with VA as the Director of Health Information Systems and Operations at the Brooklyn VA medical center in 1989. In 1990 I was appointed Director of Systems Operations and Networks for the Brooklyn VA medical center. In 1992 I was appointed Associate Director of Information Technology (IT) of the New York VA; I was appointed Director of IT in 1992. In 1996, after the restructuring of VA's medical centers into the Veterans Integrated Service Network (VISN) model, I was appointed Chief Information Officer for VISN 3.

1  4. I am familiar with the Veterans for Common Sense, *et al.* class action lawsuit and
2     have read the Declaration of Mr. Thomas Bowman dated November 9, 2007, and
3     the Declaration of Mr. Paul Sullivan dated November 27, 2007.
4  5. I submit this declaration to clarify and refute statements made in Mr. Sullivan's
5     declaration related to VA's e-mail systems.

6                                    **E-Mails**

7  6. The VA maintains nearly 320,000 e-mail boxes. As of November 30, 2007, VA's
8     mailbox distribution was as follows:
9     - VA Central Office (including the Board of Veterans' Appeals) – 6,780
10    - Veterans Health Administration (VHA) – 291,935
11    - Veterans Benefits Administration (VBA) – 20,133
12    - National Cemetery Administration (NCA) – 1,059
13    VA e-mail accounts are provided to employees, contractors, volunteers, residents,
14    and interns. Furthermore, shared office accounts are often established. Thus,
15    there are more VA e-mail accounts than there are VA paid employees. Because
16    of the nature of e-mail, it is possible that any VA e-mail account may have
17    responsive information.
18 7. Mr. Sullivan states that "large segments of VA such as the National Cemetery
19    Administration, the Office of Small and Disadvantaged Business Utiliatization,
20    Center for Faith-Based and Community Initiatives, Center for Minority Veterans,
21    and Center for Women Veterans, have no involvement with the issues raised in
22    the lawsuit, and are not the target of the Plaintiffs' discovery request. Sullivan
23    Decl. ¶ 6. The offices identified by Mr. Sullivan account for less than one percent

1  of the total number of VA e-mail boxes. Excluding these offices from discovery
2  would have a negligible effect on VA's burden.
3  8. Mr. Sullivan states that "Mr. Bowman also fails to note that VA has the ability to
4  run key-word searches through other employees' e-mail boxes." Sullivan Decl.
5  ¶ 7. He also implies that because a high-level VA information technology
6  employee can be given access to all employees' e-mail accounts that the process
7  of searching e-mails is easy. Id. These statements are incorrect and oversimplify
8  the process of searching the live e-mail system. The fact that an employee may be
9  given access to all e-mail accounts confuses the issue of access with the issue of
10 burden. Keyword searches can be performed on the VA's "live system" – the
11 system over which e-mails are actively sent and received – but such searches can
12 only be performed one mailbox at a time. No VA employee – even a VA
13 employee with the highest level of access – would be able to simultaneously
14 search multiple mailboxes with a single search of the live system. In addition to
15 messages on the live system, a user may remove e-mails from the live system and
16 store them on a local hard drive (e.g. the user's computer "C" drive) or file server
17 (e.g. Local Area Network (LAN)). Thus, a complete search would require an
18 additional search of these drives for potentially responsive e-mails.
19 9. Mr. Sullivan also states that "Plaintiffs proposed and provided a detailed list of
20 search terms and titles in discussions with Defendants regarding the negotiations
21 concerning the preservation order, which were ultimately unsuccessful." Sullivan
22 Decl. ¶ 7. He again implies that a search of the terms, phrases, and names
23 provided would require minimal effort to conduct. The list of terms, phrases, and

1 | names plaintiffs' counsel provided defendants, (Exhibit A, 8-10), contains 56
2 | names and 49 key words and phrases. As I stated above in paragraph 8, supra,
3 | searching these terms, phrases, and names on the live e-mail system would require
4 | an individual search of each mailbox. Also, there is a limit to the number of
5 | search terms that can be searched for at any one time (on average, 17 terms per
6 | search). Because of the number of search terms identified in the letter, we would
7 | be required to run multiple searches on an individual mailbox to fully conduct the
8 | search, a process that would have to be repeated for every mailbox searched.
9 | 10. Complying with the plaintiffs' requests for production as they relate to searching
10 | for terms, phrases, and names contained in e-mail would place a significant
11 | burden on VA IT staff and resources as described in the declaration of
12 | Mr. Bowman.

14 | I declare under penalty of perjury that the foregoing is true and correct. Executed
15 | on December 4, 2007.

Charles J. De Sanno