JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL E. BENSING (D.C. Bar No. 334268)
STEPHEN Y. BRESSLER (D.C. Bar No. 482492)
KYLE FREENY (D.C. Bar No. 247857)
Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6114
Washington, D.C.  20001
Telephone:  (202) 305-0693
Facsimile:  (202) 616-8460
Email: Daniel.Bensing@usdoj.gov

Attorneys for Defendants Hon. Gordon H. Mansfield, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and  VETERANS UNITED FOR TRUTH,  )  )  )  Plaintiffs,  )  )  v.  )  )  )  Hon. GORDON H. MANSFIELD,  Acting Secretary of Veterans Affairs,  et al.,  )  )  )  )  Defendants.  )  ) | No. C 07-3758-SC  **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DECLARATION OF THOMAS G. BOWMAN**  Date: December 14, 2007  Time: 10:00 a.m.  Courtroom: 1 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY STATEMENT**

The Court should deny Plaintiffs' Objections to and Motion to Strike Declaration of

Thomas G. Bowman ("Motion to Strike") as it both lacks merit and is premature.[1]/  The

Declaration of Thomas G. Bowman, Chief of Staff, U.S. Department of Veterans Affairs (VA),

details the estimated cost and workload burden to VA of complying with Plaintiffs' 129 Requests

for Production of Documents.  Declaration of Thomas G. Bowman (attached to Defendants'

Notice of Motion and Motion for Protective Order to Stay Discovery at Attachment B)

("Bowman Decl.").  As Chief of Staff for VA, Bowman's responsibilities include administration

over the very matters to which he attested (methods of the operations of VA, and their associated

costs), and the declaration shows his testimony was entirely based upon information gained in the

course of performing his official duties.  He is therefore qualified to attest to these matters under

Rule 56(e).  Sheet Metal Workers' Int'l Ass'n Union No. 439 v. Madison Indus., Inc., 84 F.3d

1186, 1193 (9th Cir. 1996) (affiant's "personal knowledge" established by virtue of affiant's

position as employee and affiant's familiarity with employer's activities).  See also Laborers'

Int'l Union of North America v. United States Dep't of Justice, 578 F. Supp. 52, 56 (D.D.C.

1983) (allowing Rule 56(e) affidavit where agency official's observations were based on "review

---

[1]/     Plaintiffs filed and served this motion on November 27, 2007 and noticed it for a hearing on December 14, 2007, eighteen days later.  Setting the motion for a hearing on that date is inconsistent with Local Rule 7-2 (a), which requires that all motions, other than those made during the course of a trial or hearing, must be noticed on the motions calendar "for hearing not less than 35 days after service of the motion."  Id.  Defendants are not aware of any local rule or Order of this Court that would permit plaintiffs to notice a motion for hearing eighteen days after filing, regardless of whether the motion seeks to strike a document submitted in support of a motion to be heard on December 14, 2007.  See McColm v. San Francisco Hous. Auth., 2006 U.S. Dist. LEXIS 93450 at *7-8 (N.D. Cal. 2006) ("The local rules . . . do not provide for 'counter-motions' but instead require that all motions be filed on a 35-day briefing schedule.").  Nevertheless, in the interest of expeditiously resolving defendants' Motion for Protective Order, defendants are filing this Opposition so that the Court can hear argument on plaintiffs' motion at the December 14, 2007 hearing.

of [an agency report], and upon [affiant's] general familiarity with" agency operations such as that addressed in the affidavit). For this reason, the Court should exercise its discretion to consider the testimony of the Bowman Declaration notwithstanding the absence of a deposition. A second reason for denying the motion is that it is premature and should be considered only after a ruling on both Defendants' Motion to Dismiss is resolved and Defendants' Motion for Protective Order to Halt Rule 30(b)(6) Deposition ("Motion for Protective Order") is scheduled for hearing (January 11, 2008).

