1   GORDON P. ERSPAMER (CA SBN 83364)
    GErspamer@mofo.com
2   MORRISON & FOERSTER LLP
    101 Ygnacio Valley Road, Suite 450
3   P.O. Box 8130
    Walnut Creek, California 94596-8130
4   Telephone: 925.295.3300
    Facsimile: 925.946.9912
5
    SIDNEY M. WOLINSKY (CA SBN 33716)
6   SWolinsky@dralegal.org
    MELISSA W. KASNITZ (CA SBN 162679)
7   MKasnitz@dralegal.org
    JENNIFER WEISER BEZOZA (CA SBN 247548)
8   JBezoza@dralegal.org
    KATRINA KASEY CORBIT (CA SBN 237931)
9   KCorbit@dralegal.org
    DISABILITY RIGHTS ADVOCATES
10  2001 Center Street, Third Floor
    Berkeley, California 94704-1204
11  Telephone: 510.665.8644
    Facsimile: 510.665.8511
12
    **[see next page for additional counsel for Plaintiffs]**
13
    Attorneys for Plaintiffs
14  VETERANS FOR COMMON SENSE and
    VETERANS UNITED FOR TRUTH, INC.
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18

19  VETERANS FOR COMMON SENSE, and          Case No.        C-07-3758-SC
    VETERANS UNITED FOR TRUTH, INC.,
20                                          **PLAINTIFFS' OBJECTIONS TO
                    Plaintiffs,             AND MOTION TO STRIKE
21                                          IMPROPER DECLARATIONS
          v.                                SUBMITTED ON REPLY**
22
    GORDON H. MANSFIELDActing Secretary of  **(Civ L. R. 7-5(b))**
23  Veterans Affairs, *et al.*,
                                            Date:  December 14, 2007
24                  Defendants.             Time:  10:00 a.m.
                                            CRM:  Courtroom 1, 17th Floor
25                                          Judge:  Hon. Samuel Conti

26                                          (Class Action)

27                                          Complaint Filed July 23, 2007

28

1    **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2    ARTURO J. GONZALEZ (CA SBN 121490)
     AGonzalez@mofo.com
3    HEATHER A. MOSER (CA SBN 212686)
     HMoser@mofo.com
4    STACEY M. SPRENKEL (CA SBN 241689)
     SSprenkel@mofo.com
5    PAUL J. TAIRA (CA SBN 244427)
     PTaira@mofo.com
6    MORRISON & FOERSTER LLP
     425 Market Street
7    San Francisco, California 94105-2482
     Telephone: 415.268.7000
8    Facsimile: 415.268.7522

9    BILL D. JANICKI (CA SBN 215960)
     WJanicki@mofo.com
10   MORRISON & FOERSTER LLP
     400 Capitol Mall, Suite 2600
11   Sacramento, California 95814
     Telephone: 916.448.3200
12   Facsimile: 916.448.3222

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2
Page

3 TABLE OF AUTHORITIES.................................................................................................ii

4 I.      INTRODUCTION.................................................................................................. 1

5 II.     ARGUMENT ......................................................................................................... 2

6        A.   The Declarations Should Be Stricken Because They
              Impermissibly Attempt to Cure the Deficiencies in the Bowman
7             Declaration. .......................................................................................... 2

8        B.   The Declarations Should Be Stricken Because They
              Impermissibly Present New Facts on Reply...................................... 2
9
         C.   Defendants' Admitted Failure to Meet and Confer Regarding the
10            Issues Raised in the Declarations Is a Basis for the Denial of
              Their Motion.......................................................................................... 3
11
         D.   The Declarations Should Be Stricken Because They Assert
12            Impermissible Expert Opinions and Legal Conclusions and Lack
              a Basis in Personal Knowledge ......................................................... 4
13
         E.   The Declarations Should be Stricken in Their Entirety. ................. 18
14
15 III.   CONCLUSION ..................................................................................................... 19

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Carmen v. San Francisco Unified Sch. Dist.*,
  237 F.3d 1026 (9th Cir. 2001) ................................................................................5

