1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  MORRISON & FOERSTER LLP
   101 Ygnacio Valley Road, Suite 450
3  P.O. Box 8130
   Walnut Creek, California 94596-8130
4  Telephone: 925.295.3300
   Facsimile: 925.946.9912

5
   SIDNEY M. WOLINSKY (CA SBN 33716)
6  SWolinsky@dralegal.org
   MELISSA W. KASNITZ (CA SBN 162679)
7  MKasnitz@dralegal.org
   JENNIFER WEISER BEZOZA (CA SBN 247548)
8  JBezoza@dralegal.org
   KATRINA KASEY CORBIT (CA SBN 237931)
9  KCorbit@dralegal.org
   DISABILITY RIGHTS ADVOCATES
10 2001 Center Street, Third Floor
   Berkeley, California 94704-1204
11 Telephone: 510.665.8644
   Facsimile: 510.665.8511

12
   [see next page for additional counsel for Plaintiffs]
13
   Attorneys for Plaintiff(s)
14 VETERANS FOR COMMON SENSE, and
   VETERANS UNITED FOR TRUTH, INC.

15
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.  C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE VETERAN AND FAMILY MEMBER PERSONAL IDENTIFYING INFORMATION UNDER SEAL** <br><br> **CIV. L.R. 79-5; 7-11** <br><br> Submitted for Immediate Determination <br><br> Complaint Filed July 23, 2007 |

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
PAUL J. TAIRA (CA SBN 244427)
PTaira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

WILLIAM D. JANICKI (CA SBN 215960)
WJanicki@mofo.com
MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
Sacramento, California 95814
Telephone: 916.448.3200
Facsimile: 916.448.3222

Plaintiffs VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC. ("Plaintiffs") filed a Motion for Preliminary Injunction ("MPI") supported by veteran and family member declarations containing personal identifying information (the "Subject Declarations"). Plaintiffs' submitted the Subject Declarations under seal and identified the declarants by a pseudonym on the sealing envelopes. Plaintiffs' Identification of Witness Pseudonyms in Support of Preliminary Injunction was lodged under seal to specifically identify each witness. The MPI, containing personal identifying details from the Subject Declarations, was also submitted under seal.

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs submit this Administrative Motion seeking a Court order sealing the veteran and family member personal identifying information contained in the MPI and the Subject Declarations. This information includes confidential and private medical information and has been lodged under seal to protect the witnesses' privacy interests and to prevent exposure to retaliation and harassment. This Administrative Motion is supported by the Declarations of Gordon P. Erspamer, Paul Taira, Heather A. Moser, and Philip E. Cushman in Support of Plaintiffs Motion for Protective Order, previously filed on November 30. 2007.[1]

## I. LEGAL STANDARD

Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents. *Nursing Home Pension Fund v. Oracle Corp.*, C01-00988 MJJ, 2007 WL 3232267 at *1 (N.D. Cal. Nov. 1, 2007). For documents attached to non-dispositive motions, however, "'the usual presumption of the public's right of access is rebutted.'" *Id.* at *2, quoting *Foltz v. State Farm Mut. Auto. Ins.* Co., 331 F.3d 1122, 1134 (9th Cir. 2003). A motion for preliminary injunction is not dispositive for purposes of sealing records. *In re Nat'l Sec. Agency Telecomms. Records Litig.*, MDL Docket No. 06-1791 VRW, 2007 WL 549854 at *4 (N.D. Cal. Feb. 20, 2007). In such circumstances, the "good cause" standard of Federal Rule of Civil Procedure 26(c) will warrant the sealing of documents attached to non-dispositive motions. *Nursing Home Pension Fund*, 2007 WL 3232267 at*1. Rule 26(c) authorizes a court to enter "any order

---

[1] Plaintiffs' Motion for Protective Order Restricting Disclosure of Confidential and Private Information and Prohibiting Retaliation is set for hearing January 25, 2008.

