UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | Case No.    C-07-3758-SC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE VETERAN AND FAMILY MEMBER PERSONAL IDENTIFYING INFORMATION UNDER SEAL**<br><br>**CIVIL L.R. 79-5**<br><br>Complaint Filed July 23, 2007 |

1    Plaintiffs filed a Motion for Preliminary Injunction ("MPI") supported by veteran and family member declarations containing personal identifying information (the "Subject Declarations"). Plaintiffs' submitted the Subject Declarations under seal and identified the declarants by a pseudonym on the sealing envelopes. Plaintiffs' Identification of Witness Pseudonyms in Support of Preliminary Injunction was lodged under seal to specifically identify each witness. The MPI, containing personal identifying details from the Subject Declarations, was also submitted under seal.

Plaintiffs filed an Administrative Motion to File Veteran and Family Member Personal Identifying Information Under Seal pursuant to Civil Local Rule 79-5. Having considered Plaintiffs' Administrative Motion, all other papers, pleadings and arguments, and good cause appearing thereof, Plaintiffs' Motion is GRANTED.

IT IS HEREBY ORDERED that:

1. The names and personal identifying information contained in the Motion for Preliminary Injunction and the Subject Declarations shall be sealed. The witnesses have a privacy interest in this information and are susceptible to retaliation and harassment from the Department of Veteran Affairs ("VA").

2. Only the redacted version of the MPI shall be placed in the public docket or disclosed outside the Department of Justice.

3. Only the redacted versions of the Subject Declarations shall be placed in the public docket or disclosed outside the Department of Justice.

4. Plaintiffs' Identification of Witness Pseudonyms in Support of Preliminary Injunction ("Witness Pseudonyms") is ordered filed under seal in its entirety.

IT IS FURTHER ORDERED that:

5. The MPI, the Subject Declarations, and the Witness Pseudonyms shall be given the protections described in Plaintiffs' Proposed Protective Order, filed November 30, 2007, for "PERSONAL INDENTIFYING INFORMATION – ATTORNEYS' EYEYS ONLY" until such time as a protective order is entered in this case.

6. Access to the unredacted versions of the MPI and the Subject Declarations, and the Witness Pseudonyms are specifically limited to Defendants' counsel from the Department of Justice and shall not be revealed to the Department of Veterans Affairs for any purpose.

7. The MPI, the Subject Declarations, and the Witness Pseudonyms shall be used solely for purposes in this litigation.

8. No Party shall take any retaliatory action against any veteran, potential class member, third-party witness, or employee of a Party based on that individual's inclusion or participation in this lawsuit. Retaliation shall include but is not limited to the following actions: (1) pulling an individual veteran's original claim file for use in the litigation, which indefinitely delays any action in his or her benefits claim proceeding or appeal; (2) the denial of benefits to individual veterans based in whole or in part on his or her inclusion or participation in this action; and (3) demotion, termination, or other retaliatory actions against Department of Veterans Affairs employees or other federal government employees based on whole or in part on that employee's inclusion or participation in this action.

9. The Department of Justice shall develop a procedure for obtaining access to veteran records from the VA such as claim files and medical records that, to the maximum extent possible, protects the identity of the veteran or claimant and does not indicate the specific purpose for the request. Should the VA or Department of Justice determine that any veteran record such as claim files or medical records is required for review, consultation, or evaluation for purpose of this lawsuit, the VA or Department of Justice shall promptly make an electronic or hard copy of the veteran's records and immediately return the records to their appropriate location within the VA. No veteran record shall be removed from the normal VA adjudication cycle appropriate to that record.

| Dated | HONORABLE SAMUEL CONTI<br>Senior United States District Judge |
|---|---|