1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  SCOTT N. SCHOOLS
3  United States Attorney
   RICHARD LEPLEY
4  Assistant Branch Director
   DANIEL E. BENSING (D.C. Bar No. 334268)
5  STEPHEN Y. BRESSLER (D.C. Bar No. 482492)
6  KYLE FREENY (D.C. Bar No. 247857)
   Attorneys, U.S. Department of Justice
7  Civil Division, Federal Programs Branch
   20 Massachusetts Ave., N.W.
8  Washington, D.C.  20001
9  Telephone:  (202) 514-5108
   Facsimile:  (202) 616-8460
10 Email: Kyle.Freeny@usdoj.gov

11 Attorneys for Defendants Hon. Gordon H. Mansfield, the U.S. Department of Veterans Affairs,
12 Hon. James P. Terry, Hon. Daniel L. Cooper, Bradley G. Mayes, Hon. Michael J. Kussman,
   Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P.
13 Greene, Jr.

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO
17

18 VETERANS FOR COMMON SENSE and  )
     VETERANS UNITED FOR TRUTH,   )      No. C 07-3758-SC
19                                )
           Plaintiffs,            )
20                                )      **DEFENDANTS' INITIAL**
                                  )      **OPPOSITION TO PLAINTIFFS'**
21      v.                        )      **MOTION TO STRIKE**
                                  )      **DECLARATIONS SUBMITTED**
22 Hon. GORDON H. MANSFIELD,      )      **ON REPLY**
     Acting Secretary of Veterans Affairs, )
23   et al.,                      )
                                  )      Date: December 14, 2007
24         Defendants.            )      Time: 10:00 a.m.
                                  )      Courtroom: 1
25 _____ )

26                         **INTRODUCTION**

27      On December 10, 2007, Plaintiffs filed Plaintiffs' Objections to and Motion to Strike
28

1  Improper Declarations Submitted on Reply ("Motion to Strike Reply Declarations"), seeking to

2  strike the Declaration of Charles J. De Sanno in Support of Defendants' Motion for Protection

3  Order ("De Sanno Declaration") and the Declaration of Mark Bologna in Support of Defendants'

4
   Motion for Protective Order ("Bologna Declaration"), and noticed the motion for hearing on
5
6  December 14, 2007.  Plaintiffs neither acknowledge nor attempt to justify their second motion

7  noticed for hearing improperly    this time just four days later.  See N.D. Cal. Civ. R. 7-2(a); 7-

8  3(a), (c); McColm v. San Francisco Hous. Auth., 2006 U.S. Dist. LEXIS 93450 at *7-8 (N.D.

9  Cal. 2006) ("The local rules . . . do not provide for 'counter-motions' but instead require that all
10
   motions be filed on a 35-day briefing schedule.").  Should the court choose to hear this motion
11
12 out of time, Defendants submit the following initial brief response in opposition.

13         This unnecessary procedural motion should not distract the Court from the profound

14 defects in Plaintiffs' complaint nor the unreasonably overbroad and premature discovery

15 Plaintiffs seek.

16
                                          **ARGUMENT**
17
18         Contrary to Plaintiffs' contention, the De Sanno and Bologna declarations are proper

19 rebuttal declarations addressing inaccurate statements submitted by Plaintiffs in the Declaration

20 of Paul Sullivan in Support of Plaintiffs' Motion to Strike Bowman Declaration and Opposition

21 to Defendants' Motion for Protective Order ("Sullivan Declaration").  See, e.g., De Sanno Decl.,

22
   ¶ 5 ("I submit this declaration to clarify and refute statements made in Mr. Sullivan's
23
   declaration"); Bologna Decl., ¶¶ 5-11, 13, 15 (detailing inaccuracies in Mr. Sullivan's
24
25 declaration).  Plaintiffs' claim that the De Sanno and Bologna Declarations are "an obvious

26 attempt to cure the defects in the Bowman Declaration[,]" (Motion to Strike Reply Declarations,

27 at 2), is based on the faulty premise that the Declaration of Thomas G. Bowman (attached to

28

Defendants' Notice of Motion and Motion for Protective Order to Stay Discovery at Attachment

B) ("Bowman Decl.") is defective.  Defendant addressed this issue in their Opposition to

Plaintiffs' Motion to Strike Declaration of Thomas G. Bowman ("Opposition to Motion Strike

Bowman Declaration").

