PETER D. KEISLER
Assistant Attorney General
SCOTT N. SCHOOLS
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0693
Facsimile: (202) 616-8460
Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Peter D. Keisler, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>Plaintiffs,<br><br>v.<br><br>Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, et al.,<br><br>Defendants. | No. C 07-3758-SC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS WILLIAM P. GREENE, JR. AND MICHAEL B. MUKASEY**<br><br>Date: February 22, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor |

Defendants hereby move to dismiss all claims against two defendants, William P. Greene, Jr., the Chief Judge of the United States Court of Appeals for Veterans Claims (CAVC) and

Case No. C 07-3758-SC
Memorandum in Support of Motion to Dismiss Defendants Greene and Mukasey            1

Michael P. Mukasey, the Attorney General of the United States.[1]

## ARGUMENT

### I. This Court Lacks Jurisdiction Over the Chief Judge of the U.S. Court of Appeals for Veterans Claims, Sued in His Official Capacity

When Congress enacted the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, 102 Stat. 4105 (1988), it established the U.S. Court of Appeals for Veterans Claims ("CAVC") as a court of the United States, not as an Executive Branch "agency." "There is hereby established, under Article I of the Constitution of the United States, a court of record to be known as the United States Court of Veterans Appeals." 38 U.S.C. § 7251[2]. The Court[3] is vested with jurisdiction to review final decisions of the Board of Veterans Appeals (BVA) and to affirm, modify, reverse or remand such rulings, 38 U.S.C. § 7252, on the basis of a standard of review identical to that contained in the Administrative Procedure Act, 5 U.S.C. § 706, see 38 U.S.C. § 7261. Numerous other provisions of Chapter 72 of Title 38 vest the CAVC with the powers and responsibilities of a court of the United States. See, e.g., 38 U.S.C. § 7264 (authority to promulgate rules of practice and procedure); 38 U.S.C. § 7265 (contempt authority); 38 U.S.C. § 7282(a) (CAVC budget independent of that of the Executive Branch); 28 U.S.C. § 2412(d)(2)(F) (authority to provide attorney fee awards under the Equal Access to Justice Act).

The parties agree that the only possible waiver of sovereign immunity under which this Court can entertain any of plaintiffs' claims is that contained in the Administrative Procedure Act, 5 U.S.C. 501, et seq., (APA). However, that waiver does not permit plaintiffs to bring an

---

[1] By Operation of Fed. R. Civil P. 25, Attorney General Mukasey is substituted as defendant for former Attorney General Alberto Gonzales.

[2] This description is identical to that for Article III Courts. See e.g. 28 U.S.C. 132(a) ("There shall be established in each judicial district a district court which shall be a court of record . . .").

[3] The Court's name was changed to the United States Court of Appeals for Veterans Claims by the Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, 511, 112 Stat. 3315, 3341 (codified at 38 U.S.C. 7251), effective March 1, 1999.

action against a Court of the United States, or against Chief Judge Greene, in his official capacity as Chief Judge of the CAVC. The scope of the APA's waiver of sovereign immunity is limited by its definition section, which defines the term "agency," (i.e. those entities whose actions are subject to judicial review under the APA) to expressly exclude "the courts of the United States." See 5 U.S.C. § 551(1)(B).

On several occasions, courts have held that the United States Tax Court, another Article I Court, with statutory authority identical to that of the CAVC, compare 38 U.S.C. § 7251 with 26 U.S.C. § 7441, is a "court of the United States" for purposes of the APA's definition of "agency." In McQuiston v. Comm'r, 78 T.C. 807, 1982 U.S. Tax Ct. LEXIS 97 (1982), the court looked to the legislative history of the APA to conclude that Article I Courts were excluded from the APA's definition of agency. The Court noted that "[b]oth the Senate and House Judiciary reports state that 'the word "agency" is defined by excluding legislative, judicial and territorial authorities.'" Id. at * 10, quoting S.Rept. 79-752; H. Rept. 79-1980.[4] In Harpole v. U.S., No. A00-176CV, 2000 U.S. Dist. LEXIS 17697, at *7-*9 (D. Alaska Nov. 2, 2000), the court held that the U.S. Tax Court was not subject to the APA because it "is an Article I court, which is independent of the executive and legislative branches of the government and is considered part of the judicial branch." Id. at *7. Finally, in Megibow v. Clerk of the United States Tax Court, 2004 U.S. Dist. LEXIS 17698; 94 A.F.T.R2d (RIA) 5804 (2004), aff'd 432 F.3d 387 (2d Cir. 2005), the court stressed that "[f]unctionally, the Tax Court acts as a judicial body – a court," id. at * 17, and concluded therefore that it was not an agency for purposes of the Freedom of Information Act. Accord Osteimer v. Chumbley, 498 F.Supp. 890, 892 (D. Mont.

