1  JEFFREY S BUCHOLTZ
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO
   United States Attorney
3  RICHARD LEPLEY
   Assistant Branch Director
4  DANIEL BENSING D.C. Bar No. 334268
   STEVEN Y. BRESSLER D.C. Bar No. 482492
5  KYLE R. FREENY California Bar No. 247857
   Attorneys
6  United States Department of Justice
   Civil Division, Federal Programs Branch
7
   P.O. Box 883
8  Washington, D.C.  20044
   Telephone:  (202) 514-5108
9  Facsimile:  (202) 616-8460
   Email: Kyle.Freeny@USDOJ.gov
10
11 Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon.
   James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman,
   Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P.
12 Greene, Jr.

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                          SAN FRANCISCO

16

17 VETERANS FOR COMMON SENSE and      )
   VETERANS UNITED FOR TRUTH,         )   No. C 07-3758-SC
                                      )
18          Plaintiffs,               )   **MEMORANDUM IN SUPPORT OF**
                                      )   **DEFENDANTS' MOTION FOR**
19    v.                              )   **PROTECTIVE ORDER TO STAY**
                                      )   **DISCOVERY FROM THE U.S. COURT**
20 Hon. JAMES B. PEAKE, Secretary of  )   **OF APPEALS FOR VETERANS CLAIMS**
   Veterans Affairs, *et al.*,        )
21                                    )   Date: February 29, 2008
            Defendants.               )   Time: 10:00 a.m.
22                                    )   Courtroom: 1
   _____  )
23

24        Pursuant to Federal Rule of Civil Procedure 26(c), defendants move for a protective order

25 staying discovery from the U.S. Court of Appeals for Veterans Claims (or CAVC) until this

26 Court can rule on defendants' Motion to Dismiss Claims Against Defendants William P. Greene,

27 Jr. and Michael B. Mukasey.  On January 18, 2008, defendants moved to dismiss all claims

28 against William P. Greene, Jr., who was sued in his official capacity as Chief Judge of the U.S.

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                              1

1  Court of Appeals for Veterans Claims, asserting that this Court lacks jurisdiction to entertain

2  those claims.  That motion is scheduled for hearing on February 22, 2008.

3       This Court has broad discretion to stay discovery where, as here, a dispositive motion

4  may resolve all claims against a defendant and render discovery unnecessary.  A stay of

5  discovery is particularly appropriate here because this Court has not yet determined that it has

6  jurisdiction over Chief Judge Greene or the U.S. Court of Appeals for Veterans Claims.  See

7  Order January 10, 2008 Order at 41:16-18 (MTD Order).  A brief stay pending the outcome of

8  Chief Judge Greene's motion to dismiss would result in minimal prejudice to plaintiffs, in stark

9  contrast to the irremediable harm that would be caused by discovery into the workings of an

10  Article I court that later proved unnecessary.

11  **BACKGROUND**

12       Plaintiffs, two advocacy organizations, have leveled broad statutory and constitutional

13  challenges to the benefits programs administered by the Department of Veterans Affairs (VA),

14  alleging defects in the manner in which VA provides medical care and disability compensation to

15  veterans with post traumatic stress disorder (PTSD).  On September 25, 2007, defendants moved

16  to dismiss all of plaintiffs' claim, arguing among other things that plaintiffs' claims did not fall

17  within the waiver of sovereign immunity provided by the Administrative Procedure Act (APA),

18  that the Court did not have jurisdiction to consider plaintiffs' challenges to benefits-related

19  decisions of the Secretary, and that the benefits adjudication procedures set up by the Veterans

20  Judicial Reform Act (VJRA) conformed to constitutional requirements as a matter of law.  On

21  December 14, 2007, the Court heard argument on defendants' Motion to Dismiss Plaintiffs'

22  Complaint and stayed the case – including all discovery – until the Court could rule on the

23  motion to dismiss.  See January 14, 2008 Minute Entry.

