1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO
   United States Attorney
3  RICHARD LEPLEY
   Assistant Branch Director
4  DANIEL BENSING D.C. Bar No. 334268
   STEVEN Y. BRESSLER D.C. Bar No. 482492
5  KYLE R. FREENY California Bar No. 247857
   Attorneys
6  United States Department of Justice
   Civil Division, Federal Programs Branch
7
   P.O. Box 883
8  Washington, D.C.  20044
   Telephone:  (202) 514-5108
9  Facsimile:  (202) 616-8460
   Email: Kyle.Freeny@USDOJ.gov
10
   Attorneys for Defendants Hon. James B. Peake,[1] the U.S. Department of Veterans Affairs, Hon.
11 James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman,
   Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P.
12 Greene, Jr.

13                    UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                         SAN FRANCISCO

16

17 VETERANS FOR COMMON SENSE and      )
   VETERANS UNITED FOR TRUTH,         )   No. C 07-3758-SC
18                                    )
              Plaintiffs,             )
19                                    )   **OPPOSITION TO PLAINTIFFS'**
      v.                              )   **MOTION FOR PROTECTIVE ORDER**
20                                    )   **RESTRICTING DISCLOSURE OF**
   Hon. JAMES B. PEAKE, Secretary of  )   **CONFIDENTIAL AND PRIVATE**
   Veterans Affairs, *et al.*,        )   **INFORMATION AND PROHIBITING**
21                                    )   **RETALIATION**
              Defendants.             )
22                                    )   Date: February 22, 2008
   _____)   Time: 10:00 a.m.
23                                        Courtroom: 1

24

25

26   _____

27          [1]Hon. James B. Peake should be substituted for his predecessor, Acting Secretary Gordon
   Mansfield, as defendant in this action pursuant to Fed. R. Civ. Proc. 25(d)(1).
28

# TABLE OF CONTENTS

Page

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    There Is No Justification for the Extraordinary Measure of Hiding Witness
        Identities and Personal Information from Defendants. . . . . . . . . . . . . . . . . . . . . . . 5

        A.    Plaintiffs' Order Would Prevent Defendants from Responding
               to Plaintiffs' Allegations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    Plaintiffs Have Failed to Establish That Veterans Reasonably
               Fear Retaliation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    II.    Plaintiffs' Order Conflicts with Ninth Circuit Authority on the Standard
        for Entry of Protective Orders. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        A.    Plaintiffs Cannot Use Their Blanket Protective Order to
               Circumvent the Requirements of Rule 26. . . . . . . . . . . . . . . . . . . . . . . . . 12

        B.    The Attempt to Impugn the Integrity of Agency Counsel
               Is Groundless. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    III.    An Order Prohibiting Retaliation Is Both Unnecessary and
        Inappropriate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Case No. C 07 3758 SC
Opposition to Plaintiffs' Motion for Protective Order Restricting Disclosure of Confidential and
Private Information and Prohibiting Retaliation         -i-

# TABLE OF AUTHORITIES

## CASES

Page(s)

Arriaga-Barrientos v. INS,
    937 F.2d 411 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Aspex Eyewear, Inc. v. E'Lite Optik, Inc.,
    276 F. Supp. 2d 1084 (D. Nev. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bank v. Melli Iran v. Pahlavi,
    58 F.3d 1406 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Beckman Indus. v. Int'l Ins. Co.,
    966 F.2d 470 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

Brown Bag Software v. Symantec, Inc.,
    960 F.2d 1465 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

Coleman v. Exxon Chem. Corp.,
    162 F. Supp. 2d 593. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Doe v. Hallock,
    119 F.R.D. 640 (S.D. Miss. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Doe v. Texaco, Inc.,
    71 Fed. R. Evid. Serv. 394, 2006 WL 2850035 (N.D. Cal. 2006). . . . . . . . . . . . . 8, 9, 10

Doe v. Union School District,
    No. 05-2249, 2006 WL 44304 (C.D. Ill. Jan. 9, 2006). . . . . . . . . . . . . . . . . . . . . . . . 11

Does I Thru XXIII v. Advanced Textile Corp.,
    214 F.3d 1058 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Endangered v. Louisville/Jefferson County Metro,
    No. 3:06CV-250-S, 2007 WL 509695 (W.D. Ky. Feb. 12, 2007). . . . . . . . . . . . . . . . . 11

Foltz v. State Farm Mut. Auto. Ins. Co.,
    331 F.3d 1122 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 12

Hayes v. Shalala,
    933 F. Supp. 21 (D.D.C. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Jane Doe 1 v. Merten,
    219 F.R.D. 387 (E.D. Va. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Johnson v. Alameda-Contra Costa Transit Dist.,
    No. C-04-4879, 2006 U.S. Dist LEXIS 67888 (N.D. Cal. Sept. 8, 2006). . . . . . . . . . . . 10

Kamakana v. City and County of Honolulu,
    447 F.3d 1172 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Case No. C 07 3758 SC
Opposition to Plaintiffs' Motion for Protective Order Restricting Disclosure of Confidential and
Private Information and Prohibiting Retaliation                                                    -ii-

Kohli v. Gonzales,
        473 F.3d 1061 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11, 14

NLRB v. Express Pub. Co.,
        312 U.S. 426 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Nazomi Communcs., Inc. v. Arm Holdings,
        No. C 02-02521, 2002 U.S. Dist. LEXIS 21400 (N.D. Cal. Oct. 11, 2002). . . . . . . . . 14

