JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO California Bar No. 44332
United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-5108
Facsimile: (202) 616-8460
Email: Kyle.Freeny@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake,[1] the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, <br><br> Plaintiffs, <br><br> v. <br><br> Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | No. C 07-3758-SC <br><br> **DECLARATION OF STEVEN Y. BRESSLER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** <br><br> Date: February 22, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 1 |

---

[1]Hon. James B. Peake should be substituted for his predecessor, Acting Secretary Gordon Mansfield, as defendant in this action pursuant to Fed. R. Civ. Proc. 25(d)(1).

I, Steven Y. Bressler, do declare:

1. I am employed by the U.S. Department of Justice, Civil Division, Federal Programs Branch as a Trial Attorney. The information contained in this declaration is based on my personal knowledge and information made available to me in my official capacity.

2. I represent defendants in this civil action.

3. On or about August 23, 2007, my colleague Richard Lepley and I participated in a telephone call with counsel for plaintiffs, including, among others, Gordon P. Erspamer and Sidney M. Wolinsky. During that telephone call, Mr. Erspamer discussed plaintiffs' interest in seeking a protective order that would permit them to rely on anonymous declarants. Mr. Lepley and I explained that defendants objected to a broad order permitting witness anonymity as unnecessary and prejudicial to defendants. We stated the defendants would need to know the identities of plaintiffs' witnesses in order to investigate their allegations, and that Justice Department attorneys could not investigate allegations against VA without VA's assistance and expertise. We stated that defendants would, however, consider the issue of witness anonymity on a case-by-case basis, if the need should arise. Defendants declined to accept this invitation. I memorialized the contents of that telephone conversation and reiterated defendants' position in a letter to Mr. Erspamer on August 28, 2008. A true and correct copy of that letter is attached hereto as Exhibit A.

4. On October 4, 2008, the parties held a Rule 26(f) conference during which the issue of a protective order to hide witness identities from defendants was once against raised. I reiterated defendants' opposition to a broad order, but again expressed willingness to consider the issue on a case-by-case basis. Plaintiffs declined defendants' invitation to present evidence of a special need for anonymity with respect to any individual witnesses. The parties also discussed the need for a Privacy Act protective order to permit defendants to disclose material covered by the Privacy Act, and defendants agreed to send plaintiffs a proposed order.

5. On or about October 12, 2007, I sent plaintiffs a proposed Privacy Act order modeled after orders used by other attorneys of the Civil Division, U.S. Department of Justice, in other

Case No. C 07 3758 SC
Declaration of Steven Y. Bressler in Support of Defendants' Opposition to Plaintiffs' Motion for Protective Order    2

1   cases. A true and correct copy is attached hereto as Exhibit B.

2        6. On or about November 13, 2007, defense counsel Daniel Bensing, Kyle Freeny, and I
3   spoke with plaintiffs' counsel, including Mr. Erspamer and Heather Moser. Plaintiffs' counsel
4   stated that they believed that defendants' proposed Privacy Act order should be expanded to
5   include language protecting information submitted to the Court by plaintiffs. I once again
6   reiterated the position defendants have expressed since August that a broad order permitting the
7   use of secret witnesses or prohibiting retaliation against witnesses was extraordinary,
8   inappropriate, unnecessary and unjustified.

9        8. On November 21, 2007, the afternoon before the Thanksgiving holiday, defense
10  counsel received a proposed protective order from plaintiffs. The order was substantially similar
11  to the proposed order submitted by plaintiffs in connection with their present motion for
12  protective order. By letter attached to the proposed order, Ms. Moser requested a response to
13  their proposal by November 26, 2007, two business days later. This was the first time in all of
14  the parties' discussions that plaintiffs actually presented defendants with any proposed language
15  for hiding witnesses from defendants.

16       9. On November 27, 2007, Mr. Bensing, Ms. Freeny, and I spoke with Ms. Moser by
17  telephone about plaintiffs' proposed order. Defense counsel explained that, given the complex
18  implications of plaintiffs' proposal, we were unable to provide a complete set of objections to
19  plaintiffs' order at that time. Defense counsel also noted that because discovery had not yet
20  commenced, there was no need for hasty action on their highly unusual proposed order. Ms.
21  Moser expressed interest in seeing the issue resolved immediately. Defense counsel outlined to
22  plaintiffs' counsel a preliminary set of objections to their proposed order, including the provision
23  dealing with secret witnesses and the prohibition on retaliation. We also informed plaintiffs'
24  counsel at that time that defendants were willing to copy veterans' claims files for use in this
25  litigation rather than pulling the originals for litigation use, as requested by plaintiffs.

26       10. On November 28, 2007, Mr. Bensing sent a letter to plaintiffs memorializing
27  defendants' position that they were unable to present an exhaustive list of objections to plaintiffs'
28

Case No. C 07 3758 SC
Declaration of Steven Y. Bressler in Support of Defendants' Opposition to Plaintiffs' Motion for
Protective Order      3

proposal immediately. In that letter, defendants promised to present plaintiffs with a complete set of objections by December 28, 2007, which would permit the issue to be heard on January 25, 2008, the same date that the Initial Scheduling Conference was then set to be held. On November 30, 2008, defendants filed their present Motion for Protective Order. On December 21, 2007, Mr. Bensing sent a letter to plaintiffs which outlined defendants' numerous objections to plaintiffs' proposed protective order, as earlier promised.

11. On January 22, 2008, defendants received a letter from plaintiffs' counsel William Janicki that addressed defendants' December 21 letter and the objections to the protective order described therein. A true and correct of the January 22 letter is attached herein as Exhibit C. In the letter, plaintiff agreed to add language to their proposed protective order that would permit defendants to disclose information protected by the Privacy Act, but do not agree to enter a Privacy Act order and proceed with the issue of witness anonymity separately. In Mr. Janicki's letter, plaintiffs also agree with defendants' earlier assertion that the burden of persuasion should be on the party designating information as confidential, and they stated that they would submit a revised proposed order with their reply brief that reflects that change. Plaintiffs nevertheless maintained that they had no obligation to establish that any veteran has a reasonable fear of retaliation from VA.

12. On January 25, 2008, defendants' counsel Kyle Freeny responded to Mr. Janicki by letter, reiterating their opposition to plaintiffs' proposed order. A true and correct copy is attached hereto as Exhibit D. In that letter, defendants offered to discuss entry of a standard Privacy Act protective order, if plaintiffs were willing to pursue witness anonymity separately. Plaintiffs declined that offer on January 29, 2008. A true and correct copy of plaintiffs' January 29 letter is attached hereto as Exhibit E.

Case No. C 07 3758 SC
Declaration of Steven Y. Bressler in Support of Defendants' Opposition to Plaintiffs' Motion for Protective Order

4

1  I declare under penalty of perjury that the foregoing is true and correct. Executed on
2  January 30, 2008.

3
                                                **/s/ Steven Y. Bressler**
STEVEN Y. BRESSLER D.C. Bar #482492
4  Trial Attorney
U.S. Department of Justice
5  Civil Division, Federal Programs Branch
P.O. Box 833
6  Washington, D.C. 20044
(202) 514-4781 (telephone)
7  (202) 318-7609 (fax)

8
9  As the electronic filer, I attest pursuant to General Order 45, Section X, that I have on file
the holograph signature for the conformed signature above.
10
Dated: January 30, 2008                        **/s/ Kyle R. Freeny**
11                                                  KYLE R. FREENY Cal. Bar No. 247857
Counsel for Defendants

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 07-3758-SC
Declaration of Steven Y. Bressler in Support of Defendants' Opposition to Plaintiffs' Motion for
Protective Order        5