1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO
   United States Attorney
3  RICHARD LEPLEY
   Assistant Branch Director
4  DANIEL BENSING D.C. Bar No. 334268
   STEVEN Y. BRESSLER D.C. Bar No. 482492
5  KYLE R. FREENY California Bar No. 247857
   Attorneys
6  United States Department of Justice
   Civil Division, Federal Programs Branch

   P.O. Box 883
8  Washington, D.C.  20044
   Telephone:  (202) 514-5108
9  Facsimile:  (202) 616-8460
   Email: Kyle.Freeny@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>Plaintiffs,<br><br>v.<br><br>Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | No. C 07-3758-SC<br><br>**EXHIBIT A**<br><br>**TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Ben Franklin Station | Rm. 7138 |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Steven Y. Bressler  
Trial Attorney

Tel: (202) 514-4781  
Fax: (202) 318-7609  
email: *steven.bressler@usdoj.gov*

August 28, 2007

BY EMAIL

Gordon Erspamer  
Morrison & Foerster  
101 Ygnacio Valley Rd., Suite 450  
Walnut Creek, CA 94596-4094  
Email: Gerspamer@mofo.com

    Re:    Veterans for Common Sense, et al., v. Nicholson, et al., No. C 07-3758-SC

Dear Gordon:

    I write in response to your letter of August 24, 2007 purporting to memorialize our telephone conversation of August 23, 2007. Thank you for sending your letter to me via email. As we discussed, and as you noted, U.S. postal mail to the Department of Justice has been significantly delayed due to security measures undertaken since 2001. I believe you misstated or mischaracterized various other elements of our conference call, however. Those elements include, but are not limited to:

1.    Protective Orders: As to your request for a protective order that would allow declarants to remain anonymous, I told you that we are not aware of any justification for such an extraordinary and broad measure at this time in this case, although we are willing to consider requests concerning specific individuals if the need arises. Richard Lepley and I also explained that the names of individuals who are making assertions about their experiences dealing with the Department of Veterans Affairs would have to be shared with our clients so that our client can assess the veracity of such individuals' claims. In response to a statement you made in previous correspondence that you may file an ex parte motion for an order allowing declarants to proceed anonymously, I stated that any such motion should be filed and served on defendants, not submitted ex parte. I also told you that we would consider a request for our consent to file such a motion or portions thereof under seal. As to a Privacy Act protective order, while we did not discuss the matter at length, we told you that such an order would be necessary over any information protected by the Privacy Act. Indeed, defendants cannot disclose any Privacy Act-protected information before a Privacy Act protective order is in place.

2.    Preservation of Evidence: We suggested that plaintiffs prepare a draft preservation order and you declined. We then requested that you write us a letter or otherwise provide an informal list of issues on which you believe plaintiffs would like to take discovery. You refused, and directed us to plaintiffs' 278-paragraph Complaint. I then stated that defendants would draft

proposed language, and you agreed to respond with comments and plaintiffs' position. I did not tell you when I will have a draft to share because I did (and do) not yet know, and do not want to mislead you.

3. <u>Rule 26 Conference</u>: Defendants share your wish to have a Rule 26 conference as soon as practicable (as required by the rule itself), but, as I informed you over the telephone, it is not yet practicable. I did not state that I had calculated the last day the conference could be held as October 26, nor did I suggest we meet and confer on that date. Rather, I noted that the Court's Order Setting Initial Case Management Conference and ADR Deadlines (Docket Entry No. 2) identifies October 26 as the last day to meet and confer. Again, we share your desire to meet and confer as soon as possible but, given the length and complexity of the Complaint, we are not yet prepared to do so.

4. <u>ADR</u>: I told you that we had received Mr. Wolinsky's letter dated August 6, 2007 (though not received by me until about ten days later due to postal delays) noting plaintiffs' desire to "constructively discuss avenues for a potential resolution of this case" and stating plaintiffs "have a number of suggestions" as to how to do so. I asked you to identify those suggestions, but you declined. You stated you would like a confidentiality agreement in place before doing so. I stated that such a discussion would be a covered settlement communication pursuant to the Federal Rules of Evidence, but you said you would like a broader confidentiality agreement. I suggested you propose such an agreement, and you agreed.

