JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO California Bar No. 44332
United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0693
Facsimile: (202) 616-8460
E-mail: Kyle.Freeny@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, <br><br> Plaintiffs, <br><br> v. <br><br> Hon. JAMES B. PEAKE, M.D. Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | No. C 07-3758-SC <br><br> **DECLARATION OF W. PAUL KEARNS III IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** <br><br> Date: February 22, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 1 |

I, W. Paul Kearns III, declare:

1. I am employed as the Chief Financial Officer (CFO) of the Veterans Health Administration (VHA). The information contained in this declaration is based on my personal knowledge and information made available to me as a senior executive within VHA.

2. Following my retirement from the Air Force as a Colonel in the Medical Service Corps, I served as a senior healthcare financial manager in the Office of the Assistant Secretary of Defense, Health Affairs, in the Department of Defense until I began working for the Department of Veterans Affairs (VA) as VHA's Associate CFO for Resource Allocation and Analysis in February 2001. I was appointed as the Associate CFO for Resource Management in October 2003 and Deputy CFO in June 2004. In November 2006, I became the VHA CFO. In my official capacity as the VHA CFO, I serve as principal financial advisor to the Under Secretary for Health and oversee the formulation, justification, and execution process of VHA's FY 2008 $40.5 billion dollar budget.

3. I am aware of this litigation and of plaintiffs' motion for a preliminary injunction set for hearing before the Court on February 22, 2008.

4. VHA's financial system supports VHA's integrated health care delivery system for an estimated 7.9 million enrolled veterans in fiscal year (FY) 2008 through 21 integrated networks of 153 medical centers and over 800 outpatient clinics. VHA estimates that it will treat approximately 5.7 million unique patients in FY 2008 including over 293,000 Operation Iraqi Freedom (OIF) / Operation Enduring Freedom (OEF) veterans.

5. From FY 2004 to present, VHA's medical programs have been resourced through three Congressional appropriations: Medical Services, Medical Administration, and Medical Facilities. In addition to the Congressional appropriations, three other sources of funds have been available for VA medical programs: collections from veterans and insurance companies, reimbursement for services provided to non-Veterans Affairs entities, and unspent multi-year appropriation funds carried forward from the previous year. For FY 2008, the medical budget is $40.5 billion which includes $34.2 billion in appropriations, $2.5 billion of emergency designated appropriations, $2.3 billion in collections, $0.2 billion in reimbursements, $1.3 billion in unobligated funds carried over from FY 2007 (the reason for the large unobligated amount is partly due to a $1.3 billion supplemental of no-year funds received in FY 2007 which are planned to be spent in FY 2008 and FY 2009). The majority of the three medical appropriations are provided as one-year funds and a portion of each as two-year funds. Collections are included in the Medical Services account as no-year funds. At the end of each fiscal year, a portion of the two-year and no-year funds are unobligated and that amount is carried forward to the next fiscal year.

6. VHA's budget is allocated through the Veterans Equitable Resource Allocation (VERA) system to the 21 Veterans Integrated Service Networks (VISNs) who in turn allocate these resources to the VA Medical Centers. In addition, the VISNs and VA Medical Centers receive specific allocations from centrally managed funds (also, called Specific Purpose funds) with specific instructions related to the purpose for which these funds are to be expended. In FY 2008, the preliminary VERA allocations represented approximately 83% of the appropriated funds (as of the date of this declaration 30 January 2008, the final VERA allocations have not yet been made). The VERA allocation does not prescribe or designate how

funds are to be used. The balance of the appropriated funds, approximately 17% in FY 2008, are designated as specific purpose funds that are allocated to support VHA Program Offices and centrally managed programs such as Prosthetics, Clinical Trainees, State Homes, CHAMPVA and the Mental Health Initiative that started in FY 2005, and a small portion of the 17% is held unallocated to cover unanticipated requirements. Funds allocated to either the VISNs or the Program Offices that are not spent in the current fiscal year are carried over to the next fiscal year using the multi-year portion of the funds in each appropriation.

