JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
STEVEN Y. BRESSLER D.C. Bar No. 482492
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 305-0693
Facsimile:  (202) 616-8460
Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, ) ) ) | No. C 07-3758-SC |
| Plaintiffs, ) ) | |
| v. ) ) | **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |
| Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*, ) ) ) | |
| Defendants. ) ) ) | |

Defendants, through their undersigned counsel, hereby respond to plaintiffs' complaint.

### First Affirmative Defense

Plaintiffs lack Standing to pursue their claims.

### Second Affirmative Defense

Plaintiffs' claims are barred by the doctrine of sovereign immunity.

Third Affirmative Defense

Plaintiffs' claims are barred by 38 U.S.C. § 511.

Fourth Affirmative Defense

Plaintiffs' claims are barred by 38 U.S.C. § 502.

Fifth Affirmative Defense

The agency action challenged by Plaintiffs is "committed to agency discretion by law" under 5 U.S.C. § 701(a)(2) and so not subject to judicial review.

Sixth Affirmative Defense

Plaintiffs have failed to state a claim on which relief may be granted.

Seventh Affirmative Defense

Answering the numbered paragraphs of plaintiffs complaint, defendants respond as follows:

1. Deny.

2. Deny first and second sentences  Deny third sentence except to admit that claims remaining active for ten years or more are very rare and likely involve remands for purpose of assisting claimants.  Defendants lack information as to the truth of the fourth sentence.  Deny fifth and sixth sentences.  Defendants lack information as to the truth of the seventh sentence except to admit that some veterans die while their claims are pending.  The final sentence is a legal conclusion to which no response is required.

3. Defendants lack the ability to respond to the first and second sentence because the term "serious" in the first sentence and "compromise" in the second sentence are vague and undefined. Deny third sentence except to admit that claims backlogs have been recognized as a problem. Deny fourth and fifth sentences.

4. Deny.

5. Deny first sentence and aver that in FY 05 the Board of Veterans' Appeals (Board) denied 13,032 cases (38.1%).  In FY 06 the Board denied 18,107 cases (46.3%).  Deny second sentence. Admit third sentence.

6. Deny first sentence.  Defendants lack information as to the truth of second and third

1   sentences.

2   7.  Admit.

3   8.  Admit first sentence.  Deny second sentence except to the extent that it accurately

4   characterizes the Department of Defense (DoD) report.  The Court is referred to that document

5   for a full and complete statement of its contents.  Admit sentence three, except to state that there

6   is now a total of 803,757 veterans of OEF and OIF, based on DoD data and Department of

7   Veterans Affairs (VA) records through December 31, 2007.  Defendant lacks knowledge as to the

8   truth of the fourth sentence.

9   9.  Defendants lack knowledge as to the truth of the first sentence, but deny that there are

10  extraordinary delays in the VA's claim process or systemic failures to address the financial and

11  health needs of veterans.  Deny second sentence and aver that depression, alcoholism, suicide

12  and the other behavioral features may best be considered problems or behaviors that can be

13  associated with PTSD, but also with other mental disorders.  Admit third sentence.

14  10.  Deny first sentence.  Deny second sentence except to admit that veterans have complained of

15  long wait times for PTSD treatment and difficulties of obtaining mental healthcare in rural areas.

16  Deny except to admit third sentence to the extent that veterans who do not seek VA care within

17  the statutory period will not receive care within that period, but for veterans who sought care

18  during this period defendants lack information as to the truth of the sentence.

19  11.  Deny first sentence except to the extent that it accurately characterizes Dr. Murphy's

20  statement to former members of a presidential commission.  The Court is referred to that

21  document for a full and complete statement of its contents.  Deny second sentence except to aver

22  that VA has PTSD programs in 45 VA medical centers and note that VA has 5 specialized

23  inpatient PTSD units, 3 evaluation and brief PTSD units, 18 PTSD residential rehabilitation

24  units, 16 PTSD domiciliaries that provide service related to PTSD, either as the primary focus of

25  care or as an important and extensive component of the care, and 6 women's trauma recovery

26  residential programs.  Defendants lack information as to the truth of the third sentence.

27  12.  Deny first and second sentences to the extent that they overstate entitlement because, for

28  example, defendants aver that disability compensation is generally available only to veterans who

are rated at least 10% disabled and VA hospital and medical care is subject to the availability of appropriations. Admit third sentence, except that claims procedures are also contained in title 38 of the U.S. Code of Federal Regulations. Deny fourth sentence.

13. Deny.

14. Deny first sentence except to admit that although the form contains 23 pages, at least 5 of those pages are instructions and the form is an application for both compensation and pension. Only those pages related to compensation need to be submitted. Admit remainder of paragraph

15. The first sentence constitutes plaintiff's characterization of the VA process for which no response is required. Deny except to admit second sentence to the extent that, pursuant to 38 C.F.R. § 19.9, the Board shall remand a claim that requires additional development by the regional office. Admit third sentence to the extent that development in a remanded case may take up to two years; deny to the extent that two-year period is representative period of time for VA to complete development of a remanded case. Admit fourth sentence only to the extent that it correctly characterizes the percentage of cases remanded by the Board during Fiscal Year 2006; deny remainder of the sentence as it constitutes plaintiff's characterization for which no response is required.

16. Deny the first sentence, except to admit that appeals have increased over time. Deny the second sentence, except to admit that CAVC has seven active judges and that it has roughly twice as many cases per judge as the average number per judge for the Article III courts of appeals. Deny the third sentence, except to admit that the CAVC may resolve cases through single judge decisions as permitted by 38 U.S.C. § 7254(b), and that CAVC has considered adopting, but has never adopted, the use of summary decisions in certain cases. Defendants lack information as to the truth of the fourth sentence.

