GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
MORRISON & FOERSTER LLP
101 Ygnacio Valley Road, Suite 450
P.O. Box 8130
Walnut Creek, California 94596-8130
Telephone:  925.295.3300
Facsimile:  925.946.9912

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone:  510.665.8644
Facsimile:  510.665.8511

**[see next page for additional counsel for Plaintiffs]**

Attorneys for Plaintiffs
VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | Case No.   C-07-3758-SC<br><br>**CLASS ACTION**<br><br>**DECLARATION OF WILLIAM JANICKI IN SUPPORT OF PLAINTIFFS' REPLY TO MOTION FOR PROTECTIVE ORDER RESTRICTING DISCLOSURE OF CONFIDENTIAL AND PRIVATE INFORMATION AND PROHIBITING RETALIATION**<br><br>Date:   March 7, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 1, 17th Floor<br>Judge:   Hon. Samuel Conti<br><br>Complaint Filed: July 23, 2007 |

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
PAUL J. TAIRA (CA SBN 244427)
PTaira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

BILL D. JANICKI (CA SBN 215960)
WJanicki@mofo.com
MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
Sacramento, California 95814
Telephone: 916.448.3200
Facsimile: 916.448.3222

Case No. C-07-3758-SC
Janicki Decl. ISO Plaintiffs' Motion for Protective Order
sf-2457376

1    I, WILLIAM D. JANICKI, declare:

2    1. I am an associate at Morrison & Foerster LLP, counsel of record for Plaintiffs in this action. I make this declaration on my own personal knowledge, and if called as a witness to testify, I could and would testify competently to the following facts:

2. Plaintiffs served Defendants with their First Amended First Requests for Production of Documents on October 19, 2007. Defendants did not object or respond to this discovery despite the deadline being long past due and the Court's stay of discovery lifted January 10, 2008. A true and correct copy of Plaintiffs' First Amended First Requests for Production of Documents served October 19, 2007, is attached hereto as Exhibit 1. On February 4, 2008, Defendants responded to three document requests on an expedited basis by providing publicly available documents and promising a full response by February 11, 2008. Defendants objected to the production of any documents covered by the Privacy Act.

3. Plaintiffs served Defendants with their Second Requests for Production of Documents on November 16, 2007. Defendants never objected or responded in any way to this discovery. A true and correct copy of Plaintiffs' Second Requests for Production of Documents served November 16, 2007 is attached hereto as Exhibit 2.

4. Defendants filed a motion to stay discovery on November 9, 2007 in which they did not object or even mention the discovery obligations contained in the Privacy Act. A true and correct copy of Defendants' Notice of Motion and Motion for Protective Order to Stay Discovery dated November 9, 2007 is attached hereto as Exhibit 3.

5. In a letter dated December 11, 2007, Heather Moser attempted to meet and confer with Defendants regarding the outstanding and overdue document requests. Ms. Moser stated that Plaintiffs expect document production to begin immediately upon the Court's ruling on Defendants' Motion to Dismiss. A true and correct copy of Heather Moser's letter to Mr. Bensing dated December 11, 2007 is attached hereto as Exhibit 4.

6. The Court granted Defendants' Motion to Stay Discovery on December 14, 2007. A true and correct copy of the Court's December 14, 2007 Civil Minutes Granting Defendants' Motion to Stay Discovery is attached hereto as Exhibit 5.

Case No. C-07-3758-SC
Janicki Decl. ISO Plaintiffs' Motion for Protective Order
sf-2457376

1

7. In a letter dated December 21, 2007, Defendants responded for the first time to the terms of Plaintiffs' proposed protective order three weeks after this motion was filed. When Defendants finally responded, they objected based upon three primary concerns: (1) inadequacy of the Privacy Act protections; (2) the witness confidentiality provisions; and (3) the retaliation provisions. Defendants failed to identify how the Privacy Act provisions were deficient or propose additional or alternative language. A true and correct copy of Mr. Bensing's letter to Heather Moser dated December 21, 2007 is attached hereto as Exhibit 6.

8. The Court lifted the stay of discovery on January 10, 2008, stating "Plaintiffs may proceed with discovery." Defendants continue their refusal to respond to the outstanding discovery requests. Defendants object to the production of documents protected by the Privacy Act while at the same time they oppose Plaintiffs' proposed protective order. A true and correct copy of the Court's January 10, 2008 Order lifting the stay of discovery is attached hereto as Exhibit 7.

9. In a letter dated January 15, 2007, Mr. Bensing acknowledged that the Court's Order January 10, 2008 lifted the stay of discovery yet continued his refusal to produce documents protected by the Privacy Act because a protective order had not yet been entered. A true and correct copy of Mr. Bensing's letter to Gordon Erspamer dated January 15, 2008 is attached hereto as Exhibit 8.

10. In an attempt to meet and confer on the issue of a protective order and the production of documents, Plaintiffs offered to provisionally mark documents as confidential under the terms of the proposed protective order. A true and correct copy of Heather Moser's letter to Mr. Bensing dated January 16, 2008 is attached hereto as Exhibit 9.

11. In a letter dated January 22, 2008, I attempted to further meet and confer on the terms of the protective order by responding to each of Mr. Bensing's concerns in his letter of December 21, 2007. I stated that the Court's order granting Plaintiffs' Administrative Motion to File Veteran And Family Member Declarations Under Seal effectively overruled Defendants' primary objections to the protective order – namely the witness confidentiality and retaliation provisions. I also explained that the provisions restricting disclosure and use of Privacy Act material were sufficient and asked that Mr. Bensing identify where the proposed order was lacking. I also agreed to modify

Case No. C-07-3758-SC
Janicki Decl. ISO Plaintiffs' Motion for Protective Order
sf-2457376

2

1  some provisions of the proposed order to accommodate Defendants' concerns. A true and correct copy of my letter to Mr. Bensing dated January 22, 2008 is attached hereto as Exhibit 10.

12. In a letter dated January 22, 2008, Mr. Bensing continued his refusal to produce documents responsive to Plaintiffs' document requests and stated that only a court order would provide Plaintiffs with the legal authority to disclose documents protected by the Privacy Act. A true and correct copy of Mr. Bensing's letter to Heather Moser dated January 22, 2008 is attached hereto as Exhibit 11.

13. In a letter dated January 25, 2008, Ms. Kyle Freeny repeated Defendants' refusal to produce documents protected by the Privacy Act or stipulate to a protective order. Ms. Freeny again objected to the Privacy Act provisions without stating how they were deficient. She also objected to the witness confidentiality and retaliation provisions. A true and correct copy of Ms. Freeny's letter to me dated January 25, 2008 is attached hereto as Exhibit 12.

14. In a letter dated January 29, 2008, I responded to Defendants by explaining that the proposed protective order provides all the protections necessary to disclose Privacy Act materials and that witness anonymity provisions for sensitive, private information, such as in this case, is routinely used by the court to protect such information. A true and correct copy of my letter to Ms. Freeny dated January 29, 2008 is attached hereto as Exhibit 13.

15. Plaintiffs are in contact with several veterans and family members who will not authorize the use of their declarations in court proceedings precisely because of the fear of retaliation from the VA.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 6th day of February, 2008, at Sacramento, California.

/s/ William D. Janicki
William D. Janicki

Case No. C-07-3758-SC
Janicki Decl. ISO Plaintiffs' Motion for Protective Order
sf-2457376

3