# EXHIBIT 6



**RECEIVED**

**JAN - 2 2008**

Morrison & Foerster

**U.S. Department of Justice**

Civil Division

_Washington, D.C. 20530_

December 21, 2007

Ms. Heather Moser
Morrison & Foerster
425 Market St.
San Francisco, Cal. 94105-2482

    RE:    <u>Veterans for Common Sense v. Mansfield</u>, (N.D. Cal. No. C-07-3758)

    By: Regular mail and E-mail [Hmoser@mofo.com]

Dear Ms. Moser:

    This letter will present the complete position of defendants on plaintiffs' Motion for Protective Order (DE 56), consistent with my letter to you of November 28, 2007, where I stated that the defendants would provide our views on plaintiffs' proposed Protective Order ("Order") in sufficient time for the parties to have an opportunity to meet and confer on those issues by December 28, 2007. In light of the Court's decision to stay all proceedings in this case, we do not believe it would be a productive use of the parties' time and resources to discuss these matters unless and until the stay has been lifted.

    As we told you months ago, defendants agree that if this case goes forward, the confidentiality of medical and other personal records of veterans should be protected to the maximum extent feasible. Moreover, defendants cannot produce documents in discovery unless the court enters an order authorizing such disclosures under the Privacy Act, 5 U.S.C. § 552a, as well as under VA statutes governing access to certain medical records. Department of Veterans' Affairs (VA) records related to the identity, diagnosis, prognosis, or treatment of substance abuse, HIV, and sickle cell anemia are subject to a special confidentiality provision which requires specific court findings of good cause, as well as the application of appropriate safeguards, before such material can be disclosed. See 38 U.S.C. § 7332(b)(2)(D). Consequently any protective order providing for confidentiality of records must specifically address these statutory restrictions on production of documents by defendants; plaintiffs' proposed order is deficient in these respects.

-2-

Defendants strongly object to the extraordinary proposal that plaintiffs be permitted to hide the identity of witnesses from officials of the VA. See Order ¶¶ 2.3; 2.5; 7.3. In the Ninth Circuit, witnesses may proceed using pseudonyms in place of their true names only when they can "demonstrate that they have an objectively reasonable fear of extraordinarily severe retaliation." Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1063 (9th Cir. 2000). Plaintiffs have not even come close to making that required showing, nor have plaintiffs attempted to evaluate the prejudice to the opposing party and the public interest, id. at 1068. In addition, the court must make a separate determination of whether to allow parties to proceed anonymously at each stage of the proceedings, whereas plaintiffs' proposed order would continue up to trial.  By prohibiting Department of Justice counsel from sharing information about plaintiffs' witnesses with officials of the VA, it may be impossible for defendants to effectively respond to certain factual allegations by plaintiffs. Consequently, defendants cannot agree to any "attorney eyes only" provision.

Similarly, there is no justification for ¶ 12.1 of plaintiffs' proposed order prohibiting retaliation against any veteran, class member, witness or employee based on their participation in this litigation. The handful of incidents identified in plaintiffs' declarations (many offered as inadmissible hearsay), even if true, all date from over twenty years ago and hence cannot provide the basis for the entry of an order today. Plaintiffs certainly have not provided sufficient evidence to overcome the principle that federal agencies are presumed to "act properly and according to law." Kohli v. Gonzales, 473 F.3d 1061 (9th Cir. 2007), quoting FCC v. Schreiber, 381 U.S. 279, 296 (1965). This provision may lead to extensive collateral litigation before the Court, as any veteran who receives less than a fully favorable response on a request for health care services or benefits will be able allege retaliation in violation of this Order. Moreover, in such a proceeding a veteran could ask the Court to enforce the Order by directing the VA to provide the benefits denied in direct violation of 38 U.S.C. § 511.

Beyond these three major concerns with plaintiffs' proposed order, defendants have a number of more minor concerns with various provisions of the order.

The proposed definition of "Personal Identifying Information," which governs the universe of information that will be subject to the Protective Order, Order ¶ 2.3, is far too ambiguous to be workable. While defendants are capable of complying with an order applying to information "protected by the Privacy Act," id., since the VA will know when information is produced from a "system of records," 5 U.S.C. § 552a(a)(5), there is no way that defendants or plaintiffs can know with any certainty what information is protected by "the right of privacy." Order ¶ 2.3. Essentially the same problem is presented in the proposed scope of "'Confidential Subject to Protective Order' Information or Items," Order ¶ 2.4, which includes "any other information protected by constitutional or statutory rights to privacy," another definition that would be difficult to apply. As an alternative, we suggest a generic description of the type of documents that would most typically contain sensitive personal information, such as "files related to medical or psychological treatment of veterans, or similar materials."

In addition, it is not a sufficient basis for information to be maintained as confidential if an "individual subjectively expresses a belief that he or she might be subject to retaliation by

-3-

Defendants," Order at 2.3 Instead, the individual seeking to assert confidentiality must "have an objectively reasonable fear" of retaliation, Advanced Textile, supra 214 F.3d at 1063.

Plaintiffs' Order places the burden of challenging the designation of material as subject to the Order on the challenging party. This provision is directly contrary to Ninth Circuit law, which holds that the product of pretrial discovery is "presumptively public," and may not be sealed from the public without a "particularized showing of good cause." San Jose Mercury News v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999).

If this case goes forward, defendants may elect to designate employees of the VA as experts and will not agree to any restriction in who they may designate as experts for purposes of providing such experts with access to information under the Order.

We believe that it is unreasonable for a party that has produced documents without designating them as subject to the protective order to be required to then label them as subject to the Order and reproduce them at its own expense if the other party objects. Order ¶ 5.4.

It is unclear whether ¶ 5.3 permits designating as confidential documents that are bound together in a single volume by a single notation on the cover of such bound materials.

We suggest that you amend paragraph 8 to also refer to requests for information from Congress or members of the public.

Paragraph 12.2 is unnecessary as we have given plaintiffs assurances that if claims files are found to be responsive to discovery requests, or otherwise relevant to the litigation, an original or copy of such files will remain at the VA so that the claims adjudication process is not impeded.

Finally, plaintiffs proposed order is deficient in not containing a clause, as was contained in defendants' proposed Privacy Act Protective Order, that would hold defendants harmless in the event that plaintiffs improperly disclose records protected by Federal privacy law during the course of this litigation.

Sincerely,

Daniel Bensing
Senior Counsel
Federal Programs Branch

Signed on 12/27/07