# EXHIBIT 8



U.S. Department of Justice

Civil Division

*Washington, D.C. 20530*

January 15, 2008

Mr. Gordon Erspamer
Morrison & Foerster, LLP
101 Ygnacio Valley Rd., Suite 450
Walnut Creek, Calif. 94596-8130

    RE:   Veterans for Common Sense v. Mansfield, (N.D. Cal. No. C-07-3758)

    By: Regular mail and E-mail [GErspamer@mofo.com]

Dear Gordon:

    With the Court's Order of January 10, 2008 lifting the stay on discovery, defendants would like to schedule a teleconference to meet and confer with plaintiffs on a number of discovery issues presented by plaintiffs' outstanding discovery requests.

    At the outset, we strongly urge plaintiffs to revisit and narrow their discovery requests and particularly their 191 requests for production of documents, since, as currently drafted these requests will impose an extensive administrative burden on the Department of Veterans Affairs (VA). See Declaration of Thomas Bowman.

    1. Defendants will attempt to respond to plaintiffs' 191 Requests for Production of Documents on or before February 11, 2008, 30 days from the Court's Order lifting the stay. Depending on outcome of our meet-and-confer discussions, the volume of responsive material and the resources available to the VA, after an initial production on that date, we anticipate a rolling production of documents over an extended period. We are open to any suggestions as to the order in which categories of material will be produced. Additionally, defendants will not be able to produce documents subject to the Privacy Act until the Court has entered an appropriate Order under 5 U.S.C. § 552a(b)(11).

    2. On the question of depositions, plaintiffs' November 2, 2007 Deposition notices are not valid since plaintiffs did not consult with defendants' counsel about scheduling these dates as

-2-

required by LR 30-1. Nevertheless defendants are willing to cooperate in promptly scheduling depositions, subject to other limitations on plaintiffs' right to conduct depositions. The first such limitation is that, absent leave of court, each party is limited to conducting no more than ten depositions. See Fed. R. Civil P. 30(a)(2)(A). Second, as you know from the parties' prior communications, defendants are not willing to voluntarily agree to conduct depositions of defendants' employees in San Francisco unless employees work within the Northern District of California or that location would be convenient to the deponent. This will avoid imposing unnecessary travel burdens on VA employees and additional costs to the agency, which would divert resources from its mission of serving veterans.

      I suggest that we schedule a teleconference this week, anytime after Wednesday, January 16, 2008, to discuss these issues.

Sincerely,

Daniel Bensing
Senior Counsel
Federal Programs Branch

cc:     Heather Moser (HMoser@mofo.com)
         Sidney M. Wolinsky (SWolinsky@dralegal.org)