# EXHIBIT 9

Case 3:07-cv-03758-SC    Document 114-10    Filed 02/06/2008    Page 1 of 4

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 16, 2008

Writer's Direct Contact
415.268.7091
HMoser@mofo.com

*Via Facsimile and E-Mail*

Mr. Daniel Bensing, Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530

Re:   *Veterans for Common Sense v. Mansfield*
      N.D. Cal. No. C-07-3758

Dear Mr. Bensing:

Thank you for letter to my colleague regarding discovery. As an initial matter, we are available Thursday before 11:00 a.m. PST or Friday morning for a teleconference to discuss discovery issues. In order to give you some insight into Plaintiffs' position prior to the teleconference, I will address the issues that you raise—documents and depositions—in turn below. We look forward to speaking with you regarding these issues in the near future.

**Document Requests:**

With respect to the outstanding document requests, Plaintiffs are willing to discuss options to prioritize requests and narrow the scope of responsive material to be produced in the short term.[1] It would be acceptable to Plaintiffs for Defendant to initially limit their first wave of document production to the responsive material relevant and necessary to the pending preliminary injunction motion, as long as this production is expedited. To cite a few examples, we are interested in obtaining the veteran suicide death certificates, the VA suicide study mentioned by Dr. Katz during his CBS interview, and any material in your possession related to the CBS suicide study by Dr. Rathbun. We have reviewed the document requests and believe that RFPs 18, 35, 38, 73, 89, 102, 103, 114, 115, 118, 119, 149, and 154 are most likely to result in responsive information relevant to the pending motion for preliminary injunction. Therefore, we would be willing to accept Defendants' document production in

---

[1] For the record, however, we do not agree with the statements of burden set forth in the Declaration of Thomas Bowman.

sf-2451212

MORRISON | FOERSTER

Mr. Daniel Bensing
January 16, 2008
Page Two

phases, the first phase consisting of documents responsive to the identified requests to be produced by the end of January.

We can discuss the timing of the production of the remaining responsive documents as well as methods for reducing burden during our anticipated teleconference. Please be advised, however, that Plaintiffs do not agree with Defendants' proposed timing for the responses or the production. Defendants' responses to the two sets of requests for production of documents were due in November and December. Defendants failed to serve even basic objections by the respective deadlines. In Plaintiffs' view, because Defendants did not properly object within the statutory period, any objections are now waived. Even assuming that the filing your protective order motion preserved your right to object, which is doubtful, it would only serve to preserve those objections that were the basis for the protective order motion. However, Defendants' motion did not include objections to specific requests but rather raised generally the single issue of burden. Thus, in any scenario, all other objections were waived when the deadlines passed and document production should begin immediately, consistent with Judge Conti's order mooting your protective order motion and permitting discovery to begin immediately. Given Plaintiffs' willingness to narrow discovery for the first phase of production, Plaintiffs expect document production to begin immediately.

==In your letter, you raise the issue of the unresolved protective order. We see no reason why the documents subject to Privacy Act concerns could not be provisionally marked as "CONFIDENTIAL" under the terms of the proposed protective order, a provision Defendants do not contest.== Plaintiffs agree to move to seal any such information in the Court record and to treat confidential information in accordance with the terms set forth in the proposed protective order. As we have stated previously, we have no interest in compromising the privacy of veterans' personal information, especially information as sensitive as medical history involving PTSD and/or suicide.

**Noticed Depositions:**

Plaintiffs are willing to meet and confer with Defendants regarding mutually convenient dates for the noticed depositions. Plaintiffs do not agree with Defendants, however, that a limitation to 10 depositions is appropriate in this case, given the scope of the issues raised in the Complaint. As Defendants are aware, Plaintiffs requested additional depositions in the Joint Case Management Conference Statement filed on November 9, 2007. Unless we hear from you promptly, we assume that you desire us to have Judge Conti decide whether your refusal to agree to more depositions is reasonable. Plaintiffs will then follow up with the Court to secure the right to conduct the requested additional depositions. Plaintiffs also disagree that the depositions should not be conducted in San Francisco and are willing to discuss the issue further during the teleconference to achieve a reasonable compromise.

sf-2451212

**MORRISON | FOERSTER**

Mr. Daniel Bensing
January 16, 2008
Page Three

Please advise us regarding a mutually convenient time for the teleconference. We look forward to speaking with you and wish you the best in the New Year.

Sincerely,

*[signature]*

Heather A. Moser

sf-2451212