# EXHIBIT 10

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 22, 2008

Writer's Direct Contact
916.325.1313
WJanicki@mofo.com

*Via Facsimile and E-Mail*

Mr. Daniel Bensing, Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC  20530

Re:   *Veterans for Common Sense v. Mansfield*
      N.D. Cal. No. C-07-3758

Dear Mr. Bensing:

I write to address the issues you raised in your letter December 21, 2007 regarding Plaintiffs' Proposed Protective Order ("PPO") in light of the Court's recent ruling on Plaintiffs' Administrative Motion to File Veteran and Family Member Personal Identifying Information Under Seal.

As you are aware, the Court recently ruled that personal identifying information from veterans, claimants, and family members shall be sealed from public disclosure because of the confidential nature of this information and fear of retaliation from the Veterans Administration ("VA").  Therefore, the Court has effectively rejected Defendants' primary objections to Plaintiffs' PPO – the anonymity of witnesses and the retaliation provisions.  I ask that you reconsider stipulating to the PPO in order to avoid further intervention from the Court and further delay of discovery.

In your letter of December 21, 2007 you generally claim that medical and personal records are protected by statutory restrictions and that the PPO "is deficient in these respects."  Your objections are not sufficiently definite for Plaintiffs to specifically address.  If the provisions of the PPO are deficient in some manner please propose alternative or additional language.  The PPO clearly applies to information protected by the Privacy Act and VA statues (paragraphs 2.3, 2.4, 2.5).  The PPO further includes appropriate safe guards for the disclosure and use of this information in accordance with 38 U.S.C. § 7332 (paragraphs 7.1, 7.2, 7.3).  However, Plaintiffs agree to add the following provision to the PPO regarding Privacy Act protections:

sf-2452918

MORRISON | FOERSTER

Mr. Daniel Bensing
January 22, 2008
Page Two

> The Federal Defendants are authorized to release to Plaintiffs, their counsel, and to the Court in this case, government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom the records pertain.

Defendants further complain that the definitions of "Personal Identifying Information" and "Confidential-Subject to Protective Order" are overly broad and unworkable. Defendants propose limiting the definitions to "files related to medical to psychological treatment of veterans, or similar material." The definitions must be sufficiently broad to cover not only material produced by Defendants but also material produced by Plaintiffs. Defendants' definition is much too narrow as it would not include such documents as witness declarations. As you know, witness declarations have already been determined to be protectable by the Court in its sealing order.

Plaintiffs cannot agree to your proposal that an individual must have "an objectively reasonable fear" of retaliation for information to be maintained as confidential. There are no objective standards to be applied to this definition and Defendants have not offered any. Further, the Court has not required "an objectively reasonable fear" of retaliation to seal veteran and family member personal identifying information.

Plaintiffs agree with your suggestion that the party advocating the designation of material as confidential under the PPO should have the burden of persuasion in a motion to challenge such designation. Plaintiffs will modify the PPO to reflect this change and submit the modified PPO with its reply brief if a stipulation cannot be reached.

Plaintiffs do not agree that Defendants should be allowed to designate VA employees as experts and then disclose to them confidential information protected by the PPO. This would completely negate the protections designed to prevent retaliation by the VA.

Section 5.3 specifies that the designation of confidential information be placed "at the bottom of each page that contains protected material." Allowing for a single notation on the cover of bound materials would be inconsistent with the provision of section 5.1 requiring the exercise of restraint and care in designating material for protection.

Plaintiffs do not agree that Defendants should be allowed to disclose information based upon a request from "Congress or members of the public." This would also completely negate the protections of the PPO. A court order should be required to use information protected by the PPO for any purposes other than this lawsuit.

Section 12.2 regarding veteran records is necessary for a couple of reasons. First, a procedure for obtaining the records from the VA while protecting the identity of the veteran is necessary to maintain confidentiality and to protect against retaliation. Second, the

sf-2452918

**MORRISON | FOERSTER**

Mr. Daniel Bensing
January 22, 2008
Page Three

provisions regarding the copying of files will prevent inadvertent adverse consequences to any veteran. As you have already agreed to this provision, there would be no hardship to Defendants in complying with requirement.

Plaintiffs do not agree to a clause that would hold Defendants harmless in the event of improper disclosure of protected materials. The PPO contains sufficient protections for the disclosure and use of confidential information. If there is some authority for your proposed "hold harmless" provision please provide that to my attention.

The stay of discovery has been lifted in the court's ruling of Defendants' Motion to Dismiss, so Plaintiffs' outstanding discovery will now proceed. Your position in refusing to comply with this outstanding discovery because a protective order is not in place while at the same time opposing the PPO is inconsistent. I again request that you stipulate to the PPO in order to avoid further court intervention in this matter. I would be happy to consider additional or alternative language for the PPO consistent with the Court's ruling on Plaintiffs' Administrative Motion to File Veteran and Family Member Personal Identifying Information Under Seal.

Sincerely,

William D. Janicki

sf-2452918