# EXHIBIT 11

Case 3:07-cv-03758-SC  Document 114-12  Filed 02/06/2008  Page 1 of 3



**RECEIVED**

JAN 2 5 2008

Morrison & Foerster

**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

January 22, 2008

Ms. Heather Moser
Morrison & Foerster
425 Market St.
San Francisco, Cal. 94105-2482

    RE:    Veterans for Common Sense v. Mansfield, (N.D. Cal. No. C-07-3758)

    By: Regular mail and E-mail [Hmoser@mofo.com]

Dear Ms. Moser:

    This is in response to your letter of January 16, 2008 and that of Mr Erspamer of the same date.

    As to documents requested by plaintiffs, defendants will attempt to prioritize our production of the documents responsive to the requests identified in your letter. However we obviously cannot provide any assurance that we will be able to produce all of the documents responsive to these requests prior to the February 22, 2008 Preliminary Injunction hearing. Additionally, we anticipate objecting to several of these document requests, as well as others. Your letter is incorrect in its assertion that defendants have waived any such objections. Finally, while we are sure that plaintiffs would protect the confidentiality of any Privacy Act material produced by defendants, that assurance does not provide defendants with the legal authority to disclose documents that are subject to the Privacy Act; only a court order can provide defendants with that authority.

    On the question of depositions, we suggest that plaintiffs identify a list of proposed deponents and the issues on which you believe that the witnesses would have relevant testimony. Defendants will then be in a position to determine whether they can agree that any depositions in excess of ten are justified.

    It will likely facilitate prompt discovery production if the parties can agree on the appropriate scope of discovery. To that end, when we discuss plaintiffs' discovery requests, it

would be helpful if plaintiffs could address the effect of the Administrative Procedure Act on plaintiffs' entitlement to discovery. As general matter, of course, the resolution of APA claims must be based on the administrative records (or records) of the challenged agency action(s), not a new record developed in the reviewing court. If plaintiffs believe that this case is one of the narrow exceptions where courts can consider matters beyond the administrative record, please identify which exception plaintiffs believe applies. Additionally, defendants need to understand the complete scope of plaintiffs' claims in order to evaluate all discovery issues, and hence we request that plaintiffs identify and describe all the "various other illegal practices and procedures" which they seek to challenge. See Complaint, paragraph 31e.

Finally, in response to Mr. Erspamer's letter of January 16, 2008, defendants do not agree that the Court's decision finding subject matter jurisdiction to entertain certain of plaintiffs' claims is tantamount to finding that the substance of plaintiffs' claims have merit. At this juncture, defendants anticipate filing their opposition to plaintiffs' motion for preliminary injunction on January 30, 2008.

Please contact us at your earliest convenience to reschedule our initial meet-and-confer teleconference.

Sincerely,

Daniel Bensing
Senior Counsel
Federal Programs Branch

cc:   Gordon Erspamer
      Sidney Wolinsky