# EXHIBIT 12



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 833 | 20 Massachusetts Ave., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

---

Kyle R. Freeny  
Trial Attorney

Tel: (202) 514-5108  
Fax: (202) 616-8460

William D. Janicki  
Morrison & Foerster LLP  
400 Capitol Mall  
Suite 2600  
Sacramento, CA 95814-4428

January 25, 2008

Re: *Veterans for Common Sense v. Peake*, No. C 07-3758 SC

Dear Mr. Janicki:

I write in response to your letter of January 22, 2008, in respect to plaintiffs' proposed protective order, the motion for which is scheduled to be heard on February 22, 2008.

As an initial matter, we cannot accept your suggestion that in granting plaintiffs' Administrative Motion to File Veteran and Family Member Personal Identifying Information Under Seal, the Court made any decision – explicitly or implicitly – on plaintiffs' pending motion for protective order. The fact that the Court placed plaintiffs' motion for protective order on the hearing calendar for February 22, 2008, indicates that the Court intends to consider both parties' positions with respect to that motion before making a ruling.

==Defendants are unwilling to stipulate to your proposed protective order, which is both unprecedented and unjustified.== Defendants have already outlined their objections to the order in prior correspondence and so will not repeat them here. Suffice it to say that defendants do not believe that there is any basis for entry of plaintiffs' proposed order.

While defendants appreciate plaintiffs' recognition that the burden of persuasion rests with the designating party, this does not alter defendants' objections to the proposed order. In defendants' estimation, even if corrections were made to the provision dealing with burden, the proposed order would still run afoul of the requirements of Rule 26(c) and the case law on anonymity by permitting plaintiffs to hide witness information without making the requisite showing of reasonable fear of retaliation.

Defendants also take issue with plaintiffs' attempt to characterize defendants' objections

to their proposed order as a dispute about defendants' discovery obligations. On October 12, 2007, defendants sent plaintiffs a proposed Privacy Act protective order that would have made it possible for defendants to disclose agency documents protected by the Privacy Act, 5 U.S.C. § 552a. As plaintiffs are well aware, without a court order, the VA is prohibited by law from disclosing protected information. Had plaintiffs stipulated to entry of defendants' proposed order and raised the issue of witness anonymity in a separate motion, the Privacy Act would not now be a barrier to defendants' production of documents. Plaintiffs instead elected to condition entry of a Privacy Act order – a routine order that plaintiffs profess to find acceptable – on the entry of their highly unusual motion to hide witnesses from defendants. The major contested portions of plaintiffs' pending proposed order do not relate to discovery, but rather to plaintiffs' ability to submit information to the Court but keep it hidden from defendants.

Should plaintiffs wish to enter a Privacy Act protective order, defendants remain open to discussion and suggest that their October 11 proposed order form the basis of discussions, with modifications made to account for the special requirements for disclosure provided in 38 U.S.C. § 7332.

Sincerely,

Kyle R. Freeny