# EXHIBIT 13

**MORRISON | FOERSTER**

400 CAPITOL MALL
SUITE 2600
SACRAMENTO
CALIFORNIA 95814-4428

TELEPHONE: 916.448.3200
FACSIMILE: 916.448.3222

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 29, 2008

Writer's Direct Contact
916.325.1313
WJanicki@mofo.com

*Via Facsimile and E-Mail*

Mr. Kyle Freeny, Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC  20530

Re:   *Veterans for Common Sense v. Mansfield*
      N.D. Cal. No. C-07-3758

Dear Mr. Freeny:

Thank you for your letter January 25, 2008 clarifying Defendants' position regarding Plaintiffs' proposed protective order. It is unfortunate that "Defendants are unwilling to stipulate to" the proposed protective order, and that the Court must resolve this issue that should be resolved between the parties.

Plaintiffs' proposed order provides all the protections necessary to disclose Privacy Act material and you have again failed to state any provision that is deficient in this regard. This Court has found sufficient a protective order governing Privacy Act material which limits access to confidential information to counsel and their staffs and the court, which permits use only for purposes of the litigation, and provides for the destruction or return of the information upon conclusion of the litigation. *Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D. Cal. 1999). Plaintiffs' proposed order contains all these provisions.

Your conclusion that "Defendants do not believe that there is any basis for entry of plaintiffs' proposed order" is contradicted by your objection to discovery for Privacy Act concerns and this Court's sealing order for veteran and family member personal identifying information. Indeed, you continue to object to discovery because there is no protective order in place. Plaintiffs' proposed order provides all the protections you require.

Your position that Plaintiffs' refusal to stipulate to Defendants' proposed Privacy Act protective order is the reason for the "barrier to defendants' production of documents" is unreasonable and misleading as the scope of protection provided by Defendants' proposed order was limited only to material covered by the Privacy Act. It is clear that the scope of

sf-2458854

MORRISON | FOERSTER

Freeny
January 29, 2008
Page Two

material subject to the protective order governing this case must be broader than Privacy Act material and include the types of information covered by Plaintiffs' order such as witness testimony, declarations, and personal identifying information.

Your objections to the "Attorney Eyes Only" protections for certain personal identifying information is not well taken. These protection are not "highly unusual" as you characterize them. Attorney Eyes Only provisions are part of the model Stipulated Protective Order for the Northern District of California and are routinely used to protect highly sensitive, confidential, information. This provision does not keep information hidden but provides appropriate protections for sensitive information. This Court has routinely found it appropriate for private information to be restricted to attorney eyes only. *Id.; see also ICG Communications, Inc. v. Allegiance Telecom*, 211 F.R.D. 610, 614 (N.D. Cal. 2002) ("In light of the privacy concerns, however, there is good cause for a protective order limiting the production for attorney eyes only.")

I regret that we could not resolve this dispute without court intervention.

Sincerely,

*William D. Janicki*
William D. Janicki

sf-2458854