GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
PAUL J. TAIRA (CA SBN 244427)
PTaira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

[see next page for additional counsel for Plaintiffs]

Attorneys for Plaintiffs
VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC., <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br>JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br>　　　　　　Defendants. | Case No.　　C-07-3758-SC <br><br>**CLASS ACTION** <br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY FROM THE U.S. COURT OF APPEALS FOR VETERANS CLAIMS** <br><br>Date:　March 7, 2008 <br>Time:　10:00 a.m. <br>Place:　Courtroom 1, 17th Floor <br>Judge:　Hon. Samuel Conti <br><br>Complaint Filed: July 23, 2007 |

PLS.' OPP. TO DEFS.' MOT. FOR CAVC PROTECTIVE ORDER — Case No. C-07-3758-SC

sf-2463324

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone:  510.665.8644
Facsimile:  510.665.8511

BILL D. JANICKI (CA SBN 215960)
WJanicki@mofo.com
MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
Sacramento, California 95814-4407
Telephone:  916.448.3200
Facsimile:  916.448.3222

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT BACKGROUND ....................................................................................... 1

III. DEFENDANTS ARE NOT ENTITLED TO THE BLANKET STAY OF RELEVANT DISCOVERY FROM THE CAVC AND ITS ADMINISTRATIVE OFFICERS. ................................................................................. 4

    A. The Burden for a Blanket Stay Is Extraordinarily High. ................................... 4

    B. Defendants Have Not Carried Their Heavy Burden to Justify any, Let Alone a Blanket, Stay. ............................................................................ 4

    C. Judicial Privilege Is More Appropriately Addressed Through Discovery Objections. ........................................................................................ 6

IV. PLAINTIFFS ARE ENTITLED TO DISCOVERY FROM THE CAVC EVEN IF JUDGE GREENE IS DISMISSED, AND THEREFORE WOULD BE PREJUDICED IF A STAY IS GRANTED. ...................................................................................................................... 7

V. DEFENDANTS ARE UNLIKELY TO PREVAIL ON THEIR MOTION TO DISMISS GREENE, AND THEY WILL NOT SUFFER ANY PREJUDICE. ................................................................................................. 8

    A. Defendants Overlooked an Important Exception to Sovereign Immunity and Are Not Likely to Prevail on Their Motion to Dismiss Greene. ................................................................................. 8

    B. Defendants Would Not Suffer Any Prejudice. ................................................... 8

VI. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*B.R.S. Land Investors v. United States*,
  596 F.2d 353 (9th Cir. 1979) .................................................................................................... 5

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975) .................................................................................................... 4

*Cytosport, Inc. v. Nature's Best, Inc.*,
  No. CIV S-06-1799, 2007 U.S. Dist. LEXIS 29039 (E.D. Cal. Apr. 4, 2007) ......................... 4

*Fann v. Floied*,
  No. 4:03-CV-042 (JARVIS/SHIRLEY), 2006 U.S. Dist. LEXIS 21723
  (E.D. Tenn. Mar. 28, 2006) .................................................................................................. 7, 8

*Gray v. First Winthrop Corp.*,
  133 F.R.D. 39 (N.D. Cal. 1990) ............................................................................................ 4, 6

*In re: Bankers Trust Co.*,
  61 F.3d 465 (6th Cir. 1995) ...................................................................................................... 7

*In Re: United Telecomms., Inc. Sec. Litig.*,
  1992 Fed. Sec. L. Rep. (CCH) ¶ 96,575 (D. Kan. June 27, 1991) ........................................... 4

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) .................................................................................................... 5

*Kaufman v. Am. Family Mut. Ins. Co.*,
  No. 05-CV-02311-WSM-MEH, 2006 U.S. Dist. LEXIS 71759 (D. Colo. Oct. 2, 2006) ......... 6

*Kissinger v. Reporters Comm. for Freedom of the Press*,
  445 U.S. 136 (1980) .................................................................................................................. 7

*Kron Med. Corp. v. Groth*,
  119 F.R.D. 636 (M.D.N.C. 1988) ............................................................................................. 4

