GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
PAUL J. TAIRA (CA SBN 244427)
PTaira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

[see next page for additional counsel for Plaintiffs]

Attorneys for Plaintiffs
VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.    C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS WILLIAM P. GREENE, JR. AND MICHAEL B. MUKASEY** <br><br> Date:    March 7, 2008 <br> Time:    10:00 a.m. <br> Ctrm:    1, 17th Floor <br><br> Complaint Filed July 23, 2007 |

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

BILL D. JANICKI (CA SBN 215960)
WJanicki@mofo.com
MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
Sacramento, California 95814
Telephone: 916.448.3200
Facsimile: 916.448.3222

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD .......................................................................................... 2

III.   A LONG-STANDING EXCEPTION TO SOVEREIGN
       IMMUNITY ALLOWS SUIT AGAINST A FEDERAL OFFICER
       FOR CONSTITUTIONAL VIOLATIONS. ........................................................ 2

IV.    THE BURDEN OF THE REQUESTED RELIEF WOULD BE
       MINIMAL AND IS GREATLY OUTWEIGHED BY THE
       PRIVATE HARM TO MENTALLY ILL AND SUICIDAL
       VETERANS. ........................................................................................................ 4

V.     CONCLUSION .................................................................................................... 6

## I. INTRODUCTION

The Motion to Dismiss Defendant William P. Greene, Jr. ("Greene") is based entirely on a faulty legal premise — that the "only possible waiver of sovereign immunity" is under the Administrative Procedure Act ("APA"). This is not so. There is an important and well-established exception to the principle of sovereign immunity that applies in this case, separate and apart from the APA.[1] Suits against government officers for injunctive relief are not barred by sovereign immunity when the officer is engaged in unconstitutional acts. Unconstitutional government actions can be halted by seeking an injunction against the individual officer responsible for executing the government's policy. That is exactly what Plaintiffs are seeking to do in this case.[2]

Plaintiffs seek declaratory and injunctive relief against Defendant Greene as the administrator of the Court of Appeals for Veterans Claims ("CAVC"); such relief was not sought lightly. Given the protracted and lengthening delays at the CAVC over the last decade, this is the only available remedy for the constitutional violations of due process being suffered by the multitude of veterans with unresolved claims before the CAVC. In analyzing the unconstitutional-acts exception to sovereign immunity, the Ninth Circuit considers whether the relief sought poses an intolerable burden, and weighs that burden against the risk of private harm. Here, the private harm to untreated veterans with PTSD waiting years for a determination of their eligibility for medical benefits is grievous. Many veterans commit suicide or suffer the consequences of untreated mental illness during the long wait for benefits. The burden on the government cannot outweigh the severity of the harm. Declaratory relief would impose no burden whatsoever, and injunctive relief requiring

---

[1] Although not necessary to the decision of the present motion, Plaintiffs do not agree with Defendants' narrow construction of the APA's waiver provision and Defendants' contention that the CAVC is not an agency subject to such waiver. The Administrative Procedure Act provides a broad waiver that Congress intended to "eliminate the sovereign immunity defense in *all* equitable actions for specific relief against a Federal agency or officer acting in an official capacity." *The Presbyterian Church v. United States*, 870 F.2d 518, 525 (9th Cir. 1989) (quoting H.R. Rep. No. 1656, 94th Cong., 2d Sess., *as reprinted in* 1976 U.S.C.C.A.N. 6121, 6129). No decision has held that the Court of Appeals for Veterans Claims is not an "agency" for the purposes of the APA. *See Matter of Rapp*, 73 Comp. Gen. 105 (1994) (finding CAVC an "agency"). Defendants' tortured reliance on Tax Court rulings adds nothing to the analysis.

[2] Plaintiffs will voluntarily dismiss Defendant Michael Mukasey.

compliance with the Constitution would not be a burden, much less an intolerable one, as the relief sought is fully consonant with the CAVC's statutory mission.  It is incumbent upon the federal government to comply with the Constitution.  This is the backdrop for the Court's consideration of Defendants' motion to dismiss, for, make no mistake about it, there is no remedy for the constitutional violations if Defendant Greene is dismissed.  For these reasons and those set forth below, Defendants' Motion to Dismiss Defendant Greene should be denied.

## II.   LEGAL STANDARD

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional . . . ." *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983).  Defendants' motion disregards the fact that dismissal is warranted only where "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).  "The nature of the [12(b)(1)] dismissal requires [the court] to accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  Where jurisdiction is intertwined with the merits, the court must "assume[] . . . the truth of [the] allegations in a complaint . . . unless controverted by undisputed facts in the record." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

## III.  A LONG-STANDING EXCEPTION TO SOVEREIGN IMMUNITY ALLOWS SUIT AGAINST A FEDERAL OFFICER FOR CONSTITUTIONAL VIOLATIONS.

