GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
MORRISON & FOERSTER LLP
101 Ygnacio Valley Road, Suite 450
P.O. Box 8130
Walnut Creek, California 94596-8130
Telephone: 925.295.3300
Facsimile: 925.946.9912

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

**[see next page for additional counsel for Plaintiffs]**

Attorneys for Plaintiff(s)
VETERANS FOR COMMON SENSE, and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC.,

Plaintiffs,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*,

Defendants.

Case No. C-07-3758-SC

**CLASS ACTION**

**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE REPLY DECLARATION OF MOTHER CONTAINING PERSONAL IDENTIFYING INFORMATION UNDER SEAL**

**CIV. L.R. 79-5; 7-11**

Submitted for Immediate Determination

Complaint Filed July 23, 2007

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
PAUL J. TAIRA (CA SBN 244427)
PTaira@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

WILLIAM D. JANICKI (CA SBN 215960)
WJanicki@mofo.com
MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
Sacramento, California 95814
Telephone: 916.448.3200
Facsimile: 916.448.3222

Plaintiffs VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC. ("Plaintiffs") seek an order from this Court to file the Reply Declaration of Mother in Support of Plaintiffs' Motion for Preliminary Injunction under seal. ("Reply Mother Declaration"). The Reply Mother Declaration contains details regarding a veterans' exposure to combat in Iraq, his subsequent development of PTSD symptoms, and the tragic suicide of this veteran. This confidential and private medical information has been lodged under seal to protect the witness's privacy interests and to prevent exposure to retaliation and harassment.

This Court has previously granted Plaintiffs' similar motion in connection with Plaintiffs' Motion for Preliminary Injunction, filed December 11, 2008. ("MPI"). Plaintiffs' MPI was supported by eight veteran and family member declarations containing similar confidential and private medical information. Based upon privacy and retaliation concerns, this Court granted Plaintiffs' administrative motion to file those declarations under seal in its order January 10, 2008.

The Court should similarly grant Plaintiffs' administrative motion, pursuant to Civil Local Rules 7-11 and 79-5, sealing the personal identifying information contained in the Reply Mother Declaration. This Administrative Motion is supported by the Declarations of Gordon P. Erspamer, Paul Taira, Heather A. Moser, and Philip E. Cushman in Support of Plaintiffs Motion for Protective Order, previously filed on November 30. 2007.[1]

## I. LEGAL STANDARD

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Nursing Home Pension Fund v. Oracle Corp*., C01-00988 MJJ, 2007 WL 3232267 at *1 (N.D. Cal. Nov. 1, 2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). For documents attached to non-dispositive motions, however, "'the usual presumption of the public's right of access is rebutted.'" *Id.* at *2, quoting *Foltz v. State Farm Mut. Auto. Ins.* Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). A motion for preliminary injunction is not dispositive for purposes of sealing

---

[1] Plaintiffs' Motion for Protective Order Restricting Disclosure of Confidential and Private Information and Prohibiting Retaliation is set for hearing February 22, 2008.

records. *In re Nat'l Sec. Agency Telecomms. Records Litig.*, MDL Docket No. 06-1791 VRW, 2007 WL 549854 at *4 (N.D. Cal. Feb. 20, 2007). In such circumstances, the "good cause" standard of Federal Rule of Civil Procedure 26(c) will warrant the sealing of documents attached to non-dispositive motions. *Nursing Home Pension Fund*, 2007 WL 3232267 at*2 (quoting *Foltz* 331 F.3d at 1180). Rule 26(c) authorizes a court to enter "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, this Court may order the Reply Mother Declaration be filed under seal for "good cause" in accordance with Civil Local Rule 79-5.

Trial courts have broad discretion in determining what constitutes good cause, whether good cause exists, and, if it does exist, what protection is appropriate when considering a protective order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Ninth Circuit recognizes the privacy protection afforded to personal medical information. *Roe v. Sherry*, 91 F.3d 1270, 1274 (9th Cir. 1996) (recognizing an individual's "strong interest in protecting the confidentiality of [one's medical] status."). The right of privacy in the confidentiality of medical records has been accepted as good cause to seal court records. *Kamakana* 447 F.3d at 1186; *Planned Parenthood Fed'n of Am., Inc. v. Ashcroft*, No. C03-4872 PJH, 2004 WL 432222 at *2 (N.D. Cal. Mar. 5, 2004) (granting request to seal medical record); *Samuels v. Cal. Dep't of Corrections & Rehab.*, No. CIV 5-05-2337 GEB JFM P, 2007 WL 1345701 at *10 (E.D. Cal. May 8, 2007) (documents containing mental health records ordered filed under seal).

