1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO
   United States Attorney
3  RICHARD LEPLEY
   Assistant Branch Director
4  DANIEL BENSING D.C. Bar No. 334268
   KYLE R. FREENY California Bar No. 247857
5  Attorneys
   United States Department of Justice
6  Civil Division, Federal Programs Branch

7  P.O. Box 883
   Washington, D.C.  20044
8  Telephone:  (202) 514-5108
   Facsimile:  (202) 616-8460
9  Email: Kyle.Freeny@USDOJ.gov

10 Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon.
   James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman,
11 Ulrike Willimon, the United States of America, Hon. Peter D. Keisler, and Hon. William P.
   Greene, Jr.

12
                        UNITED STATES DISTRICT COURT
13
                       NORTHERN DISTRICT OF CALIFORNIA
14
                                SAN FRANCISCO
15

16 VETERANS FOR COMMON SENSE and    )
   VETERANS UNITED FOR TRUTH,        )   No. C 07-3758-SC
17                                   )
         Plaintiffs,                 )   **OPPOSITION TO PLAINTIFFS'**
18                                   )   **ADMINISTRATIVE MOTION TO FILE**
     v.                              )   **REPLY DECLARATION OF MOTHER**
19                                   )   **CONTAINING PERSONAL**
   Hon. JAMES B. PEAKE, Secretary of )   **IDENTIFYING INFORMATION**
20 Veterans Affairs, *et al.*,       )   **UNDER SEAL**
                                     )
21       Defendants.                 )   [Civ. L.R. 7-11]
                                     )
22 _____   )

23

24

25

26

27

28
   Case No. C 07-3758-SC
   Opposition to Plaintiffs' Administrative Motion to File Reply Declaration of Mother Containing
   Personal Identifying Information Under Seal

1    Defendants oppose plaintiffs' effort, this time through an administrative motion, to
2 unfairly prevent the Department of Veterans Affairs (VA) and its staff from knowing and
3 investigating the factual allegations upon which plaintiffs intend to rely in making their case.
4 Defendants request that this Court not consider any witness declarations that defendants have not
5 been permitted to see in their entirety. Hiding witness identities and testimony from VA is
6 doubly inappropriate here, where the witness has herself not asserted any fear of retaliation and
7 there are no facts suggesting that she is in a position to seek VA benefits that could conceivably
8 be affected by her testimony. Plaintiffs' argument in the present motion consists of nothing more
9 than unsubstantiated allegations against VA which cannot suffice to discharge plaintiffs' burden
10 of establishing good cause. See Quair v. Bega, 232 F.R.D. 638, 641 (E.D. Cal. 2005). Plaintiffs
11 should not be permitted to use the expedited procedures for administrative motions under Civil
12 Local Rule 7-11 to rush through such an extraordinary and inappropriate measure when it is the
13 subject of a motion scheduled to be heard by the Court in March.
14    Defendants do not oppose an order securing witness information from public disclosure,
15 so long as defendants are permitted access to that information, and defendants have submitted a
16 proposed order that would do just that. Defendants request that the Court enter their proposed
17 order and deny plaintiffs' motion except to the extent that it seeks to protect the witness's
18 information from public disclosure.

**I.   Privacy Interests Cannot Justify Plaintiffs' Attempt to Hide Witness Information from Defendants**

Presumably realizing that their effort to hide witnesses from defendants is groundless, plaintiffs have once against attempt to conflate two entirely distinct issues – restrictions on the *public's* access to sensitive mental health information, something both parties support, and extraordinary restrictions on defendants' ability to know the very allegations against them. Notwithstanding plaintiffs' repeated and unwarranted attempts to portray otherwise, defendants have consistently supported measures to protect private medical information and sensitive

Case No. C 07-3758-SC
Opposition to Plaintiffs' Administrative Motion to File Reply Declaration of Mother Containing
Personal Identifying Information Under Seal                                                             1

1 information about personal tragedies from *public* disclosure.[1]

2 While privacy interests favor limiting the public's access to the identifying information of
3 the reply witness, confidentiality considerations cannot justify restrictions on defendants' access
4 to such information. Since the veteran whose identity has been redacted from the declaration in
5 question was allegedly a VA patient, VA would be expected to already have in its possession his
6 private medical records – records that VA is bound by law to safeguard against improper
7 disclosure. See, e.g., 5 U.S.C. § 552a. Keeping the veteran's identity from defendants would not
8 protect his or his family's privacy so much as it would prevent defendants from accessing his
9 records and from investigating and responding to his mother's allegations against VA.

10 The only authorities cited by plaintiffs in their present motion deal with public access to
11 information and provide no support whatsoever for hiding information from an opposing party.[2]
12 Accordingly, this Court should grant only that part of plaintiffs' motion that relates to public
13 access and deny the remainder.

