1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
   HMoser@mofo.com
4  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
5  PAUL J. TAIRA (CA SBN 244427)
   PTaira@mofo.com
6  MORRISON & FOERSTER LLP
   425 Market Street
7  San Francisco, California 94105-2482
   Telephone: 415.268.7000
8  Facsimile: 415.268.7522

9  **[see next page for additional counsel for Plaintiffs]**

10 Attorneys for Plaintiffs
   VETERANS FOR COMMON SENSE and
11 VETERANS UNITED FOR TRUTH, INC.

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15 VETERANS FOR COMMON SENSE and          Case No.      C-07-3758-SC
   VETERANS UNITED FOR TRUTH, INC.,
16                                         **CLASS ACTION**
              Plaintiffs,
17                                         **PLAINTIFFS' DESIGNATION OF
         v.                                WITNESSES AND LIST OF
18                                         REQUIRED DOCUMENTS FOR
   JAMES B. PEAKE, M.D., Secretary of Veterans   PRELIMINARY INJUNCTION
19 Affairs, *et al.*,                      HEARING**

20            Defendants.                  Date:      March 3, 2008
                                           Ctrm:      1, 17th Floor
21
                                           Complaint Filed July 23, 2007
22

23

24

25

26

27

28

1  **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2  SIDNEY M. WOLINSKY (CA SBN 33716)
   SWolinsky@dralegal.org
3  JENNIFER WEISER BEZOZA (CA SBN 247548)
   JBezoza@dralegal.org
4  KATRINA KASEY CORBIT (CA SBN 237931)
   KCorbit@dralegal.org
5  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
6  Berkeley, California 94704-1204
   Telephone: 510.665.8644
7  Facsimile: 510.665.8511

8  BILL D. JANICKI (CA SBN 215960)
   WJanicki@mofo.com
9  MORRISON & FOERSTER LLP
   400 Capitol Mall, Suite 2600
10 Sacramento, California 95814
   Telephone: 916.448.3200
11 Facsimile: 916.448.3222

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's order of February 11, 2008, Plaintiffs VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC. hereby submit the following list of witnesses and documents relevant to the preliminary injunction hearing commencing on March 3, 2008.

## I.    ANTICIPATED WITNESSES TO BE CALLED AT THE PRELIMINARY INJUNCTION HEARING

Plaintiffs intend to call the witnesses listed below, subject to their availability.  Several anticipated witnesses are not within Plaintiffs' direct control, and thus Plaintiffs cannot be certain that Defendants will produce every single one of the listed witnesses at the hearing.  Moreover, a number of the witnesses are being called to testify to discrete points and, accordingly, Plaintiffs do not anticipate that those witnesses' testimony will be time-consuming.

- **Dr. Arthur Blank**
- **Dr. Chad Peterson**
- **Dr. Antonette Zeiss**, Deputy Chief Consultant, Office of Mental Health Services, Patient Care Services, U.S. Department of Veterans Affairs
- **Mr. Tony A. Guagliardo**, Director, Business Policy of the Chief Business Office, Veterans Health Administration, U.S. Department of Veterans Affairs
- **Mr. W. Paul Kearns III**, Chief Financial Officer, Veterans Health Administration, U.S. Department of Veterans Affairs
- **Dr. Ira Katz**, Chief Patient Care Services Officer, U.S. Department of Veterans Affairs Deputy
- **Dr. Michael J. Kussman**, Under Secretary for Health, Veterans Health Administration, U.S. Department of Veterans Affairs
- **Ms. Belinda J. Finn**, Assistant Inspector General for Auditing, Office of Inspector General, U.S. Department of Veterans Affairs
- **Ms. Kara Ziven**, Research Investigator, Serious Mental Illness Treatment Research and Evaluation Center, U.S. Department of Veterans Affairs
- **Dr. Han Kang**, Director, Environmental Epidemiology Service, U.S. Department of Veterans Affairs

- **Mr. Gary M. Baker**, Acting Chief Business Officer, Veterans Health Administration, U.S. Department of Veterans Affairs
- **Ms. Laurie E. Ekstrand**, Office of United States Government Accountability Office Director, Health Care
- **Dr. Stephen L. Rathbun**, Acting Department Head and Professor of Epidemiology and Biostatitstics, University of Georgia, Athens
- **Mother 1**

Plaintiffs will work with Defendants to decide upon an appropriate schedule for the VA witnesses' appearances. Once witness availability and schedules have been negotiated between the parties, Plaintiffs will submit a revised witness list to the Court with the anticipated schedule. Plaintiffs may call the following witnesses, subject to their availability:

- **Ms. Cynthia A. Bascetta**, Associate Director, Veterans Affairs and Military Health Care Issues, Health, Education, and Human Services Division, U.S. Department of Veterans Affairs
- **Mr. John Brown**, Director, Seamless Transition Office, U.S. Department of Veterans Affairs
- **Mr. Daniel Bertoni**, Acting Director Education, Workforce, and Income Security Issues, Office of United States Government Accountability Office
- **Dr. Frances M. Murphy**, former Deputy Under Secretary for Health for Health Policy Coordination, U.S. Department of Veterans Affairs
- **Mr. Michael McLendon**, Former Deputy Assistant Secretary for Policy, Planning and Preparedness, U.S. Department of Veterans Affairs
- **Dr. Marcus Nemuth**, Medical Director of Psychiatry Emergency Service for Veterans Affairs Puget Sound Health Care System
- **Dr. Sean Zielinski**, Las Vegas VA Health Administration, U.S. Department of Veterans Affairs
- **Dr. William Phillips**
- **Mother 3 and/or Father 2**

