1   JEFFREY S. BUCHOLTZ
    Acting Assistant Attorney General
2   JOSEPH P. RUSSONIELLO
    Interim United States Attorney
3   RICHARD LEPLEY
    Assistant Branch Director
4   DANIEL BENSING D.C. Bar No. 334268
    STEVEN Y. BRESSLER D.C. Bar No. 482492
5   KYLE R. FREENY California Bar No. 247857
    Attorneys
6   United States Department of Justice
    Civil Division, Federal Programs Branch
7
    P.O. Box 883
8   Washington, D.C.  20044
    Telephone:  (202) 305-0693
9   Facsimile:  (202) 616-8460
    Email: Daniel.Bensing@USDOJ.gov
10
11  Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon.
    James P. Terry, Hon. Daniel L. Cooper, Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike
12  Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P.
    Greene, Jr.

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                        SAN FRANCISCO

16
17  VETERANS FOR COMMON SENSE and      )
    VETERANS UNITED FOR TRUTH,         )    No. C 07-3758-SC
18                                     )
            Plaintiffs,                )    **DEFENDANTS' RESPONSES AND**
19                                     )    **OBJECTIONS TO PLAINTIFFS'**
        v.                             )    **REQUESTS FOR PRODUCTION OF**
20                                     )    **DOCUMENTS NUMBERED 1 – 191**
    Hon. JAMES B. PEAKE, Acting Secretary )
21  of Veterans Affairs, *et al.*,     )
                                       )
22          Defendants.                )
                                       )
23  _____   )

24  Introduction

25          Defendants hereby respond to plaintiffs' Requests for Production of Documents (RFP)
    numbered 1 - 191.  Due the number of plaintiffs' RFPs and their enormous scope, defendants
26  have been unable to complete their search for all documents responsive to these requests at this
    time.  Therefore, defendants reserve the right to assert additional objections should they identify
27  other responsive documents that are subject to objection on grounds other than those asserted
    herein.
28

General Objections to All of Plaintiffs' Requests for Production of Documents

## A.    APA Record Review Objections

The only basis for plaintiffs' challenge to "policies, practices and procedures" of the VA is under the Administrative Procedure Act (APA) and discovery is not permitted in APA actions, which are, instead, resolved on the administrative record of the agency action in question. Therefore, defendants object, on relevance and burdensomeness grounds to: (1) any discovery at all in this action; and, in the alternative, (2) any discovery outside of documents that would be included in the administrative record(s) of the final agency action(s) challenged by plaintiffs. This objection applies to all of plaintiffs' RFPs.

## B.    Application of the Federal Rules of Civil Procedure

Defendants object to plaintiffs' definitions, instructions and interpretation sections to the extent that these purported definitions, instructions and interpretations impose any obligations different or greater than those of the Federal Rules of Civil Procedure and other applicable law. This objection applies to all of plaintiffs' RFPs.

In accordance with Fed. R. Civ. P. 26(b)(2)(B), defendants will not produce documents consisting of electronically stored information from backup tapes which are not reasonably accessible. This includes, but is not limited to backup tapes for all of VA's file servers and email servers. As discovery proceeds, defendants expect to identify additional sources that are not reasonably accessible and from which documents need not be produced and will supplement these responses accordingly.

## C.    Objections to Plaintiffs' Definitions and Preamble

1.    "All Documents Concerning" Relevance and Burdensomeness Objection Defendants object on relevance and burdensomeness grounds to all of plaintiffs' requests to the extent that they seek "ALL DOCUMENTS CONCERNING" (as well as to the definitions of "document(s)" and "concerning") the topics listed in the requests, as they do not describe the requested documents with "reasonable particularity" within the meaning of Rule 34. Defendants will, subject to other objections, produce those documents most directly relevant and responsive to each request, but will not attempt to search for, identify and produce all documents that might in some way concern the subject matter of each request. The VA employs approximately 256,000 employees and many of these employees may have created "documents" (such as e-mails) related to subjects identified in plaintiffs 191 RFPs. Defendants will search the files of those components of the VA that are responsible for the subject matter of the request. However, defendants will not ask every employee of the VA to search his or her files for "all documents concerning" any of plaintiffs' 191 requests for production of documents. This objection applies to all of plaintiffs' RFPs.

2.    "Communication" Definition Overbreadth Objection   Defendants object on relevance and burdensomeness grounds to the scope of documents requested by virtue of plaintiffs' definition of the words "COMMUNICATION" OR "COMMUNICATIONS" as they do not describe the requested documents with "reasonable particularity" within the meaning of Rule 34.   Defendants also object, on grounds of undue burden and relevance, as well as deliberative process privilege, to plaintiffs' requests to the extent that they seek "communications" relating to specific, written agency VA policies, practices, procedures, investigations or other activities (hereafter "policies").   Defendants will produce the core documents relevant to such policies, including those maintained by: (1) those officials responsible for developing the policy in question; and (2) and author or project leader who actually drafted the policy.   Defendants object and will not produce all drafts of policies, all

comments on drafts of polices and similar documents that preceded the adoption of the policy.

3.    "Meeting" Definition Overbreadth Objection    Defendants object on relevance and burdensomeness grounds to the scope of documents requested by virtue of plaintiffs' definition of the word "MEETING" as they do not describe the requested documents with "reasonable particularity" within the meaning of Rule 34.

4.    "Identify" Overbreadth Objection    Defendants object on relevance and burdensomeness grounds to plaintiffs' definition of "IDENTIFY" to the extent that it requests information about: (a) a person's last know employer, that employer's address and telephone number and or position with that employer (assuming that the last known employer is not the VA), and the person's home address and telephone number; and (b) a document other than title, subject (if not clear from the title), date and author.

**D.    Objections to All Requests for Production of Documents**

1.    Facial Challenge Objection Defendants object on relevance and burdensomeness grounds to the production of any documents relevant solely to plaintiffs' facial challenge to the constitutionality of the VJRA.  See Complaint paragraph 30.   This objection applies to all of plaintiffs' RFPs.

2.    Time Frame Overbreadth and Burdensomeness Objection.  Defendants object on relevance and burdensomeness grounds to all discovery requests for documents dated or relating to events prior to January 1, 2005.  As plaintiffs seek solely declaratory and injunctive relief, absent unique and special circumstances, the relevance of documents dated before January 1, 2005 is extremely attenuated, and their limited relevance is outweighed by the undue burden of their production by defendants.  This objection applies to all of plaintiffs' RFPs.

3.  Claim Ambiguity Objection Plaintiffs challenge various "illegal policies and practices," of the VA, Complaint, ¶ 31, and list four such policies, Complaint, ¶ 31a-d, and then purport to also challenge "[v]arious other illegal practices and procedures as outlined below," Id. ¶ 31e, but never expressly identify any such policies, in the balance of their 278-paragraph complaint.  Consequently, defendants are unable to determine whether many of plaintiffs' RFPs seek documents "relevant to a claim or defense" in this action.  Accordingly, defendants object to all of plaintiffs 191 RFPs as vague and ambiguous since plaintiffs' complaint fails to provide an unambiguous and definitive list of all of the "illegal policies and practices" they purport to challenge.  Defendants therefore will interpret plaintiffs' challenge to various "illegal policies and practices," of the VA to be only those practices identified in paragraph 31a-d of the complaint.  This objection applies to all of plaintiffs' RFPs.

**E.    Additional Objections to Certain Requests for Production of Documents**

1    VA Rule Relevance and Burdensomeness Objection  As plaintiffs are "precluded from challenging any regulations promulgated by the Secretary" of the Department of Veterans Affairs, (see January 10, 2008 Order at 14:14-15, citing 38 U.S.C. § 502), activities and policies of the VA that are governed by rules are outside the scope of this litigation and hence defendants object to producing documents relating to such activities and policies as irrelevant and burdensome.

2.    Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection.  Defendants object on relevance and burdensomeness grounds to all discovery requests for documents to the extent that they do not relate to PTSD and mental health claims by veterans.

3.    Individual Medical Care Relevance and Burdensomeness Objection  This Court cannot and should not review the quality or precise nature of medical treatment recommended or

provided by VA's professional staff (see 38 U.S.C. § 511; Order at 24-25; 28).  Allegations of negligence which call into question the quality of VA care are subject to review in actions under the Federal Torts Claims Act.  Consequently, defendants object on relevance and budensomeness grounds to requests for documents relating to individual medical care determinations made by the VA as well as to the overall quality of medical care provided by VA as evidenced through individual medical care determinations.

4.  "Policies, practices and procedures" Objection

a.  Defendants object to plaintiffs' document requests to the extent that they seek documents on VA agency "practices policies and procedures" as the meaning of this phrase is vague and ambiguous and also does not clearly constitute final agency action within the meaning of the APA.  Defendants will interpret the phrase "practices, policies, and procedures," or portions thereof, to mean a written, and finalized agency policy that, by its own terms, applies not solely to an individual claim or matter, but to a category of claims or matters.

b.  Defendants object, on grounds of relevance and burden to such requests except to the extent that they seek documents relevant to identified VA policies and procedures (such as guidelines, Fast Letters) that are maintained by: (1) those officials responsible for developing the policy in question; and (2) and author or project leader who actually drafted the policy.  Defendants will not attempt to search for all communications from all other components of VA relating to these policies.

5.  Individual Claim File Relevance and Burdensomeness Objection  Defendants object on relevance and burdensomeness grounds to plaintiffs' requests for documents contained within individual claim files, medical treatment files and similar individual case files.  This Court cannot review individual claims for benefits and health care (see 38 U.S.C. § 511; Order at 24-25; 28) and hence claim files and other claim-specific documents are not relevant to this litigation.  This objection does not apply to documents providing aggregations of data about the processing of individual claims.  This objection also applies to any written guidance provided by superiors to VA officials making determinations on individual claims for benefits or medical care, unless such guidance applies to an entire category of individual claims for benefits.

6.  Non-VA Defendant Relevance Objection  Proposals or discussions and other activities by officials of agencies other than the Department of Veterans Affairs that do not relate to or affect actions of the VA at issue in this litigation are not relevant.

7.  CAVC Objection  Objection, the Court of Appeals for Veterans Claims (CAVC) is not a proper defendant in this action since it is a court of the United States, not an executive branch agency subject to suit under the APA.  Additionally, the Court is immune from discovery of communications among judges and staff about court business due to the doctrine of judicial privilege.  Consequently, the CAVC cannot be compelled to respond to a Rule 34 request for production of documents.

8.  ESI Format Burdensomeness Objection  Defendants object, as unduly burdensome, to plaintiffs' request that electronically-stored information (ESI) be produced in "searchable (using OCR) single-page TIFF images with accompanying Concordance load files," as well as to a listing of particular metadata fields and all other instructions related to ESI production contained in plaintiffs' letter of October 10, 2007 to Steven Y. Bressler.  Defendants will consult with plaintiffs in the near future about the format for future ESI production.

9.  Computer Inspection Burdensomeness and Relevance Objection  Defendants object on burdensomeness and relevance grounds to plaintiffs' requests to the extent that they seek to compel physical inspection of defendants' computer systems and similar systems for the storage of ESI.

10.    Publically-Available Documents Objection.  Defendants will not produce documents, such as press clippings, GAO reports, Congressional Committee Reports, articles from published scientific journals and similar documents that are in defendants' possession but also available to the public and plaintiffs.

11.    Attorney-Client and Attorney Work Product Objection.  Defendants object to all discovery requests to the extent that they seek documents or information covered by the attorney-client privilege or the attorney work product doctrine.  Defendants will prepare an appropriate privilege log.

12.    Deliberative Process Objection  Defendants object to all discovery requests to the extent that they seek documents or information covered by the Deliberative Process privilege which applies to communications within the VA and between the VA and other agencies of the Executive Branch.  Defendants will prepare an appropriate privilege log.

13.    Privacy Act Objection.  Defendants object to the production of all documents retrieved from a "system of records," as that term is defined by the Privacy Act, 5 U.S.C. § 552a(a)(5), as such disclosure of prohibited by the Privacy Act, 5 U.S.C. § 552a(b), and, as to certain documents, by 38 U.S.C. § 7332.  Defendants will produce such documents upon the Court's entry of a Order, under 5 U.S.C. § 552a(b)(11), authorizing disclosure.

14.    Objection to Duplicative Requests Lodged by Plaintiffs  Plaintiffs have repeatedly lodged requests that are substantively duplicative of other requests.  See e.g. RFPs 74 and 77; 112 and 113; 105 and 107; 67 and 138; 49 and 173; 139 and 182.

Defendants Specific Responses to Each of Plaintiffs' Requests

Plaintiffs' unedited and unrestrained discovery requests, neither limited to the issues raised in the complaint nor presented in any organized and non-repetitive manner, make identification of responsive and non-objectionable documents impossible in the short period since the Court's 10, 2008 decision narrowing the issues in the case.  Defendants have asserted relevant objections in responding to each of plaintiffs' 191 individual requests, but in doing so, do not waive any other objections that may become apparent when documents are located and reviewed.  Additionally, many of defendants' objection apply to all of plaintiffs' discovery requests and are so noted when the objection is described.

The sentence "Non-objectionable and responsive documents will be produced." in defendants' responses means that, if all of defendants' objections to that request (i.e. those relevant General Objections as well as specific objections identified in response to the particular request and any additional or amended objections asserted in supplemental responses) are overruled or withdrawn, defendants will produce non-objectionable and responsive documents. This sentence is only included where it appears, from the information currently available to

1  defendants that, even if all of defendants' objections are sustained, some documents may be

2  responsive and non-objectionable.

3  _____

4  **REQUEST FOR PRODUCTION NO.1:**

5       Lists, databases, computer systems or printouts showing pending SCDDC claims based

6  on PTSD or mental health disorders, including, without limitation, those containing information

7  regarding the stage of proceeding (e.g., regional office, BVA, CAVC, etc.) and/or similar lists

8  maintained, generated, dated, or printed between January 1, 2000 and the present.

9       Response: This responses will constitute a Consolidated Response to RFPs 1-2; 4-17; 21;

10  96; 97; 117; 127;  187; 189 and responses to those RFPs will be referred back to this response.

11  Privacy Act Objection  Individual Claim File Relevance and Burdensomeness Objection

12  Computer Inspection Burdensomeness and Relevance Objection  At this point, defendants have

13  not completed their examination and analysis of the computer databases responsive to determine

14  what specific databases contain documents responsive to this request, as well as to the format in

15  which responsive and nonobjectionable ESI will be produced.  Defendants reserve their right to

16  supplement this responses with that information after they have completed that examination and

17  analysis.  Non-objectionable and responsive documents will be produced.  Additional response to

18  RFP 1 only: CAVC Objection.

19  **REQUEST FOR PRODUCTION NO.2:**

20       Lists, databases or printouts of all resolved SCDDC claims based upon PTSD or mental

21  health disorder sorted, including, without limitation, information CONCERNING the stage of

22  proceeding (e.g., regional office, BVA, CAVC, etc.) at the time of resolution, and/or similar lists

23  maintained, generated, dated, or printed between January 1, 2000 and the present.

