JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
JAMES J. SCHWARTZ D.C. Bar. No. 468625
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-5108
Facsimile:  (202) 616-8460
Email: Kyle.Freeny@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>Plaintiffs,<br><br>v.<br><br>Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | No. C 07-3758-SC<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS WILLIAM P. GREENE, JR. AND MICHAEL B. MUKASEY** |

Defendants' motion to dismiss the claims against William P. Greene, Jr., Chief Judge of the U.S. Court of Appeals for Veterans Claims (or CAVC), should be granted for the simple reason that plaintiffs have failed to establish any valid of waiver of sovereign immunity that would permit them to sue Chief Judge Greene or the CAVC.[1]  Plaintiffs cannot avoid the weight of authority holding that Article I courts like the U.S. Court of Appeals for Veterans Claims are not agencies and therefore do not fall within the waiver of sovereign immunity in the Administrative Procedure Act (APA) – the only possible waiver in this case.

Unable to mount a colorable argument that Congress has waived immunity for the U.S. Court of Appeals for Veterans Claims or its officers, plaintiffs contend for the first time that the jurisdictional hurdle of sovereign immunity can somehow be disregarded entirely in this case. This argument flies in the face of established law, which requires a valid waiver anytime a party challenges official actions.  Plaintiffs' opposition vastly overstates the viability and scope of what is truly a very narrow exception to sovereign immunity that has no applicability here.  Plaintiffs seek relief not from Chief Judge Greene, but from the U.S. Court of Appeals for Veterans Claims, and they cannot evade Congress's clear intent to exclude courts from the APA's waiver of sovereign immunity simply by naming Chief Judge Greene instead of the CAVC.  Finally, even if the issue of sovereign immunity were set aside, plaintiffs have failed to establish that this Court could appropriately issue an injunction against another judicial body or judicial official in order to alter the way that veterans' benefits claims are adjudicated.

**I.    This Court Lacks Jurisdiction Over Plaintiffs' Claims Against Chief Judge Greene Absent a Valid Waiver of Sovereign Immunity**

As this Court recognized in its order of January 10, 2008, plaintiffs must identify a valid waiver of sovereign immunity in order to establish this Court's jurisdiction over their claims.  It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.  United States v. Mitchell, 463 U.S. 206, 212 (1983). Plaintiffs bear the burden of establishing that sovereign immunity has been unequivocally

---

[1] Since plaintiffs have not objected to the dismissal of Attorney General Michael B. Mukasey, he also should be dismissed as a defendant in this case.

1  waived, Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987), a burden they have not even
2  attempted to meet with respect to their claims against Chief Judge Greene, who is sued in his
3  official capacity.
4        The Ninth Circuit has emphasized on more than one occasion that the bar of sovereign
5  immunity cannot be evaded by the simple expedient of naming a federal official rather than a
6  federal entity or the United States. See, e.g., Consejo de Dearrollo Economico de Mexicali v.
7  United States, 482 F.3d 1157, 1173 (9th Cir. 2007) (suit for injunctive relief against federal
8  officer in official capacity is "merely [] another way of pleading an action against the United
9  States, which would be barred by the doctrine of sovereign immunity."). Despite plaintiffs'
10 attempt to obscure the issue, the law is clear: "In sovereign immunity analysis, any lawsuit
11 against . . . an officer of the United States in his or her official capacity is considered an action
12 against the United States." Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003); see also
13 Tracy v. United States, 243 F.R.D. 662, 665 (D. Nev. 2007) ("[E]mployees of the United States
14 acting in their official capacities are governed by the same . . . jurisdictional requirements as the
15 United States government."). The well-settled principle that, absent waiver, federal officers are
16 immune from suit in their official capacity holds true regardless of whether plaintiffs seek
17 monetary, injunctive, or declaratory relief, and compels dismissal even where constitutional
18 violations are alleged. See Consejo de Dearrollo, 482 F.3d at 1173; see also Multi
19 Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales, 474 F. Supp. 2d 1133, 1140
20 (N.D. Cal. 2007) (Walker, J.) (suit against federal officials seeking injunctive and declaratory
21 relief for alleged constitutional violations cannot proceed absent valid waiver of sovereign
22 immunity).

