1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  JOSEPH P. RUSSONIELLO
   United States Attorney
3  RICHARD LEPLEY
   Assistant Branch Director
4  DANIEL BENSING D.C. Bar No. 334268
   KYLE R. FREENY California Bar No. 247857
5  Attorneys
   United States Department of Justice
6  Civil Division, Federal Programs Branch

7   P.O. Box 883
    Washington, D.C. 20044
8   Telephone: (202) 514-5108
    Facsimile: (202) 616-8460
9   Email: Kyle.Freeny@USDOJ.gov

10  Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon.
    James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman,
11  Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P.
    Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>  Plaintiffs,<br><br>  v.<br><br>Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*,<br><br>  Defendants. | No. C 07-3758-SC<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY FROM THE U.S. COURT OF APPEALS FOR VETERANS CLAIMS** |

Case No. C 07-3758-SC
Reply Memorandum in Support of Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims

Plaintiffs fail to address the core issue underlying Defendants' Motion for Protective Order to Stay Discovery from the U.S. Court of Appeals for Veterans Claims. By opposing the stay, plaintiffs urge this Court to exercise its jurisdiction and compel fellow federal judges to disclose the inner workings and communications of their court without first determining whether the exercise of that jurisdiction is proper. Notably absent from their submission, however, is any precedent for compelling discovery from a coordinate United States court in this premature fashion. Plaintiffs' attempts to sidestep the unprecedented nature of their request ring hollow, for (1) the severe and irreparable harm that the proposed discovery would cause establishes the requisite good cause for the stay; (2) it is not likely that Chief Judge Greene and the United States Court of Appeals for Veterans Claims (or "CAVC") would be subject either to this Court's jurisdiction or to third-party discovery; and (3) the existence of the judicial privilege does not mitigate the irreparable harm that plaintiffs' discovery would cause. For these reasons, and because plaintiffs concede that a stay would do them little or no harm, the Court should stay all discovery against Chief Judge Greene and the CAVC pending a determination on this Court's jurisdiction.

As discussed in defendants' opening memorandum, Mem. Supp'g Defs.' Mot. for Protective Order to Stay Disc. from the U.S. Court of Apps. For Vets. Claims ("Defs.' Mem.") at 6-7, any discovery from a court's internal deliberations results in "concrete and imminent harm" to that tribunal that "cannot be remedied after the fact." In re United States, 463 F.3d 1328, 1338 (Fed. Cir. 2006) (discussing discovery from Third Circuit judges). Here, as in In re United States, plaintiffs seek nothing less than discovery into the decision making process of a coordinate court. Id. Plaintiffs' requests seek not only court docketing and case information, but all communications among judges and staff about proposed changes to the CAVC's rules. Pls.' Reqs. For Prod. Nos. 14, 63, 127, 128. And having already noticed Chief Judge Greene for a deposition, plaintiffs seek not only the testimony of a sitting federal judge, but also all emails that he has authored. Pls.' Req. For Prod. 126. The scope of such requests is astonishing and, on its face, establishes the severe disruption that plaintiffs' requests would impose on the U.S. Court of Appeals for Veterans Claims. The diversion of court assets to comply with such requests would

Case No. C 07-3758-SC
Reply Memorandum in Support of Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                                                 1

1  severely affect court operations.  See Orchid Biosciences, Inc. v. Saint Louis Univ., 198 F.R.D.
2  670, 675 (noting unnecessary loss of time and resources when parties are forced to comply with
3  discovery subsequently found unnecessary).
4      But even that adverse impact is dwarfed by the chilling effect the potential disclosure of a
5  chief judge's emails and other documents might have on the workings of a court.  See In re
6  United States, 463 F.3d at 1338 (discovery into internal deliberations of a court causes concrete,
7  irreparable harm).  The inevitable, irreparable harm that would result from such interference led
8  the Federal Circuit to issue a rarely granted writ of mandamus that dismissed the case underlying
9  In re United States on jurisdictional grounds, rather than permit that case to proceed through
10 discovery to trial and then await an appeal to correct any jurisdictional errors.  Id.  Defendants'
11 motion merely seeks to apply that lesson here, temporarily staying discovery while a challenge to
12 the Court's jurisdiction is determined.  Without such a stay, the irreparable harm that concerned
13 the Federal Circuit will occur here as plaintiffs would be permitted to review the CAVC's files
14 without first having justified such an intrusion.
15     This irreparable harm establishes the good cause required for a protective order under
16 Rule 26(c).  Without citation, plaintiffs mistakenly argue that only motions to dismiss entire
17 complaints satisfy the good cause criteria.  Pls.' Opp'n to Defs.' Mot. For Protective Order to
18 Stay Disc. From the U.S. Court of Appeals for Veterans Claims ("Pls.' Mem.") at 5 (attempting
19 to distinguish defendants' cited authority).  While such motions may indeed be sufficient for a
20 protective order, the rule does not restrict good cause only to such motions.  As plaintiffs' own
21 cases attest, a stay is appropriate where any "good cause" is shown.  See, e.g., Lithgow v.
22 Christopher M. Edelmann, M.D., P.C., 2007 U.S.Dist. Lexis 94041 at *3-*4 (D. Conn. Dec. 7,
23 2007) (requiring good cause be shown but noting the absence of good cause where, unlike here, a
24 motion to dismiss had not been filed even though discovery had already commenced); In re
25 Sulfuric Acid Antitrust Litig., 231 F.R.D. 331, 336 (N.D. Ill. 2005) (cited for the uncontroversial

