1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
   HMoser@mofo.com
4  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
5  PAUL J. TAIRA (CA SBN 244427)
   PTaira@mofo.com
6  MORRISON & FOERSTER LLP
   425 Market Street
7  San Francisco, California 94105-2482
   Telephone: 415.268.7000
8  Facsimile: 415.268.7522

9  **[see next page for additional counsel for Plaintiffs]**

10 Attorneys for Plaintiffs
   VETERANS FOR COMMON SENSE and
11 VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.   C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' AMENDED DESIGNATION OF WITNESSES AND LIST OF REQUIRED DOCUMENTS FOR PRELIMINARY INJUNCTION HEARING** <br><br> Date:  March 3, 2008 <br> Ctrm:  1, 17th Floor <br><br> Complaint Filed July 23, 2007 |

1 **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2 SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
3 JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
4 KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
5 DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
6 Berkeley, California 94704-1204
Telephone: 510.665.8644
7 Facsimile: 510.665.8511

8 BILL D. JANICKI (CA SBN 215960)
WJanicki@mofo.com
9 MORRISON & FOERSTER LLP
400 Capitol Mall, Suite 2600
10 Sacramento, California 95814
Telephone: 916.448.3200
11 Facsimile: 916.448.3222

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC. hereby submit an amended list of witnesses relevant to the preliminary injunction hearing commencing on March 3, 2008. This filing is necessary due to Defendants' paternalistic premise that they are the sole arbiters of relevant evidence to be submitted to the Court on the preliminary injunction by virtue of the simple fact that key witnesses and documents are in their possession. Defendants have announced they will not produce five party witnesses and also simultaneously stated their refusal to produce documents other than those few they selectively deem relevant or any documents potentially subject to a protective order (without having moved for one and having affirmatively opposed Plaintiffs' protective order motion). As a result, Plaintiffs have amended their witness list to make crystal clear that the limited witnesses and documents sought for the preliminary injunction are both relevant to disputed issues and reasonable requests to parties to the lawsuit. Justice will be stifled and Plaintiffs unfairly prejudiced if the relevant witnesses and documents are unilaterally selected by Defendants, who will tender the evidence and witnesses most helpful to them. This would deprive the Court and veterans of what we expect to be key admissions concerning the failures and breakdowns in the VA health care delivery system. For these reasons and those set forth more fully below, Plaintiffs request that the Court order the production of the requested witnesses and documents for the March 3 preliminary injunction hearing.

## I. REVISED LIST OF WITNESSES TO BE CALLED AT THE PRELIMINARY INJUNCTION HEARING

Defendants refuse to produce five party witnesses within their control, all of whom are employed by either Defendant Department of Veterans Affairs or Defendant United States of America.[1] Indeed, one of those witnesses, Dr. Michael Kussman, is a *named party*.[2] As background,

---

[1] Those five witnesses are as follows: (1) Dr. Michael J. Kussman, Under Secretary for Health, Veterans Health Administration, U.S. Department of Veterans Affairs; (2) Ms. Belinda J. Finn, Assistant Inspector General for Auditing, Office of Inspector General, U.S. Department of Veterans Affairs; (3) Ms. Kara Ziven, Research Investigator, Serious Mental Illness Treatment Research and Evaluation Center, U.S. Department of Veterans Affairs; (4) Mr. Gary M. Baker, Acting Chief Business Officer, Veterans Health Administration, U.S. Department of Veterans Affairs; and (5) Ms. Laurie E. Ekstrand, Office of United States Government Accountability Office Director, Health Care. Coincidentally, many of these witnesses have authored unfavorable reports or testified unfavorably before Congress on the factual issues in dispute on Plaintiffs' motion. These witnesses, all employed by Defendants the Department of Veterans Affairs or the United States, are obligated to appear. *See Creative Science System, Inc. v. Forex Capital Markets, LLC*, No. C04-

(Footnote continues on next page.)

Plaintiffs originally submitted a list of fourteen witnesses that they intend to call at the preliminary injunction hearing.[3] In response, Defendants agreed to produce only five VA witnesses pre-selected to bolster their own case in chief; in fact, two of those witnesses are their own declarants in support of their opposition.

