JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
JAMES SCHWARTZ D.C. Bar No. 468625
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0693
Facsimile: (202) 616-8460
Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>Plaintiffs,<br><br>v.<br><br>Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*,<br><br>Defendants. | No. C 07-3758-SC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' AMENDED DESIGNATION OF WITNESSES AND LIST OF REQUIRED DOCUMENTS** |

## Introduction

It is unfortunate that even a process as simple and routine as scheduling witnesses for a hearing becomes another platform for harsh invective from plaintiffs about defendants' purported "paternalistic" actions and "total lack of cooperation." Defendants will not respond to this posturing as it does nothing to advance the litigation. Instead, defendants provide the following

Defendants' Response to Plaintiffs' Amended Witness Designation (No. C 07-3758-SC)

short response to the new arguments included in plaintiffs' latest filing, D.E. 143.

**1. Scope of the Hearing**

Having not identified the issues plaintiffs believe are presented by their preliminary injunction hearing on the date requested by Court, plaintiffs now complain that defendants' timely filed statement of issues is not to their liking. First, they state that whether a veteran's right to health care is "constrained by funding . . . is a legal issue." D.E. 143 at 2:11. Defendants agree. Whether a particular appropriation act "specifically mandated" how and on what programs the funds are to be disbursed is a legal question. However, absence such a specific appropriation act mandate, VA has the discretion to allocate its lump sum appropriation in the manner that it concludes will best effectuate its mission of providing health care and benefits to veterans. That too is a legal issue, as the Supreme Court has held that such resource allocation decisions are committed to agency discretion by law under the APA, 5 U.S.C. § 701(a)(2). See Lincoln v. Vigil, 508 U.S. 182 (1993). In its factual presentation, VA intends to explain the various appropriations Congress has authorized in the last several years, and show what was spent, what is forecast to be spent, and pursuant to which appropriations authority.

Second, regarding plaintiffs' list of relevant issues, they are certainly entitled to frame the case as they see fit and present evidence they believe justifies the dramatic allegations in the complaint. Testimony before Congress and reports prepared by the VA that plaintiffs maintain support their position can be submitted.

However, plaintiffs are not entitled to list areas of inquiry outside the scope of this motion. For example, plaintiffs would like the Court to rule on "whether *sufficient* funding is available to provide mental health care to veterans." D. E. 143 at 3:4-5 (emphasis added). That question is for the Legislature, not plaintiffs, defendants or even this Court to decide. On other more relevant issues, plaintiffs have now identified several doctors, also plaintiffs' declarants, whom they claim are competent to testify on the issues. It appears that the parties and their experts agree that PTSD is a serious illness affecting veterans and the prompt and aggressive treatment is essential.

**2. Plaintiffs' Request for Government Witnesses**

Before addressing plaintiffs' heated complaints about their purported need for testimony by government witnesses and the production of VA documents prior to the preliminary injunction hearing, it should be recalled that before the Court's telephonic hearing with the parties on February 11, 2008, plaintiffs never expressed any need for, or interest in, an evidentiary hearing on their motion for preliminary injunction. Plaintiffs filed their motion for preliminary injunction on December 11, 2007 without notice of an intent to present live testimony nor did they seek expedited discovery to support their motion.[1] It is unexplained why plaintiffs now insist that they must be able to present the testimony of nearly twenty witnesses and have access to thousands of pages of documents in order to fairly present argument on their motion.

Second, the only basis for compelling testimony by witnesses at the hearing is by the issuance of a subpoena under Rule 45 and plaintiffs have not done so. There are geographic limits to the scope of service of a trial subpoena, Fed. R. Civil P. 45(b)(2), which do not permit a California Court to subpoena a witness in the District of Columbia. <u>Johnson v. Land O' Lakes, Inc.</u>, 181 F.R.D. 388, 394 (N.D. Iowa 1998). Even if those limits do not apply when seeking the testimony of a "director" of a party, there is no authority to compel testimony of low level employees.[2] For that additional reason, plaintiffs are not entitled to seek the testimony of the following government witnesses:

    a. Belinda Flynn is an Assistant Inspector General for Auditing in the VA's Office of Inspector General; not only is Ms. Flynn a lower level employee, but the IG is statutorily independent of VA management.

