

**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

February 25, 2008

Ms. Heather Moser
Morrison & Foerster
425 Market St.
San Francisco, Cal. 94105-2482

    RE:    <u>Veterans for Common Sense v. Mansfield</u>, (N.D. Cal. No. C-07-3758)

    By: Regular mail and E-mail [Hmoser@mofo.com]

Dear Ms. Moser:

    This is in response to your letter dated February 22, 2008, in which you request that defendants agree to not oppose a request by plaintiffs to file a sur-reply to defendants' Motion to Dismiss the claims against Chief Judge Greene (D.E. 95). You claim that defendants have raised a "brand new" issue in their Reply to the motion to dismiss that could not be anticipated by plaintiffs. This is not the case. In their opening memorandum, defendants made clear that it would be improper for the Court to interfere with the actions of another federal court. In their Reply, defendants appropriately addressed a new argument raised by plaintiffs in their Opposition that could not be fairly discerned from the Complaint. It should not need to be noted that this situation is precisely the reason that movants are entitled to file a reply.

    As you know, there is an extensive record documenting the fact that as far back as September 2007, defendants have repeatedly requested orally and in writing that plaintiffs identify which particular policies and procedures they are challenging. This is necessary because the complaint is long, but exceedingly vague. Plaintiffs refusal to do so forces defendants on a motion to dismiss to address the arguments that *appear* to be encompassed in the complaint. As we stated in our opening memorandum "it is unclear from the Complaint what relief plaintiffs ask this Court to order directed against the CAVC." See Motion to Dismiss at 5. Defendants then articulated the claim plaintiffs appeared to be making:

    Under plaintiffs' fanciful theory, this Court could enjoin and order Chief Judge

Greene to amend the CAVC's Rules of Practice and Procedure, as well as second-guess his internal staffing, management and budget determinations relating to the administration of the CAVC. *Plaintiffs offer no authority for this unprecedented, and bizarre claim.*

*Id.* at 5 (footnote omitted and emphasis added). Since plaintiffs had refused to articulate the basis for their claim, much less that they would contend the limits of sovereign immunity do not apply, defendants briefly outlined the not difficult issues requiring dismissal of Judge Greene.

In their Opposition, for the first time, plaintiffs advanced their novel theory that "[d]efendant Greene plays a pivotal role" and "controls the process afforded veterans in having their service-connected benefits claims" decided. Plfs. Opp. at 6. Based on these allegations, plaintiffs argued that the "officer's suit" exception to sovereign immunity applies.

As defendants noted in their Reply, "plaintiffs contend for the first time that the jurisdictional hurdle of sovereign immunity can somehow be disregarded entirely in this case." Def's' Reply at 1. Defendants can hardly have expected to have known that plaintiffs would stretch to argue that the largely legislatively-overruled exception in *Larson v. Domestic & Foreign Commerce Corp.*, U.S. 337 (1949) would support their claims. Nevertheless, defendants initially made the point that even beyond the limitations of sovereign immunity, plaintiffs claim could not succeed. Consistent with that fact, in defendants Reply it was specifically noted that plaintiffs "have also failed to answer defendants' argument that there is no legal authority for the extraordinary relief they seek against another judicial entity." Def.s Reply at 7. In direct response to plaintiffs new argument that sovereign immunity did not apply to Judge Greene, defendants then elaborated on the point they had made in their opening papers.

Although plaintiffs are not entitled to further briefing on the motion to dismiss Judge Greene, we do not believe any amount of briefing can save plaintiffs' theory and would not oppose such a request if the harm to defendants from delay is addressed. Plaintiffs have resisted any stay of discovery pending resolution of the motion to dismiss Judge Greene. Until a stay is in place, defendants cannot agree to extend the hearing date on the motion to dismiss. However, if plaintiffs agree to a stay of discovery directed at CAVC or Judge Greene until resolution of the motion to dismiss, defendants would agree to further briefing on the following conditions. First, plaintiffs' sur-reply and defendant's response should be limited to the issue of the validity of plaintiffs' claims if sovereign immunity does not apply. Second, since defendants have appropriately addressed in their Reply issues raised for the first time by plaintiffs in their Opposition to the motion to dismiss, a neutral stipulation should be filed with the stated purpose being to "fully brief the issues." Third, since plaintiffs request four weeks to March 21 to address one page of text, defendants request two weeks to respond or until April 4, making the earliest hearing date April 18.

We find your suggestion that plaintiffs have been prejudiced before to be baffling. The fact that defendants noted the fact that Judge Greene was an improper defendant in their reply on the motion to dismiss did not prejudice plaintiffs because the issue was not decided on that motion. The Court suggested the issue of whether Judge Greene should be dismissed should be handled by separate motion, and the issue has now been briefed.

-3-

    Finally, should you decide to file a contested motion, do not purport to characterize defendants' position. There have been too many misrepresentations in the past. Instead, we request that you submit this letter as explanation.

                                                                                            Sincerely,

                                                                                            Daniel Bensing
                                                                                           Senior Counsel
                                                                                           Federal Programs Branch

cc:     Gordon Erspamer
        Sidney Wolinsky