UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC., | ) ) ) | No. C-07-3758 SC |
| Plaintiffs, | ) ) ) | ORDER ON PRELIMINARY <u>INJUNCTION HEARING</u> |
| v. | ) ) | |
| JAMES B. PEAKE, Secretary of Veterans Affairs, <u>et</u> <u>al.</u>, | ) ) ) | |
| Defendants. | ) ) ) | |

## I.  **DISCOVERY**

Plaintiffs have filed numerous requests for production of documents from Defendants. Defendants, in turn, have submitted responses and objections. Plaintiffs argue that they require certain of these documents in order to fully present their Motion for Preliminary Injunction at the hearing scheduled for Monday, March 3. To the extent possible, Defendants are hereby ORDERED to produce the documents requested in Plaintiffs' Designation of Witnesses and List of Required Documents for Preliminary Injunction Hearing. <u>See</u> Docket No. 137 at 4-6.

## II. PROTECTIVE ORDER

The parties have been unable to agree on a protective order. Plaintiffs' Motion for a Protective Order is set to be heard on March 7, 2008. Plaintiffs urge the Court to adopt their version of the protective order prior to the preliminary injunction hearing. The Court reminds the parties, however, that the focus of the hearing will not be on individual veterans' claims. Although the Court is aware that entry of a protective order will likely be necessary for future discovery, Plaintiffs have not demonstrated that such an order is necessary for the preliminary injunction hearing.

## III. WITNESSES

Both parties have filed lists designating their proposed witnesses for the preliminary injunction hearing. Plaintiffs allege that Defendants are refusing to produce five witnesses whom Plaintiffs wish to examine at the hearing. Of these five witnesses, one, Michael Kussman, is a named party. Kussman, rather than appearing himself, has, according to Defendants, directed that his Principal Deputy, Gerald Cross, appear and provide testimony. So long as Cross is able to competently testify to the same information that Kussman would, the Court is satisfied that Cross's appearance in place of Kussman is appropriate. If, however, it becomes apparent that Cross lacks information or expertise that Kussman would have, the Court will stay the proceedings for a brief period in order that Defendants may produce Kussman at the hearing.

-2-

Regarding the other four witnesses, none of whom is a named party, Plaintiffs have not attempted to subpoena any of them. The Court therefore declines to require these witnesses to appear at the hearing.

The parties also appear unable to agree on the scheduling of witness testimony during the hearing. In case there is any confusion, the Court notes that Plaintiffs will be expected to present their witnesses first. Once Plaintiffs have presented their case, the Court will determine whether any rebuttal testimony by Defendants' witnesses is necessary. Both parties are expected to have their witnesses on hand and prepared to testify.

IT IS SO ORDERED.

Dated: February 25, 2008

_____
UNITED STATES DISTRICT JUDGE