GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
MORRISON & FOERSTER LLP
101 Ygnacio Valley Road, Suite 450
P.O. Box 8130
Walnut Creek, California 94596-8130
Telephone: 925.295.3300
Facsimile: 925.946.9912

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

**[see next page for additional counsel for Plaintiffs]**

Attorneys for Plaintiff(s)
VETERANS FOR COMMON SENSE, and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.    C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' UPDATED WITNESS LIST AND, IN THE ALTERNATIVE, MOTION TO STRIKE DECLARATIONS AND PRECLUDE TESTIMONY** <br><br> Complaint Filed July 23, 2007 |

1  **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
   HMoser@mofo.com
4  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
5  PAUL J. TAIRA (CA SBN 244427)
   PTaira@mofo.com
6  MORRISON & FOERSTER LLP
   425 Market Street
7  San Francisco, California 94105-2482
   Telephone: 415.268.7000
8  Facsimile: 415.268.7522

9  BILL D. JANICKI (CA SBN 215960)
   WJanicki@mofo.com
10 MORRISON & FOERSTER LLP
   400 Capitol Mall, Suite 2600
11 Sacramento, California 95814
   Telephone: 916.448.3200
12 Facsimile: 916.448.3222

Plaintiffs VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC. hereby submit to the Court an updated witness list and, in the alternative, hereby move to strike the declarations of Antoinette Zeiss, Paul Kearns and Tony Guagliardo, and to preclude their testimony at the hearing on Plaintiffs' Motion for Preliminary Injunction ("MPI").

## I. FACTUAL BACKGROUND

On February 11, 2008, this Court ordered the parties to file witness lists for the hearing on Plaintiffs' MPI. Throughout their witness list filings and correspondence with Defendants, plaintiffs have made clear their intention to call Dr. Zeiss, Mr. Guagliardo, Mr. Kearns and Dr, Katz, four officers and/or high-level employees of Defendant Department of Veterans Affairs ("VA"). Three of these witnesses, Dr. Zeiss, Mr. Guagliardo and Mr. Kearns, submitted declarations in support of Defendants' Opposition to Plaintiff's MPI. Defendants' witness list, filed February 19, 2008, included Dr. Zeiss, Dr. Katz and Mr. Kearns, and made clear that Defendants would make Mr. Guagliardo available upon Plaintiffs' request. Defendants' Witness List, at 6.[1] Plaintiffs submitted an amended witness list on February 21, 2008, again listing these same four witnesses. Plaintiffs' Amended Witness List, at 4-5. On February 22, 2008, Defendants filed a response, reiterating their position that they would not produce Ms. Finn, Dr. Ziven, Mr. Baker and Ms. Ekstrand, and offering Plaintiffs the testimony of Dr. Gerald Cross, Principal Deputy Under Secretary of Health, in place of Michael Kussman. Defendants' Response to Plaintiffs' Amended Witness List, at 4. Once again, Defendants did not object to producing Dr. Zeiss, Mr. Guagliardo, Mr. Kearns or Dr. Katz.

In its February 25 Order, the Court allowed Defendants to produce Dr. Cross, provided that he was competent to testify to all matters within Michael Kussman's competence. Order on PI Hearing, at 2. On February 26, 2008, and in light of the Court's Order, Plaintiffs set forth by letter to Defendants a proposed order for witness testimony. Exh. A. On February 27, Defendants sent a letter to Plaintiffs, agreeing to make Dr. Cross available for testimony as directed by the Court, but

---

[1] Defendants objected to producing nine other witnesses under the control of VA: Michael J. Kussman, Belinda J. Finn, Kara Ziven, Han Kang, Gary Baker, John Brown, Frances M. Murphy, Michael McLendon, Marcus Nemuth and Sean Zielinski, Defendants did not object to producing Dr. Zeiss, Mr. Guagliardo, Mr. Kearns or Dr. Katz.

notifying Plaintiffs, for the first time that, Dr. Zeiss, Mr. Guagliardo, Mr. Kearns, and Dr. Katz would not agree to appear voluntarily. Exh. B. Defendants further ensured Plaintiffs that Dr. Zeiss would be in San Francisco and available to testify on March 3, and that Messrs. Guagliardo and Kearns, and Dr. Katz would be in San Francisco, and available to testify, on March 4. *Id*. at 2. Plaintiffs responded in a letter reiterating their right to call the declarants and other party witnesses. Exh. C. On February 28, Defendants informed Plaintiffs of their belief that Dr. Zeiss, Mr. Guagliardo, Mr. Kearns, and Dr. Katz are not party witnesses, but reiterated that they will be in San Francisco and available to testify should the Court so compel. Exh. D. That day, Plaintiffs responded, once again reiterating their belief that the Court has the authority to compel the testimony of these witnesses. Exh. E.

