

**U.S. Department of Justice**

Civil Division

---

*Washington, D.C. 20530*

February 27, 2008

Ms. Heather Moser
Morrison & Foerster
425 Market St.
San Francisco, Cal. 94105-2482

    RE:    <u>Veterans for Common Sense v. Mansfield</u>, (N.D. Cal. No. C-07-3758)

    By: Regular mail and E-mail [Hmoser@mofo.com]

Dear Ms. Moser:

    This is in response to your letter dated February 26, 2008, in which you have identified the witnesses that you propose to call in your case in chief and the order in which you propose to call them. We will attempt to reach agreement with you in scheduling witnesses. Because we have a fundamental disagreement about which witnesses you are entitled to call in your case in chief we want to advise you immediately so that you can make other arrangements.

    Plaintiffs, like any party presenting evidence in a trial or hearing, are entitled to call witnesses who agree to appear voluntarily to provide testimony, or who have been properly served with a lawful subpoena under Rule 45. Defendants' witnesses Zeiss, Guagliardo, Kearns and Katz do not agree to appear voluntarily to testify for plaintiffs, nor have they been served with subpoenas. And, for the reasons set forth in defendants' Response to Plaintiffs' Amended Designation of Witnesses, defendants do not believe that plaintiffs can properly subpoena lower level VA employees who work in Washington, D.C. to give testimony at a hearing in San Francisco. In short, merely listing a witness on plaintiffs' witness statement does not entitled plaintiffs to compel that witness to provide testimony if the Federal Rules of Civil Procedure do not allow plaintiffs to compel such testimony.

    To provide both parties a fair opportunity to present their witnesses, we suggest that the hearing should proceed as follows. On Monday, after the resolution of any preliminary matters

-2-

and opening statements, plaintiffs should call their first two witnesses, Dr. Arthur Blank and Dr. Gerald Cross. If plaintiffs other two witnesses are not available until Tuesday, defendants will not object to a continuance to Tuesday morning, when Dr. Rathbun and Dr. Peterson can testify. (However, we note that the Court has instructed that all witnesses should be available so a delay in the hearing does not occur.) At that point, plaintiffs' evidentiary presentation would conclude and, if the Court determines that rebuttal testimony by defendants' witnesses is necessary, defendants will call witnesses from its witness list, and, perhaps, rebuttal witnesses.

If you do not agree with defendants' position, I suggest that we take this issue up with Judge Conti on Monday morning. Defendants will have Dr. Cross and Dr. Zeiss available to testify on Monday, March 3 and Mr. Guagliardo, Mr. Kearns and Dr. Katz available to testify on Tuesday.

We currently plan to send you a CD containing documents responsive to plaintiffs' requests relating to the preliminary injunction motion today, by Federal Express for morning delivery on February 28.

Sincerely,

Daniel Bensing
Senior Counsel
Federal Programs Branch

cc:   Gordon Erspamer
      Sidney Wolinsky