**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

February 28, 2008

*Via Facsimile and E-Mail*

Mr. Daniel Bensing, Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C.  20530

Re:     *Veterans for Common Sense v. Peake*
        N.D. Cal. No. C-07-3758

Dear Mr. Bensing:

I want to make it clear from the outset what Plaintiffs' position is with respect to the VA witnesses (Cross, Zeiss, Guagliardo, Katz, Kearns, and Kang).  Party witnesses do not require a subpoena.  All six witnesses work for the VA.  Ergo, they are party witnesses. Even entertaining what appears to be your position that only non-low-level employees are party witnesses, those six witnesses all qualify as parties.  Gerald Cross is the Deputy Undersecretary for Health.  Paul Kearns is the VHA's CFO.  Ira Katz is the Chief Patient Care Services Officer, and Zeiss is his Deputy.  Dr. Kang is Director, Environmental Epedemiology Service.  If these people are "low-level", as you maintain, how do they have any authority to testify to the entire VA system?  If they in fact have no such authority and are too low-level to even qualify under your purported definition of party witnesses, we will ask the Court to order the appearance of a higher-level VA employee, Dr. Kussman, the Undersecretary for Health.

Only after Defendants stonewalled Plaintiffs and repeatedly disavowed the Court's authority to compel VA party witnesses and stated the witnesses could not be called without subpoenas, Plaintiffs, in an abundance of caution, issued subpoenas to secure their attendance from the appropriate district.  Do not construe that as any concession that a subpoena is required to secure their attendance or that the Northern District lacks the power to compel their attendance.  The Court's order contemplates that the VA will make their witnesses available to Plaintiffs.  Given the fact that you plan to have those witnesses on hand anyway, your position seems to be nothing more than gamesmanship. *See Mason v. Texaco*, 741 F. Supp. 1472, 1504 (D. Kan. 1990) ("Although Mr. Richard resides more than 100 miles from this district, he is Texaco for the purposes of this lawsuit, and thus a party to

sf-2475031

**MORRISON** | **FOERSTER**

Mr. Daniel Bensing
February 28, 2008
Page Two

the action. The court does not believe that the limitation of [the 100 mile rule] applies to this situation, particularly considering defendant's stated intention to call this key witness in any event."). We plan to take this issue up with the Court and take all other appropriate action. Also, please be advised that, based on the review of the VA documents produced today, we reserve the right to call Antonette Zeiss before Gerald Cross on Monday, March 3.

Moreover, we are in receipt of your document production. We note that you stripped the documents of all searchability functions and all source data, including metadata. That is not permissible under the Federal Rules governing electronic discovery, as we have told you as far back as October. Despite repeated requests for the sources of the documents, you have refused to tell us the source of the individual documents. We will assume that all generalized sources on your list will be able to lay appropriate foundation at the preliminary injunction hearing for the documents produced. Also, please provide us with a privilege log for all documents withheld on the basis of privilege.

Sincerely,

Gordon P. Erspamer

sf-2475031