# AFFIDAVIT OF PROCESS SERVER

| United States District Court | District Of Columbia |
|---|---|
| Veterans for Common Sense and Veterans United for Truth, Inc.<br><br>　　Plaintiff<br><br>vs.<br><br>James B. Peake, Secretary of Veterans Affairs, et al<br><br>　　Defendant | Attorney:<br><br>Morrison & Foerster LLP<br>Alexandria Amezcua<br>425 Market St.<br>San Francisco, CA. 94105 |
| Case Number: C-07-3758 SC | Court / Appearance Date: 03-03-2008<br>Court Time: 09:30 am |

Legal documents received by Same Day Process Service on February 29th, 2008 at 8:00 AM to be served upon **Dr. Han K. Kang, PhD-Dir., Environmental Epedemiology Service, Dept. of Veterans Affairs at 810 Vermont Ave., NW, Washington, DC. 20420**

I, Brandon A. Snesko, swear and affirm that on **February 29th, 2008 at 2:35 PM**, I did the following:

Served a **Government Agency** by delivering a conformed copy of this **Subpoena in a Civil Case**, to **Tyrone Smith** as **Legal Assistant & Authorized Agent** of the within named agency, to wit: **Department of Veterans Affairs** and informing that person of the contents of the documents.

**Description of Person Accepting Service:**
Sex: Male   Age: 23   Height: 5'11   Weight: 175   Skin Color: Black   Hair Color: black   Glasses:

**Supplemental Data Appropriate to this Service:**
Paid $40.00 in witness fees.

I declare under penalty of perjury under the laws of the that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

_____
Brandon A. Snesko
Process Server

Same Day Process Service
1322 Maryland Ave., NE
Washington, DC 20002

(202) 398-4200

Internal Job ID: 0000007853

District of Columbia: SS
Subscribed and Sworn to before me,
this 3rd day of MARCH, 2008

_____
Michael Molash, Notary Public, D.C.
My commission expires July 14, 2012

[Notary Seal: MICHAEL MOLASH, NOTARY PUBLIC, DISTRICT OF COLUMBIA]

Copyright © 2005-2007 Process Server Central, LLC. All rights reserved.

# Same Day Process Service

1322 Maryland Ave., NE
Washington, DC 20002
Phone 202.398.4200
Fax 202.398.1862

FEIN 14-1937022

# INVOICE

INVOICE #0000007853

DATE: FEBRUARY 28, 2008

**CLIENT BILLED:**

Alexandria Amezcua
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

(415) 268-7000

**CASE INFORMATION:**
C-07-3758 SC

Plaintiff:
**Veterans for Common Sense and Veterans United for Truth, Inc.**

Defendant:
**James B. Peake, Secretary of Veterans Affairs, et al**

Received: 02-29-2008   Completed: 02-29-2008

To be served on: Dr. Han K. Kang, PhD-Dir., Environmental Epedemiology Service, Dept. of Veterans Affairs

| CLIENT REFERENCE NUMBER | REQUISITIONER | TERMS |
|---|---|---|
| | | Due on 03-14-2008 |

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| 1.00 | Advanced Witness Fee | $40.00 | $40.00 |
| 1.00 | Process Service Fee | $75.00 | $75.00 |
| 1.00 | Rush Service Fee | $0.00 | $0.00 |

| PAYMENTS | DATE | CHECK NO. | AMOUNT |
|---|---|---|---|
| | | | |

SUBTOTAL  $115.00
SALES TAX  $0.00
RETAINER PAID  $0.00

TOTAL DUE  $115.00

**COMMENTS OR SPECIAL INSTRUCTIONS:**

Make all checks payable to Same Day Process Service.
Please enclose a copy of this invoice with your payment.
Payment of this invoice is not contingent on reimbursement from your client.
If you have any questions concerning this invoice, contact:
Tony Snesko, 202-398-4200, samedayprocess@aol.com

**Thank you for your business!**

Copyright © 2005-2007 Process Server Central, LLC. All rights reserved.

OAO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

V.

JAMES B. PEAKE, Secretary of
Veterans Affairs, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Case pending in USDC Northern District of California
C-07-3758 SC

TO: Dr. Han K. Kang, PhD – Director, Environmental Epedemiology Service, Department of Veterans Affairs, 810 Vermont Ave. NW, Washington, D.C. 20420-0001

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| U. S. District Court, Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, California 94102 | Courtroom 1, 17th floor |
| | DATE AND TIME |
| | 3/3/08; 9:30 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiffs  *(signature)* Alexandria Amezcua | DATE<br>February 29, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alexandria A. Amezcua (SBN 247507) Morrison & Foerster LLP
425 Market Street, San Francisco CA 94105-2482    415.268.7000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                        SIGNATURE OF SERVER

                                                                       _____
                                                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com