**FILED**

**MAR - 6 2008**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC., | Case No.  C-07-3758-SC |
| Plaintiffs, | **CLASS ACTION** |
| v. | ~~[PROPOSED]~~ **PROTECTIVE ORDER** |
| GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs, *et al.*, | Complaint Filed July 23, 2007 |
| Defendants. | |

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER
sf-2462641

1.    PURPOSES AND LIMITATIONS

In general, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  In particular, the Administrative Procedure Act, 5 U.S.C. § 552a(b), requires entry of a court order before federal agency records may be disclosed.  Section 522a(a)(4) defines "records" to include, *inter alia*, an individual's medical history.  Although not bound by the Administrative Procedure Act, Plaintiffs also endeavor to protect private information related to individual veterans that is likely to be produced during discovery or submitted to the Court, including but not limited to medical records or benefits claims files.  In addition, there may be occasions in which individual veterans and their family members, Defendants' employees, or third parties may contact Plaintiffs or their counsel with relevant information, but who are unwilling to divulge such information or their identities unless protections are in place to protect them against dismissal, denial of medical care or benefits claims, or other retaliatory action.

This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  As set forth in Section 10, below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

The Federal Defendants are authorized to release to Plaintiffs, their counsel, and to the Court in this case, government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom the records pertain.

2.    DEFINITIONS

2.1    Party:  any party to this action, including all of its members, officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, declarations,

1   transcripts, or tangible things) that are produced or generated in disclosures or responses to pre-trial

2   discovery in this matter.  This Order specifically excludes any material or testimony to be produced

3   or used during trial.  At least sixty days prior to the trial date, the parties shall meet and confer and

4   submit a separate proposed protective order governing the treatment of "Confidential" information

5   and "Personal Identifying Information" during trial.

6          2.3     Personal Identifying Information:  (a) Testimony in any form that contains

7   information; (i) protected by the Privacy Act or the right of privacy; (ii) relating to medical condition

8   or treatment; and/or (b) testimony submitted by a veteran or claimant or family members, or any VA

9   employee or consultant, containing identifying information where that individual subjectively

10  expresses a belief that he or she might be subject to retaliation by Defendants. Identifying

11  information would include names, names of family members or relatives, addresses, phone numbers,

12  email addresses, Social Security numbers, current employment information or employment history,

13  details of military service or service-connected injuries, or any other personal information that would

14  in any way reveal or provide evidence related to the individual's identity.  Personal Identifying

15  Information applies equally to veterans, claimants for service-connected death or disability

16  compensation as defined in the complaint, declarants, witnesses, Defendants' employees, or veterans

17  or claimants who participate in any way in this lawsuit.

18         2.4     "Confidential – Subject to Protective Order" Information or Items:  all information or

19  items that qualify as (1) agency "records" as defined in 5 U.S.C. § 552a(a)(4); (2) individual

20  veterans' medical history or medical records or any other information protected by constitutional or

21  statutory rights to privacy, including but not limited to information protected from disclosure under

22  the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 201; or (3)

23  information (regardless of how generated, stored or maintained) or tangible things that qualify for

24  protection under standards developed under Federal Rule of Civil Procedure 26(c).

25         2.5     "Personal Identifying Information – Attorneys' Eyes Only" Information or Items:

26  information or items that qualify as Personal Identifying Information and are submitted in support of

27  a witness's participation in favor of Plaintiffs.  A witness may be a veteran, one of Defendants'

28  employees, or any other relevant non-party.

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER
sf-2462641

2

1    2.6    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

2    Producing Party.

3    2.7    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material

4    in this action.

5    2.8    Designating Party:  a Party or non-party that designates information or documents that

6    it produces in disclosures or in responses to discovery in addition to affidavits or exhibits submitted

7    in support of papers filed with the Court as "Confidential – Subject to Protective Order" or as

8    "Personal Identifying Information – Attorneys' Eyes Only."

