1   GORDON P. ERSPAMER (CA SBN 83364)
    GErspamer@mofo.com
2   ARTURO J. GONZÁLEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   HEATHER A. MOSER (CA SBN 212686)
    HMoser@mofo.com
4   STACEY M. SPRENKEL (CA SBN 241689)
    SSprenkel@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California 94105-2482
    Telephone: 415.268.7000
7   Facsimile: 415.268.7522

8   **[see next page for additional counsel for Plaintiffs]**

9   Attorneys for Plaintiffs
    VETERANS FOR COMMON SENSE and
10  VETERANS UNITED FOR TRUTH, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.    C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' [PROPOSED] ORDER GRANTING INJUNCTIVE AND DECLARATORY RELIEF** <br><br> Complaint Filed July 23, 2007 |

1   **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2   SIDNEY M. WOLINSKY (CA SBN 33716)
    SWolinsky@dralegal.org
3   JENNIFER WEISER BEZOZA (CA SBN 247548)
    JBezoza@dralegal.org
4   KATRINA KASEY CORBIT (CA SBN 237931)
    KCorbit@dralegal.org
5   DISABILITY RIGHTS ADVOCATES
    2001 Center Street, Third Floor
6   Berkeley, California 94704-1204
    Telephone: 510.665.8644
7   Facsimile: 510.665.8511

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A.    Declaratory Relief: Denials of Due Process**

1. Plaintiffs' veteran members and members of the class (collectively "Veterans") have a property interest in medical care benefits entitled to constitutional protection under the Due Process Clause of the Fifth Amendment of the United States Constitution. As discussed below, the Department of Veterans Affairs ("VA") is denying Veterans this property interest without due process of law. The Veteran Health Administration's existing clinical appeals process violates Veterans' procedural due process rights under the Fifth Amendment.

2. The Veterans Judicial Review Act ("VJRA"), and related provisions in Title 38, unconstitutionally infringe upon Veterans' property and liberty rights protected by the Due Process Clause of the Fifth Amendment. The following "Statutory Defects" currently exist in the adjudication process for receipt of Service Connected Death & Disability Compensation ("SCDDC"), which Veterans must utilize to obtain compensation, and to obtain mental health care benefits beyond the statutory period for combat veterans set forth in 38 U.S.C. § 1710. Both separately and in combination, these defects deprive Veterans of their property and liberty without affording the due process required by the Fifth Amendment:

   a. The absence of a neutral decision-maker at the regional office stage;
   b. The absence of any right of the Veteran to initiate discovery to gather evidence to support their SCDDC claims or to detect misconduct by VA adjudicators;
   c. The absence of a mechanism to allow veterans to compel the attendance of VA employees or other witnesses to testify at their hearing;
   d. The absence of any mechanism for injunctive or declaratory relief at any stage in an appeal;
   e. The absence of any mechanism for expedited relief at the regional offices;
   f. The absence of a class action procedure or other procedural means to challenge systemic actions taken by the VA;
   g. The absence of any procedure requiring the regional offices to treat judicial decisions of the Court of Appeals for Veterans Claims ("CAVC") and/or the Federal Circuit as binding in other cases that raise the same issue(s), forcing every affected veteran to re-

litigate issues already decided by the CAVC or other appellate body such as the Federal Circuit;

    h. The absence of provisions conferring judicial authority at the CAVC or Federal Circuit or any other mechanism to enforce judicial decisions or require the agency of original jurisdiction (the regional office) to obey or comply with the rule of law; and

    i. The absence of any procedures for judicial consideration by the appellate courts of claims that depend upon facts or events in the adjudication process that not reflected in a Veteran's claim file, or claims based upon a pattern and practice of unlawful VA behavior.

3. The VA's incentive compensation system deprives veterans of their right to a neutral decision-maker by giving adjudicators a financial incentive to deny or fail properly to develop claims. This has lead to other illegal actions, including:

    a. The destruction, alteration or doctoring of records in veterans claims files by VA employees at regional offices and upon appeal to the BVA; and

    b. The premature denial of post traumatic stress disorder ("PTSD") and other SCDDC claims before required initial claim development has been completed.

