1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
   HMoser@mofo.com
4  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  SIDNEY M. WOLINSKY (CA SBN 33716)
   SWolinsky@dralegal.org
9  JENNIFER WEISER BEZOZA (CA SBN 247548)
   JBezoza@dralegal.org
10 KATRINA KASEY CORBIT (CA SBN 237931)
   KCorbit@dralegal.org
11 DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
12 Berkeley, California 94704-1204
   Telephone: 510.665.8644
13 Facsimile: 510.665.8511

14 Attorneys for Plaintiffs
   VETERANS FOR COMMON SENSE, and
15 VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.   C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION TO DISMISS WILLIAM P. GREENE, JR. AND MICHAEL B. MUKASEY** <br><br> Complaint Filed July 23, 2007 |

Judicial immunity fails as a defense for Defendant Greene for two simple reasons: (1) Plaintiffs sue Greene in his administrative capacity, not his judicial capacity; and (2) judicial immunity does not apply to this suit for injunctive and declaratory relief. Plaintiffs seek declaratory and injunctive relief against Defendant Greene as the administrator of the Court of Appeals for Veteran's Claims ("CAVC"). Compl. ¶ 47 (Defendant Greene is "not named in his judicial capacity, but rather in his official capacity as the person responsible for the *administration and management* of CAVC.") (emphasis added). Plaintiffs seek relief against Greene for violation of veterans' due-process rights as a result of protracted and ever-increasing delays in the appellate process. Compl. ¶¶ 145-168, 258-260. The average length of time between a notice of appeal and a final CAVC determination is 3.5 years. Compl. ¶ 157. Compounded with the additional 3.2 years it takes for a service-connected disability or death claim (SCDDC) to move through the Regional Office level and Board of Veterans Appeals before reaching the CAVC, CAVC delay results in unconscionable wait times for veterans. *Id*. Without recourse against Greene, veterans will be subjected to long delays at the appellate level without timely resolution of their SCDDCs. As the claims languish on the CAVC backlog, veterans are either forced to go without medical treatment or cover the high cost of medical care themselves. For many veterans, the only option is to wait for CAVC determinations without medical treatment. Long periods without medical treatment can be extremely dangerous for veterans suffering from PTSD.

**I.     LEGAL ARGUMENT**

    **A.     Defendant Greene, in his Administrative Capacity as Head of the CAVC, is an Appropriate Party to this Lawsuit.**

Defendants' judicial immunity argument ignores the well-established principle that judges have both administrative and judicial roles, and judicial immunity does not and should not bar a suit against a judge for his administrative duties. *See Forrester v. White*, 484 U.S. 219, 224-29 (1988) (holding judicial immunity does not apply to non-judicial functions, such as administrative functions). The Ninth Circuit has identified the following factors as bearing on the determination of whether a particular act is judicial: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the

judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989) (citation omitted) (holding appointment of receiver was a judicial act because it was made in the context of a pending case and the judge's dealings with the parties); *see also*, *Meek v. County of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999).

The Ninth Circuit has recognized the distinction between the administrative and judicial roles of a Chief Judge, and has held judicial immunity does not bar a suit against a judge for his administrative duties. In *Wolfe v. Strankman*, the Ninth Circuit allowed a plaintiff to seek injunctive relief against both California Supreme Court Chief Justice Ronald George, as Chair of the Judicial Council, and a clerk of the Judicial Council. 392 F.3d 358 (9th Cir. 2004). As Chair of the Judicial Council, Justice George directs and administers the California courts. *Id*. at 364. Likewise, Greene's position as Chief Judge requires him to manage and oversee operations of the CAVC, and Plaintiffs seek no more from him than to do so in a manner comporting with due process. *See*, *Forrester*, 484 U.S. at 229 (acts "overseeing the efficient operation of a court" are administrative).

Plaintiffs seek relief against Defendant Greene in his administrative capacity as Chief Judge of the CAVC. The VJRA defines Chief Judge of the CAVC as its "head." 38 U.S.C. § 7253(d). The statute does not specifically delineate the Chief Judge's role, however several sections refer to the types of operational tasks authorized for a Chief Judge, including recalling retired judges to the bench, § 7257, requesting presence of a United States marshal in the courtroom, § 7265(b), determining number and pay scale of clerks and secretaries, § 7281(g) (if at least two other judges are not presently on the bench), authorizing payment from CAVC, § 7282, summoning judges for annual conference to consider "court business" and "recommend means of improving [court] administration," § 7286, and receiving notices of retirement from judges, § 7296.

