GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

**[see next page for additional counsel for Plaintiffs]**

Attorneys for Plaintiffs
VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.   C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' DESIGNATION OF DOCUMENTS AND DEPOSITIONS** <br><br> Complaint Filed July 23, 2007 |

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

Pursuant to the Court's order, and based upon the limited discovery and information presently known, Plaintiffs VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC. hereby submit the following proposed list of depositions and documents.

**I.   DOCUMENTS TO BE PRODUCED IN ADVANCE OF TRIAL**

In October, Plaintiffs served the first of a series of three sets of document requests to Defendants.[1] Plaintiffs propose that Defendants begin immediate production of the following targeted materials (to be produced on a rolling basis and completed no later than March 24, 2008) that are subsumed by broader pending document requests[2]:

   **A.   Health Care Issues (Veterans Health Administration)**

- All Incident reports and/or incident briefs prepared following a veteran suicide or attempted suicide from 2005 to the present, including without limitation those described by Dr. Cross in his testimony, and any compilations or reports regarding such data.

- Information stored in the suicide tracking database described on pages 44-45 of the VA OIG Report 06-03706-126, Healthcare Inspection: Implementing VHA's Mental Health Strategic Plan Initiatives for Suicide Prevention, as described during the testimony of Dr. Cross.

- VHA training manuals and/or materials, policies, and procedures related to the provision of medical care at VHA Medical Centers, CBOCs, Vet Centers and/or other health care facilities, including but not limited to policies and/or procedures by which patients who

---

[1] The documents Defendants have produced did not comply with acceptable practice under the Federal Rules governing electronic discovery. Instead, Defendants produced the documents as large .pdfs stripped of any metadata or capacity to text search. Also, Defendants refused to provide source logs for the documents and later made foundation objections at trial. Going forward, the production should be text searchable and include relevant metadata showing the source from which the documents were collected and, if such metadata is not available, a written log of the sources for the individual documents. *See Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F.Supp. 2d 1121, 1122 (N.D. Cal. 2006) (quoting *In re: Verisign, Inc. Securities Litigation*, 2004 U.S. Dist. LEXIS 22467, at *1 (N.D. Cal. March 10, 2004) ("the electronic version must include metadata as well as be searchable").

[2] Plaintiffs do not waive their entitlement to other documents sought in the outstanding requests.

1 present to any VHA medical facility with medical or psychiatric issues are screened to
2 determine whether they are in need of emergent or urgent care.

- All suicide data underlying the Han Kang study of suicide among OEF/OIF veterans, as described by Dr. Cross.

- Data compilations, memos, or reports or other communications compiling VHA statistics regarding suicides or attempted suicides for fiscal years 2003 to present, including without limitation all data resembling VA003-00001459-VA003-00001463, VA003-00001488-VA003-00001491, VA000027-VA000034, or VA000001-VA000002.

- The most recent Veterans Health Administration Monthly Performance Reviews, such as those described in the testimony of Dr. Cross, including those from October 2007 to present.

- The most recent Long Journey Home Reports on the Treatment of Post Traumatic Stress Disorder in the Department of Veterans Affairs, including those for fiscal years 2006 to present, including the fiscal year 2007 report due out in March, 2008, and any drafts or underlying data compilations relating to these reports.

- The latest series of National Mental Health Performance Monitoring System Final Reports, including those for fiscal years 2005 to present.

- The VA study entitled "Barriers and Facilitators to Treatment-Seeking for PTSD," the existence of which was testified to by Dr. Cross in the April 12, 2007 Senate Hearing to Receive Testimony on the Departments of Defense and Veterans Affairs Disability Rating Systems and Transition of Service members from the Department of Defense to the Department of Veterans Affairs, and any data underlying that report.

- Studies, reports or data regarding workload by type of mental health professional, including workload per psychiatrist and workload per psychologist.

- Documents[3] and communications regarding Suicide Prevention Coordinator conference calls, reports, or meetings, as described by Dr. Zeiss in her testimony.

---

[3] "Document" shall be defined as set forth in Federal Rule of Civil Procedure 34(a)(1)(A).

