JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
JAMES SCHWARTZ D.C. Bar No. 468625
KYLE R. FREENY California Bar No. 247857
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 305-0693
Facsimile:  (202) 616-8460
Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH,<br><br>            Plaintiffs,<br><br>    v.<br><br>Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*,<br><br>            Defendants.<br>_____ | No. C 07-3758-SC<br><br>**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS** |

**PROPOUNDING PARTY: SECRETARY OF VETERANS' AFFAIRS,** *et al.*

**RESPONDING PARTY: VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC.**

SET NUMBER: ONE

   Pursuant to Federal Rule of Civil Procedure 34, defendants, the Secretary of Veterans Affairs, et al, request that each of the named plaintiffs (Veterans for Common Sense and Veterans United for Truth, Inc.) separately produce for inspection and copying the documents

and things set forth below that are in its possession, custody or control or in the possession, custody or control of its attorneys or accountants, its investigators and any persons acting on their behalf at the offices of the Civil Division, United States Department of Justice, 20 Massachusetts Ave., N.W., Washington, D.D. 20530, within 30 days.

1.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "the process for deciding whether a veteran is suffering from a service-connected disability and then assigning a disability rating for a veteran's disability compensation , is unnecessarily complicated and extremely lengthy, containing numerous pitfalls for the unwary." (Complaint ¶ 13).

1.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

2.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "The VA has also failed to keep adequate statistics on critical questions essential to the care of wounded veterans, such as suicide information, prevalence of PTSD among OEF/OIF veterans, emergence of PTSP after discharge, and data on the health care needs of National Guard and Reserve troops returning for combat." (Complaint ¶ 19).

2.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

3.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "Various impingements of the constitutional rights of veterans... have caused or enabled this pattern of illegal, abusive, and extra-judicial actions toward veterans to flourish, without even the semblance of a meaningful remedy under the VJRA or related statutes." (Complaint ¶ 20).

3.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

4.a. Produce any and all documents supporting, proving or making more probable than

1  not, plaintiffs' assertion, in Plaintiffs' Proposed Order Granting Injunctive Relief (D.E. 166)

2  ("Order") that "Delaying claim development and decision at the regional office level and

3  decisions upon appeal on a systemic basis, has resulted in protracted delays in the final

4  decisions." Id. at 4.a

5     4.b. Produce any and all documents that are inconsistent with, would disprove or make

6  less probable than not, plaintiffs' assertion, in their Order quoted in subparagraph (a) of this

7  Request for Production of Documents.

8     5.a. Produce any and all documents supporting, proving or making more probable than

9  not, plaintiffs' assertion, in their Complaint, that the VA illegally practices "destruction,

10 alteration or doctoring of records in veterans' claim files by VA employees." (Complaint ¶

11 31(b)).

12    5.b. Produce any and all documents that are inconsistent with, would disprove or make

13 less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this

14 Request for Production of Documents.

15    6.a. Produce any and all documents supporting, proving or making more probable than

16 not, plaintiffs' assertion, in their Complaint, that the VA illegally practices "premature denial of

17 PTSD and other SCDDC claims before required initial claim development has been completed,

18 again for the express purpose of enabling VA employees to manufacture work credits and "earn"

19 additional incentive compensation" (Complaint ¶ 31(c).

20    6.b. Produce any and all documents that are inconsistent with, would disprove or make

21 less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this

22 Request for Production of Documents.

23    7.a. Produce any and all documents supporting, proving or making more probable than

24 not, plaintiffs' assertion, in their Order, that plaintiffs and their members have been harmed by

25 "The issuance of directives, circular and 'fast letters' directing or encouraging outcomes in

26 specific categories of cases, including the VA's extraordinary awards procedure, and disability

27 awards for Total Disability Based Upon Individual Unemployability." Order ¶ 4.b.i.

28    7.b. Produce any and all documents that are inconsistent with, would disprove or make

1 less probable than not, plaintiffs' assertion, in their Order quoted in subparagraph (a) of this
2 Request for Production of Documents.

3     8.a. Produce any and all documents supporting, proving or making more probable than
4 not, plaintiffs' assertion, in their Complaint, that "many do not get a comprehensive exam for six
5 months to a year after they separate from the military and many are not notified of their treatment
6 needs for another year, giving them little time to access the free health care." (Complaint ¶ 92).

