

**U.S. Department of Justice**

Civil Division

---

*Washington, D.C. 20530*


March 11, 2008


The Honorable Samuel J. Conti
United States District Judge
Northern District of California
450 Golden Gate
San Francisco, Cal. 94102

    Re: <u>VCS v. Peake</u>, (C-07-3758-SC)

Dear Judge Conti:

    Defendants write to aid the Court by briefly identifying the substantive differences between plaintiffs' proposed document production order (D.E. 169) and defendants' proposed order, entered today (D.E. 170). More critically, defendants bring to the Court's attention the limitations on the ability of defendants, even with the assistance of a private litigation contractor, to produce the enormous volume of data plaintiffs have requested from VA's electronic databases in the time available before the April 21, 2008 trial.

    The Department of Veterans Affairs has set aside $ 5 million from its discretionary funds to retain the services of a litigation contractor, CACI, Inc., and so should be able to respond to all of plaintiffs' legitimate document production requests. Defendants' proposal – a rolling production from Friday March 21 through Thursday, April 17, is designed to provide plaintiffs with almost all, if not all, non-privileged documents responsive to their requests prior to the hearing.

A.    The Practical Limitations on Defendants' Ability to Produce Documents

    The most serious problem with the feasibility of responding to plaintiffs' requests in the time allotted is plaintiffs' repeated request for "all data" relating to certain subject matters. The VA maintains numerous electronic databases that contain an enormous volume of potentially relevant data and it is unrealistic to believe that VA can identify the portions of these databases that are relevant (in particular those relating to mental health care and claims), segregate out

-2-

responsive data, and then translate or transfer that data to a format usable by the parties' counsel in the time available. In addition, the overwhelming majority of this data relates to individual claim files, which are not relevant to this action. Consequently, defendants' Proposed Order limits production to reports, studies and data compilations, i.e. discrete documents presenting data from VA's databases. Counsel for the parties have discussed this issue and will continue to do so.

A second difficulty is the feasibility of plaintiffs' requests that electronically-stored information be produced in plaintiffs' preferred electronic format. Electronic documents may contain hundreds if not thousands of pieces of metadata, including information about the file size, date of creation, last date a file was printed, and other properties of the data. See Sedona Principles: Best Practices and Recommendations for Addressing Electronic Document Production 3 (2d ed. 2007). This information is notoriously unreliable, see id. at 4. In addition to being incredibly burdensome to produce, metadata is in most cases "of limited evidentiary value, and reviewing it can waste litigation resources." Wyeth v. Impax Labs., Inc., 2006 U.S. Dist. LEXIS 79761, at *4 (D. Del. 2006); see also Ky. Speedway, LLC v. NASCAR, Inc., 2006 U.S. Dist. LEXIS 920, at *23 (D. Ky. Dec. 18, 2006) ("In most cases and for most documents, metadata does not provide relevant information.").

Defendants will attempt, at the outset of this document production, to produce documents in TIFF images (of electronic documents) with Concordance load files (permitting some degree of computerized search of the documents produced). Defendants cannot agree to produce all of the twenty-nine electronically-searchable data fields requested by plaintiffs in their letter of October 10, 2007, as this information may not be available or able to be extracted automatically from produced documents. Instead, defendants will produce – along with the TIFF images – electronic load files permitting, to the extent feasible, documents to be searched by: available and unprivileged metadata that can be extracted automatically, and machine-generated full text.

B.     Plaintiffs Have Expanded Their Document Request Beyond What Was Sought Last Week

1. At the close of the hearing on March 5, 2008, the Court invited plaintiffs to provide a list of the categories of documents that they needed from defendants so that the Court could resolve document production issues. On the morning of March 6, 2008, plaintiffs provided "Plaintiffs' Designation of Documents and Depositions" to counsel for defendants in Court,[1] and represented that this reflected all of the documents that plaintiffs needed, subject only to the right to request additional documents identified in the testimony of defendants' witnesses on March 6, 2008. Defendants' proposed order includes 27 of 28 categories of documents contained on

---

[1]Attached. Defendants' counsel have hand numbered the 27 bullet points identifying categories of documents to correspond to the numbered paragraphs in defendants' Proposed Order Establishing Discovery Obligations listing categories of documents to be produced. D.E. 170.

-3-

plaintiffs' March 6, 2008 submission,[2] as well as three additional areas discussed by Dr. Katz in his testimony on March 6.

Without seeking permission, or even acknowledging that they had done so, however, plaintiffs also added 22 new categories of documents in their Proposed Order.  D.E. 169 at 4-6. Because these new requests are far beyond what the parties and the Court discussed last Thursday, defendants have not included these new categories of material in their Proposed Order.  Similarly, plaintiffs asked to take 11 depositions in their March 6 Designation, but now identify 18 deposition in their March 10 Proposed Order.  Defendants' Proposed Order limits plaintiffs to eleven depositions.

     2.  Defendants' proposed Order limits production to documents dated after January 1, 2005, consistent with the Court's rulings, except where plaintiffs requested a later cut-off date.

     3.  Defendants have limited certain requests to information available at the national VA level, or the VISN level, and not documents maintained at every Medical Center due to the excessive burden of conducting a search of all local facilities.

     4.  Defendants' proposed order limits disclosure of "communications" to "substantive communications" to filter out insubstantial and irrelevant documents.

Finally, the "suicide tracking database," described in ¶ I.A.2 of defendants' Proposed Order was compiled in part from data obtained from the Centers for Disease Control and the City of New York pursuant to promises that the data produced would remain confidential. Defendants are investigating whether the Court's Protective Order provides a legal basis for disclosure of this material.

C.     Defendants' Discovery

Finally, defendants have added two provisions to the Order authorizing defendants to obtain discovery from plaintiffs.  Attached to the Order is Defendants' Request for Production of Documents (served today), and, pursuant to those requests, defendants' Proposed Order directs plaintiffs to produce non-privileged documents relating to 30 specific, quoted allegations in their complaint or proposed Injunction, on the same schedule and on the same terms that apply to defendants' document production.  Second, the proposed order authorizes defendants to take Rule 30(b)(6) depositions of the two plaintiff organizations as well as the deposition of the Executive Director of Veterans for Common Sense.  Defendants have met and conferred with plaintiffs about these two requests but counsel for plaintiffs has stated that plaintiffs are not yet in a position to represent whether they will object.

---

[2] Plaintiffs dropped one category listed in their March 6 profer from their March 10 filing "All data underlying the 'cheat sheets' used by Dr. Cross in his testimony."

–4–

     Should the Court desire additional information regarding either the **all data** point or on the **parameters of electronic data production**, defendants suggest that the Court hold a prompt telephonic hearing to resolve the issues.

                                      Sincerely,

                                        **Daniel Bensing**

                                      Daniel Bensing
                                      Senior Counsel
                                      Federal Programs Branch

cc:    Heather Moser
        Gordon Erspamer
        Sidney Wolinsky