GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

[see next page for additional counsel for Plaintiffs]

Attorneys for Plaintiffs
VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.   C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' DESIGNATION OF DOCUMENTS AND DEPOSITIONS** <br><br> Complaint Filed July 23, 2007 |

DOC. ABBREV. TITLE — CASE NO. C-07-3758-SC

sf-2478931

1  ADDITIONAL COUNSEL FOR PLAINTIFFS:

2  SIDNEY M. WOLINSKY (CA SBN 33716)
   SWolinsky@dralegal.org
3  JENNIFER WEISER BEZOZA (CA SBN 247548)
   JBezoza@dralegal.org
4  KATRINA KASEY CORBIT (CA SBN 237931)
   KCorbit@dralegal.org
5  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
6  Berkeley, California 94704-1204
   Telephone: 510.665.8644
7  Facsimile: 510.665.8511

8  BILL D. JANICKI (CA SBN 215960)
   WJanicki@mofo.com
9  MORRISON & FOERSTER LLP
   400 Capitol Mall, Suite 2600
10 Sacramento, California 95814
   Telephone: 916.448.3200
11 Facsimile: 916.448.3222

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOC. ABBREV. TITLE — CASE NO. C-07-3758-SC

sf-2478931

Pursuant to the Court's suggestion, Plaintiffs VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC. hereby submit the following list of depositions and documents necessary for the trial commencing April 21, 2007.

I. **DOCUMENTS TO BE PRODUCED IN ADVANCE OF TRIAL**

In October, Plaintiffs served the first of a series of three sets of document requests to Defendants. Up to and including through trial, Defendants have refused to produce[1] most of the documentation testified to by the witnesses during the preliminary injunction hearing. Plaintiffs propose that the protective order be resolved immediately and that Defendants begin immediate production of the following targeted materials that we previously covered by document requests:

- (1) Incident reports and/or incident briefs prepared following a veteran suicide or attempted suicide for 2003 to the present, such as those described today in the testimony of Dr. Cross, and any compilations or overviews of such data.

- (2) The suicide tracking database described on pages 44-45 of the VA OIG Report 06-03706-126, Healthcare Inspection: Implementing VHA's Mental Health Strategic Plan Initiatives for Suicide Prevention, as described during the testimony of Dr. Cross.

- (3) Any VHA training manuals or training programs, policies, procedures or any communications of these training materials, policies, or procedures to med centers, CBOCs, or Vet Centers or other health care facility. For example, VHA policies establishing procedures by which patients who present at a VA medical center, CBOC, Vet Center, or other health care facility, with medical or psychiatric problems are screened to determine whether they are in need of emergent or urgent care.

---

[1] The documents that Defendants did produce prior to and during the preliminary injunction hearing did not comply with acceptable practice under the Federal Rules governing electronic discovery. They were produced in large .pdfs stripped of any metadata or capacity to text search. Also, Defendants refused to up to and including through the preliminary injunction hearing provide any specific source log for the documents produced and then proceeded to make foundation objections at trial, despite that Plaintiffs had specifically asked for the source data to avoid such objections. Going forward, Plaintiffs expect production to comply with the requirements set forth in Plaintiffs' letter of October 11, 2007, including the metadata showing the source from which the documents were collected, and, if such metadata is not available, a written log of the sources for the individual documents.

DOC. ABBREV. TITLE — CASE NO. C-07-3758-SC                1
sf-2478931

(4)
- Suicide data underlying the Han Kang study of suicide among OEF/OIF veterans, as described by Dr. Cross.

(5)
- Any data compilations, memos, or reports or other communications compiling VHA statistics regarding suicides or attempted suicides for fiscal years 2003 to present, including without limitation all data resembling VA003-00001459-VA003-00001463, VA003-00001488-VA003-00001491, VA000027-VA000034, or VA000001-VA000002.

(6)
- The most recent Veterans Health Administration Monthly Performance Reviews, such as those described in the testimony of Dr. Cross, including those from October 2007 to present.

(7)
- The most recent Long Journey Home Reports on the Treatment of Posttraumatic Stress Disorder in the Department of Veterans Affairs, including those for fiscal years 2006 to present, including fiscal year 2007 report due out in March, 2008, and any drafts or underlying data compilations relating to these reports.

(8)
- The latest National Mental Health Performance Monitoring System Final Reports, including those for fiscal years 2005 to present.

(9)
- A VA study entitled "Barriers and Facilitators to Treatment-Seeking for PTSD," the existence of which was testified to by Dr. Cross in the April 12, 2007 Senate Hearing to Receive Testimony on the Departments of Defense and Veterans Affairs Disability Rating Systems and Transition of Servicemembers from the Department of Defense to the Department of Veterans Affairs, and any underlying data for that report.

