GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

**[see next page for additional counsel for Plaintiffs]**

Attorneys for Plaintiffs
VETERANS FOR COMMON SENSE and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.   C-07-3758-SC <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' LETTER OF MARCH 11** <br><br> Trial Set April 21, 2008 <br> Complaint Filed July 23, 2007 |

1 **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2 SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
3 JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
4 KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
5 DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
6 Berkeley, California 94704-1204
Telephone: 510.665.8644
7 Facsimile: 510.665.8511

Plaintiffs briefly respond to three[1] particular points raised in Defendants' March 11th letter to the Court and proposed order.  The 4-page letter was not authorized by the Court.

**Multiple Proposed Limitations on Discovery.**  Defendants' propose multiple limitations on discovery that would prejudice Plaintiffs.  For example, Defendants propose that the Court limit the policies and procedures to be produced to VISN-level and national-level policies.  (Proposed Order Establishing Discovery Obligations in Connection with April 21, 2008 Hearing, at I..3)  Defendants' own witness, Dr. Murawsky, testified that written policies to be followed regarding clinical appeals are *facility-level*:

> Q: "Does that policy that you would follow [VISN 12 Clinical Appeals process, D-537] include an immediate assessment to see if the veteran is in a safe environment?  Yes or no?"  A: "It would include an assessment to see whether the veteran is in a safe environment."  Q: "Show me where that is in your policy for your VISN."  "It's not in your policy, is it Doctor?"  A: "Not in the VISN policy.  **It's in the facility-level policies**."

[TR 714:23-715:9 (emphasis added)].  Defendants should either produce the policies their own witnesses claim govern the VA's mental health procedures, or an adverse inference should be drawn at trial that the facility-level policies do not exist or contain any statement of policy that would bind the VHA.  That is only one example, and Plaintiffs believe there may be other such examples.  Plaintiffs have already told defense counsel that they are willing to consider appropriate limitations to avoid unnecessary burden if those are so identified by Defendants and would not prejudice Plaintiffs.  However, the Court should not enter Defendants' proposed order alleviating Defendants of the burden of producing critical evidence to which their own witnesses testified on the stand.  Plaintiffs' requests are more complete, and the parties will work together to limit burden where appropriate.

---

[1] There are many other aspects of the March 11 letter with which Plaintiffs disagree but do not wish to burden the Court at this time.

**Number of Document Requests and Depositions.**  Until today, Defendants have not propounded any written discovery or asked the Court for any discovery.  Defendants now propose that the Court order Plaintiffs to respond to 60 document requests (30 requests, each with two subparts) and 10 depositions but at the same time Defendants object to Plaintiffs' 50 document requests and 12 depositions.  Plaintiffs are willing to respond to the discovery listed by Defendants as long as Defendants are willing to respond to the limited discovery Plaintiffs have sought.  Plaintiffs' requests are a small subset of the outstanding document requests and the minimum necessary for Plaintiffs to prepare for trial.  Defendants should have been working since October 2007 to respond to a much broader group of requests in number and scope, which have been pending for six months.  At a minimum, Defendants should have been diligently working on them since the Motion to Dismiss Order in early January.  Defendants were on notice of the importance of those requests, and that point is underscored by the prevalence of those documents in Defendants' exhibits and witness testimony.

**Timing of Requests.**  Plaintiffs' requested list contains only a handful of new requests on the VHA side, the subject of the preliminary injunction motion.  Those requests were gleaned from Defendants' witnesses' testimony almost exclusively after Plaintiffs drafted the statement to exchange with Defendants.  The remaining additional requests go to the adjudication process, which were not addressed in the preliminary injunction motion.

Dated: March 11, 2008

GORDON P. ERSPAMER
ARTURO J. GONZALEZ
HEATHER A. MOSER
STACEY M. SPRENKEL
MORRISON & FOERSTER LLP


By:    /s/ Gordon P. Esrpamer
      Gordon P. Erspamer

Attorneys for Plaintiffs

1  I, Heather Moser, am the ECF User whose ID and password are being used to file this Response to Defendants' Letter of March 11. In compliance with General Order 45, X.B., I hereby attest that Gordon P. Erspamer has concurred in this filing.

Dated: March 11, 2008                    MORRISON & FOERSTER LLP


                                          By:  /s/ Heather A. Moser
                                                  Heather A. Moser

                                          Attorneys for Plaintiffs