United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES B. PEAKE, Secretary of Veterans Affairs, et al.,<br><br>Defendants. | No. C-07-3758 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WILLIAM P. GREENE AND MICHAEL MUKASEY |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss William P. Greene and Michael Mukasey ("Motion"). See Docket No. 95. Plaintiffs submitted an Opposition and Defendants filed a Reply. See Docket Nos. 119, 140. With leave from the Court, both parties then submitted supplemental briefing. See Docket Nos. 167, 168. After reviewing the parties' submissions, the Court GRANTS Defendants' Motion to Dismiss William P. Greene and Michael Mukasey.

## II. BACKGROUND

The facts of the case are presented in the Court's January 10, 2007, Order Denying Defendants' Motion to Dismiss, Docket No. 93. The parties' familiarity with the facts is therefore assumed

and only those relevant to this Motion are discussed.

Plaintiffs have voluntarily dismissed Defendant Mukasey. See Opp'n at 1. Michael Mukasey is therefore DISMISSED.

William P. Greene is the Chief Judge of the United States Court of Appeals for Veterans Claims ("CAVC"). Plaintiffs seek declaratory and injunctive relief against Defendant Greene in his position as the administrator of the CAVC. The Complaint states that Greene is named "in his official capacity as the person responsible for the administration and management of CAVC," and "is not named in his judicial capacity." Compl. ¶ 47. Plaintiffs allege that Greene's management and administration of the CAVC has resulted in substantial delays in the appellate process for veterans appealing health care claim denials or adverse decisions. These delays, according to Plaintiffs, constitute violations of the veterans' due process rights.

### III. DISCUSSION

To begin, the Court notes that Plaintiffs have failed to present any factual allegations of unconstitutional acts by Greene. Plaintiffs' basic argument is that because there is a backlog of cases pending before the CAVC, and because this backlog is creating significant delays in the claims process for veterans seeking healthcare, Greene's administration and management of the CAVC is somehow unconstitutional. See Opp'n at 4 (stating "the CAVC's management results in unconstitutional delays violating due process"). Plaintiffs themselves, however, recognize that "[t]he workload of the CAVC makes it impossible for the court to fairly

-2-

analyze and decide cases before it." Compl. ¶ 165.  Thus, by Plaintiffs' own admission, it is the workload that creates the alleged due process violations.  This interpretation is only bolstered by the absence in Plaintiffs' Complaint of any factual allegations concerning specific actions that Greene is now taking that are allegedly unconstitutional, or, at the very least, that result in further delays beyond those created by the overwhelming workload.

Plaintiffs' concession that the workload of the CAVC creates the substantial delays is all the more striking in light of Plaintiffs' recent statement that "Plaintiffs seek declaratory and injunctive relief directing Green to manage the CAVC and its resources in a manner that does not result in unconstitutional delays to veterans."  Pls.' Supp. Br. at 2-3.  It is highly doubtful to this Court, and, judging from Plaintiffs' earlier briefs, to Plaintiffs as well, that any order directing Greene to manage his docket in a different fashion could achieve anything close to the type of relief Plaintiffs seek.

Although worth noting, the above discussion is secondary to the Court's primary holding, which is that the Court lacks jurisdiction over Greene and the CAVC.  The Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq., provides a valid waiver of sovereign immunity for actions against federal agencies. See also Gallo Cattle Co. v. Dep't of Agric., 159 F.3d 1194, (9th Cir. 1998) (stating that the APA "does provide a waiver of sovereign immunity in suits seeking judicial review of a federal agency action under [28 U.S.C.] § 1331").  The APA, however, does

-3-

not waive sovereign immunity against the "courts of the United States."  5 U.S.C. § 551(1)(B).

The Court finds that although the CAVC is an Article I court, it is nonetheless a "court of the United States," id., not an agency, and therefore is protected by sovereign immunity against suit.  The relevant caselaw supports this finding.  See Bates v. Nicholson, 398 F.3d 1355, 1364 (Fed. Cir. 2005) (stating that the CAVC provides "independent judicial review of the Board's final decisions"); Jackson v. Principi, 265 F.3d 1366, 1370 (Fed. Cir. 2001) (holding the CAVC is "a judicial body independent of the [VA] secretary," while the BVA is "an agent of the Secretary"); Forshey v. Principi, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (stating the CAVC "is a court and depends upon the adversarial parties to identify the issues for review"); Abbs v. Principi, 237 F.3d 1342, 1347-49 (Fed. Cir. 2001).  Thus, the APA does not provide a valid waiver of sovereign immunity for Greene or the CAVC.

In the alternative, Plaintiffs urge that such a waiver is not necessary because of an exception that permits suits against federal officers under certain circumstances.  In Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949), the Supreme Court stated that "suits for specific relief against officers of the sovereign which are not suits against the sovereign [may be permissible].  If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit against the sovereign."  Id. at 689.  This exception has been interpreted to permit suits against "action by officers beyond their statutory powers and . . . even though

-4-

within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." Dugan v. Rank, 372 U.S. 609, 621-22 (1963); see also De Lao v. Califano, 560 F.2d 1384, 1391 (9th Cir. 1977) (holding that a suit against a government official may be brought notwithstanding the doctrine of sovereign immunity if the official's actions were ultra vires or were performed pursuant to an unconstitutional statute or in an unconstitutional manner).

Plaintiffs have sued Greene in his "official capacity." Compl. § 47. This by itself may be enough to remove any connection to the Larson exception. See Balser v. Dep't of Justice, Office of U.S. Trustee, 327 F.3d 903, 907 (9th Cir. 2003) (stating in "sovereign immunity analysis, any lawsuit against . . . an officer of the United States in his or her official capacity is considered an action against the United States"). And if it is not, Plaintiffs' Complaint fails to allege that Greene is acting outside the scope of any statutory authority or pursuant to an unconstitutional statute. See S. Delta Water Agency v. U.S. Dept. of Interior, Bureau of Reclamation, 767 F.2d 531, 536 (9th Cir. 1985) (stating "[f]ederal agencies and instrumentalities, as well as federal employees acting in their official capacities within their authority, are similarly immune from suit").

Thus, the only way the Larson exception might apply is if Plaintiffs had alleged that Defendant Greene was acting unconstitutionally. As noted above, however, Plaintiffs have failed to allege any constitutional violations against Defendant Greene, and thus the Larson exception to sovereign immunity does

-5-

not apply.

As the Court lacks jurisdiction over Defendant Greene, Defendants' Motion to Dismiss is GRANTED.  Amendment will not cure this defect and Plaintiffs' request to amend their Complaint is therefore DENIED.

IV. **CONCLUSION**

For the above-stated reasons, the Court GRANTS Defendants' Motion to Dismiss William P. Greene and Michael Mukasey.


IT IS SO ORDERED.


Dated: March 13, 2008

_____
UNITED STATES DISTRICT JUDGE

-6-