**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

April 2, 2008

Writer's Direct Contact
925.295.3341
GErspamer@mofo.com

**E-filing and Hand Delivery – REVISED April 3, 2008**

Honorable Samuel Conti
USDC, Northern District
450 Golden Gate Avenue
Courtroom 1, 17th Floor
San Francisco, CA 94102

Re:   *VCS, et al. v. Peake, et al.*, Case No. 07-03758-SC
      Northern District of California

Dear Judge Conti:

This Court's March 13, 2008 order (3/13/08 Order Establishing Discovery Obligations in Connection with April 21, 2008 Hearing ("Discovery Order"), attached hereto as Exhibit A) directed defendants to produce several categories of documents, all of which are critical to Plaintiffs' preparation for the ongoing depositions and upcoming trial. Despite this order, Defendants have not yet produced *any* of the key documents in this case. Defendant's willful failure to comply with this Court's discovery order has severely prejudiced Plaintiffs' trial preparation. Depositions of VA officials in Washington, D.C. are in progress. Because of Defendant's woefully incomplete production, Plaintiffs are being forced to take these depositions without any of the key documents. Moreover, with less than three weeks until trial, Plaintiffs are still unable to determine to what extent the assistance of experts will be necessary to understand and offer opinions relating to the withheld documents. Plaintiffs cannot retain the necessary experts without the documents needed to prepare their testimony and reports.

Given the compressed time period in which to resolve these issues, Plaintiffs are left no choice but to seek a further order from this Court compelling immediate production of documents that Defendants continue to withhold. Plaintiffs submit this letter brief in lieu of a formal Motion to Compel given the urgency of the issue and the need for immediate resolution.

sf-2481794

**MORRISON | FOERSTER**

Judge Samuel Conti
April 2, 2008
Page Two

### A. Defendants Document Production to Date.

While Plaintiffs recognize that this Court's Discovery Order provided for rolling productions, to date, Defendants have not produced *any* of the most vitally important documents in this case, including the following: incident reports and/or incident briefs prepared following a veteran's suicide or attempted suicide (*See* Discovery Order, ¶ I.A.1); the suicide tracking database (*See* Discovery Order, ¶ I.A.2); the suicide data compilations underlying the Han Kang study of suicide among OEF/OIF veterans (*See* Discovery Order, ¶ I.A.4); data compilations, studies, reports and other substantive communications compiling VHA statistics regarding suicides and attempted suicides (Discovery Order, ¶ I.A.5); the Mental Health Strategic Plan (*See* Discovery Order, ¶ I.A.3), and outpatient customer satisfaction survey reports for FY 2006 to present (*See* Discovery Order, ¶ I.A.13).

Concerning the claims adjudication side of the case, Defendants have not produced any documents showing how long it takes to process initial and remanded PTSD claims at the regional office, BVA, or CAVC. Nor have defendants produced key VBA reports regarding the timeliness of processing claims, including all VBA Monthly Performance Reviews and Statistical Technical Accuracy Review reports. The VBA's Performance Standards, which set nationwide timeliness standards for all VBA employees, also have not been produced. Finally, no documents have been produced in response to Document Request No. 23, which calls for the production of documents related to C&P medical examinations.

Not only were these documents (and others) called for in Plaintiffs' October 2007 document request, but they also appeared in both the list transmitted at the Preliminary Injunction Hearing, and the Court's Discovery Order. Defendants' witnesses also testified repeatedly about these documents during the Preliminary Injunction Hearing. In fact, with less than three weeks until trial, Defendants have produced only a small subset of the outstanding documents, most of which are self-serving analyses, publicly available documents and outdated materials. Although some accommodation might be made for time required for collection and review, the vast majority of the documents this Court ordered Defendants to produce are squarely responsive to document requests that have been pending since as far back as October, 2007. The chart below summarizes the total pages in Defendant's production to date:

sf-2481794

MORRISON | FOERSTER

Judge Samuel Conti
April 2, 2008
Page Three

| Date | Bates Nos. | Page Count |
|---|---|---|
| 02/04/2008 | VA000001-001757 | 1757 |
| 02/27/2008 | VA002-00000001-00000520<br>VA002-00000642-00006129;<br>VA003-00000001-0003611 | 9619 |
| 03/04/2008 | VA-CTRL000001-000301 | 301 |
| 03/05/2008 | VA-CTRL 00302-00390<br>VA-CTRL 00392-00698 | 396 |
| 3/21/08 | VA005-000001-2056; VA006-000001-551 | 2607 |
| 3/21/08 | 3/21-000001-000103 | 103 |
| 3/24/08 | TBD | 54 |
| 3/28/2008 | VA007-000001-3673<br>VA008-000001-297 | 3970 |

As mentioned above, Defendants' inadequate production has severely prejudiced Plaintiffs in preparing for depositions in this case. For example, the witness files we have prepared for the depositions of two of the VA's most senior VBA officials, Bradley Mayes and Daniel Cooper, prepared based upon all available documents, contain not a single VA-produced document — not one letter, or memorandum or e-mail to or from either witness, because none was produced by Defendants. Similarly, the PMK deposition on the VA's secret shopper program is currently scheduled for April 11, 2008, and Plaintiffs have not received a single document regarding this program.

