# EXHIBIT C

Case 3:07-cv-03758-SC     Document 180-5     Filed 04/03/2008     Page 1 of 4



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| **Via First-Class Mail** | **Via Overnight Delivery** |
|---|---|
| P.O. Box 833 | 20 Massachusetts Ave., NW |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Kyle R. Freeny   Tel: (202) 514-5108
Trial Attorney   Fax: (202) 616-8460

April 1, 2008

Ms. Heather Moser
Morrison & Foerster
425 Market St.
San Francisco, Cal. 94105-2482

RE: Veterans for Common Sense v. Peake, (N.D. Cal. No. C-07-3758)

By: U.S. Mail and Email [hmoser@mofo.com]

Dear Ms. Moser:

I write to respond to your inquiry by telephone on March 31, 2008, about the progress of defendants' document production, and your renewed request for specific details on the production of suicide issue briefs that may be protected by 38 U.S.C. § 7332.

Defendants are doing everything they feasibly can to collect, process, and review documents as quickly as possible. As was explained previously to plaintiffs, because the volume of discovery sought is so large that VA has been forced to engage an outside contractor to assist in organizing, copying, and producing documents, it has naturally taken time to get the mechanisms of production under way. Even plaintiffs, whose discovery obligations were quite minor in comparison, ran into admitted technical difficulties that delayed their anticipated date of production. Collecting documents from an agency of VA's size is no small task, but VA has mobilized hundreds of people to assist in the process – people who would otherwise be engaged in providing and improving services to veterans. In addition, VA has marshaled numerous attorneys to assist in reviewing the documents collected. With the assistance of VA's litigation contractor, for which VA has authorized up to five million dollars, defendants anticipate that the pace of production will steadily increase.

Yesterday, plaintiffs requested a copy of VHA's Mental Health Strategic Plan and a document characterized by counsel as former Secretary Nicholson's 12-Point Plan. Neither of these documents falls within the Court's discovery order, nor were they identified by plaintiffs when the Court asked for a list of requested documents at the close of the preliminary injunction hearing on March 5, 2008. Nevertheless, defendants will produce the Mental Health Strategic Plan by the end of the week, as a further courtesy to plaintiffs. You should know, however, that

defendants believe that this document has already been produced to plaintiffs. Defendants are still in the process of investigating the other document mentioned by counsel. Of course, although defendants will try to accommodate plaintiffs' requests for documents outside the discovery permitted by the Court where feasible, this additional effort will only divert attention and resources from the work necessary to produce required documents in a timely fashion. Thus, the time required for full production has been increased by plaintiffs' actions.

You also expressed particular interest yesterday in outpatient satisfaction reports falling within item 13 of the Court's discovery order. Again, defendants will try to accommodate plaintiffs' request and these documents will be expedited, although it is not possible at this time to give an exact date on which they will produced.

As to suicide issue briefs, many of which are protected from disclosure by 38 U.S.C. § 7332, defendants have already explained that the details that plaintiffs seek about these documents are not yet available, because suicide issue briefs are still being processed and reviewed, a process that is particularly exacting given the sensitive nature of the information. Although defendants had hoped to be able to produce some issue briefs last week, this proved impossible due to a combination of factors, including the fact that counsel for defendants were in San Francisco, as you well know.

Plaintiffs' apparent belief that defendants should easily be able to redact personal identifying information from protected documents is in error. There are countless details in a suicide issue brief or its associated metadata that might permit identification of a veteran by reference to other publically available information. Where the issue brief discusses substance abuse, release of any of this information would violate § 7332 and expose defendants to criminal penalties. Defendants will act diligently to redact documents sufficiently to allow their lawful production, where possible, and have cleared some suicide issue briefs not implicating § 7332 for production this upcoming Friday. Plaintiffs' desire to obtain these documents more quickly ignores the salient facts and is contrary to the interests of those veterans whose sensitive information Congress has sought to protect.

After investigation into the Kang database and the SMITREC suicide database, it has now been determined that the underlying data cannot lawfully be produced. The individually identifiable data were obtained under agreements with other agencies that prohibit their use in this litigation. See 42 U.S.C. § 242m(d). Accordingly, defendants are neither obligated nor authorized to produce the data sets. See Order Establishing Discovery Obligations, Docket Entry 174 at 1:23-25 (documents need not be produced where "prohibited by law from being disclosed"). VA can and will produce SMITREC reports on suicide which refer only to de-identified data, and it will endeavor to do so as soon as possible.

Defendants are doing all that they can reasonably be expected to do – if not more – to produce those documents they are obligated to produce according to the timetable established by the Court, which contemplates rolling production up to and including April 17, 2008. Plaintiffs

have not and cannot identify any instance in which defendants have failed to comply with the Court's discovery order or have acted in anything less than good faith. Plaintiffs' dissatisfaction with the pace or volume of discovery is nothing more than dissatisfaction with the Court's own discovery order.

Sincerely,

Kyle R. Freeny