# EXHIBIT E

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 21, 2008

Writer's Direct Contact
415.268.7091
HMoser@mofo.com

*Via e-mail and facsimile*

Mr. Daniel Bensing, Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC  20530

Re: *Veterans for Common Sense v. Peake*
N.D. Cal. No. C-07-3758

Dear Mr. Bensing:

I am writing in response to your letter of yesterday regarding deposition scheduling and your email today regarding Mr. Cooper's scheduling issue. We are able to agree to the proposed schedule with one exception. For scheduling reasons, we will need to move the "secret shopper" PMK deposition from April 2 to April 9 or 11. Assuming that change can be made, here is the final deposition schedule prior to trial:

**Week of March 24 = San Francisco**

March 25 = Dr. Marcus Nemuth

March 26 = Mr. Bob Handy

March 27 = Mr. Paul Sullivan

With respect to Plaintiffs' documents, we ran into some unanticipated technical difficulties. We will do our very best to produce the documents as soon as possible, but cannot guarantee that they will all be produced prior to the depositions. Just as you have made no guarantees with respect to the production of documents in advance of Defendants' depositions, we cannot assure you that Defendants will have access to all the relevant documents in advance of Plaintiffs' depositions.

**Week of March 31 = Washington**

sf-2487046

March 21, 2008
Page Two

April 2 = Mr. Jack McCoy

April 3 = Mr. Ronald Aument

April 4 = PMK(s) regarding the incentive compensation system and document destruction

Please let us know as soon as possible who the designated PMKs are for the topics listed above. I never received any response from you regarding the "secret shopper" program issue that you raised. Please confirm that there is only one "secret shopper" program within the VHA. If there are multiple programs, we will need to discuss the implications for that deposition.

### Week of April 7 = Washington

April 7 = Mr. Bradley Mayes

April 8 = Mr. Tom Pamperin

April 9 = Dr. William Feeley

April 10 = Dr. Frances Murphy

April 10 = Mr. Daniel Cooper [must begin at 8:00 a.m. with a 30 minute lunch break due to counsel's travel plans]

April 11 = Dr. Robert Rosenheck

April 9 or 11 = PMK(s) regarding VA's "secret shopper" program

We will send out the appropriate deposition notices and subpoenas for the above-referenced witnesses. With respect to the documents issue that you raise, Plaintiffs of course expect that Defendants are diligently working on their discovery obligations, as are Plaintiffs. Plaintiffs, however, must have the following documents prior to the respective depositions:

### "Secret Shopper" PMK

- All "Secret Shopper" reports

### Dr. William Feeley

- VHA training manuals or training programs relating to national and VISN-level policies for: (a) screening of patients who present to any VHA medical facility with medical or psychiatric issues; and (b) making a determination as to whether such individuals are in need of emergent or urgent care.

sf-2487046

**MORRISON | FOERSTER**

March 21, 2008
Page Three

- Written protocols or guidelines provided to intake staff or appointment schedulers regarding what actions to take when interviewing a veteran who: (a) states that he or she is suicidal or in distress; or (b) appears to the intake staff or appointment scheduler to be suicidal or in distress, regardless of whether the veteran himself or herself makes such assertion. Defendants shall produce such protocols or guidelines prepared or issued by: (a) VA Central Office (i.e. the VA's headquarters in Washington D.C.); and (b) each of the VA's 21 VISNs

- Policies and directives regarding VHA's Patient Advocacy program, including but not limited to Patient Advocate handbooks and/or training materials.

- All responsive training manuals and all operating procedures, policies or protocols regarding the medical reviews relating to service-connection determinations in the adjudications process, where the alleged disability is related to a mental health diagnosis.

**Dr. Robert Rosenheck**

- Reports and studies generated by the Northeast Program Evaluation Center regarding suicide and PTSD from January 1, 2005 to present (Category 21).

Also, please prioritize the VBA document requests (Categories 22, 23, 24) prior to the VBA depositions. On the suicide front, we would also like to prioritize the incident reports, the data underlying Dr. Kang's study and his quarterly reports (Categories 3, 12), and the SMITREC reports (Category 30).

Your letter also addresses the notice of the third-party subpoena served on the GAO earlier in the week. First, the subpoena is for documents only; no records custodian deposition is anticipated. Second, we are cognizant that the DOJ does not represent the GAO, which is why we served a subpoena and did not request those documents in the proposed discovery order. The subpoena was properly served on the GAO's agent for process, and we are currently in contact with the GAO regarding the timely production of those documents. Your office was simply served with the courtesy notice of that subpoena, which is reflected in the proof of service.

Sincerely,

Heather A. Moser

sf-2487046