

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 833 | 20 Massachusetts Ave., NW |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Kyle R. Freeny  
Trial Attorney

Tel:  (202) 514-5108  
Fax:  (202) 616-8460

March 17, 2008

Ms. Heather Moser  
Morrison & Foerster  
425 Market St.  
San Francisco, Cal. 94105-2482

     RE: Veterans for Common Sense v. Mansfield, (N.D. Cal. No. C-07-3758)

     By: Fed Ex and E-mail [Hmoser@mofo.com]

Dear Ms. Moser:

     I write in response to your proposed stipulation as to the release of information covered by 38 U.S.C. § 7332, including information about an individual's substance abuse diagnosis or treatment. As I mentioned to you when we spoke by phone on Tuesday, March 11, disclosure of information covered by § 7332 is not as a simple as entering a blanket stipulation or blanket order. The statute requires that the issuing judge specifically weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. 38 U.S.C. § 7332(b)(2)(D); 38 C.F.R. 1.490.

     In addition, the regulations implementing § 7332 set forth a specific process for applying for an order for disclosure of covered information. An application must be made for specific records, and the veteran or veterans whose records are sought must be notified and given the opportunity to respond. The relevant VA facility must also have the opportunity to weigh in on the effect of disclosure on the patient, the physician-patient relationship, and the treatment services. 38 C.F.R. § 1.493. Only then can the court move on to the balancing of interests required by § 7332(b)(2)(D). Accordingly, your proposed blanket order would not be sufficient to permit disclosure of § 7332-protected materials.

     Section 7332 is not expected to affect many of the categories of documents in Judge Conti's March 14 discovery order. During the course of reviewing documents, defendants are willing to notify plaintiffs if responsive § 7332-protected material is identified, so that we may discuss any further options that might be available. However, VA is prohibited from disclosing to plaintiffs the identities of the veterans whose records are being withheld under § 7332. In addition, until defendants know what kinds of documents might be at issue, it is impossible to

say whether the documents can be sufficiently redacted to permit their lawful release.

In short, defendants cannot, consistent with their statutory obligations, stipulate to the release of any § 7332-protected information at this time.

Sincerely,

Kyle R. Freeny