

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

---

| | Via First-Class Mail | Via Overnight Delivery |
|---|---|---|
| | P.O. Box 833 | 20 Massachusetts Ave., NW |
| | Washington, D.C. 20044 | Washington, D.C. 20001 |

---

Kyle R. Freeny  
Trial Attorney

Tel: (202) 514-5108  
Fax: (202) 616-8460

March 21, 2008

By: U.S. mail and email [Hmoser@mofo.com]

Ms. Heather Moser  
Morrison & Foerster  
425 Market St.  
San Francisco, Cal. 94105-2482

    RE: Veterans for Common Sense v. Peake, (N.D. Cal. No. C-07-3758)

Dear Ms. Moser:

    I write in response to your letter dated March 20, 2008, regarding plaintiffs' request that VA release documents that are protected from disclosure by 38 U.S.C. § 7332 because they contain highly sensitive information about substance abuse, sick cell anemia, or HIV.

    Counsel has reviewed a sample of suicide issue briefs – that is, the reports on suicides or suicide attempts referred to in the Court's order as "incident briefs" – and has determined that some of these documents do contain § 7332-protected information, because they discuss individual veterans' diagnoses of or treatment for substance abuse or HIV infection, and because § 7332 continues to protect this information after a patient's death. It is not possible at this time to state with any precision the number of suicide issue briefs that contain § 7332-protected information, because the documents are not stored in a manner that allows them all to be retrieved and searched at once. It is possible that protected documents will number in the tens if not hundreds, but again, defendants cannot say definitively at this time. Defendants are in the process of retrieving the issue briefs, a process that has been given priority in light of plaintiffs' expressed interest.

    Plaintiffs' suggestion that they will move for a blanket court order for release of all documents containing information protected by § 7332 suggests that they do not understand the strict protection Congress has sought fit to accord to information on individuals' substance abuse or HIV diagnoses and treatment. In contrast to other privacy laws like HIPAA or the Privacy Act, § 7332 does not provide any mechanism for a blanket order for the release of multiple veterans' records on the basis of a single balancing test. By law, the propriety of the release of documents covered by § 7332 must be considered on a *case-by-case* basis. For each separate document, the Court must balance plaintiffs' professed need for the individual suicide issue brief containing individually-identifiable substance abuse information against the injury to the patient, to the physician-patient relationship, and more generally to the VA treatment services that

disclosure of these very sensitive documents would cause. See § 7332(b)(2)(D). Before a court can even begin the statutorily-mandated weighing of interests, the veteran and the relevant VA medical facility must first be given notice of the possible disclosure and an opportunity to be heard. This notice requirement is substantially more complicated in the case of deceased veteran.

This is not a matter of VA's choosing to invoke a privilege; rather, VA is prohibited by law from disclosing protected documents unless the statute's rigid requirements are met, and VA employees would be subject to criminal penalties for improper disclosures. See 38 U.S.C. § 7332(g); 38 C.F.R. § 1.463. Moreover, the Court ordered production of issue briefs only *to the extent that they could lawfully be released.* See Docket Entry 174, Order Establishing Discovery Obligations at 1:23-25.

Although the legal prohibition on the wholesale disclosure of information plaintiffs seek cannot be surmounted, defendants will work to provide as much information as feasible. If all information in a covered record that might be used to identify a veteran can be redacted, the record would fall outside the scope of § 7332. To be clear, it will not be possible simply to redact references to substance abuse, HIV, or sickle cell anemia, as the fact of redaction would impermissibly alert plaintiffs that the veteran had a § 7332-covered condition. Instead, defendants would need to redact any information in the suicide issue brief that could be used to identify the veteran, which in most cases will include not just the veteran's name but dates, locations, and other information from which the veteran's identity could be ascertained. See 38 C.F.R. § 1.461(a)(i). In some cases, a suicide incident may be so public or so distinctive that it will be impossible to sufficiently redact the document to protect the veteran's identity and permit lawful disclosure.

As defendants have already stated, they are in the process of collecting and reviewing suicide issue briefs and determining which issue briefs can be sufficiently redacted to permit lawful disclosure. Defendants are not in a position to give an exhaustive list of all documents or document categories that fall within the scope of § 7332's stringent protections, as plaintiffs have requested. The Court's discovery order contemplates five separate productions, continuing until April 17. It is therefore premature to expect that defendants have identified and reviewed all documents that might implicate § 7332.

Congress has taken pains to protect substance abuse information and to permit its release only in exceptional circumstances. The Court has already indicated that it is only interested in VA's system-wide provision of care, and not individual instances of care, making it hard to see how the requisite exceptional circumstances are present here. Nevertheless, at the earliest practicable date, defendants will work to provide suicide issue briefs that fall outside of § 7332, including, to the extent feasible, redacted issue briefs that contain substance abuse information.

Sincerely,

Kyle R. Freeny