1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
   HMoser@mofo.com
4  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  [see next page for additional counsel for Plaintiffs]

9  Attorneys for Plaintiff(s)
   VETERANS FOR COMMON SENSE, and
10 VETERANS UNITED FOR TRUTH, INC.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14 VETERANS FOR COMMON SENSE, and         Case No.    C-07-3758-SC
   VETERANS UNITED FOR TRUTH, INC.,
15                                        **CLASS ACTION**
                  Plaintiffs,
16                                        **NOTICE OF SUBPOENA**
         v.
17                                        Trial Set April 21, 2008
   JAMES B. PEAKE, M.D., Secretary of Veterans    Complaint Filed July 23, 2007
18 Affairs, *et al.*,

19                Defendants.

PLFS' NOTICE OF SUBPOENAS — CASE NO. C-07-3758-SC
sf-2485728

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

1     PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure rule 45, Plaintiffs
2 VETERANS FOR COMMON SENSE AND VETERANS UNITED FOR TRUTH, INC., by and
3 through their attorneys, Morrison & Foerster, LLP, intend to serve the attached subpoena on:
4     1. United States Court of Appeals for Veterans Claims

6 Dated: March 20, 2008     GORDON P. ERSPAMER
    ARTURO J. GONZALEZ
7     HEATHER A. MOSER
    STACEY M. SPRENKEL
8     MORRISON & FOERSTER LLP

10     By: /s/ Stacey M. Sprenkel
11     Stacey M. Sprenkel
    Attorneys for Plaintiffs

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### District of Columbia

Veterans for Common Sense and Veterans United for Truth, Inc.

V.

Peake, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-07-3758 SC
Northern District of California,
San Francisco Division

TO: Custodian of Records, United States Court of Appeals for Veterans Claims
625 Indiana Avenue, NW, Suite 900
Washington, D.C. 20004-2950

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Schedule A, attached.

| PLACE | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 5500<br>Washington, D.C. 20006-1888 | April 4, 2008, 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | March 20, 2008 |

American LegalNet, Inc.
www.FormsWorkflow.com

AO88 (Rev. 12/07) Subpoena in a Civil Case

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
| --- |
| Stacey M. Sprenkel (CA SBN 241689)<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>(415) 268-7000 |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## SCHEDULE A

## INSTRUCTIONS

A. You are requested to produce any documents referred to below that:

    1. are within your actual or constructive possession, custody, or control;

    2. are: (a) within the possession or custody of your present or former attorneys, accountants, representatives, consultants, agents, employees, investigators, or anyone else acting on your behalf, and (b) subject to your control.

B. If you withhold any of the requested documents from production under a claim of privilege or other protection, serve on the undersigned on or before April 4, 2008, a list of such withheld documents indicating, for each document withheld, the following information if known or available to you:

    1. Date composed or date appearing on the document;

    2. Author;

    3. Number of pages;

    4. Number of copies made;

    5. Identity of all persons or entities who saw the original document or saw or received a copy of such document, and the job titles of each such person;

    6. Subject matter; and

    7. Basis for claim of privilege.

C. If you are aware of the existence of any documents that you are unable to produce, specify in writing and serve upon the undersigned on or before April 4, 2008, a list indicating the identity of such documents. Such identification should, for each such document, set forth whether the document (i) has been destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been, or is no longer, in the possession,

custody, or control of the responding party, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document should be identified. In each such instance, explain the circumstances surrounding the disposition and state the date or approximate date thereof.

D. This request requires the production of documents in the same form and in the same order as they existed prior to production or organized and labeled to correspond with the particular demands set forth below. If you choose the former method, the documents are to be produced in the boxes, file folders, bindings or other containers in which the documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

E. The period of time for which documents are requested, unless otherwise indicated, extends from January 1, 2000, to the present.

F. This requests does not require the production of publicly available decisions or orders of CAVC.

### DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1. "You," "your," or "yourself" means the Court of Appeals for Veterans Claims ("CAVC") and all (i) its present and former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary or affiliated entities that were in existence during the applicable period of time covered by these requests; (ii) any other person or entity acting on its behalf or on whose behalf it acted; or (iii) any other person or entity otherwise subject to its control, or which controls it, or with which it is under common control.

2. "Document" or "documents" means any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting,

photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

3. "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

4. "Person" or "persons" means, unless otherwise specified, any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature and type.

5. "Communication" or "communications" means, unless otherwise specified, any of the following: (a) any written letter, memorandum, or other document; (b) any telephone call between two or more defendants, or one or more defendants and other person, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal.

