

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

Via First-Class Mail        Via Overnight Delivery
P.O. Box 833                20 Massachusetts Ave., NW
Washington, D.C. 20044      Washington, D.C. 20001

---

Kyle R. Freeny            Tel: (202) 514-5108
Trial Attorney            Fax: (202) 616-8460

April 10, 2008

Honorable Samuel Conti
United States District Court, Northern District
450 Golden Gate Avenue
Courtroom 1, 17th Floor
San Francisco, CA 94102

    RE: Veterans for Common Sense v. Peake (N.D. Cal. No. C-07-3758)

    BY: E-filing

Dear Judge Conti:

    Plaintiffs have sought discovery of at least two suicide databases maintained at the Department of Veterans Affairs which defendants are prohibited by law from releasing. At the hearing held on April 8, 2008, defendants informed the Court that they could not lawfully release the underlying data in these databases, because it was information about individual identifiable veterans obtained through strict interagency confidentiality agreements authorized under 42 U.S.C. § 242k (a true and correct copy of which are attached as Exhibits A and B). Congress has expressly prohibited release of information obtained through such contracts, and has provided no exception for court orders or other legal process. See 42 U.S.C. § 242m(d).

    At the April 7 hearing, defendants understood the Court to rule that VA was not required to produce the underlying data on individual veterans that VA is prohibited by law from releasing, and that VA would instead produce, by Friday, aggregate data or reports on overall veteran suicide rates. See Transcript of April 7 Hearing at 33:15-16; 36:8-37:2 (Attached as Ex. C). The Court's discovery order of April 7, however, grants plaintiffs' motion to compel production of VA's protected "suicide tracking database," rather than the basic suicide rates or reports. See Docket Entry 182. Defendants respectfully ask this Court for clarification or reconsideration of its order to produce the suicide tracking database. Defendants have already produced to plaintiffs a variety of documents on suicide rates, some of which were discussed at the hearing on plaintiffs' Motion for Preliminary Injunction. Yesterday, defendants also produced to plaintiffs additional reports containing overall suicide rates, including suicide rates by geographic region and by age group. Aside from the suicide databases, defendants will have produced all information specified in the Court's April 7 order by this Friday, April 11.

    Defendants understand that the Court is very busy and would not have brought this matter to its attention were it not that defendants are prohibited by law from releasing the suicide

tracking database(s), even with a court order. Defendants respectfully submit that the reports on suicide rates should suffice to provide plaintiffs with the information they need, and that defendants should not be ordered to produce the underlying databases.

Sincerely,

*[signature]*

Kyle R. Freeny