1   GORDON P. ERSPAMER (CA SBN 83364)
    GErspamer@mofo.com
2   ARTURO J. GONZALEZ (CA SBN 121490)
    AGonzalez@mofo.com
3   HEATHER A. MOSER (CA SBN 212686)
    HMoser@mofo.com
4   STACEY M. SPRENKEL (CA SBN 241689)
    SSprenkel@mofo.com
5   MORRISON & FOERSTER LLP
    425 Market Street
6   San Francisco, California 94105-2482
    Telephone: 415.268.7000
7   Facsimile: 415.268.7522

8   SIDNEY M. WOLINSKY (CA SBN 33716)
    SWolinsky@dralegal.org
9   JENNIFER WEISER BEZOZA (CA SBN 247548)
    JBezoza@dralegal.org
10  KATRINA KASEY CORBIT (CA SBN 237931)
    KCorbit@dralegal.org
11  DISABILITY RIGHTS ADVOCATES
    2001 Center Street, Third Floor
12  Berkeley, California 94704-1204
    Telephone: 510.665.8644
13  Facsimile: 510.665.8511

14  Attorneys for Plaintiffs
    VETERANS FOR COMMON SENSE and
15  VETERANS UNITED FOR TRUTH, INC.

16

17                     UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                      SAN FRANCISCO DIVISION

20

21  VETERANS FOR COMMON SENSE, and          Case No. C-07-3758-SC
    VETERANS UNITED FOR TRUTH, INC.,
22                                          **VETERANS FOR COMMON
                    Plaintiffs,             SENSE AND VETERANS UNITED
23                                          FOR TRUTH, INC.'S PRETRIAL
            v.                              STATEMENT**
24
    JAMES B. PEAKE, M.D., Secretary of Veterans
25  Affairs, *et al.*,                      Trial Set:        April 21, 2008
                                            Complaint Filed:  July 23, 2007
26                  Defendants.

27

28

Pursuant to Rule 26(a)(3), Plaintiffs provide the following information regarding the evidence they may present at trial other than solely for impeachment:[1]

## I.    NAMES OF WITNESSES[2]

### A.    Witnesses Plaintiffs Expect to Present

At this time, Plaintiffs believe there is a reasonable chance they will present the following individuals as witnesses:[3]

| NAME | SUBJECT OF TESTIMONY | EXPECTED DATE OF TESTIMONY[4] |
|------|----------------------|-------------------------------|
| Ron Abrams, Joint Executive Director, National Veterans Legal Services Program | Mr. Abrams will testify regarding the VA adjudication system and delays in adjudication of SCDDC claims at VBA regional offices and the appellate level, including PTSD and TDIU claims, and VA quality review issues.  Mr. Abrams will also testify regarding VBA incentive compensation and premature denials of SCDDC claims at VBA regional offices, Central Office directives and "fast letters," as well as various other systemic adjudication problems.  Mr. Abrams may also rebut any opinions offered by Defendants experts or any opinions offered by percipient witnesses. | Monday or Tuesday |
| Donald Hubbard, Veterans Service Officer, Military Order of the Purple Heart | Mr. Hubbard will testify regarding the effect on veterans of VBA adjudication and appellate level delay, including the systemic delay at VA regional offices. | Monday or Tuesday |

---

[1] In addition to the evidence and witnesses presented in this Pretrial Statement, Plaintiffs will rely on exhibits entered at the Preliminary Injunction hearing and reserve the right to re-call witnesses that testified at that time.

[2] In the event that any witness listed is or becomes unavailable to appear in person at trial, Plaintiffs reserve the right to call those witnesses to appear by deposition. The subject matter of their testimony is set forth in Plaintiffs' deposition designations. (*See*, Attachment B.)

[3] Plaintiffs have three days in which to present their case. (Amended Civil Trial Minutes, March 5, 2008.)  Plaintiffs respectfully request that cross-examination by either party be considered part of the time allotted for their side of the case.

[4] Plaintiffs will provide Defendants a final order of witnesses on Sunday, April 20.

