1  GORDON P. ERSPAMER (CA SBN 83364)
   GErspamer@mofo.com
2  ARTURO J. GONZALEZ (CA SBN 121490)
   AGonzalez@mofo.com
3  HEATHER A. MOSER (CA SBN 212686)
   HMoser@mofo.com
4  RYAN G. HASSANEIN (CA SBN 221146)
   RHassanein@mofo.com
5  STACEY M. SPRENKEL (CA SBN 241689)
   SSprenkel@mofo.com
6  MORRISON & FOERSTER LLP
   425 Market Street
7  San Francisco, California 94105-2482
   Telephone: 415.268.7000
8  Facsimile: 415.268.7522

9  [see next page for additional counsel for Plaintiffs]

10 Attorneys for Plaintiff(s)
   VETERANS FOR COMMON SENSE, and
11 VETERANS UNITED FOR TRUTH, INC.

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15 VETERANS FOR COMMON SENSE, and          Case No.     C-07-3758-SC
   VETERANS UNITED FOR TRUTH, INC.,
16                                          **OPPOSITION TO DEFENDANTS'
                                            FIRST MOTION IN LIMINE**
17           Plaintiffs,

              v.                            Trial Set:       April 21, 2008
18                                          Complaint Filed: July 23, 2007
   JAMES B. PEAKE, M.D., Secretary of Veterans
19 Affairs, *et al.*,

20           Defendants.

21

22

23

24

25

26

27

28

OPPOSITION TO FIRST MOTION IN LIMINE — CASE NO. C-07-3758-SC

sf-2500042

1 | **ADDITIONAL COUNSEL FOR PLAINTIFFS:**

2 | SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
3 | JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
4 | KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
5 | DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
6 | Berkeley, California 94704-1204
Telephone: 510.665.8644
7 | Facsimile: 510.665.8511

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.    INTRODUCTION

2      Plaintiffs oppose Defendants' motion *in limine* to allow Steven L. Keller, Senior Deputy Vice

3  Chairman of the Board of Veterans Appeals ("BVA") to testify on behalf of Hon. James P. Terry,

4  Chairman, Board of Veteran Appeals, and to strike Dr. Michael Kussman, Undersecretary for Health

5  in the Veterans Health Administration ("VHA"), or in the alternative to allow Dr. Gerald Cross to

6  appear on behalf of Dr. Kussman.

7      On April 14, 2008, Plaintiffs filed a pretrial statement pursuant to the Court's order of March

8  5, 2008.  In that statement, Plaintiffs listed the witnesses they expect to call at trial, including Dr.

9  Kussman and Mr. Terry, both of whom are named parties in this action.  On April 15, 2008,

10 Defendants filed a motion *in limine* to allow Keller to testify on behalf of Mr. Terry, and to strike Dr.

11 Kussman, or in the alternative to allow Dr. Cross to appear on behalf of Dr. Kussman.

12     **A.    Mr. Terry Is a Final Policymaker with Personal Knowledge of Relevant**
              **Facts and Should Be Required to Appear.**

13

14     Mr. Terry is the Chairman of the Board of Veteran Appeals, which is a sub-entity within the

15 Department of Veterans Affairs ("VA"), and as such is a named party to this suit.[1]   As a party

16 witness, the Court has ample authority to compel Mr. Terry's appearance.  *See* Commentary C45-16

17 following F.R.C.P. 45 ("If it should for any reason become necessary to have a party appear at the

18 trial who it turns out will not appear voluntarily — including a person who is in the control of a party,

19 which sweeps the corporation under this category as well — the court has all the leverage it needs to

20 compel the party's appearance."); *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F.

21 Supp. 2d 1085, 1090 (E.D. Cal. 2005) ("The witnesses named by the defendants as crucial are all

22 parties to the suit and would be required to testify regardless of whether a subpoena is issued.").

23     Mr. Terry is the head of a sub-entity of VA, not the head of a government agency.  Even so, a

24 senior officer may be required to testify where he has actual knowledge of material issues in the

25

26     [1] Defendants assert Mr. Terry is not a proper party to this action.  Defendants' Motion to
   Dismiss was denied in part and granted in part on January 10, 2008, allowing this action to go
27 forward against all Defendants, including Mr. Terry and Mr. Kussman.  Therefore, Mr. Terry remains
   a party to this litigation.

28

1   litigation, especially where the named government official is the final policymaker for the relevant

2   policies and procedures. *Green v. Baca*, 226 F.R.D. 624, 649-50 (C.D. Cal. 2005) (denying motion

3   in limine to preclude testimony of police chief where he was "the final policymaker" and had

4   "personal knowledge of relevant facts"). As the Chairman of the Board of Veterans Appeals, Mr.

