GORDON P. ERSPAMER (CA SBN 83364)
GErspamer@mofo.com
ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
HEATHER A. MOSER (CA SBN 212686)
HMoser@mofo.com
RYAN G. HASSANEIN (CA SBN 221146)
RHassanein@mofo.com
STACEY M. SPRENKEL (CA SBN 241689)
SSprenkel@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

[see next page for additional counsel for Plaintiffs]

Attorneys for Plaintiff(s)
VETERANS FOR COMMON SENSE, and
VETERANS UNITED FOR TRUTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VETERANS FOR COMMON SENSE, and VETERANS UNITED FOR TRUTH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES B. PEAKE, M.D., Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | Case No.  C-07-3758-SC <br><br> **PLAINTIFFS' FIRST SET OF MOTIONS IN LIMINE, NOS. 1-4** <br><br> Complaint Filed July 23, 2007 |

**ADDITIONAL COUNSEL FOR PLAINTIFFS:**

SIDNEY M. WOLINSKY (CA SBN 33716)
SWolinsky@dralegal.org
JENNIFER WEISER BEZOZA (CA SBN 247548)
JBezoza@dralegal.org
KATRINA KASEY CORBIT (CA SBN 237931)
KCorbit@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: 510.665.8644
Facsimile: 510.665.8511

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTE THAT on April 21, 2008 at 9:00 a.m. in the courtroom of the Honorable Samuel Conti, United States District Court, 450 Golden Gate Avenue, San Francisco, California, plaintiffs Veterans for Common Sense and Veterans United for Truth shall and hereby do move *in limine* for an Order precluding Defendants from introducing evidence, testimony, and argument regarding the matters set forth below. These Motions *in Limine* are based on this Notice of Motion and Supporting Memorandum of Points and Authorities, the complete file on record in this matter, and such other written or oral argument as may be presented at or before the time these Motions *in Limine* are taken under submission. The trial in this case is scheduled for April 21, 2008.

**MOTION *IN LIMINE* NO. 1:  DOCUMENTS NOT PRODUCED IN DISCOVERY**

Plaintiffs move to exclude all documents, as well as testimony and evidence based on such documents, that Defendants failed to produce, including those documents listed in the Court's March 13, 2008 Order Establishing Discovery Obligations in Connection with April 21, 2008, Hearing ("Discovery Order") and documents Defendants removed when they rewrote and limited Plaintiffs' document requests.

Defendants have identified seventeen documents they intend to use at trial. (*See* Defs.' Pretrial Statement 18:23-19:19, Apr. 14, 2008.) However, none of them have been identified by Bates-stamp number. Thus, because many of Defendants' document descriptions lack specificity, Plaintiffs cannot be sure that they have received each of the proposed exhibits. Plaintiffs asked Defendants to provide Bates numbers for their exhibits, but Defendants refused.

Defendants have now admitted that many of these documents have not been produced. Defendants have refused to produce copies of these documents and say that they will provide them to Plaintiffs for the first time on Monday.

If Defendants failed to produce documents listed in the Court's March 13, 2008 Discovery Order, the Court should prohibit Defendants from entering such materials as evidence at trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Plaintiffs also move to exclude all documents that are outside the Court's Discovery Order due to Defendants' rewriting and narrowing of Plaintiffs' document request. On March 11, 2008, Defendants wrote to the Court, stating that the document request in Plaintiffs' Designation of Documents and Depositions was unrealistic based, in part, on the volume of responsive documents, their relevance, and the burden of collection. (*See* Ex. A Letter from Bensing to the Court, Mar. 11, 2008.) Thus, Defendants submitted a proposed order establishing discovery obligations, which the Court adopted as its Discovery Order, limiting Plaintiffs' discovery requests to documents that presumably Defendants believed to be available, feasible to produce, and relevant. To the extent that the documents Defendants seek to introduce at trial were not produced because they were written out of Plaintiffs' requests by Defendants, Plaintiffs move to exclude them.

Likewise, Plaintiffs move to exclude all testimony and evidence that relate to documents not produced either in violation of the March 13 Discovery Order or because Defendants acted to limit the scope of Plaintiffs' document requests.[1] Plaintiffs also seek exclusion of all evidence and testimony the authentication of which requires reliance on such documents. Should Defendants attempt to rely in this manner, or in any other fashion, on withheld documents, including those previously claimed to be unavailable or irrelevant, Plaintiffs will be prejudiced by their inability to review, analyze, and question deponents about them prior to trial.

---

[1] For example, in the April 7, 2008 Hearing, during which the parties and the Court discussed Defendants' discovery obligations, Defendants' counsel stated that Defendants eliminated from Plaintiffs document request the VBA "STAR Reports," which analyze the accuracy of VBA ratings. (*See* Tr. of Proceedings 44:18-22, Apr. 7, 2008.) The Court agreed that the STAR Reports were not necessary. (*Id.* at 45:8-10.) Nonetheless, Edna McDonald, Assistant Director for Quality Assurance, Compensation & Pension Service – the office responsible for these reports – appears on Defendants' witness list. Ms. McDonald should be prohibited from testifying about these reports and from offering testimony that can only be supported or refuted by the STAR Reports.

