2-9√



**U.S. Department of Justice**
Civil Division

**RECEIVED**
APR 0 3 2008
SF FAX CENTER

**FROM:** James J. Schwartz
Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C. 20044

Fax No.   202-616-8202
Voice No.  202-616-8267

**DATE:** April 3, 2008

**TO:** Ms. Stacey M. Sprenkel

**RE:** <u>Veterans for Common Sense v. Peake, et al.</u>, (N.D. Cal. No. C-07-3758)

**FAX No.** 415-268-7522

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE): 4**

**SPECIAL INSTRUCTIONS:**

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.



**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 833 | 20 Massachusetts Ave., NW |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

James J. Schwartz         Tel: (202) 616-8267
Senior Counsel            Fax: (202) 616-8202

**Via FedEx and Facsimile**                April 3, 2008
Ms. Stacey M. Sprenkel
Morrison & Foerster
425 Market St.
San Francisco, Cal. 94105-2482

    RE: <u>Veterans for Common Sense v. Peake, et al.</u>, (N.D. Cal. No. C-07-3758)

Dear Ms. Sprenkel:

    We are in receipt of the subpoena for production of documents served upon the United States Court of Appeals for Veterans Claims ("CAVC"). The subpoena commands the CAVC to produce 16 categories of documents "within your actual or constructive possession, custody or control," and that "are (a) within the possession, custody or control of your present or former attorneys, accounts, representatives, consultants, agents, employees, investigators, or anyone else acting on your behalf, and (b) subject to your control." In accordance with the provisions of Federal Rule of Civil Procedure 45(c)(2)(B), CAVC objects as follows to the production as called for by the subpoena.

    First, Plaintiffs' subpoena for documents from CAVC is a blatant attempt to circumvent the Court's discovery order, which determined the "scope of discovery" to which Plaintiffs are entitled prior to the April 21, 2008 hearing. See March 13, 2008 Order Establishing Discovery Obligations In Connection with the April 21, 2008 Hearing (D.E. 174) ("Discovery Order") at 1. The Court expressly ruled, for all categories of documents in the Discovery Order that might be in the possession of CAVC (including the categories of documents that Plaintiffs now seek through this subpoena), that "Chief Judge Greene, of the CAVC shall not be required to respond to this request." See Discovery Order at 5. Moreover, Judge Conti's prohibitive language expressly encompasses "the most directly relevant underlying data" for the categories of documents Plaintiffs now seek. Id. Thus, the subpoena served upon CAVC is an inappropriate attempt to circumvent the order of another Court, which denied Plaintiffs' right to seek this discovery from CAVC.

    Notwithstanding the Discover Order's specific prohibition of discovery from CAVC, id., Plaintiffs now seek additional discovery of other documents that might be in CAVC's possession. The Court, however, did not provide for discovery of these documents from anyone, including Veterans Affairs. Further, the Court made no provision in the Discovery Order for production of documents from any third parties, let alone from CAVC. The Court issued the Discovery Order after CAVC was dismissed from the case, thus, the Court was aware CAVC

was a third party at the time the Discovery Order was issued and could have made provisions for third party discovery—but did not do so.

Second, even if Plaintiffs were entitled to discovery from CAVC, the subpoena is unduly burdensome. In analyzing whether a Rule 45 subpoena places an undue burden on the party subpoenaed, a court specifically weighs the relevance of the information sought to the litigation. Alexander v. FBI, 186 F.R.D. 21, 34 (D.D.C. 1998). It is not at all apparent what relevance the information sought has to claims brought by Plaintiffs, and Plaintiffs have provided no justification for seeking these records. In the order dismissing William P. Greene, Chief Judge of CAVC, the Court specifically held that "Plaintiffs have failed to present any factual allegations of unconstitutional acts by Greene." See March 13, 2008 Order Granting Defendants' Motion to Dismiss William P. Greene and Michael Mukasey (D.E. 173) at 3. Further, the Court explained that it was doubtful that the Court could fashion any order that would achieve the relief sought by Plaintiffs. Id. Plaintiffs cannot justify the expenditure of resources by CAVC staff for documents not relevant to the litigation. Given that Plaintiffs have not, and cannot, show the relevance of these documents to Plaintiffs' claims for relief against VA, the subpoena is unduly burdensome.

Third, the requested materials may be protected by one or more of the following privileges: deliberative process privilege, judicial privilege, attorney-client privilege, the attorney work product doctrine, among others. This objection applies to all of the requests. For example, the majority of requests (1-7, 11,12, 14,15) seek documents that are plans, proposals, analyses, reports, summaries, studies, etc. that are likely to be privileged pursuant to the deliberative process privilege. Plaintiffs' descriptions of the documents implicates their inherent deliberative and pre-decisional nature. In addition, all the requests implicate the working files and computer files of the Court's judges and staff which are protected by judicial privilege. This privilege protects the confidentiality of intra-Court communications and work product, and disclosure of such information that would have a "chilling effect" on open and candid discourse in the performance of official Court duties.

Fourth, the subpoena "fails to allow reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i). Given the subpoena's breadth and ambiguity, 11 working days does not provide sufficient time for CAVC to find arguably responsive materials, review them to determine if they are protected by privilege, and produce the appropriate, non-privileged materials. Indeed, the short response time underscores the undue burden imposed on CAVC by the subpoena, particularly when viewed in conjunction with the likelihood that any responsive documents would be protected by common law or statutory privilege and the irrelevance of these documents to the underlying claims in the litigation.

The foregoing objections are not exclusive, and CAVC reserves the right to assert further objections in response to the subpoena as appropriate.

For all the above reasons, CAVC objects to the subpoena and will not produce the requested documents at the date, time, and place specified on the subpoena.

Sincerely,

*James Schwartz*

James J. Schwartz

cc: Cary Sklar, Court of Appeals for Veterans Affairs