JEFFREY S BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
Interim United States Attorney
RICHARD LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
KYLE R. FREENY California Bar No. 247857
JAMES J. SCHWARTZ D.C. Bar No. 468625
RONALD J. WILTSIE, D.C. Bar No. 431562
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 305-0693
Facsimile: (202) 616-8460
Email: Daniel.Bensing@USDOJ.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, <br><br> Plaintiffs, <br><br> v. <br><br> Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*, <br><br> Defendants. | No. C 07-3758-SC <br><br> **DEFENDANTS' SECOND MOTION *IN LIMINE* TO EXCLUDE EVIDENCE** <br><br> Date: April 21, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 1 |

I. **Plaintiffs' Expert Testimony Should Be Excluded Due to Plaintiffs' Failure to Provide a "Written Report" of Such Expert Testimony, as Required by Rule 26(a)(2)(B).**

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure unambiguously requires that in all cases where a party has disclosed its intention to provide expert testimony, such disclose shall

"be accompanied by a written report prepared and signed by the [expert] witness." That report shall include the expert opinions to be expressed, a complete statement of the basis and reasons for such options, as well as relevant data, information, exhibits, along with other relevant information. Rule 26(a)(2)(B)(I) – (vi). The purpose of this obligation to provide a detailed and complete disclosure of the expert's option is to eliminate surprise to the opposing party, as well as to avoid unnecessary depositions, conserve resources and minimize costs. Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996).

The issues to be tried in this have been know for over three months, since the Court issued its January 10, 2008 Order Denying the Motion to Dismiss. Although defendants specifically reminded plaintiffs of their obligation to submit expert reports,[1] plaintiffs have elected to deliberately ignore this crucial provision of the Federal Rules of Civil Procedure relating to expert testimony, failing to provide reports by any of their four proffered experts,[2] offering the following, absurd justification: "Since expert depositions will not be taken in this case, Plaintiffs believe expert reports are not needed for the purposes of this trial." Plaintiffs' Pretrial Statement at 3, n. 6. First, a party's obligation under Rule 26 to provide an expert report is in no way relieved by whether or not a deposition of the expert will or will not take place. Second, and more fundamentally, the fact that defendants' will not depose plaintiffs' four experts only reinforces defendants' need for an expert report to provide defendants with essential information as to the nature of plaintiffs' proposed expert testimony. It certainly does not provide an excuse for ignoring the plain command of Rule 26(a)(2)(B).[3]

Plaintiffs certainly cannot deny that they have been planning to offer expert testimony for

---

[1] See the attached letter from defendants' counsel, Richard Lepley to plaintiffs' counsel, Gordon Erspamer, dated April 10, 2008. Mr. Lepley is responding to Mr. Erspamer's letter of April 9, 2008, also attached.

[2] Rick Wiedman, Ron Abrams, Professor William Fox and Dr. Ronald Maris.

[3] Plaintiffs further excuse that "[d]ocument production and review is still ongoing," Plaintiffs' Pretrial Statement at 3, n. 6, is irrelevant. Plaintiffs should have provided expert reports based on information known to the experts at the time, and supplemented later, if necessary.

many weeks,[4] making their deliberate failure to provide the required report particularly outrageous. Other than the terse and vague descriptions of these witnesses' proposed testimony contained in plaintiffs' Pretrial Statement, defendants have no idea of what opinions these witnesses will offer, much less of the reasons and factual support for such opinions. Under these circumstances, where there has been a deliberate violation of the rule and defendants have been directly prejudiced, the appropriate sanction is the disqualification of the experts and the exclusion of their testimony. "The sanction of exclusion is 'automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.'" Nutrasweet Co. v. X-L Engineering Co., 227 F.3d 776 785-86 (7th Cir. 2000), quoting Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996). Accord Syalla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995).

In Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255 (9th Cir. 1998), this Circuit held that where plaintiff violated a Court Order by not providing its expert report at the time set by the Court's pretrial order, and where plaintiff failed to request any extension of that date, the District Court did not abuse its discretion in refusing the consider the expert testimony in opposition to defendants' summary judgment motion. Id. at 1258. Accord Jenkins v. Whittaker Corp., 785 F.2d 720, 728 (9th Cir.), cert. denied, 479 U.S. 918 (1986) (expert testimony properly excluded where defendant "gave the plaintiffs no advance notice of the fact and substance of his expert testimony and therefore no opportunity to prepare to meet it"). Because defendants have been directly and severely prejudices by plaintiffs' blatant violation of the Federal Rules of Civil Procedure, the Court should bar any testimony by plaintiffs expert witnesses.

II.     **Expert Testimony on Questions of Law Is Inappropriate and Should be Excluded**

Plaintiffs' Pretrial Statement identifies Professor William Fox, a Professor of Law at Columbus School of Law at the Catholic University of Americas, in Washington, D.C. as an

---

[4] At least two of the proposed experts (Fox and Maris), and perhaps all four, are not located in this district, necessitating scheduling travel for the hearing. And plaintiffs contacted defendants about sharing expert disclosure information several weeks ago (while never volunteering to provide expert reports).

Case No. C 07-3758-SC
Defendants Motion *In Limine* to Exclude Evidence                                                3

1  expert, who will testify to, inter alia "procedural restrictions upon veterans' rights in the VA
2  health care and adjudication systems, as well as solutions to those restrictions." Plaintiffs'
3  Pretrial Statement at 4. Although less clear from plaintiffs' Pretrial Statement, the proposed
4  expert testimony of Mr. Ron Abrams, the Executive Director of the National Veterans Legal
5  Services Program (and an attorney) may also provide expert conclusions on questions of law
6  since he will "testify regarding the VA adjudication system and delays in adjudication of SCDDC
7  claims at VBA regional offices and the appellate level. . . " Id at 3. Because it is well settled that
8  "[o]pinion testimony is not helpful to the factfinder if it is couched as a legal conclusion," Hogan
9  v. Am. Tel. & Tel. Co., 812 F.2d 409, 411-12 (8th Cir. 1987), any such expert testimony as to
10 questions of law should be excluded.

11     As one learned commentator has recognized, "[w]ith occasional anomalous exceptions,
12 the rule barring testimony containing a legal conclusion applies to expert testimony, which
13 should be excluded as unhelpful to the jury under Rules 702 and 403." Kaye, Bernstein &
14 Mnookin, *The New Wigmore A Treatise on Evidence*, § 1.4 at 18-19 (DATE). "Even during a
15 bench trial there seems no compelling reason to allow live testimony by conflicting experts on
16 the law, as written briefs, supplemented by oral argument by counsel . . . will serve the same
17 function." Id. at 22. Accord United States v. Arvin, 900 F.2d 1385, 1389 (9th Cir. 1990).
18 Consequently, testimony by plaintiffs' witnesses Fox and Abrams relating to the statues,
19 regulations and other administrative guidelines determining how eligibility for VA benefits and
20 health care is determined should be excluded. These issues are properly addressed through
21 argument of counsel, not expert testimony.

## CONCLUSION

For all of the foregoing reasons, the Court should: (1) exclude all expert testimony by plaintiffs' witnesses; or, in the alternative, (2) exclude testimony as to legal questions by plaintiffs' witnesses Fox and Abrams.

Dated April 18, 2008

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

SCOTT N. SCHOOLS
Interim United States Attorney

RICHARD LEPLEY
Assistant Branch Director

　　/s/ **Daniel Bensing**
DANIEL BENSING D.C. Bar # 334268
KYLE R. FREENY California Bar #247857
JAMES J. SCHWARTZ D.C. Bar No. 468625
RONALD J. WILTSIE, D.C. Bar No. 431562
Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 883
Washington, D.C. 20044
(202) 305-0693 (telephone)

Counsel for Defendants