

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044

---

Richard G. Lepley                                    Tel:    (202) 514-3492
*Assistant Director*                                 Fax:    (202) 616-8187

April 10, 2008

**Via Email and Fax**

Mr. Gordon Erspamer
Morrison & Foerster
P.O. Box 8130
Walnut Creek, CA 94596-8130

RE: Veterans for Common Sense v. Peake, et al., (N.D. Cal. No. C-07-3758)

Dear Mr. Erspamer:

This responds to your letter to Kyle Freeny dated April 9, 2008, received after close of business, in which plaintiffs suggest that they need not comply with their obligations under Fed.R.Civ.P. 26(1)(2)(B) to submit timely a report by any expert witness they proffer. For plaintiffs' benefit, we reply immediately so that no business day hours will elapse with plaintiffs under the misimpression that they are exempt from the requirements of the Federal Rules.

Plaintiffs contend that they may ignore the requirement to submit an expert report on two novel grounds. First, you argue that the failure of either party to raise the expert witness issue at the April 7 hearing led plaintiffs "naturally" to assume that Defendants did not expect plaintiffs to comply with the Rule 26 and, second, you claim that the Court's March 13 Order Establishing Discovery Obligations somehow affects non-discovery matters such as expert reports. Merely to state plaintiffs arguments is to refute them.

The Court's March 13 Order does exactly what its cation states – it sets forth the parties "discovery obligations in connection with April 21, 2008 hearing." It does not mention either fact or expert witnesses. In your letter, you state that defendants' request to quash a subpoena served by plaintiffs in violation of the Court's order somehow shows that defendants have construed the order to establish the exclusive means of discovery, and that therefore "defendants are bound by their position that no other discovery, which would include discovery of expert reports, is permitted." Even were one to accept plaintiffs tortured logic at face value, it would not relieve plaintiffs of their obligation under the Federal Rules to provide an expert report. At most, it would prevent defendants from seeking *discovery* regarding an expert report, such as a deposition of the expert. Expert reports are not a type of discovery, and the Court's discovery order simply does not apply to them.

Plaintiffs attempt to construe the parties' recent communications as a stipulation under Rule 26 is equally nonsensical. Rule 26(a)(2)(B) expressly states, "Unless otherwise stipulated or ordered by the court, [disclosure of the identity of an expert] must be accompanied by a written report . . . ." On April 1st, Plaintiffs proposed April 14th as the day to identify experts pursuant to Fed.R.Civ.P 26(a)(2)(A). Plaintiffs did not suggest in any fashion that they proposed a radical departure from routine pretrial obligations that require that an expert report be simultaneously provided. In light of an supervening hearing scheduled by the Court on April 7, defendants suggested the parties defer discussion on the plaintiffs' proposal at least until counsel met at the hearing. When plaintiffs' counsel did not choose to address the issue with defendants on April 7, defendants subsequently replied by letter accepting plaintiffs' proposal. Plaintiffs' desperate attempt to twist these communications into a formal stipulation and waiver of the requirement to submit an expert report is thoroughly unpersuasive.

The issues for trial in this case have been established for three months since the Court's order on January 10, 2008. Please be advised that if plaintiffs seek to gain unfair advantage by attempting to submit expert testimony at trial for which a report is not produced on April 14, *the date plaintiffs chose*, defendants will ask the Court to bar such testimony.

Sincerely,

Richard G. Lepley