JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO
United States Attorney
RICHARD G. LEPLEY
Assistant Branch Director
DANIEL BENSING D.C. Bar No. 334268
KYLE R. FREENY California Bar No. 247857
JAMES J. SCHWARTZ D.C. Bar No. 468625
RONALD J. WILTSIE, D.C. Bar No. 431562
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-5108
Facsimile: (202) 616-8460
Email: Kyle.Freeny@usdoj.gov

Attorneys for Defendants Hon. James B. Peake, the U.S. Department of Veterans Affairs, Hon. James P. Terry, Hon. Daniel L. Cooper, Hon. Bradley G. Mayes, Hon. Michael J. Kussman, Ulrike Willimon, the United States of America, Hon. Michael B. Mukasey, and Hon. William P. Greene, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | | |
|---|---|---|
| VETERANS FOR COMMON SENSE and VETERANS UNITED FOR TRUTH, | ) ) ) | No. C 07-3758-SC |
| Plaintiffs, | ) ) ) | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' FIRST SET OF MOTIONS IN LIMINE, NOS. 104** |
| v. | ) ) | |
| Hon. JAMES B. PEAKE, Secretary of Veterans Affairs, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

Defendants' Opposition to Plaintiffs' First Set of Motions in Limine ( No. C 07-3758-SC)

**I. There is No Basis to Exclude Exhibits Which Defendants Were Under No Obligation to Produce**

Plaintiffs' first motion in limine seeks to exclude a handful of documents on defendants' exhibit list because they were not required to be produced by the Court's March 13 Order Establishing Discovery Obligations in Connection with the April 21, 2008, Hearing (March 13 Order). This motion is nothing more than a thinly disguised attack on the scope of discovery as established by this Court and is without basis.

The March 13 Order, as modified by the Court's April 7 Order, Dkt. Entry 182, settled the parties' discovery obligations in this case. Put simply, defendants had no obligation to produce documents that the Court did not order them to produce. There can be no doubt that defendants' document production in this case has been a massive undertaking. There is simply no basis to exclude documents that defendants were under no obligation to produce.[1]

Plaintiffs are in a very poor position to suggest that the Court exclude documents that defendants *were not ordered* to produce, when it is not at all clear that plaintiffs have produced to defendants all documents on their exhibit list that they *were ordered* to produce. See March 13 Order ¶ III; Dkt. Entry 170(3) (requiring plaintiffs to produce documents in their possession that supported the allegations in their complaint). Plaintiffs have failed to do the very things they rebuke defendants for not having done. At no time have plaintiffs given to defendants *either* copies of their 383 exhibits *or* Bates numbers associated with those exhibits.[2] At no time did

---

[1] Plaintiffs' attempt to exclude testimony that "relate[s]" to documents not included within the Court's March 13 Order is all the more outlandish. Contrary to plaintiffs' unusual suggestion, see Pls. Mot. at 2:14, witness testimony need not be "authenticated" by documents. Accordingly, there is no conceivable basis to exclude testimony on topics for which plaintiffs unilaterally believe themselves entitled to certain additional documents, despite this Court's orders to the contrary.

[2] Defendants informed plaintiffs that they were unable to provide Bates numbers for their exhibits because they were not readily available. Defendants produced tens of thousands of pages to plaintiffs during the course of discovery, and they are simply unable in the short time available to locate Bates numbers for their seventeen exhibits among this sea of documents.

Defendants' Opposition to Plaintiffs' First Set of Motions in Limine ( No. C 07-3758-SC)     1

plaintiffs propose that the parties exchange exhibits prior to the trial, and such an exchange was not contemplated by the pretrial order that plaintiffs themselves crafted. See Dkt. Entry 193. Given the relative brevity of plaintiffs' exhibit list in comparison with plaintiffs', they can hardly claim prejudice on this issue, as defendants are clearly more burdened by the absence of any exhibit exchange prior to trial. Accordingly, plaintiffs' first motion should be denied.

