# MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

April 28, 2008

Writer's Direct Contact
415.268.6411
GErspamer@mofo.com

**E-Filing & Hand Delivery**

Honorable Samuel Conti
USDC, Northern District
450 Golden Gate Avenue
Courtroom 1, 17th Floor
San Francisco, CA 94102

Re:   *VCS, et al. v. Peake*, *et al.*, Case No. 07-03758-SC
      Northern District of California

Dear Judge Conti:

On the morning of April 21, 2008, the first day of trial, Plaintiffs' counsel made an oral motion to the Court to compel Defendants to supplement their response to Plaintiffs' Interrogatory No. 10. Plaintiffs' Interrogatory No. 10 very simply asked Defendants to state the period of time, on average, between the application for service-connected death and disability claims ("SCDDC") for PTSD and the issuance of an initial decision by Regional Offices. Defendants' response asserted that this information was "not available." (P-1243 at 12 (Attachment A).) Defendants told the Court that Michael Walcoff would testify during the trial regarding why such information is "not available," and the Court deferred ruling on this issue until it heard Mr. Walcoff's testimony. Now that Mr. Walcoff has testified, Plaintiffs submit this letter brief to the Court.

Defendants served their responses to Plaintiffs' first set of interrogatories on April 17, 2008. On April 20, the parties met and conferred regarding the adequacy of Defendants' response to Interrogatory No. 10. Defendants' counsel did not claim that the data was "not available," but that PTSD claims processed through VA's Benefits Delivery at Discharge ("BDD") program may not be included in the calculation. Plaintiffs submit that this limitation is only relevant to the weight of the evidence.

Mr. Walcoff's testimony, although consistent with the explanation provided by counsel for Defendants, does not support the "not available" interrogatory answer provided by Defendants. Mr. Walcoff explained during his direct examination that VA's computer systems track claims by "end product code" and that single digit modifiers — "4" for claims involving PTSD — are used to track specific types of claims. (TT 1005:2-1006:11.) His

sf-2502655

MORRISON | FOERSTER

Honorable Samuel Conti
April 28, 2008
Page Two

concern was that if the data entry clerk entered a "1" modifier for BDD instead of the "4" modifier for PTSD, then the calculation might not include PTSD claims processed through the BDD program. (*Id.*)

On cross-examination, however, Mr. Walcoff admitted that claims processed through the BDD program exclude the period of time between the claim application and discharge from service, which includes much of the claim development process. (TT 1090:4-17.) Therefore, contrary to what Mr. Walcoff theorized on direct examination, the defect he admitted with respect to the processing times of BDD claims would only serve to artificially reduce the amount of time it takes to process PTSD claims if they were included in the calculation. PTSD claims processed through the BDD program should thus be excluded from the calculation in any event.

It is important to note that Mr. Walcoff's testimony conflicts with the testimony of other VA officials. Plaintiffs deposed Bradley Mayes, Director of the Compensation & Pension Service at VA, on April 7, 2008. He testified, in no uncertain terms, that VA could generate data regarding how long it takes a Regional Office to decide a disability compensation claim for PTSD:

> Q: And could – could you also generate data of how long it takes a Regional Office to – to decide in a – in an – an original compensation claim for PTSD?
>
> A. We – we could do that based on the end product modifier or information in VETSNET. It's not just a claim for PTSD, though, it's a – it's – usually it's a claim for multiple issues; it's not always one issue.
>
> Q. Right. And – and it's usually a claim, typically, for – for PTSD and – and other disabilities, correct?
>
> A. Correct.

(Mayes Depo. at 154:4-16.) Elsewhere, Mr. Mayes testified that:

> "We can identify types of claims in VETSNET. I'm not – I'm not sure exactly how that's done whether – I don't think it's a modifier. That's the beauty of the VETSNET system. It actually has much more capability with respect to getting information out;" Mayes Depo 136:2-6: Q. Okay. And one of the types of claims you can indicate in VETSNET is -- is PTSD claims, correct? A. I -- I believe -- I'm sure we can, yes.

sf-2502655

MORRISON | FOERSTER

Honorable Samuel Conti
April 28, 2008
Page Three

(Mayes Depo. at 137:1-6.)  Other VA witnesses, like Diana Rubens, have said the same thing.

Thus, Plaintiffs believe it is likely that the substance of the answer to Interrogatory No. 10 has influenced Defendants to claim that the information is "not available."  Plaintiffs ask the Court to compel Defendants to immediately supplement their response to Interrogatory No. 10 by providing the average number of days it takes Regional Offices to issue an initial decision on claims for PTSD.  Plaintiffs suggest that the Court consider this issue on Tuesday morning, April 29.

Respectfully submitted,

/s/ Gordon P. Erspamer

Gordon P. Erspamer

cc:     Daniel E. Bensing
        Kyle R. Freeny

sf-2502655