# APPENDIX

# EXHIBIT B

# Joint Amicus Brief Of Swords To Plowshares And Vietnam Veterans Of America

# Department of Veterans Affairs

# Memorandum

Date: October 18, 1999

VAOPGCPREC 12-99

From: General Counsel (022)

Subj: Determinations as to Whether a Veteran "Engaged in Combat With the Enemy" for Purposes of 38 U.S.C. § 1154(b)

To: Chairman, Board of Veterans' Appeals (01)

QUESTIONS PRESENTED:

a.  What is the definition of the phrase "engaged in combat with the enemy," as used in 38 U.S.C. § 1154(b)?

b.  What evidence is considered satisfactory proof that a veteran engaged in combat with the enemy?

c.  Besides recognized military citations, what other supportive evidence may be used to support a determination that a veteran engaged in combat with the enemy?

d.  Is a statement in service personnel records indicating that a veteran participated in certain military campaigns or operations -- such as "participated in operations against Viet Cong, Chu Lai, South Vietnam" during a specified time period -- sufficient in itself to establish engagement in combat, or is further evidence of actual or threatened exposure to hostile fire or some other similar type of event or threat required?

e.  How does the benefit-of-the-doubt rule under 38 U.S.C. § 5107(b) apply in determining whether a veteran engaged in combat with the enemy for purposes of 38 U.S.C. § 1154(b)?

DISCUSSION:

1.  Section 1154(b) of title 38, United States Code, provides, in pertinent part:

> In the case of any veteran who engaged in combat with the enemy in active service with a military, naval, or air organization of the United States during a period of war, campaign, or expedition, the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have

>been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran.

In order to determine whether VA is required to accept a particular veteran's "satisfactory lay or other evidence" as sufficient proof of service connection, an initial determination must be made as to whether the veteran "engaged in combat with the enemy." That determination is not governed by the specific evidentiary standards and procedures in section 1154(b), which only apply once combat service has been established. *See Cohen v. Brown*, 10 Vet. App. 128, 146 (1997).

2. The first question presented in the opinion request concerns the definition of the phrase "engaged in combat with the enemy." Neither that phrase nor its component terms is defined by any applicable statute or regulation. The starting point in interpreting any statute is examination of the statute's language. *See Good Samaritan Hospital v. Shalala*, 508 U.S. 402, 409 (1993). There is a "strong presumption 'that the legislative purpose is expressed by the ordinary meaning of the words used.'" *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 136 (1991) (quoting *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982)). The term "combat" is defined to mean "a fight, encounter, or contest between individuals or groups" and "actual fighting engagement of military forces." WEBSTER'S THIRD NEW INT'L DICTIONARY 452 (1981). The term "engage" is defined to mean "to take part," "to enter into conflict," and to "join battle." *Id.* at 751. The term "the enemy" commonly refers to "a military foe" or "a hostile unit, ship, tank, or aircraft." *Id.* at 750. Accordingly, the ordinary meaning of the phrase "engaged in combat with the enemy" requires that the veteran have taken part in a fight or encounter with a military foe or hostile unit or instrumentality.

3. The phrase "engaged in combat with the enemy" may be distinguished from language in other statutes authorizing certain benefits based on service "in a theater of combat operations," 38 U.S.C. §§ 1710(e)(1)(D), 1712A(a)(1)(B)(i)(I), or in a "combat zone." 26 U.S.C. §§ 2, 112, 692, 2201. Prior to the 1941 enactment of the provisions now contained in section 1154(b), the Committee on World War Veterans' Legislation of the House of Representatives had considered a number of similar bills containing varying criteria for invoking the special

