# APPENDIX

# EXHIBIT C

# Joint Amicus Brief Of Swords To Plowshares And Vietnam Veterans Of America



WEB AUTOMATED REFERENCE MATERIALS SYSTEM (WARMS)

# M21-1MR

**Part 1** - Duty to Assist
**Part 3** - General Claims Process

Subparti - Claims Processing Improvement Model
Subpartii - Initial Screening and Determining Veterans Status
Subpartiii - General Development and Dependency Issues
Subpartiv - General Rating Process
Subpartv - General Authorization Issues and Claimant Notifications
Subpartvi - Special Authorization Issues

**Part 4** - Compensation, DIC, and Death Compensation Benefits

Subparti - Claims Processing Improvement Model
Subpartii - Compensation
Subpartiii - Dependency and Indemnity Compensation (DIC) and Death Compensation

**Part 5** - Pension and Parents' Dependency and Indemnity Compensation (DIC)

Subparti - Eligibility and Development
Subpartii - Rating
Subpartiii - Authorization Issues
Subpartiv - Pension Maintenance Centers

**Part 6** - Chapter 18 Benefits
**Part 7** - Burial Benefits
**Part 8** - Accrued Benefits
**Part 9** - Ancillary and Special Benefits

Subparti - Ancillary Benefits
Subpartii - Special Benefits

**Part 10** - Matching Programs
**Part 11** - Fiduciary Program

## Part 1. Duty to Assist

Back to Top

Table of Contents - Table of Contents, **Last Updated 8/1/02**

## 13. General Information on Developing Claims for Service Connection for PTSD

| | |
|---|---|
| Introduction | This topic contains general information on developing claims for service connection for posttraumatic stress disorder (PTSD). It includes information on<br><br>• the requirements for establishing service connection for PTSD<br>• the significance of prisoner-of-war (POW) and combat service<br>• the definition of *engaging in combat*<br>• individual decorations as evidence of participation in combat<br>• action to take if a veteran received a combat decoration but does not expressly state the nature of the stressor<br>• what constitutes credible supporting evidence<br>• the degree of stressor corroboration required<br>• considering non-combat-related stressors<br>• using primary evidence to corroborate a claimed in-service stressor, and<br>• secondary sources of evidence that may corroborate a claimed in-service stressor. |
| Change Date | September 29, 2006 |
| a. Requirements for Establishing Service Connection for PTSD | Service connection for posttraumatic stress disorder (PTSD) requires<br><br>• credible evidence that the claimed in-service stressor occurred<br>• medical evidence diagnosing the condition in accordance with 38 CFR 4.125, and<br>• a link, established by medical evidence, between current symptoms and an in-service stressor.<br><br>*Important*: The lay testimony of a combat veteran alone may establish an in-service stressor for the purposes of establishing service connection for PTSD.<br><br>*Reference*: For more information on establishing service connection for PTSD, see<br>• M21-1MR, Part III, Subpart iv, 4.H<br>• 38 CFR 3.304(f), and<br>• 38 U.S.C. 1154(b). |

*Continued on next page*

# 13. General Information on Developing Claims for Service Connection for PTSD, Continued

| | |
|---|---|
| d. Individual Decorations as Evidence of Engagement in Combat | Consider the receipt of any of the following individual decorations as evidence of exposure to combat-related stressors:<br><br>• Air Force Cross<br>• Air Medal with "V" Device<br>• Army Commendation Medal with "V" Device<br>• Bronze Star Medal with "V" Device<br>• Combat Action Badge<br>• Combat Action Ribbon (*Note*: Prior to February 1969, the Navy Achievement Medal with "V" Device was awarded.)<br>• Combat Aircrew Insignia<br>• Combat Infantry/Infantryman Badge<br>• Combat Medical Badge<br>• Distinguished Flying Cross<br>• Distinguished Service Cross<br>• Joint Service Commendation Medal with "V" Device<br>• Medal of Honor<br>• Navy Commendation Medal with "V" Device<br>• Navy Cross<br>• Purple Heart, and/or<br>• Silver Star.<br><br>*Important*: Receipt of one of the decorations cited above is not the only acceptable evidence of engagement in combat.<br><br>*Note*: Because the medals listed below may be awarded for either combat or non-combat service, their receipt does not confirm a veteran's participation in combat. Request documentation (using Personnel Information Exchange System (PIES) request code O19) showing justification for awarding the medal.<br>• Global War on Terrorism Expeditionary Medal<br>• Global War on Terrorism Service Medal<br>• Afghanistan Campaign Medal, and<br>• Iraq Campaign Medal. |

*Continued on next page*

## 13. General Information on Developing Claims for Service Connection for PTSD, Continued

| | |
|---|---|
| **b. Significance of POW and Combat Service** | The veteran's testimony alone establishes the occurrence of the claimed in-service stressor if

- the evidence of record confirms the veteran
  - engaged in combat, or
  - was a prisoner-of-war (POW) as defined by 38 CFR 3.1(y)
- the claimed stressor is related to that episode of combat or POW experience,
- there is no clear and convincing evidence to the contrary, and
- the claimed stressor is consistent with the circumstances, conditions, or hardships of the veteran's service.

*Note*: There are no limitations as to the type of evidence that may be accepted to confirm engagement in combat. Any evidence that is probative of (serves to establish the fact at issue) combat participation may be used to support a determination that a veteran engaged in combat.

