1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                           SAN FRANCISCO DIVISION

11   VETERANS FOR COMMON SENSE, and          Case No.      C-07-3758-SC
     VETERANS UNITED FOR TRUTH, INC.,
12                                            **[PROPOSED] ORDER GRANTING**
                     Plaintiffs,              **DECLARATORY AND**
13                                            **INJUNCTIVE RELIEF**
             v.
14                                            Complaint Filed:  July 23, 2007
     JAMES B. PEAKE, M.D., Secretary of Veterans   Trial Date:  April 21, 2008
15   Affairs, *et al.*,

16                     Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

On March 3-6, 2008, this Court heard testimony and received evidence on Plaintiffs' Motion for Preliminary Injunction. Given the serious nature of Plaintiffs' allegations and evidence presented at that hearing, and the importance of prompt remedial relief if Plaintiffs were to prevail, this Court continued the matter and set an expedited schedule for discovery and for consideration of Plaintiffs' Request for Permanent Injunction and Declaratory Relief. A bench trial was held from April 21 through April 30, 2008. Numerous witnesses, including percipient and expert witnesses as well as excerpts from videotaped depositions, were presented by the parties.

Having considered all of the evidence and testimony offered by the parties, this Court hereby declares and orders relief as follows:

## I.    THE PARTIES

1.    Plaintiffs Veterans for Common Sense ("VCS") and Veterans United for Truth ("VUFT") both have numerous members with service-connected death and disability compensation ("SCDDC") claims, including claims based upon Post-Traumatic Stress Disorder ("PTSD"), and/or claims for VA health care under applicable law.

## II.    PRELIMINARY MATTER

2.    The Court hereby adopts and incorporates by reference the rulings and findings it made at the hearing on Plaintiffs' preliminary injunction motion. (*See* March 3, 2008 Transcript at 4:19-11:19.)

## III.    DECLARATORY RELIEF

3.    The Court hereby orders relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as follows:

### A.    Due Process Rights to Health Care and Death and Disability Compensation

4.    Applicants and recipients of SCDDC, and veterans eligible for medical care under federal statutes have a property interest in the receipt of such compensation and medical care under the due process clause of the Fifth Amendment to the United States Constitution ("the Due Process Clause").

**B.    Mental Health Care**

5.    Defendants' failure to provide timely and effective mental health care to veterans with PTSD, and related or co-occurring conditions such as depression or traumatic brain injury ("TBI"), and/or to veterans exhibiting suicidal intentions or symptoms, constitutes a statutory violation of 38 U.S.C. §§ 1705 and 1710, and that failure constitutes agency action unreasonably delayed under 5 U.S.C. § 706(1).

6.    The Court further finds that the VA's process for resolving clinical disputes about health care treatment violates the Due Process Clause in that it does not apply to refusals to provide care, and even where it does apply, there is no opportunity for any hearing by a neutral decision-maker, the process is unduly complicated and lengthy, and there is no provision for any expedited process that would apply in an emergency situation such as a threatened suicide.

**C.    Claims Processes for Adjudication of Death and Disability Compensation**

7.    Delays and waiting times for applicants and recipients filing SCDDC claims or appeals are so lengthy as to constitute an unconstitutional deprivation of property under the Due Process Clause.  The unreasonably long processing times are also a violation of 38 U.S.C. § 1110, which states that veterans are entitled to SCDDC.  In addition, the long processing times for remands violate the mandate of 38 U.S.C. § 5109B, which requires that remands be handled in an expeditious manner.

8.    Given the adversarial and complicated nature of the VA claims processes, the unavailability or lack of utilization of basic procedural protections, such as a right to a pre-decisional hearing and the right to discovery, both alone and in combination with the inability to retain paid counsel at the Regional Office level, constitute an independent violation of the Due Process Clause.

9.    The lack of adequate procedural protections for veterans in the adversarial SCDDC claims process at the Regional Office level and the Board of Veterans Appeals, has deprived SCDDC claimants and recipients of meaningful access to the courts and of their right to redress grievances in violation of the First Amendment and the Due Process Clause of the United States Constitution.

10.     The informal adoption of the extraordinary awards procedure by the Compensation and Pension Service by means of a Fast Letter dated August 27, 2007 (Exh. P-375-A; and hereafter the "Extraordinary Awards Procedure"), which involves Central Office review of certain Regional Office grant decisions prior to promulgation, has no foundation in any law or regulation governing the adjudication of claims.  Therefore, it deprives certain claimants and recipients — those with retroactive awards of over $250,000 or a retroactive award extending over a period in excess of eight years — of their property interest in the receipt of SCDDC under the Due Process Clause.

## IV.     INJUNCTIVE RELIEF

The Court hereby finds that injunctive relief is justified and appropriate as follows:

### A.     Enforcement of Duty to Provide Medical Care and Treatment and Implementation of VHA's Comprehensive Mental Health Strategic Plan

11.     Defendants are hereby enjoined from refusing to provide prompt medical treatment and care, including immediate psychiatric evaluation, to any and all veterans eligible for medical care who present at VA facilities with suicidal intentions or whom Defendants otherwise determine to be suicidal.

12.     Within 150 days, Defendants shall fully implement, in all material respects, VA's existing Comprehensive VHA Mental Health Strategic Plan, and the June 1, 2007, Feeley Memorandum (collectively, the "Plan"), as set forth in Trial Exhibits 398 and 148 and provide the Court with a sworn declaration attesting to the full implementation of each part of the plan;

13.     Within 150 days, Defendants shall implement monitoring mechanisms to ensure that the Plan is actually implemented, maintained, and enforced;

14.     Within 150 days, Defendants shall implement a mechanism to fairly and accurately assess the effectiveness of the Plan and all of its components; and

15.     Within 45 days, the Parties shall meet and confer with a Magistrate Judge of this Court and shall formulate and present to this Court, within 60 days of this Order, a comprehensive plan to effectuate sub-parts (11) through (14), above, and to assure that veterans' mental health needs are met.

**B.** **Delays and Other Deficiencies in Adjudication of SCDDC Claims and Appeals**

16.     Defendants are hereby enjoined from applying or taking any administrative action to enforce the provisions of the Extraordinary Awards Procedure;

17.     Within 120 days of this Order, Defendants shall implement steps necessary to shorten the current average time period for processing and adjudication of SCDDC claims at the VBA's Regional Offices and the Board of Veterans Appeals to constitutionally acceptable time periods;

18.     Within 90 days of this Order, Defendants shall establish a comprehensive remedial plan to develop and implement procedures to satisfy the requirements of the Due Process Clause, including a right to retain paid counsel, steps to insure the availability of pre-decisonal hearings at the Regional Office adjudication level, and the readjudication of all SCDDC claims where Regional Office grant amounts or retroactive awards were reduced as a result of the Extraordinary Awards Procedure; and

19.     Within 45 days of this Order, the Parties shall meet and confer with a Magistrate Judge to formulate and present to the Court, within 60 days of this Order, a comprehensive plan for expediting each stage of the claims process for deciding SCDDC claims and appeals.  The objective of this element of the plan is to insure that all backlogs are reduced or eliminated, and that waiting times are brought within constitutional limits, as soon as possible.

**V.     CONTINUING JURISDICTION OVER PARTIES**

This Court shall retain continuing jurisdiction over this matter to ensure that this Order is implemented and followed.


**IT IS SO ORDERED.**


DATED:_____, 2008     _____

THE HONORABLE SAMUEL CONTI
United States Senior District Court Judge