**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 28, 2008

Writer's Direct Contact
415.268.6411
GErspamer@mofo.com

**E-filing and Hand Delivery**

Honorable Samuel Conti
USDC, Northern District
450 Golden Gate Avenue
Courtroom 1, 17th Floor
San Francisco, CA  94102

Re:    *VCS, et al. v. Peake*, *et al.*, Case No. 07-03758-SC
       Northern District of California

Dear Judge Conti:

Since the close of evidence in the above-referenced matter, a significant factual development
has come to light that Plaintiffs feel compelled to bring to the Court's attention.  After trial
was concluded, we became aware of an important VA document that was not produced by
Defendants, despite its central relevance and their knowledge of its existence.  In an e-mail
directive dated March 20, 2008, a Veterans Health Administration PTSD program
coordinator, Ms. Norma Perez, instructed VA's medical staff to refrain from diagnosing
veterans with PTSD and "suggested" that they consider a false medical diagnosis of
"adjustment disorder."

> Given that we are having more and more compensation seeking veterans,
> I'd like to suggest that you *refrain from giving a diagnosis of PTSD straight
> out.  Consider a diagnosis of Adjustment Disorder*, R/O [rule out] PTSD.
>
> Additionally, *we don't or have time to do the extensive testing that
> should be done to determine PTSD*.
>
> Also, there have been some incidence [sic] where the *veteran has a C&P, is
> not given a diagnosis of PTSD, then the veteran comes here and we give the
> diagnosis, and the veteran appeals his case based on our assessment*.
>
> This is just a suggestion for the reasons listed above.

sf-2521504

**MORRISON** | **FOERSTER**

Judge Samuel Conti
May 28, 2008
Page Two

This internal VA e-mail directive underscores critical factual themes proven at trial but repeatedly denied by VA:

(1) VA actively discourages diagnoses of PTSD, even amongst its own specialized programs designed to help veterans with PTSD;

(2) VA is not devoting the resources necessary to deal with the tsunami of PTSD-afflicted veterans returning from Iraq and Afghanistan despite the lack of any shortage of funding from Congress; and

(3) Veterans are often diagnosed with PTSD by their VHA physicians but are later denied benefits based on a compensation and pension ("C&P") exam for the VBA in which the medical judgment of the veterans' treating physician is effectively overruled by another VA doctor to prevent the VA from doling out money to "compensation seeking veterans."

A true and correct (but redacted) copy of the e-mail is enclosed herewith for the Court's convenience and consideration, and marked as Exhibit P-1347. (*See* Attachment A.)

Given its direct relevance to the core issues at trial, Plaintiffs were surprised to learn of the existence of this e-mail from press reports, which was neither produced during discovery nor brought to Plaintiffs' attention by Defendants. In fact, it appears that VA sent the e-mail directive to Citizens for Responsibility and Ethics in Washington in response to a FOIA request.

Before submitting the e-mail to the Court, Plaintiffs sent a letter to defense counsel at the Department of Justice to provide them with an opportunity to respond and explain the e-mail. (*See* Attachment B.) *Defense counsel confirmed the authenticity of the VA e-mail and the fact that Secretary Peake's office in Washington has had notice of the e-mail since April 7.* (*See* Attachment C.) Counsel's letter, however, attempts to marginalize the damaging e-mail by characterizing it as an aberration in violation of VA policy and states that appropriate steps were taken to rectify the issue. The only steps the VA claims to have taken, however, were to "counsel" the PTSD coordinator, meet with concerned veterans' service organizations that had contacted the VA both locally and nationally with concerns about national VA policy, and to issue a press release once the issue gained traction in the national press. Nowhere does counsel indicate that the VA has any objective proof that similar incidents are not occurring nationwide in violation of VA official policy. This omission is not a coincidence. The VA cannot make that showing.

The PTSD coordinator's e-mail relates to systemic deficiencies in the implementation and enforcement of official policies formulated by VA's Central Office in Washington. Such findings are consistent with previous OIG audits noting that, despite the existence of policies in Washington, the overwhelming majority of VA facilities are not complying with VA

sf-2521504

**MORRISON | FOERSTER**

Judge Samuel Conti
May 28, 2008
Page Three

official policies regarding suicide.  The lack of control or meaningful monitoring of Central Office mental health policies is also consistent with the testimony of William Feeley, the Washington official both Drs. Kussman and Zeiss testified is in charge of ensuring that policies are followed.

Plaintiffs are concerned that many other such e-mails exist throughout the VA system that were not produced during the discovery process in this case.  True and correct copies of the parties' correspondence regarding this issue are attached hereto for the Court's convenience, as Attachments B and C, respectively.

Given its direct bearing on Plaintiffs' allegations, Plaintiffs respectfully request that the Court consider this additional piece of evidence in rendering its decision on the merits.  For the Court's convenience, Plaintiffs have premarked the VA e-mail as Plaintiffs' Exhibit 1347.  There are no disputes regarding authenticity as defense counsel admitted in the attached letter that the e-mail is in fact one generated by the VA.

Respectfully submitted,

/s/ Gordon P. Erspamer

Gordon P. Erspamer

Attachments

cc:    Daniel E. Bensing
       James J. Schwartz
       Kyle R. Freeny

sf-2521504