

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| **Via First-Class Mail** | **Via Overnight Delivery** |
|---|---|
| P.O. Box 833 | 20 Massachusetts Ave., NW |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

| James J. Schwartz | Tel:  (202) 616-8267 |
|---|---|
| Senior Counsel | Fax:  (202) 616-8202 |

**Via E-filing**                                                                 June 4, 2008

Honorable Samuel Conti
USDC, Northern District
450 Golden Gate Avenue
Courtroom 1, 17th Floor
San Francisco, CA 94102

RE: <u>Veterans for Common Sense v. Peake, et al.</u>, (N.D. Cal. No. C-07-3758)

Dear Judge Conti:

This letter briefly responds to plaintiffs' May 28, 2008 letter concerning the content of a March 20, 2008 e-mail communication from a Department of Veterans Affairs (VA) psychologist at the Temple, Texas VA Medical Center (VAMC) to other mental health employees at that VAMC.

Plaintiffs criticize defendants' May 22, 2008 response to this issue by once again inappropriately putting the burden of proof on defendants and asking defendants to prove a negative.[1]  Plaintiffs state that "VA offers no objective proof that similar incidents are not occurring nationwide in violation of VA official policy."  This is a similar tact used by plaintiffs at trial, *i.e.*, alleging defendants had no proof that veterans, in need of medical care, were not being turned away at VAMCs.  This tactic was unavailing at trial and is similarly unpersuasive in this instance.

The facts that exist regarding this particular e-mail communication are that the VA acted quickly to correct any misperceptions and clarify the facility's actual policy.  At the local level, the Temple VAMC's Associate Chief of Staff for Mental Health and Behavioral Medicine met with the psychologist, her immediate supervisor and the Chief of Psychology, counseled her on the e-mail, and provided further instruction on VA policy, to include Compensation and Pension Exam policy.  In addition, the Associate Director prepared a response to the veterans service officer.  Further, the Temple VAMC Chief of Staff met with key veteran advocates on May 8,

---

[1] Plaintiffs also incorrectly attempt to tie the e-mail in question to VA's policies and practices regarding suicide treatment and prevention.  <u>See</u> Plfs Letter Brief at 2-3 (D.E. 231). The e-mail relates to PTSD diagnoses and has no relation or bearing on VA's suicide prevention and treatment policies and practices.

2008, to discuss the e-mail and to initiate a plan to build constructive relationships with area veterans groups. The Chief of Staff apologized to the veteran advocates for the e-mail and clarified the facility's actual policy regarding the diagnosis of PTSD.

At the national level, the Veterans Health Administration (VHA) Under Secretary for Health contacted the Vietnam Veterans of America's national representative to advise him that the suggestion discussed in the psychologist's e-mail was not representative of VA policy and was not a VA-wide practice. In addition, on May 15, 2008, the Secretary of Veterans Affairs issued the following statement:

> The VA professional staff works hard to ensure that veterans' mental health needs are being accurately diagnosed and treated. A single staff member, out of VA's 230,000 employees, in a single medical facility sent a single email with suggestions that are inappropriate and have been repudiated at the highest level of our health care organization. The employee has been counseled and is extremely apologetic. VA's leadership will strongly remind all medical staff that trust, accuracy and transparency is paramount to maintaining our relationships with our veteran patients. We are committed to absolute accuracy in a diagnosis and unwavering in providing any and all earned benefits. PTSD and the mental health arena is no exception.

As the Secretary's statement makes clear, this e-mail is not a "directive" as characterized by plaintiffs. It was the action of a single individual that in no way represented the policies of VA, that, once discovered, was dealt with quickly and appropriately. Plaintiffs cannot use this one e-mail as evidence of a system wide policy or practice by VA. The evidence put forth by defendants at trial demonstrated VA's commitment to research, diagnosis and treatment of veterans with PTSD.

Additionally, plaintiffs complain that this e-mail was not produced to them during discovery. However, this email is not responsive to any of the categories in this Court's March 7, 2008 Discovery Order that governed defendants' discovery obligations. See Order Establishing Discovery Obligations in Connection with April 21, 2008 Hearing (D.E. 174). Not only is the subject matter of the email not responsive to any of the categories, the Discovery Order only contemplates production of correspondence, like e-mail, in three categories - - category 5, which required production of substantive communications compiling suicide statistics, category 11, which required production of substantive correspondence regarding Suicide Prevention Coordinator conference calls, and category 17, which required production of substantive communications regarding the CBS study on veteran suicide. Id. at 3-4. Consequently, defendants were under no obligation to locate or produce this e-mail. In any event, the record in this case is closed.

Finally, as part of their oversight responsibility, Congress is actively engaged with VA concerning this email. The email identified by plaintiffs will be the subject of testimony at a

hearing scheduled for today, June 4, 2008, before the Senate Committee on Veterans' Affairs. During that hearing, the author of the email, along with the Under Secretary for Health, will testify before the Committee and respond to questions.

                    Respectfully submitted,

                    /s/ James J. Schwartz

                    James J. Schwartz