

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| **Via First-Class Mail** | **Via Overnight Delivery** |
|---|---|
| P.O. Box 833 | 20 Massachusetts Ave., NW |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Kyle R. Freeny  
Trial Attorney

Tel: (202) 514-5108  
Fax: (202) 616-8460

June 9, 2008

BY: E-filing

Honorable Samuel Conti  
United States District Court, Northern District  
450 Golden Gate Avenue  
Courtroom 1, 17th Floor  
San Francisco, CA 94102

      RE: Veterans for Common Sense v. Peake (N.D. Cal. No. C-07-3758)

Dear Judge Conti:

      Defendants note that plaintiffs, without justification or leave of Court, have filed another letter-motion seeking extensive relief far beyond the issues scheduled to be addressed at the hearing on Tuesday, June 10, 2008. Defendants simply do not have adequate time in the hours before tomorrow's hearing to respond in writing to plaintiffs' provocative and unsupported allegations or to address plaintiffs' attempt to forestall conclusion of the proceedings. Defendants nevertheless write to address briefly the recent hearing before the United States Senate Committee on Veterans' Affairs, which fully aired the issues surrounding the email to be discussed at tomorrow's hearing, and to draw this Court's attention to testimony at that congressional hearing that was omitted from or mischaracterized by plaintiffs' letter.

      At that June 4, 2008 hearing, numerous Senators, as part of their ongoing oversight of the Department of Veterans Affairs (VA), had an opportunity to question the email's author, Dr. Norma Perez, as well as the Under Secretary for Health, Dr. Michael Kussman, and the Acting Under Secretary for Benefits, Admiral Patrick Dunne. All three witnesses refuted the implication raised in the media and subsequently advanced by plaintiffs that the email reflected a VA policy of assigning improper mental health diagnoses. The witnesses also uniformly agreed that while public perception of VA may not always reflect reality, VA's first priority is to serve veterans by providing the best care possible.

      Dr. Perez, who was a level GS-12 psychologist at the Temple VA Medical Center with no direct supervisory authority, explained that her statement in the email that clinicians do not "have time to do the extensive testing that should be done to determine PTSD" was in reference to the *initial intake*, lasting from a half hour to an hour and a half, when many veterans are still reluctant to open up fully about their experiences:

> Individual providers develop a rapport and trust with each patient, and it is through this that the veteran is able to safely convey their experiences and symptoms. Although PTSD is sometimes recognizable as early as the first few sessions, veterans often need more time to fully disclose their trauma and its impact on their lives.

Transcript at 15, Docket Entry 234-2. She further explained that her intent in writing the email was not to advocate that clinicians give – as plaintiffs have phrased it – "false medical diagnoses" but instead to suggest that clinicians take care not to give a diagnosis of PTSD during the initial intake stage unless there was sufficient basis to support such a diagnosis. Id.

Dr. Perez noted that her email was animated by a concern that veterans might suffer additional unnecessary stress if they received an initial intake diagnosis of PTSD that upon further examination proved incorrect:

> Several veterans expressed to my staff their frustration after receiving a diagnosis of PTSD from a team member during an initial intake, when they had not received that diagnosis during their compensation and pension examination. This situation was made all the more confusing and stressful when a team psychiatrist correctly told them they were displaying symptoms of combat stress, but [did] not meet criteria for the diagnosis of PTSD.

Id. Dr. Perez acknowledged that she "did not adequately convey [her] message appropriately" in the email but stated that her "only intent was to improve the quality of care our veterans received." Id. at 15.

Under Secretary Kussman, whom plaintiffs have already had the opportunity to examine at trial about VA's policies toward the identification and treatment of PTSD, emphasized that:

> [t]he e-mail, as characterized by others, does not reflect the policies or conduct of our health care system. Let me be very clear. Any suggestion that we would not diagnose a condition – any condition – is unacceptable. And I, as a veteran and a retiree, would not tolerate such a position for personal and professional reasons. . . . I will further state for the record that not only was there no systemic effort to deny a diagnosis, but there was not even an individual effort to that end.

Id. at 16. He further stated that the decision to diagnosis one disorder over another:

> should have nothing to do with time or money or anything else. It should just be an appropriate diagnosis. And as I said, I would agree with the secretary and deputy, we would repudiate any suggestion that somebody would make a diagnosis of adjustment disorder in lieu of PTSD. . . .

Id. at 50.

Defendants respectfully submit that the email provides no evidence to support plaintiffs' claims and further request that if this Court is inclined to entertain plaintiffs' latest effort to use

this single email to justify sweeping post-trial discovery, defendants first be given a meaningful opportunity to respond.

Respectfully submitted,

/s/ Kyle R. Freeny

Kyle R. Freeny