## ARGUMENT

### I.     The Bowman Declaration is Admissible as the Declarant has "Personal Knowledge" Under Rule 56(e).

Plaintiffs' contentions that the statements made in the Bowman Declaration fail the "personal knowledge" standard of Rule 56(e) and Fed. R. Evid. 602 lack merit.[2]/ In this Circuit, the information an employee is "expected to know" as a result of his position constitutes personal knowledge under Rule 56(e). Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 206 F.3d 1322, 1330 (9th Cir. 2000). As the Ninth Circuit has repeatedly recognized, "personal knowledge can be inferred from an affiant's position." Id.. In Self-Realization Fellowship, the Court of Appeals held that a corporate officer's "personal knowledge" should not be discounted by a district court because it could be "presumed" from the officer's position. Id. (quotations and citations omitted). Therefore, the Ninth Circuit reversed the district court's ruling discounting of the officer's declaration because, by virtue of her position, she was "expected to know" the activities and tasks of other employees. Id. See also

---

[2]/    Declarations, submitted by the declarant as true under penalty of perjury, may substitute for affidavits. See, e.g., Carney v. United States Dep't of Justice, 19 F.3d 807, 812 n.1 (2d Cir. 1994) (citing 28 U.S.C. § 1746).

1   Sheet Metal Workers', 84 F.3d at 1193 (district court "abused its discretion in concluding that

2   [defendant company's general manager] lacked personal knowledge" of the company's

3   activities); Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1018 (9th Cir. 1990) ("personal

4   knowledge" of defendant company's chairman and investment banker representing defendant

5   "are reasonably inferred from their positions and the nature of their participation in the matters to

6

7   which" testified).

8       Rule 56(e) also allows a supervisor to declare "his own observations upon review of . . .

9   documents, . . . procedural history . . . [and] the agency's procedures."  Londrigan v. FBI, 670

10  F.2d 1164, 1174 (D.C. Cir. 1981).  In Londrigan, the Court of Appeals for the District of

11  Columbia Circuit assessed the admissibility of an affidavit which attested to, among other things,

12  the assumptions made by persons interviewed by FBI agents.  The court held that while

13

14  testimony from the agency official as to these assumptions by third parties was ultimately

15  inadmissible, the official *was* qualified under Rule 56(e) to testify as to a wide range of matters

16  which he learned in the course of his official duties, including matters he learned from review of

17  agency documents.  Id. at 1174.  Londrigan's holding, that an agency official may testify as to

18  matters he learns upon review of agency documents and information made available to him in the

19

20  course of his duties, has been followed consistently by courts in this Circuit and others.[3]/

21

22  [3]/    See, e.g., Washington Central Railroad Co. v. Nat'l Mediation Board, 830 F. Supp. 1343,
     1353 (E.D. Wash. 1993) ("Personal knowledge is not strictly limited to activities in which the
23   declarant has personally participated[, but] . . . can come from review of the contents of files and
     records[,] . . . including requests or statements by third persons made to someone other than
24   declarant."); Rossi v. United States, 755 F. Supp. 314, 316 n. 1 (D. Or. 1990) (understanding
     56(e) personal knowledge standard "to require that the affiant actually did the act in question" is
25   to "too strictly construe the meaning of the phrase"), aff'd, 983 F.2d 1077 (9th Cir. 1993)
     (unpublished); Vote v. United States, 753 F. Supp. 866, 868 (D. Nev. 1990) (Rule 56(e)
26   "personal knowledge" requirement met when affidavit is based on affiant's review of records and
     files), aff'd, 930 F.2d 31 (9th Cir. 1991) (unpublished); Ramo v. Dep't of Navy, 487 F. Supp.
27   127, 130 (N.D. Cal. 1979) ("The affidavit or testimony of an agency official, who is
28

1    The matters attested to in the Bowman Declaration fit easily within the range of matters

2    outlined by the <u>Londrigan</u> line of authority.  The declaration states that Mr. Bowman is

3    responsible for managing day-to-day operations of VA, and is familiar with VA's operations and

4

5    organizations.  Bowman Decl., ¶ 4.  Mr. Bowman goes on to attest to matters precisely within the

6    scope of his official responsibilities: identifying and estimating the costs, workload burden, and

7    logistics of searching the files of VA offices and organizations.  Bowman Decl., ¶¶ 6-15.  Just as

8    the affiant in <u>Londrigan</u> was qualified to testify as to matters he learned upon review of agency

9
     documents created some twenty years prior to the drafting of the affidavit during an investigation
10
     in which the affiant did not participate, Bowman is qualified to testify as to the results of his
11
     survey of agency components' responses with respect to the materials requested by Plaintiffs.
12