*Khoa Hoang v. Trident Seafoods Corp.*,
  No. C 06-1158 RSL, 2007 WL 2138780 (W.D. Wash. Jul. 23, 2007) .....................3

*Pallaske v. Island County*,
  No. 06-1735-RSL-JPD, 2007 WL 3306738 (W.D. Wash. Nov. 5, 2007)..................3

*Pioche Mines Consolidated, Inc. v. Dolman*,
  333 F.2d. 257 (9th Cir. 1964) .................................................................................4

*Richmark Corp. v. Timber Falling Consultants*,
  959 F.2d. 1468 (9th Cir. 1992) ...............................................................................3

*S. Concrete Co. v. United States Steel Corp.*,
  394 F. Supp. 362 (N.D. Ga. 1975) ........................................................................18

*Travelers Cas. & Sur. Co. of America v. Telstar Const Co., Inc.*,
  252 F. Supp. 2d 917 (D. Ariz. 2003) .......................................................................5

*United States ex rel. Giles v. Sardie*,
  191 F. Supp. 2d 1117 (C.D. Cal. 2000) ...................................................................2

*Williby v. City of Oakland*,
  2007 U.S. Dist. LEXIS 76532 (N.D. Cal. 2007) .....................................................4

STATUTES AND RULES

N.D. Civ. L.R. 7-5(b) .............................................................................................*passim*

N.D. Civ. L.R. 37-1(a)(b) ................................................................................................4

Federal Rule of Evidence
  602 ...................................................................................................................*passim*
  701, 702 ...........................................................................................................*passim*
  1002 .................................................................................................................*passim*

Fed. R. Civ. Pro.
  26(e).....................................................................................................................2, 3

  56(e) .....................................................................................................................18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

In a back-door effort to cure proof problems with the single inadmissible declaration of Thomas Bowman ("Bowman Declaration") submitted in support of their motion, Defendants filed two declarations of VA employees Mark Bologna and Charles De Sanno in support of their reply brief.  Neither declaration is admissible.

Defendants' only evidence submitted in support of their original motion, the Bowman Declaration, is inadmissible in its entirety.  That declaration relies wholesale on hearsay statements from unidentified VA employees regarding cost and burden and discusses without attaching documentary "estimates" of the purported burden of specific discovery requests.  The information and estimates contained therein were prepared, a fact admitted by Declarant Bowman, by VA employees other than himself of which he had no personal knowledge.  In lieu of attempting to defend the inadmissible declaration, Defendants try a different tactic; they submit two declarations on reply from two of the previously unidentified VA employees who provided information to Mr. Bowman for his declaration.   However, Defendants cannot save the inadmissible Bowman Declaration by introducing new evidence on reply that should have been provided in their original motion, and which Plaintiffs have had no opportunity to rebut.  The VA proffers no reason why the declarations discussing the same information contained in the Bowman Declaration were not submitted in support of the original motion.  The declarations contain paragraphs of argument purportedly rebutting the Declaration of Paul Sullivan, but that is a subterfuge designed to distract attention from the fact that the original declarations could have and should have been submitted in the original motion and would have permitted Defendants to make the improper argument contained therein in their reply brief.

Even more troubling is the fact that these declarations are a poor substitute for the meet and confer process required by the Federal Rules of Civil Procedure.  Both declarations contain paragraphs related to specific document requests and a discussion of electronic searches and related costs.  Those types of discussions should have taken place between the parties prior to the filing of any motion and are not properly submitted to the Court without having discussed these issues with

1   Plaintiffs' counsel.  But Defendants brush away their statutory duty to meet and confer on these

2   topics by making the blasé statement that it "would have been pointless to undertake a detailed,

3   request-by-request discussion of [P]laintiffs' document requests."  Reply, at 6:1-2.  There is no

4   "pointless" exception to Rule 26, and that "pointless" exercise would have served an important

5   purpose in limiting the issues for decision by the Court.  Based on the fact that defense counsel failed

6   to certify that they met and conferred on the burden issues and admitted as much in their papers,

7   Plaintiffs respectfully ask the Court to deny Defendants' motion and to require the parties to work

8   through these issues in the requisite meet and confer process to the extent Plaintiffs have not already

9   waived their objections by failing to serve any.