1  which justice requires to protect a party or person from annoyance, embarrassment, oppression, or
2  undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, this Court may order the specified
3  information submitted in support of Plaintiffs' MPI filed under seal for "good cause" in accordance
4  with Civil Local Rule 79-5.

5  Trial courts have broad discretion in determining what constitutes good cause, whether good
6  cause exists, and, if it does exist, what protection is appropriate when considering a protective order.
7  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Ninth Circuit recognizes the privacy
8  protection afforded to personal medical information. *Roe v. Sherry*, 91 F.3d 1270, 1274 (9th Cir.
9  1996) (recognizing an individual's "strong interest in protecting the confidentiality of [one's medical]
10 status."). The right of privacy in the confidentiality of medical records has been accepted as good
11 cause to seal court records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1186 (9th Cir.
12 2006); *Planned Parenthood Fed'n of Am., Inc. v. Ashcroft*, No. C03-4872 PJH, 2004 WL 432222 at
13 *2 (N.D. Cal. Mar. 5, 2004) (granting request to seal medical record); *Samuels v. Cal. Dep't of
14 Corrections & Rehab.*, No. CIV 5-05-2337 GEB JFM P, 2007 WL 1345701 (E.D. Cal. May 8, 2007)
15 (documents containing mental health records ordered filed under seal).

16 In addition, the Supreme Court has stated that access to judicial records "has been denied
17 where court files might have become a vehicle for improper purposes." *Nixon v. Warner
18 Communications, Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit agrees that "'compelling reasons
19 sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when
20 such 'court files might have become a vehicle for improper purposes.'" *Kamakana,* 447 F.3d at
21 1179, quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit
22 has found not only good cause, but "that compelling reasons exist to keep personal information
23 confidential to protect an individual's privacy interest and to prevent exposure to harm." *Nursing
24 Home Pension Fund*, 2007 WL 3232267 at *2; see also *Foltz*, 331 F.3d at 1134-37; *Kamakana,* 447
25 F.3d at 1184-86. The protection of confidential private information "is of particular importance"
26 when "witnesses can be susceptible to retaliation and harassment." *Nursing Home Pension Fund*,
27 2007 WL 3232267 at *2. A protective order is warranted to in such cases "to reduce fears about
28 litigation (expense, invasions of privacy, burdensome distractions, etc) that can dissuade parties

whose rights have been violated from even trying to use the courts to seek redress." *Humbolt Baykeeper v. Union Pac. R.R. Co.,* 244 F.R.D. 560, 563 (N.D. Cal. 2007).

In this case, the privacy interests in protecting sensitive personal medical information along with the witnesses' susceptibility to retaliation and harassment outweigh the public's right to access.

## II. GOOD CAUSE EXISTS TO SEAL VETERAN AND FAMILY MEMBER PERSONAL INDENTIFYING INFORMATION

As more fully explained in the previously filed Declarations of Gordon P. Erspamer ("Erspamer Decl."), Paul Taira ("Taira Decl."), and Philip E. Cushman ("Cushman Decl."), good cause exists for filing this information under seal as it contains sensitive personal medical information, and public disclosure would expose the witnesses to retaliation and harassment.

Each veteran described in the Subject Declarations suffers from Post-Traumatic Stress Disorder ("PTSD"), which is a severe mental condition. The declarations detail symptoms, diagnoses and treatment for PTSD, as well as information relating to benefit claims for PTSD with the Department of Veterans Affairs ("VA"). Many of the veterans referenced in the Subject Declarations have committed suicide. This information is protected by statutory and constitutional rights to privacy and should be subject to limited disclosure. As the Ninth Circuit acknowledges, "Congress has recognized the importance of privacy in medical records in a variety of contexts, most prominently in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936 (1996)." *United States v. Comprehensive Drug Testing, Inc.,* 473 F.3d 915, 970 (9th Cir. 2006). The information is further protected from public disclosure by the Privacy Act, 5 U.S.C. §§ 552a, *et seq. St. Michael's Convalescent Hosp. v. Cal.*, 643 F.2d 1369, 1372-73 (9th Cir. 1981).