Plaintiffs' hearsay objections in their Motion to Strike Reply Declarations fail for the

same reasons stated in the Opposition to Motion Strike Bowman Declaration.  As this Court held,

"[t]he affidavit or testimony of an agency official, who is knowledgeable [about the issue to

which he testifies] . . . complies with the [personal knowledge] standard."  Ramo v. Dep't of

Navy, 487 F. Supp. 127, 130 (N.D. Cal. 1979), aff'd, 692 F.2d 765 (9th Cir. 1982).  As detailed

in the Opposition to Motion Strike Bowman Declaration, the holding of Londrigan v. FBI, 670

F.2d 1164, 1174 (D.C. Cir. 1981), that an agency official may testify as to matters he learns upon

review of agency documents and information made available to him in the course of his duties,

has been followed consistently by courts in this Circuit and elsewhere.  See Opposition to Motion

Strike Bowman Declaration at Argument, Section I.

Plaintiffs also object that the De Sanno and Bologna Declaration include "unqualified

expert opinion testimony."  Motion to Strike Reply Declarations, at 4.  In their attempt to keep

the tremendous cost and burden of response to 191 Requests for Production from the Court,

Plaintiffs advance an argument    challenging the testimony of De Sanno and Bologna as

"unqualified expert opinion"    that weakens their position.  The De Sanno and Bologna

Declarations are similar in nature in all salient respects to the testimony provided by *Plaintiffs'*

declarant, Mr. Sullivan, in support of Plaintiffs' first motion to strike.  Compare Bologna Decl., ¶

5 ("Mr. Sullivan's declaration relies on assumptions regarding the scope of the RFPs that are

inconsistent with those requests.") (cited in Motion to Strike Reply Declarations, p. 7), with

1  Sullivan Decl., ¶ 9 ("Defendants' estimates of cost and time for searching claim files are based

2  upon assumptions that ignore common sense."); compare De Sanno Decl., ¶ 10 ("Complying

3  with the plaintiffs' requests for production as they relate to searching for terms, phrases, and

4
5  names contained in email would place a significant burden on VA IT staff and resources as

6  described in the declaration of Mr. Bowman."), with Sullivan Decl., ¶ 8 ("Defendants' estimate

7  . . . is a vastly inflated estimate of the true costs that would be incurred.").  Although the form of

8  testimony in Plaintiffs' and Defendants' declarations may be similar, the base of knowledge of

9  the declarants differs.  While it seems apparent that as a mid-level employee for a few years at

10
11  VA, Plaintiffs' witness is not as qualified, if indeed he is qualified at all, as the VA witnesses

12  who have direct responsibility for the systems at issue, what cannot be gainsaid is that if the

13  Court declines to consider the Bologna and De Sanno declarations, it must also ignore Mr.

14  Sullivan's testimony.[1]/

15                                              **CONCLUSION**

16
17       For the foregoing reasons, Plaintiffs' Motion to Strike Declarations Submitted on Reply

18  should be denied.

19

20  Dated December 12, 2007                    Respectfully Submitted,

21                                             JEFFREY S. BUCHOLTZ
22                                             Acting Assistant Attorney General

23
24  [1]/     Plaintiffs' complaints about the meet and confer obligations not only misstate
Defendants' efforts to comply therewith, but are entirely hollow in light of Plaintiffs' intransigent
25  stance on *every* issue and failure to acknowledge that *any* of their 191 Requests for Production
("RFP") are overbroad.  Second, this argument goes not to the instant motion to strike
26  declarations, but to another motion entirely   Defendants' Motion for Protective Order to Stay
Discovery ("Motion for Protective Order").  Third, this claim is entirely repetitious of arguments
27  Plaintiffs have already made (and Defendants have already rebutted) in briefing on the earlier
28  motion.

Case No. C 07 3758 SC4
Defendants' Opposition to Plaintiffs' Motion to Strike Declarations Submitted on Reply          4

1

2

SCOTT N. SCHOOLS
Interim United States Attorney

3

RICHARD LEPLEY
Assistant Branch Director

4

5

    **/s/ Kyle R. Freeny**

KYLE R. FREENY California Bar #247857

6

DANIEL BENSING D.C. Bar # 334268
STEVEN Y. BRESSLER D.C. Bar #482492

7

Attorneys

8

U.S. Department of Justice, Civil Division
P.O. Box 883

9

Washington, D.C. 20044
(202) 514-5108 (telephone)

10

11

Counsel for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07 3758 SC5
Defendants' Opposition to Plaintiffs' Motion to Strike Declarations Submitted on Reply

5