---

[4]Significantly, the Court noted a distinction between 28 U.S.C. § 451, which defines "court of the United States" for various purposes and excludes the Tax Court from that definition and the APA's definition of "agency," which excludes "courts of the United States," 5 U.S.C. § 551(1), based upon the APA's legislative history. Id. at * 10. In 1966, Congress amended the APA to make a stylistic change in section 551(1) from "courts" to "courts of the United States." See McQuiston, supra at * 10, n. 7, quoting H.Rept. 89-901; S. Rept. 89-1380. See Pub. L. No. 89-554, § 7(a), 80 Stat. 378 (1966), reprinted at 1966 U.S.C.C.A.N. 767 ("The legislative purpose in enacting sections 1-6 of this Act is to restate, without substantive change, the laws replaced by those sections . . . ." (section 1 of the Act enacted the revised title 5).

1980) aff'd, 746 F.2d 1487 (9th Cir. 1984) ("The Tax Court is not an agency").

It is noteworthy that the Megibow Court quoted the Supreme Court's decision in Freytag v. Comm'r, 501 U.S. 868 (1991), explaining why non Article III tribunals like the Tax Court still exercise the judicial power of the United States:

> The Tax Court exercises judicial power to the exclusion of any other function. It is neither advocate nor rulemaker. As an adjudicative body, it construes statutes passed by the Internal Revenue Service. It does not make political decisions.

Id. at 891. The Supreme Court also stressed that the "[t]he text of the [Appointments] Clause does not limit the 'Courts of law' to those courts established under Article III of the Constitution," id. at 888. The Supreme Court concluded by noting that since the decisions of Chief Justice Marshall, "[o]ur cases involving non-Article III tribunals have held that these courts exercise the judicial power of the United States." Id. at 889.

The Court of Appeals for the Federal Circuit considered the status of the CAVC in Abbs v. Principi, 237 F.3d 1342, 1347-49 (Fed. Cir 2001). In that case, the plaintiffs sought to recover attorney fees and costs under the Equal Access to Justice Act (EAJA) from the CAVC based upon the Federal Circuit's reversal of the Court in an unrelated case. In the course of sanctioning the appellant for bringing a frivolous appeal, the Court held that the CAVC is not an agency for EAJA purposes, noting that "Congress viewed the Veterans Court – and courts generally – as separate and distinct from the 'United States' or its agencies" for EAJA purposes. Id. at 1348.[5] Indeed, the Court noted that one of the purposes of the VJRA was to "[e]stablish an independent Court" to review final decisions of the BVA." Id. quoting H.R.Rep. No. 100-963, at 4 (1988) reprinted in 1988 U.S.C.C.A.N. 5782, 5785. Recently, the Federal Circuit has recognized that upon its creation, Congress explicitly established the CAVC to be an "independent judicial review of the Board's final decisions." Bates v. Nicholson, 398 F.3d 1355, 1364 (Fed.Cir.

---

[5]The independence of the CAVC from the Executive Branch has been reaffirmed by Congress since the enactment of the VJRA. In amending the VJRA in 2001, Congress reaffirmed that the CAVC was "established by the Congress under Article I of the Constitution to exercise judicial power," and is "an independent tribunal that is not subject to the control of the President or the executive branch." H.Rept. 107-156; S. Rept. 107-86 (2001).

Case No. C 07-3758-SC
Memorandum in Support of Motion to Dismiss Defendants Greene and Mukasey        4

2005).[6]

Finally, it is unclear from the Complaint what relief plaintiffs ask this Court to order directed against the CAVC. Indeed actions of the CAVC are nowhere mentioned in plaintiffs' five claims for relief. See Complaint ¶ 258-278. Plaintiffs' Complaint states that they are not suing Chief Judge Greene in his "judicial capacity, but rather in his official capacity as the person responsible for the administration and management of the CAVC." Complaint ¶ 47. One can only presume that plaintiffs want this Court, in California, to issue an injunction -- against another "court of the United States," in Washington D.C. – that would direct Chief Judge Greene to manage and administer the CAVC as directed by such an injunction. Under plaintiffs' fanciful theory, this Court could enjoin and order Chief Judge Greene to amend the CAVC's Rules of Practice and Procedure, as well as second-guess his internal staffing, management and budget determinations relating to the administration of the CAVC. Plaintiffs offer no authority for this unprecedented, and bizarre claim.[7]