24       On January 10, 2008, the Court granted in part and denied in part defendants' motion to

25  dismiss and lifted the stay of discovery.  The Court declined to reach defendants' argument that it

26  lacked jurisdiction over Chief Judge Greene and the U.S. Court of Appeals for Veterans Claims.

27  See MTD Order at 41:16-18.  Instead, the Court invited defendants to file a separate motion

28

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                                           2

1  seeking to dismiss the claims against Chief Judge Greene.  Id.

2      On January 18, 2008, defendants filed a separate Motion to Dismiss Claims Against

3  Defendants William P. Greene, Jr. and Michael B. Mukasey, arguing that there was no basis for

4  plaintiffs to proceed against either party.  Defendants assert that the only available waiver of

5  sovereign immunity, 5 U.S.C. § 704, does not encompass claims against the U.S. Court of

6  Appeals of Veterans Claims or its officials, because it applies only to agencies, not to courts like

7  the CAVC.  In support of their motion, defendants noted that Article I courts, like Article III

8  tribunals, "exercise the judicial power of the United States," see Freytag v. Comm'r of Internal

9  Revenue, 501 U.S. 868, 889 (1991), and that the U.S. Court of Appeals for Veterans Claims is

10  very similar in function and structure to other courts that have been held exempt from the scope

11  of the APA.  Defendants also contended that injunctive relief against Chief Judge Greene and the

12  U.S. Court of Appeals for Veterans Claims is unavailable.  Defendants' motion is scheduled to

13  be argued on February 22, 2008.  That same day, the Court is also scheduled to hear argument on

14  plaintiffs' Motion for Preliminary Injunction, filed in connection with plaintiffs' challenge to the

15  adequacy of VA medical care – a motion that does not implicate the U.S. Court of Appeals for

16  Veterans Claims.

17      To date, plaintiffs have served defendants with 191 requests for documents.  See First

18  Amended Set of Requests for Production of Documents, Docket Entry 39, Second Set of

19  Requests for Production of Documents, Docket Entry 44 (collectively, Requests for Production).

20  Among these are requests for CAVC docketing and case information, see, e.g., Requests for

21  Production Nos. 14, 127, 188, a request for communications about proposed changes to the

22  CAVC's attorney practice rules, Request for Production No. 63, and a request for the "working

23  files, including, without limitations, emails of all witnesses" who become the subject of

24  deposition notices in this action.  Request for Production No. 126.  On November 2, 2007,

25  without consulting with defendants, see Civil Local Rule 30-1, plaintiffs noticed Chief Judge

26  Greene for deposition on March 27 and 28, 2008, and noticed former Chief Judge Frank Q.

27  Nebeker for deposition on January 29, 2008, both to take place in San Francisco.

28

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                                    3

**ARGUMENT**

**I.    This Court Should Exercise Its Discretion to Stay Discovery Until It Determines Whether It Has Jurisdiction Over Chief Judge Greene and the U.S. Court of Appeals for Veterans Claims**

This Court has wide discretion to control the nature and timing of discovery, and "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979). Courts may issue protective orders under Federal Rule of Civil Procedure 26(c) upon a showing of good cause, in order to "protect a party from annoyance, embarrassment, oppression or undue burden or expense, including . . . that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c). Courts have consistently exercised discretion to stay discovery where it appears that a pending dispositive motion may make the discovery unnecessary. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979); Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990).

Where a pending dispositive motion challenges the court's subject matter jurisdiction, a stay is particularly salutary. See, e.g., Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 675 (S.D. Cal. 2001). Pending the outcome of a dispositive motion, discovery "is only appropriate where there are factual issues by a motion to dismiss." See Jarvis, 833 F.2d at 155; see also U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."). Where a motion to dismiss raises only legal questions, as when a defendant challenges the court's subject matter jurisdiction, discovery should be stayed pending resolution of that motion. See Wahg v. Metris Direct, Inc., 363 F.3d 821, 829 (9th Cir. 2003). Defendants' pending motion to dismiss raises purely legal questions about this Court's jurisdiction over the U.S. Court of Appeals for Veterans Claims and requires no factual development for its resolution. See Megibow v. Clerk of the United States Tax Court, No. 04-CV- 3321, 2004 U.S. Dist. LEXIS 17698, at *21 (S.D.N.Y. 2004) (whether an Article I tribunal is a court or an agency as defined by the APA "is not a question of fact that must await

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                            4

1   the receipt of evidence"), aff'd 432 F.3d 387 (2d Cir. 2005).