Nursing Home Pension Fund v. Oracle Corp.,
        No. C01-00988, 2007 WL 3232267 (N.D. Cal. Nov. 1, 2007). . . . . . . . . . . . . . . . . . 5

Quair v. Bega,
        232 F.R.D. 638 (E.D. Cal. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Qualls v. Rumsfeld,
        228 F.R.D. 8 (D.D.C. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Roberts v. Heim,
        130 F.R.D. 424 (N.D. Cal. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rosenbaum v. City & County of San Francisco,
        484 F.3d 1142 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

SEC v. Warren,
        583 F.2d 115 (3d Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Samuels v. Cal. Dept. of Corr. and Rehabilitation,
        No. 05-CV-2337, 2007 WL 1345701 (E.D. Cal. May 8, 2007). . . . . . . . . . . . . . . . . . 4

San Francisco Police Comm'n v. Police Comm'n,
        No. C95-4459, 1996 U.S. Dist. LEXIS 6837 (N.D. Cal. May 8, 1996). . . . . . . . . . . . . 10

San Jose Mercury News, Inc. v. U.S. Dist. Court,
        187 F.3d 1096 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

SoftwareWorks Group, Inc. v. IHosting, Inc.,
        No. C06-04301, 2006 WL 3456695 (N.D. Cal. Nov. 29, 2006). . . . . . . . . . . . . . . . . . 13

United States v. Bocio,
        103 F. Supp. 2d 531 (N.D.N.Y. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Chem. Found.,
        272 U.S. 1 (1926). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Doe,
        655 F.2d 920 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. James,
        139 F.3d 709 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Leavy,
        422 F.2d 1155 (9th Cir. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Case No. C 07 3758 SC
Opposition to Plaintiffs' Motion for Protective Order Restricting Disclosure of Confidential and
Private Information and Prohibiting Retaliation                                    -iii-

1    **STATUTES**

2    5 U.S.C. § 552a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

3    38 U.S.C. § 511. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7, 15

4    38 U.S.C. § 7332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07 3758 SC
Opposition to Plaintiffs' Motion for Protective Order Restricting Disclosure of Confidential and
Private Information and Prohibiting Retaliation                                                        -iv-

1     Plaintiffs' motion seeks this Court's leave to rely on secret evidence by unidentified

2  witnesses in making their claims against defendants, thereby preventing defendants from

3  knowing the evidence against them and from meaningfully investigating and contesting that

4  evidence.  Plaintiffs' proposed order, which departs drastically from the Model Order of the

5  Northern District of California and the protective order proposed by defendants, contains

6  numerous unjustifiable provisions, including restrictions on defendants' and in-house counsel's

7  access to relevant information submitted to this Court, an unnecessary and jaundiced provision

8  prohibiting retaliation, and a presumption of secrecy irreconcilable with Rule 26(c).  There is

9  simply no basis in law or fact to hide from defendants the personally identifying information of

10  plaintiffs' witnesses    many of whom, as veterans, are putative plaintiffs themselves.

11     Plaintiffs' attempt to characterize their motion as one to protect the confidentiality of

12  patient medical records is nothing more than a red herring.  VA is bound by law to safeguard

13  veterans' personal information, see, e.g., 5 U.S.C. § 552a; 38 U.S.C. § 7332, and it is entitled to a

14  presumption that it will honor this obligation faithfully.  See Kohli v. Gonzales, 473 F.3d 1061,

15  1068 (9th Cir. 2007).  Defendants support    and have supported from the outset    entry of a

16  protective order to secure veterans' confidential medical information from public disclosure.

17  Weeks before plaintiffs filed this motion, defendants sent them a proposed protective order

18  which would have permitted VA to disclose confidential information to plaintiffs for use in this

19  litigation while ensuring that the information would be protected from misuse.  See Declaration

20  of Steven Y. Bressler in Support of Defendants' Opposition to Plaintiffs' Motion for Protective

21  Order (Bressler Decl.), ¶ 5, Ex. B.  Plaintiffs declined to agree to seek the entry of a standard

22  Privacy Act protective order, even though it is a prerequisite to VA's production of covered

23  documents in this case.  See 5 U.S.C. § 552a(b).[2]

24

25     [2]Accordingly, plaintiffs' assertion that entry of their proposed protective order "is needed
   immediately to permit discovery," see Memorandum in Support of Plaintiffs' Motion for

26  Protective Order (Memo) at 6:7-8, is misleading, at best.  The major contested provisions in

27  plaintiffs' proposed order bear on plaintiffs' ability to submit secret information to the Court, not
   on their ability to obtain documents from defendants. Plaintiffs have continued to condition the

28

1    This Court should recognize plaintiffs' proposed order for what it is really is    an

2    unprecedented attempt by plaintiffs to attack the operation of a federal agency on the basis of

3    evidence that the agency is not permitted to see.  The Court should refuse, as other courts have

4    refused under analogous circumstances, see, e.g., Quair v. Bega, 232 F.R.D. 638 (E.D. Cal.

5    2005), to permit such a gross unfairness on the basis of flimsy evidence and unsubstantiated

6    innuendo.

## BACKGROUND

8    As early as August 2007, defendants advised plaintiffs' counsel of their objections to an

9    overbroad protective order that would restrict defendants' access to relevant veteran information,

10    on the ground that such an order was unjustified and prejudicial.  See Bressler Decl. ¶ 3.