5. <u>Planned Motions:</u> During the course of our conversation, you disclosed an intent to file motions for a preliminary injunction, expedited discovery, and a protective order to permit declarants to proceed anonymously. I asked when you expect to file these motions, but Mr. Wolinsky stated that plaintiffs are not interested in being that "transparent" at this time, and you said that you did not yet know. To the extent you plan to seek expedited discovery in connection with an emergency motion, however, it would be helpful for you to provide more information as to what discovery requests you anticipate making.

I share and appreciate your stated willingness to resolve as much as possible by agreement.

Sincerely Yours,

/s/

Steven Y. Bressler

cc:   Sid Wolinsky

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-5108
Facsimile: (202) 616-8460
Email: Kyle.Freeny@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, <br><br> Plaintiffs, <br><br> v. <br><br> Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | No. C 07-3758-SC <br><br> **EXHIBIT B** <br><br> **TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, <br><br> Plaintiffs, <br><br> v. <br><br> Hon. GORDON MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | No. C 07-3758-SC <br><br><br> **[PROPOSED] PRIVACY ACT PROTECTIVE ORDER** |

Upon consideration of the Joint Motion for a Privacy Act Protective Order, and pursuant to 5 U.S.C. § 552a(b)(11), IT IS HEREBY ORDERED that the Federal Defendants are authorized to release to Plaintiffs, their counsel, and to the Court in this case, government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom the records pertain. Such disclosure is subject to the following conditions:

1. For purposes of this Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4). This Order applies to government documents or information contained in records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than those contained in the Privacy Act. Government document summaries, statistical compilations, or other summary records that do not contain information by which to identify specific individuals (whether by name, social security number, symbol or other form of personal identification), and which are not subject to the Privacy Act, are not covered by this Order.

2. Government records that identify specific individuals shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED

1  SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain
2  a similar marking. Answers to interrogatories, if any, that contain protected information derived
3  from records subject to the Privacy Act also shall be marked "PRODUCED SUBJECT TO
4  PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar
5  marking, and may be used only for purposes of this litigation. Except as provided herein, no
6  person having access to the records designated as subject to this Order or the information therein
7  shall make public disclosure of those records or that information without further Order of the
8  Court.
9        3.    Any government documents or information produced by the Defendants that are
10 designated as subject to this Order shall be used by the Plaintiffs or their representative(s) only
11 for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed
12 by the Plaintiffs or their representative(s) to the public or any other person or entity for any
13 reason other than for purposes of litigating this case, including any subsequent appeals.
14       4.    Except as otherwise ordered by this Court, any government documents or
15 information subject to the Protective Order may be disclosed only to the following persons: (a)
16 parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal
17 assistants, and employees of such counsel to the extent reasonably necessary to render
18 professional services in this case; (c) persons retained by the parties or their counsel to assist in
19 discovery, preparation for any hearing, or to serve as expert witnesses, provided that such
20 disclosure is reasonably and in good faith calculated to aid in litigating this case; (d) persons with
21 factual knowledge relating to this case who may be called as witnesses at any hearing, provided
22 that such disclosure is reasonably and in good faith calculated to aid in litigating this case; and
23 (e) any deponent in these cases during his or her deposition.
24       5.    All individuals to whom documents or information subject to this order are
25 disclosed shall be informed of and shall agree with the terms of this Order and shall not
26 otherwise disclose the documents or information subject to this Order to the public or to any
27 person or entity, and shall acknowledge their agreement to comply with the provisions of this
28 Order by signing a copy of the attached acknowledgment form. Plaintiffs' counsel will retain

copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should Plaintiffs or their counsel wish to disclose records or information subject to this Order to any persons other than those indicated in this paragraph and paragraph 4, above, Plaintiffs' counsel must obtain the Federal Defendants' consent. If the Federal Defendants do not consent to disclosure, then Plaintiffs or their counsel may, on motion, seek modification of this Order from the Court.