7. In FY 2008, VHA plans to spend $370 million for the Mental Health Initiative that was initiated as a result of the Mental Health Strategic Plan (MHSP). The funds for the Mental Health Initiative are managed as Specific Purpose funds that are in addition to the funds provided through the VERA allocation process. In FY 2007, VHA spent $3.2 billion for Mental Health Services which included $325 million for the Mental Health Initiative which exceeded the planned amount of $306 million at the start of the year by $19 million.

8. Plaintiffs' assertion that "VA is not spending, or is improperly spending the money <u>appropriated</u> by Congress <u>specifically</u> to provide mental health care" is incorrect. *See* Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction (Memorandum) ¶ 12 (emphasis added). In its report, the Government Accountability Office (GAO) correctly stated that VA did not spend all of the money VA had allocated for its Mental Health Strategic Plan initiatives in FY 2005 and FY 2006. U.S. Government Accountability Office Report, GAO-07-66, VA Health Care: Spending for Mental Health Strategic Plan Initiatives Was Substantially Less Than Planned" p.1 (Nov. 2006) (hereinafter GAO-07-66). This money, however, was *not* part of a specific appropriation by Congress to VA for mental health care, nor was it "nearly half of the money appropriated for mental health care for returning veterans . . . ." *See* Memorandum ¶ 13.

1 This money was and is allocated internally at VA's discretion out of VHA's three lump-sum
2 appropriations for spending on the Mental Health Initiative in support of the MHSP. As
3 indicated by the report itself, the amounts discussed in the report, $12 million in FY 2005 and
4 $88 million in FY 2006, as not being allocated for the Mental Health Initiative, "represented only
5 a portion of the overall funds available to support VA mental health services" in the two years
6 covered by the report. GAO 07-66, p. 2. Both plaintiffs and the GAO report focus only on a
7 small portion of total mental health dollars that are allocated for *enhancements* to the MHSP.
8     9. In its report, GAO stated that VA should improve its systems for tracking how
9 resources allocated for the mental health strategic plan are spent on plan initiatives. VHA has
10 taken significant measures to address GAO's concerns. In early 2007, VHA did develop a
11 separate reporting application to track the obligation of the Specific Purpose Mental Health
12 Initiative (MHI) funds by VISN, by facility, and by MHI line item. This facilitated the tracking
13 of the execution of MHI allocated funds which was not available within the standard financial
14 system.
15     10. In the Military Quality of Life and Veterans Affairs Appropriations Act, 2006, Pub.
16 L. No. 109-114, 119 Stat. 2372, 2382, Congress directed that VA spend $2.2 billion of funds
17 appropriated for medical services on specialty mental health care in FY 2006. In FY 2006, VHA
18 spent $3.070 billion on Mental Health Services (which includes psychiatric domiciliary, the
19 amount was $2.764 billion without the psychiatric domiciliary).
20     11. In FY 2007, VHA's budget was based on a series of continuing resolutions. The
21 fourth and final resolution for the fiscal year, Revised Continuing Appropriations Resolution,
22 2007, Pub. L. No. 110-5, 121 Stat. 8, amended the previous three resolutions to appropriate funds
23 to VA at the level provided by the Military Quality of Life and Veterans Affairs Appropriations

1  Act, 2006. In FY 2007, VHA spent $3.2 billion on Mental Health Services, exceeding the

2  requirements of the FY 2006 appropriations act, which included $325 million for the Mental

3  Health Initiative.

4       12. In VA's FY 2008 appropriations act, the Consolidated Appropriations Act 2008,

5  Pub. L. 110-161, 121 Stat. 1844, Division I, Title II, Congress directed that VA spend $2.9

6  billion of funds appropriated for medical services on specialty mental health care in FY 2008.

7  To ensure that we spend the amount required by the act, VA will carefully monitor its

8  expenditures on such care.

1  I declare under penalty of perjury that the foregoing is true and correct.  Executed on

2  January 30, 2008.

3

4  _____

5  W. Paul Kearns III

6