17. Deny.

18. Deny.

19. Deny except to aver that VA does not keep statistics on emergence of PTSD after discharge. VHA keeps data on suicide, prevalence of PTSD, and other health care needs of returning veterans, with needs of Guard and Reserve component specifically identified.

20.  Deny.

21.  Deny sentences 1-3.  Deny sentence four except to admit that Senior Executive Service employees throughout VA were paid a total of $3.8 million dollars in performance awards in fiscal year 2006, and to note that, by law, Senior Executive noncareer appointees are not eligible to receive performance bonuses.

22.  Deny.  Aver that VA does not "save money" by denying claims, because the agency's appropriations are independent of the amount of claims denied or granted.

23.  Deny first sentence.  Deny second sentence except to admit that, although a deceased veteran's surviving spouse, children, or dependent parents may receive the entire amount of accrued benefits, other surviving relatives are not eligible for such benefits.

24.  Defendants lack information as to the truth of this paragraph.

25.  Deny first sentence.  Deny except to admit second sentence to the extent it refers to rating criteria in 38 C.F.R. § 4.130.  Deny third sentence, except to admit that VA's rating criteria are based on occupational and social impairment.  Deny fourth sentence.  Defendants lack information as to the truth of the fifth sentence.

26.  Deny.

27.  Deny.

28.  Deny all except to admit that VA sought a supplemental appropriation in FY 2005 to cover a $273 million shortfall in funding for veterans returning from Iraq and Afghanistan, Operation Iraqi Freedom/Operation Enduring Freedom (OIF/OEF) and amended its FY 2006 budget request to add an additional $677 million to cover a 2 percent increase in number of patients, $276 million of which is for OIF/OEF veterans returning from Iraq and Afghanistan.

29. Deny except to admit that these are plaintiffs' allegations.

30.  Deny except to admit that these are plaintiffs' allegations.

31.  Deny except to admit that these are plaintiffs' allegations.

32.  Deny, noting further that we deny that these challenged practices occur to the degree alleged by plaintiffs.

33.  This paragraph constitutes a conclusion of law to which no response is required.

34. This paragraph constitutes a conclusion of law to which no response is required.

35. Defendants lack information as to the truth of this paragraph.

36. Defendants lack information as to the truth of this paragraph.

37. Defendants lack information as to the truth of this paragraph.

38. Defendants lack information as to the truth of the first and third sentences.  Deny second sentence.

39. Defendants lack information as to the truth of this paragraph.

40. Admit, noting further that VA benefits and services are not limited to veterans who served in foreign wars but include all veterans of the U.S. Armed Forces.

41. Deny except to admit that James B. Peake, M.D., is currently the Secretary of the Department of Veterans Affairs.

42. Admit

43. Admit

44. Admit first and second sentences.  Admit third sentence only to the extent that the Compensation and Pension Service issues directives for the guidance of regional offices. However, aver that VBA's Office of Field Operations has direct oversight of the regional offices.

45. Admit

46. Deny, except to admit that Pritz K. Navaratnasingham is the Director of the VA Regional Office in Providence, Rhode Island.

47. Admit the first sentence only to the extent that it states that William P. Greene, Jr. is Chief Judge of the CAVC.  The remainder of the first sentence is plaintiffs' characterization of their action to which no response is required.  Defendants lack sufficient information as to answer the second and third sentences, which are ambiguous in the meaning of the phrase "is responsible for."  Defendants aver that numerous individuals have a role in formulating the CAVC's Internal Operating Procedures and Rules of Practice and Procedure.

48. Deny, except to admit that Michael B. Mukasey is the Attorney General of the United States.

49. This constitutes a conclusion of law to which no response is required; to the extent a reply is required, deny.

Defendants' Answer to Plaintiffs' Complaint ( No. C 07 3758 SC)                                    6

50. Defendant lacks information as to the truth of the first sentence. Deny the second sentence except to admit that as of September 30, 2007, 299,585 OIF/OEF veterans had received VA health care with 120,000 receiving a provisional mental health diagnosis.

51. Deny the first and second sentences except to the extent that they accurately characterize the Bilmes article. The Court is referred to that document for a full and complete statement of its contents. Deny the first clause of the third sentence except to the extent that it accurately quotes the unnamed DoD report. The Court is referred to that document for a full and complete statement of its contents. Defendants lack information as to the truth of the remainder of the third sentence.

52. Deny this paragraph except to the extent that it accurately characterizes the Government Accountability Office (GAO) report, No. GAO 06-794R. The Court is referred to that document for a full and complete statement of its contents.

53. Admit first and second sentence. Defendant lacks information as to the truth of the third sentence.

54. Defendants lack information sufficient to answer the first sentence which is ambiguous in the meaning of the phrases "substantial proportion" and "personally experiences severe traumatic events." Deny second sentence except to the extent that it accurately characterizes the Hoge article. The Court is referred to that document for a full and complete statement of its contents. Deny third sentence except to the extent that it accurately characterizes the statement of Dr. Murphy to the presidential commission. The Court is referred to that document for a full and complete statement of its contents.

55. Defendants lack information as to the truth of this paragraph.

56. Defendants lack information as to the truth of this paragraph.

57. Defendants lack information as to the truth of this paragraph.

58. Admit.

59. Admit.

60. Deny first sentence except to the extent that it accurately characterizes the third Diagnostic & Statistical Manual of Mental Disorders. The Court is referred to that document for a full and

1    complete statement of its contents.  Deny second sentence except to the extent that it accurately

2    characterizes the fourth Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR).

3    The Court is referred to that document for a full and complete statement of its contents.

4    61.  Deny paragraph except to the extent that it accurately characterizes the DSM IV TR.  The

5    Court is referred to that document for a full and complete statement of its contents.

6    62.  Deny paragraph except to the extent that it accurately characterizes the DSM IV TR.  The

7    Court is referred to that document for a full and complete statement of its contents.

8    63.  Admit.