*Lithgow v. Edelmann*,
  No. 3:06CV00955 (CFD), 2007 U.S. Dist. LEXIS 94041 (D. Conn. Dec. 7, 2007) ............... 4

*Moss v. Hollis*,
  1990 Fed. Sec. L. Rep. (CCH) ¶ 95,443 (D. Conn. June 29, 1990) ......................................... 6

*Patterson v. United States Postal Serv.*,
  901 F.2d 927 (11th Cir. 1990) .................................................................................................. 5

*United States Catholic Conference v. Abortion Rights Mobilization, Inc.*,
  487 U.S. 72 (1988) .................................................................................................................... 5

*United States v. Yonkers Bd. of Educ.*,
   893 F.2d 498 (2d Cir. 1990) .................................................................................................... 4, 5

*Veterans for Common Sense v. Nicholson*,
   No. C-07-3758, 2008 U.S. Dist. LEXIS 4540 (N.D. Cal. Jan. 10, 2008) ................................. 2

**RULES**

Fed. R. Civ. Proc.
   26(b)(1) ........................................................................................................................................ 7
   26(b)(5) ........................................................................................................................................ 7

## I.     INTRODUCTION

This hybridized motion for both a stay and a protective order is Defendants' third attempt to present generalized discovery objections under the guise of a humble request to stay discovery pending the outcome of a motion to dismiss. The extraordinary relief requested should be denied for several important reasons. First, a stay of discovery carries a heavy burden, especially when, as here, the Court already overruled the motion to dismiss the entire Complaint and the pending motion relates to only a single defendant with key discoverable evidence. Irrespective of the outcome of their current motion to dismiss Defendant Greene, the discovery sought regarding the CAVC is relevant to Plaintiffs' due process claims that survived the pleadings challenge. Second, just like Defendants' past two procedural mutts, the current crossbreed motion for stay/protective order is not simply a motion to stay discovery pending the motion to dismiss, but presents generalized objections to five of the pending document requests in an effort to circumvent discovery procedures set forth by the Federal Rules. Discovery objections are more appropriately addressed through written objections to specific requests; however, Defendants have not yet served objections to the requests at issue, which were served last fall. Finally, as with the previous motion to dismiss, Defendants greatly exaggerate their chances of prevailing on the merits. The pending motion to dismiss Defendant Greene completely overlooks an applicable exception to the sovereign immunity doctrine, making success on their motion to dismiss unlikely. As a practical matter, Defendants will not suffer any prejudice should this Court deny their motion for a stay of discovery. The document requests of which they complain are not among the small subset of document requests Plaintiffs agreed to prioritize for production prior to the March 7 hearing, and Defendant Greene's deposition will not be set prior to a decision on the motion, and was in fact originally noticed for three weeks *after* the motion hearing date. Based on the foregoing reasons and as set forth more fully below, Defendants' motion should be denied.

## II.    RELEVANT BACKGROUND

**Defendants' Motions to Dismiss.** This motion is Defendants' third successive motion seeking to avoid discovery premised on a pending motion to dismiss. At the outset of this litigation, Defendants moved to dismiss the Complaint in its entirety for lack of jurisdiction and

for failure to state a claim upon which relief may be granted (hereinafter "Original Motion to Dismiss"). That motion was denied on jurisdictional grounds and denied for failure to state a claim as to all but one of Plaintiffs' claims. *Veterans for Common Sense v. Nicholson*, No. C-07-3758 SC, 2008 U.S. Dist. LEXIS 4540 (N.D. Cal. Jan. 10, 2008) (hereinafter "MTD Order"). In the MTD Order, this Court also declined to rule on the sovereign immunity argument in support of the dismissal of Defendant Greene, because Defendants raised that argument for the first time on reply "and [] Plaintiffs have not had the opportunity to respond". MTD Order at *55. The Court granted Defendants leave to file a motion to dismiss Greene. On January 18, 2008, Defendants filed a renewed motion to dismiss Defendant Greene on sovereign immunity grounds (hereinafter, "MTD Greene.").[1]