Defendants premise their entire argument on a construction of the APA's statutory definitions.  Their statutory argument skirts past the critical threshold question of whether the defense of sovereign immunity even applies to Defendant Greene.[3]  In the case of a federal officer like Greene,

---

[3] In its January 10, 2008 Order denying Defendants' motion to dismiss, the Court noted that, with respect to sovereign immunity, "[b]oth parties agree that the Administrative Procedure Act ('APA'), 5 U.S.C. §§ 701-706, is the relevant statute for determining whether a valid waiver of sovereign immunity exists." *Veterans for Common Sense v. Nicholson*, No. C-07-3758 SC, 2008 U.S. Dist. LEXIS 4540, at *10 (N.D. Cal. Jan. 10, 2008).  It is true that the statutory waiver was required for the totality of the Defendants, because the United States itself and the various agency Defendants do not fall within the constitutional-violation exception to sovereign immunity; only individual federal officers acting unconstitutionally, like Defendant Greene, fall within this

(Footnote continues on next page.)

a waiver of sovereign immunity is not necessary. A long-standing doctrine dictates that sovereign immunity does not apply in the presence of unconstitutional acts: "It has long been established that sovereign immunity poses no bar to a suit against a federal officer who is alleged to have acted unconstitutionally or in excess of his statutory authority." *Santa Clara v. Andrus*, 572 F.2d 660, 679 (9th Cir. 1978) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949), and *Washington v. Udall*, 417 F.2d 1310, 1314 (9th Cir. 1969)).

Plaintiffs have properly alleged unconstitutional acts by Greene, including due process violations related to the unconscionable delays in the appellate process. Compl. ¶¶ 145-168, 258-260. The average length of time a veteran must wait for his or her CAVC appeal to be decided from the time the notice of appeal is filed is about 3.5 years. Compl. ¶ 157. That is 3.5 years *in addition to* the average 3.2 years it takes to resolve a claim for medical benefits at the Regional Office level and Board of Veterans Appeals prior to reaching the CAVC. Compl. ¶ 157. Defendant Greene is specifically named in the Complaint for his role in the management and administration of the CAVC. Compl. ¶ 47.[4] That management has resulted in the gross delays complained of in Plaintiffs' Complaint which violate the due process rights of veterans. Those delays will only grow worse as more soldiers serving in Iraq and Afghanistan become veterans.

Though some circuits have barred suits that fall within this "officer's suit" exception to sovereign immunity if the "relief requested cannot be granted by merely ordering the cessation of the conduct complained of," *Larson*, 337 U.S. at 691 n.11, the Ninth Circuit "has never interpreted *Larson* as an absolute bar to every action against the sovereign in which affirmative relief . . . is sought," *Santa Clara*, 572 F.2d at 679. Instead, the Ninth Circuit employs a balancing test wherein a suit would fail only if "the relief sought would work an intolerable burden on the government which

---

(Footnote continued from previous page.)

exception. Therefore, the Court was correct in its assessment of the previous motion to dismiss that a statutory waiver was required and that Plaintiffs properly pled waivers under the APA.

[4] The Complaint makes it clear that Defendant Greene is "not named in his judicial capacity, but rather in his official capacity as the person responsible for the administration and management of CAVC." Compl. ¶ 47.

outweighs any considerations of the private harm." *Santa Clara*, 572 F.2d at 679 (holding that government burden was minimal as compared to economic injury suffered by city for denial of hydropower allocation, despite vehement argument by federal defendants that such a remedy would require wholesale alteration of all sales transactions between the U.S. and hydropower purchasers for the past seven years); *Martinez v. Marshall*, 573 F.2d 555, 560-61 (9th Cir. 1977) (holding that reimbursement of funds to thousands of class members was not intolerably burdensome on government in comparison to the "considerable harm" that would befall the unemployed plaintiffs if the funds were not paid). As set forth below, the burden of the requested relief would be minimal and the private harm of prolonged adjudication delays for mentally ill and suicidal veterans is irreparable and incalculable, tipping the balance decidedly in favor of the exception to sovereign immunity.

### IV. THE BURDEN OF THE REQUESTED RELIEF WOULD BE MINIMAL AND IS GREATLY OUTWEIGHED BY THE PRIVATE HARM TO MENTALLY ILL AND SUICIDAL VETERANS.

Under the Ninth Circuit's balancing-of-the-harms test, the requested relief cannot possibly impose an "intolerable burden." As mentioned in Section III above, unreasonably delayed resolution of veterans' medical benefits claims violates constitutional due process. Defendant Greene administers the day-to-day operations of the CAVC, and such duties directly impact veterans' service connected death and disability compensation ("SCDDC"), and veterans' ability to receive medical care once their health conditions are determined to be service connected. Undue delay in the system causes veterans without appropriate benefits and medical care to suffer further physical and mental degeneration, and in some cases death. Justice delayed is tantamount to justice denied. *United States Fidelity & Guaranty Co. v. Helm*, 84 F.2d 546, 547 (9th Cir. 1936).