In addition, the Supreme Court has stated that access to judicial records "has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit agrees that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179, quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). The Ninth Circuit has found not only good cause, but "that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm...." *Nursing Home Pension Fund*, 2007 WL 3232267 at *2; see also *Foltz*, 331 F.3d at 1134-

37; *Kamakana*, 447 F.3d at 1184-86. The protection of confidential private information "is of particular importance" when "witnesses can be susceptible to retaliation and harassment." *Nursing Home Pension Fund*, 2007 WL 3232267 at *2. A protective order is warranted to in such cases "to reduce fears about litigation (expense, invasions of privacy, burdensome distractions, etc.) that can dissuade parties whose rights have been violated from even trying to use the courts to seek redress." *Humbolt Baykeeper v. Union Pac. R.R. Co.*, 244 F.R.D. 560, 563 (N.D. Cal. 2007).

In this case, the privacy interests in protecting sensitive personal medical information along with the witness' susceptibility to retaliation and harassment outweigh the public's right to access.

## II. GOOD CAUSE EXISTS TO SEAL PERSONAL INDENTIFYING INFORMATION CONTAINED IN THE REPLY MOTHER DECLARATION

As more fully explained in the previously filed Declarations of Gordon P. Erspamer ("Erspamer Decl."), Paul Taira ("Taira Decl."), and Philip E. Cushman ("Cushman Decl."), good cause exists for filing this information under seal as it contains sensitive personal medical information, and public disclosure would expose the witness to retaliation and harassment.

The veteran described in the Reply Mother Declaration suffered from Post-Traumatic Stress Disorder ("PTSD"), which is a severe mental condition. The declaration details the symptoms, diagnoses, and treatment for PTSD, as well as information relating to benefit claims for PTSD with the Department of Veterans Affairs ("VA"). The veteran referenced in the declaration has also committed suicide. This information is protected by statutory and constitutional rights to privacy and should be subject to limited disclosure. As the Ninth Circuit acknowledges, "Congress has recognized the importance of privacy in medical records in a variety of contexts, most prominently in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936 (1996)." *United States v. Comprehensive Drug Testing, Inc.*, 473 F.3d 915, 970 (9th Cir. 2006). The information is further protected from public disclosure by the Privacy Act, 5 U.S.C. §§ 552a, *et seq*. *St. Michael's Convalescent Hosp. v. Cal.*, 643 F.2d 1369, 1372-73 (9th Cir. 1981).

More importantly, the identity of this individual should be kept from the VA to protect against possible retaliation and harassment. The threat of retaliation is serious and real, as expressed by numerous veterans interviewed in connection with this lawsuit and the actual experience of witnesses

in prior litigation against the VA. Taira Decl., ¶ 2; Cushman Decl., ¶¶ 4-9; Erspamer Decl., ¶¶ 3-7. Reprisals against a veteran may include adverse actions on pending claims for benefits from the VA, suspension of any action at all on pending claims, and a refusal from the VA to treat the veterans for PTSD or other medical needs. Taira Decl., ¶ 3; Erspamer Decl., ¶¶ 5-7. In this instance, the witness may be retaliated against through adverse action on any claim related to service-connected death benefits or by delay or denial of access to her son's VA or military service records. These fears are not unfounded as witnesses in prior cases against the VA suffered retaliation similar to those described above. Erspamer Decl., ¶¶ 3, 5-7; Cushman Decl., ¶¶ 4-9. There would be no prejudice to the VA by the issuance of this sealing order. The VA and the general public simply have no need for access to the personal identifying information contained in the Reply Mother Declaration. The VA's interest can be fully protected by access to this information by the VA's counsel at the Department of Justice alone.

## III. PLAINTIFFS' SEALING REQUEST IS NARROWLY TAILORED

Plaintiffs seek protection only for the personal identifying information of individuals with a legitimate privacy interest and with a genuine fear of reprisal from the VA. The Reply Mother Declaration has been redacted and submitted under seal to protect this information. Consequently, the proposed order is narrowly tailored to seal only that information for which good cause is shown.

## IV. PLAINTIFFS' PROPOSED PROTECTIVE ORDER SHOULD CONROL THE DISCLOSURE AND USE OF THE REPLY MOTHER DECLARATION

Plaintiffs' Motion for Protective Order Restricting Disclosure of Confidential and Private Information and Prohibiting Retaliation is set for hearing March 7, 2008. Plaintiffs' submitted a revised Proposed Order in its reply brief to reflect the efforts of the parties to meet and confer on the terms of the protective order. Plaintiffs therefore request that the information filed under seal be given the protections described in Plaintiffs' revised Proposed Protective Order, filed February 6, 2008, until such time as a protective order is entered in this case. *Verigy US, Inc. v. Mayder*, No. C07-04330 MWH RL, 2007 WL 2429652 at *5 (N.D. Cal. Aug. 4, 2007).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiffs' Administrative Motion to File the Reply Declaration of Mother Containing Personal Identifying Information Under Seal. A Proposed Order has been filed and served herewith.

Dated: February 11, 2008

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
WILLIAMD D. JANICKI
STACEY M. SPRENKEL
PAUL J. TAIRA
MORRISON & FOERSTER LLP

By: /s/ William D. Janicki
William D. Janicki

Attorneys for Plaintiffs

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.