**II.   Plaintiffs Have Made No Showing of Cause to Hide the Witness's Identity from Defendants**

It is not surprising that plaintiffs have failed to cite any authority in support of their effort
to hide this witness's identity from defendants. The bar for establishing good cause to hide

---

[1] Plaintiffs' reply on their motion for protective order, Docket Entry (DE) 113, completely mischaracterizes defendants' position, both as expressed in their opposition to plaintiffs' motion and as communicated directly to plaintiffs. Plaintiffs' attempt to create the false impression of a dispute – specifically their false contention that defendants objected to protecting confidential information from public disclosure or opposed the provision of their proposed protective order (¶ 2.4) that would provide such protection – is unwarranted. Nowhere in defendants' opposition to plaintiffs' motion for protective order have defendants objected to restrictions on public disclosure. Quite the contrary, defendants emphasized their support for protecting confidential medical information. See Opposition to Motion for Protective Order at 1:15-1-6, DE102.

[2] See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003) (intervenor seeking public access); Kamakana v. City & County of Honolulu, 447 F.3d 1172 (9th Cir. 2006) (same); In re Nat'l Sec. Agency Telecomms. Records Litig., 06-1791, 2007 WL 549854 (N.D. Cal. Feb. 20, 2007) (same); Samuels v. Cal. Dep't of Corrections & Rehab., 5-05-2337, 2007 WL 1345701 (E.D. Cal. May 8, 2007) (contents of sealed documents known to both parties); Nursing Home Pension Fund v. Oracle Corp., C01-00988, 2007 WL 3232267 (N.D. Cal. Nov. 1, 2007) (same).

1  witness information from an opposing party is exceedingly high.  Quair v. Bega, 232 F.R.D. at
2  642 (describing measure as "extreme").  Plaintiffs have offered neither facts nor legal argument
3  to justify infringing defendants' right to ascertain the full extent of the allegations against them.
4  See Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d at 1062, 1071 (9th Cir. 2000)
5  (permitting party anonymity *at pleading stage* where the parties *had actually been threatened*
6  with "extraordinarily severe" retaliation and defendant would not be prejudiced).

7   Here, plaintiffs have not merely made made a weak showing of good cause – they have
8  failed to make *any* showing of good cause.  Nowhere has the witness alleged that she fears
9  retaliation from VA.  This alone is fatal to plaintiffs' present motion.  See Foltz, 331 F.3d at
10 1130-31 (requiring particularized showing).  Moreover, there is no indication whatsoever that
11 there is a reason for the witness to fear retaliation here.  See Doe, 214 F.3d at 1071 (fear must be
12 reasonable).  Plaintiffs have not only failed to establish that VA is likely to retaliate in any
13 general sense, see Opp. to Protective Order, Part I.B, but it is also unclear how this witness could
14 even become the subject of retaliation when she has not articulated how, as the mother of a
15 veteran, she is in receipt of or entitled to VA benefits.

16  Plaintiffs' only "evidence" of retaliation are the affidavits submitted in support of their
17 motion for protective order.  See Docket Entries 56-60.  For the reasons set forth in greater detail
18 in defendants' opposition to that motion, see Docket Entry 102, those affidavits are wholly
19 insufficient to justify the extraordinary measure of witness anonymity.  Plaintiffs cannot deny
20 defendants access to witness identities on the basis of hearsay, the opinion of their counsel, or
21 conclusory allegations from over two decades ago.  See, e.g., Bank v. Melli Iran v. Pahlavi, 58
22 F.3d 1406, 1412 (9th Cir. 1995) (attorney opinion "entitled to no weight"); Coleman v. Exxon
23 Chem. Corp.., 162 F. Supp. 2d 593, 625 (S.D. Tex 2001) (discrimination incident 20 years prior
24 not probative); Qualls v. Rumsfeld, 228 F.R.D. 8, 11 (D.D.C 2005) (affidavits unpersuasive
25 where submitted by third parties with "no discussion of the Doe plaintiffs' particular situations").

26  Plaintiffs are left to rely solely on their groundless assertion that the witness may face
27 "delay or denial of access to her son's VA or miliary records."  Administrative Motion at 4:6.
28 Plaintiffs have introduced no evidence whatsoever in support of this contention – either in this

Case No. C 07-3758-SC
Opposition to Plaintiffs' Administrative Motion to File Reply Declaration of Mother Containing
Personal Identifying Information Under Seal      3

motion or in their motion for protective order. By all appearances, this allegation is fashioned out of whole cloth[3] and is an indication of the lengths to which plaintiffs are willing to go to create the appearance of a problem that simply does not exist. Plaintiffs' "unsubstantiated list of possible retaliatory acts" is completely insufficient to justify their attempt to hide the witness's identity from defendants. See Endangered v. Louiseville/Jefferson County Metro, No. 3:06CV-250-S, 2007 WL 509695, at *2 (W.D. Ky. Feb. 12, 2007).