- **Father 3**

- **Wife 1**[1]

## II.    DOCUMENTS TO BE PRODUCED IN ADVANCE OF THE PRELIMINARY INJUNCTION HEARING

Discovery commenced over four months ago, yet Defendants have produced less than 2,000 pages purportedly in response to only three of the outstanding 191 document requests.   The original document requests were served in mid-October.  After a series of protective order motions that were ultimately mooted by the Court's ruling on the motion to dismiss, Plaintiffs identified thirteen of the highest priority requests aimed at obtaining the documents most relevant to the pending preliminary injunction motion.  In response, Defendants produced under 2,000 pages of documents responsive to only three of the thirteen requests.[2]  Plaintiffs believe that evidence highly relevant to Plaintiffs' motion has not been produced.  In fact, just this week, VA released the results of a new suicide report to the national media.   To Plaintiffs' knowledge, all underlying data and related documents have not been produced to Plaintiffs.[3]  The limited "suicide" documents produced to date in response to three requests is only the tip of the iceberg and is deficient for Plaintiffs' purposes on the preliminary injunction.   Additional documentation responsive to the long-overdue requests is required for witness examination at the hearing, in particular with respect to unsupported factual claims by Defendants' declarants.

As a result, without prejudice to a full production in response to all of Plaintiffs' other outstanding document requests, Plaintiffs hereby request the following eight categories of documents

[1] All full names will be provided to defense counsel outside of the context of the public filing for witnesses with code names for reasons related to retaliation as set forth in the pending protective order motion.

[2] Many of those documents appear to be available in the public domain, such as published studies and articles, and the remainder is difficult to discern due to the lack of source information.  In contravention of the specifications for electronic discovery clearly set forth in a letter dated October 10, 2007, Defendants produced electronic documents in .pdf format without any relevant metadata or other source information.  A true and correct copy of counsel's October 10, 2007 letter is attached hereto as Exhibit A.

[3] Plaintiffs' counsel contacted defense counsel to inquire about the newly released report and to request production of all related documents to the extent they have not been produced but had not heard back as of the time of the filing.

be produced (which fall generally within the ambit of thirteen outstanding document requests).[4]  In an effort to further clarify the materials Plaintiffs require, examples are provided below the individual categories:

**Category 1:  Studies, statistical data, reports, meetings, communications, or VA policies and practices concerning suicides or attempted suicides by OEF/OIF veterans, including without limitation [See RFPs 35, 38]:**

- Studies, reports, or underlying data therefore related to OEF/OIF veteran suicides, including but not limited to the VA Office of Environmental Epidemiology report in the San Francisco Chronicle article dated February 13, 2008;
- Internal analyses related to the suicide study conducted by Dr. Stephen Rathbun for CBS News and communications with or documents obtained from either Dr. Rathbun or CBS News concerning that study;
- Statistics, studies, or data concerning a link between PTSD and suicide or attempted suicide;
- Reports or research commissioned by VA regarding veteran suicides, PTSD, or traumatic brain injury, in addition to any contracts or proposed contracts with third parties, including universities, commissioning the reports or research;
- Patient death, attempted suicide annual reports for VA medical centers or other VHA facilities between 2004 and the present;
- Death certificates of OEF/OIF veterans who have committed suicide;
- Documents related to OIF/OEF veterans coded with potential PTSD, including copies of any database, such as the National Mental Health Database, containing such data or any reports or printouts of such data.

**Category 2:  Suicide prevention, detection, screening, and/or treatment programs administered by VA or under contract with VA, including without limitation [See RFP 102]:**

- Intake policies, procedures, or sample intake forms for veterans threatening suicide or exhibiting suicidal symptoms;
- Documents related to Suicide Prevention Coordinator qualifications for each VA medical center [Zeiss Declaration];
- Suicide Risk Assessment Pocket Cards and related drafts and documents [Zeiss Declaration];
- Documents related to the suicide hotline, including documents concerning the development of that hotline and analysis of calls [Zeiss Declaration];
- Internal reports, studies or analyses of or related to the Comprehensive Mental Health Strategic Plan [Zeiss Declaration].