24       Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187;

25  189.

26  **REQUEST FOR PRODUCTION NO.3:**

27       Circulars, directives, letters, VA Fast letters, policy directives or other written

28  COMMUNICATIONS concerning rules, procedures or practices for evaluating and/or

1  adjudicating PTSD claims.

2        VA Rule Relevance and Burdensomeness Objection    "Policies, practices and

3  procedures" Objection  "Communication" Definition Overbreadth Objection  Non-objectionable

4  and responsive documents will be produced.

5  **REQUEST FOR PRODUCTION NO.4:**

6        The number of PTSD claims currently pending at each regional office of the VA, and the

7  number of days each claim has been pending starting from the original filing date.

8        Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187;

9  189.

10  **REQUEST FOR PRODUCTION NO.5:**

11        The number of SCDDC claims pending at each regional office of the VA, and the number

12  of days each claim has been pending starting from the original filing date.

13        Response:  See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187;

14  189.

15  **REQUEST FOR PRODUCTION NO.6:**

16        Beginning with the filing of a Notice of Disagreement, the number of days each PTSD

17  claim appeal has been pending starting from the original filing date.

18        Response:  See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187;

19  189.

20  **REQUEST FOR PRODUCTION NO.7:**

21        Beginning with the filing of a Notice of Disagreement, the number of days each SCDDC

22  claim has been pending at the BVA starting from the original filing date.

23        Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187;

24  189.

25  **REQUEST FOR PRODUCTION NO.8:**

26        Beginning with the Notice of Appeal, the number of days each SCDDC appeal has been

27  pending starting from the original filing date.

28        Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187;

189.

**REQUEST FOR PRODUCTION NO.9:**

Beginning with the Notice of Appeal, the number of days each PTSD appeal has been pending starting from the original filing date.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

**REQUEST FOR PRODUCTION NO. 10:**

The number of days required to adjudicate PTSD claims resolved at VA regional office and average time of each between 2000 and present, beginning on the date of receipt of the claim.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

**REQUEST FOR PRODUCTION NO. 11:**

The number of days required to adjudicate SCDDC claims resolved at VA regional office and average time of each between 2000 and present, beginning on the date of receipt of the claim.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

**REQUEST FOR PRODUCTION NO. 12:**

The number of days required to decide each resolved PTSD claim appeal, beginning on the date of the Notice of Disagreement, and average time, between 2000 and present.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

**REQUEST FOR PRODUCTION NO. 13:**

The number of days required to decide each resolved SCDDC claim appeal, beginning on the date of the Notice of Disagreement, and average time, between 2000 and present.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

**REQUEST FOR PRODUCTION NO. 14:**

The number of days required to resolve every PTSD claim appeal to the CAVC, beginning on the filing of the Notice of Appeal, and average time between 2000 and present.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.  Additional response to RFP 14 only: CAVC Objection.

**REQUEST FOR PRODUCTION NO. 15:**

The number of days required to resolve every SCDDC claim appeal to the CAVC, beginning on the filing of the Notice of Appeal, and average time between 2000 and present.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.  Additional response to RFP 15 only: CAVC Objection.

**REQUEST FOR PRODUCTION NO. 16:**

The average number of days for VA regional offices to complete action on remands of PTSD claims from the BVA, and from the CAVC between 2000 and present.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

**REQUEST FOR PRODUCTION NO. 17:**

The average number of days for VA regional offices to complete action on remands of SCDDC claims from the BVA, and from the CAVC between 2000 and present.

Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

**REQUEST FOR PRODUCTION NO. 18:**

Examples or incidents involving a failure or delay in providing medical diagnosis or treatment to a veteran claiming he or she has PTSD, and all MEETINGS and COMMUNICATIONS CONCERNING the same, including letters to and from elected officials, veterans service officers, and the press.

Response: Objection, vague and ambiguous in the meaning of " failure or delay in providing medical diagnosis or treatment."  Defendants understand this RFP to seek documents describing aggregate studies of delay in providing medical diagnosis or treatment to a  veteran

1  claiming he has PTSD.   Individual Claim File Relevance and Burdensomeness Objection.

2  Individual Medical Care Relevance and Burdensomeness Objection. "Communication"

3  Definition Overbreadth Objection  "Meeting" Definition Overbreadth Objection  Privacy Act

4  Objection Non-objectionable and responsive documents will be produced.

5  **REQUEST FOR PRODUCTION NO. 19:**

6       COMMUNICATIONS between DEFENDANTS and the executive branch, including the

7  Office of the President of the United States, CONCERNING VA annual budgets and/or

8  supplemental appropriations between 2002 and present.

9       Response: Objection, these documents are irrelevant since the Court has no authority to

10  order the Executive or the Legislative branch to order additional appropriations for VA programs.

11  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  "Communication"

12  Definition Overbreadth Objection Non-VA Defendant Relevance Objection    Deliberative

13  Process Objection  Attorney-Client and Attorney Work Product Objection

14  **REQUEST FOR PRODUCTION NO. 20:**

15       Policies, practices or procedures CONCERNING implementation of or compliance or

16  noncompliance with the two-year medical care statute identified in Paragraph 91 of the

17  Complaint.

18       Response: See Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection.

19  Individual Claim File Relevance and Burdensomeness Objection. VA Rule Relevance and

20  Burdensomeness Objection  Privacy Act Objection  Publically-Available Documents Objection

21  Deliberative Process Objection Attorney-Client and Attorney Work Product Objection  Non-

22  objectionable and responsive documents will be produced.  See also Response to RFP 91

23  **REQUEST FOR PRODUCTION NO. 21:**

24       The grant rate for PTSD claims at the regional office level, BVA, CAVC, and/or Federal

25  Circuit between 2000 and present, with the date sorted by combined degree of disability (CDD)

26  in increments of 10 percent from 000 to 100.

27       Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187;

28  189.

**REQUEST FOR PRODUCTION NO. 22:**

Reports, papers, research and studies CONCERNING PTSD by the National Center for Post-Traumatic Stress Disorder.

Response:  Individual Medical Care Relevance and Burdensomeness Objection Deliberative Process Objection  Publically-Available Documents Objection  Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 23:**

The filing and/or allegations contained in the Complaint herein, and any amended complaints, if any.

Response: Objection, overbroad, vague and ambiguous.  Attorney-Client and Attorney Work Product Objection  Deliberative Process Objection CAVC Objection.  Non-objectionable and relevant documents the mention plaintiffs or plaintiffs' counsel will be produced in response to other requests.

**REQUEST FOR PRODUCTION NO. 24:**

The discharge of soldiers from the Iraq or Afghanistan theaters of combat based upon the alleged existence of a personality disorder, and policies and procedures related to personality disorder discharges ("PDDs"), and all MEETINGS and COMMUNICATIONS CONCERNING the same.

Response:  Individual Claim File Relevance and Burdensomeness Objection  Non-VA Defendant Relevance Objection  VA Rule Relevance and Burdensomeness Objection  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Individual Medical Care Relevance and Burdensomeness Objection  Deliberative Process Objection Objection, decisions on personality disorder discharges by DOD are not relevant to plaintiffs' claims against the VA.

**REQUEST FOR PRODUCTION NO. 25:**

COMMUNICATIONS between Defendants and the Department of the Army or the Department of Defense CONCERNING the subject of personality disorder discharges.

Response:  Individual Claim File Relevance and Burdensomeness Objection  VA Rule Relevance and Burdensomeness Objection  Deliberative Process Objection  Non-VA Defendant

1  <u>Relevance Objection</u> Objection, decisions on personality disorder discharges by DOD are not

2  relevant to plaintiffs' claims against the VA.  Non-objectionable and responsive documents will

3  be produced.

4  **REQUEST FOR PRODUCTION NO. 26:**

5          The VA's acceptance or non-acceptance of Personality Disorder Discharges from the

6  military branches for purposes of determining a veteran's or veterans' eligibility for medical care

7  and/or SCDDC for PTSD.

8          <u>Response</u>:  <u>Individual Claim File Relevance and Burdensomeness Objection</u>  <u>VA Rule</u>

9  <u>Relevance and Burdensomeness Objection</u>  <u>Non-PTSD/Mental Health Overbreadth and</u>

10  <u>Burdensomeness Objection</u>  <u>Individual Medical Care Relevance and Burdensomeness Objection</u>

11  <u>Deliberative Process Objection</u>  <u>Non-VA Defendant Relevance Objection</u> Objection, decisions

12  on personality disorder discharges by DOD are not relevant to plaintiffs' claims against the VA.

13  Non-objectionable and responsive documents will be produced.

14  **REQUEST FOR PRODUCTION NO. 27:**

15          The diagnosis, epidemiology, assessment, treatment, co-morbidities, treatment outcomes,

16  and/or psychopharmacology of PTSD in general and/or as handled by the VA.

17          <u>Response</u>:  <u>Individual Claim File Relevance and Burdensomeness Objection</u>.  <u>Individual</u>

18  <u>Medical Care Relevance and Burdensomeness Objection</u> <u>Privacy Act Objection</u>  Non-

19  objectionable and responsive documents will be produced.

20  **REQUEST FOR PRODUCTION NO. 28**:

21          The two VA-10M contracts of PTSD.

22          <u>Response</u>: Defendants understand this RFP to refer to Contract No. V101(93)P-2136,

23  Task Order No. 9, entitled Treatment of Posttraumatic Stress Disorder: Diagnosis and

24  Assessment.  <u>Deliberative Process Objection</u>  <u>Publically-Available Documents Objection</u>  Non-

25  objectionable and responsive documents will be produced.

26  **REQUEST FOR PRODUCTION NO. 29:**

27          Efforts or attempts by Defendants to have PTSD removed, changed, or reclassified as a

28  disorder under any edition of the DSM and/or in any other context.

1   Response:  Objection, documents created or obtained by VA employees who served in

2   their individual capacities on any non-federal government organization relevant to changes in the

3   DSM criteria are not VA agency records responsive to this request. Publically-Available

4   Documents Objection Deliberative Process Objection  Non-objectionable and responsive

5   documents will be produced.

6   **REQUEST FOR PRODUCTION NO. 30:**

7        The interpretation or application of regulations pertaining to personality disorder

8   discharges, including Army Regulation 635-200, Chapter 5-13 (Separation Because of

9   Personality Disorder), Navy Military Personnel Manual 1910-122, Marine Corps Separation and

10  Retirement Manual Chapter 6, Section 2, Subsection 6203, Air Force Regulation AFI 36-3208, or

11  any similar DoD regulations, including DoD Directive 133.2.14 (December 21, 1993).

12       Response:  Objection, ambiguous as to the meaning of "interpretation or application of

13  regulations pertaining to personality disorder discharges."  We interpret this to mean VA's

14  interpretation of the administrative separation regulations of the Department of Defense (DoD)

15  and the various military service departments concerning personality disorder discharges.  VA

16  does not review the administrative separation regulations of either DoD or the service

17  departments,   Non-VA Defendant Relevance Objection  VA Rule Relevance and

18  Burdensomeness Objection  Individual Claim File Relevance and Burdensomeness Objection

19  Deliberative Process Objection

20  **REQUEST FOR PRODUCTION NO. 31:**

21       The IDENTITY and claim files for all veterans with PTSD claims or symptoms who have

22  asserted that their consent to personality disorder discharges was not knowing or voluntary, and

23  all COMMUNICATIONS CONCERNING the same.

24       Response: Objection, vague and ambiguous in that defendants cannot know which former

25  service members "asserted that their consent to personality disorder discharges was not knowing

26  and voluntary," and additionally all personality disorder discharges are, by their nature,

27  involuntary.  Defendants interpret this request to seek some, unspecified documents from the

28  claim files of veterans with PTSD who received a personality disorder discharge.   Individual

1  Claim File Relevance and Burdensomeness Objection  Individual Medical Care Relevance and

2  Burdensomeness Objection  "Communication" Definition Overbreadth Objection  Privacy Act

3  Objection

4  **REQUEST FOR PRODUCTION NO. 32:**

5      The complete claim files of the veterans listed on Attachment "A."

6      Response:  Individual Claim File Relevance and Burdensomeness Objection  Privacy Act

7  Objection

8  **REQUEST FOR PRODUCTION NO. 33:**

9      Diagnostic criteria for PTSD applied by the VA, and all changes since 2004.

10  Response:  Non-objectionable and responsive documents will be produced.

11  **REQUEST FOR PRODUCTION NO. 34:**

12      Screening protocols or checklists for PTSD prepaid, received or used by the VA, and all

13  changes made since 2004.

14      Response:  "Policies, practices and procedures" Objection  Objection, vague and

15  ambiguous in the meaning of "[s]creening protocols or checklists for PTSD prepaid, received or

16  used by the VA."  Defendants understand this RFP to seek documents describing Screening

17  protocols or checklists for PTSD prepared, received or used by the VA.  Non-objectionable and

18  responsive documents will be produced.

19  **REQUEST FOR PRODUCTION NO. 35:**

20      Statistical data and reports concerning suicides or attempted suicides by veterans with

21  PTSD or other mental health disorders, the VA's policies or practices CONCERNING suicide or

22  threatened suicides, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

23      Response:  Individual Claim File Relevance and Burdensomeness Objection  Privacy Act

24  Objection  Deliberative Process Objection  Individual Medical Care Relevance and

25  Burdensomeness Objection   "Communication" Definition Overbreadth Objection  "Meeting"

26  Definition Overbreadth Objection  Non-objectionable and responsive documents were produced

27  to plaintiffs on February 4, 2008; additional non-objectionable and responsive documents

28  identified by defendants will be produced.

**REQUEST FOR PRODUCTION NO. 36:**

Survey or statistical data or reports concerning unreported or under-reported cases of PTSD or mental health disorders amongst veterans and the reasons or explanations for the same.

Response: Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection Publically-Available Documents Objection Non-objectionable and responsive documents will be produced.

**REQUEST F OR PRODUCTION NO. 37:**

Congressional testimony by YOU concerning PTSD and drafts, reports, correspondence, summaries, and comments CONCERNING the same.

Response: Deliberative Process Objection Non-VA Defendant Relevance Objection Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

The claim files and death certificates of all veterans who have attempted suicide or committed suicide since January 1, 2000.

Response: Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection Individual Medical Care Relevance and Burdensomeness Objection

**REQUEST FOR PRODUCTION NO. 39:**

The availability or lack of availability of medical care and treatment for veterans with symptoms of or a diagnosis of PTSD or other mental disorders at each VA outpatient clinic and hospital.

Response: Objection, vague, ambiguous and overbroad in the use of the phrase "availability or lack of availability of medical care and treatment for veterans." Defendants understand this RFP to seek documents describing aggregate studies of availability and lack of availability of medical care and treatment for veterans with symptoms of or a diagnosis of PTSD or other mental disorders. Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection Individual Medical Care Relevance and Burdensomeness Objection Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

1  Protocols and procedures for the exchange of information between the VBA and the VHA

2  CONCERNING veterans filing SCDDC claims based on PTSD, and all MEETINGS and

3  COMMUNICATIONS CONCERNING the same.

4  Response:  VA Rule Relevance and Burdensomeness Objection  Individual Claim File

5  Relevance and Burdensomeness Objection Privacy Act Objection  "Policies, practices and

6  procedures" Objection  "Communication" Definition Overbreadth Objection  "Meeting"

7  Definition Overbreadth Objection  Non-objectionable and responsive documents will be

8  produced. Responsive documents will be produced.