**II.  There Is No Valid Waiver of Sovereign Immunity That Would Permit This Court to Exercise Jurisdiction over Plaintiffs' Claims Against Chief Judge Greene**

      Plaintiffs' claims against Chief Judge Greene, sued in his official capacity, must be
dismissed because Congress has not waived the sovereign immunity of the U.S. Court of Appeals
for Veterans Claims or its officers. Plaintiffs have failed to point to any valid waiver of
immunity, let alone the kind of unequivocal waiver required to establish jurisdiction. See Baker,

817 F.2d at 562. As discussed in defendants' initial memorandum in support of this motion, the waiver of immunity found in the Administrative Procedure Act, 5 U.S.C. § 702 – the only possible waiver of sovereign immunity in this case, see January 10, 2008 Order at 8:3-6 – applies only to agencies, not to Article I courts.

Clearly recognizing the weakness of their position, plaintiffs only half-heartedly attempt to contest the weight of authority against them, relegating their entire discussion of waiver to a footnote. Plaintiffs are unable to meet defendants' argument head on because there is simply no colorable argument that the U.S. Court of Appeals for Veterans' Claims is an "agency" as that term is defined in the APA. The Federal Circuit, the court most familiar with the U.S. Court of Appeals for Veterans Claims, has discussed at length the difference between the CAVC and executive agencies in terms of both history and function, concluding that the "bold assertion that the [CAVC] is clearly recognized as an Agency of the United States is flatly false." See Abbs v. Principi, 237 F.3d 1342, 1347 (Fed. Cir. 2001).

Plaintiffs simply ignore the cases – including Ninth Circuit authority – which conclude that Article I courts cannot be considered "agencies" under the precise statute at issue here. See e.g., Megibow v. Clerk of the United States Tax Court, 04 Civ. 3321, 2004 U.S. Dist. LEXIS 17698 (S.D.N.Y., 2004); Ostheimer v. Chumbley, 498 F. Supp. 890, 892 (D. Mont. 1980), aff'd without opinion, 746 F.2d 1487 (9th Cir. 1984).[2] In Megibow, an opinion adopted by the Second Circuit as "thorough and well-reasoned," 432 F.3d 387, the court concluded after extensive discussion of the history and nature of Article I courts, that such legislative courts are not "agencies" under the APA, and that any suggestion to the contrary "would be baseless." 2004 U.S. Dist. LEXIS 17698, at *17. There can be no doubt that the U.S. Court of Appeals for

---

[2] These cases concluded that Article I courts do not fall within the definition of "agency" in 5 U.S.C. § 551(1), the same provision that defines the term "agency" for purposes of § 702 and the waiver of sovereign immunity. In contrast, the only case cited by plaintiffs, Matter of Rapp, 73 Comp. Gen. 105 (1994), analyzed a radically different statute. In that case, the Comptroller General concluded that the U.S. Court of Appeals was an agency under a statute that defines the term so broadly that it also includes Article III Courts. See 5 U.S.C. § 5584 (a non-APA statute). By plaintiffs' logic, the decision of the Comptroller General would stand for the proposition that Article III courts may be considered agencies under the APA.

Veterans Claims is an Article I (or legislative) court, see 38 U.S.C. § 7251, which is "not subject to the control of the President or the executive branch." See H.R. Rep. 107-156, 107th Cong. 1st Sess., at 7 (2001) (amending VJRA to provide CAVC with "the same management, administrative, and expenditure authorities that are available to Article III courts"). There can likewise be no doubt that the U.S. Court of Appeals for Veterans Claims, like the U.S. Tax Court at issue in Megibow, "functions solely as an adjudicative body" rather than an executive agency.[3] 2004 U.S. Dist. LEXIS 17698, at *17.