Case No. C 07-3758-SC
Reply Memorandum in Support of Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                                                2

proposition that the mere filing of a motion to dismiss does not *automatically* stay discovery);[1] In re United Telecomms., Inc. Sec. Litig., 1991 WL 335820 (D. Kan. June 27, 1991) (noting good cause required for a stay and that court's predisposition against finding such cause merely from the filing of a motion to dismiss). Where, as here, incalculable irreparable harm will result from a plaintiff's unfettered access to the inner workings of a court, good cause has been established for a stay of discovery until the jurisdiction over that court has been properly established. In re United States, 463 F.3d at 1338.

      Plaintiffs may not evade this good cause by arguing that they would still seek discovery from Chief Judge Greene and the CAVC as non-parties. The scope of any third-party discovery against either the judge or his court would undoubtedly be the subject of another motion on another day. It may safely be presumed that a primary issue would be the continued relevance of plaintiffs' requests in light of a finding that this Court lacked jurisdiction over them as parties. Moreover, to the extent still deemed potentially relevant, any third-party discovery would likely be severely curtailed or tightly controlled to prevent any unnecessary intrusion into the personal papers of Chief Judge Greene or the inner workings of his court. And one argument favoring significant if not total restrictions on such discovery is the public availability of much of the information that plaintiffs purport to seek.

      Similarly, the mere existence of the judicial privilege fails to argue against a stay here. Even in seeking protection under that privilege, Chief Judge Greene and the CAVC will incur virtually all of the harm that defendants' stay motion seeks to avoid. First, unless a stay is granted, CAVC resources will have to be diverted to gather all the potentially responsive documents. See Orchid Biosciences, 198 F.R.D. at 675. Thus, the ability to assert the privilege will not lessen the interference plaintiffs' discovery would have on court operations. Nor will it quell the chilling effect resulting from the unnecessary threat of compelled disclosure of internal judicial communications. Consequently, the privilege does little to mitigate the harms that would

---

[1] Plaintiffs mistakenly cited Cytosport, Inc. v. Nature's Best, Inc., 2007 U.S. Dist. Lexis 29039 (E.D. Cal.) for this proposition. Pls.' Mem. at 4. That case, however, merely quotes In re Sulfuric Acid Antitrust Litig., which is the proper citation for the quote used by plaintiffs.

Case No. C 07-3758-SC
Reply Memorandum in Support of Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims    3

1  flow from the potential disclosure of Chief Judge Greene's or the CAVC's internal documents.
2  Those harms, rather, flow solely from plaintiffs' moving forward on discovery from the judge or
3  the court before this Court's jurisdiction over them has even been established.
4     In contrast to the severe, irreparable harm that would result if a stay is not granted,
5  plaintiffs can point to little harm to themselves from a stay.  In their opposition, they concede that
6  the sought-after information is not relevant to their motion for a preliminary injunction.  Pls.'
7  Mem. at 8-9.  Nor did they include any of these requests on their prioritized list of 13 areas for
8  defendants to first address when responding to plaintiffs now-propounded 207 requests for
9  production.  Id.  Moreover, a great deal of the information that plaintiffs seek is, as plaintiffs
10 concede, publically available.  See id. at 6 n.4.
11    Accordingly, this Court should follow the instruction of the Federal Circuit in In re
12 United States.  There, the irreparable harm that would have been imposed on the Third Circuit by
13 permitting the underlying case to proceed to discovery militated in favor of the issuance of the
14 extraordinary writ of mandamus – a measure requiring a much greater showing than the good
15 cause standard applicable here.  The existence of a subsequent appeal to correct the subordinate
16 court's jurisdictional error was deemed insufficient to correct the intrusion into the inner
17 workings of a judicial tribunal.

## CONCLUSION

19    Absent an explicit finding that Chief Judge Greene and the CAVC are properly before
20 this Court, party-discovery against them should not be permitted.  Defendants' motion for a stay
21 of discovery against Chief Judge Greene and the CAVC should be granted.

23 Dated: February 19, 2008                 Respectfully Submitted,

24                                          JEFFREY S. BUCHOLTZ
                                            Acting Assistant Attorney General

26                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney

27                                          RICHARD LEPLEY
                                            Assistant Branch Director

Case No. C 07-3758-SC
Reply Memorandum in Support of Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims                                        4

 /s/ Kyle R. Freeny
KYLE R. FREENY California Bar #247857
DANIEL BENSING D.C. Bar # 334268
U.S. Department of Justice, Civil Division
P.O. Box 883
Washington, D.C. 20044

Counsel for Defendants

Case No. C 07-3758-SC
Reply Memorandum in Support of Motion for Protective Order to Stay Discovery from the
U.S. Court of Appeals for Veterans Claims

5