In an effort to justify the obstruction of relevant evidence, Defendants artificially narrow the factual issues on the preliminary injunction and conveniently reframe them as their own defenses. For example, the issue to be decided on the preliminary injunction regarding congressional appropriations and spending has now been narrowed by Defendants to be "whether the VA failed to spend any funds that *Congress specifically mandated* be expended on programs to address the mental health needs of veterans." Defendants' Witness List, at 2:24-25 (emphasis added). Whether the a veterans' right to health care is constrained by funding at all is a legal issue, but even assuming it is relevant legally, the factual issue is not as narrow as Defendants suggest. The question the Court must answer here is whether the VA failed to satisfy its mandatory duties to furnish health care under federal statutes and whether it also failed to spend all funds appropriated by Congress in a manner consistent with congressional intent - not just those funds "specifically mandated" for mental health programs. There are other disputed factual issues that go beyond Defendants' limited and self-

---

(Footnote continued from previous page.)

3746, 2006 WL 3826730 (N.D. Cal. Dec. 27, 2006); *In re: Vioxx Products Liability Litigation*, 438 F. Supp. 2d 644 (E.D. La. 2006). Even assuming for the sake of argument that were not the case, Defendants' total lack of cooperation is a major disappointment given the gravity of the issues at stake.

[2] Defendants assert in a footnote that they need not produce Defendant Kussman because he is "an improperly named defendant." Defendants' Witness List, at 6 n.7. However, Plaintiffs' claims against Defendant Kussman survived the motion to dismiss, and Defendants have never set forth any independent legal grounds as a basis for Kussman's individual dismissal. He is properly a defendant and should be produced at the hearing. Moreover, Defendants' selection of his Deputy, Dr. Gerald Cross, is an improper substitution of Defendants' judgment of relevant evidence for Plaintiffs' judgment. Defendants are free to call Dr. Cross in their own case in chief; however, Plaintiffs intend to call Defendant Kussman in their own case in chief.

[3] Plaintiffs also listed eleven witnesses that they might call, subject to the availability of the other witnesses. In light of Defendants' hard-line position that they will not produce any VA witnesses they do not intend to rely upon for their own case, Plaintiffs will not call the witnesses on the might-call list. Instead, as set forth above, Plaintiffs ask that Defendants produce the five VA witnesses under their control that they have refused to produce.

serving list, including (1) whether veterans with PTSD are being denied treatment; (2) whether veterans with PTSD are receiving timely treatment; (3) whether any real, emergency procedure exists for veterans with PTSD whose care is denied or unreasonably delayed; (4) whether veterans count on and expect treatment upon their return from service in Iraq and Afghanistan; (5) whether sufficient funding is available to provide mental health care to veterans; (6) whether VA failed to spend available funding on mental health care; (7) the rate of suicide for veterans with PTSD; and (8) whether untreated PTSD can lead to suicide and the other harms complained of, and whether timely PTSD treatment can prevent suicide. As set forth in the chart below, Plaintiffs' witnesses fall well within the ambit of these factual issues and plan to call the following witnesses in their case in chief in roughly the following order:

| Witness Name | Subject(s) of Testimony | Anticipated Date to be Called |
|---|---|---|
| **Dr. Arthur Blank** (Plaintiffs' declarant; greater detail about Dr. Blank's testimony can be obtained in his declaration submitted in support of Plaintiffs' motion) | Diagnosis, treatment, and suicide risks of veterans with PTSD; the VA's systemic failures with respect to diagnosis and treatment of veterans with PTSD; effectiveness and feasibility of proposed preliminary injunction; effectiveness of VA suicide prevention procedures as described in Zeiss and Guagliardo declarations | Monday, March 3 (only day available) |
| **Ms. Belinda J. Finn*** | Timeliness of VA health care, with a focus on VA calculation of outpatient waiting times as set forth in her VAOIG report | Monday, March 3 |
| **Dr. Michael J. Kussman***[4] | VA budget and spending for mental health care; diagnosis and treatment of veterans | Monday, March 3 |

---

[4] If Defendant Kussman is not produced at the hearing, Plaintiffs reserve the right to call Dr. Cross in their case in chief in place of Defendant Kussman.