---

[1] Plaintiffs did accept defendants' offer of January 15, 2008 to prioritize document production to focus on thirteen categories of documents plaintiffs considered relevant to the motion; defendants produced some 2000 pages approximately three weeks later.

[2] <u>In Re: Vioxx Products Liability Litigation</u>, 438 F.Supp. 2d 664 (E.D. La. 2006), relied upon by plaintiffs, involved a trial subpoena for Merck's "President for Human Health for Canada, Latin America, Japan, Australia and New Zealand." <u>Id.</u> at 664.

Defendants' Response to Plaintiffs' Amended Witness Designation ( No. C 07-3758-SC)      3

b. Kara Ziven is a Research Investigator with VA and as such has no management authority.

c. Gary M. Baker is the Acting Chief Business Officer for VA Veterans Health Administration.

d. Finally, Laurie E. Ekstrand is an employee of the Government Accountability Office – an entity of the legislative branch and so totally outside the control of the VA.[3]

As noted, plaintiffs have made no effort to subpoena these officials; were they to do so, defendants could present these objections, as well as others relating to burden and relevance, through a motion to quash.

Only Michael Kussman, VA's Undersecretary of for Health, is a named party to this action, but the proper official defendant in an APA action naming the VA as defendant is the Secretary of Veterans Affairs, not his subordinates. In any event, as a senior VA official with extensive responsibilities, Mr. Kussman has directed that his Principal Deputy, Gerald Cross, provide relevant testimony. That is a reasonable substitution in this situation where a senior official has been named as a defendant. See Kyle Eng'g Co. v. Kleppe, 600 F.2d 226, 231 (9th Cir. 1979) ("[h]eads of government agencies are not normally subject to deposition"). Accord United States v. Morgan, 313 U.S. 409, 422 (1941).

### 3. Scheduling Witnesses

Again, plaintiffs try to avoid their obligation to put on an affirmative case to which defendants can respond by proposing a witness schedule that puts defendants' key witnesses ahead of most of plaintiffs' case and requires defendants' witnesses to appear in the order plaintiffs prefer. Not only this unfair, but it is also infeasible. VA officials simply are not available at plaintiffs' whim and cannot be expected to be available to testify twice on two different days. Scheduling of witnesses is always an exercise that requires cooperation. Plaintiffs utter refusal to even attempt to discuss the issue with defendants, makes the process

---

[3] See United States v. Davis, 140 F.R.D. 261, 263 (D. R.I. 1992) (Rule 34 party discovery cannot be sought against Congressional entities even where United States is party); see also Chennareddy v. Bowsher, 935 F.2d 315, 319 (D.C. Cir 1991) (GAO is legislative branch agency).

unduly complicated.

To avoid requiring the Court to arbitrate an issue that should not require its attention, defendants suggests a simple solution. Plaintiffs should be directed to put on all of their witnesses on Monday and Tuesday, March 3 and 4. (Plaintiffs report that all of their witnesses are available on these days.) Defendants will have their witnesses available on Wednesday, March 5 and 6 for their case and whatever questioning plaintiffs believe will bolster their affirmative case.

### 4. Discovery

Plaintiffs complaints on discovery are misleading in their incompleteness. They continue to argue that defendants have had 120 days to locate and produce documents without acknowledging the stay granted by the Court that was dissolved on January 10, 2008. D.E. No. 93 at 6. They also complain that Privacy Act protected materials have not been produced when it has been plaintiffs' inflexibility that has prevented production. It is *unlawful* absent an appropriate Privacy Act protective order for defendants to disclose such material. Defendants forwarded a proposed standard Privacy Act order to plaintiffs months ago, and reiterated their willingness to join in a motion to the Court to issue such an order in January. Plaintiffs insistence that a Privacy Act order be tied to their novel request to hide witness identities and seek other extraordinary provisions has caused the impasse.

As defendants have stated, VA and Department of Justice staff are working to get another production of documents – in addition to the 2000 pages produced on February 4 -- to plaintiffs by Wednesday, February 27 or Thursday, February 28, in time for use at the preliminary injunction hearing. This task is obviously made more difficult by the scope of plaintiffs' document requests for use at the hearing.

Dated February 22, 2008

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director

**/s/ Daniel Bensing**
DANIEL BENSING D.C. Bar # 334268
JAMES SCHWARTZ D.C. Bar # 468625
KYLE R. FREENY California Bar #247857
Attorneys, U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044

Counsel for Defendants