## II.   LEGAL ARGUMENT

### A.   The Court Has The Power To Compel Party Witnesses to Testify.

This Court has the power to compel the contested witnesses to testify at the preliminary injunction hearing. Where it is "necessary to have a party appear at trial who it turns out will not appear voluntarily – including the person who is in the control of a party … the court has all the leverage it needs to compel the party's appearance." Commentary C45-16, after Fed.R.Civ.P. 45, in 28 U.S.C.A. The issue, then, is not the issuance of subpoenas, because the witnesses at issue are party witnesses. Rule 45, in this regard, only applies to non-party witnesses. *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F.Supp. 2d 1085, 1090 (E.D. Cal. 2005) ("The witnesses named by defendants as crucial are all parties to the suit and would be required to testify regardless of whether a subpoena is issued.")[2]

---

[2] In an overabundance of caution, Plaintiffs subpoenaed the contested witnesses in the District Court of District of Columbia. *See In re Vioxx Products Liability Litigation*, 438 F.Supp. 2d 664, 667 (E.D.La. 2006) ("Rule 45(b)(2), which imposes the 100 mile rule, is expressly limited by Rule 45(c)(3)(A)(ii) . . . . Rule 45(c)(3)(A)(ii) supports the inverse inference that Rule 45(b)(2) empowers the Court with authority to subpoena Mr. Anstice, an officer of a party, to attend a trial beyond the 100 mile limit."). Plaintiffs do not believe that those subpoenas were unnecessary because the contested witnesses are party witnesses.

Mr. W. Paul Kearns III is the Chief Financial Officer of the Veterans Health Administration. Defendants' Witness List, at 4. Dr. Ira Katz is the Chief Patient Services Officer of Mental Health, and Dr. Antonette Zeiss is his Deputy. *Id*. at 3-4. Mr. Tony Guagliardo is Director of the Business Policy of the Chief Business Office of the Veterans Health Administration. T. Guagliardo Decl., at 1:2-3. As their titles make clear, Mr. Kearns, Dr. Katz, Dr. Zeiss, and Mr. Guagliardo are high-level VA employees, and thus, party witnesses. Defendants' argument that, for example, the Chief Financial Officer of VA is a "lower-level employee" and therefore not a party witness, defies logic. In addition, Drs. Zeiss and Katz have testified before Congress on behalf of the VA on several occasions regarding the precise topics which Defendants have submitted to be issues presented in this hearing. Defendants' Witness List, at 3-4. If they are in fact low-level witnesses, Plaintiffs ask that the Court consider that fact in evaluating the weight of their testimony regarding the VA system.

**B.    Defendants Cannot Rely On Inconvenience As An Excuse**

The witnesses at issue will not be inconvenienced if compelled to testify in Plaintiffs' case in chief. In fact, Defendants have already made clear that these witnesses will be in San Francisco, and available to testify, on the first two days of the hearing, notably the days on which Plaintiffs will present their case in chief. Exh. B. Any concern about the inconvenience involved in travel to San Francisco is further alleviated by the fact that Defendants plan to call three of these four witnesses in their own case.[3]

**C.    In the alternative, Plaintiffs move to strike the declarations and preclude testimony from any witness Defendants refuse to produce.**

Pursuant to Civil Local Rule 7-5(b), Plaintiffs alternatively request that the Court strike the declarations of Dr. Zeiss, Mr. Guagliardo, and Mr. Kearns and preclude the testimony of Dr. Zeiss, Mr. Guagliardo, Mr. Kearns and Dr. Katz. Having submitted the testimony of Zeiss, Guagliardo and Kearns in the form of declarations, Defendants now refuse to allow that testimony to be tested

---

[3] In fact, in *Mason v. Texaco, Inc.*, 741 F.Supp. 1472, 1504 (D.Kan. 1990), *aff'd and remanded on other grounds*, 948 F.2d 1546 (10th Cir. Kan.), *cert denied,* 504 U.S. 910 (1992), the Court held that the 100 mile limit of Rule 45 did not prohibit compelling an employee of a defendant to appear in plaintiff's case in chief. Significantly, the court noted that defendant's argument to the contrary was weakened by "defendant's stated intention to call this key witness in any event." *Id*.

through examination. Where declarants refuse to testify regarding their declarations, the proper remedy is to strike the declarations. *See, e.g., United States v. Parcels of Land*, 903 F.2d 36, 42 n.6 (1st Cir. 1990) (disregarding affidavit because affiant refused to answer questions about its contents at his deposition); *United States v. $57,790.00 in U.S. Currency*, 2007 WL 433198, at *9 (S.D. Cal. 2007) (citing *Parcels of Land*).

For the same reasons, Defendants' proposal to call Zeiss, Guagliardo, Kearns and Katz as rebuttal witnesses is unfairly prejudicial and should be denied. Defendants cannot refuse to produce these witnesses on Monday and Tuesday, only to turn around and call them in their own case the same day. Having waited until the very eve of the hearing to inform Plaintiffs they would not produce party witnesses, Defendants should not be allowed rely on the testimony of those witnesses. If the Court chooses to allow their testimony to go forward, Plaintiffs respectfully request that the Court allow Plaintiffs to cross examine these witnesses outside of the scope of their direct examinations. *US v. Lara*, 181 F.3d 183, 199 (1st Cir. 1999) (allowing, at the court's discretion, expansion of the scope of permissible cross-examination); *US v. Carter*, 910 F.2d 1524, 1530 (7th Cir. 1990) ("Courts are usually quite liberal in allowing cross-examination beyond the scope of direct.").

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully ask the Court to compel the testimony of Dr. Zeiss, Mr. Guagliardo, Mr. Kearns and Dr. Katz in Plaintiffs' case in chief, or, in the alternative, to strike their declarations and preclude their testimony.

Dated: February 29, 2008

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
MORRISON & FOERSTER LLP

By:   /s/ Heather A. Moser
      Heather A. Moser

(HMoser@mofo.com)

Attorneys for Plaintiffs