9    2.9    Protected Material:  any Disclosure or Discovery Material that is designated as

10    "Confidential – Subject to Protective Order" or as "Personal Identifying Information – Attorneys'

11    Eyes Only."

12    2.10    Outside Counsel:  attorneys who are not employees of a Party but who are retained to

13    represent or advise a Party in this action.  The Department of Justice attorneys designated as counsel

14    of record in this action (and their supporting staff members) shall be considered Outside Counsel for

15    Defendants.  The Morrison & Foerster and Disability Rights Advocates attorneys designated as

16    counsel of record in this action (and their supporting staff members) shall be considered Outside

17    Counsel for Plaintiffs.

18    2.11    House Counsel:  attorneys who are employees of a Party.  Attorneys employed by the

19    Department of Veterans Affairs shall be considered House Counsel for Defendants.

20    2.12    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

21    support staffs).

22    2.13    Expert:  a person with specialized knowledge or experience in a matter pertinent to the

23    litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

24    consultant in this action and who is not a past or a current employee of a Party or of a competitor of a

25    Party and who, at the time of retention, is not anticipated to become an employee of a Party or a

26    competitor of a Party.  This definition includes a professional jury or trial consultant retained in

27    connection with this litigation.

28

1    2.14    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g.,

2    photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

3    retrieving data in any form or medium; etc.) and their employees and subcontractors.

4    3.    SCOPE

5        The protections conferred by this Order cover not only Protected Material (as defined above),

6    but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or

7    compilations thereof, plus pre-trial testimony, conversations, or presentations by parties or counsel to

8    or in court or in other settings that might reveal Protected Material.

9    4.    DURATION

10        Even after the termination of this litigation, the confidentiality obligations imposed by this

11    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

12    otherwise directs.

13    5.    DESIGNATING PROTECTED MATERIAL

14        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or

15    non-party that designates information or items for protection under this Order must take care to limit

16    any such designation to specific material that qualifies under the appropriate standards.  A

17    Designating Party must take care to designate for protection only those parts of material, documents,

18    items, or oral or written communications that qualify – so that other portions of the material,

19    documents, items, or communications for which protection is not warranted are not swept

20    unjustifiably within the ambit of this Order.

21        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown

22    to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

23    encumber or retard the case development process, or to impose unnecessary expenses and burdens on

24    other parties), expose the Designating Party to sanctions.

25        5.2    If it comes to a Party's or a non-party's attention that information or items that it

26    designated for protection do not qualify for protection at all, or do not qualify for the level of

27    protection initially asserted, that Party or non-party must promptly notify all other parties that it is

28    withdrawing the mistaken designation.  If it comes to a Party's or non-party's attention that

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER
sf-2462641

4

1   information or items are not designated for protection that should qualify for protection, that Party or

2   non-party shall as soon as practicable notify the Producing Party in writing. The Producing Party

3   shall be required to redesignate that information as "Confidential – Subject to Protective Order" or as

4   "Personal Identifying Information – Attorneys' Eyes Only" at its own expense and reproduce the

5   contested information or items at its own expense bearing the "Confidential – Subject to Protective

6   Order" or "Personal Identifying Information – Attorneys' Eyes Only" designation. Should the

7   Producing Party disagree with the notifying party or non-party regarding the propriety of the

8   "Confidential – Subject to Protective Order" or the "Personal Identifying Information – Attorneys'

9   Eyes Only" designation, the parties shall follow the procedures set forth in Paragraph 6 of this Order.

10       5.3    Manner and Timing of Designations. Except as otherwise provided in this Order (see,

11   e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that

12   qualifies for protection under this Order must be clearly so designated before the material is disclosed

13   or produced.

14       Designation in conformity with this Order requires:

15       (a)    for information in documentary form (apart from transcripts of depositions or

16   other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – SUBJECT

17   TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

18   EYES ONLY" at the bottom of each page that contains protected material. If only a portion or

19   portions of the material on a page qualifies for protection, the Producing Party also must clearly

20   identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

21   specify, for each portion, the level of protection being asserted is "CONFIDENTIAL – SUBJECT TO

22   PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

23   EYES ONLY."

24       A Party or non-party that makes original documents or materials available for

25   inspection need not designate them for protection until after the inspecting Party has indicated which

26   material it would like copied and produced. During the inspection and before the designation, all of

27   the material made available for inspection shall be deemed "PERSONAL IDENTIFYING

28   INFORMATION – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER                                                          5
sf-2462641