4. The VA has developed a number of other practices and policies, identified in Paragraph 31 of the Complaint as the "Challenged Practices," that separately and in combination with the Statutory Defects, deprive SCDDC claimants of their property and liberty interests without affording the due process required by the Fifth Amendment:

    a. Delaying claim development and decisions at the regional office level and decisions upon appeal on a systemic basis, resulting in protracted delays in the final decisions;

    b. The exertion by VA Central Office officials in Washington, DC, of extra-judicial pressure and influence upon the adjudication of claims by VA regional offices, including but not limited to:

        i. The issuance of directives, circulars and "fast letters" directing or encouraging outcomes in specific categories of cases, including the VA's extraordinary

awards procedure, and disability awards for Total Disability Based Upon Individual Unemployability ("TDIU") claims; and

  ii. The threatened institution of any requirement for a second signature or approval by a VA Central Office official in Washington, DC, for before a grant of service-connection by a regional office for any claim or type of claim, including PTSD claims.

**B.** **Declaratory Relief: Denial of Access to Courts and Right to Petition**

1. These Statutory Defects of the VJRA, and Challenged Practices, both separately and in combination, have completely, unreasonably and unjustifiably foreclosed the ability of Veterans to pursue their underlying claims and present their grievances and obtain decisions on the merits of their SCDDC claims, thus depriving Veterans of meaningful access to the courts and their right to petition for a redress of grievances in violation of the First and Fifth Amendments.

**C.** **Declaratory Relief: Agency Failure to Act Pursuant to Statutory Duty**

1. Under 38 U.S.C. § 1710, the VA must provide health care to combat veterans for five (5) years following honorable discharge. The VA has failed to provide timely care to Veterans in violation of Section 1710. That violation constitutes a failure to act pursuant to the Administrative Procedure Act, 5 U.S.C. § 706.

**D.** **Injunctive Relief: Agency's Mandatory Provision of Timely Health Care**

1. The parties agree that there has been a significant increase in the need for mental health services, including services to prevent Veterans from taking their own lives, and that it is imperative that such services be provided promptly. Accordingly, the VA shall develop, implement, and enforce a system-wide uniform policy and procedures providing for the immediate treatment of veterans eligible for health care under 38 U.S.C. § 1710 presenting with suicidal ideations, a known history of suicide attempts, and/or any other indication of suicide risk factors;

2. The VA shall develop, implement, and enforce a system-wide uniform policy establishing procedures to timely identify and immediately treat individuals with PTSD; and

3. The VA shall develop, implement, and enforce system-wide uniform policies and procedures for the appeal of clinical decisions involving mental health care and the denial or delay of

mental health care treatment that comport with due process requirements and ensure timely provision of mental health care, including an emergency procedure in cases when emergent or urgent care is or may become necessary. The VA shall develop, implement, and enforce system-wide uniform notification to eligible veterans of their rights under the new procedures for appeal.

Defendants are hereby further ordered to:

1. Meet and confer with Plaintiffs' counsel, under the supervision of a Magistrate Judge, and to propose a remedial plan that addresses the mental health care delivery problems described above and, after comment by Plaintiffs and approval by the Court, to develop, implement, and enforce uniform policies and procedures that comport with the requirements of 38 U.S.C. § 1710;

2. Meet and confer with Plaintiffs' counsel, under the supervision of a Magistrate Judge, and to propose a remedial plan that addresses the constitutional problems with the appeals of clinical determinations and system-wide delays or denials of mental health care described above and, after comment by Plaintiffs and approval by the Court, to develop and implement procedures that satisfy the requirements of the Due Process Clause of the Fifth Amendment;

3. After receiving Defendants' proposed remedial plans, the Court may consider appointing a Special Master to assist the Court in evaluating any approved plan and its implementation, and to make recommendations to the Court with respect to claimed violations.