Plaintiffs seek no more than for Greene to use his administrative authority to oversee the administration of the CAVC to ensure timely reduction of the appellate claim backlog. Plaintiffs do not request an order that the CAVC adjudicate claims faster, as Defendants claim. Defs.' Reply Memo. ISO MTD Greene, at 7. Rather, Plaintiffs seek declaratory and injunctive relief directing Greene to manage the CAVC and its resources in a manner that does not result in unconstitutional

1  delay to veterans.[1]  As Chief of the Court of Appeals for Veterans Claims, Greene has several non-
2  judicial, operational functions which he may be ordered to perform in a manner that ensures veterans
3  their constitutional rights, therefore this suit must stand against him.[2]

4  To require Greene to answer for his administration of the CAVC is in no way to counter the
5  principles of judicial immunity.  Judicial immunity is a long-standing, common-law principle
6  intended to protect judges from claims for damages arising out of the difficult adjudications they
7  must make on a daily basis.  *Antoine* v. *Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993).  Plaintiffs
8  do not seek damages against Defendant Greene, and this is <u>not</u> the type of conduct being challenged
9  in this case.  Defendants' attempt to expand the scope of judicial immunity to shield the
10  administration of the CAVC should be denied.[3]

### B. Plaintiffs Seek Only Declaratory and Injunctive Relief, therefore Judicial Immunity Does Not Bar this Lawsuit against Defendant Greene.

13  In *Pulliam v. Allen*, the Supreme Court reviewed long-standing, common-law principles to
14  hold that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer
15  acting in her judicial capacity."  466 U.S. 522, 541-42 (1984).  Even if, as Defendants argue,

---

[1] Defendants misleadingly cite *In re the Justice of the Supreme Court of Puerto Rico* for the premise that a court should not enjoin judges when complete relief can be afforded without them.  695 F.2d 17 (1st Cir. 1982).  In reality, *In re the Justices* held "a court should not enjoin judges *from applying statutes* when complete relief can be afforded" by enjoining other parties, because "it is ordinarily presumed that judges will comply with a declaration *of a statute's unconstitutionality* without further compulsion."  *Wolfe*, 392 F.3d at 366 (citing *In re the Justices*, 695 F.2d at 23) (emphasis added).  As it pertains to Greene, the constitutionality of the VJRA or any other statute is not at issue in this case; at issue with regard to Greene is his management of the CAVC.  In *Wolfe*, the Ninth Circuit dismissed judges sued in their judicial capacities partly on the theory that complete relief could be afforded due to the claims remaining against the Chief Supreme Court Justice in his administrative capacity.  *Id*.  Greene is the only judicial officer presently in this suit.  If the constitutional claims against him were dismissed, there would be no other means to ensure the constitutionality of CAVC operations.

[2] For example, this Court could require Greene to increase the number of recalled judges from retirement or clerical staff, in order to efficiently process CAVC claims.  Greene could also consider the matter of efficient resource use at the next conference of CAVC judges he is required to hold each year.

[3] The doctrine of judicial immunity is to be narrowly construed so as not to bar more than for which it is intended to protect judicial decision makers.  *Antoine*, 508 U.S. at 432 n.4  ("We have consistently emphasized that the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question. … We have been quite sparing in our recognition of absolute immunity and have refused to extend it any further than its justification would warrant.") (citation omitted).

Plaintiffs seek relief against Greene in his judicial capacity, judicial immunity does not bar these claims against Greene because Plaintiffs seek only declaratory and injunctive relief.