1  - Quarterly Reports by Dr. Han Kang regarding OEF/OIF separated veterans who have
2    sought care at VA, as described by Dr. Zeiss in her testimony.
3  - Outpatient patient satisfaction survey data and reports for FY 2006 to present.
4  - "Secret Shopper" data and/or reports as described by Dr. Zeiss in her testimony.
5  - Data and/or reports related to the tracking or monitoring of patient complaints at VA
6    medical facilities, and the resolution of such complaints.
7  - Communications regarding the CBS study on veteran suicides.
8  - Reports regarding the suicide hotline as discussed in the testimony of Dr. Zeiss.
9  - Office of Policy and Procedure quarterly reports on suicides as discussed by Dr. Zeiss.
10 - All data for 2007 to present regarding electronic waitlists and/or patient waiting times,
11   including printouts of such data by VISN, as described by Dr. Murawsky in his testimony.
12 - All data or reports generated by the Northeast Program Evaluation Center regarding
13   suicide, PTSD or mental health care.
14 - Any written protocols or guidelines provided to intake staff or appointment schedulers
15   regarding how to deal with veterans who are suicidal or are in distress, whether at the
16   facility or national level.
17 - All information and data gathered in the CPRS Suicide Data Base being ported nationally
18   by Center of Excellence at Canandaigua, NY, for fiscal years 2005 to present, and any
19   draft or final report regarding the CPRS project, or the data gathered from that system.
20 - All materials, correspondence, data and/or reports regarding the creation of a "suicide
21   flag" for "at-risk" individuals as described by Dr. Zeiss in her testimony.
22 - All data, reports or draft reports regarding the Uniform Mental Health Package identified
23   by Dr. Katz in his testimony.
24 - All data and/or reports, including but not limited to spreadsheets, regarding veteran
25   suicides by geographic region, as identified by Dr. Katz in this testimony, including but
26   not limited to the data and/or reports relied upon to identify suicide "hot spots."
27 - All SMITREC (Serious Mental Illness Treatment Research and Evaluation Center) data
28   and/or reports regarding veteran suicide rates, including but not limited to the reports

   reflecting suicide rates by VHA facility and/or VISN as described by Dr. Katz in his testimony.

- All policies, procedures, practices and or/directives regarding VHA's Patient Advocacy program, including but not limited to Patient Advocate handbooks and/or training materials.

- For 2006 to the present, any documents related to, summarizing or assessing the site visits to VA medical facilities, including but not limited to the visits to Los Angeles and Philadelphia as described in the testimony of Dr. Zeiss.

**B.     Benefits Issues (Veterans Benefits Administration)**

- Data and/or reports regarding delays or timing in the adjudication of claims for benefits and/or service-connection at the regional office level, the BVA, and CAVC.

- Training manuals and all operating procedures, policies or protocols regarding the medical reviews relating to service-connection determinations in the adjudication process.

- Data compilations or reports regarding average claims processing times at the regional office level, at the BVA and at CAVC.

- Protocols and procedures for the exchange of information between the VBA and the VHA concerning veterans filing SCDDC claims based on PTSD.

- Documents concerning the criteria for the award of incentive bonuses to VA employees and productivity or performance goals, standards, data and reports.

- Documents concerning denial of a SCDDC claim based upon the claimant's failure to provide information requested by the VA within a specified time period, and any patterns or examples of abuse of any such procedure.

- Documents concerning the institution or conduct of special or supplemental reviews of SCDDC claims by the VA Central Office, including reviews of approvals of grant or denial or service connection for PTSD or TDIU, "second signature" requirements, or special review or prior grants for service connection.

1
2
3
- Documents concerning any analysis of possible measures to reduce VA budget outlays for SCDDC claims, including re-review of previously granted SCDDC or PTSD claims, and changes in eligibility, substantive requirements or rating criteria.

4
5
6
7
8
- Documents concerning rules, practices, regulations or guidelines concerning how the VA addresses conflicting diagnoses or opinions between doctors or medical personnel treating a veteran on the VHA side, and doctors or medical personnel employed in the adjudication process to determine service-connection regarding a diagnosis of a mental disorder, including PTSD.

9
10
- Documents concerning standards, requirements and time frames for the conduct of a Compensation & Pension Service examinations for mental health conditions.

11
12
13
- Documents concerning shortcomings, deficiencies, problems or comments concerning the Rating Guide, the underrating of PTSD claims, and/or application of the Rating Guide to PTSD claims.

14
15
16
- Documents concerning time frames and/or delays for obtaining stressor verification information regarding PTSD claims such as deck logs from the Naval Historical Society or military records from the Armed Services or other repositories.

17
18
- Documents concerning data and information concerning PTSD claims and/or claimants or recipients as stored in the VETSNET computer system.

19
20
21
- Documents concerning allegations, statements, reports, charges or discussions of whether or not the VA applies or has claim processing quotas for adjudication personnel or quotas or other limitations upon the grant of SCDDC for PTSD or other disabilities or conditions.

22
23
- Documents concerning policies, definitions, procedures, applications, decisions and communications concerning extraordinary claims reviews or processes.

24
25
26
27
- Documents or reports concerning VA's investigation of all claims by veterans alleging the alteration of VA medical records by employees of the DVA, including, without limitation, using VistA, the Compensation and Pension Record Interchange ("CAPRI"), or the Shadow Medical File System.