7     8.b. Produce any and all documents that are inconsistent with, would disprove or make
8 less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this
9 Request for Production of Documents.

10     9.a. Produce any and all documents supporting, proving or making more probable than
11 not, plaintiffs' assertion, in their Complaint, that "The Fee Prohibition has virtually eliminated
12 the ability of Class Members to obtain the services of lawyers and has compromised their ability
13 to prosecute their PTSD claim successfully." (Complaint ¶ 97).

14     9.b. Produce any and all documents that are inconsistent with, would disprove or make
15 less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this
16 Request for Production of Documents.

17     10.a. Produce any and all documents supporting, proving or making more probable than
18 not, plaintiffs' assertion, in their Complaint, that "The Clinician's Guide provisions regarding
19 PTSD express a far stricter standard of proof than that contained in the VA Regulations, and
20 require data and information that is not available to veterans without discovery." (Complaint ¶
21 113).

22     10.b. Produce any and all documents that are inconsistent with, would disprove or make
23 less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this
24 Request for Production of Documents.

25     11.a. Produce any and all documents supporting, proving or making more probable than
26 not, the assertion that plaintiffs and their members have been harmed by "The threatened
27 institution of any requirement for a second signature or approval by a VA Central Office official
28 in Washington, DC, for (sic) before a grant of service-connection by a regional office for any

claim or type of claim, including PTSD claim." Order 4.b.ii.

11.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Order quoted in subparagraph (a) of this Request for Production of Documents.

12.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Order, that "The VA has failed to provide timely care to Veterans in violation of Section 1710." Order ¶ C.1.

12.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Order quoted in subparagraph (a) of this Request for Production of Documents.

13.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "This bar [on the issuance of subpoenas] precludes the veteran from presenting testimony regarding VA misconduct or other irregularities in the decision-making process below." (Complaint ¶ 125).

13.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

14.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "No procedures exist for judicial consideration of claims that depend upon facts or events not reflected in a veteran's claim file, including the Challenged VA Practices or any claims based upon a pattern and practice of unlawful VA behavior." (Complaint ¶ 133).

14.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

15.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "The VA's incentive compensation system for employees encourages the "churning" or recycling of claims, enabling employees to a accumulate

1 more work credits and bonuses." (Complaint ¶ 148(c).

15.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

16.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "The recycling of claims is accomplished by prematurely issuing denials without completing the required development steps, failing to take evidence-gathering steps or arrange for examinations known to be grounds for remands from the BVA or CAVC, and various other manipulative methods or techniques." (Complaint ¶ 148(c).

16.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

17.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "The amount of time it takes the VA to process an SCDDC claim compares unfavorable with the private sector health care/financial services industry, which processes thirty billion claims annually in an average of 89.5 days per claim, including the time required for resolution of disputed claims." (Complaint ¶ 160).

17.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

18.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "Defendants have failed to conduct effective psychological screening of troops who return from combat zones to identify those military personnel who are at great risk for suicide- those who are vulnerable to PTSD, have been exposed to extreme stressors, or who self-medicate with alcohol or drugs" (Complaint ¶ 173).

18.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

19.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "The VASRD is hopelessly outdated. It has not been adequately updated to reflect the current state of science, medicine, technology, or labor market conditions." (Complaint ¶ 174).

19.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

20.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "There is also considerable variability among examiners in how mental health percentage ratings are determined; the same person with the same symptoms applying in different settings can easily receive different amounts of SCDDC." (Complaint ¶ 176).

20.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

21.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "The VA disability system, which is built around the concept of separate evaluation and compensation for each diagnosed service-connected disorder, is also unsuitable for dealing with the high rate of comorbidity of PTSD and other mental disorders." (Complaint ¶ 181).

21.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

22.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "The VA's adjudication of PTSD claim results in a disproportionate number of errors compared to other types of claims." (Complaint ¶ 183).

22.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this

1  Request for Production of Documents.

2  23.a. Produce any and all documents supporting, proving or making more probable than
3  not, plaintiffs' assertion, in their Complaint, that "At least two VA facilities closed PTSD
4  programs without authorization in fiscal year 2003." (Complaint ¶ 189).