(10)
- Any studies, reports or data on workload by type of mental health professional, including workload per psychiatrist and workload per psychologist.

(11)
- All documents and communications regarding Suicide Prevention Coordinator conference calls, reports, or meetings, as described by Dr. Zeiss in her testimony.

(12)
- Quarterly Reports by Dr. Han Kang regarding OEF/OIF separated veterans who have sought care at VA, as described by Dr. Zeiss in her testimony.

(13)
- All outpatient patient satisfaction survey data and reports for FY 2006 to present.

(14)
- "Secret Shopper" data and reports as described by Dr. Zeiss in her testimony.

- (15) All Patient Advocate handbook or training materials.
- (16) All data regarding tracking or monitoring of the number of complaints at VA medical facilities, and the resolution of such complaints.
- (17) All summaries of the CBS study on veteran suicide.
- (18) All regular monthly reports regarding suicide hotline breakdowns, as discussed in the testimony of Dr. Zeiss.
- (19) All Office of Policy and Procedure quarterly reports on suicides as discussed by Dr. Zeiss.
- All data underlying the "cheat sheets" used by Dr. Cross during his testimony.
- (20) All data regarding electronic waitlists and/or patient waiting times, including printouts of such data by VISN, as described by Dr. Murawsky in his testimony.
- (21) All data or reports generated by the Northeast Program Evaluation Center regarding suicide, PTSD or mental health.
- (22) All data and/or reports regarding delays or timing in the adjudication of claims for benefits and/or service-connection at the regional office level, the BVA, and CAVC.
- (23) All training manuals and all operating procedures, policies or protocols regarding the medical reviews relating to service-connection determinations in the adjudication process.
- (24) All data compilations or reports regarding average claims processing times at the regional office level, at the BVA and at CAVC.
- (25) Any written protocols or guidelines provided to intake staff or appointment schedulers regarding how to deal with veterans who are suicidal or are in distress, whether at the facility level or from the national office.
- (26) All information and data gathered in the CPRS Suicide Data Base being ported nationally by Center of Excellence at Canandaigua, NY, for fiscal years 2005 to present, and any draft or final report regarding the CPRS project, or the data gathered from that system.
- (27) All materials, correspondence, data and/or reports regarding the creation of a "suicide flag" for "at-risk" individuals as described by Dr. Zeiss in her testimony.

II.     MINIMUM DEPOSITIONS NECESSARY FOR TRIAL

Without having sent the relevant documents, Plaintiffs cannot give a definitive list of deponents. However, based on the knowledge to date and subject to adjustment once the documents are produced, Plaintiffs propose the following witnesses, seven of whom have necessary information relevant to medical issues, and four of whom have necessary information relevant to adjudication issues.[2]

A. **Medical Issues (VHA)**
- **William Feeley**, Deputy Under Secretary for Health for Operations and Management, U.S. Department of Veterans Affairs.
- **Robert Rosenheck, M.D.**, Director, Northeast Program Evaluation Center
- **Marcus Nemuth, M.D.**, Director, Psychiatry Emergency Service, VA Puget Sound Health Care System
- VHA person most knowledgeable (PMK) regarding calculation of "desired dates" for VistA, patient wait times, and the electronic wait list.
- VHA person most knowledgeable (PMK) regarding tracking of VHA suicide data and incident reports related to suicides and attempted suicides.
- **Frances M. Murphy, M.D.**, Former Deputy Under Secretary for Health Policy Coordination
- **Larry Dewey, M.D.**, Chief Psychiatry Service, VA Medical Center, Boise, Idaho

B. **Adjudication Issues (VBA)**
- **Ronald Aument**, former Deputy Under Secretary for Benefits, U.S. Department of Veterans Affairs.
- **Daniel Cooper**, Under Secretary for Benefits, Veterans Benefits Administration, U.S. Department of Veterans Affairs.
- **Bradley Mayes**, Director, Compensations & Pension Service, U.S. Department of Veterans Affairs.

---

[2] On November 2, 2007, Plaintiffs noticed the depositions of 47 witnesses potentially relevant to this case. Several of the witnesses on this list were noticed for deposition. Plaintiffs will reissue individual deposition notices for the listed witnesses, however.

- **Jack McCoy**, Former Associate Deputy Under Secretary for Benefits, Veterans Benefits Administration, U.S. Department of Veterans Affairs.

Plaintiffs reserve the right to submit additional testimony through declarations. At least one week in advance of the depositions, Plaintiffs further request that the deponent produce copies of all documents responsive to each document request served by Plaintiffs in this action which are found in each deponent's working files, computer work stations, or other personal files, to the extent they have not been identified and produced previously as part of Defendants' production.

Dated: March 6, 2008

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
STACEY M. SPRENKEL
MORRISON & FOERSTER LLP


By: _____
     Gordon P. Erspamer

Attorneys for Plaintiffs