sf-2481794

**MORRISON | FOERSTER**

Judge Samuel Conti
April 2, 2008
Page Four

### B. Defendants Continue to Withhold Categories of Documents Despite Entry of the March 6, 2008 Protective Order.

Despite entry of the March 6, 2008 Protective Order, Defendants continue to withhold several critical categories of documents. (*See* 3/6/08 Protective Order, attached hereto as Exhibit B.) Just yesterday, Defendants informed Plaintiffs for the first time since the relevant document requests were propounded in October 2007, that they will not produce the suicide data underlying the Han Kang study of suicide among OEF/OIF veterans (*See* Discovery Order, Category 4) or the SMITREC suicide database (Discovery Order, Category 30), stating this data was "obtained under agreements with other agencies that prohibit their use in this litigation." (*See* 4/1/08 Letter from K. Freeny to H. Moser, a true and correct copy of which is attached hereto as Exhibit C (4/1/08 Freeny Letter).) The data Defendants continue to withhold is highly relevant and probative of the issues in this case, and was testified to repeatedly by Defendants' own witnesses during the Preliminary Injunction Hearing. Therefore, Defendants are obligated by the Court's Discovery Order to produce these documents.

Moreover, as of today, Plaintiffs have not yet received even a single suicide/incident brief. Plaintiffs requested documents related to suicide, including the incident briefs, as far back as October 2007. After the motion to dismiss was denied, Plaintiffs prioritized particular categories of documents related to the preliminary injunction, including the incident reports. This Court ordered production of documents prior to the preliminary injunction hearing, including the incident briefs. But they were not produced by Defendants. During the preliminary injunction hearing, however, high-level VA witnesses testified that each time a suicide or attempted suicide occurs for VHA-enrolled veterans, an incident brief is prepared. As a result, during the preliminary injunction hearing, Plaintiffs again included the incident reports on a desired list of documents related to VHA claims.

On March 13, 2008, this Court entered the Discovery Order compelling the production of those reports prior to trial. Soon thereafter, Plaintiffs inquired as to when Defendants expected to produce those reports and were informed they would be available the following week. On March 20, 2008, Plaintiffs sent Defendants a letter, again requesting clarification regarding production of the incident reports. (*See* 3/20/08 Ltr. From H. Moser to K. Freeney, attached hereto as Exhibit D.) On March 21, 2008, Plaintiffs followed up with a letter to Mr. Bensing again requesting prioritization of the suicide data, including the incident reports, the data underlying Dr. Kang's study, and the SMITREC suicide data. (*See* 3/21/08 Ltr. from H. Moser to D. Bensing, attached hereto as Exhibit E.) On March 25, 2008, Plaintiffs again inquired in a letter to Defendants about the missing incident briefs, which were not included in any of Defendants' productions to date. (*See* 3/25/06 Ltr. from. R. Hassanein to K. Freeney, attached hereto as Exhibit F.) Defendants did not respond and on March 31, 2008 Plaintiffs again contacted Defendants by telephone to inquire about the estimated production

sf-2481794

**MORRISON | FOERSTER**

Judge Samuel Conti
April 2, 2008
Page Five

date for the incident reports. Defendants continue to refuse to provide a date certain on which Plaintiffs can expect production of the incident briefs.

Despite entry of the Court's Protective Order nearly a month ago, Defendants continue to assert an objection to production of the incident briefs (and other documents) based on 38 U.S.C. § 7332, which they argue precludes them from producing incident reports that contain information on a patient's substance abuse diagnosis or treatment and other sensitive information covered by § 7332. In an attempt to resolve the issue, Plaintiffs proposed Defendants produce responsive incident reports with all identifying information redacted. Defendants have agreed to produce any incident reports not implicating § 7332, and whatever ones that they determine can be sufficiently redacted, but continue to assert that some of the incident briefs will be withheld in their entirety. (*See* 4/1/08 Freeny Letter.) Additionally, Plaintiffs have yet to receive a privilege log identifying the incident briefs Defendant's intend to withhold, as the Court's Discovery Order directs.

Despite Plaintiffs' repeated attempts to informally resolve with Defendants the ongoing document production issues, the parties have reached an impasse. Defendants still refuse to provide an estimated date on which they expect to produce the above mentioned documents, instead relying on the "rolling production" as justification to produce the information whenever they see fit. The last date for the rolling production is just one business day before trial, and after all depositions have been completed. Having been severely prejudiced by Defendant's inadequate production to date, Plaintiffs are left no choice but to seek an order from this court compelling the immediate production of all documents, including all suicide/incident briefs, subject to necessary redaction of identifying information in accordance with § 7332.

Respectfully submitted,

Gordon P. Erspamer

Gordon P. Erspamer

cc: Daniel E. Bensing
    Stephen Y. Bressler
    Kyle R. Freeny

sf-2481794