6. "Meeting" means any gathering of two or more persons, whether it was by chance, prearranged, formal, or informal and whether or not it was brought

about by the coincidence of or presence of a telephone, television, radio or any electronic means of communication.

7. "VA" or "DVA" means the United States Department of Veterans Affairs, and all its offices, departments, organizations, administrations, boards, consultants, commissions, task forces, management, and past and present employees.

8. "BVA" or "Board of Veterans Appeals" means the Board of Veterans Appeals and all its offices, departments, organizations, administrations, sections, teams, management, members, and employees including, without limitation, all judges, Board members, attorneys, and staff attorneys.

9. "CAVC" or "Court of Appeals for Veterans Claims" means the Court of Appeals for Veterans Claims and all its offices, departments, organizations, administrations, sections, teams, management, members, and employees including, without limitation, all judges, attorneys, and staff attorneys, including, the time period when this entity was named the Court of Veterans Appeals.

10. "Veterans Benefits Administration" or "VBA" means the Veterans Benefits Administration within the VA and all its offices, departments, organizations, administrations, boards, commissions, task forces, management, and past and present employees.

11. "Veterans Health Administration" or "VHA" means the Veterans Health Administration within the VA and all its offices, departments, organizations, administrations, boards, commissions, task forces, management, and past and present employees.

12. "Claim" means an application filed by a person seeking SCDDC, including the initial claim, each reopened claim and any appeals to the BVA, CAVC, Federal Circuit, or U.S. Supreme Court.

13. "PTSD" means post-traumatic stress disorder, as described in the DSM and VA Regulations referencing the DSM.

14. "SCDDC" means service-connected death or disability compensation, including dependency and indemnity compensation.

## DOCUMENTS REQUESTED

1. All documents that constitute, summarize, memorialize or refer to data and/or reports regarding delays or timing in the decision of appeals to CAVC of claims for benefits and/or service-connection beginning at any time after the filing of a Notice of Disagreement.

2. All documents that constitute, summarize, memorialize or refer to data compilations or reports regarding delays or timing in decision on appeals at CAVC, beginning at any time after the filing of a Notice of Disagreement.

3. All documents concerning the ability of CAVC to enforce its decisions at each and all levels of the VA, including without limitation at the regional office level or with respect to VHA facilities, and whether VA medical examiners can make judgments about whether a veteran was subject to a stressor.

4. All documents, including analyses, reports or studies, concerning remands from CAVC or BVA, including without limitation problems relating to the recycling of claims on appeal.

5. All documents, including programs, proposals, meetings or discussions, concerning reducing delays in the decision of appeals at CAVC.

6. All contacts, meetings or communications with VA concerning this lawsuit, PTSD, delays in the adjudication process, delays in decision of appeals, denials of health care, or decisions regarding enrollment for health care.

7. All documents concerning whether CAVC has jurisdiction over denials of health care, disputes about enrollment for health care, or clinical disputes about health care.

8. All documents concerning the number and percentage of appeals each year that receive summary disposition at the CAVC.

9. All documents concerning the number and percentage of appeals each year that are decided by merits panels at the CAVC.

10. All documents concerning CAVC's current and projected workload for judges and staff, and comparison to the period 2005-2007.

11. All documents concerning plans or proposals to increase the number of judges for CAVC and/or the size of the staff of CAVC, including without limitation plans or proposals to recall judges to CAVC.

12. All documents concerning the number and percentage of appeals at the CAVC that are decided by a three-judge panel or a one-judge panel.

13. All documents concerning or prepared in connection with the Judicial Conference of CAVC and/or the annual "State of the Court" speech for the years 2000 to present.

14. All documents concerning or prepared in connection with testimony by any member of CAVC to Congress.

15. All speeches given by members of CAVC related to this lawsuit, PTSD, delays in the adjudication process, delays in decision of appeals, denials of health care, or decisions regarding enrollment for health care.

16. All contacts, meetings or communications with veterans' service organizations concerning this lawsuit, PTSD, delays in the adjudication process, delays in decision of appeals, denials of health care, or decisions regarding enrollment for health care.

1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
   HMoser@mofo.com
4  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  [see next page for additional counsel for Plaintiffs]

9  Attorneys for Plaintiff(s)
   VETERANS FOR COMMON SENSE, and
10 VETERANS UNITED FOR TRUTH, INC.

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14 VETERANS FOR COMMON SENSE, and          Case No.   C-07-3758-SC
   VETERANS UNITED FOR TRUTH, INC.,
15                                         **CLASS ACTION**
                    Plaintiffs,
16                                         **DECLARATION OF CUSTODIAN**
        v.                                 **OF RECORDS FOR UNITED**
17                                         **STATES COURT OF APPEALS**
   JAMES B. PEAKE, M.D., Secretary of Veterans   **FOR VETERANS CLAIMS**
18 Affairs, *et al.*,
                                           Complaint Filed July 23, 2007
19                  Defendants.