| NAME | SUBJECT OF TESTIMONY | EXPECTED DATE OF TESTIMONY[4] |
|------|---------------------|------------------------------|
| Casey Matuszak, Veterans Service Officer, Military Order of the Purple Heart | Ms. Matuszak will testify regarding the length of time for adjudication of SCDDC claims by VBA regional offices, the Board of Veterans Appeals, and other avenues of appeal. Ms. Matuszak will also testify regarding the effect of VBA incentive compensation and premature denials on SCDDC claims adjudications. | Monday or Tuesday |
| Dr. Michael J. Kussman, VHA Under Secretary for Health[5] | Mr. Kussman will testify regarding VHA provision of mental health care to veterans, including any VA suicide prevention protocols and initiatives. | Tuesday or Wednesday |
| Hon. James P. Terry, Chairman, Board of Veterans Appeals | Mr. Terry will testify regarding the policies, procedures, and delays in adjudication of claims at the Board of Veterans Appeals, including BVA employee incentive compensation. | Tuesday or Wednesday |
| Tia Christopher, Program Associate, Swords to Plowshares | Ms. Christopher will testify regarding deficiencies in VA provision of benefits and mental health care to veterans. | Tuesday or Wednesday |
| Michael Walcoff, VBA Deputy Under Secretary for Field Operations | Mr. Walcoff will testify regarding the VBA award system, oversight and management of the Office of Field Operations, and review of VBA regional offices. He will also testify regarding measures of VBA performance. | Tuesday or Wednesday |
| Paul Sullivan, Executive Director, Veterans for Common Sense | Mr. Sullivan will testify regarding the effect of VHA and VBA practices and procedures on members of Veterans for Common Sense, as well as general facts regarding the organization and its membership, and vast dissatisfaction among veterans of care and benefits provided by VA. | Tuesday or Wednesday |
| Bob Handy, Chair, Veterans United for Truth | Mr. Handy will testify regarding Veterans United for Truth, including the nature of the organization and its membership. | Tuesday or Wednesday |

---

[5] Plaintiffs expect that Dr. Kussman and Mr. Terry, as well as all other named parties to this action will make themselves available for trial.  *See* Commentary C45-16 following F.R.C.P. 45 ("If it should for any reason become necessary to have a party appear at the trial who it turns out will not appear voluntarily — including a person who is in the control of a party, which sweeps the corporation under this category as well — the court has all the leverage it needs to compel the party's appearance."); *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d. 1085, 1090 (E.D. Cal. 2005) ("The witnesses named by the defendants as crucial are all parties to the suit and would be required to testify regardless of whether a subpoena is issued.").

| NAME | SUBJECT OF TESTIMONY | EXPECTED DATE OF TESTIMONY[4] |
|---|---|---|
| Custodian of Records for VHA, VBA, and BVA | Custodian of records will attest to the source and authentication of documents produced by Defendants. | As needed |

**B.    Witnesses Plaintiffs May Call if Need Arises**

At this time, Plaintiffs believe there is a reasonable chance they will call the following individuals as witnesses if the need arises:

| NAME | SUBJECT OF TESTIMONY |
|---|---|
| Rick Weidman, Executive Director for Policy and Government Affairs, Vietnam Veterans of America | Mr. Weidman will testify regarding VA's failure to use its resources for the treatment of veterans with mental health issues, including PTSD. |

## II.    EXPERT WITNESSES

**A.    Expert Witnesses Plaintiffs Expect to Present**

At this time, Plaintiffs believe there is a reasonable chance they will present the following expert witnesses:[6]

| NAME | SUBJECT OF TESTIMONY | EXPECTED DATE OF TESTIMONY |
|---|---|---|
| Ron Abrams, Joint Executive Director, National Veterans Legal Services Program | Mr. Abrams will testify regarding the VA adjudication system and delays in adjudication of SCDDC claims at VBA regional offices and the appellate level, including PTSD and TDIU claims, and VA quality review issues. Mr. Abrams will also testify regarding VBA incentive compensation and premature denials of SCDDC claims at VBA regional offices, Central Office directives and "fast letters," as well as various other systemic | Monday or Tuesday |

[6] Since expert depositions will not be taken in this case, Plaintiffs believe expert reports are not needed for the purposes of this trial. Document production and review is still ongoing in this case. Should the Court require expert reports, Plaintiffs will provide expert reports to the extent Plaintiffs' expert witnesses have had the opportunity to analyze data and form an expert opinion.

| NAME | SUBJECT OF TESTIMONY | EXPECTED DATE OF TESTIMONY |
|---|---|---|
| | adjudication problems. Mr. Abrams may also rebut any opinions offered by Defendants experts or any opinions offered by percipient witnesses. | |
| Professor William Fox, Partner at Purcell & Fox, LLP and former Professor of Law at Columbus School of Law, The Catholic University of America | Professor Fox is expected to testify regarding veteran demographics and the procedural restrictions upon veterans' rights in the VA health care and adjudication systems, as well as solutions to those restrictions. Professor Fox may also rebut any opinions offered by Defendants experts or any opinions offered by percipient witnesses. | Monday or Tuesday |
| Dr. Ronald Maris, Distinguished Professor Emeritus and Past Director of the Suicide Center at The University of South Carolina. He is currently Adjunct Professor of Psychiatry and Adjunct Professor of Family Medicine at The University of South Carolina. | Dr. Maris is expected to testify regarding veteran suicides, suicide morbidity and mortality among veterans, the risk factors for suicide, and VA suicide prevention and mental health programs/policies. Dr. Maris may also rebut any opinions offered by Defendants experts or any opinions offered by percipient witnesses. | Tuesday or Wednesday |

**B.    Expert Witnesses Plaintiffs May Call if Need Arises**

At this time Plaintiffs do not anticipate calling other expert witnesses, however they reserve the right to do so, should the need arise. Plaintiffs may also call any expert witnesses necessary to rebut expert opinions offered by Defendants' witnesses, which have not yet been disclosed to Plaintiffs.