5   Terry is the final policymaker and has actual personal knowledge about the policies and procedures

6   of the BVA, and about the causes of delays in the adjudication of appeals at the BVA, including the

7   employee incentive compensation scheme. Mr. Terry is the author of the Board of Veterans Appeals

8   Report of the Chairman, the annual report of the BVA, which includes key timeliness statistics and

9   other highly relevant information regarding delay in the adjudication process. *See* Plaintiffs' Exhibit

10  370. Mr. Terry has testified on numerous occasions before Congress regarding the topics at issue in

11  this litigation with regard to the BVA. *See*, *e.g.*, Plaintiffs' Exhibits 1193, 1197, 1200, 1205, 1209,

12  1225, and 1228. Mr. Terry meets frequently with the Under Secretary for Benefits to discuss issues

13  such as backlogs in claims adjudication process. *See* Deposition of Daniel Cooper, 274:23 – 275:21.

14  Additionally, Mr. Terry presents the Monthly Performance Review, a monthly report of information

15  relevant to this action, to the Deputy Secretary of the Department of Veterans Affairs, and therefore

16  Mr. Terry has direct factual personal information pertaining to material issues in this action. *See*

17  Deposition of Ronald Aument, 79:24 – 80:8.

18          **B.      As a Final Policymaker with Personal Knowledge of Relevant Facts, Dr.
                      Kussman Should Be Required to Appear.**
19

20          Dr. Kussman's testimony is necessary because as Undersecretary for Health, reporting

21  directly to Secretary Peake, he is the final policymaker for VHA. Like Mr. Terry, Dr. Kussman

22  testifies frequently before Congress and has actual personal knowledge of VHA's policies and

23  procedures. Dr. Kussman's testimony is necessary to establish the extent of VA's implementation, or

24  failure to implement, the policies at issue in this action. *See Green,* 226 F.R.D. at 649-50.

25          Moreover, the testimony of Dr. Kussman is necessary because a vast majority of VA's

26  documents were not produced until after Dr. Cross testified on Dr. Kussman's behalf at the

27  preliminary injunction hearing on March 3 and 4, 2008. Although Plaintiffs' document requests have

28  been pending since as early as October, 2007, Defendants only began to produce documents in

OPPOSITION TO FIRST MOTION IN LIMINE — CASE NO. C-07-3758-SC                                    2
sf-2500042

1    earnest in late March, and the last date for production of documents in this case is April 17, just four

2    days before trial commences on April 21, 2008. *See* Order Establishing Discovery Obligations in

3    Connection with April 21, 2008, Hearing, at 8. Dr. Cross's testimony in early March occurred before

4    Plaintiffs received the majority of discovery, including the Mental Health Strategic Plan, documents

5    demonstrating recent suicide data, and information on the implementation, or failure of

6    implementation, of VA's suicide prevention programs. As the Undersecretary for Health, Dr.

7    Kussman is responsible for the implementation of the Mental Health Strategic Plan, cited by

8    Defendants as a cornerstone to its suicide prevention efforts. Dr. Kussman's testimony is vital to

9    show the extent of VA's failure to implement that plan as well as VHA's other plans and policies

10   regarding mental health care.

11        The necessity of Dr. Kussman's testimony is demonstrated by an email produced by

12   Defendants on April 11, 2008. *See* Attachment A. In this email exchange, Dr. Kussman and Dr. Ira

13   Katz discuss the most recent suicide statistics, showing approximately 18 veterans kill themselves

14   every day, 4 to 5 of whom are under VA care. Dr. Kussman is clearly deeply involved with not only

15   the high-level policies at issue in this case, but with the specifics of VA's failed suicide prevention

16   policies. Plaintiffs must have the opportunity to examine Dr. Kussman regarding this and other

17   important evidence that was unavailable at the hearing on Plaintiffs' motion for preliminary

18   injunction.[2]

19   **II.    CONCLUSION**

20        Plaintiffs limited their witness list to the key witnesses whose testimony is absolutely

21   necessary to demonstrate the extent of VA's failure to provide the healthcare to which veterans are

22   entitled and to provide timely compensation to those veterans. Mr. Terry's testimony is vital to

23   demonstrate the delays in the adjudication of appeals at the BVA. Similarly, Dr. Kussman's

24   testimony is necessary to show the failure of VHA's provision of mental health care to veterans.

25   Therefore, for the reasons above, Plaintiffs respectfully request that the Court deny Defendants'

26        [2] Defendants' assertion that the Court lacks the power to recall a witness to the stand is clearly
     erroneous. Federal district courts have broad discretion over the mode and order of interrogating
27   witnesses and presenting evidence, including the power to recall witnesses. Fed. R. Evid. 611(a).

28

1   motion *in limine*.  Plaintiffs respectfully request the Court enter an order requiring party witnesses

2   Mr. Terry and Dr. Kussman appear at trial for Plaintiffs' case in chief.

3   Dated: April 17, 2008                                        GORDON P. ERSPAMER
                                                                 ARTURO J. GONZALEZ
4                                                                HEATHER A. MOSER
                                                                 RYAN G. HASSANEIN
5                                                                STACEY M. SPRENKEL
                                                                 MORRISON & FOERSTER LLP

6

7

8                                                       By:  /s/ Gordon P. Erspamer
                                                                 Gordon P. Erspamer

9                                                            Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28