**MOTION *IN LIMINE* NO. 2: EVIDENCE FROM OR REGARDING THE COURT OF APPEALS FOR VETERANS' CLAIMS NOT PRODUCED DURING DISCOVERY OR IN RESPONSE TO SUBPOENA**

Defendants, who have relied repeatedly on the dismissal of Chief Judge William P. Greene and language in the Court's Discovery Order to avoid discovery responsibilities regarding the U.S. Court of Appeals for Veterans Claims ("CAVC"), now seek to introduce evidence regarding the CAVC.[2] Plaintiffs move to exclude any such evidence that was not produced during discovery or in response to Plaintiffs' third party CAVC subpoena, as well as evidence or testimony that relates to such unproduced documents.

After the dismissal of Judge Greene, Plaintiffs subpoenaed 16 categories of documents from the CAVC. Two weeks later, on April 3, 2008, Counsel for Defendants wrote to Plaintiffs, conveying CAVC's objections to the subpoena and refusal to produce the documents requested. (*See* Ex. B Letter from Schwartz to Sprenkel, Apr. 3, 2008.) Among other objections, Defendants asserted that the documents sought were irrelevant due to the dismissal of Judge Greene. (*Id.*) During the April 7 Discovery Hearing, Defendants reiterated their objections to the relevance of these documents. (*See* Tr. of Proceedings 53:25-54:14, Apr. 7, 2008.) The Court quashed Plaintiffs' third party subpoena. (*Id.* at 53:23-24.)

Accordingly, Plaintiffs have received no documents requested in the third party CAVC subpoena or any other documents regarding the CAVC. Plaintiffs will be unfairly prejudiced if Defendants adduce evidence or testimony regarding the CAVC. Defendants should not be permitted to introduce evidence that they have characterized as irrelevant and have successfully quashed.

---

[2] Defendants have asserted that "the evidence will show that the U.S. Court of Appeals for Veterans Claims can effect system-wide change by issuing precedential opinions in the context of individual appeals." (*See* Defs.' Pretrial Statement 4:17-19, fn. 3, Apr. 14, 2008.)

**MOTION *IN LIMINE* NO. 3: WITNESSES LISTED IN DEFENDANTS' PRETRIAL STATEMENT BUT NOT INCLUDED IN RULE 26 DISCLOSURES**

Defendants have listed a number of trial witnesses who were absent from their Rule 26(a)(1) initial disclosures. Because these individuals were never disclosed as individuals likely to have discoverable information, and were therefore unknown to Plaintiffs for purposes of discovery, Plaintiffs move to exclude testimony from the following persons:

- Edna McDonald
- Patrick McCormack
- Diana Rubens[3]
- Lily Fetzer

(*See* Defs.' Initial Disclosures 2:13-5:6, Oct. 18, 2007.)

Although Plaintiffs supplemented their initial disclosures in accordance with Rule 26(e) (*See* Pls.' Supplemental Initial Disclosures, Apr. 11, 2008),[4] Defendants failed to comply with their duty to supplement their earlier disclosures. *See* Fed. R. Civ. P. (26)(e)(1). Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). Defendants had ample opportunity to supplement their disclosures, but failed to do so. As a result, Plaintiffs did not have knowledge of, opportunity to depose, or ability to request documents from four of the six witnesses Defendants plan to call at trial.

---

[3] Plaintiffs became aware of Ms. Rubens because she was designated, under Rule 30(b)(6) as the person most knowledgeable to testify in deposition regarding VA's incentive compensation. Nonetheless, she does not appear in Defendants' Initial Disclosures. (*See* Defs.' Initial Disclosures, Oct. 18, 2007.) Nor did Defendants supplement their disclosures to include Ms. Rubens and the subjects about which she has knowledge. Thus, if Ms. Rubens testimony is permitted, it should be limited only to the subject of incentive compensation.

[4] In fact, Defendants, in open court, insisted that Plaintiffs file supplemental disclosures. (*See* Hr'g Tr. 53:11-16, Apr. 7, 2008 ["We would ask that they promptly comply with their initial disclosure obligations in this case because there's no reason not to"].)

**MOTION *IN LIMINE* NO. 4: ADVERSE INFERENCE REGARDING DEFENDANTS' FAILURE TO PRODUCE AVAILABLE WITNESSES**

Should Defendants fail to produce witnesses under their control, including high level VA employees, Plaintiffs request that an adverse inference be drawn that testimony would be unfavorable to Defendants' positions and would fail to rebut Plaintiffs' evidence. An adverse inference is justified where a potential witness, who is available to one party and has special, non-cumulative knowledge or information, is not called to testify by the controlling party. *Kean v. Comm'r of Internal Revenue*, 469 F.2d 1183, 1187-88 (9th Cir. 1972). If Defendants fail to call key VA witnesses with particular knowledge about suicide rates, mental health treatment, claims backlog, and other critical issues in this case, an adverse inference should be drawn that these individuals, if called, would testify unfavorably for Defendants.

Dated: April 18, 2008

> GORDON P. ERSPAMER
> ARTURO J. GONZALEZ
> HEATHER A. MOSER
> RYAN G. HASSANEIN
> STACEY M. SPRENKEL
> MORRISON & FOERSTER LLP
>
> By:   /s/ Heather A. Moser
>           Heather A. Moser
>           (HMoser@mofo.com)
>
>       Attorneys for Plaintiffs