**II.    Defendants Do Not Intend To Submit Evidence Obtained from the Court of Appeals for Veterans Claims**

Plaintiffs second motion in limine moves to exclude evidence regarding the Court of Appeals for Veterans Claims on the ground that "plaintiffs will be unfairly prejudiced if defendants adduce evidence or testimony regarding the CAVC." Plfs. Mot. at 3. Acknowledging that this Court quashed plaintiffs' subpoena to the Court of Appeals for Veterans claims because the Court had already ruled that evidence regarding the CAVC's actions irrelevant, plaintiffs complain that defendants intend to show that "the U.S. Court of Appeals for Veterans Claims can effect system-wide change by issuing precedential opinions in the context of individual appeals." *Id*. n. 2.

Plaintiffs confuse and conflate two separate issues. The Court rightfully held that evidence allegedly probative of plaintiffs' claim that the CAVC or its Chief Judge Greene acted in an unconstitutional manner is irrelevant because the Court has already dismissed Judge Greene as a matter of law. Defendants do not intend to submit evidence on this point nor present any testimony or documents from the CAVC.

What defendants do intend to show, through the testimony of VA employees and documents prepared by VA, is that the CAVC's decisions sometimes require remands of entire classes of cases when new procedural requirements are articulated in those decisions. This responds directly to plaintiffs' erroneous claim that CAVC decisions have no precedential effect and is a subject on which plaintiffs were entitled to seek discovery throughout this case. This fact is important not only because it illustrates the ability of the CAVC to remedy plaintiffs' grievances without need for district court review, but also because the sweeping changes in law

effectuated by the CAVC comprise one factor affecting appeal processing times about which plaintiffs complain so vociferously. Plaintiffs second motion in limine should be denied.

### III.   Plaintiffs Are Not Prejudiced by Rule 26 Initial Disclosures

Plaintiffs Third Motion in Limine is not only unjustified, as plaintiffs have suffered no prejudice, but particularly audacious because they have committed the precise procedural error of which they accuse defendants.[3] Plaintiffs complain that four witnesses on defendants' witness list are not listed in their initial disclosures, but fail to recognize that it is *plaintiffs'* refusal to clearly articulate their claims in a timely fashion that caused defendants to prepare their defense at a late stage.

Last fall, plaintiffs refused to identify persons with relevant knowledge based on the unsupported claim that plaintiffs' prospective witnesses would suffer if their identities were revealed. Plaintiffs arrogated to themselves the authority to make this declaration without seeking leave of the Court. Even after the Court had denied a subsequent motion to keep the identity of witnesses concealed, plaintiffs ignored defendants' request that they finally complete their original initial disclosure obligation. Only after defendants raised the issue before the Court did the plaintiff finally complete, as oppose to supplement, their Rule 26 disclosures on April 11 – a date too late for defendants to conduct discovery.[4]

---

[3] Defendants do not share plaintiffs' "kitchen sink" approach to motions in limine and have not moved for exclusion of plaintiffs' witnesses on this ground. Witness qualifications can be challenged at trial. However, should the Court wish to address alleged violation of initial disclosure obligations under Rule 26(a)(1), plaintiffs refusal without justification to comply until almost a week before trial cannot be overlooked.

[4] Even on April 11 plaintiffs submitted an incomplete disclosure. For example, on that date, plaintiffs identified witness Rick Weidman as "likely to have information regarding VA's hiring practices." Plfs. Supp. Disc. at 5. The next business day, April 14, plaintiffs submitted their witness list identifying Rick Weidman as being able to testify regarding "VA's failure to use its resources for the treatment of veterans with mental health issues, including PTSD" – an entirely different subject. Plfs' Pretrial Statement at 3, Dkt. Entry 190. Two days later, Mr. Weidman had morphed into an *expert* who could testify on "VA's budget, VA's failure to use resources for the treatment of veterans with mental health problems, including PTSD, [and] VA's

Defendants' Opposition to Plaintiffs' First Set of Motions in Limine ( No. C 07-3758-SC)                    3