evidentiary requirements now provided by section 1154(b). *See* H.R. Rep. No. 1157, 77th Cong., 1st Sess. 2 (1941). Some of those bills would have applied to veterans who served "in a combat area" H.R. 4737, 77th Cong., 1st Sess. (1941); H.R. 2652, 77th Cong., 1st Sess. (1941), or who served "within the zone of advance" H.R. 1587, 77th Cong., 1st Sess. (1941); H.R. 9953, 76th Cong., 3d Sess. (1940), or who were subjected to "arduous conditions of military or naval service" in a war, campaign, or expedition. H.R. 6450, 76th Cong., 3d Sess. (1940). Viewed in light of those different proposed standards, Congress' selection of the language "engaged in combat with the enemy" must be viewed as purposeful. Consistent with the ordinary meaning of that phrase, therefore, section 1154(b) requires that the veteran have actually participated in combat with the enemy and would not apply to veterans who served in a general "combat area" or "combat zone" but did not themselves engage in combat with the enemy.

4. Based on the plain language of section 1154(b), we conclude that the phrase "engaged in combat with the enemy" requires that the veteran have personally participated in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality. We note that this definition provides a general standard which may be applied to facts of individual cases, but is not so specific or detailed as to address all issues that may arise concerning whether certain actions constitute engagement in combat with the enemy. We have found nothing in the language or history of section 1154(b) or VA regulations suggesting any more specific intent concerning which types of actions may constitute engagement in combat with the enemy.

5. The provisions of what is now 38 U.S.C. § 1154(b) were initially enacted in the Act of December 20, 1941, ch. 603, 55 Stat. 847. A number of earlier statutes and other authorities had provided advantageous treatment for claims based on injuries incurred in combat. *See* Act of June 30, 1932, ch. 314, § 212(b), 47 Stat. 382, 406; Act of July 15, 1940, ch. 626, 54 Stat. 760, 761; Former Veterans Regulation No. 1(a), Part II, para. I.(c), Exec. Ord. No. 6156 (1933); Former Veterans Regulation No. 10, para. X, Exec. Ord. No. 6089 (1933). In opinions concerning those provisions, the Administrator of Veterans' Affairs and the Solicitor of the Veterans' Administration concluded that the determination as to whether a disability was "incurred in combat" was essentially a factual one, to be made on a case-by-case basis, and that it would be difficult to state a specific definition which would govern that determination in every case. *See* Administrator's Dec. No. 100 (1932); 51 Op. Sol. 715 (1940); 26 Op. Sol. 607

(1936). In Administrator's Decision No. 100, the Administrator stated that the phrase "incurred in combat," as used in the Act of June 30, 1932, would generally include "a disability incurred as a direct result of injury caused by an instrumentality of war while [the veteran] was actually engaged in attacking, defending or sustaining an attack of the enemy." It appears, however, that this statement was intended as a general description of circumstances clearly within the scope of the statutory phrase, rather than an attempt to state a precise or exhaustive definition of the statutory term.

6. Consistent with the prior opinions of the Administrator and Solicitor, we conclude that the determination as to whether a veteran "engaged in combat with the enemy" necessarily must be made on a case-by-case basis, with reference to the general statutory standard. Evidence that the veteran participated in attacking or defending an attack of the enemy would ordinarily show that the veteran had "engaged in combat," but that general description would not be exhaustive of circumstances which may, in individual cases, be found to constitute engagement in combat. We note that regulations and instructions of the service departments may identify certain circumstances which, in the judgment of the service department, constitute combat service for determination of eligibility for service-department citations or for other purposes. *See* SECNAVINST 1650.1F, para. 14 (Aug. 8, 1991) (stating criteria for Department of Navy Combat Action Ribbon). To the extent that VA wishes to consider and discuss such service-department issuances in individual cases involving determinations concerning combat under 38 U.S.C. § 1154(b), those documents should be considered only as providing relevant guidance, but not as establishing standards binding on VA or providing a basis, in themselves, for VA to deny any claim. VA may issue regulations clarifying the types of actions that will be considered sufficient to demonstrate that a veteran engaged in combat with the enemy.