*References*: For more information on
- claims for service connection for PTSD, see
  - 38 CFR 3.304(f), and
  - 38 U.S.C. 1154(b), and
- evidence that may be used to support a determination that a veteran engaged in combat with the enemy, see *VAOPGCPREC Opinion 12-99*. |
| **c. Definition: Engaging in Combat** | *Engaging in combat* with the enemy means personal participation in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality. It includes presence during such events either as a

- combatant, or
- service member performing duty in support of combatants, such as providing medical care to the wounded. |

*Continued on next page*

# 13. General Information on Developing Claims for Service Connection for PTSD, Continued

| | |
|---|---|
| **e. Action to Take if Veteran Received Combat Decoration but Does Not State Nature of Stressor** | If a veteran received one of the combat decorations cited in M21-1MR, Part IV, Subpart ii, 1.D.13.d but does not expressly state the nature of the stressor<br><br>• assume the stressor is combat-related<br>• order an examination, if necessary to decide the claim, and<br>• in the examination request<br>  – state that VA has verified the veteran's combat service, and<br>  – specify any details regarding the combat stressor contained in the record. |
| **f. What Constitutes Credible Supporting Evidence** | Credible supporting evidence that an in-service stressor actually occurred includes not only evidence that specifically documents the veteran's personal participation in the event, but evidence that<br><br>• indicates the veteran served in the immediate area and at the particular time in which the stressful event is alleged to have occurred, and<br>• supports the description of the event.<br><br>*Notes*:<br>• Evaluate the evidence as a whole to determine whether a stressor is sufficiently corroborated. (See *Moran v. Principi*, 17 Vet.App. 149 (2003).)<br>• Corroborating evidence of a stressor is *not* restricted to service records, but may be obtained from other sources. (See *Doran v. Brown*, 6 Vet.App. 283 (1994).)<br>• The credible supporting evidence requirement does not necessarily demand the submission of official documentary evidence. |
| **g. The Degree of Stressor Corroboration Required** | Corroboration of every detail, including the claimant's personal participation in the claimed stressful event, is not required. The evidence may be sufficient if it implies a veteran's personal exposure to the event.<br><br>*Examples*:<br>• When considered as a whole, evidence consisting of a morning report, radio log, and nomination for a Bronze Star may be sufficient to corroborate a veteran's account of an event, even if it does not specifically include mention of the veteran's name. (See *Suozzi v. Brown*, 10 Vet.App. 307 (1997).)<br>• Unit records documenting the veteran's presence with a specific unit at the time mortar attacks occurred may be sufficient to corroborate a veteran's statement that she/he experienced such attacks personally. (See *Pentecost v. Principi*, 16 Vet.App. 124 (2002).) |

*Continued on next page*

# 13. General Information on Developing Claims for Service Connection for PTSD, Continued

| | |
|---|---|
| **h. Considering Non-Combat-Related Stressors** | PTSD may result from a non-combat stressor, such as<br><br>• a plane crash<br>• a ship sinking<br>• an explosion<br>• a rape or assault<br>• duty in a burn ward or graves registration unit<br>• witnessing the death, injury, or threat to the physical being of another person not caused by the enemy, and<br>• actual or threatened death or serious injury, or other threat to one's own physical being not caused by the enemy. |
| **i. Using Primary Evidence to Corroborate a Claimed In-Service Stressor** | Primary evidence is generally considered the most reliable source for verifying in-service stressors  It is typically obtained from the U.S. Army and Joint Services Records Research Center (JSRRC) (formerly the U.S. Armed Services Center for Unit Records Research (CURR)), the National Archives and Records Administration (NARA), or the Marine Corps Archives and Special Collections (MCASC) and should be carefully reviewed for information corroborating participation in combat or to otherwise corroborate a claimed in-service stressor.<br><br>Primary evidence may include<br><br>• unit and organizational histories<br>• daily staff journals<br>• operational reports-lessons learned<br>• after action reports<br>• radio logs, deck logs, and ship histories<br>• muster rolls<br>• command chronology and war diaries<br>• monthly summary, and<br>• monthly reports.<br><br>*Note*: Generally, documents written or recorded by the lowest possible unit in the chain of the command are the most probative source of information to verify a claimed stressor, because, by nature, they tend to include details of events with greater precision. ***Examples***:<br>• A company commander's narrative is likely of greater relevance and specificity than a battalion commander's.<br>• A Navy ship's deck log would likely yield more probative information than a fleet log. |

*Continued on next page*

# 13. General Information on Developing Claims for Service Connection for PTSD, Continued

| | |
|---|---|
| j. Secondary Sources of Evidence Which May Corroborate a Claimed In-Service Stressor | Alternative sources of evidence must be critically and carefully reviewed for information confirming participation in combat or to otherwise corroborate a claimed in-service stressor.<br><br>Alternative sources of evidence may include<br><br>• military occupational specialty (MOS) evidence (*Note*: A veteran's MOS may be specified on his/her *DD Form 214, Certificate of Release or Discharge from Active Duty*, or in the personnel folder.)<br>• hazard pay records, which may be obtained from the Department of Defense Finance and Accounting Service (DFAS).<br>• personnel folder, which may be requested via PIES.<br>• service medical records<br>• performance reports, which may be requested via PIES<br>• verification that the veteran received Combat/Imminent Danger/Hostile Fire Pay (*Note*: This information may be requested through the Veterans Information Solution (VIS).)<br>• buddy statements<br>• contemporaneous letters and diaries<br>• newspaper archives, and<br>• information from Veterans Benefits Administration (VBA)-sanctioned websites, which may be accessed through the PTSD Rating Job Aid website.<br><br>*Important*:<br>• All sources of evidence obtained for purposes of stressor corroboration must be fully documented in the file. *Example*: Print and file pages from a sanctioned website used in the determination of combat participation.<br>• While confirmation of receipt of Combat/Imminent Danger/Hostile Fire Pay through the VIS alone does not constitute verification of a combat-related stressor, it may, in combination with other evidence, "tip the scales" in favor of the veteran's assertion of his/her involvement in combat. |