13   See <u>Londrigan</u>, 670 F.2d at 1174.

14        The few cases Plaintiffs cite in support of their assertion that the Bowman Declaration did

15   not meet the 56(e) personal knowledge standard are easily distinguishable.  Plaintiffs rely on

16   <u>Carmen v. San Francisco Unified School District</u>, 237 F.3d 1026, 1028 (9th Cir. 2001), as an
17
     example of the Ninth Circuit declining to find personal knowledge sufficient for Rule 56(e).
18
19   However, in <u>Carmen</u>, the court found that the plaintiff "failed to show personal knowledge"

20   because the "only evidence supporting [her retaliatory employment discrimination] claim" was

21   the statement in her deposition, "'I believe it's because of this court case.'" 237 F.3d at 1028.  As

22

23   knowledgeable [about the issue to which he testifies] . . . complies with the [personal knowledge]
     standard."), <u>aff'd</u>, 692 F.2d 765 (9th Cir. 1982).  <u>See also</u> <u>Ground Saucer Watch, Inc., v. CIA</u>,
24   692 F.2d 770, 771 (D.C. Cir. 1981) (affidavits by agency officials establishing adequacy of
     agency's file search "enjoy a presumption of good faith" and were thus admissible; <u>Defenders of</u>
25   <u>Wildlife v. United States Dep't of Interior</u>, 314 F. Supp. 2d 1, 9 n.5 (D.D.C. 2004) (finding
     agency official's declaration admissible under 56(e) personal knowledge standard even though
26   official "never saw any of the records reviewed [by others] nor performed an independent
     review" because, as responsible supervisor, official "was familiar with the steps taken" by others)
27   (quotation and citation omitted).

28

1   the district court determined, and the court of appeals affirmed, "there was no evidence in the

2   deposition or anywhere else . . . of any basis in personal knowledge for the plaintiff's belief." Id.

3   The Carmen case presents such an extreme example of inadmissible testimony "based merely on

4   information and belief" that it provides no guidance here.

5       Plaintiffs' reliance on Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995), is

6   similarly misplaced.  In Bank Melli, the only evidence put forward by defendants was

7   "information and belief declarations from [defendants'] counsel."  58 F.3d at 1412.  As the Ninth

8   Circuit found in Bank Melli, where the "only affidavit filed was one by [the] attorney," the party

9   has made a "totally insufficient showing" under Rule 56(e).  Id. at 1413 (quotation and citation

10  omitted).  A declaration by an attorney whose only familiarity with an issue was obtained in the

11  course of litigation is clearly not comparable to a declaration by an agency employee responsible

12  for managing, and familiar with, the agency's day-to-day operations, such as the Bowman

13  Declaration.

14      The other cases Plaintiffs cite support relying on, rather than striking, the Bowman

15  Declaration.  In United States v. Rivera, 22 F.3d 430, 434 (2d Cir. 1994), the court considered a

16  challenge to the admission of testimony by a supervisor concerning records created by third

17  persons under her supervision, and the Court of Appeals found "no error in the admission of [the]

18  testimony."  22 F. 3d at 434.  Similarly, in United States v. Riddle, 103 F.3d 423, 428-29 (5th

19  Cir. 1997), the court recites several cases from various Circuits in which a court deemed

20  admissible testimony "based on personal perception" and "observation" based on witnesses'

21  "personal experience" in the matters at issue.  103 F.3d at 428-29.  The Riddle court ultimately

22  found the district court had erred in admitting the testimony of a witness who testified as an

23  authority in the general subject area involved.  Id. at 429.  Unlike the inadmissible testimony in

1  <u>Riddle</u>, Mr. Bowman limited the assertions in his declaration to matters specifically within his

2  official responsibilities and experience.  Finally, <u>Meder v. Everest & Jennings, Inc.</u>, 637 F.2d

3  1182, 1188 (8th Cir. 1981), is distinguishable because the testimony there excluded by the Eighth

4

5  Circuit was completely outside the realm of matters covered by the witness's official

6  responsibilities.  637 F.2d at 1188 (upholding the exclusion of testimony by a police officer on