10  **II.     ARGUMENT**

11       **A.     The Declarations Should Be Stricken Because They Impermissibly**
             **Attempt to Cure the Deficiencies in the Bowman Declaration.**
12
13       The declarations are an obvious attempt to cure the defects in the Bowman Declaration.  By

14  failing to file a timely response to Plaintiffs' Objections to and Motion to Strike the Bowman

15  Declaration, Defendants concede that Bowman's declaration was completely lacking in personal

16  knowledge and based on inadmissible hearsay.  Now Defendants attempt to hide the fact that the

17  Motion for Protective Order is completely lacking in evidentiary foundation by submitting two new

18  declarations on reply.  Notably, both declarants purport to have personal knowledge of the matters

19  contained in the Bowman declaration.  Bologna Decl. ¶ 16; De Sanno Decl. ¶ 10.  This is an improper

20  circumnavigation of the personal knowledge problem evident on the face of the Bowman

    Declaration.
21
22       **B.     The Declarations Should Be Stricken Because They Impermissibly Present**
             **New Facts on Reply.**
23       Moreover, the declarations consist of new evidence improperly submitted in the reply brief.

24  For this reason alone, the Court should strike both declarations in their entirety.  *United States ex rel.*

25  *Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to

26  introduce new facts or different legal arguments in the reply brief than those presented in the moving

27  papers.") (citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 894-95 (1990)).  While

28  Defendants' style the new declarations as a reply to the Declaration of Paul Sullivan, the substance of

1  the declarations merely props up their argument regarding the purported burden of Plaintiffs'

2  discovery requests.  For example, paragraph 8 of the Bologna declaration purports to respond to the

3  Sullivan declaration.  However, Declarant Bologna merely restates the inadmissible opinions from

4  paragraph 8 of the Bowman declaration regarding the asserted need for a manual review of all case

5  files in order to produce copies of death certificates in response to RFP 115.  Defendants do not, and

6  cannot, explain why they waited until their reply brief to submit this evidence in support of their

7  motion.

8         **C.**     **Defendants' Admitted Failure to Meet and Confer Regarding the Issues**
                   **Raised in the Declarations Is a Basis for the Denial of Their Motion.**

9         Defendants failed to include a Rule 26(c) certification with their motion, certifying that they

10  fulfilled the meet and confer requirement set forth in the Federal Rules.  "Federal Rule of Civil

11  Procedure 26(c) specifically states that a motion for a protective order must be 'accompanied by a

12  certification that the movant has in good faith conferred or attempted to confer with other affected

13  parties in an effort to resolve the dispute without court action.'"  *Khoa Hoang v. Trident Seafoods*

14  *Corp.,* No. C 06-1158 RSL, 2007 WL 2138780 at *1 (W.D. Wash. Jul. 23, 2007); *see also Pallaske v.*

15  *Island County*, No. 06-1735-RSL-JPD, 2007 WL 3306738 at *1 (W.D. Wash. Nov. 5, 2007) (holding

16  that the plain language of Rule 26(c) requires a certification.  "Plaintiff failed to make any such

17  attempt, and for that reason, his motion should be denied.")  For this reason alone, Defendants'

18  motion should be denied.

19         Moreover, not only did Defendants not include a certification, their reply brief *admits* that

20  they did not meet and confer regarding the individual discovery requests of which they complain in

21  their motion.  Defendants try to explain away their failure to comply with their statutory meet and

22  confer obligations by postulating that it "would have been pointless to undertake a detailed, request-

23  by-request discussion of [P]laintiffs' document requests."  Reply, at 6:1-2.  As the Moser Declaration

24  makes clear as well, the burden issues raised in Defendants' motion, including in the Bowman, De

25  Sanno, and Bologna Declarations, were never a subject of meet-and-confer discussions between the

26  parties.  Moser Decl. ¶ 3.  In fact, Defendants have yet to even serve objections to the document

27  requests, thus waiving the very burden arguments they advance on this motion.  *See, e.g., Richmark*