More importantly, the identity of these individuals should be kept from the VA to protect them against possible retaliation and harassment. The threat of retaliation is serious and real, as expressed by numerous veterans interviewed in connection with this lawsuit and the actual experience of witnesses in prior litigation against the VA. Taira Decl., ¶ 2; Cushman Decl., ¶¶ 4-9; Erspamer Decl., ¶¶ 3-7. Reprisals against a veteran may include adverse actions on pending claims for benefits from the VA, suspension of any action at all on pending claims, and a refusal from the

1  VA to treat the veterans for PTSD or other medical needs.  Taira Decl., ¶ 3; Erspamer Decl., ¶¶ 5-7.
2  The afflicted veterans are often totally dependent on the VA for medical care and their disability
3  benefits may constitute their sole source of income.  Taira Decl., ¶ 3.  These fears are not unfounded
4  as witnesses in prior cases against the VA suffered retaliation similar to those described above.
5  Erspamer Decl., ¶¶ 3, 5-7; Cushman Decl., ¶¶ 4-9.  There would be no prejudice to the VA by the
6  issuance of this sealing order.  The VA and the general public simply have no need for access to the
7  personal identifying information contained in the MPI and Subject Declarations.  The VA's interest
8  can be fully protected by access to this information by the VA's counsel at the Department of Justice
9  alone.

### III.  PLAINTIFFS' SEALING REQUEST IS NARROWLY TAILORED

Plaintiffs seek protection only for the personal identifying information of those individuals with a legitimate privacy interest and with a genuine fear of reprisal from the VA.  The Subject Declarations have been redacted and submitted under seal to protect this information.  Consequently, the proposed order is narrowly tailored to seal only that information for which good cause is shown.

### IV.  EFFORTS TO MEET AND CONFER

The parties began their discussion regarding the appropriate scope of a protective order to protect confidential private information and to protect parties and witnesses from retaliation almost immediately after the Complaint was filed, on August 1, 2007.  Erspamer Decl., ¶ 2.  Since that time, general discussions regarding a protective order and Privacy Act protections have been on-going. Erspamer Decl., ¶¶ 2, 3; Moser Decl., ¶¶ 2-5.  Defendants, however, refused to agree to protect witness confidential and private information or prohibit retaliation.  Erspamer Decl., ¶ 4.  On November 13, 2007, the parties discussed the specific proposed terms for the draft protective order. Moser Decl., ¶ 2.  On November 21, 2007, Plaintiffs electronically sent defense counsel a written draft of the proposed protective order, which was modeled in large part on the model Stipulated Protective Order for the Northern District of California.  Moser Decl., ¶ 3, Ex. A.  Defendants have now brought these entire discussions to a grinding halt.  Moser Decl., ¶¶ 4,5; Erspamer Decl., ¶¶ 2-4, 8.  In subsequent meet and confer sessions Defendants' counsel failed to stipulate to Defendants' proposed protective order and refused to complete the meet and confer process until after

Defendants' motion to dismiss was decided. Moser Decl., ¶¶ 4,5.[2] Despite months of Plaintiffs' efforts, an agreement on the protections requested by this order was not possible.

Plaintiffs request that the information filed under seal be given the protections described in Plaintiffs' Proposed Protective Order, filed November 30, 2007, until such time as a protective order is entered in this case. *Verigy US, Inc. v. Mayder*, No. C07-04330 MWH RL, 2007 WL 2429652 at *5 (N.D. Cal. Aug. 4, 2007).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiffs' Administrative Motion to File Veteran and Family Member Personal Identifying Information Under Seal. A Proposed Order has been filed and served herewith.

Dated: December 11, 2007

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
WILLIAMD D. JANICKI
STACEY M. SPRENKEL
PAUL J. TAIRA
MORRISON & FOERSTER LLP

By: /s/ William D. Janicki
William D. Janicki
Attorneys for Plaintiffs

---

[2] This Court may consider an appropriate sanction against Defendants for refusing or failing to meet and confer to resolve this dispute pursuant to Civil Local Rule 37-1(a).