---

[6]The CAVC is "a judicial body independent of the Secretary" as distinct from the BVA, which is "an agent of the Secretary." Jackson v. Principi, 265 F.3d 1366, 1370 (Fed. Cir. 2001). The distinction between the BVA and the CAVC is reflected in the fact that the veterans benefits claims process changes to an adversarial one at the point in which an appeal is filed with the CAVC: "The veterans' benefits system remains a non-adversarial system when cases are pending before the Veterans' Administration. However, the Court of Appeals for Veterans Claims' proceedings are not non-adversarial . . . the Court of Appeals for Veterans Claims is a court and depends upon the adversarial parties to identify the issues for review." Forshey v. Principi, 284 F.3d 1335, 1355 (Fed. Cir. 2002).

[7]Aside from this Court's lack of jurisdiction over the CAVC, plaintiffs grossly misstate the expediency with which the CAVC resolves its cases. In their Opposition to the Motion to Dismiss (at n. 23) plaintiffs state that it takes 1286 days to decide an appeal. The reality, however, is quite different. The median time for the CAVC to resolve each case in 2006 was 11.5 months. http://www.vetapp.gov/annual_report. In comparison, the median time for case disposition for all Article III U.S. courts of appeals in 2006 was 12.2 months. http://www.uscourts.gov/cgi-bin/cmsa2006.pl, (click on 'National Totals,' p. 2.) The median time for case disposition in the 9th Circuit in 2006 was 15.9 months. http://www.uscourts.gov/cgi-bin/cmsa2006.pl, click on 9th Circuit, p. 2. Plaintiffs also grossly misstate the number of cases at the CAVC that are in a "backlog." (claiming that the CAVC has a "backlog" of over 6000 appeals; see plaintiffs' Opposition, n. 23) Leaving aside the question of how to define a "backlog," it is undisputed that only approximately 1000 of the approximately

Therefore, since the CAVC is a "court of the United States," within the meaning of the APA, (and so entirely independent of the VA and of the Executive Branch) it is thus expressly excluded from the APA's waiver of sovereign immunity. Plaintiffs have not stated a cognizable claim against the CAVC and Chief Judge Greene should be dismissed as a defendant.

## II. Because the Criminal Penalty Associated with the Prohibition on the Payment of Fees to Attorneys for VA Representation Have Been Repealed, There is No Basis for a Claim Against the Attorney General

Until the enactment of section 101(g) of Public Law 109-461 on December 22, 2006, Title 38 contained a criminal penalty for anyone who "directly or indirectly solicits, contracts for, charges, or receives, or attempts to solicit, contract for, charge, or receive, any fee or compensation," in violation of the fee limitations contained in 38 U.S.C. § 5904.[8] However, this criminal penalty was repealed by Public Law 109-461 over a year ago and there are no other criminal penalties for any violation of the attorney fee restrictions of section 5904. Therefore, there is no justification for naming the Attorney General as a defendant "charged with responsibility for enforcing criminal penalties associated with violations of the Fee Prohibition," Complaint ¶ 48, and hence, Mr. Mukasey should be dismissed as a defendant in this action.

---

6000 cases on the Court's docket are fully briefed and awaiting decision. See testimony of CAVC Chief Judge at November 7, 2007 hearing before the U.S. Senate Committee on Veterans Affairs. http://veterans.senate.gov/public/index.cfm?pageid=16&release_id=11414&sub_release_id=11461&view=all (Click on "testimony" and scroll to p. 5).

[8]This criminal penalty, enacted by P.L. 84-857 in 1958, was codified at 38 U.S.C. § 5905.

Case No. C 07-3758-SC
Memorandum in Support of Motion to Dismiss Defendants Greene and Mukasey          6

## CONCLUSION

Wherefore, plaintiffs' claims against Chief Judge Greene of the CAVC and Attorney General Mukasey should be dismissed with prejudice.

Dated January 18, 2008

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

SCOTT N. SCHOOLS
Interim United States Attorney

RICHARD LEPLEY
Assistant Branch Director

    **/s/ Daniel Bensing**
DANIEL BENSING D.C. Bar # 334268
STEVEN Y. BRESSLER D.C. Bar #482492
KYLE R. FREENY California Bar #247857
Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 883
Washington, D.C. 20044
(202) 305-0693 (telephone)

Counsel for Defendants