2       Defendants have raised a substantial legal challenge to this Court's jurisdiction over the

3   claims against Chief Judge Greene and the U.S. Court of Appeals for Veterans Claims, grounded

4   in the Supreme Court's conclusion that Article I courts exercise the judicial power of the United

5   States just like this Court, see Freytag, 501 U.S. at 889, and bolstered by the Federal Circuit's

6   determination that the CAVC is an independent court rather than an executive agency, see Abbs

7   v. Principi, 237 F.3d 1342, 1347-49 (Fed. Cir. 2001). Despite the strength of defendants'

8   motion, this Court need not conclude that it will be successful in order to grant a stay of

9   discovery. A stay of discovery is appropriate whenever a court can conclude that a defendants'

10  motion to dismiss "does not appear to be without some degree of foundation in law and there is a

11  possibility that defendant may prevail." Ameritel Inns v. Moffat Bros., No. CV 06-359, 2007

12  WL 1792323, at *4 (D. Id. 2007); see also Johnson v. N.Y. Univ. School of Educ., 205 F.R.D.

13  433, 434 (S.D.N.Y. 2002) (stay of discovery appropriate where dispositive motion has

14  "substantial grounds"). Defendants' motion certainly has a "clear possibility of success." GTE

15  Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 287 (S.D. Cal. 2000). Moreover, the defects

16  in plaintiffs' claims against the U.S. Court of Appeals for Veterans Claims cannot be cured by

17  amendment of the complaint, as there is simply no waiver of sovereign immunity that would

18  permit plaintiffs to sue Chief Judge Greene in his official capacity as an Article I judge.

19  **II.    The Balance of Harms Weighs Heavily in Favor of Granting a Stay of Discovery**

20      Unnecessary discovery from the U.S. Court of Appeals for Veterans Claims or from

21  Chief Judge Greene would cause irremediable harm to the CAVC. In contrast, a brief stay of

22  discovery pending a ruling on defendants' motion to dismiss would cause minimal prejudice to

23  plaintiffs, if any at all. Considered together with the substantial likelihood that defendants will

24  prevail on their motion to dismiss and discovery will be rendered unnecessary, the balance of

25  harms weigh heavily in favor of granting a limited stay in this case.

26      Defendants presently seek a stay of discovery only with respect to Chief Judge Greene

27  and the U.S. Court of Appeals for Veterans Claims, not with respect to VA. Discovery from

28

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                                    5

1    CAVC is unnecessary to develop plaintiffs' Motion for Preliminary Injunction, which relates

2    only to *VA*'s provision of medical care.  Moreover, discovery from CAVC would not be expected

3    to play an important role in the development of plaintiffs' larger claims, which focus almost

4    exclusively on VA action or inaction.  Of the 278 paragraphs in plaintiffs' complaint, only a

5    handful discuss CAVC actions or procedures, and plaintiffs' prayer for relief makes no mention

6    of CAVC or Chief Judge Greene.  Additionally, the bulk of relevant information about the

7    CAVC caseload and case dispositions are publicly available on the court's docket or otherwise

8    on the CAVC's website.[1]  Accordingly, a brief stay of discovery relating to plaintiffs' claims

9    against CAVC would not meaningfully prejudice plaintiffs.