11    Defendants nevertheless offered to consider the issue of witness anonymity on a case-by-case

12    basis if genuine need for such an order could be shown.  Id.  Plaintiffs repeatedly declined

13    defendants' invitation to specify the particularized need for protection for any given witness.  Id.

14    ¶ 3.

15    In recognition of the fact that defendants cannot release documents protected by the

16    Privacy Act without entry of a court order, defendants sent plaintiffs a model Privacy Act

17    protective order on October 12, 2007.  See Bressler Decl. ¶ 5, Ex. B.  On November 13, 2007,

18    the parties spoke about the Privacy Act order.  Plaintiffs again expressed interest in a broad

19    protective order prohibiting retaliation against witnesses, and defendants reiterated the position

20    they had taken several times before that such an order was unnecessary and prejudicial.  Id. ¶ 6.

21    Instead of stipulating to defendants' proposed Privacy Act order and addressing the issue

22    of witness anonymity in a separate order, on November 21, 2007, plaintiffs sent defendants a

23

24

25

26

27    entry of a standard Privacy Act protective order on entry of their unjustified witness anonymity
     provisions, despite defendants' offer to enter a Privacy Act order separately.  See Bressler Decl. ¶
28    12.

1   proposed protective order very similar in substance to the one at issue in this motion.[3]   Although

2   the proposed order represented plaintiffs' first attempt to suggest any specific language for

3   witness anonymity since they first raised the idea in August, plaintiffs asked for a complete

4   response within two business days. See Bressler Decl. ¶ 8.  On November 27, 2007, the parties

5   spoke by phone about plaintiffs' proposed order. Id. ¶ 9.  Defendants explained that, given the

6   complex implications of plaintiffs' proposed order, they were unable to provide complete

7   objections at that time.  Defendants presented their objections to plaintiffs by letter on December

8   21, 2007.  Id. ¶ 10.

9        Plaintiffs' proposed order contains numerous provisions not included in either

10   defendants' sample Privacy Act protective order or the Northern District of California's Model

11   Order (Model Order).  These include provisions:

12       •     prohibiting litigation counsel from sharing with defendants the personally identify

13             information of witnesses who testify in support of plaintiffs' claims.  Proposed

14             Order ¶¶ 2.3, 2.5, 7.3.  Personally identifying information, as defined by plaintiffs,

15             includes witnesses' names, personal background, details of their service-

16             connected injuries and military service, and other information "protected by . . .

17             the right of privacy," a phrase that is not defined.  Id. ¶ 2.3.

18       •     singling out agency counsel and forbidding them from accessing personally

19             identifying information.  Id. ¶ 7.3(f)

20       •     permitting plaintiffs to hide witness identity and information even if a witness's

21             fear of retaliation is not reasonable, so long as the witness expresses a *subjective*

22             belief that he or she *might* be retaliated against by VA. Id. ¶ 2.3.

23       •     permitting plaintiffs to hide not merely discovery materials, but material

24

25        [3]Plaintiffs' assertion that "over five weeks [had] elapsed" between the submission of a

26   proposed order to defendants and the filing of this motion, see Memo at 3:1, is patently false.
Based on their own account, plaintiffs sent a proposed order to defendants on November 21.  See

27   Declaration of Heather Moser ¶ 3, Docket Entry 58.  Their motion was filed November 30, only
nine days later.

28

Case No. C 07 3758 SC
Opposition to Plaintiffs' Motion for Protective Order Restricting Disclosure of Confidential and
Private Information and Prohibiting Retaliation           -3-

submitted to the Court.  Id. ¶ 2.5 (designating as attorneys' eyes only personally identifying information "submitted in support of a witness's participation in favor of Plaintiffs").  Compare to Model Order ¶ 2.2 (governing only materials exchange in discovery, not material submitted to the Court).

- shifting the burden of persuasion on the party seeking access to the information rather than on the party seeking protection.[4]  Proposed Order ¶ 6.4.  Compare to Model Order ¶ 6.3 (burden on designating party).

- prohibiting VA from retaliating against witnesses.  Proposed Order ¶ 12.1.

- prohibiting VA from pulling original claims files for use in this litigation,[5] Id. ¶ 12.1

- requiring Department of Justice attorneys to devise a procedure to obtain relevant veteran records without letting VA know the identity of the veteran or the purpose of the request.  Id. ¶ 12.2.

## LEGAL STANDARD

While courts not uncommonly find good cause to prevent the *public disclosure* of confidential medical information, the bar to establishing good cause is far higher where a movant seeks to prevent *another party* from accessing relevant information on which the movant relies.  See Quair, 232 F.R.D. at 641; cf. Samuels v. Cal. Dept. of Corr. and Rehabilitation, No. 05-CV-2337, 2007 WL 1345701, at *9 (E.D. Cal. May 8, 2007) (right to medical confidentiality waived by putting medical treatment in issue).  The use of anonymous witnesses is reserved for the "unusual case" in which a party's need for anonymity   based, for instance, on the "extreme nature" of retaliation with which a witness has *actually* been threatened   outweighs the

---

[4]Since the filing of this motion, plaintiffs haves conceded that the burden of persuasion should rest on the designating party, offering to submit a revised proposed order with their reply brief.  See Bressler Decl. ¶ 11, Ex. C.

[5]On November 27, 2007, defendants gave assurances to plaintiffs that if veteran claims files were needed during the course of litigation, defendants would copy the documents rather than the pulling the originals, to ensure that claims adjudications were not put on hold.  Id. ¶ 9.

prejudice to the opposing party, as well as the public's interest in knowing the witness's identity. Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068-1069 (9th Cir. 2000) ("Doe").