6. The Plaintiffs or other third party to this Order may challenge the government's Privacy Act designation of a document or information by moving the Court to have the document or information made public. In addition, each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

7. Unless the Court has previously ruled that a document or information is not subject to the Privacy Act, government documents or information subject to this Protective Order may be presented to the Court only under seal. Should Plaintiffs seek to use Privacy Act protected documents or information in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), they must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

8. The protected documents and discovery responses, and all copies thereof, produced in connection with this case must be destroyed or returned by Plaintiffs or other receiving party to the Federal Defendants upon the conclusion of this case, including any subsequent appeals. Within thirty days of the conclusion of this case and any subsequent appeals, Plaintiffs or Plaintiffs' counsel or other person receiving protected documents and discovery responses must certify in writing that all protected documents and discovery responses, and all copies thereof, have been destroyed or returned to the Federal Defendants. Within forty-five days of the termination of this case, including any subsequent appeals, Plaintiffs or Plaintiffs' counsel or other person receiving protected documents and discovery responses must also certify in writing that any documents they or their attorneys or agents have created which contain Privacy Act

protected information derived solely from the protected documents and discovery responses have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a Court of Appeals of competent jurisdiction in connection with this case.

9. Neither the United States of America, United States Department of Justice, the Department of Veterans Affairs, the U.S. Court of Appeals for Veterans Claims, nor any of their officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Plaintiffs' counsel under this Order, or of any information contained in such documents.

10. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

11. This Order does not apply to any information or documents other than information or documents that are subject to the Privacy Act, and the terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

IT IS SO ORDERED this _____ day of _____, 2007

_____
Hon. Samuel Conti
Senior United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

|  |  |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Hon. GORDON MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*,<br><br>　　　　Defendants. | No. C 07-3758-SC<br><br>**ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER** |

　　　　I, _____, hereby acknowledge that I have read and understand the Privacy Act Protective Order entered in this action.  I hereby agree to be bound by the terms of the Order.  Specifically:

　　　　1.　　I agree that I will use records and information protected by the Order only for purposes of this litigation, including any appeals, and not for any other purpose of any kind, including that I will not disclose any such records or information to the public.

　　　　2.　　I agree that I will return all records subject to this order produced by the Federal Defendants to counsel for the Federal Defendants at the termination of this litigation or, when I am no longer a party to or assigned or retained to work on this case, to the Plaintiffs' counsel who at the termination of this litigation will destroy such records or return them to the Federal Defendants.  I also agree to destroy or redact, or to return to Plaintiffs' counsel for destruction or redaction, any records created that contain information subject to this Order, within thirty days after the termination of this litigation.

　　　　3.　　I (or Plaintiffs' counsel on my behalf) will certify to the Federal Defendants that any documents created that contain information subject to this Order have been destroyed or redacted within forty-five days after the termination of this litigation.

4. I agree that I will disclose records and information protected by the Order solely to to the Court (under seal), the parties to this action and their attorneys of record, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the parties or their attorneys and who (except the Court, Federal Defendants' employees and Federal Defendants' counsel) have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation.

5. Should I wish to disclose the records which are subject to the Order to any additional persons except those indicated in the Order and herein, I will first seek the Defendants' consent. If the Defendants do not consent to the disclosure, then I may, on motion, seek modification of the Order from the Court.

6. I agree that any documents or information subject to the Order may not be disclosed in open Court, including as or through trial exhibits or through a public filing (e.g., a pleading, motion, exhibit or expert report) without first obtaining consent of the Court. I further agree that those portions of any filings that contain Privacy Act information subject to this Order shall be filed under seal and may not be filed publicly without leave of the Court.

7. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

8. I hereby consent to the personal jurisdiction of the United States District Court for the Norther District of California in the above-captioned case for the purpose of enforcing the aforementioned Order.

_____ [signature]

_____ [print name]

DATED: _____

2

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-5108
Facsimile: (202) 616-8460
Email: Kyle.Freeny@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>Plaintiffs,<br><br>v.<br><br>Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | No. C 07-3758-SC<br><br>**EXHIBIT C**<br><br>**TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER** |

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 22, 2008

Writer's Direct Contact
916.325.1313
WJanicki@mofo.com

*Via Facsimile and E-Mail*

Mr. Daniel Bensing, Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530

Re: *Veterans for Common Sense v. Mansfield*
N.D. Cal. No. C-07-3758

Dear Mr. Bensing:

I write to address the issues you raised in your letter December 21, 2007 regarding Plaintiffs' Proposed Protective Order ("PPO") in light of the Court's recent ruling on Plaintiffs' Administrative Motion to File Veteran and Family Member Personal Identifying Information Under Seal.