9    64.  Admit.

10    65.  Admit.

11    66.  Admit.

12    67.  Deny that DOD or VA do not adequately diagnose or effectively treat PTSD in veterans.

13    Admit that precise statistics on the prevalence of undiagnosed PTSD are unavailable, but deny

14    that VA is unable to determine the exact number of OEF/OIF veterans currently service

15    connected for PTSD.

16    68.  Deny paragraph except to the extent that it accurately characterizes Ms. Rosenberg's

17    statement to Congress.  The Court is referred to that document for a full and complete statement

18    of its contents.

19    69.  Admit first sentence.  Deny second sentence except to the extent that it accurately

20    characterizes the unidentified "studies."

21    70.  Deny first sentence except to the extent that it accurately characterizes the DoD report.  The

22    Court is referred to that document for a full and complete statement of its contents.  Deny second

23    sentence except to the extent that it accurately characterizes the Corbett article.  The Court is

24    referred to that document for a full and complete statement of its contents.

25    71.  Deny first sentence except to the extent that it accurately characterizes VA Office of

26    Inspector General (OIG) report 05-00765-137.  The Court is referred to that document for a full

27    and complete statement of its contents.  Deny second sentence except to the extent that it

28    accurately characterizes VA Annual Benefits Report FY 2005.  The Court is referred to that

1    document for a full and complete statement of its contents.  Deny third sentence.

2    72.  Deny.

3    73.  Deny the first sentence.  Admit the remainder of the paragraph.

4    74.  Deny the paragraph except to the extent that it accurately characterizes the Corbett article.

5    The Court is referred to that document for a full and complete statement of its contents.

6    75.  Deny the paragraph except to the extent that it accurately characterizes the Ricketts article.

7    The Court is referred to that document for a full and complete statement of its contents.

8    76.  Deny the first sentence except to the extent that it accurately characterizes the February 2005

9    Murdoch article.  The Court is referred to that document for a full and complete statement of its

10   contents.  Deny the remainder of the paragraph except to the extent that it accurately

11   characterizes the April 2003 Murdoch article.  The Court is referred to that document for a full

12   and complete statement of its contents.

13   77.  Deny the paragraph except to the extent that it accurately characterizes the Manier &

14   Graham article.  The Court is referred to that document for a full and complete statement of its

15   contents.

16   78.  Defendants lack information as to the truth of the first sentence as the meaning of the phrase

17   "potentially eligible" is ambiguous.  Deny second sentence.

18   79.  Deny first sentence except to admit that some veterans with service-connected disabilities

19   are entitled to compensation. The second, third and fourth sentences constitute legal conclusions

20   to which no response is required.  To the extent a response is required, deny.

21   80.  Defendants lack information sufficient to answer the first sentence which is ambiguous in

22   the meaning of the phrase "entitlement program," but admit that, once a veteran is found to be

23   entitled to a particular disability benefit, that veteran has a property interest in that benefit.

24   Admit second sentence, except that disability and death compensation are paid on a monthly

25   basis rather than annually.

26   81.  This paragraph constitutes legal conclusion to which no response is required.

27   82.  This paragraph constitutes a legal conclusion to which no response is required.

28   83.  This paragraph constitutes a legal conclusion to which no response is required.

84. Deny first sentence, except to note that 38 U.S.C. § 1710 prescribes criteria for eligibility for VA hospital care and medical care.   The second and third sentences constitute legal conclusions to which no response is required.  Defendant lacks information about the truth of the fourth sentence because the phrase "mandatory medical services" is ambiguous.

85. This paragraph constitutes a legal conclusion to which no response is required.

86. This paragraph constitutes a legal conclusion to which no response is required.

87. This paragraph constitutes a legal conclusion to which no response is required.

88. This paragraph constitutes a legal conclusion to which no response is required.

89. Deny first sentence and aver that the law requires the Secretary, and not Congress, to establish a patient enrollment system and manage the enrollment in accordance with the priorities set forth in the law, and the regulation cited should be 38 C.F.R. § 17.36(b).  Deny the second and third sentences.  Admit the fourth and fifth sentences.

90. Deny.

91. Deny first sentence and aver that veterans described in under section 1710(e)(1)(D) may not be provided this free medical care "with respect to a disability that is found, in accordance with guidelines issued by the Under Secretary for Health, to have resulted from a cause other than the service described in [section 1710(e)(1)(D)]."  38 U.S.C. 1710(e)(2)(B).  Admit the second sentence to the extent that this statutory eligibility includes those Reserve and National Guard members who have left active duty and returned to their units.  Defendant lacks information about the truth of the third sentence because the word "generally" is ambiguous. Deny the fourth sentence.

92. Deny the first clause of the first sentence except to the extent that it accurately characterizes the Bannerman article and deny the second clause of the first sentence.  The Court is referred to that document for a full and complete statement of its contents.  Deny the second sentence.

93. The first sentence constitutes a legal conclusion to which no response is required.  Admit second and third sentences.

94. Admit first and second sentences except to deny that all 23 pages of the application form must be completed.  Deny third sentence except to admit that, pursuant to 38 U.S.C. § 5103A,

VA is obligated to make reasonable efforts to help a claimant obtain the evidence necessary to substantiate his or her claim.

95. Deny and aver that the development of a factual record at the regional office level is not always the most "critical aspect" of the claims process in every individual case and further aver that "gaps in the evidence" often can be cured later in the claims process.

96. Deny the paragraph except to the extent that it accurately characterizes Mr. Bertoni's testimony to Congress. The Court is referred to that document for a full and complete statement of its contents.

97. Deny.

98. Admit.

99. Admit.

100. Admit.

101. Deny except to the extent that the paragraph accurately characterizes the 2006 VA handbook. The Court is referred to that document for a full and complete statement of its contents.