**Initial Discovery and the First Two Protective Order Motions.** During the pendency of their Original Motion to Dismiss, Defendants consistently maintained that they were certain to win their motion and therefore no discovery was permissible. Plaintiffs held the opposite (and ultimately correct) belief that the Complaint would survive Defendants' motion. Plaintiffs began to pursue discovery after the completion of the Rule 26 conference in early October. Over the course of the following two months, Plaintiffs served two sets of requests for documents and a deposition notice. Instead of serving proper objections to discovery requests, Defendants filed a series of protective order motions: the first to stay discovery pending a ruling on the motion to dismiss (and improperly submitting extensive objections to the requests on burden grounds by way of declarations) and the second to prevent Plaintiffs from deposing the witnesses who submitted declarations in support of the improper burden objections. The Court stayed discovery while the motion to dismiss was taken under submission, but in its MTD Order held that the "Protective Order is now moot and Plaintiffs may proceed with discovery." MTD Order at *55.

**Discovery After the MTD Order.** Despite the Court's clear directive to proceed with discovery, Defendants have not yet served written responses to the document requests, most of

---

[1] The renewed motion also included a new argument to dismiss Attorney General Mukasey.

which have been pending since October, and have refused to produce the responsive documents or witnesses for deposition. Declaration of Heather A. Moser in Support of Plaintiffs' Opposition to Defendants' Motion for Protective Order to Stay Discovery from the U.S. Court of Appeals for Veterans Claims ("Moser Decl.") ¶ 2.) The case has been pending since July, and Plaintiffs obviously would like to receive materials relevant to the most pressing disputed issues, such as veteran suicide and system delay, which are at the heart of their pending motion for preliminary injunction.[2] In an effort to get some subset of documents in advance of their preliminary injunction reply, Plaintiffs' counsel identified thirteen of the most relevant and arguably least burdensome requests for documents as high priority. Moser Decl. ¶ 2, Ex. A. None of the requests that Defendants complain involve Greene or the CAVC were included in the thirteen prioritized requests. *Compare* Moser Decl., Ex. A (identifying Requests for Production Nos. 18, 35, 38, 73, 89, 102, 103, 114, 115, 118, 119, 149, and 154), *with* Defendants' Motion for Protective Order to Stay Discovery From the U.S. Court of Appeals for Veterans Claims (hereinafter "MPO") at 3:20-24 (citing Requests for Production Nos. 14, 63, 126, 127, and 188 as involving requests for CAVC documents). The parties also agreed to further negotiate regarding depositions, and no deposition date for Defendant Greene is set or even proposed to be prior to the hearing on the dismissal motion. Moser Decl. ¶ 3.

**Defendants' Third Protective Order Motion.** Amidst the January conversations regarding the long-overdue discovery, Defendants filed the present motion, their third motion for protective order to stay discovery filed since November. The present motion proposes to stay all discovery related to the CAVC, not just as to Defendant Greene, pending a ruling on the dismissal motion.[3] As set forth in more detail below, the present motion seeks a blanket prohibition on discovery to which Plaintiffs are entitled irrespective of whether Defendant Greene is dismissed, and improperly presents discovery objections in the form of a motion for protective order. It is

---

[2] The preliminary injunction motion is currently set to be heard concurrently with this motion and the motion to dismiss Defendant Greene, on March 7, 2008.

[3] The CAVC itself is not named as a defendant in the Complaint.

1  also another end run around the discovery process established by the Federal Rules of Civil
2  Procedure.

### III. DEFENDANTS ARE NOT ENTITLED TO THE BLANKET STAY OF RELEVANT DISCOVERY FROM THE CAVC AND ITS ADMINISTRATIVE OFFICERS.

#### A. The Burden for a Blanket Stay Is Extraordinarily High.

Defendants seek to prevent any and all discovery from Defendant Greene and the CAVC. The Federal Rules of Civil Procedure presumptively provide for the early initiation and continuance of discovery and disfavor blanket stays of discovery, placing a heavy burden on the party seeking such a stay. *See, e.g., Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). Under Federal Rule of Civil Procedure 26(c), Defendants have the substantial burden of establishing good cause to justify the extraordinary relief of a stay of discovery. *See Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990) (a party seeking a stay of discovery carries the heavy burden of making a strong showing of why discovery should be denied); *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988).