The relief sought is limited. Plaintiffs' due process cause of action seeks a declaratory judgment that the CAVC's management results in unconstitutional delays violating due process. A declaratory judgment would impose no burden. Insofar as the Complaint seeks injunctive relief to redress due process violations, any burden on the government in ensuring its administration comports with the Constitution is far outweighed by the often life-or-death needs of veterans. *See Lowry v. Social Security Administration*, No. CV-99-1210-ST, 2000 WL 730412, at *14 (D. Or. June 7, 2000) (holding sovereign immunity did not bar suit against administrative law judges because the need for a

1  neutral decision-maker is "paramount," while "[r]equiring the [Social Security Administration] to
2  ensure that its ALJs are adequately performing their jobs places no extra undue burden on the SSA").
3  Courts are permitted to hold federal officials "to the standards required by the Constitution." *Id.*

4  Even if Defendants could meet the high threshold of "intolerable burden," which they cannot,
5  the burden must be counterbalanced against the resulting private harm should sovereign immunity bar
6  the requested relief. The private harm to veterans with untreated PTSD can result in the most
7  extreme example of harm imaginable: death. As set forth in the Complaint and the pending motion
8  for preliminary injunction, there is a suicide epidemic among veterans. Compl. ¶¶ 169-172. For
9  example, in 2005, ***veterans committed suicide at the rate of 120 veterans per week***. Even senior
10 officials within the VA have been forced to admit that "suicide is a major problem."[5] In the context
11 of the injunction, the VA itself has admitted that it does not dispute the undeniable proposition that
12 death constitutes irreparable harm. Memorandum in Opposition to Plaintiffs' Motion for Preliminary
13 Injunction, at 20-21 ("[D]eath is irreparable harm; defendants certainly do not argue otherwise."); *see*
14 *also Consiglio v. Woodford*, No. CIVS051701GEBGGHP, 2005 WL 2810356 at *12 (E.D. Cal. Oct.
15 26, 2005) (suicide); *Lee v. Oregon*, 869 F. Supp. 1491, 1501 (D. Or. 1994) (death). Even for veterans
16 who are not suicidal, a denial of or delay in treatment for their PTSD itself constitutes harm and can
17 lead to other serious harms. Compl. ¶ 199; *see Beltran v. Myers*, 677 F.2d 1317, 1322 (9th Cir. 1982)
18 (denial of medical care is irreparable harm). For example, veterans returning from combat afflicted
19 with PTSD can experience years of inability to function in society, failure to hold a job and maintain
20 a relationship, endless sleepless nights, and a constant state of fear and paranoia. Compl. ¶ 9.
21 Veterans suffering from PTSD are also becoming homeless. Compl. ¶¶ 9, 27. All these harms could
22 potentially be avoided by resolving veterans' claims in a timely manner and thereby providing them
23 with proper and necessary medical treatment and disability compensation.

---

[5] The relevant study and interview conducted by CBS, submitted in support of Plaintiffs' preliminary injunction motion, took place after the Complaint was filed. Prior to the CBS suicide study, the VA had never conducted its own study, or at least had not released any such data to the public.

Veterans themselves do not represent the only component of private harm. Claims left pending for years cause tangible harm to veterans' families.[6] Additionally, persistent and untreated mental health problems result in higher price tags for the American public in the long run, since taxpayers fund the VA system as well as county and state social services.

Defendant Greene plays a pivotal role in ensuring that the appeals of disabled veterans are handled expeditiously and the automatic lifetime heath care eligibility of veterans whose disabilities are found to be service-connected. He administers the Article I veterans claims system — an arm of the Executive Branch created by the VJRA — and, as the administrative head of that body, controls the process afforded veterans in having their service-connected benefits claims, and thus their continued eligibility for VA health care, decided. As a practical matter, if sovereign immunity bars relief for delays in violation of the Due Process Clause of the Constitution, veterans will be left without any remedy for the adjudication delays that contribute to a tragic suicide epidemic and the personal tragedies of thousands of other untreated mentally ill men and women.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order denying the Motion to Dismiss Greene, or, in the alternative, grant Plaintiffs leave to amend the Complaint.

Dated: February 8, 2007

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
BILL D. JANICKI
STACEY M. SPRENKEL
PAUL J. TAIRA
MORRISON & FOERSTER LLP

By: /s/ Heather A. Moser
Heather A. Moser (HMoser@mofo.com)

Attorneys for Plaintiffs

---

[6] The VA's mission is "[t]o care for him who shall have borne the battle, and for his widow and his orphan." In stark contrast to the values espoused by this mission is the reality of VA's operations, which are failing to provide the statutorily mandated benefits and medical care for veterans suffering from PTSD. The first step towards redressing that failure is curing the impossible backlog in the benefits claims systems to at least comply with basic due process requirements.