### III. Defendants Are Entitled to Know the Allegations Against Them

If plaintiffs are permitted to rely on the witness's testimony, defendants must have equal access to the information as a matter of basic fairness. See, e.g., Doe, 214 F.3d at 1069, 1072 (anonymity must not prejudice party's ability to litigate case, including its ability to "refute individualized accusations); Quair, 232 F.R.D. at 641. Defendants, and not merely defendants' outside litigation counsel, are "entitled to know the factual basis for the claims which have been brought against them." Roberts v. Heim, 130 F.R.D. 424, 426 (N.D. Cal. 1989). Without access to witness identities, VA cannot investigate any allegations levied in the declaration,[4] leaving defendants "with nothing more than a general denial in the face of [plaintiffs'] specific allegations. . . ." Quair, 232 F.R.D. at 641-42.

Plaintiffs' suggestion that hiding the witness's identity from defendants will cause no prejudice to defendants rings hollow in light of plaintiffs' specific criticism in their reply on their motion for preliminary injunction that VA "ignores" the redacted declarations to which it had no access. See Reply in Support of Motion for Preliminary Injunction at 1:10, Docket Entry 122. Plaintiffs should be heard in one breath to contend that VA faces no prejudice from their attempt to hide witness information from defendants, and then in the next that VA should be faulted for failing to address the factual allegations in secret witness declarations.

### IV. Plaintiffs' Proposed Order Is Neither Narrowly Tailored Nor the Appropriate

---

[3] Military records are available from the National Archives, www.archives.gov/veterans.

[4] Plaintiffs' suggestion that the Department of Justice attorneys of record could investigate the witness's allegations about a veteran's interactions with VA without revealing the identity of the veteran to VA employees is outlandish on its face.

Case No. C 07-3758-SC
Opposition to Plaintiffs' Administrative Motion to File Reply Declaration of Mother Containing
Personal Identifying Information Under Seal                                           4

**Subject of an Administrative Motion**

Plaintiffs should not be permitted to use an administrative motion to seek entry of their broad order, which is far in excess the kind of motion to seal contemplated by Civ L.R. 7-11 and would circumvent full consideration of a motion already pending. See Hess v. Astrazeneca Pharms., L.P., 06cv0572, 2006 U.S. Dist. LEXIS 55793 (N.D. Cal. Jul 26, 2006). Plaintiffs have grafted a number of additional provisions onto their proposed order that purport to govern situations far beyond the present witness declaration, including an unnecessary and jaundiced provision prohibiting retaliation and limitations on how Department of Justice attorneys access documents and conduct investigations. See Proposed Order ¶¶ 6, 7, Docket Entry 121. For the reasons set forth in defendants' opposition to plaintiffs' motion for protective order, these provisions are wholly unnecessary and inappropriate. See, e.g., United States v. Bocio, 103 F. Supp. 2d 531, 534 (N.D.N.Y. 2000) (order should not "anticipat[e] hypothetical noncompliance" by government); Kohli v. Gonzales, 473 F.3d 1061, 1068 (9th Cir. 2007) (agency presumed to act according to law). Plaintiffs' proposed order, laden with substantive provisions irrelevant to the declaration at issue, can hardly be considered "narrowly tailored." It therefore fails for that reason alone. See Civ LR 79-5(a); Phillips v. Netblue, Inc., 06cv4401 SC (EDL), 2006 U.S. Dist. LEXIS 91662 (N.D. Cal. Dec. 8, 2006) (denying motion on this ground).

**CONCLUSION**

Accordingly, defendants request that the Court deny plaintiffs' administrative motion except to the extent that it seeks to protect witness information from public disclosure. Defendants request that the Court instead enter defendants' proposed order, which would protect the witness's personal information from public disclosure without interfering with defendants' basic right to ascertain the allegations against them.

Dated February 14, 2008                     Respectfully Submitted,

JEFFREY S. BUCHOLTZ                          /s/ Kyle R. Freeny
Acting Assistant Attorney General            KYLE R. FREENY California Bar #247857
JOSEPH P. RUSSONIELLO                        DANIEL BENSING D.C. Bar # 334268
United States Attorney                       U.S. Department of Justice, Civil Division
RICHARD LEPLEY                               P.O. Box 883
Assistant Branch Director                    Washington, D.C. 20044
                                             Counsel for Defendants