---

[4] On February 11, 2008, Defendants for the first time served written responses and objections to all of Plaintiffs' document requests.  Notably, this response marks the first time Defendants have raised any privilege objections to Plaintiffs' document requests.  Plaintiffs believe that those privilege arguments have been waived, because the relevant privilege objections were not contained in either timely written objections or the protective order motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Category 3:  Documents related to a failure or delay in providing medical diagnosis or treatment to a veteran with PTSD, including without limitation [RFPs 18, 20, 90, 154, 156]:**

- Reports and internal analyses related to VA benefits delays or waiting times for health care at VA medical centers or other VHA facilities;
- Data and reports concerning the interval between the date a veteran requested a medical appointment and the date the visit actually occurred, including data supporting the claim that 95% of veterans receive a date for a medical appointment within 30 days [Zeiss Declaration];
- Intake policies, procedures, and instructions for intake personnel for veterans seeking medical care or treatment for PTSD and the criteria for admission to a VA hospital for PTSD;
- Waiting lists for health care treatment for PTSD inpatient and outpatient programs;
- Communications and meetings concerning VA Inspector General reports 07-00616-199 and 07-00050-146, including without limitation internal analyses, reports, studies concerning the reports or VA comments on draft reports;
- Meetings and communications concerning the United States House of Representatives Committee on Government Reform – Minority Staff Special Investigation Division reports on Waiting Time for Veteran Health Care;
- Meetings and communications concerning the United States House of Representatives Committee on Government Reform – Minority Staff Special Investigation Division reports on Proposed Restrictions on Access to VA Health Care;
- Results of any investigation into the suicides of any OEF/OIF veterans, including the suicides of veterans Jeffrey Lucey or Jonathan Schulze and the corresponding patient death attempted suicide reports.

**Category 4: VA's policies and procedures for PTSD detection, diagnosis, and treatment, including without limitation [RFPs 27, 108]:**

- Internal reports on symptoms and treatment of PTSD;
- Psychological standards for treatment of PTSD;
- PTSD detection, screening, and/or treatment programs administered by VA or under contract with VA;
- Intake policies and procedures for veterans claiming PTSD or exhibiting symptoms of PTSD, including sample intake and enrollment forms;
- Staffing shortfalls and/or vacant positions for mental health professionals (such as psychiatrists, psychologists, and social workers) at VA medical centers and other VHA facilities between 2004 and the present;
- Policies and procedures for inpatient PTSD programs, including training videos or transcripts regarding PTSD.
- The minimum qualifications for the designated mental health staff for PTSD in each Vet Center [Zeiss Declaration];
- Caseload reports and summary data including caseload averages for all VA mental health care professionals.
- Documents related to hiring qualifications for mental health staff, including any document related to hiring unqualified personnel;

- Documents related to open positions for mental health staff at VA medical centers or other VHA facilities.

**Category 5:  Policies, practices or procedures concerning implementation of or compliance or noncompliance with the two-year (now five-year) medical care statute, including without limitation [RFP 20]:**
- Communications between VA and veterans concerning two or five years of medical care, including letters, brochures, or "array of other information" [Zeiss Declaration];
- Internal policies, procedures, or employee training concerning compliance with the two-year (or now five-year) statute, including reports or internal analyses related to the National Defense Authorization Act [Guagliardo Declaration].

**Category 6:  Documents regarding veteran health care priority levels, including without limitation [RFP 151]:**
- Screening and intake procedures and forms related to priority levels and treatment and intake instructions related to priority levels;
- Documents regarding VA's interpretation of priority care levels or any documents explaining the priority level system;[5]
- Documents related to funding for priority level health care;
- Documents regarding the nature of treatment in priority levels 1 through 6, including all veterans with PTSD.

**Category 7:  Documents related to congressional appropriations and funding and VA spending for fiscal years 2005 through 2008, including without limitation [RFPs 82, 89]:**
- Documentation underlying the Kearns Declaration;
- Documents related to funding of or spending for the Mental Health Initiative;
- Documents related to work performed by third-party contractors, including without limitation PriceWaterhouse, with respect to VA spending and budget allocations;
- Communications and meetings concerning GAO Reports 07-66 and 06-1119T, including without limitation internal analyses, reports, studies concerning the reports or VA comments on draft reports.

**Category 8:  Any documents responsive to the requests that are found in the personal or working files of any witness called by plaintiffs or defendants at the hearing.**

Without the production of the requested documents, Plaintiffs' ability to properly examine witnesses at the preliminary injunction hearing could be severely prejudiced.  At a minimum, Defendants should not be permitted to rely on any material that was not produced to Plaintiffs.

---

[5] At this time, Plaintiffs do not require individual veterans' priority level documents but rather seek high-level policies and procedures related to priority level assignments and budgetary concerns related to those decisions.

1    Plaintiffs respectfully request that the Court enter an order (a) requiring the attendance of the

2    VA witnesses Plaintiffs intend to call at the preliminary injunction hearing on March 3, and (b)

3    requiring the production of the documents requested herein in the requested electronic format by

4    Friday, February 22, 2008.

5    Dated: February 14, 2008                    GORDON P. ERSPAMER
                                                  ARTURO J. GONZALEZ
6                                                 HEATHER A. MOSER
                                                  BILL D. JANICKI
7                                                 STACEY M. SPRENKEL
                                                  PAUL J. TAIRA
8                                                 MORRISON & FOERSTER LLP

9

10                                     By:  /s/ Gordon P. Erspamer
                                            Gordon P. Erspamer
11                                          gerspamer@mofo.com

12                                          Attorneys for Plaintiffs