9  **REQUEST FOR PRODUCTION NO. 41:**

10  Assessments, audits, analyses, critiques or evaluations of the VHA's health care system

11  for PTSD and other mental health disorders.

12  Response:  Publically-Available Documents Objection  Deliberative Process Objection.

13  Non-privileged and responsive documents will be produced.

14  **REQUEST FOR PRODUCTION NO. 42:**

15  The incidence and manifestations of PTSD or mental health disorders amongst members

16  of the Reserves called to active duty in Iraq or Afghanistan, including, without limitation,

17  veterans' under VA or private care, and YOUR tracking of medical problems experienced by

18  members of the Reserves who served in OEF/OIF.

19  Response:  Individual Claim File Relevance and Burdensomeness Objection. Privacy Act

20  Objection  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Individual

21  Medical Care Relevance and Burdensomeness Objection  Non-VA Defendant Relevance

22  Objection Non-privileged and responsive documents will be produced.

23  **REQUEST FOR PRODUCTION NO. 43:**

24  The complete investigation and prosecution files regarding Lawrence Gottfried and Jill

25  Rygalski, as identified in Paragraphs 231 and 232 of the Complaint, and any other persons

26  known or suspected to have tampered with or destroyed any document or portion of a veteran's

27  claim file.

28  Response:  Objection, irrelevant in that the Gottfried/Rygalski incident was an isolated

1  and unusual incident of VA employee misconduct, occurring approximately 15 years ago, and

2  hence has no relevance to plaintiffs' claims herein.  Individual Claim File Relevance and

3  Burdensomeness Objection  Privacy Act Objection.

4  **REQUEST FOR PRODUCTION NO. 44:**

5       The IDENTITY of all veterans whose claims were affected by the illegal actions of

6  Lawrence Gottfried or Jill Rygalski, as described in the Complaint, and the claim files of each.

7       Response:  Objection, irrelevant in that the Gottfried/Rygalski incident was an isolated

8  and unusual incident of VA employee misconduct, occurring approximately 15 years ago, and

9  hence has no relevance to plaintiffs' claims herein.    Individual Claim File Relevance and

10  Burdensomeness Objection  Privacy Act Objection

11  **REQUEST FOR PRODUCTION NO. 45:**

12       The complete investigation files of the Department of Justice and the VA relating to Jill

13  Rygwalski and Lawrence Gottfried, and any similar investigations of other VA employees.

14       Response:  Objection, irrelevant in that the Gottfried/Rygalski incident was an isolated

15  and unusual incident of VA employee misconduct, occurring approximately 15 years ago, and

16  hence has no relevance to plaintiffs' claims herein.  Individual Claim File Relevance and

17  Burdensomeness Objection   Privacy Act Objection   Non-VA Defendant Relevance Objection

18  **REQUEST FOR PRODUCTION NO. 46:**

19       The complete investigation and prosecution files of all other VA employees known or

20  suspected to have tampered with or destroyed documents in VA claim files.

21       Response:  Objection vague and ambiguous in the meaning of "tampered with or

22  destroyed documents."  Defendants understand this RFP to seek documents describing formal

23  investigations of allegations, supported by serious and credible evidence, that VA employees

24  destroyed or altered official agency records in violation of statute, regulation or established VA

25  policy.  Subject to that interpretation, defendants object as irrelevant and unduly burdensome

26  except as to: (1) documents related to a formal investigation by VA's Office of Inspector General

27  of an employee who is alleged to have improperly destroyed or altered official agency records;

28  and (2) any other formal investigation initiated by a VA employee with authority to discipline the

1  employee who is alleged to have improperly destroyed or altered official agency records.  Law

2  Enforcement Privilege objection.  "Communication" Definition Overbreadth Objection

3  "Meeting" Definition Overbreadth Objection  Non-objectionable and responsive documents will

4  be produced.

5  **REQUEST FOR PRODUCTION NO. 47:**

6      Regarding bonuses to management level VA employees, the bonus amounts, names of

7  recipients, dates of awards, supporting justifications of awards, and name of person who signed

8  the approval of award between 2002 and present.

9      Response:  Objection, notwithstanding defendants' timeframe overbreadth objection,

10  unduly burdensome and irrelevant except as to any bonus awarded from January 1, 2007 to the

11  present.  Objection as unduly burdensome and irrelevant except as to any bonus paid to

12  employees of the VA responsible for adjudicating claims for benefits and processing claims for

13  medical care.  Privacy Act Objection.  Deliberative Process Objection Non-objectionable and

14  responsive documents will be produced.

15  **REQUEST FOR PRODUCTION NO. 48:**

16      The criteria for the award of incentive bonuses to VA employees and productivity or

17  performance goals, standards, data, and reports.

18      Response: Objection, vague and ambiguous in the meaning of "performance goals,

19  standards, data and reports". Defendants interpret this phrase to refer to performance standards

20  and goals employees of the VA responsible for adjudicating claims for benefits and processing

21  claims for medical care.  Objection, notwithstanding defendants' timeframe overbreadth

22  objection, unduly burdensome and irrelevant except as to any bonus awarded from January 1,

23  2007 to the present.  Objection as unduly burdensome and irrelevant except as to any bonus paid

24  to employees of the VA responsible for adjudicating claims for benefits and processing claims

25  for medical care.  Privacy Act Objection.  Deliberative Process Objection Non-objectionable and

26  responsive documents will be produced.

27  **REQUEST FOR PRODUCTION NO. 49:**

28      The minimum qualifications for each class or type of VA mental health specialist or

1    professional.

2        Response: <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u> Non-

3    objectionable and responsive documents will be produced.

4    **REQUEST FOR PRODUCTION NO. 50:**

5        Errors or erroneous practices regarding the tracking or recording of dates CONCERNING

6    veteran health care appointments as shown in the Patient Appointment Information System, all

7    corrections made thereto, and MEETINGS and COMMUNICATIONS CONCERNING the

8    same.

9        Response: Objection, vague and ambiguous in the meaning of "erroneous practices."

10   Defendants understand this RFP to seek documents relating to systemic or widespread errors in

11   the PAIS database. <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>

12   <u>"Communication" Definition Overbreadth Objection</u>  <u>"Meeting" Definition Overbreadth</u>

13   <u>Objection</u>  <u>Computer Inspection Burdensomeness and Relevance Objection</u>  <u>Individual Claim</u>

14   <u>File Relevance and Burdensomeness Objection</u> <u>Privacy Act Objection</u>.  Non-objectionable and

15   responsive documents will be produced.

16   **REQUEST FOR PRODUCTION NO. 51:**

17       All data fields, definitions, and operational manuals CONCERNING databases used by

18   the VA relating to the adjudication of PTSD claims including, without limitation, any and all

19   original claims, appeals at regional offices, appeals at the BVA, appeals to the CAVC, and the

20   delivery of health care to veterans at VA hospitals or outpatient clinics.

21       Response:  Objection, irrelevant.  Notwithstanding that objection, where defendants

22   provide plaintiffs with electronic data from VA databases, defendants will provide plaintiffs with

23   operational manuals and similar documentation for such databases.  <u>Computer Inspection</u>

24   <u>Burdensomeness and Relevance Objection</u>

25   **REQUEST FOR PRODUCTION NO. 52:**

26       All data fields, definitions, and operational manuals CONCERNING databases used by

27   the VA regarding the timing and disposition of veteran appeals by the BVA, including, without

28   limitation, the Veterans Appeals Control and Locator System.

1    <u>Response</u>:  Objection, irrelevant.  Notwithstanding that objection, where defendants

2    provide plaintiffs with electronic data from VA databases, defendants will provide plaintiffs with

3    operational manuals and similar documentation for such databases.  <u>Computer Inspection</u>

4    <u>Burdensomeness and Relevance Objection</u>

5    **REQUEST FOR PRODUCTION NO. 53**:

6        Patterns or examples of abuse of the VA's record purpose disallowance procedure, and all

7    MEETINGS and COMMUNICATIONS CONCERNING the same.

8        <u>Response</u>: Objection, irrelevant as to information concerning record purpose

9    disallowances is irrelevant because it exists only in a VA manual implementing instructions for

10   education benefit programs assigned to the Education Service and, is irrelevant to the issues in

11   this litigation   <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>

12   <u>Individual Claim File Relevance and Burdensomeness Objection</u> <u>Privacy Act Objection</u>

13   <u>"Policies, practices and procedures" Objection</u>   <u>"Communication" Definition Overbreadth</u>

14   <u>Objection</u>  <u>"Meeting" Definition Overbreadth Objection</u>

15   **REQUEST FOR PRODUCTION NO. 54:**

16       Record purpose disallowance or any denial of a SCDDC claim based upon the claimant's

17   failure to provide information requested by the VA within a specified time period.

18       <u>Response</u>:   Objection, irrelevant as to information concerning record purpose

19   disallowances is irrelevant because it exists only in a VA manual implementing instructions for

20   education benefit programs assigned to the Education Service and, is irrelevant to the issues in

21   this litigation   <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>

22   <u>Individual Claim File Relevance and Burdensomeness Objection</u> <u>Privacy Act Objection</u>

23   <u>"Policies, practices and procedures" Objection</u>

24   **REQUEST FOR PRODUCTION NO. 55**:

25       Studies, audits, or reports CONCERNING problems or issues associated with remands of

26   SCDDC claims by the BVA or CAVC, including, without limitation, delays or improper claim

27   development by VA regional offices, failing to address and correct continuing failures of the

28   regional offices to make the same or similar errors, and the issue of multiple remands respecting

1  the same claim or same veteran.

2      Response: <u>CAVC Objection</u>  <u>Non-PTSD/Mental Health Overbreadth and</u>

3  <u>Burdensomeness Objection</u>  <u>Deliberative Process Objection</u>  Responsive documents will be

4  produced.

5  **REQUEST FOR PRODUCTION NO. 56:**

6      Allegations or evidence of retaliation against VA employees or witnesses, including,

7  without limitation, any release of information or speech activities CONCERNING the VA,

8  medical care and treatment for veterans or the adjudication of SCDDC claims.

9      Response: Objection, unduly burdensome in the absence of a showing by plaintiffs that

10  there have in fact been acts of retaliation against VA employees or witnesses.

11  **REQUEST FOR PRODUCTION NO. 57:**

12      The institution or conduct of special or supplemental reviews of SCDDC claims by the

13  VA Central Office, including reviews of approvals of grant or denial of service connection for

14  PTSD or TDIU, "second signature" requirements, or special review of prior grants of service

15  connection, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

16      Response:  <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>

17  <u>"Communication" Definition Overbreadth Objection</u>  <u>Individual Claim File Relevance and</u>

18  <u>Burdensomeness Objection</u> <u>Privacy Act Objection</u>  <u>"Policies, practices and procedures"</u>

19  <u>Objection</u>  <u>Communication" Definition Overbreadth Objection</u>   <u>"Meeting" Definition</u>

20  <u>Overbreadth Objection</u> <u>Deliberative Process Objection</u>   Non-objectionable and responsive

21  documents will be produced.

22  **REQUEST FOR PRODUCTION NO. 58:**

23      Document preservation instructions and measures based upon the filing of this action, any

24  reported violations of such instructions or measures, and all COMMUNICATIONS

25  CONCERNING the same.

26      Response: Objection, irrelevant to plaintiffs claims relating to the processing of claims

27  for benefits by veterans.  <u>Attorney-Client and Attorney Work Product Objection</u>

28  **REQUEST FOR PRODUCTION NO. 59:**

1  Congressional inquiries regarding the care or treatment of SCDDC claims of veterans

2  with PTSD or mental health disorders and all responses to the same.

3      Response: Deliberative Process Privilege Objection, unduly burdensome if defendants are

4  required to search every Congressional correspondence file.  Non-objectionable and responsive

5  documents will be produced.

6  **REQUEST FOR PRODUCTION NO. 60:**

7  Any analysis of possible measures to reduce VA budget outlays for SCDDC and/or

8  mental health care, including re-review of previously granted SCDDC or PTSD claims, and

9  changes in eligibility, substantive requirements or rating criteria.

10  Response: Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

11  Deliberative Process Privilege  Non-objectionable and responsive documents will be produced.

12  **REQUEST FOR PRODUCTION NO. 61:**

13  Instances of alleged or confirmed misconduct or improper actions by a VA employee,

14  regarding productivity, production or timeliness respecting a veteran or a veteran's claim,

15  including, without limitation, dismissals or disciplinary action taken.

16  Response: Objection, vague and ambiguous in the meaning of "alleged or confirmed

17  misconduct or improper actions by a VA employee, regarding productivity, production or

18  timeliness respecting a veteran or a veteran's claim."  Defendants understand this RFP to seek

19  documents describing allegations supported by serious and credible evidence that VA employees

20  violated laws, regulations or established agency policy in processing a veteran's claim for

21  monetary benefits or medical care due to a claim of PTSD.  Non-PTSD/Mental Health

22  Overbreadth and Burdensomeness Objection.  Individual Claim File Relevance and

23  Burdensomeness Objection Privacy Act Objection  Non-objectionable and responsive

24  documents will be produced. .

25  **REQUEST FOR PRODUCTION NO. 62:**

26  Disputes between any Union and the VA concerning alleged misconduct regarding the

27  productivity, production and timeliness of VA employees.

28  Response:  Objection, vague and ambiguous in the meaning of "alleged misconduct

regarding the productivity, production and timeliness." Defendants understand this RFP to seek documents describing allegations supported by serious and credible evidence that VA employees violated laws, regulations or established agency policy in processing a veteran's claim for monetary benefits or medical care due to a claim of PTSD. Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection. Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 63:**

Changes or proposed changes in the requirements or rules for attorneys or agents to practice before the VA, BVA or CAVC, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

Response: VA Rule Relevance and Burdensomeness Objection Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection "Policies, practices and procedures" Objection "Communication" Definition Overbreadth Objection "Meeting" Definition Overbreadth Objection

**REQUEST FOR PRODUCTION NO. 64:**

The VA's investigation and actions taken in response to claims of malpractice or other veterans' complaints about service officers or representatives.

Response: Objection, vague and ambiguous in the meaning of "claims of malpractice." Defendants understand this RFP to seek documents describing documents related to any complaint that resulted in an inquiry pursuant to 38 C.F.R. § 14.633. VA Rule Relevance and Burdensomeness Objection Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection Individual Medical Care Relevance and Burdensomeness Objection Privacy Act Objection

**REQUEST FOR PRODUCTION NO. 65:**

The VA's central office's supervision, statistical analysis of, or monitoring of grants of service connection for PTSD and appeals of PTSD grant decision or requests for increased ratings at its regional offices and all actions taken with respect to regional offices exhibiting

1  higher than average grant rates or any perceived statistical abnormalities.