The waiver of sovereign immunity in § 702, which applies on its face only to agencies and not to courts, does not apply to the U.S. Court of Appeals for Veterans Claims and its officers. Were there any doubt, however, whether Congress has waived Chief Judge Greene's immunity to suit, it must be resolved in favor of the government and in favor of dismissal. See Lane v. Pena, 518 U.S. 187, 192 (1996) (waiver of immunity must be "strictly construed . . . in favor of the sovereign"); see also Abbs, 237 F.3d at 1349 (waiver of sovereign immunity should not be extended to adjudicatory bodies "absent specific evidence of congressional intent").

**III. Plaintiffs' Novel Attempt to Shoehorn Their Claims into the Narrow Larson Exception Cannot Succeed**

In a desperate attempt to salvage claims that should never have been brought in the first place, plaintiffs contend for the first time that they should be excused from the requirement that they establish an unequivocal waiver of sovereign immunity. In doing so, they rely on what is truly a very limited line of authority with no applicability to the present situation. In Larson v. Domestic & Foreign Commerce Corp., the Supreme Court held that a suit against a federal officer in his official capacity was a suit against the United States. 337 U.S. 682, 695 (1949). Plaintiffs ignore this holding, instead relying solely on dicta in Larson in which the Court noted

---

[3] Plaintiffs' disparagement of defendant's analogy between the U.S. Court of Appeals for Veterans Claims and the U.S. Tax Court is unjustified, as it cannot be disputed that there are significant parallels between the U.S. Tax Court and the U.S. Court of Appeals for Veterans Claims. Compare, e.g., 26 U.S.C. § 7441 with 38 U.S.C. 7251 (establishing both courts as Article I courts); 26 U.S.C. § 7453 with 38 U.S.C. § 7264 (right to prescribe own rules of procedure); 26 U.S.C. § 7443 with 38 U.S.C. § 7253 (judges removable only for misconduct or other specified good cause).

that there might be a narrow exception to this principle where a federal officer acted wholly without authority. Id. at 690. The logic behind this exception was that such an errant officer could be presumed to be acting on his own behalf rather than on the behalf of the sovereign, and that courts could presume that Congress – not having directly addressed the issue – would not seek to preserve his immunity in a suit to restrain him from mischief. See id. at 689-95, 702.

Plaintiffs have cited no case in which a court has permitted a party to sue a federal officer in his official capacity under Larson's exception in order to overcome a limitation Congress has placed on sovereign immunity in § 702. Indeed, the only authority cited by plaintiffs predates the applicability of the amended § 702. See Santa Clara v. Andrus, 572 F.2d 660, 679 (9th Cir. 1978) (applying the law as it existed prior to the 1976 amendment, which waived immunity for nonmonetary relief against agencies). It is beyond question that the government has the power to attach conditions to its consent to be sued. United States v. Sherwood, 312 U.S. 584, 587 (1941). Congress has exercised that power by placing limitations on the APA's waiver of sovereign immunity, including by limiting § 702's waiver of sovereign immunity to executive agencies. In speaking directly to the issue of sovereign immunity for injunctive and declaratory relief by amending § 702 in 1976, Congress dispelled the presumption of waiver in Larson and stripped the exception of much of its relevance. See H.R. Rep. 94-1656, 94th Cong., 2d Sess., at 11 (1976) ("Actions challenging official conduct are intrinsically against the United States and are now treated as such for all practical purposes."); Geyen v. Marsh, 775 F.2d 1303, 1307 (5th Cir. 1985) ("The principal purpose of this amendment was to do away with the . . . [Larson] fiction[] surrounding sovereign immunity."); Shermoen v. United States, 982 F.2d 1312, 1320 (9th Cir. 1992) (characterizing the circuit's previous broad reading of Larson as dicta); cf Schweiker v. Chilicky, 487 U.S. 412, 422-23 (1988) (holding that when "Congress has provided for what it considers adequate remedial mechanisms for constitutional violations. . . , [courts] have not created additional . . . remedies").