| | | |
|---|---|---|
| | with PTSD; timeliness of VA health care, with a focus on VA calculation of outpatient waiting times; timeliness of transition into VA health care enrollment from DOD | |
| **Dr. Ira Katz*** | Veteran suicides and VA suicide measures; VA mental health care programs | Monday, March 3 |
| **Dr. Stephen L. Rathbun[5]** (Plaintiffs' declarant; greater detail about the subjects of Dr. Peterson's testimony can be obtained in his declaration submitted in support of Plaintiffs' motion) | Third-party suicide study and any suicide rate issues raised by Defendants | Tuesday, March 4 (only day available) |
| **Dr. Chad Peterson[6]** (Plaintiffs' declarant; greater detail about the subjects of Dr. Peterson's testimony can be obtained in his declaration submitted in support of Plaintiffs' motion) | Diagnosis, treatment, and suicide risks of veterans with PTSD; the VA's systemic failures with respect to diagnosis and treatment of veterans with PTSD; effectiveness and feasibility of proposed preliminary injunction; effectiveness of VA suicide prevention procedures as described in Zeiss and Guagliardo declarations | Tuesday, March 4 (only day available) |
| **Ms. Kara Ziven*** | Veteran suicide rates; timeliness of mental | Tuesday, March 4 |

---

[5] Dr. Rathbun's schedule is restricted and he must testify Tuesday morning, even if it is out of order.

[6] Dr. Peterson must testify on Tuesday due to schedule restrictions.

| | | |
|---|---|---|
| | health treatment | |
| **Dr. Antonette Zeiss*** (Defendants' declarant) | Veteran suicides and VA suicide measures; VA mental health care programs; | Tuesday, March 4 |
| **Ms. Laurie E. Ekstrand**** | VA budget and spending for mental health care; author of GAO reports regarding VA spending in relevant fiscal years | Wednesday, March 5 |
| **Mr. W. Paul Kearns III*** (Defendants' declarant) | VA budget and spending for mental health care | Wednesday, March 5 |
| **Mr. Tony A. Guagliardo*** (Defendants' declarant) | Enrollment and eligibility for VA health care; appeals procedures for eligibility determinations, medical determinations, and denial of care for enrolled veterans | Wednesday, March 5 |
| **Mr. Gary M. Baker*** | Veterans health care eligibility and entitlement to care; VA budget and spending for mental health care; timeliness of VA health care | Wednesday, March 5 |

\* Currently employed by Defendant Department of Veterans Affairs.

\*\* Currently employed by Defendant United States of America.

If Defendants persist in their refusal to produce Defendant Michael Kussman, Belinda Finn, Kara Ziven, Laurie Ekstrand, and Gary Baker, Plaintiffs request that an adverse inference be drawn against Defendants. Additionally, the order of witnesses may be juggled if Defendants refuse to produce these five party witnesses and Plaintiffs are forced to proceed without them.

## II. DEFENDANTS REFUSE TO PRODUCE DOCUMENTS IN THE EIGHT IDENTIFIED CATEGORIES OR ANY DOCUMENTS SUBJECT TO THE PROTECTIVE ORDER THEY CURRENTLY OPPOSE

Defendants devote three pages to disputing discovery that is irrelevant to the present motion. The pages of bickering about purportedly overbroad discovery is much ado about nothing in light of the manageable solution devised by Plaintiffs. As early as mid-January, Plaintiffs identified thirteen

high priority document requests necessary for the preliminary injunction (which were simplified into eight basic categories in their recent submission). At this time,[7] Defendants should produce documents responsive to the eight narrowed categories relevant to the pending motion. The Court need not look any further for a solution to this straightforward issue.