1    documents it wants copied and produced, the Producing Party must determine which documents, or

2    portions thereof, qualify for protection under this Order, then, before producing the specified

3    documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL – SUBJECT

4    TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

5    EYES ONLY") at the bottom of each page that contains Protected Material.  If only a portion or

6    portions of the material on a page qualifies for protection, the Producing Party also must clearly

7    identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

8    specify, for each portion, the level of protection being asserted ("CONFIDENTIAL – SUBJECT TO

9    PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

10   EYES ONLY").

11              (b)      for testimony given in deposition or in other pretrial proceedings, that the Party

12   or non-party offering or sponsoring the testimony identify on the record, before the close of the

13   deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

14   the testimony that qualify as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

15   "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY."  When it is

16   impractical to identify separately each portion of testimony that is entitled to protection, and when it

17   appears that substantial portions of the testimony may qualify for protection, the Party or non-party

18   that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

19   proceeding is concluded) a right to have up to 30 days from receipt of the deposition or hearing

20   transcript to identify the specific portions of the testimony as to which protection is sought and to

21   specify the level of protection being asserted ("CONFIDENTIAL – SUBJECT TO PROTECTIVE

22   ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY").

23   Only those portions of the testimony that are appropriately designated for protection within the 30

24   days shall be covered by the provisions of this Protective Order.  As set forth in Paragraph 2.2, this

25   Order specifically excludes any material or testimony to be produced or used during trial and a

26   separate order will govern trial testimony.

27              Transcript pages containing Protected Material must be separately bound by the court

28   reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL – SUBJECT

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER
sf-2462641
6

1   TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'

2   EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or

3   presenting the testimony.

4           (c)     for information produced in some form other than documentary, and for any

5   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

6   container or containers in which the information or item is stored the legend "CONFIDENTIAL –

7   SUBJECT TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION –

8   ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the

9   Producing Party, to the extent practicable, shall identify the protected portions, specifying whether

10  they qualify as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "PERSONAL

11  IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY."

12          5.4     Failures to Designate. If timely corrected, a failure to designate qualified information

13  or items as "Confidential – Subject to Protective Order" or "Personal Identifying Information –

14  Attorneys' Eyes Only" or does not, standing alone, waive a Party's right to secure protection under

15  this Order for such material. If material is appropriately designated as "Confidential – Subject to

16  Protective Order" or "Personal Identifying Information – Attorneys' Eyes Only" after the material

17  was initially produced, the Receiving Party, on timely notification of the designation, must make

18  reasonable efforts to assure that the material is treated in accordance with the provisions of this

19  Order. The Producing Party must, at its own expense, reproduce copies of the material to the

20  Receiving Party with the appropriate designation.

21  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS OR FAILURE TO DESIGNATE
        CONFIDENTIAL MATERIAL AS SUCH

22

23          6.1     Available Challenges. The Receiving Party may challenge the Producing Party's

24  designation of material as "Confidential – Subject to Protective Order" or "Personal Identifying

25  Information – Attorneys' Eyes Only" or the Producing Party's failure to designate qualified material

26  as "Confidential – Subject to Protective Order" or "Personal Identifying Information – Attorneys'

27  Eyes Only."

28

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER                                                              7
sf-2462641

6.2     Timing of Challenges. The Receiving Party must challenge the Designating Party's designations or lack thereof within thirty (30) days of receipt of the challenged information.

6.3     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation or lack thereof must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.4     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation or lack thereof after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Party advocating the inclusion of a confidentiality designation on Disclosure or Discovery Material. Until the Court rules on the Party's challenge either for lack of a "Confidential" designation or to a "Confidential" designation, all parties shall provisionally treat the material as "Confidential – Subject to Protective Order." Until the Court rules on the Party's challenge either for lack of a "Personal Identifying Information" designation or to a "Personal Identifying Information" designation, all parties shall treat provisionally the material as "Personal Identifying Information – Attorneys' Eyes Only."

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting,

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER
sf-2462641

8

1  defending, or attempting to settle this litigation. When the litigation has been terminated, a Receiving

2  Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

3      Protected Material must be stored and maintained by a Receiving Party at a location and in a

4  secure manner that ensures that access is limited to the persons authorized under this Order.