**E.     Injunctive Relief:  Adjudication Delay**

Defendants are hereby enjoined from:

1. Failing or refusing to decide any SCDDC claim within the following minimum time periods:

    a. \_\_\_\_\_ days at the regional office stage, calculated as the period of time between the initial filing (or reopened or remanded claim) and the notice of decision on a new, reopened or remanded claim;

    b. \_\_\_\_\_ days at the Board of Veterans Appeals ("BVA") stage, calculated as including the period of time between a notice of decision and a Notice of Disagreement, between the Notice of Disagreement and the Statement of the Case, between the Statement of

1  the Case and a substantive appeal, between the substantive appeal and certification to
2  the BVA, and between the certification and a decision by the BVA.

    c. _____ days at the Court of Appeals for Veterans Claims stage, calculated to include the period of time between a BVA decision and the docketing of an appeal with the CAVC, between docketing and completion of briefing, and between briefing and a decision upon appeal.

  2. Failing to establish an expedited procedure for all claims that are remanded to the Regional Office from the BVA and the CAVC; and

  3. Failing and refusing to establish an expedited procedure for deciding SCDDC claims where emergency circumstances are shown to exist.

**F.    Injunctive Relief: Statutory Defects in VJRA and Title 38**

Defendants are hereby enjoined from:

  1. Continuing to enforce the fee prohibition contained in 38 U.S.C. Section 5904(c)(1);

  2. Failing or refusing to establish a set of minimum procedural protections at the regional office level, which at a minimum would involve the right to subpoena VA doctors and other employees as witnesses, the right to subpoena other witnesses, the right to obtain discovery to seek documents to support their SCDDC claims, the right to have their SCDDC claims decided by an impartial arbiter.

  3. As to VA regional offices, failing and refusing to follow and enforce decisions of the BVA and/or CAVC in accordance with the rule of law.

Defendants are hereby further ordered to:

  1. Meet and confer with Plaintiffs' counsel, under the supervision of a Magistrate Judge, and to propose a remedial plan that addresses the constitutional problems described above and, after comment by Plaintiffs and approval by the Court, to develop and implement procedures that satisfy the requirements of the Due Process Clause of the Constitution;

  2. Meet and confer with Plaintiffs' counsel, under the supervision of a Magistrate Judge, and to propose a remedial plan for comment by Plaintiffs and approval by the Court to address procedures for the timely handling of claims at the regional office level, the BVA, and the CAVC;

      3.    Meet and confer with Plaintiffs' counsel, under the supervision of a Magistrate Judge, and to propose a remedial plan for comment by Plaintiffs and approval by the Court which would provide an expedited procedure for handling claims that are remanded by the BVA to the regional office; and

      4.    After receiving Defendants' proposed remedial plans, the Court may consider appointing a Special Master to assist the Court in evaluating any approved plan and its implementation, and to make recommendations to the Court with respect to claimed violations.

**G.    Injunctive Relief: Challenged Practices:**

Defendants are hereby enjoined from:

      1.    Destroying, tampering with, forging entries on, removing or otherwise compromising evidence in service records or veteran claim files; provided, however, that this would not preclude Defendants from disposing of such materials in accordance with their regular document retention policies after the veteran and all survivors of the veteran who might be eligible for SCDDC are no longer alive;

      2.    Deciding claims at the VA Regional Offices based on instructions or directives from the Veterans Benefit Administration or other government officials in Washington D.C. instead of based upon the facts and evidence of the record, including, without limitation, directives regarding PTSD claims, extraordinary awards, and total disability based upon individual unemployability claims;

      3.    Issuing or enforcing any Directives, Circulars, Fast Letters, or any other substantive communication or directions from the Central Office in Washington DC to VA regional offices that conflict with or are not embodied within regulations previously adopted in conformance with law or that would otherwise dictate or influence an independent decision on the merits of a veteran's SCDDC claim.

      4.    Failing and refusing to modify its incentive compensation program to eliminate productions quotas or standards or any other aspect which encourages VA employees not to take all steps necessary to develop a SCDDC claim, to violate veterans' procedural rights or to circumvent VA statutes, rules or regulations;

5. Failing or refusing to honor claimants' requests for a hearing, discouraging claimants from requesting hearings, or failing and refusing to schedule a hearing within a reasonable period of time to claimants who have requested hearings; and

6. Prematurely denying PTSD claims before required factual development has taken place.

**IT IS SO ORDERED.**

Date: April \_\_\_\_, 2008      _____
                                          SENIOR JUDGE SAMUEL CONTI
                                          United States Senior District Court Judge