Any argument that judicial immunity bars suits for injunctive and declaratory relief against judicial officers is premised on a misreading of the controlling case law.  In *Mullis v. U.S. Bankruptcy Ct. for the District of Nevada*, the Ninth Circuit interpreted the Supreme Court's holding in *Pulliam* to only apply to claims against state officers under 42 U.S.C. § 1983.  828 F.2d 1385, 1391 (9th Cir. 1987).  The Ninth Circuit went on to hold that when a federal official sued in a *Bivens* action can assert judicial immunity from damages, that immunity will also bar declaratory and injunctive relief.  *Id*. at 1394, *see also*, *Moore v. Brewster*, 96 F.3d 1240, (9th Cir. 1996) (citing *Mullis* for the proposition that federal judicial officers in a *Bivens* action are judicially immune from damages, and therefore also immune from declaratory and injunctive relief), *Bayliss v. Madden*, 204 F.Supp. 2d 1285, 1290 (D. Or. 2001) (recognizing that *Mullis* is limited only to *Bivens* actions); *Felix v. Redmond*, 2002 U.S. Dist. LEXIS 2012, *4 n.3 (N.D. Cal. 2002) (same).

Plaintiffs do not plead a *Bivens* action against Greene; therefore, *Mullis* does not bar injunctive or declaratory relief against him.  In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court held a private citizen could seek damages against federal officials in their individual capacities for constitutional violations.  403 U.S. 388 (1971); *Consejo v. De Desarrollo Economico de Mexicali, A.C. v. U.S.*, 482 F.3d 1157, 1173 (9th Cir. 2007) (citation omitted) ("*Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities.  In a paradigmatic *Bivens* action, a plaintiff seeks to impose personal liability upon a federal official based on alleged constitutional infringements he or she committed against the plaintiff.").  Plaintiffs do not seek damages against Greene, nor do they sue him in his individual capacity, therefore this action is not brought under *Bivens*.[4]  Injunctive and declaratory relief are appropriate remedies against Greene.

---

[4] As discussed in Plaintiffs' Opposition to Defendants' Motion to Dismiss Defendants Greene and Mukasey, sovereign immunity does not bar this action against Greene alleging unconstitutional acts. *See Washington v. Udall*, 417 F.2d 1310, 1314 (9th Cir. 1969).  Defendants argue inconsistent points: one the one hand, Greene is not an agency official, therefore 702 does not provide necessary waiver of sovereign immunity; on the other hand, the amendment to § 702 trumps the common-law exception to sovereign immunity.  Plaintiffs' argument concerning the common-law exception to
(Footnote continues on next page.)

Even if Plaintiffs' claims against Greene were considered under *Bivens*, Congress has specifically authorized declaratory relief against judicial officers. In 1996 — nine years after the Ninth Circuit's decision in *Mullis*, Congress enacted the Federal Courts Improvement Act, which amended § 1983 to provide that injunctive relief shall not be granted against a judicial officer acting in his judicial capacity unless a declaratory decree was violated *or declaratory relief was unavailable*. Pub. L. No. 104-317, 110 Stat. 3847 (1996) (emphasis added). Federal courts incorporate § 1983 law into *Bivens* actions, *Butz v. Economou et al.*, 438 U.S. 478, 503-04 (1978); therefore, the availability of declaratory relief against state judicial officials under § 1983 allows the same relief against federal judicial officials in *Bivens* actions. *Johnson v. McCuskey*, 72 Fed. Appx. 475, 475 (7th Cir. 2003) ("[T]he amendment to § 1983 limits the type of relief available to plaintiffs who sue [state and federal] judges to declaratory relief."); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (same).

Absolute judicial immunity is to be sparingly applied, *Antoine*, 508 U.S. at 432 n.4, and where, as here, there are viable paths for relief against Greene and no other recourse for unconstitutional delay at the appellate level, it should not be used to insulate the constitutional violations perpetrated against veterans waiting on an ever-growing appellate backlog.

**II.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order denying the Motion to Dismiss Greene, or, in the alternative, grant Plaintiffs leave to amend the Complaint.

Dated: March 10, 2008    MORRISON & FOERSTER LLP

By:   /s/ Heather A. Moser
      Heather A. Moser
      [HMoser@mofo.com]

Attorneys for Plaintiffs

---

(Footnote continued from previous page.)

sovereign immunity does not concern the application of § 702. For, if as Defendants argue, the CAVC is not an agency under the APA and Greene is not an agency official, then any amendment to § 702 has no bearing on whether sovereign immunity bars these claims against Greene and the constitutional exception controls regardless.