28

- VA Fast Letters, directives, or circulars distributed or issued between 2000 and the present, including but not limited to the August 27, 2007 C&P Service "Fast Letter" 07-19 regarding Procedures for Handling Extraordinary Awards.
- The complete investigation and prosecution files of all VA employees known or suspected to have tampered with or destroyed documents in VA claim files and any reports or summaries of such investigations or practices.
- Documents concerning Compensation and Pension Service site visits to and audits of VA Regional offices from Fiscal Year 2006 to the present, including but not limited to the STAR reports.
- Documents concerning VA's implementation or enforcement of CAVC decisions, including but not limited to the CAVC's decision in Turk v. Peake, No. 06-0069 (Jan. 31, 2008), relating to whether VA medical examiners can make judgments about whether the a veteran was subject to a stressor.
- Documents Concerning VA investigations and reports regarding the underrating of SCDDC claims.
- Documents concerning investigations or audits of patterns and practices of premature denials of PTSD or SCDDC claims, and of patterns and practices of each of the Challenged Procedures as defined in the Complaint.

**C.     General**

- All documents Defendants have already gathered in response to Plaintiffs' three pending sets of document requests.
- All documents Defendants plan to use as exhibits at trial.

## II. MINIMUM PARTY DEPOSITIONS NECESSARY FOR TRIAL

Without having sent the relevant documents, Plaintiffs cannot give a definitive list of party deponents. However, based on the knowledge to date and subject to adjustment once the documents are produced, Plaintiffs propose the following party witnesses. Plaintiffs request that depositions begin immediately and that Defendants produce the documents pertinent to the noticed depositions a week in advance of the scheduled deposition date.[4]

### A. Medical Issues (VHA)

- **William Feeley**, Deputy Under Secretary for Health for Operations and Management, U.S. Department of Veterans Affairs.
- **Robert Rosenheck, M.D.**, Director, Northeast Program Evaluation Center
- **Marcus Nemuth, M.D.**, Director, Psychiatry Emergency Service, VA Puget Sound Health Care System
- **Frances M. Murphy, M.D.**, Former Deputy Under Secretary for Health Policy Coordination
- **Larry Dewey, M.D.**, Chief Psychiatry Service, VA Medical Center, Boise, Idaho

**VA's Person Most Knowledgeable on the following topics, under Rule 30(b)(6):**

- All VA policies, procedures and practices that inform the treatment of veterans with mental health issues, including but not limited to suicidal veterans and veterans suffering from PTSD.
- The results of VA's "secret shopper" program.
- Calculation of appointment wait times for both new and existing VA patients based on "desired dates" in VA's VistA program.
- VHA's electronic waiting lists and the policies and procedures for creation and maintenance of patient waiting lists.

---

[4] Plaintiffs reserve the right to issue third-party subpoenas for deposition or the production of documents.

- Tracking of VA suicide data and incident reports related to suicides and attempted suicides
- VA customer and/or patient satisfaction surveys
- Operation of VA's patient advocacy system.

**B.   Adjudication Issues (VBA)**

- **Daniel Cooper,** Under Secretary for Benefits, Veterans Benefits Administration, U.S. Department of Veterans Affairs.
- **Bradley Mayes**, Director, Compensations & Pension Service, U.S. Department of Veterans Affairs.
- **Tom Pamprin,** Deputy Director for Policy and Procedures, Veterans Benefits Administration, U.S. Department of Veterans Affairs.
- **Ronald Aument**, former Deputy Under Secretary for Benefits, U.S. Department of Veterans Affairs.
- **Jack McCoy**, Former Associate Deputy Under Secretary for Benefits, Veterans Benefits Administration, U.S. Department of Veterans Affairs.

**VA's Person Most Knowledgeable on the following topics, under Rule 30(b)(6):**

- VA's incentive compensation system and any investigations of VA employees known or suspected to have tampered with or destroyed any document or portion of a veteran's claim file;
- VA Central Office's supervision, statistical analysis of, or monitoring of grants of service connection for PTSD and appeals of PTSD grant decisions or requests for increased ratings at its regional offices and all actions taken with respect to regional offices exhibiting higher than average grant rates or any perceived statistical abnormalities; and
- The methods of calculation of the times SCDDC claims are pending at each stage of the proceeding from regional office level through Federal Circuit, the actual amount of times those claims have been pending at each level, and the grant rates for those claims.

Plaintiffs reserve the right to submit additional testimony through declarations. At least ten days in advance of the depositions, Plaintiffs further request that the deponent produce copies of all documents responsive to each document request served by Plaintiffs in this action which are found in each deponent's working files, computer work stations, or other personal files, to the extent they have not been identified and produced previously as part of Defendants' production.

### III.  NARROWING OF CLAIMS FOR TRIAL

Plaintiffs have determined that it is not possible to conduct the discovery and present evidence on their personality disorder discharge claims, together with the discovery and presentation of evidence on their other claims, within the time frames ordered by the Court. Therefore, Plaintiffs request the Court to dismiss the personality disorder discharge claims without prejudice.

Dated: March 10, 2008

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
STACEY M. SRENKEL
MORRISON & FOERSTER LLP


By:  /s/ Gordon P. Erspamer
     Gordon P. Erspamer

     Attorneys for Plaintiffs