5  23.b. Produce any and all documents that are inconsistent with, would disprove or make
6  less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this
7  Request for Production of Documents.

8  24.a. Produce any and all documents supporting, proving or making more probable than
9  not, plaintiffs' assertion, in their Complaint, that "The procedures for filing a disability benefits
10  claim and appeal are particularly burdensome to veterans with PTSD because the nature of their
11  disorder makes is difficult to provide the information required by the VA and to comply with the
12  VA's many timelines and complex steps." (Complaint ¶ 203).

13  24.b. Produce any and all documents that are inconsistent with, would disprove or make
14  less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this
15  Request for Production of Documents.

16  25.a. Produce any and all documents supporting, proving or making more probable than
17  not, plaintiffs' assertion, in their Complaint, that "The Department of Veterans Affairs Central
18  Office ("Central Office") has unfairly and improperly interfered with disability determinations by
19  adopting unpublished policies and procedures intended to decrease the number of recipients
20  receiving SCDDC based upon TDIU, including recipients whose claims are base on PTSD, and
21  discouraging new TDIU awards.  VA actions include: (1) the institution of "special reviews" of
22  past grants of SCDDC based upon TDIU; (2) adoption of internal rules prohibiting assistance to
23  veterans seeking SCDDC based upon TDIU; (3) requirement of mandatory Central Office review
24  of TDIU grants by regional offices; and (4) implementation of compensation policies that create
25  incentives for aberrant adjudication practices." (Complaint ¶ 223).

26  25.b. Produce any and all documents that are inconsistent with, would disprove or make
27  less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this
28  Request for Production of Documents.

26.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "The VA also issued, but did not publish, rules that prohibited personnel from assisting veterans with the development of their claims, included unpublished instructions that "individual unemployability [claims were] not to be inferred," and that personnel should send a copy of the required form for a TDIU claim to the veteran if "there is a strong likelihood that the veteran may be entitled to this benefit." (Complaint ¶ 225).

26.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

27.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "Beginning in approximately 2005, the VA again began instituting a series of measures designed and calculated to reduce both the number of grants of service connection for PTSD and the assigned ratings for PTSD claims." (Complaint ¶ 226).

27.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this Request for Production of Documents.

28.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Order, that "The absence of a mechanism for expedited relief at the regional offices" of VA deprives plaintiffs of their right to liberty and property under the 5th Amendment. Order ¶ 2.e.

28.b. Produce any and all documents that are inconsistent with, would disprove or make less probable than not, plaintiffs' assertion, in their Order quoted in subparagraph (a) of this Request for Production of Documents.

29.a. Produce any and all documents supporting, proving or making more probable than not, plaintiffs' assertion, in their Complaint, that "VA employees have developed and perfected a number of administrative schemes designed to exploit the system of incentive compensation and artificially enhance their productivity statistics. One of the most common abuses is to

1  prematurely issue a denial decision before the required factual development for a claim is
2  initiated or completed; a second work credit can be garnered if the claim is reopened by the
3  veteran, or if an appeal results in a remand for further development.  Other abuses include the
4  removal of medical examination reports from claims files, physical alteration of claim files,
5  doctoring of transcripts, and a wide assortment of other improper actions." (Complaint ¶ 228).

6       29.b. Produce any and all documents that are inconsistent with, would disprove or make
7  less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this
8  Request for Production of Documents.

9       30.a. Produce any and all documents supporting, proving or making more probable than
10 not, plaintiffs' assertion, in their Complaint, that "The fraudulent and wrongful use of the VA's
11 work credit system at the expense of veterans has become serious and widespread." (Complaint ¶
12 230).

13      30.b. Produce any and all documents that are inconsistent with, would disprove or make
14 less probable than not, plaintiffs' assertion, in their Complaint quoted in subparagraph (a) of this
15 Request for Production of Documents.

18 Dated March 11, 2008

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director

**/s/ Daniel Bensing**
DANIEL BENSING D.C. Bar # 334268
JAMES SCHWARTZ D.C. Bar # 468625
KYLE R. FREENY California Bar #247857
Attorneys, U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044

Counsel for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28