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

DECL. OF CUSTODIAN OF RECORDS FOR U.S. COURT OF APPEALS FOR VETERANS CLAIMS
CASE NO. C-07-3758-SC
sf-2485572

1

# DECLARATION OF THE CUSTODIAN OF RECORDS FOR UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

1. ( ) CERTIFICATION OF RECORDS COPIES (Custodian's Initials) _____

   a. I am the duly authorized Custodian of Records, or other qualified witness, for the above-named business. As such I have the authority to certify these records.

   b. The photocopied records submitted herewith are true copies of all the records requested.

   c. To the best of my knowledge, all such records were prepared or compiled by the personnel of the above-named business in the ordinary course of business, at or near the time of the acts, conditions, or events recorded.

   d. No documents have been withheld in order to avoid their being photocopied. If we have only part of the records described such records as are available are provided.

   e. Records were delivered to the attorney or attorney's representative for copying.

2. ( ) CERTIFICATION OF NO RECORDS (Custodian's Initials) _____

   a. A thorough search has been made for the documents requested and, based on the information provided to us for identification, no such records were found.

   b. No copies or records are transmitted because we do not have said records. It is understood that such records could exist under another spelling, name or classification.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on _____ [date] at _____ [place].

_____         _____
(Print Name)                                            (Signature)

| | |
|---|---|
| 1 | GORDON P. ERSPAMER (CA SBN 83364)<br>GErspamer@mofo.com |
| 2 | ARTURO J. GONZALEZ (CA SBN 121490)<br>AGonzalez@mofo.com |
| 3 | HEATHER A. MOSER (CA SBN 212686)<br>HMoser@mofo.com |
| 4 | STACEY M. SPRENKEL (CA SBN 241689)<br>SSprenkel@mofo.com |
| 5 | MORRISON & FOERSTER LLP<br>425 Market Street |
| 6 | San Francisco, California 94105-2482<br>Telephone: 415.268.7000 |
| 7 | Facsimile: 415.268.7522 |
| 8 | [see next page for additional counsel for Plaintiffs] |
| 9 | Attorneys for Plaintiff(s)<br>VETERANS FOR COMMON SENSE, and |
| 10 | VETERANS UNITED FOR TRUTH, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., | Case No.    C-07-3758-SC |
| Plaintiffs, | **CLASS ACTION** |
| v. | **CERTIFICATE OF SERVICE** |
| JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, | Trial Set April 21, 2008<br>Complaint Filed July 23, 2007 |
| Defendants. | |

CERTIFICATE OF SERVICE — CASE NO. C-07-3758-SC

sf-2485606

1 | ADDITIONAL COUNSEL FOR PLAINTIFFS:

2 | SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
3 | JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
4 | KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
5 | DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
6 | Berkeley, California 94704-1204
Telephone: 510.665.8644
7 | Facsimile: 510.665.8511

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof, I served a copy of:

**NOTICE OF SUBPOENA**

**SUBPOENA IN A CIVIL CASE TO UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

**DECLARATION OF CUSTODIAN OF RECORDS, UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

☐ BY FACSIMILE by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number (415) 268-7522 to the fax number(s) set forth below, or as stated on the attached service list. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.
I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☐ BY U.S. MAIL by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105 in accordance with Morrison & Foerster LLP's ordinary business practices. I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

☐ BY OVERNIGHT DELIVERY by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by UPS, at 101 Ygnacio Valley Road, Walnut Creek, California 94596-8130 in accordance with Morrison & Foerster LLP's ordinary business practices.
I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster l LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

CERTIFICATE OF SERVICE — CASE NO. C-07-3758-SC

sf-2485606

2

[x] BY PERSONAL SERVICE by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

[ ] BY ELECTRONIC SERVICE by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list..

Mr. Daniel Bensing, Senior Counsel
Ms. Kyle Freeny
U.S. Department of Justice
Civil Div., Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
daniel.bensing@usdoj.gov
kyle.freeny@usdoj.gov

0

Executed at San Francisco, California, this 20th day of March 2008.

_Nishan Bhaumik_ 20/Mar/2008
Nishan Bhaumik