**III.    LIST OF DOCUMENTS AND EXHIBITS**

**A.    Exhibits Plaintiffs Expect to Offer**

At this time, Plaintiffs expect to offer the following exhibits:

See Attachment A.

**B.    Exhibits Plaintiffs May Offer**

At this time, Plaintiffs believe they will offer the following exhibits if the need arises:

As the need arises, Plaintiffs may offer documents in Defendants' most recent (April 10) production and any production following the filing of this Pretrial Statement. Per the Court's

1    Order of March 13, 2008, Defendants have a final rolling production date of April 17.  (Order

2    March 13, 8:15-27.)  Plaintiffs reserve the right to offer any documents in that final production as

3    exhibits.

4        Further, Plaintiffs reserve the right to offer any documents in Defendants' April 11

5    productions as exhibits.  On April 11, Defendants produced five compact discs of material.

6    Plaintiffs discovered serious technical problems with the material that precluded Plaintiffs from

7    loading and reviewing images without significant time and cost.  After expending considerable

8    resources in an attempt to correct the error, Plaintiffs' promptly notified Defendants of the

9    problem and requested re-formatting of the production.  (A true and correct copy of Plaintiffs'

10   April 12 e-mail to Defendants is attached as Exhibit 1.)

11       The parties conferred today in an effort to expedite the receipt and review of these

12   documents, and a solution to the error is in process.  We anticipate that the issues that have arisen

13   with respect to Defendants' document production will be resolved this week so that the

14   documents can be reviewed.  A supplement exhibit list will be provided at the conclusion of that

15   review.[7]

16       **C.    Deposition Designations**

17       At this time, Plaintiffs expect to offer the following deposition designations as exhibits:

18       See Attachment B.[8]

19       **D.    Pleading Designations**

20       At this time, Plaintiffs expect to offer the following pleading designations as exhibits:

21       See Attachment C.

22

23

---

24   [7] Plaintiffs also reserve the right to use exhibits provided from the United States
     Government Accountability Office.  Plaintiffs subpoenaed documents from the GAO on April 3,
25   and only received confirmation of a GAO production of documents on April 14.  GAO expects to
     deliver responsive documents by Friday, April 18.

26   [8] Depositions in this case only recently concluded last Friday, April 10.  Plaintiffs have
     designated all depositions for which final transcripts had been provided by that time.  Plaintiffs
27   will designate on a rolling basis, beginning Wednesday, April 16, those depositions for which
     final transcripts were received since April 10.

28

1  **IV.    PROPOSED SCHEDULE**

2          Plaintiffs propose the following schedule regarding the exchange of outstanding pretrial

3  matters:[9]

4

| Pretrial Matter | Proposed Date of Filing and/or Service |
|---|---|
| Designations of depositions for transcripts received after Friday, April 11 | Wednesday, April 16, or as final transcripts become available |
| Pretrial brief | Thursday, April 17 |
| Motions in Limine | Friday, April 18 |
| Counter-designations and objections to designated deposition testimony | Friday, April 18 |
| Designation of Interrogatories | Sunday, April 20[10] |
| Demonstratives | To be exchanged by 5 p.m., Pacific Standard Time, the evening before parties expect to use the demonstrative at trial. |

13  Dated: April _____, 2008.                    SIDNEY M. WOLINSKY
                                                MELISSA W. KASNITZ
14                                              JENNIFER WEISER BEZOZA
                                                KATRINA KASEY CORBIT
15                                              DISABILITY RIGHTS ADVOCATES

16                                              GORDON P. ERSPAMER
                                                ARTURO J. GONZALEZ
17                                              HEATHER A. MOSER
                                                STACEY M. SPRENKEL
18                                              MORRISON & FOERSTER LLP

19

20                                   By:   _/s/ Heather A. Moser_____
                                                Heather A. Moser
21                                              Attorneys for Plaintiffs

22

23

24          [9] Plaintiffs have not yet received a privilege log from Defendants explaining the basis for
25  which documents have been withheld from production.  Defendants have noted on several
    occasions, including as recently as the April 7 hearing, that they intend to assert the deliberative
26  process privilege.  (April 7 Discovery Hearing, 46:21-23.)  Plaintiffs reserve the right to challenge
    assertions of privilege in a timely manner following the receipt of Defendants' privilege log.

27          [10] Defendants' response to Plaintiffs First Set of Interrogatories is due Friday, April 18;
    therefore Plaintiffs reserve the right to designate any such responses on Sunday, April 20.

28