In contrast, defendants' inability to know seven months ago each witness that might have relevant information regarding plaintiffs' claims was entirely due to the fact that plaintiffs refused to articulate those claims with any clarity. In meetings with plaintiffs regarding preliminary issues such as the scope of evidence preservation, defendants specifically requested plaintiffs to outline their claims in light of the fact that the complaint speaks in generalities of illegal practices and procedures. Defendants repeated the request several times in writing. Plaintiffs' refused to do so. It was not until the Court pressed plaintiffs to set forth what they were seeking that the boundaries of plaintiffs' claims became visible. Preparation for this case to proceed to trial has moved quickly and defendants formulated their defense only in the last several weeks.

Plaintiffs can hardly claim prejudice from the fact that defendants submitted their witness list on April 14, as ordered by the Court, rather than transmitting to plaintiffs a supplement to their initial disclosures one business day earlier. Even if defendants had supplemented their initial disclosures on April 11 – the date on which plaintiffs made their first complete set of disclosures – plaintiffs could not have conducted additional discovery in response, as the parties' discovery obligations were set by this Court on March 13 and depositions concluded on April 11. Plaintiffs' third motion should therefore also be denied.[5]

**IV.    An Adverse Inference Is Not Warranted for Testimony Of Witnesses Not Required to Appear**

Plaintiffs' fourth motion in limine adopts the remarkable position that an adverse inference should be drawn about what an absent witness might have been able to address even though there is no requirement that the witness appear. Plaintiffs argue that "if defendants fail to call key VA witnesses with particular knowledge about suicide rates, mental health treatment,

---

failure to provide adequate claims processing." Plfs' Supp. Expert Disc. at 1, Dkt. Entry196.

[5] Even were the Court to find any merit in plaintiffs' position, each of the witnesses identified could be fairly considered a rebuttal witness who will address directly what plaintiffs submit in their case-in-chief.

Defendants' Opposition to Plaintiffs' First Set of Motions in Limine ( No. C 07-3758-SC)    4

claims backlog, and other critical issues in this case, an adverse inference should be drawn that these individuals, if called would testify unfavorably to Defendants." Plfs. Mot. at 5.

This motion is based on a fundamental misunderstanding of trial procedure. Plaintiffs have served many invalid subpoenas in this case issued by the district court in Washington, DC allegedly ordering the presence of witnesses in California. Plaintiffs have also asked the Court to compel the attendance of out-of-town witnesses, which it has declined to do. Now, plaintiffs insist on calling and recalling the VA officials at the highest level to present what can only be cumulative testimony on VA health care and other issues.

Defendants have agreed to provide high-level witnesses on each subject matter in this case. The reality is that high level officials have many demands on their time; for example Dr. Kussman, Dr. Cross, and Mr. Walcoff all are attending an international conference and Dr. Kussman has international travel scheduled during the trial dates. Rather than cooperating and jointly developing a witness schedule, plaintiffs have unilaterally announced that they will submit their proposed witness order to defendants and the Court on Sunday night, just before trial. Plfs' Pretrial Statement at 1, n.4 Dkt. Entry 190. In this situation, defendants can only make arrangements for their out-of-town witnesses for days they are available and ask the Court to hear them on those dates.

Defendants have and will produce all witnesses it is directed to by the Court. Simply put, there is no basis for drawing any inferences regarding witnesses who are not required to appear.

Dated: April 19, 2008                         Respectfully submitted,

                                                          JEFFREY S. BUCHOLTZ
                                                          Acting Assistant Attorney General

                                                          JOSEPH P. RUSSONIELLO
                                                         United States Attorney

                                                          RICHARD LEPLEY
                                                         Assistant Branch Director

       /s/ Kyle R. Freeny
-----
KYLE R. FREENY California Bar No. 247857
DANIEL BENSING D.C. Bar No. 334268
RONALD J. WILTSIE, D.C. Bar # 431562
JAMES J. SCHWARTZ D.C. Bar No. 468625
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
*Attorneys for Defendants*