7. The second question presented in the opinion request asks what evidence is considered satisfactory proof that a veteran engaged in combat with the enemy. If the term "satisfactory proof," as used in the opinion request, is intended to refer to evidence sufficient to establish that fact, it is not possible to state a definitive answer to that question. As with most factual determinations material to resolution of claims for benefits, a determination as to whether a veteran engaged in combat with the enemy must be based on consideration of all evidence of record in each case. In many cases, no single item of evidence will be determinative of the issue, and it will be necessary to evaluate the evidence for and against the assertion that the veteran engaged in combat. Specifically,

VA will have to assess the credibility, probative value, and relative weight of each relevant item of evidence and to apply the benefit-of-the-doubt standard if the evidence is in equipoise.

8. The United States Court of Appeals for Veterans Claims (CAVC) has stated that a veteran's engagement in combat may be established on the basis of evidence that the veteran received certain military citations. *See Gaines v. West*, 11 Vet. App. 353, 359 (1998) (citing *West v. Brown*, 7 Vet. App. 70, 76 (1994)). That statement was apparently based on a provision then in Part VI, para. 7.46(e) of the Veterans Benefits Administration Adjudication Procedures Manual M21-1 (VBA Manual M21-1) (1992), which stated that, in adjudicating claims of service connection for post-traumatic stress disorder (PTSD) in which the claimed stressor is related to combat, receipt of certain recognized military citations would be considered "supportive evidence of participation in a stressful episode." *See West*, 7 Vet. App. at 75 (quoting VBA Manual M21-1). The manual now appears to provide that such citations will, in the absence of contrary information, be "conclusive evidence" of participation in a stressful episode for purposes of PTSD claims. VBA Manual M21-1, Part VI, para 11.38.b(1) (Change 52, Aug. 26, 1996). We note that the manual provision applies only to PTSD claims and states only that receipt of such citations will establish "participation in a stressful episode." Accordingly, the manual provision does not require VA to accept any particular military citations as conclusive evidence that a veteran engaged in combat for purposes of 38 U.S.C. § 1154(b). Nevertheless, we believe that, in adjudicating claims for benefits, VA would ordinarily be justified in concluding that certain military citations constitute sufficient evidence, in the absence of contrary evidence, that a particular veteran engaged in combat. We note that a number of citations appear to be awarded primarily or exclusively for circumstances relating to combat. *See, e.g.,* SECNAVINST 1650.1F, para. 14 (Aug. 8, 1991) (Department of Navy Combat Action Ribbon); 32 C.F.R. §§ 578.4(a) (Medal of Honor), 578.5(a) (Distinguished Service Cross), 578.7(a) (Silver Star), 578.11(a) (Bronze Star), 32 C.F.R. § 578.14(a) (Purple Heart), 578.61(d)(1)(i) (Department of Army Combat Infantryman Badge).

9. The third question presented in the opinion request asks what evidence, besides recognized military citations, may be used to support a determination that a veteran engaged in combat. Nothing in section 1154(b) or other applicable statutes or regulations purports to limit the types of evidence that may be used to support a finding that a veteran engaged in combat with the enemy. Accordingly, a determination that a veteran engaged in combat with the enemy may be supported by

any evidence which is probative of that fact, and there is no specific limitation of the type or form of evidence that may be used to support such a finding. As used in this discussion, the term "probative" refers to the tendency of the evidence, if believed, to establish the fact at issue.

10. The CAVC has indicated that evidence submitted to support a claim that a veteran engaged in combat may include the veteran's own statements and an "almost unlimited" variety of other types of evidence. *Gaines*, 11 Vet. App. at 359. In *Gaines*, the CAVC stated that section 1154(b) "'does not *require* the acceptance of a veteran's assertion that he was engaged in combat.'" *Gaines*, 11 Vet. App. at 359 (emphasis in original) (quoting *Cohen*, 10 Vet. App. at 146). Viewed in the broader context of the CAVC's opinion, however, it is clear that this statement was intended to explain only that VA is not required to conclude that the veteran's own assertions are sufficient in themselves to establish that the veteran engaged in combat. The CAVC made clear that VA cannot ignore a veteran's own assertions, but must evaluate them along with all other relevant evidence of record. *See Gaines*, 11 Vet. App. at 359.