7  the subject of wheelchair accident reconstruction).  Accordingly, none of the cases cited by the

8  Plaintiffs undermine the long-standing principle that an agency official such as Mr. Bowman may

9
   attest as to agency operations under his purview.
10

11  **II.    The Bowman Declaration is Admissible Under the Rules of Evidence.**

12         Plaintiffs' evidentiary objections on the basis of hearsay are misplaced because both Rule

13  56(e) and Local Rule 7-5(b) afford the Court discretion to admit declarations "that do contain

14  hearsay . . . [if] they could be presented in an admissible form at trial."  <u>Fonseca v. Sysco Food</u>

15  <u>Servs.</u>, 374 F.3d 840, 846 (9th Cir. 2004).  <u>See also</u> <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th

16
    Cir. 2003) ("At [this] stage, we do not focus on the admissibility of the evidence's form.  We
17
    instead focus on the admissibility of its contents."); <u>Hughes v. United States</u>, 953 F.2d 531, 543
18

19  (9th Cir. 1992) (under Rule 56(e), "[w]hile the facts underlying the affidavit must be of a type

20  that would be admissible as evidence, the affidavit itself does not have to be in a form that would

21  be admissible at trial").  According to the Ninth Circuit, when a party "fails to comply with the

22  formalities of Rule 56, a court may choose to be somewhat lenient in the exercise of its discretion

23
    to deal with the deficiency."  <u>School District No. 1J, Multnomah County, Oregon v. ACandS,</u>
24
    <u>Inc.</u>, 5 F.3d 1255, 1261 (9th Cir. 1993).  <u>See also</u> <u>Reiffin v. Microsoft Corp.</u>, 270 F. Supp. 2d
25

26  1132, 1146 (N.D. Cal. 2003) (finding "the court has discretion to allow a party . . . some leeway

27  in presenting evidence under [Rule] 56(e)").  Furthermore, Local Rule 7-5(b) necessarily

28

contemplates that declarations may not fully conform even to the requirements of Rule 56(e), but requires merely that declarations "conform *as much as possible*" to the Federal Rule.  N.D. Cal. Civ. R. 7-5(b) (emphasis added).  Thus, Plaintiffs' objections as to form are meritless.

Plaintiffs' assertion that the Bowman declaration is improper opinion testimony is unfounded.  Even if this court were to find that the Bowman Declaration contains opinion testimony, that testimony would be admissible as "opinion testimony" by a "lay witness" under Federal Rule of Evidence 701.  Under Rule 701, testimony qualifies as the opinion of a lay witness when it is "rationally based on the perception of the witness and . . . helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." United States v. Yazzie, 976 F.2d 1252, 1255 (9th Cir. 1992) (quoting Fed. R. Evid. 701).  Mr. Bowman's testimony as to the effect on VA of Plaintiffs' discovery requests is rationally based in his knowledge and experience as Chief of Staff at VA, and his testimony clarifies the estimated burden of VA complying with Plaintiffs' discovery requests.  Furthermore, the Ninth Circuit has held that the determination of admissibility under Rule 701 is "committed to the sound discretion of the trial judge and his decision will be overturned only if it constitutes a clear abuse of discretion." United States v. Burnette, 698 F.2d 1038, 1051 (9th Cir. 1983).  See also Yazzie, 976 F.2d at 1255(same).

Similarly, the testimony in the Bowman Declaration is not inadmissible hearsay because it falls under the "public records and reports" exception in Federal Rule of Evidence 803(8). Testimony is not excluded by the hearsay rule, regardless of the declarant's availability as a witness, if the testimony consists of "[r]ecords, reports, statements, or data compilations, *in any form*, of public offices or agencies, setting forth . . . the activities of the office or agency." Fed. R. Evid. 803(8) (emphasis added).  Most Courts of Appeals have construed this Rule broadly.

1   See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 162 (1988) (agreeing with decisions from the

2   Third, Fourth, Eighth, Ninth, and Tenth Circuit Courts of Appeals adopting a "broader

3   interpretation" of "what 'public records and reports' are made not excludable" by Rule 803(8)).