28

1   *Corp. v. Timber Falling Consultants*, 959 F.2d. 1468, 1473 (9th Cir. 1992).[1]  Had Defendants ever

2   served timely objections and raised the specific burden arguments raised herein with Plaintiffs before

3   raising them with the Court, Plaintiffs would have and could have attempted to resolve some of these

4   issues with Defendants.  This is not only a violation of the Federal Rules, but also a violation of

5   Northern District Local Rule 37-1(a).  Under Local Rule 37-1(a): "The Court *will not entertain* a

6   request or a motion to resolve a disclosure or discovery dispute" unless the parties have met and

7   conferred.  *See, e.g., Williby v. City of Oakland*, 2007 U.S. Dist. LEXIS 76532 at *3-4 (N.D. Cal.

8   2007) (motion to compel denied in part for failure to meet and confer).  The Bologna Declaration is a

9   perfect illustration of why these rules are in place.  That declaration devotes multiple paragraphs to

10  the purported burden for RFP Nos. 1 and 115.  Bologna Decl. ¶¶ 7-11, 15.  Had Defendants properly

11  met and conferred, these issues could have been narrowed for the Court instead of substituting

12  evidence on a motion for a Court determination of whether the scope and electronic search terms for

13  two document requests are appropriate without having attempted to reach agreement with Plaintiffs.

14  Discovery cannot proceed in an orderly fashion if Defendants elect to circumvent the process by

15  taking every dispute directly to the Court and relegating the meet and confer process to dueling

16  declarations.  Plaintiffs respectfully request that the Court deny Defendants' motion on this basis.[2]

17
18
        **D.      The Declarations Should Be Stricken Because They Assert Impermissible
                  Expert Opinions and Legal Conclusions and Lack a Basis in Personal
                  Knowledge**

19          The De Sanno and Bologna Declarations consist largely of unqualified expert opinion

20  testimony.  Under Federal Rule of Evidence 701, lay opinion testimony is limited to those opinions or

21  inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear

22  understanding of the witness' testimony or the determination of a fact at issue.  Expert witness

---

23
24
        [1] Defendants' obligation to respond to Plaintiffs' discovery requests was not excused by the filing of this motion.  *See Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d. 257, 269 (9th Cir. 1964).

25
26
27
        [2] Although Defendants originally contemplated this motion as one to stay discovery pending a resolution of their motion to dismiss, their reply brief purports to avoid discovery even beyond the motion to dismiss on burden grounds.  Reply, at 6:7-8.  Given the utter failure to meet and confer on burden, the motion can only be assumed to be an unfair stall tactic to avoid discovery in this case.  If the motion to dismiss is denied, Plaintiffs submit that this motion should be denied as moot.

28

1   testimony may only be given by a witness qualified as an expert under Federal Rule of Evidence 702.

2   As neither Declarant Bologna nor De Sanno has been designated or qualified as an expert, they may

3   not express an expert opinion.  Nor may they express a legal conclusion, such as whether Plaintiffs'

4   discovery requests are overbroad or burdensome.

5           Declarants Bologna and De Sanno also fail to allege a basis for personal knowledge for a

6   large portion of their declarations.[3]  A mere incantation by a declarant that a declaration is based on

7   personal knowledge does not establish the foundation for personal knowledge; rather, the declarant

8   must specifically allege the basis for his personal knowledge.  *Travelers Cas. & Sur. Co. of*

9   *America v. Telstar Const Co., Inc.*, 252 F. Supp. 2d 917, 923-24 (D. Ariz. 2003); *see also Carmen v.*

10  *San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("It is not enough for a

11  witness to tell all she knows; she must know all she tells.").