10         In contrast, moving forward with discovery before this Court has determined that it has

11   jurisdiction over Chief Judge Greene or the CAVC would substantially and permanently

12   prejudice defendants.  Most obviously, "should Defendant[s] prevail on [their] motion to dismiss,

13   any effort expended in responding to merits-related discovery would prove to be a waste of both

14   parties' time and resources." Orchid Biosciences, 198 F.R.D. at 675.  Because a ruling on

15   defendants' motion to dismiss will likely obviate the need for discovery in this case, a stay would

16   save the time and resources of the parties as well as the Court.  See Scroggins v. Air Cargo, Inc.,

17   534 F.2d 1124, 1133 (5th Cir. 1976).  Plaintiffs have themselves complained about the

18   magnitude of CAVC's workload.  See Compl. ¶ 16.  It would be in no one's interest to divert

19   resources from the adjudication of veterans' appeals and further exacerbate CAVC's workload,

20   in the name of discovery that may ultimately prove unnecessary.

21         Needless discovery poses special concerns in this case, since it potentially involves

22   communications between judges and court staff and other documentation about the inner

23   workings of the U.S. Court of Appeals for Veterans Claims.  Discovery into the inner workings

24   of a court "would cause a concrete and imminent harm that cannot be remedied after the fact."  In

25   _____

26         [1]For example, the court's docket is available on its website in searchable form, as are
     opinions, the court's procedures, and the court's annual report, which provides aggregate
27   information about case dispositions, attorney representation, and the average duration of an
     appeal.  See http://www.vetapp.uscourts.gov.
28

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                        6

1   re United States, 463 F.3d 1328, 1338 (Fed. Cir. 2006); see also Warth v. Department of Justice,

2   595 F.2d 521, 523 (9th Cir. 1979) (recognizing need to avoid "encroach[ing] upon the authority

3   of the courts to control the dissemination of its documents to the public"); McGehee v. CIA, 697

4   F.2d 1095, 1107 (D.C. Cir. 1983) ("special policy considerations militates against a rule

5   compelling disclosure of records originating in" the courts), aff'd in part on reh'g, 711 F.2d 1076

6   (D.C. Cir. 1983).  Plaintiffs' discovery requests in this case purportedly encompass all

7   communications about a given topic, see Requests for Production at 1:23-24, 8:9-10, implicating

8   internal discussions among judges and their staff about the operation of the court.  Plaintiffs also

9   seek drafts and working documents of court staff, including those of Chief Judge Greene.  See

10  First Requests for Production 2:1, 27:11-14.  While defendants may assert judicial privilege as an

11  alternative means to preventing discovery, it may not always be easy to distinguish between

12  protected and non-protected communications.  See, e.g., In re Certain Complaints Under

13  Investigation by an Investigating Committee of the Judicial Council of the Eleventh Circuit, 783

14  F.2d 1488, 1520 n.28 (11th Cir. 1986).  This Court should not address the "very delicate matter"

15  of discovery into a coordinate judicial body, see United States v. Frankenthal, 582 F.2d 1102,

16  1107 (7th Cir. 1978), until threshold jurisdictional issues have been resolved.

17                                              **CONCLUSION**

18          Accordingly, the Court should grant defendants' Motion for Protective Order and stay

19  discovery from the U.S. Court of Appeals for Veterans Claims until after a ruling on the CAVC

20  portion of defendants' Motion to Dismiss Claims Against William P. Greene, Jr. and Michael B.

21  Mukasey.  A proposed order is attached.

22

23  Dated: January 25, 2008

24                                      Respectfully Submitted,

25                                      JEFFREY S BUCHOLTZ
                                        Acting Assistant Attorney General
26
27                                      JOSEPH P. RUSSONIELLO
                                        United States Attorney

28

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                                    7

1

RICHARD LEPLEY
Assistant Branch Director

2

3

   */s/ Kyle R. Freeny*
KYLE R. FREENY California Bar #247857
DANIEL BENSING D.C. Bar #334268

4

STEVEN Y. BRESSLER D.C. Bar #482492
Trial Attorneys

5

U.S. Department of Justice
Civil Division, Federal Programs Branch

6

P.O. Box 883
Washington, D.C. 20044

7

(202) 514-5108 (telephone)
(202) 616-8460 (fax)

8

*Attorneys for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-3758-SC
Memorandum in Support of Defendants' Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                                    8