Because the use of anonymous witness can "effectively prevent [a defendant] from conducting meaningful investigation of [a plaintiff's] claim," the balancing test enunciated in Doe weights heavily against anonymity where a party seeks to rely on anonymous witnesses to make its case. See Quair, 232 F.R.D. at 641 (denying protective order because movant sought "anonymity of witnesses at the core of [its] case"). "Broad allegations of harm" are insufficient to justify protection under Rule 26(c), see Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992), as are rumor and hearsay, see Quair, 323 F.R.D. at 641. Nor is it enough that a witness sincerely fears retaliation; a witness's fears must be reasonable, based on specific and credible threats.[6] Doe, 214 F.3d at 1071; Quair, 232 F.R.D. at 641. A party must further establish a particularized showing of need *as to each document* sought to be protected. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003).

## ARGUMENT

### I. There Is No Justification for the Extraordinary Measure of Hiding Witness Identities and Personal Information from Defendants

Plaintiffs' characterization of its proposed order as "common practice," see Memo at 7, is belied by Ninth Circuit authority, which permits a party to proceed anonymously only under the kind of "special circumstances" not present here. See Doe, 214 F.3d at 1068. In Doe, a group of nonresident garment workers in Saipan sought leave to proceed anonymously against their employer after they had been warned that if they complained about their working conditions, they would be fired and deported to China, where they would be arrested. Id. at 1065. The Ninth Circuit approved of anonymity in Doe only because plaintiffs had *actually been threatened* with

---

[6]Plaintiffs mistakenly assert that they need show only that witnesses "may be susceptible" to retaliation, and do not need to show any actual or threatened retaliation. See Memo at 10:28-11:3. In making this assertion, plaintiffs rely on an inapposite case, Nursing Home Pension Fund v. Oracle Corp., No. C01-00988, 2007 WL 3232267 (N.D. Cal. Nov. 1, 2007)  one in which the opposing party did not object to the filing of information under seal and in which the information had "little or no relevance to any material issue in this case." Id. at *2.

1    "extraordinarily severe" retaliation, id. at 1062, 1071, *and* because anonymity   which was

2    sought only at the pleading stage   would cause no prejudice to the opposing party, id. at 1069.

3         Here, the opposite is true.  Plaintiffs' proposed order would not only significantly impair

4    defendants' ability to understand and defend against plaintiffs' allegations, but would likely

5    prevent them from responding to all specific allegations.  Additionally, plaintiffs have failed to

6    establish even a remote likelihood of retaliation, relying as they do on hearsay, speculation, and

7    unsubstantiated allegations dating from more than two decades ago.  Plaintiffs' attempt to portray

8    their proposed order as routine is also belied by their failure to cite any case upholding the kind

9    of "extreme protective order" they seek, see Quair, 232 F.R.D. at 642   one that would not

10   simply permit a party to remain anonymous at the initial pleading stage, as in Doe, but would

11   permit them to hide from defendants the very information on which they rely to make their

12   claims before the Court, see id. at 641 (distinguishing between *party* anonymity and *witness*

13   anonymity and refusing to permit the latter).  The Ninth Circuit's decision in Doe simply does

14   not countenance the kind of order they seek   and certainly not on the basis of the dubious

15   evidence of a risk of retaliation in their declarations.

16        Moreover, it is not clear why plaintiffs need to rely at all on testimony from individual

17   veterans about their experiences with VA.  To avoid having the case dismissed, plaintiffs assured

18   the Court that individual veteran participation is not necessary to their case.  See Plaintiffs'

19   Memorandum in Opposition to Defendants' Motion to Dismiss at 5:12-13.  They should not now

20   be heard to suggest that their extreme protective order is necessary to ensure veteran participation

21   in this lawsuit.  Plaintiffs' present contention cannot be squared with this Court conclusion that,

22   "should Plaintiffs' claims eventually require the participation of individual [veterans], such

23   claims will be barred for lack of standing."  See Order Granting in Part and Denying in Part

24   Defendants' Motion to Dismiss (MTD Order) at 6:23-7:1.

25        **A.    Plaintiffs' Order Would Prevent Defendants from Responding to Plaintiffs'
              Allegations**

26

27        Permitting plaintiffs to rely on witness testimony that defendants are forbidden to see

28   would not only prejudice defendants, but it would interfere with their basic right to mount a

1  defense to the allegations against them.  As an initial matter, plaintiffs should not be permitted to

2  rely on testimony from veterans about their individual experiences in seeking benefits from VA.

3  See MTD Order at 6:23-7:1 & n. 2 (claims requiring individual participation barred by standing

4  doctrine and 38 U.S.C. § 511).  If plaintiffs are permitted to rely on such evidence, however, it is

5  critical that defendants have equal access to it, something plaintiffs' proposed order would not

6  provide.  Plaintiffs' order therefore runs afoul of the Ninth Circuit's admonition that anonymity

7  not "prejudic[e] the opposing party's ability to litigate the case."  Doe, 214 F.3d at 1069.

8        The court's approval of party anonymity in Doe was confined to the initial pleading stage

9  while all discovery was stayed, id. at 1063, 1072, and the court recognized that plaintiffs could

10  later be required to reveal their identities, notwithstanding the threat of retaliation, "so that

11  defendants may refute individualized accusations" lodged by against them.  Id. at 1072.