As you are aware, the Court recently ruled that personal identifying information from veterans, claimants, and family members shall be sealed from public disclosure because of the confidential nature of this information and fear of retaliation from the Veterans Administration ("VA"). Therefore, the Court has effectively rejected Defendants' primary objections to Plaintiffs' PPO – the anonymity of witnesses and the retaliation provisions. I ask that you reconsider stipulating to the PPO in order to avoid further intervention from the Court and further delay of discovery.

In your letter of December 21, 2007 you generally claim that medical and personal records are protected by statutory restrictions and that the PPO "is deficient in these respects." Your objections are not sufficiently definite for Plaintiffs to specifically address. If the provisions of the PPO are deficient in some manner please propose alternative or additional language. The PPO clearly applies to information protected by the Privacy Act and VA statues (paragraphs 2.3, 2.4, 2.5). The PPO further includes appropriate safe guards for the disclosure and use of this information in accordance with 38 U.S.C. § 7332 (paragraphs 7.1, 7.2, 7.3). However, Plaintiffs agree to add the following provision to the PPO regarding Privacy Act protections:

sf-2452918

**MORRISON | FOERSTER**

Mr. Daniel Bensing
January 22, 2008
Page Two

> The Federal Defendants are authorized to release to Plaintiffs, their counsel, and to the Court in this case, government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom the records pertain.

Defendants further complain that the definitions of "Personal Identifying Information" and "Confidential-Subject to Protective Order" are overly broad and unworkable. Defendants propose limiting the definitions to "files related to medical to psychological treatment of veterans, or similar material." The definitions must be sufficiently broad to cover not only material produced by Defendants but also material produced by Plaintiffs. Defendants' definition is much too narrow as it would not include such documents as witness declarations. As you know, witness declarations have already been determined to be protectable by the Court in its sealing order.

Plaintiffs cannot agree to your proposal that an individual must have "an objectively reasonable fear" of retaliation for information to be maintained as confidential. There are no objective standards to be applied to this definition and Defendants have not offered any. Further, the Court has not required "an objectively reasonable fear" of retaliation to seal veteran and family member personal identifying information.

Plaintiffs agree with your suggestion that the party advocating the designation of material as confidential under the PPO should have the burden of persuasion in a motion to challenge such designation. Plaintiffs will modify the PPO to reflect this change and submit the modified PPO with its reply brief if a stipulation cannot be reached.

Plaintiffs do not agree that Defendants should be allowed to designate VA employees as experts and then disclose to them confidential information protected by the PPO. This would completely negate the protections designed to prevent retaliation by the VA.

Section 5.3 specifies that the designation of confidential information be placed "at the bottom of each page that contains protected material." Allowing for a single notation on the cover of bound materials would be inconsistent with the provision of section 5.1 requiring the exercise of restraint and care in designating material for protection.

Plaintiffs do not agree that Defendants should be allowed to disclose information based upon a request from "Congress or members of the public." This would also completely negate the protections of the PPO. A court order should be required to use information protected by the PPO for any purposes other than this lawsuit.

Section 12.2 regarding veteran records is necessary for a couple of reasons. First, a procedure for obtaining the records from the VA while protecting the identity of the veteran is necessary to maintain confidentiality and to protect against retaliation. Second, the

sf-2452918

**MORRISON | FOERSTER**

Mr. Daniel Bensing
January 22, 2008
Page Three

provisions regarding the copying of files will prevent inadvertent adverse consequences to any veteran. As you have already agreed to this provision, there would be no hardship to Defendants in complying with requirement.

Plaintiffs do not agree to a clause that would hold Defendants harmless in the event of improper disclosure of protected materials. The PPO contains sufficient protections for the disclosure and use of confidential information. If there is some authority for your proposed "hold harmless" provision please provide that to my attention.