102. Admit.

103. Deny except to admit that notices of decisions are prepared by staff (not computers) in VA regional offices and every decision that "denies a benefit sought" includes "a statement of the reasons for the decision, and . . . a summary of the evidence considered by the Secretary." 38 U.S.C. § 5104(b).

104. The first sentence constitutes a legal conclusion, to which no response is required. Admit second sentence to the extent that it states that a claimant does not have the right to subpoena witnesses or conduct discovery under the Federal Rules of Civil Procedure; deny to the extent it implies that claimants have no right to obtain evidence from VA, other Government agencies, or third parties.

105. Deny first sentence to the extent that it suggests that VA's generally applicable rules do not apply to PTSD claims, but admit that 38 C.F.R. § 3.304(f) contains additional considerations relevant to certain aspects of a PTSD claim. Admit second sentence.

1   106.  Deny except to the extent that it accurately quotes 38 C.F.R. § 3.304(f).

2   107.  Admit.

3   108.  Deny the first sentence except to the extent that it accurately characterizes the VASRD.

4   Admit second sentence.  Admit third sentence to the extent that disability payments for a single

5   veteran with no dependents are approximately within the described range.

6   109.  Deny except to the extent that the paragraph accurately characterizes the PTSD Manual.

7   The Court is referred to the PTSD Manual for a complete statement of its contents.

8   110.  Defendant lacks information sufficient to answer this paragraph, which contains the

9   ambiguous word "elaborate."

10  111.  Deny except to the extent that the paragraph accurately characterizes the VA Clinician's

11  Guide.  The Court is referred to the VA Clinician's Guide for a complete statement of its

12  contents.

13  112.  Deny except to the extent that the paragraph accurately characterizes the VA Clinician's

14  Guide.  The Court is referred to the VA Clinician's Guide for a complete statement of its

15  contents.

16  113.  Deny.

17  114.  Deny the first sentence except to the extent that it accurately quotes the DSM IV TR; the

18  Court is referred to that document for a full and complete statement of its contents.  Deny second

19  sentence.

20  115.  Deny the paragraph except to the extent that it accurately quotes the Chairman's Fiscal Year

21  2006 report to Congress.  The Court is referred to that document for a full and complete

22  statement of its contents.

23  116.  Defendants lack information sufficient to answer the first sentence which is ambiguous in

24  the meaning of the phrase "independence from the VA."  The second sentence constitutes a legal

25  conclusion to which no answer is required, but to the extent an answer is required, admit.  Deny

26  third and fourth sentences.

27  117.  Deny the first sentence.  Deny the second sentence except to the extent that it accurately

28  characterizes the DSM-IV-TR.  The Court is referred to that document for a full and complete

1    statement of its contents.  Deny third sentence.

2    118.  Deny first sentence, and aver that the only step to initiate an appeal is to file a notice of

3    disagreement (NOD).  See 38 U.S.C. § 7105(a) ("[a]ppellate review will be initiated by a notice

4    of disagreement").  Deny second sentence, except to admit that the NOD must be postmarked no

5    later than one year after the date of the decision with which disagreement is expressed, 38 U.S.C.

6    § 7105(b)(1).  Further aver that a notice of disagreement only requires a "communication

7    expressing dissatisfaction or disagreement with the adverse decision" and "[s]pecial wording is

8    not required."

9    119.  Admit first sentence.  Deny second sentence, except to admit that no deadline applies to the

10   VA's preparation of the SOC.

11   120.  Deny first sentence except to the extent that it accurately characterizes 38 C.F.R. § 19.29.

12   The Court is referred to that regulation for a complete statement of its contents.  Deny second

13   sentence.

14   121.  Admit first sentence.  The second and third sentences constitute legal conclusions to which

15   no response is required.  Aver that VA may extend for good cause the deadline to file a

16   substantive appeal.  See 38 U.S.C. § 7105(d)(3).

17   122.  Deny first sentence.  See 38 C.F.R. § 20.202 (substantive appeal "should," not "must," set

18   forth specific arguments).  Deny second sentence and aver that dismissal of a claim for failure to

19   satisfy specificity requirements is not mandatory.

20   123.  Admit first sentence. Admit second sentence but aver that the Board  may accept later

21   submitted evidence in certain circumstances.  38 C.F.R. § 20.1304.

22   124.  Deny first sentence, except to admit that, although all claimants are entitled to hearings, see

23   38 U.S.C. § 7107(b), VA requires that they indicate whether they desire a hearing.  Deny second

24   and third sentences.  Deny the fourth sentence except to admit that the vast majority of BVA

25   appeals are resolved upon the written record transmitted by the regional office.

26   125.  Deny except to the extent that the first sentence accurately quotes the cited regulation.

27   Deny second sentence.  Deny third sentence except to admit that expert testimony is rarely

28   submitted.  Aver that documentary evidence is frequently submitted during a hearing and

claimants are frequently accompanied at hearing by friends, family member, or other witnesses.

126.  Deny the sentence except to the extent that it accurately characterizes GAO Report no. GAO-02-806.  The Court is referred to that report for a complete statement of its contents.

127.  Deny the paragraph except to the extent that it accurately quotes the Chairman's Fiscal Year 2006 report to Congress.  The Court is referred to that document for a full and complete statement of its contents.

128.  Admit first and third sentences.  Deny second sentence, except to admit that CAVC's name was changed by law in 1999.

129.  Deny first sentence and aver that the appellant must file a notice of appeal within 120 days after the date on which notice of the Board decision was mailed except when an appellant files a motion for reconsideration of the Board decision with the Chairman of the Board.  Admit second and third sentences.