#### B. Defendants Have Not Carried Their Heavy Burden to Justify any, Let Alone a Blanket, Stay.

"'The mere filing of the motion [to dismiss] does not automatically stay discovery. Nor does it mean that a court will automatically grant a stay pursuant to Rule 26(c) simply because a defendant asks for one.'" *Cytosport, Inc. v. Nature's Best, Inc.*, No. CIV S-06-1799, 2007 U.S. Dist. LEXIS 29039 (E. D. Cal. Apr. 4, 2007) (citation omitted) (alteration in original). Contrary to Defendants' contention that courts consistently exercise their discretion to stay discovery "where it appears that a pending dispositive motion may make the discovery unnecessary," courts, in fact, have consistently rejected the pendency of a motion to dismiss as a basis for granting a blanket discovery stay. (MPO at 4:9-11) *See, e.g., Lithgow v. Edelmann*, No. 3:06CV00955 (CFD), 2007 U.S. Dist. LEXIS 94041, **1, 4 (D. Conn. Dec. 7, 2007) (denying discovery stay pending resolution of motion to dismiss on jurisdictional grounds); *In Re: United Telecomms., Inc. Sec. Litig.,* 1992 Fed. Sec. L. Rep. (CCH) ¶ 96,575 at **1, 10 (D. Kan. June 27, 1991) (noting denial of "repeated" requests for discovery stay); *see generally United States v.*

*Yonkers Bd. of Educ.*, 893 F.2d 498 (2d Cir. 1990) (pending dispositive motion did not entitle to stay of discovery).

Even if courts may exercise their discretion to grant discovery stays when resolution of a pending dispositive motion "may make the discovery unnecessary," the Court should not do so here. Defendants' pending motion, even if granted, does not render discovery from CAVC "unnecessary" or irrelevant to the remaining allegations. As discussed below, the discovery sought from CAVC remains highly relevant, and therefore discoverable, even if Defendant Greene is dismissed as a named party.

Defendants cite several cases for the proposition that a stay of discovery is particularly appropriate when a motion to dismiss challenges the court's subject-matter jurisdiction or involves pure legal questions. MPO at 4:14-5:1. These cases are inapplicable here, however, because each involves a motion to dismiss the *entire complaint*, the granting of which would arguably make the time and effort of compliance wasteful. *See, e.g. Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming grant of discovery stay pending motion to dismiss case in its entirety); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (same); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 365 (9th Cir. 1979) (approving court's denial of discovery *after* motion to dismiss granted with leave to amend); *United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 79-80 (1988) (limiting discovery to facts related to the court's subject-matter jurisdiction is appropriate pending a motion to dismiss *entire case for lack of subject-matter jurisdiction*). In contrast, the Court has already denied Defendants' motion to dismiss the entire Complaint. The limited motion to dismiss at issue here involves only one Defendant whose dismissal will neither end the case nor make the discovery sought unnecessary.

Moreover, Defendants' argument that they might prevail on their motion to dismiss does not satisfy the "showing of good cause" requirement:

> Defendants have done no more than to argue in conclusory fashion that their motions to dismiss . . . will succeed. . . . Idle speculation does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it

> would undercut the Federal Rules' liberal discovery provisions. The motions referred to by defendants will be decided in due course; in the meantime, defendants may only seek to attack the discovery requests by means of objections, if appropriate, as provided in the Federal Rules.

*Gray v. First Winthrop Corp.*, 133 F.R.D. at 40. In fact, courts generally refuse to examine the merits of a complaint on a motion to stay discovery, unless the complaint is patently "frivolous." *Moss v. Hollis*, 1990 Fed. Sec. L. Rep. (CCH) ¶ 95,443 (D. Con. June 29, 1990) at ¶ 97,260; *Gray v. First Winthrop Corp.*, 133 F.R.D. at 40. Since the Complaint in this action survived Defendants' initial motion to dismiss, it can hardly be argued that the Complaint is frivolous.