2      <u>Response</u>: Objection, vague and ambiguous.  Defendants understand this RFP to seek

3  documents related to VA central office's oversight and supervising of determinations by regional

4  offices as to service connectedness in the case of PTSD claims.  <u>Individual Claim File Relevance</u>

5  <u>and Burdensomeness Objection</u> <u>Deliberative Process Objection</u>  Non-objectionable and

6  responsive documents will be produced.

7  **REQUEST FOR PRODUCTION NO. 66:**

8      The substantive content of application and problems experienced with the Clinician's

9  Guide provisions regarding PTSD, including, without limitation, Chapter 14 regarding PTSD.

10      <u>Response</u>: Objection, vague and ambiguous in the meaning of "[t]he substantive content

11  of application and problems experienced with the Clinician's Guide provisions regarding PTSD."

12  Defendants understand this RFP to seek documents related to any problems in the application of

13  Clinician's Guide to PTSD claims. <u>Individual Claim File Relevance and Burdensomeness</u>

14  <u>Objection</u> <u>Privacy Act Objection</u>  <u>Deliberative Process Objection</u> Non-objectionable and

15  responsive documents will be produced.

16  **REQUEST FOR PRODUCTION NO. 67:**

17      The production or productivity standards, goals, or requirements for personnel involved

18  in deciding SCDDC claims at regional offices and at the BVA, and for employees assigned to

19  provide health care for veterans and all MEETINGS and COMMUNICATIONS CONCERNING

20  the same.

21      <u>Response</u>: Objection, overbroad, unduly burdensome and irrelevant except as

22  performance standards, job descriptions, criteria for performance awards and similar documents

23  for VA staff deciding SCDDC claims, and health care claims. <u>Individual Claim File Relevance</u>

24  <u>and Burdensomeness Objection</u> <u>Deliberative Process Objection</u> <u>Non-PTSD/Mental Health</u>

25  <u>Overbreadth and Burdensomeness Objection</u>  <u>"Communication" Definition Overbreadth</u>

26  <u>Objection</u>  <u>"Meeting" Definition Overbreadth Objection</u>  Non-objectionable and responsive

27  documents will be produced.

28  **REQUEST FOR PRODUCTION NO. 68:**

1   Studies, reports, analyses, or predictions of the number and percentages of existing and

2   future veterans from OEF/OIF likely to file SCDDC and or PTSD claims.

3   Response:  Deliberative Process Objection Non-PTSD/Mental Health Overbreadth and

4   Burdensomeness Objection  Publically-Available Documents Objection  Non-VA Defendant

5   Relevance Objection  Non-objectionable and responsive documents will be produced.

6   **REQUEST FOR PRODUCTION NO. 69:**

7   Studies, reports, analyses or predictions of the numbers and percentages of veterans from

8   OEF/OIF likely to seek health care for PTSD or other mental health disorders.

9   Response:  Deliberative Process Objection Non-PTSD/Mental Health Overbreadth and

10  Burdensomeness Objection  Publically-Available Documents Objection  Non-VA Defendant

11  Relevance Objection  Non-objectionable and responsive documents will be produced.

12  **REQUEST FOR PRODUCTION NO. 70:**

13  The adequacy of past, present and future staffing levels at the DVB and VHA to handle

14  anticipated numbers of returned or returning OEF/OIF veterans, and all MEETINGS and

15  COMMUNICATIONS CONCERNING the same.

16  Response:  Deliberative Process Objection Non-PTSD/Mental Health Overbreadth and

17  Burdensomeness Objection  "Communication" Definition Overbreadth Objection  "Meeting"

18  Definition Overbreadth Objection  Non-objectionable and responsive documents will be

19  produced.

20  **REQUEST FOR PRODUCTION NO. 71:**

21  Reports, studies, information and examples of the issuance of less than honorable

22  discharges to soldiers exhibiting symptoms of PTSD or mental health disorders by the armed

23  services, and/or their eligibility for SCDDC and VA medical care.

24  Response:  Objection, irrelevant in that actions by DOD in issuing less than honorable

25  discharges are irrelevant to decisions by VA on SCDDC claims and request for medical care.

26  Individual Claim File Relevance and Burdensomeness Objection Deliberative Process Objection

27  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Privacy Act Objection

28  Non-VA Defendant Relevance Objection  Non-objectionable and responsive documents will be

1  produced.

2  **REQUEST FOR PRODUCTION NO. 72:**

3      Any link between PTSD and violent or illegal behavior or conduct by soldiers, including

4  reports, studies, information and examples.

5      Response: Objection, irrelevant as the VA provides care to veterans not "soldiers."

6  Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection  Non-

7  VA Defendant Relevance Objection  Deliberative Process Objection    Non-objectionable and

8  responsive documents will be produced.

9  **REQUEST FOR PRODUCTION NO. 73:**

10      Data CONCERNING the incidence of, estimates, projections or instances of suicides and

11  attempted suicides amongst OIF/OEF veterans.

12      Response: Individual Claim File Relevance and Burdensomeness Objection   Privacy Act

13  Objection Deliberative Process Objection   Non-objectionable and responsive documents were

14  produced to plaintiffs on February 4, 2008; additional documents will be produced if and when

15  they are located.

16  **REQUEST FOR PRODUCTION NO. 74:**

17      MEETINGS and COMMUNICATIONS within the VA or between the VA and any third

18  party CONCERNING the June 2007 Report of the Department of Defense Task Force on Mental

19  Health.

20      Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

21  Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

22  Objection Deliberative Process Objection  Non-objectionable and responsive documents will be

23  produced.

24  **REQUEST FOR PRODUCTION NO. 75:**

25      The DOLE/SHALALA REPORT, and all MEETINGS and COMMUNICATIONS

26  CONCERNING the same.

27      Response: Communication" Definition Overbreadth Objection  "Meeting" Definition

28  Overbreadth Objection  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

1  Deliberative Process Objection Non-objectionable and responsive documents will be produced.

2  **REQUEST FOR PRODUCTION NO. 76:**

3       Those DOCUMENTS that mention Plaintiffs or Plaintiffs' Counsel.

4       Response: Objection, irrelevant.  Non-PTSD/Mental Health Overbreadth and

5  Burdensomeness Objection  Individual Claim File Relevance and Burdensomeness Objection

6  Privacy Act Objection  Individual Medical Care Relevance and Burdensomeness Objection

7  Deliberative Process Objection  Attorney-Client and Attorney Work Product Objection Non-

8  objectionable and relevant documents the mention plaintiffs or plaintiffs' counsel will be

9  produced in response to other requests.

10 **REQUEST FOR PRODUCTION NO. 77:**

11      The DoD Task Force On Mental Health dated June 2007, and all COMMUNICATIONS

12 and MEETINGS CONCERNING the same.

13      Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

14 Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

15 Objection Deliberative Process Objection  Non-objectionable and responsive documents will be

16 produced.

17 **REQUEST FOR PRODUCTION NO. 78:**

18      Reports I, II, III and IV of the Mental Health Advisory Team (MHAT) for OEF and/or

19 OIF by the office of the Surgeon General and all COMMUNICATIONS CONCERNING the

20 same.

21      Response: Objection, irrelevant as these reports deal with mental health issues of active-

22 duty solders, not veterans.  Non-VA Defendant Relevance Objection  Communication"

23 Definition Overbreadth Objection  Publically-Available Documents Objection  Deliberative

24 Process Objection Non-objectionable and responsive documents will be produced.

25 **REQUEST FOR PRODUCTION NO. 79:**

26      COMMUNICATIONS and MEETINGS between the Defendants and the Department of

27 Medicine CONCERNING PTSD or its medical definition, symptoms, rating, diagnosis, or

28 treatment.

1    <u>Response</u>: Objection, vague and ambiguous in the identification of the "Department of

2    Medicine. Consequently, defendants are unable to respond to this RFP.

3    **REQUEST FOR PRODUCTION NO. 80:**

4         Plans or proposals to privatize medical care for veterans in general or for PTSD and/or

5    mental health disorders, and all COMMUNICATIONS CONCERNING the same.

6         <u>Response</u>: Objection, proposals to privatize medical care for veterans in the future are not

7    relevant to the issues in this litigation.  <u>Non-PTSD/Mental Health Overbreadth and

8    Burdensomeness Objection</u>  <u>Deliberative Process Privilege</u> .

9    **REQUEST FOR PRODUCTION NO. 81:**

10        COMMUNICATIONS and MEETINGS of the VA's Seamless Transition Task Force also

11   known as Task Force on Seamless Transition, as well as minutes, reports, surveys,

12   recommendations, opinions, projects and working files, and all MEETINGS and

13   COMMUNICATIONS CONCERNING the same.

14        <u>Response</u>:  <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>

15   Communication" Definition Overbreadth Objection</u>  <u>"Meeting" Definition Overbreadth

16   Objection</u> <u>Deliberative Process Objection</u>.  Non-objectionable and responsive documents will be

17   produced.

18   **REQUEST FOR PRODUCTION NO. 82:**

19        COMMUNICATIONS and MEETINGS between the Defendants and the Congress, other

20   members of the Bush Administration and/or the VAIG CONCERNING actual or predicted

21   budget deficits and/or supplemental appropriations for FY 2005, FY 2006, or FY 2007.

22        <u>Response</u>: Objection, Irrelevant, in part because this Court lacks any authority to order

23   Congress to appropriate funds to meet any perceived deficiencies in providing services to

24   veterans. <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>

25   Communication" Definition Overbreadth Objection</u>  <u>"Meeting" Definition Overbreadth

26   Objection</u>  <u>Deliberative Process Objection</u>.  Notwithstanding that objection, non-objectionable

27   and relevant documents will be produced.

28   **REQUEST FOR PRODUCTION NO. 83:**

1    Consultant or third-party studies, evaluations or reports CONCERNING mental health

2    services for veterans, including, but not limited to, services for PTSD, current patient load, claim

3    load and costs, as well as projected patient load, claim load and costs, and all MEETINGS and

4    COMMUNICATIONS CONCERNING the same.

5    Response:  Objection, overbroad, irrelevant and unduly burdensome except as to

6    consultants hired or retained by the VA for the express purposes of evaluating VA mental health

7    services for veterans.  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

8    Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

9    Objection  Publically-Available Documents Objection  Non-objectionable and responsive

10    documents will be produced.

11    **REQUEST FOR PRODUCTION NO. 84:**

12    COMMUNICATIONS and MEETINGS between DEFENDANTS and Altarum Institute

13    of Ann Arbor, Michigan CONCERNING mental health services for veterans.

14    Response: Objection, overbroad, irrelevant and unduly burdensome except as to

15    consultants hired or retained by the VA for the express purposes of evaluating VA mental health

16    services for veterans.  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

17    Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

18    Objection  Publically-Available Documents Objection  Non-objectionable and responsive

19    documents will be produced.

20    **REQUEST FOR PRODUCTION NO. 85:**

21    PTSD studies and evaluations of PTSD regulations conducted by the Institute of

22    Medicine and all COMMUNICATIONS and MEETINGS regarding the same.

23    Response:  Non-VA Defendant Relevance Objection  "Communication" Definition

24    Overbreadth Objection  "Meeting" Definition Overbreadth Objection  Publically-Available

25    Documents Objection  Deliberative Process Objection  Non-objectionable and responsive

26    documents will be produced.

27    **REQUEST FOR PRODUCTION NO. 86:**

28    Rules, practices, regulations, or guidelines CONCERNING how the VA addresses

1  conflicting diagnoses or opinions between doctors or medical personnel employed by the VBA

2  and the VHA regarding a diagnosis of a mental disorder, including PTSD, and MEETINGS and

3  COMMUNICATIONS CONCERNING the same.

4       Response:  There are no documents responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 87:**

6       COMMUNICATIONS and MEETINGS between Defendants and the Veterans Disability

7  Benefits Commission CONCERNING SCDDC, medical care for veterans, PTSD or the content

8  of the Commission's Reports.

9       Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

10  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

11  Objection Publically-Available Documents Objection  Non-objectionable and responsive

12  documents will be produced.

13  **REQUEST FOR PRODUCTION NO. 88:**

14       The Veterans Disability Benefits Commission Report entitled "Honoring the Call to

15  Duty," and all COMMUNICATIONS CONCERNING the report and/or its recommendations.

16       Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

17  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

18  Objection Publically-Available Documents Objection  Non-objectionable and responsive

19  documents will be produced.

20  **REQUEST FOR PRODUCTION NO. 89:**

21       COMMUNICATIONS and MEETINGS CONCERNING the following GAO reports.

22       Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

23  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

24  Objection  Deliberative Process Objection Attorney-Client and Attorney Work Product Objection

25  VA's official response to GAO reports is contained as an attachment to each report and hence is

26  available to the plaintiffs as a public document.

27  **REQUEST FOR PRODUCTION NO. 90:**

28       COMMUNICATIONS and MEETINGS CONCERNING the following VA Inspector

1  General reports.

2      Response:  "Communication" Definition Overbreadth Objection  "Meeting" Definition

3  Overbreadth Objection  Deliberative Process Objection  Attorney-Client and Attorney Work

4  Product Objection  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Law

5  Enforcement Privilege as to certain materials in the files of the VA's Office of Inspector General

6  relating to the reports.  Non-objectionable and responsive documents will be produced.

7  **REQUEST FOR PRODUCTION NO. 91:**

8      The interpretation and application of the Medical Care Statute as defined in Paragraph 91

9  of the Complaint, and procedures, policies, guidelines and MEETINGS CONCERNING the

10  same.

11      Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

12  "Policies, practices and procedures" Objection  Deliberative Process Objection  Attorney-Client

13  and Attorney Work Product Objection  Non-objectionable and responsive documents will be

14  produced.

15  **REQUEST FOR PRODUCTION NO. 92:**

16      Record retrieval problems and delays relating to the DVA's request of records from the

17  U.S. Army and Joint Services Records Research Center and other federal agencies or sources in

18  connection with SCDDC or PTSD claims.

19      Response:  "Policies, practices and procedures" Objection  Individual Claim File

20  Relevance and Burdensomeness Objection  Privacy Act Objection  Non-PTSD/Mental Health

21  Overbreadth and Burdensomeness Objection  Non-objectionable and responsive documents will

22  be produced.

23  **REQUEST FOR PRODUCTION NO. 93:**

24      The standards, requirements and time frame for the conduct of a Compensation and

25  Pension examination, as described in paragraphs 98-99 of the Complaint.

26      Response:  "Policies, practices and procedures" Objection  Individual Claim File

27  Relevance and Burdensomeness Objection  Privacy Act Objection  Non-PTSD/Mental Health

28  Overbreadth and Burdensomeness Objection  "Policies, practices and procedures" Objection

1  Non-objectionable and responsive documents will be produced.

2  **REQUEST FOR PRODUCTION NO. 94:**

3      The organizational tree or structure of the DVA, including the DVB, NCA (National

4  Cemetery Association), Readjustment Counseling Services, VBA, BVA, each outpatient clinic or

5  hospital, and the IDENTITY of each person holding each position.

6      Response:   Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

7  Objection, information relating to the National Cemetery Association is irrelevant. Non-

8  objectionable and responsive documents will be produced.