Plaintiffs' theory that they can evade sovereign immunity anytime they allege a constitutional violation against a federal official would render the APA's limitations on sovereign immunity a nullity. Under plaintiffs' erroneous reading of Larson, virtually any claim

could effectively be brought against an agency, regardless of whether it fell within the carefully crafted waiver of sovereign immunity in § 702. This reading cannot be squared with decades of authority construing the limitations of § 702, nor with this Court's recent conclusion that plaintiffs must challenge final agency action if their claims are to fall within the APA's waiver.[4] See January 10, 2008 Order at 10. Accordingly, Larson must be read in conjunction with § 702, which makes it clear that United States has not waived its sovereign immunity in injunctive or declaratory suits against official judicial action. Schnapper v. Foley, 667 F.2d 102, 108 (D.C. Cir. 1981) (§ 702 trumps Larson exception).

Even if the dicta in Larson could be used to overcome the intent of Congress as expressed in § 702 – a proposition for which plaintiffs have cited no authority – plaintiffs' claims against Chief Judge Greene nevertheless fall well outside the Larson exception. That exception permits injunctive relief to restrain an errant federal officer acting entirely outside his jurisdiction. Aminoil U. S. A., Inc. v. Cal. State Water Resources Control Bd., 674 F.2d 1227, 1234 (9th Cir. 1982) (applying Larson to state officer suits). Plaintiffs do not allege that Chief Judge Greene "lack[s] . . . delegated power" to adjudicate veterans' appeals, see Larson, 337 U.S. at 690; see also 38 U.S.C. § 7252, but rather that he is not conducting his official judicial duties in the manner that plaintiffs believe he ought to be. Plaintiffs challenge actions that are quintessentially sovereign in nature. Though nominally suing Chief Judge Greene, plaintiffs seek relief that would operate against the U.S. Court of Appeals for Veterans Claims and would require the court to alter the way it entertains appeals. See Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Because plaintiffs seek to "enjoin official action" rather than the actions of an errant officer, their claims fall squarely within the prevailing principle that suits against officers in their official capacity are suits against the government requiring a valid waiver.[5] See Consejo, 482 F.3d at 1157; see also

---

[4] The case forming the basis of this Court's sovereign immunity analysis, Lujan v. National Wildlife Federation, 497 U.S. 871 (1990), was itself an officer suit.

[5] Even if plaintiffs' claims were analyzed under the test suggested by plaintiffs, they would ultimately fail because the relief plaintiffs seek against the U.S. Court of Appeals for Veterans claims would "work an intolerable burden" on the government. See Santa Clara, 572

Balser, 327 F.3d at 903, 907 (constitutional challenge to official actions of U.S. trustee constitute an action against the sovereign requiring waiver).

### IV. There Is No Basis For the Kind of Relief Plaintiffs Seek Against Another Judicial Body

Plaintiffs have not only failed to establish a valid waiver of sovereign immunity necessary to maintain their suit against Chief Judge Greene, but they have also failed to answer defendants' argument that there is no legal authority for the extraordinary relief they seek against another judicial entity. Plaintiffs' claim, as revealed in their recent opposition memorandum, is that the U.S. Court of Appeals for Veterans Claims, a coordinate judicial body, should adjudicate claims faster or more favorably to veteran claimants and if it does not, it can be blamed for a range of tragedies that befall those veterans. Such allegations go to the very heart of the judicial function. "A court's inherent power to control its docket is part of its function of resolving disputes between parties," and is therefore not properly before this Court. See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997); see also Curry v. Castillo, 297 F.3d 940, 951 (9th Cir. 2002).

Plaintiffs have cited no authority to suggest that they may seek injunctive relief against another judge for actions carried out within that judge's discretion about how to adjudicate