Instead of complying with even the most minimal discovery obligations, Defendants contradictorily state that they have produced the responsive documents and also that they will produce some additional responsive documents. Defendants' Witness List, at 10:6-7 ("Defendants have produced documents relevant to plaintiffs' motion for preliminary injunction and will produce as much additional material as is reasonably possible before the March 3, 2008 hearing."). First, the documents produced to date cannot be the relevant universe. Defendants produced less than one box of documents responsive to only three of the subgroup of thirteen requests. At a minimum, documents related to the other ten requests are outstanding. Moreover, Defendants hedge their bets even with respect to their response to the three self-selected document requests by stating, despite having over 120 days to conduct a search, that they "had not been able to complete a comprehensive search for all documents." Defendants' Witness List, at 9:6-7. Plaintiffs have even provided specific examples of documents responsive to the eight categories in their original submission, which is intended to provide Defendants with additional guidance with respect to the information sought.

Second, Defendants proffer at least three separate excuses as to why they need not produce responsive documents, including a legal objection regarding inapplicable limitations on agency record review actions, burden and cost, and the lack of a protective order. **Plaintiffs request that the Court resolve Plaintiffs' pending protective order motion at or before the outset of the March 3 hearing.** Resolution of the protective order is particularly important in light of Defendants' recent

---

[7] Defendants invite Plaintiffs to move to compel on the outstanding documents. Plaintiffs are happy to bring a motion to compel the documents outside of the scope of the preliminary injunction; Defendants objected to every single request and produced nothing in response. Plaintiffs welcome guidance from the Court as to how to handle the discovery issues beyond the preliminary injunction motion. For example, Plaintiffs are willing to submit such disputes to a special master. For the limited number of requests relevant to the present motion, however, it was Plaintiffs' understanding that the Court contemplated that the documents relevant to the preliminary injunction would be produced without the necessity of moving to compel that production.

1  confirmation that they are withholding documents relevant to the VA's suicide memo on the ground
2  that no protective order is entered. This habitual excuse to avoid discovery is particularly weak in
3  light of the fact that Defendants never made a motion for a protective order on this issue (despite
4  filing several motions for a protective order to block discovery), and actually opposed Plaintiffs'
5  pending motion to protect those materials. Plaintiffs ask that Defendants prepare the responsive
6  documents potentially covered by the protective order provisions and, assuming the Court enters the
7  order with the relevant provisions, the documents be immediately produced to Plaintiffs upon entry of
8  the protective order at or before the March 3 hearing.

9       Second, the burden and cost arguments fall flat against the prioritized eight narrow categories
10 necessary to the present motion. Third, the legal objection attempting to limit responsive documents
11 to the agency record is nonsensical due to the fact that this action raises many issues concerning
12 *failures to act* and "unofficial" standards or practices, not affirmative agency action. There is no
13 discrete agency record for an agency's failure to act that would circumscribe the discovery in the
14 manner Defendants propose. *See San Francisco Baykeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir.
15 2002) ("[G]enerally judicial review of agency action is based on a set administrative record.
16 However, when a court considers a claim that an agency has failed to act in violation of a legal
17 obligation, 'review is not limited to the record as it existed at any single point in time, because there
18 is no final agency action to demarcate the limits of the record.'") (internal citations omitted).
19 Moreover, Defendants refuse to produce documents relevant to the *Matthews v. Eldridge* balancing
20 factors mentioned in the Court's January 10 ruling.

21      Plaintiffs prefer to go forward and not allow discovery disputes to get in the way of the
22 expeditious resolution of the pending preliminary injunction motion in light of the lives of suicidal
23 veterans at stake. Plaintiffs simply ask that Defendants produce the relevant documents and not be
24 permitted to stymie the relevant evidence by making discovery objections to clearly permissible and
25 relevant requests. Should Defendants refuse to make a full production of the requested documents
26 relevant to the preliminary injunction, Plaintiffs request that an adverse inference be drawn against
27 Defendants. Plaintiffs respectfully renew their request that the Court enter an order (a) requiring the
28 attendance of the VA witnesses Plaintiffs intend to call at the preliminary injunction hearing on

March 3, and (b) requiring the production of the documents requested herein in the requested electronic format with source information before the March 3, 2008 hearing.

Dated: February 21, 2008

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
BILL D. JANICKI
STACEY M. SPRENKEL
PAUL J. TAIRA
MORRISON & FOERSTER LLP

By: /s/ Gordon P. Erspamer
    Gordon P. Erspamer
    gerspamer@mofo.com

Attorneys for Plaintiffs