5      7.2    Disclosure of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

6  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

7  Designating Party, a Receiving Party may disclose any information or item designated

8  CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only to:

9      (a)    the Parties and their Outside Counsel and House Counsel (as defined in this

10 Order), as well as employees of said Counsel to whom it is reasonably necessary to disclose the

11 information for this litigation and who have signed the "Agreement to Be Bound by Protective

12 Order" that is attached hereto as Exhibit A;

13     (b)    Experts (as defined in this Order) of the Producing or Receiving Party to whom

14 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

15 Bound by Protective Order" (Exhibit A);

16     (c)    Professional Vendors (as defined in this Order) of the Producing or Receiving

17 Party to whom disclosure is reasonably necessary for this litigation and who have signed the

18 "Agreement to Be Bound by Protective Order" (Exhibit A);

19     (d)    the Court and its personnel;

20     (e)    court reporters, their staffs, and professional vendors to whom disclosure is

21 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

22 Protective Order" (Exhibit A);

23     (f)    during depositions or in preparation of affidavits or for pretrial testimony, to

24 fact witnesses, House Counsel, and Outside Counsel in the action to whom disclosure is reasonably

25 necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

26 Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

27 must be separately bound by the court reporter and may not be disclosed to anyone except as

28 permitted under this Protective Order.

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER
sf-2462641

9

(g)    the author of the document or the original source of the information.

7.3    ~~Disclosure of "PERSONAL IDENTIFYING INFORMATION – ATTORNEYS'~~
~~EYES ONLY" Information or Items.   Unless otherwise ordered by the court or permitted in writing~~
~~by the Designating Party, a Receiving Party may disclose any information or Item designated~~
~~"PERSONAL IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY" only to:~~

(a)    ~~the Receiving Party's Outside Counsel of record in this action, as well as~~
~~employees of said Counsel to whom it is reasonably necessary to disclose the information for this~~
~~litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached~~
~~hereto as Exhibit A;~~

(b)    ~~Experts (as defined in this Order) (1) to whom disclosure is reasonably~~
~~necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"~~
~~(Exhibit A);~~

(c)    ~~the Court and its personnel;~~

(d)    ~~court reporters, their staffs, and professional vendors to whom disclosure is~~
~~reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by~~
~~Protective Order" (Exhibit A);~~

(e)    ~~during depositions or in preparation of affidavits or for pretrial testimony, to~~
~~fact witnesses and Outside Counsel in the action to whom disclosure is reasonably necessary and who~~
~~have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed~~
~~deposition testimony or exhibits to depositions that reveal Protected Material must be separately~~
~~bound by the court reporter and may not be disclosed to anyone except as permitted under this~~
~~Protective Order; and~~

(f)    ~~the author of the document or the original source of the information, excluding~~
~~House Counsel. House Counsel shall not have access to any information designated "PERSONAL~~
~~IDENTIFYING INFORMATION – ATTORNEYS' EYES ONLY."~~



8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
      LITIGATION.

      If a Receiving Party is served with a subpoena or an order issued in other litigation that would

compel disclosure of any information or items designated in this action as "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER" or "PERSONAL IDENTIFYING INFORMATION –

ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing

(by fax, if possible) immediately and in no event more than three court days after receiving the

subpoena or order. Such notification must include a copy of the subpoena or court order.

      The Receiving Party also must immediately inform in writing the Party who caused the

subpoena or order to issue in the other litigation that some or all the material covered by the subpoena

or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy

of this Protective Order promptly to the Party in the other action that caused the subpoena or order to

issue.

      The purpose of imposing these duties is to alert the interested parties to the existence of this

Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

confidentiality interests in the court from which the subpoena or order issued. The Designating Party

shall bear the burdens and the expenses of seeking protection in that court of its confidential material

– and nothing in these provisions should be construed as authorizing or encouraging a Receiving

Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Protective Order, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is

attached hereto as Exhibit A. Unauthorized disclosure for an improper purpose may subject the

disclosing party to sanctions.