11. Certain items of evidence may be more credible or probative than other items of evidence, or may be accorded greater relative weight when all evidence of record in a particular case is evaluated. However, determinations concerning the credibility, probative value, and relative weight of evidence depend largely upon the facts of each individual case and the specific evidence submitted in each case. Because the ability of any evidence or combination of evidence to support a finding of engagement in combat will depend upon the facts of each case, we cannot identify any limitation on the types of evidence that may support such a finding other than the general requirement that the evidence must be probative of the fact at issue.

12. The fourth question presented in the opinion request asks whether a statement in a veteran's service personnel records that the veteran participated in certain military campaigns or operations, such as the statement that a veteran "participated in operations against Viet Cong, Chu Lai, South Vietnam" between certain dates, is sufficient in itself to establish engagement in combat, or whether further evidence of actual or threatened exposure to hostile fire or some similar type of event or threat is required. Whether any particular statement in a veteran's service records is sufficient to establish that the veteran engaged in combat necessarily depends upon the language and context of the particular statement. As a general matter, however, we believe that a statement that the

veteran engaged in a particular "operation" or "campaign" often would not, in itself, establish that the veteran engaged in combat. The term "operation" is defined as "a military or naval action, mission, or maneuver, including its planning and execution." WEBSTER'S THIRD NEW INT'L DICTIONARY 1581 (1981). The term "campaign" is defined as "a connected series of military operations forming a distinct phase of a war." *Id.* at 322. It appears that the terms "operation" and "campaign" may encompass both combat and non-combat activities. Accordingly, the fact that a veteran participated in a particular operation or campaign does not necessarily establish that the veteran engaged in combat. We caution, however, that the meaning of a particular reference to a veteran's participation in an "operation" or "campaign" may be clarified by the context of the service department record in which that reference appears or by other documents in the record, and there may be circumstances in which the context indicates that the reference reflects that the veteran engaged in combat.

13. Even though a reference to a veteran's participation in a particular "operation" or "campaign" may not, in itself, establish that the veteran engaged in combat, such evidence may be significant when viewed in relation to other evidence of record supportive of the veteran's assertion of engagement in combat. It would not be proper to conclude that each item of evidence individually is insufficient to support a finding that the veteran engaged in combat without considering the combined effect of the entire evidence of record. Inasmuch as an "operation" or "campaign" referenced in a particular veteran's service records may have involved instances of combat, that evidence should be considered in relation to other evidence of record relevant to the issue of whether the veteran engaged in combat.

14. The fifth question presented in the opinion request asks how the benefit-of-the-doubt rule under 38 U.S.C. § 5107(b) applies to a determination of whether a veteran engaged in combat with the enemy for purposes of 38 U.S.C. § 1154(b). Section 5107(b) provides that, "[w]hen, after consideration of all evidence and material of record . . . , there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt . . . shall be given to the claimant." The CAVC has held that the benefit-of-the-doubt rule "applies only after an eligible claimant has submitted a well-grounded claim." *Holmes v. Brown*, 10 Vet. App. 38, 42 (1997); *see also Gilbert v. Derwinski*, 1 Vet. App. 49, 55 (1990). The CAVC has also stated that the provisions of 38 U.S.C. § 1154(b) serve to relax the evidentiary requirements a combat veteran must meet in order to establish a well-

grounded claim. *See Gaines*, 11 Vet. App. at 358; *Caluza v. Brown*, 7 Vet. App. 498, 507 (1995), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996). However, we do not believe that the CAVC's precedents should be interpreted to suggest that the benefit-of-the-doubt rule of 38 U.S.C. § 5107(b) does not apply to the issue of whether a veteran engaged in combat, on the theory that a determination on that issue precedes a determination as to whether the claim is well grounded.