4   Combined with this broad interpretation, courts also presume that official agency reports and

5   records are trustworthy. Johnson v. City of Pleasanton, 982 F.2d 350, 352 (9th Cir. 1992)

6   ("public records are presumed authentic and trustworthy, [and] the burden of establishing a basis

7   for exclusion falls on the opponent of the evidence"). The Ninth Circuit, among other courts,

8   justifies this construction of Rule 803(8) by "the assumption that a public official will perform

9   his duty properly." United States v. Loera, 923 F.2d 725, 730 (9th Cir. 1991) (quoting United

10  States v. DeWater, 846 F.2d 528, 530 (9th Cir. 1988)). Therefore, Mr. Bowman's declaration,

11  based on statements, reports, and records by more than 20 VA agency employees (Bowman

12  Decl., ¶ 6), fits comfortably within this Circuit's construction of Rule 803(8), and is admissible.

13

14  III.    **The Record Should Include the Facts Provided by the Bowman Declaration.**

15          Striking the Bowman Declaration in its entirety at this point would be premature. The

16  issue of deposing Mr. Bowman may be moot if the Motion to Dismiss is granted. Furthermore,

17  the Motion to Strike should not be considered before Defendants' Motion for Protective Order to

18  Halt Rule 30(b)(6) Deposition, scheduled for January 11, 2008. By moving to strike the

19  Bowman Declaration prior to the hearing on the Motion for Protective Order, Plaintiffs are trying

20  to prevent the Court from considering evidence directly relevant to determining the scope and

21  cost of their unreasonable discovery requests.

22          This court is "vested with inherent powers enabling [it] to manage [its] cases and

23  courtrooms effectively and to ensure obedience to [its] orders." Aloe Vera, Inc., v. United States,

24  376 F.3d 960, 964-65 (9th Cir. 2004). Specifically, as Rule 56(e) itself provides, whether an

affidavit will be followed by a deposition is within the Court's discretion.  Fed. R. Civ. P. 56(e)

("The court *may* permit affidavits to be supplemented . . . by depositions.") (emphasis added).

Furthermore, district courts are "vested with broad discretion to make discovery and evidentiary

rulings conducive to the conduct of a fair and orderly trial."  Campbell Indus. v. M/V Gemini,

619 F.2d 24, 27 (9th Cir. 1980).  That discretion includes the power to "den[y] a discovery

request that would amount to nothing more than a fishing expedition."  Bastin v. Federal Nat'l

Mortgage Ass'n, 104 F.3d 1392, 1396 (D.C. Cir. 1997).  See also In re Application for an Order

Permitting Metallgesellschaft AG to Take Discovery, 121 F.3d 77, 78-79 (2d Cir. 1997) (finding

that under "permissive language" of 28 U.S.C. § 1782, a "district court is free to grant discovery

in its discretion"); United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992) (finding that

district court did not abuse its discretion in quashing a discovery request "bordering on a fishing

expedition"); Benavides v. DEA, 968 F.2d 1243, 1249 (D.C. Cir. 1992) ("A district court has

discretion to protect parties from a discovery request that will cause annoyance, embarrassment,

oppression or undue expense; or to avoid overly broad fishing expeditions.") (quotation and

citation omitted).

Should the Court deny Defendants' Motion to Dismiss, the scope of reasonable discovery

will be an issue.  At that time, it can be determined what, if any, ancillary discovery should be

permitted on the question of how burdensome Plaintiffs' discovery requests are.  For this reason,

Plaintiffs' Motion to Strike should be denied as premature pending the resolution of previously-

filed motions in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike should be denied.

Dated December 10, 2007                    Respectfully Submitted,

                                           JEFFREY S. BUCHOLTZ
                                           Acting Assistant Attorney General

                                           SCOTT N. SCHOOLS
                                           Interim United States Attorney

                                           RICHARD LEPLEY
                                           Assistant Branch Director

                                           _____/s/ Daniel Bensing_____
                                           DANIEL BENSING D.C. Bar # 334268
                                           STEVEN Y. BRESSLER D.C. Bar #482492
                                           KYLE R. FREENY California Bar #247857
                                           Attorneys
                                           U.S. Department of Justice, Civil Division
                                           P.O. Box 883
                                           Washington, D.C. 20044
                                           (202) 305-0693 (telephone)

                                           Counsel for Defendants