12          Plaintiffs' specific objections are as follows:

| Declaration | Evidentiary Objection(s) |
|---|---|
| **Bologna Declaration, paragraph 1, page 1, lines 5-7** | **N.D. Civ. L.R. 7-5(b), Lack of Personal Knowledge**.  Rule 7-5(b) requires Declarant Bologna to specify the basis for any statement made on information and belief.  Declarant Bologna's generalized statement fails to comply with the Rule's requirements.<br><br>**Federal Rule of Evidence 602, Lack of Personal Knowledge**.  Declarant Bologna admits he lacks personal knowledge of at least some of the contents of his declaration. |
| **Bologna Declaration,** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. |

---

[3] In fact, despite the submission of three separate declarations decrying the impossibility and cost of locating information related to veterans with PTSD, Defendants conspicuously fail to mention the VHA's National Mental Health Database System, which records and stores information related to the veterans treated for PTSD.  The declarants must have been unaware of this database, underscoring their lack of personal knowledge of the relevant systems at the VA.  The omission of the relevant database underscores the evidentiary problems with the declarations.  The Court should strike all three declarations submitted and discount the information contained therein.

| Declaration | Evidentiary Objection(s) |
|---|---|
| **paragraph 4, page 3, lines 5-8** | Declarant Bologna lacks personal knowledge as to at least some of the cost estimates. Declarant Bologna states he "assisted in VA's projection of the costs associated with responding to plaintiffs' 129 Requests for Production (RFP)" but does not state for which, if any, portion of that cost estimate he has personal knowledge. |
| | **Federal Rule of Evidence 1002, Best Evidence Rule**. To the extent that Declarant Bologna's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. |
| | To the extent Declarant Bologna relies on the Bowman Declaration, all objections to the Bowman Declaration are renewed and incorporated herein. |
| **Bologna Declaration, paragraph 5, page 3, lines 9-18** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant Bologna fails to identify any basis for personal knowledge of the burden of responding to Plaintiffs' discovery requests. |
| | **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the purported difficulty of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Declarant Bologna's conclusions regarding the rarity of amyotrophic lateral sclerosis are also improper opinion testimony. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. |

| Declaration | Evidentiary Objection(s) |
|---|---|
| | Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions.  Also lacks foundation.<br><br>**N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument."  Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **Bologna Declaration, paragraph 6, page 3, line 19-page 4, line 7** | **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the purported difficulty of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants.    Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions.  Also lacks foundation.<br><br>**N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument."  Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **Bologna Declaration, paragraph 6(a)-(e), page** | **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the purported "reliability" of |

| Declaration | Evidentiary Objection(s) |
|---|---|
| **4, line 8-page 5, line 16** | certain databases with respect to locating material responsive to Plaintiffs' discovery requests are improper opinion testimony.   Also lacks foundation. |
| **Bologna Declaration, paragraph 7, page 5, line 17-page 6, line 7** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant Bologna fails to identify any basis for personal knowledge of the burden of responding to Plaintiffs' discovery requests. **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the "burden" of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions.  Also lacks foundation. **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**.  Rule 7-5(b) requires the declaration to "avoid conclusions and argument."  Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). **Federal Rule of Evidence 1002, Best Evidence Rule**.  To the extent that Declarant Bologna's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. |

| Declaration | Evidentiary Objection(s) |
|---|---|
| **Bologna Declaration, page 8, line 8-page 9, line 2** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant Bologna fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests. Declarant Bologna did not specify for which, if any, portion of the VA's cost estimate he has personal knowledge.<br><br>**Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the "burden" of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Also lacks foundation.<br><br>**N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument." Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b).<br><br>**Federal Rule of Evidence 1002, Best Evidence Rule**. To the extent that Declarant Bologna's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. |
| **Bologna Declaration,** | **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. |

| Declaration | Evidentiary Objection(s) |
|---|---|
| **paragraph 9, page 7, lines 3-21** | Declarant Bologna's conclusions regarding the purported difficulty of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Also lacks foundation. **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument." Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **Bologna Declaration, paragraph 10, page 7, line 22-page 8, line 5** | **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Also lacks foundation. **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument." Declarant Bologna's conclusory and argumentative statements regarding Paul |

| Declaration | Evidentiary Objection(s) |
|---|---|
| | Sullivan's declaration violate Rule 7-5(b). |
| **Bologna Declaration, paragraph 11, page 8, line 6-page 9, line 4** | **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the "burden" of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Also lacks foundation. **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument." Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **Bologna Declaration, paragraph 12, page 9, lines 5-9** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant Bologna fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests. Declarant Bologna did not specify for which, if any, portion of the VA's cost estimate he has personal knowledge. **Federal Rule of Evidence 1002, Best Evidence Rule**. To the extent that Declarant Bologna's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. |