12  Accordingly, Doe is easily distinguishable from the present case,[7] which bears far more similarity

13  to the order plaintiffs unsuccessfully sought in Quair. 232 F.R.D. 638.  There, the U.S. District

14  Court for the Eastern District of California, distinguishing Doe, concluded that an order

15  restricting witness identities to attorneys eyes only would prejudice the opposing party:

16       Petitioners' requested order would [] effectively prevent Respondents from conducting
         meaningful investigation of Petitioners' claims, a remedy that is far more extreme than the
17       remedy granted in Doe. Indeed, the requested order would prevent Respondents from
         discussing the allegations with their client and would leave Respondents with nothing
18       more than a general denial in the face of Petitioners' specific allegations, a result not
         contemplated by Doe.

19
20  Id. at 641-42.  Plaintiffs' proposed order suffers from precisely the same fundamental defects,

    and must similarly be rejected.
21

22        Plaintiffs' bold assertion that their proposed order would cause no prejudice to

23  defendants, see Memo at 11:3-4, cannot be taken seriously.  By providing that the "personally

24        [7]Plaintiffs' assertion that their proposed order is less restrictive than other orders upheld
25  by the Ninth Circuit, see Memo at 10:8-9, is erroneous.  An order protecting a party's anonymity
    at the pleading stage is hardly "much more restrictive," id., than an order preventing defendants
26  from knowing the identity of witnesses whose testimony is used to build a claim against them.
    See Quair, 232 F.R.D. at 641.  It is even less defensible to suggest, as plaintiffs do, that United
27  States v. Doe, 655 F.2d 920 (9th Cir. 1980), involved a more restrictive order than the one at
    issue here, as there the court upheld the use of a pseudonym *at the request of both parties*.  Id. at
28  922 n.1.

1    identifying information" of plaintiffs' witnesses cannot be shared with defendants and that

2    litigation counsel from a different agency must obtain veteran records from VA without

3    disclosing the purpose of the request or the identity of the veterans, plaintiffs' proposed order

4    would "effectively prevent[] [defendants] from conducting meaningful investigation of

5    [plaintiffs'] claims." Quair, 232 F.R.D. at 641. Just as a party may not use the cloak of privilege

6    to "deprive the opposing party of the opportunity to test the legitimacy of [its] claim," Aspex

7    Eyewear, Inc. v. E'Lite Optik, Inc., 276 F. Supp. 2d 1084, 1092 (D. Nev. 2003), plaintiffs cannot

8    be permitted to hide information on which they affirmatively rely to make their case against

9    defendants. See Doe v. Hallock, 119 F.R.D. 640, 644 (S.D. Miss. 1987) (plaintiff "must reveal

10   her true identity as a matter of basic fairness."). Unable to know the identity or personal

11   background of witnesses, defendants would be prevented from investigating the veracity of

12   witnesses' allegations of misconduct or poor service. See Jane Doe 1 v. Merten, 219 F.R.D. 387,

13   395 (E.D. Va. 2004) ("fairness requires" that identity of plaintiffs be disclosed to permit

14   defendants to explore allegations). Veterans would likewise suffer, as VA would be denied the

15   opportunity to rectify any errors that might be found to have been made.[8]

16       It is not enough that Department of Justice attorneys would have access to witness

17   information. Defendants, and not merely defendants' litigation counsel, are "entitled to know the

18   factual basis for the claims which have been brought against them." Roberts v. Heim, 130

19   F.R.D. 424, 426 (N.D. Cal. 1989). In addition, as a practical matter, Department of Justice

20   counsel have neither the resources nor the expertise to find and review files of another agency

21   without the advice and assistance of managers at the agency. The effect of the order would be to

22   "impermissibly prevent defendants from mounting a defense." Doe v. Texaco, Inc., 71 Fed. R.

23   Evid. Serv. 394, 2006 WL 2850035, at *6 (N.D. Cal. 2006) (denying protective order).

24       **B.    Plaintiffs' Have Failed to Establish That Veterans Reasonably Fear
             Retaliation**

25       That plaintiffs' order would impair defendants' ability to litigate this case is itself reason

26   to deny their motion. See Doe, 214 F.3d at 1069. When the prejudice to defendants is weighed

27

28
_____

         [8]For this reason, the public interest weighs heavily against entry of plaintiffs' order.

1  against the absence of any need for such an order, denial of plaintiffs' motion is manifestly

2  required.  Plaintiffs' have failed to establish that veterans are at any risk of retaliation on the

3  basis of their participation in this lawsuit — a failure that is fatal to their present motion.  See,

4  e.g., Texaco, 2006 WL 2850035 (denying similar motion where reasonableness not established).

5       Plaintiffs stake their allegations of possible future retaliation by VA on hearsay, rumor,

6  and unsubstantiated accounts of incidents that allegedly took place more than two decades ago.

7  In essence, plaintiffs seek to prevent VA from knowing or defending against witnesses'

8  allegations because, in substantial part, "many veterans have heard *anecdotal stories* . . . that the

9  VA has retaliated against veterans . . . ." Declaration of Paul Taira (Taira Decl.) (emphasis

10  added); see also Erspamer Decl. ¶ 7 (recounting "incidents reported to [him] by others").[9]  Such

11  unreliable hearsay — indeed, double hearsay, as veterans' stories were filtered through plaintiffs'

12  counsel — is not even admissible evidence, see Fed. R. Evid. 801, 802, let alone evidence

13  sufficient to warrant plaintiffs' extreme order.  See Qualls v. Rumsfeld, 228 F.R.D. 8, 12 (D.D.C.