The stay of discovery has been lifted in the court's ruling of Defendants' Motion to Dismiss, so Plaintiffs' outstanding discovery will now proceed. Your position in refusing to comply with this outstanding discovery because a protective order is not in place while at the same time opposing the PPO is inconsistent. I again request that you stipulate to the PPO in order to avoid further court intervention in this matter. I would be happy to consider additional or alternative language for the PPO consistent with the Court's ruling on Plaintiffs' Administrative Motion to File Veteran and Family Member Personal Identifying Information Under Seal.

Sincerely,

William D. Janicki

sf-2452918

1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO
   United States Attorney
3  RICHARD LEPLEY
   Assistant Branch Director
4  DANIEL BENSING D.C. Bar No. 334268
   STEVEN Y. BRESSLER D.C. Bar No. 482492
5  KYLE R. FREENY California Bar No. 247857
   Attorneys
6  United States Department of Justice
   Civil Division, Federal Programs Branch
7
     P.O. Box 883
8    Washington, D.C.  20044
     Telephone:  (202) 514-5108
9    Facsimile:  (202) 616-8460
     Email: Kyle.Freeny@USDOJ.gov
10
   Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon.
11 James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman,
   Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P.
12 Greene, Jr.

13                      UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15                              SAN FRANCISCO

16
   VETERANS FOR COMMON SENSE and    )
17 VETERANS UNITED FOR TRUTH,       )   No. C 07-3758-SC
                                    )
18         Plaintiffs,              )
                                    )   **EXHIBIT D**
19    v.                            )
                                    )
20 Hon. JAMES B. PEAKE, Secretary of)   **TO DEFENDANTS' OPPOSITION TO**
   Veterans Affairs, *et al.*,      )   **PLAINTIFFS' MOTION FOR**
21                                  )   **PROTECTIVE ORDER**
           Defendants.              )
22                                  )
   _____)
23



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 833 | 20 Massachusetts Ave., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Kyle R. Freeny   Tel: (202) 514-5108
Trial Attorney   Fax: (202) 616-8460

---

William D. Janicki                                  January 25, 2008
Morrison & Foerster LLP
400 Capitol Mall
Suite 2600
Sacramento, CA 95814-4428

Re:   *Veterans for Common Sense v. Peake*, No. C 07-3758 SC

Dear Mr. Janicki:

I write in response to your letter of January 22, 2008, in respect to plaintiffs' proposed protective order, the motion for which is scheduled to be heard on February 22, 2008.

As an initial matter, we cannot accept your suggestion that in granting plaintiffs' Administrative Motion to File Veteran and Family Member Personal Identifying Information Under Seal, the Court made any decision – explicitly or implicitly – on plaintiffs' pending motion for protective order. The fact that the Court placed plaintiffs' motion for protective order on the hearing calendar for February 22, 2008, indicates that the Court intends to consider both parties' positions with respect to that motion before making a ruling.

Defendants are unwilling to stipulate to your proposed protective order, which is both unprecedented and unjustified. Defendants have already outlined their objections to the order in prior correspondence and so will not repeat them here. Suffice it to say that defendants do not believe that there is any basis for entry of plaintiffs' proposed order.

While defendants appreciate plaintiffs' recognition that the burden of persuasion rests with the designating party, this does not alter defendants' objections to the proposed order. In defendants' estimation, even if corrections were made to the provision dealing with burden, the proposed order would still run afoul of the requirements of Rule 26(c) and the case law on anonymity by permitting plaintiffs to hide witness information without making the requisite showing of reasonable fear of retaliation.

Defendants also take issue with plaintiffs' attempt to characterize defendants' objections

to their proposed order as a dispute about defendants' discovery obligations. On October 12, 2007, defendants sent plaintiffs a proposed Privacy Act protective order that would have made it possible for defendants to disclose agency documents protected by the Privacy Act, 5 U.S.C. § 552a. As plaintiffs are well aware, without a court order, the VA is prohibited by law from disclosing protected information. Had plaintiffs stipulated to entry of defendants' proposed order and raised the issue of witness anonymity in a separate motion, the Privacy Act would not now be a barrier to defendants' production of documents. Plaintiffs instead elected to condition entry of a Privacy Act order – a routine order that plaintiffs profess to find acceptable – on the entry of their highly unusual motion to hide witnesses from defendants. The major contested portions of plaintiffs' pending proposed order do not relate to discovery, but rather to plaintiffs' ability to submit information to the Court but keep it hidden from defendants.