130.  Deny the first and second sentences except to the extent that they are consistent with 38 U.S.C. § 7252.  Deny third sentence and aver that 38 U.S.C. § 7292(d) pertains to the jurisdiction of the U.S. Court of Appeals for the Federal Circuit and not the CAVC.

131.  Deny the first and second sentences except to the extent that they are consistent with 38 U.S.C. § 7292(d).  Deny the third sentence except to the extent that it accurately characterizes the Allen article.  The Court is referred to that document for a full and complete statement of its contents.

132.  Deny the sentence except to the extent that it accurately characterizes the Allen article.  The Court is referred to that document for a full and complete statement of its contents.

133.    Deny the first sentence, except to the extent that it is consistent with 38 U.S.C. §§ 7252 and 7261.  Deny the second sentence, except to admit that the jurisdiction of CAVC is limited to arguments made within the context of an individual's claims.

134.  Defendants lack sufficient information as to the truth of the first sentence, as the phrase "some of the attributes of a formal legal proceeding" is ambiguous.  Deny the second sentence, except to admit that discovery procedures and compulsory attendance of third party witnesses are not available for proceedings before the CAVC.  However, aver that the CAVC can remand to

1  VA for additional record development.

2  135.    Deny the first sentence, except to admit that in FY 2007, 53% of appellants were

3  unrepresented at time of filing.  However, aver that only 19% were unrepresented at time of

4  closure.  Defendants lack information as to the truth of the second sentence.

5  136.    Deny the first sentence.  Deny the second sentence, except to admit that VA employs

6  trained legal professionals who represent the agency before the CAVC.  Defendants lack

7  information as to the truth of the third sentence.

8  137.    Deny.

9  138.    Deny.

10  139.    Deny.

11  140.    Deny, except to the extent that it accurately characterized former Chief Judge Nebeker's

12  1994 State of the Court address.

13  141.    Deny, except to the extent that it accurately characterizes former Chief Judge Nebeker's

14  1998 State of the Court address.

15  142.    Deny, except to admit that CAVC lacks the power to authorize class actions and that

16  CAVC's jurisdiction is limited to review of individual claims.

17  143.    Deny.

18  144.    Deny the first sentence.  Defendants lack information as to the truth of the second

19  sentence.  Deny the third and fourth sentences.

20  145.    Deny.

21  146.    Deny the first and second sentences.  Deny third sentence, except to admit that the total

22  number of received claims - as distinguished from inventory - increased by 39% from 578,773 to

23  806,382 between fiscal years 2000 and 2006.

24  147.    Deny, except to admit that a report of VA's Office of Inspector General found that as of

25  August 2001, VA regional office (VARO) Oakland was ranked 46th out of VBA's 57 VAROs in

26  the timely completion of Compensation and Pension service rating related actions.

27  148.    Deny introductory sentence.

28  a.    Deny subparagraph (a), except to the extent that it accurately characterizes 38 U.S.C. §

1   5121(a).

2   b.    Deny first sentence in subparagraph (b) to the extent that it states that VA "refuses" to

3   award interest, and admit that VA has no authority to award interest.  Admit second sentence in

4   subparagraph (b).  Deny third sentence in subparagraph (b) and aver that VA's appropriations are

5   independent of the number of claims that VA grants or denies.

6   c.    Deny subparagraph (c) except to the extent that it accurately quotes the May 2005 VA

7   Inspector General report 05-00765-137.  The Court is referred to that document for a full and

8   complete statement of its contents.

9   d.    Deny subparagraph (d), except to admit that there has been an increase in SCDDC claims

10  and one of the contributing factors is the casualties from the Iraq and Afghanistan wars.

11  149.    Deny except to the extent that it accurately characterizes the Blimes study.  The Court is

12  referred to that document for a full and complete statement of its contents.

13  150.    The first sentence is an ambiguous statement to which defendants can neither admit nor

14  deny.  Deny the second sentence, and aver that only approximately 360 of the approximately

15  6000 cases on the Court's docket are pending decision by the judges.  Admit the third sentence

16  except to the extent that it characterizes the situation as a "backlog."  Defendants lack

17  information as to the truth of the fourth sentence, which is ambiguous in the meaning of a "year

18  of cases."

19  151.    Admit.

20  152.    Admit the first sentence, but aver that approximately 1,100 of the 2,542 new cases in the

21  first two quarters of FY 2007 related to appeals on a single issue on which there was controlling

22  precedent.  Deny the second sentence, except to the extent that it accurately characterizes Chief

23  Judge Greene's statement.  Admit the third sentence except to the extent that it characterizes the

24  number of appeals as "extraordinary."

25  153.    The entire paragraph is plaintiffs' characterizations and legal conclusions to which no

26  response is required.  To the extent that a response is required, deny.

27  154.    Deny the first and fourth sentences.  Admit the second sentence, except to the extent that

28  it uses the characterization "full cycle."  Admit the third sentence.

155.    Deny except to aver that the method of calculating processing time is from the date of earliest possible entitlement, which by statute is after a veteran is discharged from active duty.

156.    Insofar as the phrase "the date the appointment is set" is an ambiguous phrase, defendants lack adequate information as to the truth of this paragraph.  Defendants nevertheless aver that patient waits times are calculated using the date on which a patient is seen by a provider.

157.    Admit the introductory sentence only to the extent that it accurately characterizes the Chairman's Report.  Deny the first, second, and third rows of the chart.  Defendants lack information as to the truth of the fourth and fifth rows of the chart, as well as the row marked "Total."

158.    Defendants lack information as to the truth of this paragraph.

159.    Admit first sentence.  Deny second and third sentences.

160.    Defendants lack adequate information as to the truth of this paragraph.

161.    To the extent that the sentence is plaintiffs' characterization of hypothetical facts, no response is required.  To the extent that a response is required, deny.