### C. Judicial Privilege Is More Appropriately Addressed Through Discovery Objections.

The Federal Rules of Civil Procedure set forth the specific procedures for objecting to discovery. Any discovery from which Defendants seek relief is properly addressed, pending disposition of their motion to dismiss, by way of objections, as provided for in the Federal Rules. *See Kaufman v. Am. Family Mut. Ins. Co.*, No. 05-CV-02311-WSM-MEH, 2006 U.S. Dist. LEXIS 71759 (D. Colo. Oct. 2, 2006); *Gray* at 40.

In lieu of objecting to specific discovery requests on judicial privilege grounds,[4] Defendants for the second time seek to stay discovery, this time with respect to Defendant Greene and the CAVC based on the notion that *some* of Plaintiffs' discovery requests *may* implicate judicial privilege. A broad stay of discovery based on general claims of privilege is not an "alternative means to preventing discovery," despite the VA's assertions to the contrary. MPO at 7:10-13. Rather, any assertion of privilege must specifically identify each document or

---

[4] Defendants also appear to be objecting to specific requests on the grounds that the requested documents are publicly available. MPO, at 6:6-8 & n.1. That objection is similarly misplaced in the context of a motion purportedly limited to the decision on the motion to dismiss and should more properly be made in a discovery objection. It is ironic that Defendants should argue that the relevant documents are publicly available, because they consistently dispute the accuracy of allegations in the Complaint (in the context of pleadings motions) concerning delay times based on those very same public documents. MTD Greene at 5 & n.7. Obviously, the CAVC must be privy to some non-public underlying information regarding the calculation of those delay figures to which Plaintiffs are entitled given that those figures do not match the public figures for the times between notice of appeal and final resolution.

communication and the type of privilege or protection being asserted[.] Fed. R. Civ. Proc. 26(b)(5). Defendants' repeated and improper attempts to avoid their obligations and further delay discovery should not be permitted, especially in light of the fact that no written objections have yet been served and those objections are now waived.[5]

### IV. PLAINTIFFS ARE ENTITLED TO DISCOVERY FROM THE CAVC EVEN IF JUDGE GREENE IS DISMISSED, AND THEREFORE WOULD BE PREJUDICED IF A STAY IS GRANTED.

A stay of discovery with regard to the CAVC and its administrative officers would prejudice Plaintiffs' interests. Plaintiffs are entitled to discovery regarding the CAVC regardless of the outcome of the pending motion. Under the Federal Rules, Plaintiffs are entitled to discovery on "any matter, not privileged, that is relevant to the claim or defense of any party. . . ." The information sought need not be admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1). Plaintiffs are entitled to discovery relevant to their due process claims predicated in part on the significant delays at every stage of the benefits determination process, including appeals at the CAVC. Compl. ¶¶ 128-168, 258-260. For example, veterans wait an average of 3.5 years for the resolution of their benefit appeals before the CAVC. Compl. ¶ 157. The nature, extent, and cause of those lengthy delays at the CAVC are highly relevant to Plaintiffs' Complaint independent of specific allegations concerning Defendant Greene. Whether those materials are sought through party discovery under the custody or control theory or through third-party mechanisms, Plaintiffs are nevertheless entitled to relevant documents from the CAVC. *See Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136 (1980) (a litigant must produce all discoverable documents or things responsive to a request that are in [its] possession, custody or control)[6]; *Fann v. Floied*, No. 4:03-

---

[5] Plaintiffs do not concede that the "judicial privilege" from discovery (which is generically asserted) is valid, but rather decline to address it in the present context. Plaintiffs reserve their right to address any applicable privilege objections to individual requests in the context of proper discovery procedures.

[6] Documents are deemed to be within the possession, custody, or control of a party if the party has actual possession, custody, or control of, or the legal right to obtain, the documents on demand. *In re: Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995).

1  CV-042 (JARVIS/SHIRLEY), 2006 U.S. Dist. LEXIS 21723 *10 (E.D. Tenn. Mar. 28, 2006) ("A
2  federal-court litigant . . . can seek to obtain the production of documents from a [non-party]
3  federal agency by means of a federal subpoena.").