9  **REQUEST FOR PRODUCTION NO. 95:**

10     Shortcomings, deficiencies, problems, or comments CONCERNING the Rating Guide

11  and/or its application to PTSD claims, and all MEETINGS and COMMUNICATIONS

12  CONCERNING the same.

13     Response:  Objection, vague and ambiguous in the meaning of "shortcomings,

14  deficiencies, problems or comments CONCERNING the rating guide."   Defendants understand

15  this RFP to seek documents describing VA's policies and procedures for applying the Rating

16  Guide to PTSD claims. Individual Claim File Relevance and Burdensomeness Objection Privacy

17  Act Objection    "Policies, practices and procedures" Objection   "Communication" Definition

18  Overbreadth Objection  "Meeting" Definition Overbreadth Objection Non-objectionable and

19  responsive documents will be produced.

20  **REQUEST FOR PRODUCTION NO. 96:**

21     The number of appeals, and percentage of claimants seeking a hearing at each stage of the

22  Complete Claim Cycle Period, as defined in the Complaint, starting with the Regional Office.

23     Response:   Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189

24  Additional response to RFP 96 only: CAVC Objection.

25  **REQUEST FOR PRODUCTION NO. 97:**

26     The number and percentage of SCDDC and PTSD claims remanded by the BVA and

27  CAVC between 2000 and present.

28     Response:  Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189

1  Additional response to RFP 97 only: <u>CAVC Objection</u>  <u>Non-PTSD/Mental Health Overbreadth</u>

2  <u>and Burdensomeness Objection</u>

3  **REQUEST FOR PRODUCTION NO. 98**:

4          The number and content of subpoenas and/or subpoenas *duces tecum* issued by the VA,

5  and the percentage of claims where subpoenas were issued between 2000 and present.

6          <u>Response</u>:  <u>VA Rule Relevance and Burdensomeness Objection</u> <u>Individual Claim File</u>

7  <u>Relevance and Burdensomeness Objection</u> <u>Privacy Act Objection</u>  Objection, irrelevant as to

8  investigative subpoenas issued by the OIG.

9  **REQUEST FOR PRODUCTION NO. 99**:

10         Audit reports for each regional office, outpatient clinic and hospital, and MEETINGS

11  and COMMUNICATIONS CONCERNING the same.

12         <u>Response</u>:  <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>

13  <u>"Communication" Definition Overbreadth Objection</u>  <u>"Meeting" Definition Overbreadth</u>

14  <u>Objection</u> <u>Deliberative Process Objection</u>  <u>Publically-Available Documents Objection</u>

15  **REQUEST FOR PRODUCTION NO. 100:**

16         COMMUNICATIONS and MEETINGS between Defendants and staff or members of the

17  House or Senate Veterans Affairs Committees CONCERNING PTSD, SCDDC, the rating guide,

18  health care for veterans, personality disorder discharges, suicide, and/or adjudication or health

19  care system delay.

20         <u>Response</u>:  <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>  <u>VA</u>

21  <u>Rule Relevance and Burdensomeness Objection</u>   <u>"Communication" Definition Overbreadth</u>

22  <u>Objection</u>  <u>"Meeting" Definition Overbreadth Objection</u> <u>Deliberative Process Objection</u>

23  <u>Attorney-Client and Attorney Work Product Objection</u>   Non-objectionable and responsive

24  documents will be produced.

25  **REQUEST FOR PRODUCTION NO. 101:**

26         Instances in which Defendants failed to spend funds appropriated by Congress for mental

27  health care and services or medical care for veterans, including, without limitation, the dates,

28  amounts, and totals.

1    Response:  Objection, vague and ambiguous in the meaning of "funds appropriated by

2    Congress for mental health care and services or medical care for veterans."  Defendants

3    understand this RFP to seek documents describing VA's expenditure of funds in appropriations

4    for fiscal years 2005, 2006 and 2007 either: 1) contained in a lump sum appropriation and

5    available for mental health care and services or medical care for veterans, but not required to be

6    spent for those purposes, and 2) directly earmarked for mental health care and services or

7    medical care for veterans.  Non-PTSD/Mental Health Overbreadth and Burdensomeness

8    Objection  Deliberative Process Objection Attorney-Client and Attorney Work Product

9    Objection  Non-objectionable and responsive documents will be produced.

10   **REQUEST FOR PRODUCTION NO. 102:**

11        Suicide prevention, detection, screening, and/or treatment programs administered by

12   YOU or under contract with YOU.

13        Response:  Individual Claim File Relevance and Burdensomeness Objection Privacy Act

14   Objection  Individual Medical Care Relevance and Burdensomeness Objection  Deliberative

15   Process Objection APA Record Review Objection Non-objectionable and responsive documents

16   were produced to plaintiffs on February 4, 2008; additional documents will be produced if and

17   when they are located.

18    **REQUEST FOR PRODUCTION NO. 103:**

19        The military records and VA claim files of all veterans known by you to have committed

20   suicide, including, but not limited to any of the veterans listed on Attachment "A" whose names

21   are followed by an asterisk.

22        Response:  Individual Claim File Relevance and Burdensomeness Objection Privacy Act

23   Objection  Non-VA Defendant Relevance Objection

24   **REQUEST FOR PRODUCTION NO. 104:**

25        The military service and medical records of all military personnel who received

26   personality disorder discharges between January 1, 2000 and present.

27        Response:  Individual Claim File Relevance and Burdensomeness Objection Privacy Act

28   Objection  Non-VA Defendant Relevance Objection

**REQUEST FOR PRODUCTION NO. 105:**

Studies, analyses, or discussion of the effect of any VA strategic, program, or policy decisions or alternatives upon the VA budget, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

Response:  Objection, vague and ambiguous in the meaning of " VA strategic, program, or policy decisions or alternatives."  Defendants understand this RFP to seek documents describing VA's budget requests (as contained in the President's annual budget requests to Congress) for VBA and VHA programs for FY 2005, 2006, 2007 and 2008.   Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Deliberative Process Objection "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth Objection  Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 106:**

The VA's Monthly Performance Reviews from January 1, 2002 to the present.

Response: Objection, irrelevant and unduly burdensome except to the extent that such Performance Reviews relate to the actions of VA employees responsible for adjudicating claims for benefits and requests for mental health care based upon PTSD.   Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Deliberative Process Objection  Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 107:**

Projections, estimates, scenarios, or discussions of the expected changes in the veteran population as a result of OEF/OIF, including, without limitation, projected impacts upon the VA budget, adjudication system, and health care delivery system, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

Response:  Objection, vague and ambiguous in the meaning of "[p]rojections, estimates, scenarios, or discussions of the expected changes in the veteran population as a result of OEF/OIF, including, without limitation, projected impacts upon the VA budget, adjudication system, and health care delivery system."  Defendants understand this RFP to seek documents describing VA's budget requests (as contained in the President's annual

1  budget requests to Congress) for VBA and VHA programs for FY 2005, 2006, 2007 and 2008.

2  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Communication"

3  Definition Overbreadth Objection  "Meeting" Definition Overbreadth Objection  Deliberative

4  Process Objection Attorney-Client and Attorney Work Product Objection  Non-objectionable and

5  responsive documents will be produced.

6  **REQUEST FOR PRODUCTION NO. 108:**

7      Past, present and future staffing and hiring plans for mental health services for veterans,

8  including, without limitation, VA regional offices, VA medical centers and outpatient clinics,

9  and unfilled positions and all MEETINGS and COMMUNICATIONS CONCERNING the same.

10      Response: Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

11  Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

12  Objection  Deliberative Process Objection Attorney-Client and Attorney Work Product

13  Objection  Non-objectionable and responsive documents will be produced.

14  **REQUEST FOR PRODUCTION NO. 109:**

15      Time frames and/or delays for obtaining stressor verification information regarding PTSD

16  claims such as deck logs from the Naval Historical Society or military records from the Armed

17  Services or other repositories.

18      Response:  Individual Claim File Relevance and Burdensomeness Objection Privacy Act

19  Objection  Non-objectionable and responsive documents will be produced.

20  **REQUEST FOR PRODUCTION NO. 110:**

21      DOCUMENTS that mention any of the authorities in the Appendix to the Complaint.  *See*

22  Complaint pp. 70-73.

23      Response:  Objection, vague and ambiguous in the meaning of "mention."  Defendants

24  interpret the request to mean any reference to any of the documents, and on that basis, object to

25  the request as overbroad and unduly burdensome. Non-objectionable and responsive documents

26  containing a substantive discussion of these requests will be produced in response other RFPs.

27  VA Rule Relevance and Burdensomeness Objection  Non-PTSD/Mental Health Overbreadth and

28  Burdensomeness Objection  Individual Claim File Relevance and Burdensomeness Objection

1  Privacy Act Objection  Individual Medical Care Relevance and Burdensomeness Objection

2  **REQUEST FOR PRODUCTION NO. 111:**

3  DOCUMENTS received by or authored by David Chu, Under Secretary for Personnel and

4  Readiness, U.S. Department of Defense, respecting any proposed reduction of veterans' and

5  retirees' benefits and/or increases in weapon programs, and all MEETINGS and

6  COMMUNICATIONS CONCERNING the same.

7  Response:  Non-VA Defendant Relevance Objection  Non-PTSD/Mental Health

8  Overbreadth and Burdensomeness Objection Deliberative Process Objection

9  **REQUEST FOR PRODUCTION NO. 112:**

10  Names and the IDENTITY of all Iraq and Afghanistan veterans as maintained as part of

11  the Gulf War Master Record.

12  Response:  Non-VA Defendant Relevance Objection Individual Claim File Relevance

13  and Burdensomeness Objection Privacy Act Objection

14  **Possible FOR PRODUCTION NO. 113:**

15  The lists, compilations, printouts, or files showing the IDENTITY of Iraq and

16  Afghanistan war veterans as compiled by the DoD and/or VA between 2000 and present.

17  Response: Objection, overbroad and unduly burdensome in the request for all "files" for

18  hundreds of thousands of veterans.  Non-VA Defendant Relevance Objection Individual Claim

19  File Relevance and Burdensomeness Objection Privacy Act Objection  Non-VA Defendant

20  Relevance Objection  Objection, certain documents responsive to this request may be classified.

21  **REQUEST FOR PRODUCTION NO. 114:**

22  Death certificates for all deceased Iraq and Afghanistan veterans whose cause of death or

23  contributory cause of death is listed as suicide.

24  Response:  Individual Claim File Relevance and Burdensomeness Objection Privacy Act

25  Objection.

26  **REQUEST FOR PRODUCTION NO. 115:**

27  Copies of all death certificates for veterans, as shown in dependency and indemnity

28  compensation portion of the CPMR (the Compensation and Pension Service Master Record),

1  including, without limitation, active and terminated records, where such certificates show suicide

2  or possible suicide as a cause or contributing cause of death.

3      Response:  Individual Claim File Relevance and Burdensomeness Objection Privacy Act

4  Objection

5  **REQUEST FOR PRODUCTION NO. 116**:

6      Projections prepared by Price Waterhouse Coopers, YOUR budget staff, or other contractors

7  CONCERNING the past, present and/or future number, type, diagnosis, and expenditures associated

8  with OIF and OEF and SCDDC and/or PTSD claims.

9      Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

10  Deliberative Process Objection Attorney-Client and Attorney Work Product Objection Non-

11  objectionable and responsive documents will be produced.

12  **REQUEST FOR PRODUCTION NO. 117**:

13      Data and information concerning PTSD claims and/or claimants or recipients as stored in the

14  VETSNET computer system.

15      Response: See Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187;

16  189.  Computer Inspection Burdensomeness and Relevance Objection

17  **REQUEST FOR PRODUCTION NO. 118**:

18      The IDENTITY of all active service members from OIF/OEF that have committed suicide.

19      Response:  Individual Claim File Relevance and Burdensomeness Objection, but only as

20  to material in such claim files if they exist for such service members   Privacy Act Objection as to

21  all such service members  After entry of a Court Order authorizing production of Privacy Act-

22  protected material, defendants will produce the only responsive document of which it is currently

23  aware, a list of all active duty deaths from non-hostile causes (i.e. suicide and all other causes) from

24  January 1, 2005 to the present.  This document is derived from Office of Service Group Life

25  Insurance Life Claims Management System.

26  **REQUEST FOR PRODUCTION NO. 119**:

27      A list of all active armed services suicides and computer printouts showing the IDENTITY

28  of soldiers serving in Iraq and/or Afghanistan and a list of service members or survivors receiving

1  Service Member Group Life Insurance.

2      Response: Individual Claim File Relevance and Burdensomeness Objection, but only as to

3  material in such claim files if they exist for such service members    Privacy Act Objection as to

4  all such service members  After entry of a Court Order authorizing production of Privacy Act-

5  protected material, defendants will produce the only responsive document of which it is currently

6  aware, a list of all active duty deaths from non-hostile causes (i.e. suicide and all other causes) from

7  January 1, 2005 to the present.  This document is derived from Office of Service Group Life

8  Insurance Life Claims Management System.

9  **REQUEST FOR PRODUCTION NO. 120**:

10      Surveys, data, studies, compilations, or analyses of information CONCERNING mental

11  health problems or disorders amongst OIF and OEF veterans or soldiers.

12      Response:  Non-VA Defendant Relevance Objection Publically-Available Documents

13  Objection vague and ambiguous in the meaning of "[s]urveys, data, studies, compilation, or analyses

14  of information."  Defendants understand this RFP to seek VA-authored documents describing the

15  incidence or frequency of PTSD in OIF/OEF veterans, not active-duty service members.  Non-

16  objectionable and responsive documents will be produced.

17  **REQUEST FOR PRODUCTION NO. 121**:

18      VA Monthly Performance Reviews prepared by the Office of Performance Analysis and

19  Integrity between 2000 and present.

20      Response:  Objection, irrelevant and unduly burdensome except to the extent that the

21  request seeks reports related to the processing of SCDDC claims related to PTSD or other mental

22  health disorder for OIF/OEF veterans.  Non-PTSD/Mental Health Overbreadth and

23  Burdensomeness Objection Deliberative Process Objection  Non-objectionable and responsive

24  documents will be produced.

25  **REQUEST FOR PRODUCTION NO. 122**:

26      Minutes, summaries, memoranda, and videotapes of regional office director MEETINGS

27  and teleconferences, and/or the Office of Field Operations.

28      Response:  Objection, irrelevant and unduly burdensome except to the extent that such

1  "regional office director MEETINGS and teleconferences and/or Office of Field Operations"

2  relate to the actions of VA employees responsible for adjudicating claims for benefits and

3  requests for mental health care for PTSD.   Non-PTSD/Mental Health Overbreadth and

4  Burdensomeness Objection  Deliberative Process Objection   Non-objectionable and responsive

5  documents will be produced.

6  **REQUEST FOR PRODUCTION NO. 123**:

7      COMMUNICATIONS and MEETINGS CONCERNING the August 21,2007 Litigation

8  Hold Memo, including, without limitation, e-mails or other COMMUNICATIONS sent to

9  Michael G. Daugherty or Christopher McNamee regarding good faith cost estimates and other

10  information and responses thereto.