---

F.2d at 679. The only relief sought in Santa Clara was the adjustment of a government bank account, an outcome which was "inevitable" whether relief were granted or denied. Id. In contrast, here plaintiffs seek an order directing another judge about how to conduct court business. Permitting a party to seek relief against a judge threatens a "special institutional harm." In re the Justices of the Supreme Court of Puerto Rico, 695 F.2d 17, 20, 25 (1st Cir. 1982) (Breyer, J.); see also Imbler v. Pachtman, 424 U.S. 409, 425-26 (1976) (subjecting prosecutors to liability for official decisions could "impose unique and intolerable burdens"). That the argument advanced by plaintiffs here could just as easily be used to justify a suit against a judge on one of the Article III appellate courts, which on average take more time to resolve appeals than does the CAVC, highlights the argument's ultimate infirmity. See Memorandum on Motion to Dismiss at n.7, Docket Entry 96. Finally, plaintiffs' citation to Lowry v. Soc. Sec. Admin., No. CV-99-1210-ST, 2000 WL 730412, at *14 (D. Or. June 7, 2000) is inapposite, as Chief Judge Greene is *not* an administrative law judge within the executive branch, as was the case in Lowry, id. at *13 (finding that the § 702 waiver applied), but rather a member of an independent judicial body to which special comity considerations apply. See In re Fillbach, 223 F.3d 1089, 1091 (9th Cir. 2000).

1 cases.[6] Federal judicial officers "are entitled to immunity from suit[]" in such cases. See Harpole v. United States, No. A00-176CV, 2000 U.S. Dist. LEXIS 17697, at *14 (D. Aka. Nov. 3, 2000); see also Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996). Similarly, considerations of comity – which must be accorded to Article I courts as to Article III courts – would not permit the extraordinary relief sought by plaintiffs against another court. See In re Fillbach, 223 F.3d 1089, 1091 (9th Cir. 2000). There is simply "no relief-related basis for including the judge[] in this law suit."[7] In re the Justices of the Supreme Court of Puerto Rico, 695 F.2d 17, 23 (1st Cir. 1982) (Breyer, J.).

Finally, the obvious defects in plaintiffs' complaint are not curable. Plaintiffs could not proceed against Chief Judge Greene in his personal capacity, as any injunctive or declaratory relief would improperly operate against the court itself, see Consejo, 482 F.3d at 1157, and any suit for damages would be barred by the doctrine of judicial immunity, see Balser, 327 F.3d at 909 & n.4.

## CONCLUSION

For all the foregoing reasons, this Court should grant Chief Judge Greene's motion to dismiss him as a defendant in this lawsuit, and the Court should dismiss plaintiffs' claims against Chief Judge Greene with prejudice.

---

[6] Plaintiffs cannot transform the nature of their claim simply by labeling it a claim against Chief Judge Greene in his administrative rather than judicial capacity. See Curry, 297 F.3d at 947 (court must look to nature of the functions challenged). Relief against judges is inappropriate where, as here, the challenged actions "relate to the judicial process." Id. Whether the U.S. Court of Appeals for Veterans Claims adjudicates an appeal by panel or by single judge, see Compl. ¶ 16, or exercises its power under CAVC Rule 47 to expedite a particular proceeding – a power available whenever "necessary to avoid injustice," including when a veteran suffers from a serious health problem – are decidedly judicial decisions.

[7] As then-Judge Breyer explained, a court "should not enjoin judges . . . where complete relief can be afforded by enjoining other parties." In re the Justices of the Supreme Court, 695 F.2d at 23. If this Court should rule that the VJRA is unconstitutional, the U.S. Court of Appeals for Veterans Claims can be presumed to comply with that declaration of unconstitutionality without further compulsion, making its presence in this lawsuit unnecessary. Id.

| | | |
|---|---|---|
| 1 | Dated February 19, 2008 | Respectfully Submitted, |

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOSEPH P. RUSSONIELLO
United States Attorney

RICHARD LEPLEY
Assistant Branch Director

 /s/ **Kyle R. Freeny**
KYLE R. FREENY California Bar #247857
DANIEL BENSING D.C. Bar # 334268
JAMES J. SCHWARTZ D.C. Bar. No. 468625
U.S. Department of Justice, Civil Division
P.O. Box 883
Washington, D.C. 20044

Counsel for Defendants

Case No. C 07-3758-SC
Reply Memorandum in Support of Motion to Dismiss Claims Against Defendants William P. Greene, Jr. and Michael B. Mukasey

9