1    10.    FILING PROTECTED MATERIAL. Without written permission from the Designating Party

2    or a court order secured after appropriate notice to all interested persons, a Party may not file in the

3    public record in this action any Protected Material. A Party that seeks to file under seal any Protected

4    Material must comply with Civil Local Rule 79-5.

5    11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing

6    Party, within ninety days after the final termination of this action or within ninety days of termination

7    of an appeal or deadline for filing an appeal, each Receiving Party must return all Protected Material

8    to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

9    abstracts, compilations, summaries or any other form of reproducing or capturing any of the

10    Protected Material. The Receiving Party must return all of the Protected Material unless the

11    Designating Party has given its permission in writing to destroy the material. Whether the Protected

12    Material is returned or destroyed, the Receiving Party must submit a written certification to the

13    Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety day

14    deadline that identifies (by category, where appropriate) all the Protected Material that was returned

15    or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

16    compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

17    Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all

18    pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

19    even if such materials contain Protected Material. Any such archival copies that contain or constitute

20    Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION),

21    above.

22    12.    MISCELLANEOUS

23        12.1    No Retaliation. No Party shall take any retaliatory action against any veteran,

24    potential class member, third-party witness, or employee of a Party based on that individual's

25    inclusion or participation in this lawsuit. Retaliation shall include but is not limited to the following

26    actions: (1) pulling an individual veteran's original claim file for use in the litigation, which

27    indefinitely delays any action in his or her benefits claim proceeding or appeal; (2) the denial of

28    benefits to individual veterans based in whole or in part on his or her inclusion or participation in this

1    ~~action; and (3) demotion, termination, or other retaliatory actions against Department of Veterans~~     }  ᴬᶜ

2    ~~Affairs employees or other federal government employees based on whole or in part on that~~

3    ~~employee's inclusion or participation in this action.~~

4          12.2    Veteran Records.  ~~The Department of Justice shall develop a procedure for obtaining~~

5    ~~access to veteran records from the VA such as claim files and medical records that, to the maximum~~     }  ᴬᶜ

6    ~~extent possible, protects the identity of the veteran or claimant and does not indicate the specific~~

7    ~~purpose for the request.~~  Should the VA or Department of Justice determine that any veteran record

8    such as claim files or medical records is required for review, consultation, or evaluation for purpose

9    of this lawsuit, the VA or Department of Justice shall promptly make an electronic or hard copy of

10   the veteran's records and immediately return the records to their appropriate location within the VA.

11   No veteran record shall be removed from the normal VA adjudication cycle appropriate to that

12   record.  This provision applies equally any veteran made known to the VA in Disclosure or

13   Discovery Material, potential class members, claimants for service-connected death or disability

14   compensation as defined in the complaint, declarants, witnesses, or veterans or claimants who

15   participate in any way in this lawsuit.

16         12.3    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek

17   its modification by the Court in the future.

18         12.4    Right to Assert Other Objections.  By the entry of this Protective Order no Party

19   waives any right it otherwise would have to object to disclosing or producing any information or item

20   on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object

21   on any ground to use in evidence of any of the material covered by this Protective Order.

22

23   **IT IS SO ORDERED.**

24   DATED: _Mar. 6-08_

25                                                    HONORABLE SAMUEL CONTI
                                                     United States District Judge
26

27

28

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3      I, _____ [print or type full name], of _____ [print or

4  type full address], declare under penalty of perjury that I have read in its entirety and understand the

5  Protective Order that was issued by the United States District Court for the Northern District of

6  California on [date] in the case of ___ **[insert formal name of the case and the number and initials**

7  **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

8  Protective Order and I understand and acknowledge that failure to so comply could expose me to

9  sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

10  any manner any information or item that is subject to this Protective Order to any person or entity

11  except in strict compliance with the provisions of this Order.

12      I further agree to submit to the jurisdiction of the United States District Court for the Northern

13  District of California for the purpose of enforcing the terms of this Protective Order, even if such

14  enforcement proceedings occur after termination of this action.

15      I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number]

17  as my California agent for service of process in connection with this action or any proceedings

18  related to enforcement of this Protective Order.

19  Date:_____

20  City and State where sworn and signed: _____

21  Printed name:_____
             [printed name]
22

23  Signature:_____
             [signature]
24

25

26

27

28

Case No. C-07-3758-SC
[PROPOSED] PROTECTIVE ORDER                                         14
sf-2462641