15. The CAVC's observation that combat service, if proven, would lighten the claimant's burden in submitting a well-grounded claim does not establish that the determination of combat service is itself exempt from either the well-grounded claim requirement or the benefit-of-the-doubt rule. Any statutory presumption or other provision establishing relaxed evidentiary requirements would necessarily affect the claimant's burden in submitting a well-grounded claim. However, the issue of whether a claimant is within the class of persons to whom a presumption applies may be viewed as one element of the claim, subject to the same procedural and evidentiary requirements under 38 U.S.C. § 5107 as any other element, rather than as a separate matter which is exempt from those requirements. *See Greyzck v. West*, 12 Vet. App. 288, 291 (1999) (well-grounded claim for presumptive service connection under 38 U.S.C. § 1112(b) requires evidence that the veteran was a prisoner of war for at least thirty days). Similarly, we believe that the issue of whether a veteran engaged in combat may be regarded as a component of a claim for compensation for a disability alleged to have been incurred in combat--both for purposes of determining whether the claim is well grounded and for purposes of applying the benefit-of-the-doubt rule--rather than as a distinct matter which is exempt from the provisions of 38 U.S.C. § 5107(a) and (b). We find no basis in statute, regulation, or the CAVC's precedents for treating that factual issue differently from any other issue necessary to establish entitlement to benefits under any statute administered by VA. The CAVC has held that the benefit-of-the-doubt rule is inapplicable to the determination of whether a claimant has the status of a "veteran" for purposes of title 38, United States Code. *See Laruan v. West*, 11 Vet. App. 80, 85-86 (1998). Once a claimant has established that he or she is a "veteran," however, we believe that subsidiary issues concerning the circumstances of the veteran's service, including whether the veteran engaged in combat, would be governed by the benefit-of-the-doubt rule to the same extent as any other material issue. *Cf. Vargas-Gonzalez v. West*, 12 Vet. App. 321, 328 (1999) (treating issue of whether veteran served during a period of war as an element of a claim for pension, rather than a threshold "status" issue).

16. Section 1154(b) states that, "[i]n the case of any veteran who engaged in combat with the enemy," VA "shall resolve every reasonable doubt in favor of the veteran." The statement that the benefit-of-the-doubt rule applies in adjudicating claims of veterans who engaged in combat with the enemy cannot, in our view, be construed as implying that the rule is inapplicable to the threshold determination of whether the veteran engaged in combat with the enemy. Rather, viewing sections 1154(b) and 5107(b) together, we conclude that section 1154(b) merely emphasizes or reaffirms that the benefit-of-the-doubt rule, which is applicable to all material issues by virtue of section 5107(b), shall be applied in resolving specific issues in claims of combat veterans. It does not in any way limit the applicability of the rule with respect to other issues within the general scope of section 5107(b). We note also that 38 C.F.R. § 3.102 provides that, "[t]he reasonable doubt doctrine is . . . applicable even in the absence of official records, particularly if the basic incident allegedly arose under combat, or similarly strenuous conditions, and is consistent with the probable results of such known hardships." This provision suggests that the benefit-of-the-doubt rule applies where an injury or disease was allegedly incurred or aggravated in combat and does not limit the rule's application to only those cases where it is first shown that the veteran engaged in combat. Accordingly, we conclude that the benefit-of-the-doubt rule applies to determinations of combat service under section 1154(b) in the same manner as it applies to determinations on any other material issue.

17. The benefit-of-the-doubt rule applies only when there is "an approximate balance of positive and negative evidence" regarding an issue. If there is a preponderance of positive or negative evidence on an issue, then the issue may be resolved on the basis of such evidence without application of the benefit-of-the-doubt rule. *See Gilbert*, 1 Vet. App. at 56. The determination as to whether there is an approximate balance of positive and negative evidence is essentially a factual determination, requiring the decision maker to evaluate and weigh the evidence of record. Further, a determination regarding the relative weight of the evidence of record generally requires preliminary consideration of the credibility and probative value of the evidence. *See Bucklinger v. Brown*, 5 Vet. App. 435, 439 (1993) (stating that the benefit-of-the-doubt rule applies "when the Board has made its determinations as to the credibility and probative value of all pertinent evidence of record" and there is an approximate balance of positive and negative evidence). Accordingly, for purposes of section 5107(b), VA decision makers should initially assess the credibility and probative value of the evidence of record and should then "weigh" the evidence to determine whether there is

an approximate balance of positive and negative evidence or whether the evidence preponderates in either direction.