| Declaration | Evidentiary Objection(s) |
|---|---|
| | **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument." Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **Bologna Declaration, paragraph 13, page 9, line 10-page 10, line 2** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant Bologna fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests. Declarant Bologna did not specify for which, if any, portion of the VA's cost estimate he has personal knowledge. **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the purported difficulty of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Also lacks foundation. **Federal Rule of Evidence 1002, Best Evidence Rule**. To the extent that Declarant Bologna's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) |

| Declaration | Evidentiary Objection(s) |
|---|---|
| | requires the declaration to "avoid conclusions and argument." Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **Bologna Declaration, paragraph 14, page 10, lines 3-11.** | **Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bologna fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests. Declarant Bologna did not specify for which, if any, portion of the VA's cost estimate he has personal knowledge. **Federal Rules of Evidence 701, 702, Improper Opinion Testimony.** Declarant Bologna's conclusions regarding the "severe[] impact" of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Also lacks foundation. **Federal Rule of Evidence 1002, Best Evidence Rule.** To the extent that Declarant Bologna's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. |
| **Bologna Declaration, paragraph 15, page 10,** | **Federal Rule of Evidence 602, Lack of Personal Knowledge.** Declarant Bologna fails to identify any basis for personal knowledge of |

| Declaration | Evidentiary Objection(s) |
|---|---|
| lines 12-22 | the cost or burden of responding to Plaintiffs' discovery requests. Declarant Bologna did not specify for which, if any, portion of the VA's cost estimate he has personal knowledge. **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant Bologna's conclusions regarding the "burden" of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Declarant Bologna's conclusions regarding the responsiveness of Paul Sullivan's proposed solutions to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Declarant Bologna's conclusions regarding the legal scope of Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Also lacks foundation. **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument." Declarant Bologna's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **Bologna Declaration, paragraph 16, page 11, lines 1-2** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant Bologna fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests. Declarant Bologna did not specify for which, if any, portion of the VA's cost estimate he has personal knowledge. **Federal Rule of Evidence 1002, Best Evidence Rule**. To the extent |

| Declaration | Evidentiary Objection(s) |
|---|---|
| | that Declarant Bologna's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule.  Also lacks foundation. |
| De Sanno Declaration, paragraph 1, page 1, lines 3-4 | **N.D. Civ. L.R. 7-5(b), Lack of Personal Knowledge**.  Rule 7-5(b) requires Declarant De Sanno to specify the basis for any statement made on information and belief.  Declarant De Sanno's generalized statement fails to comply with the Rule's requirements. **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant De Sanno admits he lacks personal knowledge of at least some of the contents of his declaration. |
| De Sanno Declaration, paragraph 7, page 2, line 18-page 3, line 2 | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant De Sanno fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests. **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant De Sanno's conclusions regarding the "burden" of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Also lacks foundation. **Federal Rule of Evidence 1002, Best Evidence Rule**.  To the extent that Declarant De Sanno's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**.  Rule 7-5(b) requires the declaration to "avoid conclusions and argument."  Declarant |

| Declaration | Evidentiary Objection(s) |
|---|---|
| | De Sanno's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **De Sanno Declaration, paragraph 8, page 3, lines 3-18** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant De Sanno fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests. **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant De Sanno's conclusions regarding the purported difficulty of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants. Also lacks foundation. **N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**. Rule 7-5(b) requires the declaration to "avoid conclusions and argument." Declarant De Sanno's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **De Sanno Declaration, paragraph 9, page 3, line 19-page 4, line 8** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**. Declarant De Sanno fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests. **Federal Rules of Evidence 701, 702, Improper Opinion Testimony**. Declarant De Sanno's conclusions regarding the purported difficulty of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions. Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual |

| Declaration | Evidentiary Objection(s) |
|---|---|
| | requests and Plaintiffs' proffered compromises to alleviate burden on Defendants.  Also lacks foundation.<br><br>**N.D. Civ. L.R. 7-5(b), Conclusory and Argumentative**.  Rule 7-5(b) requires the declaration to "avoid conclusions and argument."  Declarant De Sanno's conclusory and argumentative statements regarding Paul Sullivan's declaration violate Rule 7-5(b). |
| **De Sanno Declaration, paragraph 10, page 4, lines 9-12** | **Federal Rule of Evidence 602, Lack of Personal Knowledge**.  Declarant De Sanno fails to identify any basis for personal knowledge of the cost or burden of responding to Plaintiffs' discovery requests.<br><br>**Federal Rules of Evidence 701, 702, Improper Opinion Testimony**.  Declarant De Sanno's conclusions regarding the "burden" of responding to Plaintiffs' discovery requests are improper opinion testimony and impermissible legal conclusions.  Those conclusions are also premature in light of the fact that defense counsel continues to refuse to meet and confer with Plaintiffs' counsel regarding individual requests and Plaintiffs' proffered compromises to alleviate burden on Defendants.  Also lacks foundation.<br><br>**Federal Rule of Evidence 1002, Best Evidence Rule**.  To the extent that Declarant De Sanno's testimony is proffered to prove the content of a written cost estimate, it violates the best evidence rule. |

In sum, the declarations are actually nothing more than unsupported opinion evidence hastily compiled to circumvent Plaintiffs' objections to the inadmissible Bowman Declaration, and a reflection of Defendants' continuing refusal to furnish any discovery in this case, which has been pending since July.

Moreover, the declarations fail to comply with the Local Rules of the Northern District of California.  Local Rule 7-5 states, in pertinent part, that affidavits or declarations submitted in

1    support of any motion "may contain *only facts*, must conform as much as possible to the requirements

2    of FRCivP 56(e), and must *avoid conclusions and argument*."  Civil L.R. 7-5(b) (emphasis added).

3    Rule 56(e) of the Federal Rules of Civil Procedure states, in pertinent part, "A supporting or opposing

4    affidavit must be made on *personal knowledge*, set out facts that *would be admissible in evidence*,

5    and that the affiant is competent to testify on the matters stated."  (emphasis added).  The declarations

6    violate the personal knowledge, admissibility and factual assertion requirements of Local Rule 7-

7    5(b).

8            **E.        The Declarations Should be Stricken in Their Entirety.**

9            As discussed above, the substance of the De Sanno and Bologna Declarations consists almost

10    exclusively of inadmissible opinion evidence and legal conclusions, lacking any articulated

11    foundation in personal knowledge.  To the extent, if any, that admissible factual assertions are

12    included in the declaration, they are so intertwined with impermissible opinion testimony that they

13    cannot be separated out.  Accordingly, the Court should strike the declaration in its entirety.  *See*

14    Civil L.R. 7-5(b) ("declaration[s] not in compliance with this rule may be stricken in whole or in

15    part"); *S. Concrete Co. v. United States Steel Corp.,* 394 F. Supp. 362, 380-81 (N.D. Ga. 1975)

16    ("While the court may strike or disregard the inadmissible portions of such affidavit not in

17    conformity with the rule and consider the rest of the affidavit, the entire affidavit may be disregarded

18    if inadmissible matter is so interwoven or inextricably combined with the admissible portions that it

19    is impossible, in the practical sense, to separate them.").

20

21

22

23

24

25

26

27

28

1    **III.    CONCLUSION**

2         For the reasons set forth herein, Plaintiffs object to, and respectfully move the Court to strike

3    the Declarations of Charles J. De Sanno and Mark Bologna.

4    Dated:  December 10, 2007               GORDON P. ERSPAMER
                                             ARTURO J. GONZALEZ
5                                            HEATHER A. MOSER
                                             BILL D. JANICKI
6                                            STACEY M. SPRENKEL
                                             PAUL J. TAIRA
7                                            MORRISON & FOERSTER LLP

8

9                                      By:  /s/ Heather A. Moser_____

10                                          Heather A. Moser

11                                          Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28