14  2005) (discounting affidavit of attorney relaying fears of plaintiffs).  Aside from one declaration

15  in which a veteran describes his experiences with the VA in the early 1980s, plaintiffs rely

16  entirely on affidavits from their counsel discussing veterans' alleged fears.  These vague

17  speculations cannot serve as the basis for finding that veterans subjectively fear retaliation, let

18  alone that a federal agency charged with assisting veterans has a secret policy of retaliation.  See,

19  e.g., Bank v. Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995) (attorney affidavits made

20  on information and belief are "entitled to no weight"); Qualls, 228 F.R.D. at 12.

21       Even if it would be possible to infer from plaintiffs' hearsay affidavits that veterans for

22  whom plaintiffs' counsel purport to speak actually do fear retaliation,[10] plaintiffs have utterly

23

24       [9]Because the declarations of Paul Taira and Gordon Erspamer are based on inadmissible
25  hearsay and the information and belief of counsel about the feelings of veterans and the
    anticipated behavior of VA, this Court may strike them.  Civil L.R. 7-5(b).
26

27       [10]Notably, of the eight affidavits that plaintiffs submitted under seal in support of their
    Motion for Preliminary Injunction, only one contains an assertion by the declarant that he fears
28  retaliation for his participation in this action.  And even there, it is only a conclusory assertion
    without any explanation of basis or mention of specific threats.

failed to show that this fear is reasonable or grounded in any "specific, credible threats." <u>See</u>

<u>Quair</u>, 232 F.R.D. at 641. In order to warrant anonymity, plaintiffs "must show that [witnesses']

fears are objectively reasonable." <u>Texaco</u>, 2006 WL 2850035, at *5; <u>see also</u> <u>Doe</u>, 214 F.3d at

1071 (fears reasonable where specific threats were made against parties seeking anonymity).

Yet, plaintiffs' order would permit them to hide witness identities from defendants so long as a

veteran "expresses a *belief* that he or she *might* be subject to retaliation." <u>See</u> Proposed Order ¶

2.3 (emphasis added). Plaintiffs have pointed to no specific threats made against any potential

witnesses, undermining the reasonableness of any subjectively felt fear.[11] <u>See</u> <u>Texaco</u>, 2006 WL

2850035, at *5 (denying protective order in part on this ground); <u>see also</u> <u>Quair</u>, 232 F.R.D. at

641 (same); <u>Qualls</u>, 228 F.R.D. at 11 (regarding affidavits as "weak" where they alleged only

threats against third-parties).

    The specific incidents which plaintiffs seek to submit as evidence of retaliation also have

no probative value. First, plaintiffs ask this Court to infer that benefits decisions were

"apparently" the result of retaliation simply because they occurred at some point after a witness

offered testimony against VA. <u>See</u> Erspamer Decl. ¶ 5. Even if these isolated incidents could be

characterized as retaliation rather than coincidence, they are so remote in time as provide no

evidence of current VA practices. <u>See</u> <u>Coleman v. Exxon Chem. Corp.</u>, 162 F. Supp. 2d 593,

625 (S.D. Tex 2001 (discrimination incident some 20 years prior too remote in time); <u>San</u>

<u>Francisco Police Comm'n v. Police Comm'n</u>, No. C95-4459, 1996 U.S. Dist. LEXIS 6837, at *9

n.5 (N.D. Cal. May 8, 1996) (four years too remove in time to create triable issue); <u>United States</u>

<u>v. James</u>, 139 F.3d 709, 713 (9th Cir. 1998) (twelve years too removed); <u>Johnson v.</u>

<u>Alameda-Contra Costa Transit Dist.</u>, No. C-04-4879, 2006 U.S. Dist LEXIS 67888, at *15 (N.D.

Cal. Sept. 8, 2006) (allegation of discriminatory remarks not probative where a decade old and

described only in conclusory language). Nor could a handful of remote and isolated incidents

permit an inference that VA has an ongoing policy or practice of retaliation. <u>See, e.g.</u>,

---

[11]Plaintiff counsel's *belief* that "veterans and family members have a reasonable fear of
reprisal," Espamer Decl. ¶ 7, regardless of how sincerely held, is nothing more than an
inadmissible legal conclusion. <u>See</u> <u>Bank Melli Iran</u>, 58 F.3d at 1412.

1   Rosenbaum v. City & County of San Francisco, 484 F.3d 1142 (9th Cir. 2007) (few incidents did

2   not give rise to inference of policy); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991)

3   (allegations of isolated incidents of violence insufficient to establish well-founded fear).

4        With their hearsay evidence inadmissible and their recount of decades-old incidents

5   devoid of probative value, plaintiffs are left to rely solely on an "unsubstantiated list of possible

6   retaliatory acts" that cannot possible justify the draconian order they seek.[12]  See Endangered v.

7   Louisville/Jefferson County Metro, No. 3:06CV-250-S, 2007 WL 509695, at *2 (W.D. Ky. Feb.

8   12, 2007) .  Like the affidavits submitted in support of party anonymity in Doe v. Union School

9   District, plaintiffs' affidavits "are not persuasive because they contain only conclusory statements

10  about the harm expected if [a witness] reveals his identity." No. 05-2249, 2006 WL 44304, at *3

11  (C.D. Ill. Jan. 9, 2006).  And like the evidence submitted in Quair, plaintiffs' evidence is "rumor,

12  at best" and therefore insufficient to establish any threat of retaliation.  232 F.R.D. at 641.