Should plaintiffs wish to enter a Privacy Act protective order, defendants remain open to discussion and suggest that their October 11 proposed order form the basis of discussions, with modifications made to account for the special requirements for disclosure provided in 38 U.S.C. § 7332.

Sincerely,

Kyle R. Freeny

| | |
|---|---|
| 1 | JEFFREY S. BUCHOLTZ |
| | Acting Assistant Attorney General |
| 2 | JOSEPH P. RUSSONIELLO |
| | United States Attorney |
| 3 | RICHARD LEPLEY |
| | Assistant Branch Director |
| 4 | DANIEL BENSING D.C. Bar No. 334268 |
| | STEVEN Y. BRESSLER D.C. Bar No. 482492 |
| 5 | KYLE R. FREENY California Bar No. 247857 |
| | Attorneys |
| 6 | United States Department of Justice |
| | Civil Division, Federal Programs Branch |

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-5108
Facsimile: (202) 616-8460
Email: Kyle.Freeny@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH,

    Plaintiffs,

  v.

Hon. JAMES B. PEAKE, Secretary of
Veterans Affairs, *et al.*,

    Defendants.

No. C 07-3758-SC

**EXHIBIT E**

**TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

# MORRISON | FOERSTER

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 29, 2008

Writer's Direct Contact
916.325.1313
WJanicki@mofo.com

*Via Facsimile and E-Mail*

Mr. Kyle Freeny, Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530

Re:   *Veterans for Common Sense v. Mansfield*
      N.D. Cal. No. C-07-3758

Dear Mr. Freeny:

Thank you for your letter January 25, 2008 clarifying Defendants' position regarding Plaintiffs' proposed protective order. It is unfortunate that "Defendants are unwilling to stipulate to" the proposed protective order, and that the Court must resolve this issue that should be resolved between the parties.

Plaintiffs' proposed order provides all the protections necessary to disclose Privacy Act material and you have again failed to state any provision that is deficient in this regard. This Court has found sufficient a protective order governing Privacy Act material which limits access to confidential information to counsel and their staffs and the court, which permits use only for purposes of the litigation, and provides for the destruction or return of the information upon conclusion of the litigation. *Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D. Cal. 1999). Plaintiffs' proposed order contains all these provisions.

Your conclusion that "Defendants do not believe that there is any basis for entry of plaintiffs' proposed order" is contradicted by your objection to discovery for Privacy Act concerns and this Court's sealing order for veteran and family member personal identifying information. Indeed, you continue to object to discovery because there is no protective order in place. Plaintiffs' proposed order provides all the protections you require.

Your position that Plaintiffs' refusal to stipulate to Defendants' proposed Privacy Act protective order is the reason for the "barrier to defendants' production of documents" is unreasonable and misleading as the scope of protection provided by Defendants' proposed order was limited only to material covered by the Privacy Act. It is clear that the scope of

sf-2458854

**MORRISON | FOERSTER**

Freeny
January 29, 2008
Page Two

material subject to the protective order governing this case must be broader than Privacy Act material and include the types of information covered by Plaintiffs' order such as witness testimony, declarations, and personal identifying information.

Your objections to the "Attorney Eyes Only" protections for certain personal identifying information is not well taken. These protection are not "highly unusual" as you characterize them. Attorney Eyes Only provisions are part of the model Stipulated Protective Order for the Northern District of California and are routinely used to protect highly sensitive, confidential, information. This provision does not keep information hidden but provides appropriate protections for sensitive information. This Court has routinely found it appropriate for private information to be restricted to attorney eyes only. *Id.; see also ICG Communications, Inc. v. Allegiance Telecom*, 211 F.R.D. 610, 614 (N.D. Cal. 2002) ("In light of the privacy concerns, however, there is good cause for a protective order limiting the production for attorney eyes only.")

I regret that we could not resolve this dispute without court intervention.

Sincerely,

William D. Janicki

**MORRISON | FOERSTER**

sf-2458854