162.    Deny first sentence except to the extent that it accurately characterizes the GAO report referenced.  The Court is referred to that document for a full and complete statement of its contents.  Deny second sentence except to the extent that it accurately characterizes the Chairman's Report referenced.  The Court is referred to that document for a full and complete statement of its contents.   Defendants lack sufficient information to answer the third sentence, which is ambiguous in the terms "recycled" and "timely."

163.    Admit first sentence.  Deny second sentence except to the extent that it accurately characterizes the Chairman's Report to Congress.  The Court is referred to that document for a full statement of its contents.  Defendants lack sufficient information as to the truth of the third sentence.

164.    Deny, except to the extent that it accurately characterizes Chief Judge Greene's May 22, 2007 statement to the U.S. House of Representatives.  The Court is referred to that document for a full statement of its contents.

165.    Deny the first sentence.  Deny the second sentence, except to admit that CAVC has

1    considered adopting, but has never adopted, the use of summary decisions in certain cases.

2    166.    The first sentence contains plaintiffs' ambiguous characterizations to which no response is

3    required and other statements for which defendants lack adequate information.  Defendants deny

4    the remainder of the paragraph except to the extent that it accurately characterizes Judge Michel's

5    2007 State of the Court address.

6    167.    Deny the first sentence except to admit that some veterans die while their claims are

7    pending and aver that if a veteran dies while his claims are pending, accrued benefits may be paid

8    to surviving family members under 38 U.S.C. § 5121.  Defendants lack information as to the

9    truth of the second sentence.  Deny the third sentence.

10    168.    The first sentence is both ambiguous and plaintiffs' characterization of their claims, to

11    which no response is required.  To the extent that a response is required, deny the first sentence.

12    Admit the second sentence.

13    169.    Defendants lack information as to the truth of this paragraph.

14    170.    Defendants lack information as to the truth of this paragraph.

15    171.    Defendants lack information as to the truth of this paragraph.

16    172.    Deny.

17    173.    Deny the first sentence.  Deny second sentence.  Admit the third sentence, but aver that in

18    the last quarter of fiscal year 2007, 80% of veterans accessing VA health care were screened for

19    PTSD.

20    174.    Deny the first and second sentences.  Admit the third sentence except to aver that the

21    VASRD currently contains a classification under which traumatic brain injury (TBI) can be

22    evaluated and that new criteria for evaluating TBI were published as proposed regulations in the

23    Federal Register on January 3, 2008.  Defendants lack information as to the truth of the fourth

24    and fifth sentences.

25    175.    Deny the paragraph, which constitutes a nearly verbatim quote fro the IOM PTSD

26    Compensation and Military Service Book, except to the extent that it accurately characterizes that

27    book.

28    176.    Deny first sentence.  Deny the second sentence except to the extent that it accurately

1   characterizes Mr. Bertoni's testimony to Congress and GAO Report 07-512T. The Court is

2   referred to those documents for a full and complete statement of their contents.

3   177.    Deny first, third, and fourth sentences. Deny the second sentence, except to the extent

4   that it states that one general rating scheme is applied to all types of mental disorders.

5   178.    Deny, except to the extent that it accurately characterizes the publication of the

6   Committee on Veterans Compensation for PTSD entitled PTSD Compensation and Military

7   Service. The Court is referred to that document for a full statement of its contents.

8   179.    Deny, except to the extent that it accurately characterizes the publication of the

9   Committee on Veterans Compensation for PTSD entitled PTSD Compensation and Military

10  Service. The Court is referred to that document for a full statement of its contents.

11  180.    Deny, except to the extent that it accurately characterizes the publication of the

12  Committee on Veterans Compensation for PTSD entitled PTSD Compensation and Military

13  Service. The Court is referred to that document for a full statement of its contents.

14  181.    Deny, except to the extent that it accurately characterizes the publication of the

15  Committee on Veterans Compensation for PTSD entitled PTSD Compensation and Military

16  Service. The Court is referred to that document for a full statement of its contents.

17  182.    Deny.

18  183.    Deny the first sentence. Deny the second sentence except to the extent that it accurately

19  characterizes the Inspector General study. The Court is referred to that document for a full

20  statement of its contents.

21  184.    Deny the first sentence. Defendants lack information as to the truth of the second

22  sentence, which is ambiguous in the use of the terms "rapidly" and "long";  deny the remainder of

23  the second sentence. Deny the third sentence, except to admit that VA stopped accepting new

24  enrollees in Category 8 after January 17, 2003. The fourth sentence is an ambiguous

25  characterization to which no response is required. To the extent that a response is required, deny.

26  185.    Admit.

27  186.    Admit the first sentence. Deny the second sentence except to the extent that it accurately

28  characterizes the Bilmes study. The Court is referred to this document for a full statement of its

1   contents.

2   187.   Deny, except to the extent that it accurately characterizes the statement of Dr. Murphy in

3   2006.  The Court is referred to this document for a full statement of its contents.

4   188.   Deny.

5   189.   The VA lacks sufficient information to answer the first sentence, which is ambiguous as

6   to the meaning of the phrase "without authorization."  Deny the second sentence except to the

7   extent that it accurately characterizes the GAO report 05-287.  The Court is referred to this

8   document for a full statement of its contents.

9   190.   Deny, except to the extent that it accurately characterizes the GAO report.  The Court is

10  referred to this document for a full statement of its contents.

11  191.   Deny, except to the extent that it accurately characterizes the April 2003 OIG report.  The

12  Court is referred to this document for a full statement of its contents.

13  192.   Deny, except to the extent that it accurately characterizes the July 2005 OIG report.  The

14  Court is referred to this document for a full statement of its contents.

15  193.   Deny, except to the extent that it accurately characterizes the American Psychology

16  Association Task Force 2007 report.  The Court is referred to this document for a full statement

17  of its contents.