4  Given the liberal discovery standards, Plaintiffs are ultimately entitled to the requested
5  discovery related to the CAVC and its administrative officers. Accordingly, a broad stay of
6  discovery pending the outcome of Defendants' motion to dismiss would prejudice Plaintiffs'
7  interests and should be denied.

**V. DEFENDANTS ARE UNLIKELY TO PREVAIL ON THEIR MOTION TO DISMISS GREENE, AND THEY WILL NOT SUFFER ANY PREJUDICE.**

**A. Defendants Overlooked an Important Exception to Sovereign Immunity and Are Not Likely to Prevail on Their Motion to Dismiss Greene.**

11  Defendants' motion to dismiss Defendant Greene will likely fail in light of the tremendous
12  harm inflicted upon veterans as a result of unreasonably delayed resolutions of their medical
13  claims. There is a long-standing exception to the principle of sovereign immunity, entirely
14  overlooked by Defendants, that permits suit against Defendant Greene. A suits against a
15  government officer for injunctive relief is not barred by sovereign immunity when the federal
16  officer has performed unconstitutional acts. Plaintiffs in this case allege exactly that: Defendant
17  Greene's management of the CAVC has resulted in gross delays in the resolution of veterans'
18  medical benefits claims so as to deny them their constitutional right to due process. Compl.
19  ¶¶ 47, 128-68. Plaintiffs' suit against Defendant Greene will likely proceed based on this
20  exception to the defense of sovereign immunity.

**B. Defendants Would Not Suffer Any Prejudice.**

22  As a practical matter, Defendants will not be prejudiced by a denial of their motion to stay
23  discovery against Defendant Greene and the CAVC. Defendants note that Defendant Greene's
24  deposition was noticed, but no deposition dates are currently set prior to the hearing on the
25  motion to dismiss, however, and the parties have just begun negotiating in general regarding
26  depositions. Moser Decl. ¶ __. Moreover, the date of the initial notice of deposition are
27  March 27 and 28, three weeks after the hearing date of March 7 for the motion to dismiss. MPO
28  at 3:25-26.

Defendants cite five outstanding document requests they argue pertain to Defendant Greene and the CAVC. MPO at 3:20-24 (citing RFP Nos. 14, 63, 126, 127, and 188). Documents responsive to those requests, although long overdue, are not included in a recent list of thirteen priority requests compiled in an effort to get some subset of documents in advance of their preliminary injunction reply. Moser Decl. ¶ 2, Ex. A. None of the requests that Defendants complain about involve Greene or the CAVC were included in the thirteen prioritized requests. *Compare* Moser Decl., ¶ 2, Ex. A (prioritizing Requests for Production Nos. 18, 35, 38, 73, 89, 102, 103, 114, 115, 118, 119, 149, and 154), *with* MPO at 3:20-24 (citing Requests for Production Nos. 14, 63, 126, 127, and 188 as involving requests for CAVC documents).

Finally, as a practical matter, the requested "stay" will be mooted by the Court's decision on the motion to dismiss, which is set for hearing on the same day. Plaintiffs suspect that, as with their previous motions for protective orders, Defendants are seeking to use the procedural device to more broadly avoid discovery obligations rather than simply to wait on discovery until the motion is decided. For that reason and those set forth above, the Court should decline to enter a blanket stay on what are essentially improper generalized objections to individual discovery requests, lest the Court's ruling pending the motion to dismiss be misinterpreted by Defendants as an endorsement of their discovery objections. There is an entire statutory procedure set in place in the Federal Rules that provides Defendants with the means to raise their objections in the proper manner with respect to individual requests.

## VI. CONCLUSION

For the reasons set forth herein, Defendants' motion for a stay and for protective order should be denied.

Dated: February 8, 2008

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
STACEY M. SPRENKEL
PAUL J. TAIRA
MORRISON & FOERSTER LLP

By   /s/ Heather A. Moser
       Heather A. Moser
       Attorneys for Plaintiffs