11      Response:  Objection, irrelevant, as issues relating to how the VA has preserved documents

12  potentially relevant to this litigation are not, by that fact alone, relevant to the claims and defenses in

13  this action.  "Communication" Definition Overbreadth Objection  "Meeting" Definition

14  Overbreadth Objection  Deliberative Process Objection  Attorney-Client and Attorney Work

15  Product Objection

16  **REQUEST FOR PRODUCTION NO. 124:**

17      Allegations, statements, reports, charges or discussions of whether or not the VA applies or

18  has claim processing quotas for adjudication personnel or quotas or other limitations upon the grant

19  of SCDDC for PTSD or other disabilities or conditions.

20      Response:  Objection, vague and ambiguous in the meaning of "claim processing quotas for

21  adjudication personnel or quotas or other limitations upon the grant of SCDDC for PTSD or other

22  disabilities or conditions."  Defendants understand this RFP to seek documents describing

23  performance standards and position descriptions for employees responsible for claims processing and

24  documents directly related to how VA oversees and manages its claims processing system for

25  purposes of productivity, fairness and prevention of fraud.  Non-PTSD/Mental Health Overbreadth

26  and Burdensomeness Objection  Deliberative Process Objection  Attorney-Client and Attorney

27  Work Product Objection  Non-objectionable and responsive documents will be produced.

28  **REQUEST FOR PRODUCTION NO. 125:**

1    Reports, drafts, correspondence, analyses and other COMMUNICATIONS CONCERNING

2   studies prepared by the Institute for Defense Analyses and/or David Hunter or VA disability or

3   SCDDC payments, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

4    Response:  "Communication" Definition Overbreadth Objection  Non-PTSD/Mental

5   Health Overbreadth and Burdensomeness Objection Non-VA Defendant Relevance Objection

6   Deliberative Process Objection Non-objectionable and responsive documents will be produced.

7   **REQUEST FOR PRODUCTION NO. 126:**

8    The working files and computer files, including, without limitation, e-mails of all witnesses

9   listed in the Initial Disclosures of any parties who are or become the subject of deposition notices

10   and/or subpoenas in this action.

11    Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Non-

12   VA Defendant Relevance Objection  Deliberative Process Objection  Computer Inspection

13   Burdensomeness and Relevance Objection  Attorney-Client and Attorney Work Product

14   Objection  Objection, vague, overbroad and ambiguous. Relevant documents responsive to this

15   request will be identified and produced pursuant to other RFPs.

16   **REQUEST FOR PRODUCTION NO. 127:**

17    The success rates for VA claims and appeals to the BVA, CAVC, and/or Federal Circuit for

18   claimants representing themselves compared to claimants represented by veterans service officers,

19   agents, and attorneys.

20    Response: Objection, vague and ambiguous in the meaning of "success rates for VA claims

21   and appeals."  Defendants understand this RFP to seek documents describing statistical data

22   relating to the outcome of claims in appeals.   With that understanding, see Consolidated Response

23   to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.   Additional response to RFP 127 only:

24   CAVC Objection

25   **REQUEST FOR PRODUCTION NO. 128:**

26    Those documents identified in Section B of your initial disclosures dated October 18,

27   2007.

28    Response:  CAVC Objection  Non-objectionable and responsive documents will be

1   produced.

2   **REQUEST FOR PRODUCTION NO. 129:**

3   　　　Those documents responsive to these requests that are maintained in the personal or working

4   files of each witness listed on Defendants Initial Disclosures dated October 18, 2007.

5   　　　<u>Response</u>:  <u>VA Rule Relevance and Burdensomeness Objection</u> <u>Non-PTSD/Mental

6   Health Overbreadth and Burdensomeness Objection</u> <u>Individual Medical Care Relevance and

7   Burdensomeness Objection</u> <u>Deliberative Process Objection</u> <u>Attorney-Client and Attorney Work

8   Product Objection</u> <u>Privacy Act Objection</u> <u>Computer Inspection Burdensomeness and Relevance

9   Objection</u>  Objection, vague, overbroad and ambiguous.  Relevant documents responsive to this

10  request will be identified and produced pursuant to other RFPs.

11  **REQUEST FOR PRODUCTION NO. 130:**

12  　　　COMMUNICATIONS and MEETINGS CONCERNING the August 27, 2007 C&P

13  Service "Fast Letter" 07-19 regarding Procedures for Handling Extraordinary Awards

14  　　　<u>Response</u>:   <u>"Policies, practices and procedures" Objection</u> <u>"Communication"

15  Definition Overbreadth Objection</u> <u>"Meeting" Definition Overbreadth Objection</u> <u>Deliberative

16  Process Objection</u> <u>Attorney-Client and Attorney Work Product Objection</u>  Non-objectionable

17  and responsive documents will be produced.

18  **REQUEST FOR PRODUCTION NO. 131:**

19  　　　Policies, definitions, procedures, applications, decisions, COMMUNICATIONS and/or

20  MEETINGS CONCERNING extraordinary claims reviews or processes.

21  　　　<u>Response</u>:  Objection, vague and ambiguous in the meaning of "extraordinary claims

22  reviews or processes."  Defendants understand this RFP to seek documents describing the

23  management of the VA claims adjudication process through reviews instituted to reduce fraud

24  and error and ensure consistency of adjudication.  <u>Non-PTSD/Mental Health Overbreadth and

25  Burdensomeness Objection</u> <u>"Communication" Definition Overbreadth Objection</u> <u>"Meeting"

26  Definition Overbreadth Objection</u>     <u>"Policies, practices and procedures" Objection</u> <u>Deliberative

27  Process Objection</u> <u>Attorney-Client and Attorney Work Product Objection</u>  Non-objectionable and

28  responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 132:**

_____The IDENTITY, number of patients and hours, percentage of patients, reason for, and types of veteran patients diverted by each and all VA Medical Centers between January 1, 2001, and the present, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

Response:  Objection, vague and ambiguous in the meaning of "patients diverted by each and all VA Medical Centers."  Defendants understand this RFP to seek documents describing instances where a veteran seeking emergency care at a particular VA facility is directed to "divert" to another VA or contract medical facility because the veteran cannot be served by the particular VA facility at that time.  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Individual Medical Care Relevance and Burdensomeness Objection  Individual Claim File Relevance and Burdensomeness Objection  Privacy Act Objection  Privacy Act Objection Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 133:**

The diversion of patients by the James A. Haley VA Medical Center and Bay Pines VA Medical Center, as reported in the *Orlando Sentinel* on or about October 29, 2007.

Response: Objection, vague and ambiguous in the meaning of "patients diverted by each and all VA Medical Centers."  Defendants understand this RFP to seek documents describing instances where a veteran seeking emergency care at a particular VA facility is directed to "divert" to another VA or contract medical facility because the veteran cannot be served by the particular VA facility at that time.  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  Individual Medical Care Relevance and Burdensomeness Objection  Individual Claim File Relevance and Burdensomeness Objection  Privacy Act Objection  Privacy Act Objection Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 134:**

_____The analysis or study of the timelines of VA outpatient appointments as reported in the *Charlotte Observer* on or about October 21, 2007, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection  At

this time, the only document that defendants have identified that is responsive to this request is an Excel spreadsheet reflecting the data referenced in the *Charlotte Observer* article; this document will be produced.

**REQUEST FOR PRODUCTION NO. 135:**

DOCUMENTS otherwise responsive to the requests which YOU produced in response to FOIA request to the VA or in response to Congressional inquiries or oversight between January 1, 2001, and the present.

Response: Objection, overbroad and unduly burdensome; the VA provides thousands of documents to Congress and the public under the FOIA and Privacy Act each year that are not relevant to this action. Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection Individual Medical Care Relevance and Burdensomeness Objection Publically-Available Documents Objection Deliberative Process Objection Non-objectionable documents responsive to this request will be identified and produced pursuant to other RFPs.

**REQUEST FOR PRODUCTION NO. 136:**

_____SMI studies, reports, analyses, hearing transcripts, and MEETING minutes, including DOCUMENTS not officially published by the committee, and all COMMUNICATIONS and MEETINGS CONCERNING the same.

Response: Defendants understand this RFP to seek documents relating to the VA Care of Veterans With Serious Mental Illness (SMI) Committee. With that understanding: Deliberative Process Objection Attorney-Client and Attorney Work Product Objection Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 137:**

_____The consideration or issuance by the VA Central Office or Compensation and the Pension Service of any guidance, rules, regulations (formal or otherwise), or instructions to regional offices CONCERNING a veteran's use or reliance upon buddy statements, affidavits or declarations to substantiate any aspect of a PTSD claim, including, without limitation, the occurrence of events relating to stressors and/or the combat status of a veteran, and all

1  MEETINGS and COMMUNICATIONS CONCERNING the same.

2  `    Response: Objection, irrelevant to the extent that VA has only considered, but not

3  adopted, a policy related to buddy statements. VA Rule Relevance and Burdensomeness

4  Objection    Policies, practices and procedures" Objection    Deliberative Process Objection

5  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

6  Objection Attorney-Client and Attorney Work Product Objection   Non-objectionable and

7  responsive documents will be produced.

8  **REQUEST FOR PRODUCTION NO. 138:**

9  _____Any reports, analyses, COMMUNICATIONS, or DOCUMENTS CONCERNING the

10  average number of minutes veterans spend with a medical professional during each type of

11  scheduled visit to receive mental health care, and the patient time requirements, standards,

12  performance goals for each type of mental health professional.

13      Response: Objection, vague and ambiguous in the meaning of "patient time requirements,

14  standards, performance goals." Defendants understand this RFP to seek documents describing

15  performance and productivity standards for VA mental health professionals such as position

16  descriptions and similar documents. Individual Claim File Relevance and Burdensomeness

17  Objection Deliberative Process Objection Non-PTSD/Mental Health Overbreadth and

18  Burdensomeness Objection  "Communication" Definition Overbreadth Objection  "Meeting"

19  Definition Overbreadth Objection  Non-objectionable and responsive documents will be

20  produced.  Non-objectionable and responsive documents will be produced.

21  **REQUEST FOR PRODUCTION NO. 139:**

22  _____The CAPRI Technical User Manual for VA computer patient medical records system, and

23  other DOCUMENTS containing information on how to access a shadow medical file system

24  maintained by the Compensation & Pension Service (hereafter collectively the "Shadow Medical

25  File System"), and all user instructions, methodology descriptions, fast letters, and all

26  MEETINGS and COMMUNICATIONS CONCERNING it, including, without limitation, its

27  distribution, actual or intended use, period or suspension of use, and compliance or non-

28  compliance.

1   <u>Response</u>: Objection, vague and ambiguous in the meaning of "shadow medical file

2   system." Defendants are unable to respond to this request.

3   **REQUEST FOR PRODUCTION NO. 140:**

4   _____The actual use or potential use of the Shadow Medical File System to take adverse action

5   against any claimant, including, without limitation, blacklisting, severance of benefits, delays on

6   decision, denial or delays in rendering health care, or any other adverse action, and all

7   MEETINGS and COMMUNICATIONS CONCERNING the same.

8   <u>Response</u>:  Objection, vague and ambiguous in the meaning of "shadow medical file

9   system." Defendants are unable to respond to this request.

10  **REQUEST FOR PRODUCTION NO. 141:**

11  The question of whether YOUR actual or intended use of the Shadow Medical File

12  System complies with HIPPA and/or the Privacy Act, and all MEETINGS and

13  COMMUNICATIONS CONCERNING the same.

14  <u>Response</u>:  Objection, vague and ambiguous in the meaning of "shadow medical file

15  system." Defendants are unable to respond to this request.

16  **REQUEST FOR PRODUCTION NO. 142:**

17  All instances in which the Shadow Medical File System was or may have been used to

18  alter VA medical records or medical examination results after they had been signed off by the

19  examiner or other author, and all MEETINGS and COMMUNICATIONS CONCERNING the

20  same.

21  <u>Response</u>: Objection, vague and ambiguous in the meaning of "shadow medical file

22  system." Defendants are unable to respond to this request.

23  **REQUEST FOR PRODUCTION NO. 143:**

24  Your investigation of all claims by veterans alleging the alteration of VA medical records

25  by employees of the DVB, including, without limitation, using Vista, the Compensation and

26  Pension Record Interchanging ("CAPRI"), or the Shadow Medical File System.

27  <u>Response</u>: Objection vague and ambiguous in the meaning of "investigation."

28  Defendants understand this RFP to seek documents describing formal investigations of

1  allegations, supported by serious and credible evidence, that Veterans Benefits Administration

2  (VBA) VA employees altered VA medical records in violation of statute, regulation or

3  established VA policy.  Subject to that interpretation, defendants object as irrelevant and unduly

4  burdensome except as to: (1) documents related to a formal investigation by VA's Office of

5  Inspector General of a VBA employee who is alleged to have improperly altered VA medical

6  records; and (2) any other formal investigation initiated by a VA employee with authority to

7  discipline the VBA employee who is alleged to have improperly altered VA medical records.

8  Law Enforcement Privilege objection.  "Communication" Definition Overbreadth Objection

9  "Meeting" Definition Overbreadth Objection  Non-objectionable and responsive documents will

10  be produced.

11  **REQUEST FOR PRODUCTION NO. 144:**

12  _____All VA "Fast Letters" distributed or issued between 2000 and present, and all

13  MEETINGS and COMMUNICATIONS CONCERNING the same.

14  Response: Objection, overbroad, irrelevant and unduly burdensome as there is no basis

15  for concluding that all "Fast Letters" distributed from 2000 to the present are relevant to this

16  litigation.    "Policies, practices and procedures" Objection Non-PTSD/Mental Health

17  Overbreadth and Burdensomeness Objection  "Communication" Definition Overbreadth

18  Objection  "Meeting" Definition Overbreadth Objection

19  Non-objectionable and responsive documents will be produced.

20  **REQUEST FOR PRODUCTION NO. 145:**

21  _____The alteration of original entries in veterans' medical records by employees of the C&P

22  Service, including, without limitation, the procedures and technical ability to do so, the means,

23  and all instances of alteration.

24  Response:  Objection vague and ambiguous in the meaning of "alteration of original

25  entries in veterans' medical records." Defendants understand this RFP to seek documents

26  describing formal investigations of allegations, supported by serious and credible evidence, that

27  employees of the Compensation and Pension Service (C&P) altered veterans' medical records in

28  violation of statute, regulation or established VA policy.  Subject to that interpretation,

1  defendants object as irrelevant and unduly burdensome except as to: (1) documents related to a

2  formal investigation by VA's Office of Inspector General of an employee of C&P who is alleged

3  to have improperly altered veterans' medical records; and (2) any other formal investigation

4  initiated by am employee of C&P with authority to discipline the employee who is alleged to

5  have improperly altered veterans' medical records.  Law Enforcement Privilege objection.