18. The application of the benefit-of-the-doubt rule necessarily depends upon the circumstances of each case. However, a couple of general principles may be stated. First, the statutory phrase "an approximate balance of positive and negative evidence," in our view, is most reasonably viewed as relating to the overall weight or quality, rather than mere quantity, of the evidence. Accordingly, VA is not required to conclude that an approximate balance of positive and negative evidence exists merely because there are an approximately equal number of evidentiary items on either side of the issue, if VA concludes that the evidence either for or against the claim is more compelling than the other evidence. *See Gilbert*, 1 Vet. App. at 57 (determination as to whether there is an "approximate balance" of positive and negative evidence is "necessarily more qualitative than quantitative").

19. Second, we note that the "negative" evidence regarding the issue of whether a veteran engaged in combat will ordinarily consist of the veteran's service records and that, in some cases, those records will not affirmatively or conclusively establish that the veteran did not engage in combat. However, the absence from a veteran's service records of any ordinary indictors of combat service may, in appropriate cases, support a reasonable inference that the veteran did not engage in combat. We believe that records reasonably supporting such an inference may properly be considered "negative evidence" even though they do not affirmatively show that the veteran did not engage in combat. *See* 32A C.J.S. *Evidence* § 1341, at 763 (1996) ("[a] reasonable inference is as truly evidence as the matter on which it is based"). However, the basis for drawing any such inference should be clearly explained in the decision.

HELD:

a. The ordinary meaning of the phrase "engaged in combat with the enemy," as used in 38 U.S.C. § 1154(b), requires that a veteran have participated in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality. Nothing in the language or history of that statute or any Department of Veterans Affairs (VA) regulation suggests a more specific definition. The issue of whether any particular set of circumstances constitutes engagement in combat with the enemy for purposes of section 1154(b) must be resolved on a case-by-case basis. VA may issue regulations

clarifying the types of activities that will be considered to fall within the scope of the term.

b. The determination as to what evidence may be satisfactory proof that a veteran "engaged in combat with the enemy" necessarily depends on the facts of each case. Determining whether evidence establishes that a veteran engaged in combat with the enemy requires evaluation of all pertinent evidence in each case, and assessment of the credibility, probative value, and relative weight of the evidence.

c. There is no statutory or regulatory limitation on the types of evidence that may be used in any case to support a finding that a veteran engaged in combat with the enemy. Accordingly, any evidence which is probative of that fact may be used by a veteran to support an assertion that the veteran engaged in combat with the enemy, and VA must consider any such evidence in connection with all other pertinent evidence of record.

d. Whether a particular statement in service-department records indicating that the veteran participated in a particular "operation" or "campaign" is sufficient to establish that the veteran engaged in combat with the enemy depends upon the language and context of the records in each case. As a general matter, evidence of participation in an "operation" or "campaign" often would not, in itself, establish that a veteran engaged in combat, because those terms ordinarily may encompass both combat and non-combat activities. However, there may be circumstances in which the context of a particular service-department record indicates that reference to a particular operation or campaign reflects engagement in combat. Further, evidence of participation in a particular "operation" or "campaign" must be considered by VA in relation to other evidence of record, even if it does not, in itself, conclusively establish engagement in combat with the enemy.

e. The benefit-of-the-doubt rule in 38 U.S.C. § 5107(b) applies to determinations of whether a veteran engaged in combat with the enemy for purposes of 38 U.S.C. § 1154(b) in the same manner as it applies to any other determination material to resolution of a claim for VA benefits. VA must evaluate the

credibility and probative value of all pertinent evidence of record and determine whether there is an approximate balance of positive and negative evidence or whether the evidence preponderates either for or against a finding that the veteran engaged in combat. If there is an approximate balance of positive and negative evidence, the issue must be resolved in the veteran's favor.


Leigh A. Bradley