13       In short, plaintiffs have completely failed to establish that veterans or other potential

14  witnesses have a reasonable fear of retaliation from VA, an agency of the federal government

15  entitled to a presumption that it "act[s] properly and accordingly to the law."  See Kohli, 473

16  F.3d at 1068, quoting FCC v. Schreiber, 381 U.S. 279, 296 (1965).  Plaintiffs have failed to

17  introduce any evidence that VA or VA officials would retaliate against the very individuals

18  whom they serve, let alone the clear evidence necessary to rebut the presumption that officials

19  "have properly discharged their official duties."  United States v. Chem. Found., 272 U.S. 1, 14-

20  15 (1926); see also United States v. Leavy, 422 F.2d 1155, 1157 (9th Cir. 1970) ("[F]rom a

21  barren record we will presume no such dereliction of duty by an administrative agency.").

22  **II.    Plaintiffs' Order Conflicts with Ninth Circuit Authority on the Standard for Entry
        of Protective Orders**

23

24       Plaintiffs' order must be denied not only because it is an unjustified intrusion on the

    rights of defendants, but also because it fails to conform to the Ninth Circuit's standards for the

25  entry of protective orders.  Plaintiffs' order would permit protection to be accorded to testimony

26

27       [12]Plaintiffs have provided no basis whatsoever   even by way of rumor or hearsay   for

28  their unfounded allegation that veterans who testify in this case may be faced with "the sudden
    inability to schedule medical appointments." See Memo at 10:4-5.

without a particularized showing of good cause, contravening this Circuit's standards for

protective orders.  And plaintiffs' attempt to prevent agency counsel from accessing witness

information is without basis in this Circuit.

> **A.  Plaintiffs Cannot Use Their Blanket Protective Order to Circumvent the Requirements of Rule 26**

A party seeking protection under Federal Rule of Procedure 26(c) must adduce more than

just "[b]road allegations of harm."  Beckman Indus., 966 F.2d at 476.  It must make a

"particularized showing of good cause with respect to [each] individual document."  See San

Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  Blanket

protective orders like plaintiffs', which permit parties to submit large volumes of documents

without making individual showings, are "inherently subject to challenge and modification, as

the party resisting disclosure generally has not made" the requisite showing of particularized

need.  Id.  In other words, the Rule 26(c) requirement that a moving party bears the burden of

establishing good cause must trump a blanket protective order.  See Foltz, 331 F.3d at 1131.

Plaintiffs' proposed order would thwart this requirement.  First, by shifting the burden of

persuasion onto defendants to challenge confidentiality designations made by plaintiffs, see

Proposed Order ¶ 6.4, plaintiffs have made entire categories of documents presumptively

protected and therefore out of the reach of defendants.[13]  Critically, where a party challenges a

designation under the Norther District's Model Order, the burden of demonstrating a need for

confidentiality rests with the designating party, consistent with Rule 26(c) and the Ninth Circuit

cases applying that rule.  See Model Order ¶ 6.3; see also Manual for Complex Litigation 11.43

n.134 ("The designation of a document as confidential [under a blanket protective order] should

be viewed as equivalent to a motion for protective order.").  Plaintiffs' order is also inexplicably

at odds with the standard that plaintiffs will have to meet in order to file their witness

---

[13]Since the filing of their motion for protective order, plaintiffs have conceded that the burden of persuasion should rest on the designating party when a designation is challenged.  See Bressler Decl. ¶ 11, Ex. C..

1  declarations under seal.[14]  At that stage, "the proponent of sealing bears the burden" of

2  establishing a particularized need for secrecy.  See Kamakana v. City and County of Honolulu,

3  447 F.3d 1172, 1182 (9th Cir. 2006).

4       Even without plaintiffs' unusual provision on the burden of persuasion, their order would

5  still fail to conform to the requirements of Rule 26(c) and Ninth Circuit authority interpreting

6  that rule, because it permits them to hide information from defendants without showing that

7  witnesses have a reasonable fear of retaliation.  So long as a witness asserts a *subjective* fear of

8  retaliation, id. ¶ 2.3, plaintiffs could prevent defendants from accessing the witness's personal

9  information, without having to establish good cause in any particular case    that is, without

10  needing to show that a particular veteran truly needed the kind of protection the order would

11  provide and without having to show that this need outweighed the prejudice to defendants.  See

12  Doe, 214 F.3d at 1068 (standard for establishing good cause for anonymity).  The Court should

13  not permit such an obvious attempt by plaintiffs to skirt the requirements of Rule 26(c).

14       **B.**    **The Attempt to Impugn the Integrity of Agency Counsel Is Groundless**

15       Plaintiffs' suggestion that courts routinely distinguish between outside and in-house

16  counsel, see Memo at 11:11-12, is false.  "Access to confidential information cannot be denied

17  . . . solely because of counsel's in-house counsel status."  See SoftwareWorks Group, Inc. v.

18  IHosting, Inc., No. C06-04301, 2006 WL 3456695, *1 (N.D. Cal. Nov. 29, 2006).  Far from

19  being routine, the limitation on in-house counsel's access to relevant information is an extreme

20  and rare measure, reserved for cases in which counsel is involved in an employer's competitive

21  decision-making.  See Brown Bag Software v. Symantec, Inc., 960 F.2d 1465 (9th Cir. 1992)

22  (upholding protection of trade secret where in-house counsel also advised employer on

23

24

25

26      [14]Their order, although giving them the right to hide submitted testimony from
defendants, would not actually permit them to file documents under seal.  See Proposed Order ¶

27  1 (order "creates no entitlement to file confidential information under seal"); see also Civil Local
Rule 79-5 (prohibiting "blanket protective order that allows a party to designate documents as

28  sealable").