18  194.   Deny, except to the extent that it accurately characterizes the GAO recommendation

19  referred to therein.  The Court is referred to this document for a full statement of its contents.

20  195.   Deny the paragraph except to the extent that it accurately characterizes the May 2006 OIG

21  report.  The Court is referred to that document for a full and complete statement of its contents.

22  196.   Deny, except to the extent that it accurately characterizes the GAO Report 04-1069 and

23  cited sources.  The Court is referred to this document for a full statement of its contents.

24  197.   Admit first sentence.  Admit the second sentence to the extent that it accurately

25  characterizes the Special Committee's reports.  The Court is referred to this document for a full

26  statement of its contents.

27  198.   Deny, except to the extent that it accurately characterizes GAO report 05-287.  The Court

28  is referred to that document for a full and complete statement of its contents.

1  199.   Defendants lack sufficient information to answer the first sentence.  Deny the second

2  sentence, except to admit that there may be negative health consequences if a veteran does not

3  obtain treatment.  Deny the third sentence except to the extent that it accurately characterizes the

4  American Psychological Association report. The Court is referred to this document for a full

5  statement of its contents.

6  200.   Admit the first sentence.  Deny the remainder of the paragraph except to the extent that it

7  accurately characterizes the C&P PTSD Review.  The Court is referred to that document for a

8  full and complete statement of its contents.

9  201.   Deny except to admit that veterans are vital to our democracy.

10  202.   Deny.

11  203.   Deny.

12  204.   Defendants lack information sufficient to answer the paragraph which is ambiguous in the

13  meaning of the phrases "huge" and "dramatic."

14  205.   Deny first sentence except to admit that VA identified a number of activities that needed

15  additional funding in fiscal years 2005 and 2006.  Admit the second sentence.

16  206.   Deny first sentence except to admit that in June 2005, the President asked Congress for a

17  supplemental appropriation of $975 million for VA.  Deny the second sentence except to the

18  extent that it accurately characterizes GAO Report 06-430R.  The Court is referred to that

19  document for a full and complete statement of its contents.  Deny the third sentence except to

20  admit that in July 2005, the President asked Congress for a budget amendment to VA's FY 2006

21  budget.  Deny the fourth sentence except to the extent that it accurately characterizes the GAO

22  reports mentioned.  The Court is referred to those documents for a full and complete statement of

23  their contents.

24  207.   Defendants lack information sufficient to answer the first sentence which is ambiguous in

25  the meaning of the phrases "severe budget problems" and "ever-increasing bonuses."  Admit the

26  second sentence.  Deny the third sentence, except to admit that some executives within the VA

27  received bonuses of up to $ 33,000.

28  208.   Deny the first sentence.  Admit subparagraphs (a) through (c) only to the extent that they

accurately reflect the contents of OIG Report 05-00765-137.  The Court is referred to this document for a full statement of its contents.

209.     Deny first sentence except to the extent that it accurately characterizes the GAO report. The Court is referred to this document for a full statement of its contents.  Deny second sentence except to the extent that it accurately characterizes the Performance and Accountability Report. The Court is referred to this document for a full statement of its contents.

210.     Deny except to the extent that it accurately characterizes the GAO report. The Court is referred to this document for a full statement of its contents.

211.     Deny except to the extent that it accurately characterizes the GAO report. The Court is referred to this document for a full statement of its contents.

212.     Admit, except to the extent that it characterizes VA's allocation of funds as a "promise."

213.     Admit first sentence.  The second sentence is plaintiffs' characterization to which no response is required.  To the extent that one is required, deny.  Defendants lack information as to the truth of the third sentence.

214.     Admit the introductory sentence.  Deny the remainder of the paragraph except to the extent that it accurately characterizes the DoD Mental Health Report.  The Court is referred to this document for a full statement of its contents.

215.     Deny the first sentence, except to admit that VBA requested funding for additional Compensation and Pension personnel in the FY 2008 budget.  Defendants lack information as to the truth of the second sentence.

216.     Deny, to the extent that the paragraph addresses VA actions.  Defendants lack information as to the truth of information about DoD actions.

217.     Defendants lack information as to the truth of these statements.

218.     This paragraph constitutes a legal conclusion to which no response is required, however, to the extent a response is required, deny except to the extent that the statement is consistent with 38 C.F.R. 4.9 and 4.127 and aver that having a personality discharge does not automatically make a veteran ineligible for VA medical care.

219.     Defendants lack information as to the truth of these statements.

1    220.    Defendants lack information as to the truth of these statements.

2    221.    Defendants lack information as to the truth of this statement

3    222.    The first sentence constitutes a legal conclusion to which no response is required,

4    however, to the extent a response is required, deny first sentence, except to the extent that it is

5    consistent with 38 C.F.R. § 4.16.  Admit the second sentence.   Deny the third sentence except to

6    the extent that it accurately characterizes the Inspector General Report.  The Court is referred to

7    this document for a full statement of its contents.

8    223.    Deny the first sentence.  Deny the second sentence except to admit that in 1977 VA

9    initiated a review of TDIU cases for the purposes of determining if propre controls were in place

10   for unemployability reviews and if proper decisions in these cases had been made.

11   224.    Admit the first and fourth sentences.  Deny the second sentence, except to admit that VA

12   issued Circular 21-80-7, dated September 9, 1980, to call for review of TDIU cases.  Deny the

13   third and fifth sentences.

14   225.    Deny.

15   226.    Deny the first sentence.  Admit subparagraph (a), except to the extent that it is

16   characterized as a measure designed and calculated to reduce the number of grants and assigned

17   ratings for service connected disability.  Admit subparagraph (b), except to the extent that it is

18   characterized as a measure designed and calculated to reduce the number of grants and assigned

19   ratings for service connected disability.  Deny subparagraphs (c) and (d).