6  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

7  Objection  Non-objectionable and responsive documents will be produced.

8  **REQUEST FOR PRODUCTION NO. 146:**

9          The quality of medical care at the Veterans Affairs Medical Center in Marion, Illinois,

10  complaints received about medical care, and all MEETINGS and COMMUNICATIONS

11  CONCERNING the same.

12          Response: Objection, the complaints about quality of care at the VA Medical Center in

13  Marion, Illinois related to surgical care, which is wholly unrelated to the issues in this litigation.

14  Individual Medical Care Relevance and Burdensomeness Objection   Non-PTSD/Mental Health

15  Overbreadth and Burdensomeness Objection Individual Claim File Relevance and

16  Burdensomeness Objection Privacy Act Objection

17   **REQUEST FOR PRODUCTION NO. 147:**

18  _____Claims of inadequate medical care made by former and present employees of the

19  Veterans Affairs Medical Center in Marion, Ill., and all MEETINGS and COMMUNICATIONS

20  CONCERNING the same.

21          Response:  Objection, the complaints about quality of care at the VA Medical Center in

22  Marion, Illinois related to surgical care, which is wholly unrelated to the issues in this litigation.

23  Individual Medical Care Relevance and Burdensomeness Objection   Non-PTSD/Mental Health

24  Overbreadth and Burdensomeness Objection Individual Claim File Relevance and

25  Burdensomeness Objection Privacy Act Objection

26  **REQUEST FOR PRODUCTION NO. 148:**

27  _____YOUR investigation and any Congressional investigation of claims of inadequate medical

28  care made by former and present employees of the Veterans Affairs Medical Center in Marion,

1    Ill., and/or acts of retaliation against such employees, and all MEETINGS and

2    COMMUNICATIONS CONCERNING the same.

3        Response:  Objection, the complaints about quality of care at the VA Medical Center in

4    Marion, Illinois related to surgical care, which is wholly unrelated to the issues in this litigation.

5    Individual Medical Care Relevance and Burdensomeness Objection  Non-PTSD/Mental Health

6    Overbreadth and Burdensomeness Objection Individual Claim File Relevance and

7    Burdensomeness Objection Privacy Act Objection  Deliberative Process Objection.

8    **REQUEST FOR PRODUCTION NO. 149:**

9        _____Instances of or studies regarding police officer-assisted suicides amongst Iraq and

10   Afghanistan veterans and all MEETINGS and COMMUNICATIONS CONCERNING the same.

11       Response: Defendants are not aware of any responsive documents.

12   **REQUEST FOR PRODUCTION NO. 150:**

13       _____The Department of Veterans Affairs memorandum from Deputy Under Secretary for

14   Health for Operations and Management to Network Directors, "Status of VHA Enrollment and

15   Associated Issues," dated July 18, 2002, and all MEETINGS and COMMUNICATIONS

16   CONCERNING the same.

17       Response:  VA Rule Relevance and Burdensomeness Objection Non-PTSD/Mental

18   Health Overbreadth and Burdensomeness Objection "Communication" Definition Overbreadth

19   Objection  "Meeting" Definition Overbreadth Objection Deliberative Process Objection

20   Attorney-Client and Attorney Work Product Objection

21   **REQUEST FOR PRODUCTION NO. 151:**

22       _____All DOCUMENTS regarding the priority levels for health care veterans, and all

23   DOCUMENTS regarding any decision not to enroll Priority 7 and/or Priority 8 veterans.

24       Response:  VA Rule Relevance and Burdensomeness Objection Non-PTSD/Mental

25   Health Overbreadth and Burdensomeness Objection  Deliberative Process Objection Attorney-

26   Client and Attorney Work Product Objection

27   **REQUEST FOR PRODUCTION NO. 152:**

28       The Department of Veterans Affairs Report "Impact of Suspending Enrollment of Priority

1  Group 8 Veterans" published in 2003, and all MEETINGS CONCERNING the same.

2       Response:  VA Rule Relevance and Burdensomeness Objection  Non-PTSD/Mental

3  Health Overbreadth and Burdensomeness Objection  Meeting" Definition Overbreadth Objection

4  Deliberative Process Objection  Attorney-Client and Attorney Work Product Objection

5  **REQUEST FOR PRODUCTION NO. 153:**

6       _____All VA submissions to the Federal Register regarding which categories of veterans will

7  have priority for medical care in each upcoming fiscal year, and all MEETINGS and

8  COMMUNICATIONS CONCERNING the same.

9       Response:  VA Rule Relevance and Burdensomeness Objection  Non-PTSD/Mental

10  Health Overbreadth and Burdensomeness Objection  Publically-Available Documents Objection

11  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

12  Objection  Deliberative Process Objection  Attorney-Client and Attorney Work Product Objection

13  **REQUEST FOR PRODUCTION NO. 154:**

14       MEETINGS and COMMUNICATIONS CONCERNING the United States House of

15  Representatives Committee on Government Reform - Minority Staff Special Investigation

16  Division reports on Waiting Time for Veteran Health Care, and all MEETINGS and

17  COMMUNICATIONS CONCERNING the same.

18       Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

19  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth

20  Objection  Deliberative Process Objection  Attorney-Client and Attorney Work Product Objection

21  Objection, the reports, from 2004, are not relevant to current VA policies and practices related to

22  providing services to veterans suffering from PTSD.

23  **REQUEST FOR PRODUCTION NO. 155:**

24       All United States House of Representatives Committee on Government Reform -

25  Minority Staff Special Investigation Division Reports CONCERNING the Impact of President

26  Bush's Budget on Veteran Health Care.

27       Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

28  Deliberative Process Objection  Attorney-Client and Attorney Work Product Objection  Objection,

1  the reports are not relevant as they do not contain any discussion of PTSD and are limited in

2  geographic scope.

3  **REQUEST FOR PRODUCTION NO. 156:**

4  _____All United States House of Representatives Committee on Government Reform -

5  Minority Staff Special Investigation Division reports on Proposed Restrictions on Access to VA

6  Health Care, and all MEETINGS and COMMUNICATIONS CONCERNING the same. _

7  _____Response: Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

8  "Communication" Definition Overbreadth Objection "Meeting" Definition Overbreadth

9  Objection Deliberative Process Objection Attorney-Client and Attorney Work Product Objection

10  Objection the report, from 2003, is not relevant to current VA policies and practices related to

11  providing services to veterans suffering from PTSD.

12  **REQUEST FOR PRODUCTION NO. 157:**

13  _____The November 14, 2007 JAMA study entitled "Longitudinal Assessment of Mental

14  Health Problems Among Active and Reserve Component Soldiers Returning From Iraq War," by

15  Charles S. Milliken, MD, Jennifer L. Auchterlonie, MS, and Charles W. Hoge, MD, and all

16  COMMUNICATIONS CONCERNING the same.

17  _____Response: "Communication" Definition Overbreadth Objection Publically-Available

18  Documents Objection Deliberative Process Objection Non-objectionable and responsive

19  documents will be produced.

20  **REQUEST FOR PRODUCTION NO. 158:**

21  _____The activities of the Mental Health Strategic Healthcare Group ("MHSHG")

22  CONCERNING PTSD, the treatment of veterans with PTSD or other mental health disorders, or

23  the allocation of YOUR mental health care resources, and all MEETINGS AND

24  COMMUNICATIONS CONCERNING the same.

25  _____Response: "Communication" Definition Overbreadth Objection Publically-Available

26  Documents Objection "Meeting" Definition Overbreadth Objection Deliberative Process

27  Objection Non-objectionable and responsive documents will be produced.

28  **REQUEST FOR PRODUCTION NO. 159:**

1  _____The development, drafting, implementation, and content of Operation Order 7-55

2  (regarding U.S. Army Plan for VA provision of medical transition services to OIF/OEF soldiers),

3  including, without limitation, all DOCUMENTS CONCERNING Fragmentation Orders and

4  ORDER 07-55, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

5  _____Response:  Non-VA Defendant Relevance Objection "Communication" Definition

6  Overbreadth Objection  "Meeting" Definition Overbreadth Objection  Deliberative Process

7  Objection Non-objectionable and responsive documents will be produced.

8  **REQUEST FOR PRODUCTION NO. 160:**

9  _____The basis for the projection in Paragraph 14 of the Declaration of Thomas G. Bowman

10  (hereafter "Bowman Declaration") dated November 9, 2007, filed in conjunction with

11  Defendants' Motion for Protective Order to Stay Discovery, that "disability claims in 2008 will

12  increase to an estimated 840,000, and the statement that VBA's inventory of pending claims now

13  numbers "over 400,000."

14  Response:  Attorney-Client and Attorney Work Product Objection

15  **REQUEST FOR PRODUCTION NO. 161:**

16  _____The basis for the claim in Paragraph 11 of the Bowman Declaration that 751,273

17  OEF/OIF veterans have separated through October 2007, and/or that 269,909 have obtained

18  health care in a VA facility since FY 2002.

19  _____Response:  Attorney-Client and Attorney Work Product Objection

20  **REQUEST FOR PRODUCTION NO. 162:**

21  _____The MEETING between DOJ and staff members on October 23, 2007, referred to in

22  Paragraph 6 of the Bowman Declaration, and all COMMUNICATIONS CONCERNING the

23  same.

24  Response:  Deliberative Process Objection Attorney-Client and Attorney Work Product

25  Objection Objection, documents related to the cost and burden of discovery are not relevant to

26  plaintiffs' claims in this action.

27  **REQUEST FOR PRODUCTION NO. 163:**

28  _____The basis for each of the time and cost estimates or figures contained in the Bowman

1  Declaration, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

2      Response:  "Communication" Definition Overbreadth Objection  "Meeting" Definition

3  Overbreadth Objection  Deliberative Process Objection  Attorney-Client and Attorney Work

4  Product Objection  Objection, documents related to the cost and burden of discovery are not

5  relevant to plaintiffs' claims in this action.

6  **REQUEST FOR PRODUCTION NO. 164:**

7  _____Computer User Manuals and Technical Manuals for the VistA, Aims, the Compensation

8  and Pension Record Interchange ("CAPRI") and all other computer systems that are used to

9  maintain, manage, alter, use, view, print, or enter data for a patient's medical records, including,

10  without limitation, e-mail and instant messaging systems used by Rating Officers and Medical

11  Examiners.____

12      Response:  Objection, irrelevant.  Computer Inspection Burdensomeness and Relevance

13  Objection  Notwithstanding those objections, where defendants provide plaintiffs with electronic

14  data from VA databases, defendants will provide plaintiffs with operational manuals and similar

15  documentation for such databases.  See also response to RFP 51, 165.

16  **REQUEST FOR PRODUCTION NO. 165:**

17  _____"Screenshots" of every computer medical record page, "C&P Clinical Worksheet Page,"

18  or Clinical or Diagnostic Laboratory data page in the VA Computer system displaying the

19  standard "Test Data" used by VA Database Operators to verify system function, such as Patient

20  records for Social Security number 999-999-9999, or named "Test," including, without

21  limitation, "hidden" files, or pages, known only senior executives or IT system operators.

22      Response:  Objection, irrelevant.  Computer Inspection Burdensomeness and Relevance

23  Objection  Objection, vague and ambiguous in the meaning of "standard 'Test Data,'" and

24  "'hidden' files.  Notwithstanding those objections, where defendants provide plaintiffs with

25  electronic data from VA databases, defendants will provide plaintiffs with operational manuals

26  and similar documentation for such databases.

27  **REQUEST FOR PRODUCTION NO. 166:**

28  _____All Computer Reports, or other Statistical Analysis of Departmental Performance

1   Measures down to the level of individual section, or clinical units at individual hospitals or C&P

2   examination units, including, without limitation, clinical targets that may directly or indirectly

3   document a veteran's medical response to medication used to treat PSTD, or other mental illness,

4   or the side effect profiles of the same, including, without limitation, Blood Pressure, Cardiac

5   Function, EKGs, Blood Glucose Levels, A1c Testing, as statistically described by their mean,

6   median, and mode.

7          Response: Objection, vague and ambiguous in the meaning of "clinical targets."

8   Individual Medical Care Relevance and Burdensomeness Objection  Individual Claim File

9   Relevance and Burdensomeness Objection Privacy Act Objection

10   **REQUEST FOR PRODUCTION NO. 167:**

11   _____The number of Tricyclic anti-depressant Blood Level Test performed or ordered by YOU,

12   and the results of the same as statistically describes by their mean, median, and mode.

13          Response:  Individual Medical Care Relevance and Burdensomeness Objection

14   Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection

15   **REQUEST FOR PRODUCTION NO. 168:**

16   _____VA Pharmacy Drug Formularies for mental health disorders, both current, and historical

17   for the period 2001 to the present.

18          Response:  Individual Medical Care Relevance and Burdensomeness Objection

19   Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection

20   **REQUEST FOR PRODUCTION NO. 169:**

21   _____The month-by-month total number of prescriptions for each of the following drugs

22   (rounded to the nearest 1000), sorted by each VA pharmacy, each DoD pharmacy in the

23   Continental U.S., and each Tricare Pharmacy Benefit claim processed by "Express Scripts." In

24   the case of data from VA pharmacies, the data shall be provided for each VA Region. In the Case

25   of DoD pharmacies, the data shall be first divided for each branch of service, then subdivided by

26   each of the Tricare Regions. In the case of "Tricare Express Scripts Prescription Benefit Claims,"

27   they shall be generated by each Tricare Region. The "Mail-Order-Pharmacies" for both the VA

28   and Tricare shall be printed as a separate report.

1    (I)    The SSRI's: citalopram, escitalopram oxalate, fluoxetine, fluvoxamine maleate,

2    paroxetine, sertraline, dapoxetine;

3    (ii)    The TriCylcics: Amitriptyline, amoxapine, cloipramine, desipramine, doxepin,

4    Imipramine, Maprotilline, Nortriptyline, Protriptyline, Trimipramine;

5    (iii)    The MAOIs: Isocarboxazid, Mociobenide, Pheneizine, Tranylcypromine,

6    Selegiline, Rasagilline, Nialamide, iproniazid, Iproclozide, Toloxatone;

7    (iv)    The Mood Stabilizers: Lithium and sodium valproate;

8    (v)    The Typical antipsychotics: Chlorpromazine, Fluphenazine, Perphenazine,

9    Prochlorperazine, Thioridazine, Trifluoperazine, Mesoridazine, Promazine, Triflupromazine,

10    Levomepromzaine, Chlorprothixene, Flupenthixol, Thiothixene, Zuclopenthixol, Haloperidol,

11    Droperidol, Pimozide, Melperone;

12    (vi)    The Atypical antipsychotics: Clozapine, Olanzapine, Risperidone, Quetiapine,

13    Ziprasidone, Amisulpride, Paliperidone;

14    (vii)    The Dopamine partial agonist: Ariplprazole;

15    (viii)    The Benzodiazepines: alprazolam, chlordiazepoxide, clonzepam, diazepam,

16    lorazepam;

17    (ix)    The antiseizure drugs: Gabapentin, carbamzepine, clonzepam, divalprex sodium,

18    lamotrigine, phenytoin, oxcarbazepine, tiagabine, topiramate, valproic acid;

19    (x)    The non opiate pain relievers: Aspirin, Ibuprofen, Celecoxib; and

20    (xi)    The opiate pain relievers: oxycodone, hydrocodone, damorphine, pethidine,

21    tramadol, buprenophine (hereafter the "Target Medications").