1  competitive pricing decisions)[15].  "A protective order barring attorneys who are not competitive

2  decisionmakers from accessing confidential information would require a departure" from

3  controlling Ninth Circuit precedent.  Nazomi Communcs., Inc. v. Arm Holdings PLC, No. C

4  02-02521, 2002 U.S. Dist. LEXIS 21400, at *8 (N.D. Cal. Oct. 11, 2002).  There has been no

5  suggestion that counsel for VA participate in substantive decision-making involving individual

6  claims for disability or medical benefits that might be affected by their access to witness

7  information.  Moreover, since plaintiffs have not mustered one iota of evidence to suggest that

8  agency counsel has departed from the standards of professional responsibility to which they are

9  sworn, see id. at *11 (discussing presumption that attorneys will properly handle confidential

10  information), plaintiffs' attempt to expressly exclude agency counsel is nothing more than an ad

11  hominen attack on VA attorneys in this case and egregiously inappropriate.  Accordingly, it

12  should not be accorded any consideration.

13  **III.    An Order Prohibiting Retaliation Is Both Unnecessary and Inappropriate**

14        Plaintiffs have established neither the factual nor the legal basis for a court order

15  prohibiting VA from retaliating against the veterans it serves.  Such an order is entirely

16  unnecessary, since plaintiffs have failed to establish any past or present practice of retaliation.

17  See Part I.B, supra.  Entry of this order cannot be reconciled with the presumption of regularity

18  and good faith accorded to agency actions.  See Kohli v. Gonzales, 473 F.3d at 1068.  There is

19  simply no need to order the agency to do what it is already doing    following the law.

20        The kind of follow-the-law order sought by plaintiffs is not only factually unjustified but

21  also legally inappropriate.  Courts are not to exercise judicial power to order the government to

22  generally obey the law in the future, a requirement VA must comply with regardless of the

23  Court's intervention.  See SEC v. Warren, 583 F.2d 115, 121 (3d Cir. 1978) (affirming

24  dissolution of follow-the-law order); see also United States v. Bocio, 103 F. Supp. 2d 531, 534

25  (N.D.N.Y. 2000) (denying order to the extent that it "anticipat[ed] hypothetical noncompliance"

26

27        [15]As an indication of the seriousness with which courts take the kind of drastic measure
proposed by plaintiffs, the Magistrate in Brown Bag entered a protective order only after holding

28  a comprehensive evidentiary hearing on the role of in-house counsel in competitive
decisionmaking.  See 960 F.2d at 1470.

by the government); Hayes v. Shalala, 933 F. Supp. 21, 27 (D.D.C. 1996) (denying injunction prohibiting future retaliation by federal agency where plaintiff failed to show likelihood of future violations).  Subjecting a party to the "peril of a summons for contempt" is not an act to be taken lightly, and it should not be undertaken at all in this case, given the utter lack of need for it.  See NLRB v. Express Pub. Co., 312 U.S. 426, 435-36 (1941) (finding broad follow-the-law order inappropriate).

That the order sought by plaintiffs would open the door to an avalanche of collateral proceedings challenging the Secretary's decision to deny benefits is all the more reason to deny plaintiffs' motion.  If, as plaintiffs suggest, "literally hundreds" of veterans and their families have been interviewed and may testify in this case, see Memo at 7:27-8:3, it is reasonable to expect that some of them will not receive the full extent of disability benefits or medical care originally sought, for reasons completely unrelated to their testimony before this Court.  Yet, the order sought by plaintiffs would potentially allow all such veterans to challenge the denial of VA benefits in contempt proceedings, requiring this Court to scour individual benefits determinations and the thought processes of adjudicators.  This is precisely the kind of challenge that 38 U.S.C. § 511 was designed to prevent district courts from entertaining.[16]  See MTD Order at 24-25 (recognizing that Court cannot "comb through the adjudication process of individual claims" in search of violations).  Plaintiffs should not be permitted this end-run around § 511, especially not on the basis of their groundless allegations against VA.

## CONCLUSION

For all the foregoing reasons, plaintiffs' motion for a protective order prohibiting defendants from accessing information relevant to this case and prohibiting retaliation should be denied.

---

[16]This danger is highlighted by plaintiffs' own interpretation of what constitutes retaliation and how little evidence of causation they believe is required to establish it.  Plaintiffs appear to suggest that retaliation can be established by showing that a witness testified against VA and then received an unfavorable benefits decision at some subsequent point.  See Erspamer Decl. ¶ 5.

1    Dated January 30, 2008                    Respectfully Submitted,

2                                              JEFFREY S. BUCHOLTZ
                                               Acting Assistant Attorney General
3
                                               JOSEPH P. RUSSONIELLO
4                                              United States Attorney

5                                              RICHARD LEPLEY
                                               Assistant Branch Director
6
                                                /s/ Kyle R. Freeny
7                                              KYLE R. FREENY California Bar #247857
                                               DANIEL BENSING D.C. Bar # 334268
8                                              STEVEN Y. BRESSLER D.C. Bar #482492
                                               Attorneys
9                                              U.S. Department of Justice, Civil Division
                                               P.O. Box 883
10                                             Washington, D.C. 20044
                                               (202) 514-5108 (telephone)
11
                                               Counsel for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28