20   227.    Admit to the first sentence only to the extent that it states that VBA employees receive

21   work credits for work performed but aver that such credits are only one component of an

22   employee's annual performance rating.  Admit the first clause of the second sentence; deny the

23   second clause of the second sentence.  Deny the third sentence.

24   228.    Deny.

25   229.    Deny the first sentence, except to admit that when a claim is denied, a claimant must

26   initiate (but need not perfect) an appeal by filing a notice of dis agreement.  Defendants lack

27   information as to the truth of the second sentence.  Deny the third sentence, except to admit that

28   some cases are remanded for further development.  Deny the fourth sentence, except to admit

that employees receive work credits for work performed on cases on remand.

230.    Deny.

231.    Deny, except to the extent that it accurately characterizes the criminal proceeding United States v. Gottfried.

232.    Deny, except to the extent that it accurately states what was reported in the Washington Post article.  The Court is referred to this document for a full statement of its contents.

233.    Deny the first sentence.  Deny the second sentence, except to the extent that it accurately characterizes OIG Report 05-00765-137.  The Court is referred to this document for a full statement of its contents.

234.    Deny.

235.    These statements are plaintiffs' characterizations of law to which no response is required.  To the extent a response is required, deny.

236.    Deny the first sentence.  Deny the second sentence, except to admit that veterans may be unfamiliar with VA rules.  Deny third sentence.

237.    Deny the first sentence.  Deny the second sentence, except to admit that Board decisions are drafted by Board attorneys and that, occasionally, a Board attorney has been detailed to a regional office to assist in drafting regional office decisions.  Admit the third and fourth sentences.

238.    Deny the first sentence.  Deny the second sentence, except to admit that many service representatives are not attorneys and do not receive formal training from VA, but that representatives are accredited by VA and must go through extensive training within their own organizations, who also must be approved by VA.  Deny the third sentence.  Deny the fourth and fifth sentences.

239.    Deny.

240.    Deny.

241.    Defendants lack information as to the truth of this paragraph.

242.    Deny the first sentence.  Deny the second and third sentences, except to the extent that it accurately characterizes the GAO Report 02-806 findings about fiscals years 1999 to 2000.  The

1    Court is referred to this document for a full and complete statement of its contents.

2    243.    Defendants lack information as to the truth of the first sentence.  Deny second sentence,

3    except to admit that two-third of initial notices of disagreement fail to become formal appeals

4    because the claimant fails to express continued dissatisfaction.

5    244.    Deny.

6    245.    Deny.

7    246.    Deny.

8    247.    These statements are conclusions of law to which no response is required.

9    248.    Deny.

10    249.    Deny.

11    250.    Deny.

12    251.    This paragraph constitutes a characterization of plaintiffs' action to which no response is

13    required.  To the extent a response is required, deny.

14    252.    This paragraph constitutes a characterization of plaintiffs' action to which no response is

15    required.  To the extent a response is required, deny.

16    253.    This paragraph constitutes a conclusion of law to which no response is required.  To the

17    extent a response is required, deny.

18    254.    This paragraph constitutes a conclusion of law to which no response is required.  To the

19    extent a response is required, deny.

20     255.    This paragraph constitutes a conclusion of law to which no response is required.  To the

21    extent a response is required, deny.

22    256.    This paragraph constitutes a conclusion of law to which no response is required.  To the

23    extent a response is required, deny.

24    257.    This paragraph constitutes a conclusion of law to which no response is required.  To the

25    extent a response is required, deny.

26    258. Defendants incorporate by reference, as though fully set forth herein, their answers to each

27    and every allegation contained in Paragraphs 1 through 257 of the Complaint.

28    259. Deny.

260.  Deny.

261.   Defendants incorporate by reference, as though fully set forth herein, their answers to each and every allegation contained in Paragraphs 1 through 257 of the Complaint.

262.  Deny.

263.  Deny.

264.  Defendants incorporate by reference, as though fully set forth herein, their answers to each and every allegation contained in Paragraphs 1 through 257 of the Complaint.

265.  Deny.

266.  Deny.

267.  Defendants incorporate by reference, as though fully set forth herein, their answers to each and every allegation contained in Paragraphs 1 through 257 of the Complaint.

268.  This paragraph states a legal conclusion for which no response is required.  To the extent a response is required, deny.

269.  Deny.

270.  This paragraph states a legal conclusion for which no response is required.  To the extent a response is required, deny.

271.  Deny.

272.  Deny.

273.  Defendants incorporate by reference, as though fully set forth herein, their answers to each and every allegation contained in Paragraphs 1 through 257 of the Complaint.

274.  Deny.

275.  Deny.

276.  This paragraph states a legal conclusion for which no response is required.  To the extent a response is required, deny.

277.  Deny.

278.  Deny.

1    The balance of plaintiffs' complaint constitutes a prayer for relief to which no answer is

2    required.  Defendants deny that plaintiffs are entitled to the relief requested or to any relief.

3    Defendants hereby deny all allegations not expressly admitted or denied.

4    Defendants pray that plaintiffs' complaint be dismissed and defendants be awarded costs.

1

2

3    Dated February 1, 2008                    Respectfully Submitted,

4                                              JEFFREY S. BUCHOLTZ
                                              Acting Assistant Attorney General
5                                              JOSEPH P. RUSSONIELLO
                                              United States Attorney
6                                              RICHARD LEPLEY
                                              Assistant Branch Director

7
                                                 /s/ Daniel Bensing
8                                              DANIEL BENSING D.C. Bar # 334268
                                              STEVEN Y. BRESSLER D.C. Bar #482492
9                                              KYLE R. FREENY California Bar #247857
                                              Attorneys, U.S. Department of Justice
10                                             P.O. Box 883
                                              Washington, D.C. 20044
11
                                              Counsel for Defendants
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28