22    Response: Individual Medical Care Relevance and Burdensomeness Objection

23    Individual Claim File Relevance and Burdensomeness Objection Objection, irrelevant as to

24    medication provided by DoD pharmacies.

25    **REQUEST FOR PRODUCTION NO. 170:**

26    Any and all records, e-mails, discussions, proposals or medical directives recommending

27    that a veteran currently taking one of the above Target Medications be transferred to another such

28    medication or medications within the same class as the result of a formulary switch.

1          Response: <u>Individual Medical Care Relevance and Burdensomeness Objection</u> <u>Non-</u>

2    <u>PTSD/Mental Health Overbreadth and Burdensomeness Objection</u> <u>Individual Claim File</u>

3    <u>Relevance and Burdensomeness Objection</u> <u>Privacy Act Objection</u>

4    **REQUEST FOR PRODUCTION NO. 171:**

5          The DEA inventory control, audit, accountability, and irregularity reports of every

6    controlled substance maintained, supplied, or prescribed at a VA operated pharmacy and DoD

7    operated pharmacy. In the case of DoD pharmacies operating in the Continental United States

8    (DoDConus).

9          Response: <u>Individual Medical Care Relevance and Burdensomeness Objection</u> <u>Non-VA</u>

10   <u>Defendant Relevance Objection</u> <u>Individual Claim File Relevance and Burdensomeness</u>

11   <u>Objection</u> <u>Privacy Act Objection</u> Objection, inventory control of controlled substances dispensed

12   at VA operated pharmacies and DOD operated pharmacies in the Continental United States are

13   not relevant to this action.

14   **REQUEST FOR PRODUCTION NO. 172:**

15         The number of doctors, psychologist, nurse practitioners, or physician assistants,

16   pharmacist, social workers, or counselors, residents, interns, or student/residents, rating officers,

17   veteran's service officers, or benefit coordinators, either directly employed by the VA, or with

18   whom the VA contracts that are not current US Citizens or licensed to practice in the U.S., and

19   the qualifications of each.

20         Response: <u>Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection</u>

21   Objection, irrelevant to the extent that it seeks information about the citizenship status of VA

22   mental health professionals and where they are licensed to practice.  Objection, irrelevant as to

23   the request for the license status of students, rating officers, veteran service officers and benefit

24   coordinators as those employees are not required to be licensed.  Objection, irrelevant as to the

25   particular state in which all other mental health care providers employed by the VA within the

26   United States are licensed; all such employees are required to have a license or obtain one shortly

27   after being hired   Objection, irrelevant and unduly burdensome to the extent that it seeks

28   information on "the qualification of each" of the enumerated mental health care providers

1  employed by the VA.

2  **REQUEST FOR PRODUCTION NO. 173:**

3  _____Hiring criteria, minimum qualifications, or standards for mental health professionals

4  employed by or under contract to the VA.

5      Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

6  Non-objectionable and responsive documents will be produced.

7  **REQUEST FOR PRODUCTION NO. 174:**

8  _____The number and identity of YOUR Medical Professionals that hold either any degree

9  (undergraduate, graduate, doctoral) from St. Georges Medical University, in the Island Nation of

10  Grenada or one of its branch campuses, or completed a residency at St. Georges Medical

11  University, or any hospital in the nation of Grenada.

12      Response:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

13  Objection, irrelevant.

14  **REQUEST FOR PRODUCTION NO. 175:**

15  _____All details, (save for patient identifiers) CONCERNING VA attempts to assess the

16  Pharmaceutical clinical effectiveness in the treatment of PTSD or other mental disorders,

17  including, without limitation, all studies or other DOCUMENTS CONCERNING "Human Use"

18  ethical review boards.

19      Response:  Individual Medical Care Relevance and Burdensomeness Objection

20  Individual Claim File Relevance and Burdensomeness Objection

21  **REQUEST FOR PRODUCTION NO. 176:**

22  _____Whether the informed consent was obtained from veterans with PTSD or other mental

23  conditions who participated in clinical methods pharmaceutical effectiveness trials.

24      Response:  VA Rule Relevance and Burdensomeness Objection Individual Medical Care

25  Relevance and Burdensomeness Objection Objection, irrelevant as the question of whether VA

26  has obtained informed consent from veterans involved in research projects is not relevant to any

27  claim in this action.  Individual Claim File Relevance and Burdensomeness Objection Privacy

28  Act Objection

**REQUEST FOR PRODUCTION NO. 177:**

_____The complaints in each malpractice case against the VA filed by a veteran patient with PTSD or other mental health disorders from 2001 to present.

Individual Medical Care Relevance and Burdensomeness Objection  Objection, irrelevant and unduly burdensome except to the extent that it seeks administrative tort claim forms (SF-95), or civil complaints by veteran patients with PTSD or other mental health disorders alleging acts of malpractice  from January 1,2005 to present.

**REQUEST FOR PRODUCTION NO. 178:**

_____The pre-publication report CONCERNING PTSD Compensation and Military Service conducted by the National Academy of Sciences, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

Response:  Non-VA Defendant Relevance Objection  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth Objection  Publically-Available Documents Objection  Deliberative Process Objection  Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 179:**

_____VHA Directive 2005-010 dated March 7, 2005, and all MEETINGS and COMMUNICATIONS CONCERNING the same.

Response:  "Policies, practices and procedures" Objection  "Communication" Definition Overbreadth Objection  "Meeting" Definition Overbreadth Objection  Deliberative Process Objection  Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 180:**

Revisions made by C&P Service employees to Disability Examination Worksheets or database entries regarding a patient's medical information (such as demographic, appointment, or admission data) that were prepared by VHA employees.

Response: Individual Medical Care Relevance and Burdensomeness Objection  Individual Claim File Relevance and Burdensomeness Objection  Privacy Act Objection  Objection, vague and ambiguous in the meaning of "revisions made by C&P Service employees

1  to Disability Examination Worksheets or database entries regarding a patient's medical

2  information." Defendants understand this RFP to seek documents describing allegations,

3  supported by serious and credible evidence, that VA employees altered patient medical records in

4  violation of statute, regulation or established VA policy. Subject to that interpretation,

5  defendants object as irrelevant and unduly burdensome except as to: (1) documents related to a

6  formal investigation by VA's Office of Inspector General of an employee who is alleged to have

7  improperly altered patient medical records; and (2) any other formal investigation initiated by a

8  VA employee with authority to discipline the employee who is alleged to have improperly altered

9  patient medical records. Law Enforcement Privilege objection. Non-objectionable and

10  responsive documents will be produced.

11  **REQUEST FOR PRODUCTION NO. 181:**

12  _____YOUR investigation CONCERNING changes made by C&P Service employees to

13  Disability Examination Worksheets or patient medical database entries (such as demographic,

14  appointment or admission data) that were prepared by VHA employees, including, without

15  limitation, changes in PTSD evaluations, diagnoses, test results, and all MEETINGS and

16  COMMUNICATIONS CONCERNING the same.

17      Response:   Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

18  Objection vague and ambiguous in the meaning of "investigation." Defendants understand this

19  RFP to seek documents describing formal investigations of allegations, supported by serious and

20  credible evidence, that VA employees altered patient medical records in violation of statute,

21  regulation or established VA policy. Subject to that interpretation, defendants object as

22  irrelevant and unduly burdensome except as to: (1) documents related to a formal investigation

23  by VA's Office of Inspector General of an employee who is alleged to have improperly altered

24  patient medical records; and (2) any other formal investigation initiated by a VA employee with

25  authority to discipline the employee who is alleged to have improperly altered patient medical

26  records. Law Enforcement Privilege objection. "Communication" Definition Overbreadth

27  Objection  "Meeting" Definition Overbreadth Objection  Non-objectionable and responsive

28  documents will be produced.

**REQUEST FOR PRODUCTION NO. 182:**

_____The use, data definitions, and meaning of red and green flags CONCERNING C&P Examination requests maintained, recorded or distributed using the Shadow Medical File System (discussed on Page 73 of the CAPRI GUI User Manual V.2.7 (October 2005)).

Response: Objection, vague and ambiguous in the meaning of "shadow medical file system. Defendants understand this RFP to seek documents describing

_____ Individual Claim File Relevance and Burdensomeness Objection Privacy Act Objection Objection, irrelevant to the extent that the RFP seeks computer manuals or similar documents that would permit access to VA's ESI. Non-objectionable and responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 183:**

_____The altering of medical examination reports, after the Medical Examiner had signed them, by someone other than the author examiner, including, without limitation, the Cleveland VA hospital or medical center.

Response: Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection Objection vague and ambiguous in the meaning of "altering of medical examination reports, after the Medical Examiner had signed them, by someone other than the author examiner." Defendants understand this RFP to seek documents describing formal investigations of allegations, supported by serious and credible evidence, that a VA employee has altered a medical examination report after it has been signed by the Medical Examiner in violation of statute, regulation or established VA policy. Subject to that interpretation, defendants object as irrelevant and unduly burdensome except as to: (1) documents related to a formal investigation by VA's Office of Inspector General of an employee who is alleged to have improperly altered a medical examination report; and (2) any other formal investigation initiated by a VA employee with authority to discipline the employee who is alleged to have improperly altered a medical examination report. Law Enforcement Privilege objection. Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection Non-objectionable and responsive documents will be produced.

1 **REQUEST FOR PRODUCTION NO. 184:**

2 _____Instances (and any summaries) in which a veteran was denied medical care or treatment

3 by a VA medical center, outpatient clinic or hospital, and all MEETINGS and

4 COMMUNICATIONS CONCERNING the same.

5 _Response_: Objection vague and ambiguous in the meaning of "denied medical care or

6 treatment by a VA medical center, outpatient clinic or hospital."  Defendants understand this

7 RFP to seek documents describing a situation where a veteran is enrolled in the VA health care

8 system and  yet is denied any treatment for PTSD or other mental health problems that the VA

9 determines is needed (as distinct from not receiving the treatment the veteran asserts is needed or

10 experiencing a delay in receiving treatment).  Non-PTSD/Mental Health Overbreadth and

11 Burdensomeness Objection   Individual Medical Care Relevance and Burdensomeness Objection

12 Privacy Act Objection  "Communication" Definition Overbreadth Objection  "Meeting"

13 Definition Overbreadth Objection  Non-objectionable and responsive documents will be

14 produced.

15 **REQUEST FOR PRODUCTION NO. 185:**

16 _____Monthly and annual printouts and a computer disk from the Patient Appointment

17 Information Transmission (PAIT) database of scheduling and patient wait times for health care

18 appointments within the VHA, sorted by hospital, medical center, clinic or other location.

19 _Response_:  Non-PTSD/Mental Health Overbreadth and Burdensomeness Objection

20 Privacy Act Objection  Computer Inspection Burdensomeness and Relevance Objection The VA

21 does not have monthly and annual printouts from the PAIT database sorted by hospital, medical

22 center, clinic or other location.  Non-objectionable and responsive documents will be produced.

23 **REQUEST FOR PRODUCTION NO. 186:**

24 _____Inaccurate or substituted entries in the PAIT database that improve timeliness measures

25 and YOUR investigation of such entries, and all MEETINGS and COMMUNICATIONS

26 CONCERNING the same.

27 _Response_: Objection, vague and ambiguous in the meaning of "[i]naccurate or substituted

28 entries in the PAIT database that improve timeliness measures."  Defendants understand this RFP

1  to seek documents describing formal investigations of allegations, supported by serious and

2  credible evidence, that a VA employee has altered information in the PAIT database in violation

3  of statute, regulation or established VA policy.  Subject to that interpretation, defendants object

4  as irrelevant and unduly burdensome except as to: (1) documents related to a formal investigation

5  by VA's Office of Inspector General of an employee who is alleged to have altered information

6  in the PAIT database ; and (2) any other formal investigation initiated by a VA employee with

7  authority to discipline the employee who is alleged to have altered information in the PAIT

8  database.  Law Enforcement Privilege objection.   Non-PTSD/Mental Health Overbreadth and

9  Burdensomeness Objection  Non-objectionable and responsive documents will be produced.

10  **REQUEST FOR PRODUCTION NO. 187:**

11  _____Information, reports, printouts, and data contained in the Veteran Appeals Control and

12  Locator System (VACOLS) CONCERNING workload, timeliness, appeals dispositions, and

13  IDENTITY of the claimant's representative.

14       Response:  Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

15  **REQUEST FOR PRODUCTION NO. 188:**

16  _____Docketing data, reports, and printouts for the CAVC maintained in Quilla, including

17  without limitation, the IDENTITY of the claimant, and information regarding date of the Notice

18  of Disagreement, Statement of the Case, Substantive Appeal, Docketing, and final disposition.

19       Response:  CAVC Objection

20  **REQUEST FOR PRODUCTION NO. 189:**

21  _____Studies and/or data CONCERNING delay or timeliness at each level of the SCDDC

22  processing system, starting with the regional offices.

23       Response:  Consolidated Response to RFPs 1-2; 4-17; 21; 96; 97; 117; 127;  187; 189.

24  **REQUEST FOR PRODUCTION NO. 190:**

25  _____DOCUMENTS otherwise responsive to any of Plaintiffs' DOCUMENT requests which

26  can be found on the workstations or personal computers or working files of each of the witnesses

27  identified on pages 2-5 of Defendants' Initial Disclosures dated October 18, 2007.

28       Response: Objection, duplicative and unduly burdensome.  Non-objectionable and

1  relevant documents will be produced in response to other requests.

2  **REQUEST FOR PRODUCTION NO. 191:**

3  _____COMMUNICATIONS and MEETINGS between DVA management and its employees

4  CONCERNING this case and the subject of contacts with Plaintiffs or their counsel.

5      Response:  Attorney-Client and Attorney Work Product Objection  Deliberative Process

6  Objection.

7

8

9

10

11  Dated February 11, 2008                      Respectfully Submitted,

12                                               JEFFREY S. BUCHOLTZ
                                                 Acting Assistant Attorney General
13                                               JOSEPH P. RUSSONIELLO
                                                 Interim United States Attorney
14                                               RICHARD LEPLEY
                                                 Assistant Branch Director
15
                                                        **/s/ Daniel Bensing**
16                                               DANIEL BENSING D.C. Bar # 334268
                                                 KYLE R. FREENY California Bar #247857
17                                               Attorneys, U.S. Department of Justice
                                                 P.O. Box 883
18                                               Washington, D.C. 20044

19                                               Counsel for Defendants

20

21

22

23

24

25

26

27

28

1

2

## CERTIFICATE OF SERVICE

3   I hereby certify that on February 11, 2008, I served the foregoing Defendants' Responses and Objections to Plaintiffs' Requests for Production of Documents numbered 1-191, by Federal Express to counsel for Plaintiffs:

4

5   Ms. Heather Moser
Morrison & Foerster
425 Market St.

6   San Francisco, Cal. 94105-2482

7

8

9                                           _____
DANIEL BENSING

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28